Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN KOFFSMON, Individually and On Behalf of All Others Similarly Situated,<br><br>         Plaintiff,<br><br>    v.<br><br>GREEN DOT CORPORATION, STEVEN W. STREIT and MARK SHIFKE,<br><br>         Defendants. | No. 2:19-cv-10701-DDP-E<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF FRED SCHAEBSDAU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br>Judge: Hon. Dean D. Pregerson<br>Hearing Date: March 23, 2020<br>Time: 10:00 a.m.<br>Ctrm: 9C (Ninth Floor) – First Street Courthouse |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FRED SCHAEBSDAU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL; Case No. 2:19-cv-10701-DDP-E

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Fred Schaebsdau ("Movant") respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1)    appointing Movant as Lead Plaintiff for all persons other than Defendants who purchased or otherwise acquired the securities of Green Dot Corporation ("Green Dot" or the "Company") between May 9, 2018 and November 7, 2019, inclusive (the "Class Period"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(2)    appointing The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## I.    PERTINENT BACKGROUND

On December 19, 2019, a PSLRA early notice was issued, advising potential class members of, among other things, the claims alleged in this case, the Class Period, and the 60-day deadline for class members to move this Court to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

Green Dot identifies itself as a financial technology leader and bank holding company with a mission to "reinvent banking for the masses." The Company operates a platform referred to as "Banking as a Service" or "BaaS" to provide banking and financial services products to consumers under brand names such as Green Dot, GoBank and RapidPay.

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FRED SCHAEBSDAU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL; Case No. 2:19-cv-10701-DDP-E

Green Dot's products and services include, among others, deposit account programs, branded reloadable prepaid debit cards, consumer checking accounts, small business checking accounts, branded gift cards, secured credit cards.

Defendants made materially false and/or misleading statements because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations, and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Green Dot's strategy to attract "high-value" long-term customers was at the expense of "one and done" customers; (2) Green Dot's "one and done" customers represented a significant source of revenues in its legacy segment; (3) consequently, Green Dot's strategy was self-sabotaging; and (4) as a result of the foregoing, Defendants' statements about its business and operations were materially false and misleading at all relevant times.

On February 20, 2019, during a conference call discussing the Company's financial and operating results for the fourth fiscal quarter and year ended December 31, 2018, Defendant Streit revealed the truth regarding how Green Dot's strategy was self-sabotaging by revealing that the Company's more active quarterly accounts were being converted into direct deposit accounts. The company admitted this "weigh[ed] down on unit sales and therefore the quarterly account metrics."

On this news, the stock price declined from a close of $74.67 per share of Green Dot Class A common stock on February 20, 2019 to a close of $67.20 per share on February 21, 2019, a drop of approximately 10%.

On May 8, 2019, during a conference call to discuss the Company's financial and operating results for the first fiscal quarter ended March 31, 2019,

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FRED SCHAEBSDAU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL; Case No. 2:19-cv-10701-DDP-E

Green Dot's CEO further disclosed the self-inflicted wounds caused by the Company's strategy, recognizing that:

> the marketing strategies have collectively been designed to attract high-value long-term customers sometimes at the expense of low value or what we call one and done customers.

On this news, the stock price declined from a close of $63.27 per share of Green Dot Class A common stock on May 8, 2019 to a close of $46.56 per share on May 9, 2019, a drop of approximately 26.41%.

Then, on August 7, 2019, during a conference call to discuss the Company's financial and operating results for the second fiscal quarter ended June 30, 2019, Green Dot's CEO stated in relevant part:

> However, our Account Services segment underperformed our expectations in the quarter and the first half in general, due primarily to a decline in our legacy non[-]direct deposit active accounts, which we identified as a potential headwind on our last call. These declines continued and accelerated in Q2, resulting in lower than anticipated prepaid unit sales that has caused a material reduction in active prepaid accounts.

On this news, the stock price declined from a close of $47.26 per share of Green Dot Class A common stock on August 7, 2019 to a close of $27.42 per share on August 8, 2019, a drop of approximately 41.98%.

On November 7, 2019, after market close, Green Dot released its financial and operating results for the third fiscal quarter and nine months period ended September 30, 2019. During the conference call to discuss the results, Green Dot's CEO revealed that the continuing year-over-year decline of accounts in its active consumer business approximated 620,000 and were mostly "onetime use accounts." Defendant Shifke added that while they were iterating the full year guidance, they expected Green Dot's financial results to be at the lower end of it.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FRED SCHAEBSDAU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL; Case No. 2:19-cv-10701-DDP-E

On this news, the stock price declined from a close of $29.95 per share of Green Dot Class A common stock on November 7, 2019 to a close of $24.54 per share on November 8, 2019, a drop of approximately 18.06%.

## ARGUMENT

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FRED SCHAEBSDAU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL; Case No. 2:19-cv-10701-DDP-E

### A.    Movant is Willing to Serve as Class Representative

Movant has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in his PSLRA certification, Movant attests he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B.    Movant has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group . . . that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", the movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant incurred losses of around $51,806.74 during the Class Period. *See* Rosen Decl., Ex. 3 (Movant's Loss Chart). Movant is not aware of any other movant that has suffered greater losses in Green Dot securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C.    Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Federal Rules of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FRED SCHAEBSDAU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL; Case No. 2:19-cv-10701-DDP-E

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that Movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730)).

Movant fulfills all of the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the Class, and his claims are typical of the members of the Class. Movant and all members of the Class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about Green Dot and its business. Movant, as did all members of the Class, purchased Green Dot securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the Class.

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FRED SCHAEBSDAU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL; Case No. 2:19-cv-10701-DDP-E

Thus, the close alignment of interests between Movant and other Class members, as well as Movant's desire to prosecute this action on behalf of the Class, provides ample reason to appoint Movant as Lead Plaintiff.

**D.     Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interests of the class; or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the Class has been discussed above. Movant is not aware of any unique defenses that Defendants could raise against him that would render Movant inadequate to represent the Class.

**III.   MOVANT'S SELECTION OF LEAD COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been involved in the action and has been actively researching the Class' and Movant's claims – reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants. Furthermore, the firm

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FRED SCHAEBSDAU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL; Case No. 2:19-cv-10701-DDP-E

is experienced in the area of securities litigation and class actions. The firm has prosecuted securities fraud class actions and other complex litigation and has obtained substantial recoveries on behalf of investors, in this Court and in courts throughout the country. *See* Rosen Law's firm resume, Rosen Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the Class will receive the best legal representation available.

## IV.     CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Rosen Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated:   February 18, 2020                          Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for*
*Lead Plaintiff and the Class*

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FRED SCHAEBSDAU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL; Case No. 2:19-cv-10701-DDP-E

## CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On February 18, 2020, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF FRED SCHAEBSDAU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on February 18, 2020

/s/ Laurence M. Rosen
Laurence M. Rosen

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FRED SCHAEBSDAU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL; Case No. 2:19-cv-10701-DDP-E