# EXHIBIT F

Nicole Lavallee (SBN 165755)
Email: nlavallee@bermantabacco.com
Jeffrey V. Rocha (SBN 304852)
Email: jrocha@bermantabacco.com
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA  94104
Telephone: (415) 433-3200
Facsimile:  (415) 433-6382

*Counsel for Movant Green Dot*
*Institutional Investor Group and*
*Proposed Co-Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

————————————————— x

ESTEBAN KOFFSMON, on behalf of themselves and all others similarly situated,

Plaintiff,

v.

GREEN DOT CORPORATION, STEVEN W. STREIT and MARK SHIFKE,

Defendants.

————————————————— x

: No. 2:19-cv-10701-DDP-E
:
: <u>CLASS ACTION</u>
:
: **JOINT DECLARATION OF DAVID**
: **SULLIVAN, JAMES R. KLEIN,**
: **AND VERONICA DYER IN**
: **SUPPORT OF THE GREEN DOT**
: **INSTITUTIONAL INVESTOR**
: **GROUP'S MOTION FOR**
: **APPOINTMENT AS LEAD**
: **PLAINTIFF AND APPROVAL OF**
: **ITS SELECTION OF LEAD**
: **COUNSEL**
:
:
:
:

We, the undersigned, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     We respectfully submit this Joint Declaration in support of the motion of Plymouth County Retirement Association ("Plymouth County"), Greater Pennsylvania Carpenters' Pension Fund ("GPCPF"), and Iron Workers District Council of New England Pension Fund ("New England Iron Workers") (together, the "Green Dot Institutional Investor Group") for appointment as Lead Plaintiff and approval of the selection of Labaton Sucharow LLP ("Labaton Sucharow") and Berman Tabacco as Lead Counsel for the Class in the above-captioned action. We each have personal knowledge regarding the facts set forth in this Joint Declaration relating to the institution with which we are associated.

2.     I, David Sullivan, am Executive Director of Plymouth County and am authorized to make this Joint Declaration on its behalf.  Plymouth County, based in Plymouth, Massachusetts, provides pension benefits for approximately 11,600 beneficiaries across Massachusetts and has approximately $1 billion in assets under management.

3.     As reflected in its certification, Plymouth County purchased Green Dot Corporation ("Green Dot") securities during the asserted Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in this action.  Plymouth County is a sophisticated institutional investor that understands this case is governed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and understands and accepts the responsibilities and fiduciary obligations that it will assume under the PSLRA if appointed as Lead Plaintiff.  Plymouth County's familiarity and understanding in this regard are drawn, in part, from its prior and current experience serving as a representative party in securities class actions, including, among others, a $48 million dollar recovery while serving as a co-lead plaintiff alongside other institutional investors, with Labaton Sucharow serving as co-lead counsel, in the case captioned *Medoff v. CVS Caremark Corporation*, No. 09-cv-0554 (D.R.I.), and current service as a co-

lead plaintiff alongside other investors, with Berman Tabacco serving as co-lead counsel, in the case captioned *In re Aqua Metals, Inc. Securities Litigation*, No. 17-cv-7142 (N.D. Cal.).

4.      I, James R. Klein, am Administrator of GPCPF and am authorized to make this Joint Declaration on its behalf.  GPCPF, based in Pittsburgh, Pennsylvania, provides pension benefits for approximately 16,500 beneficiaries across Pennsylvania and has approximately $1 billion in assets under management.

5.      As reflected in its certification, GPCPF purchased Green Dot securities during the asserted Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in this action.  GPCPF is a sophisticated institutional investor that understands this case is governed by the PSLRA, and understands and accepts the responsibilities and fiduciary obligations that it will assume under the PSLRA if appointed as Lead Plaintiff.  GPCPF's familiarity and understanding in this regard are drawn, in part, from its prior and current experience serving as a representative party in securities class actions, including a $5.5 million recovery while serving as a co-lead plaintiff alongside another institutional investor, with Labaton Sucharow as lead counsel, in *In re Celadon, Inc. Securities Litigation*, No. 17-cv-2828 (S.D.N.Y.), and service as lead plaintiff in the pending action *Ramirez, Jr. v. Exxon Mobil Corporation*, No. 16-cv-3111 (N.D. Tex.).

6.      I, Veronica Dyer, am Administrator of New England Iron Workers and am authorized to make this Joint Declaration on its behalf.  New England Iron Workers, based in Dorchester, Massachusetts, provides pension benefits for approximately 4700 beneficiaries across Massachusetts and has approximately $496 million in assets under management.

7.      As reflected in its certification, New England Iron Workers purchased Green Dot securities during the asserted Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in this action.

JOINT DECLARATION
CASE NO. 2:19-CV-10701-DDP-E

2

New England Iron Workers is a sophisticated institutional investor that understands this case is governed by the PSLRA, and understands and accepts the responsibilities and fiduciary obligations that it will assume under the PSLRA if appointed as Lead Plaintiff.  New England Iron Workers' familiarity and understanding in this regard are drawn, in part, from its prior experience serving as a representative party in securities class actions, including a $5 million recovery while serving as a co-lead plaintiff in this District alongside another institutional investor, with Labaton Sucharow serving as co-lead counsel, in the case captioned *City of Southfield Fire and Police Retirement System v. Beckman Coulter, Inc.*, No. 10-cv-1327 (C.D. Cal.).

8.    Plymouth County, GPCPF, and New England Iron Workers understand that to fulfill the fiduciary duties and obligations of a Lead Plaintiff, we must ensure that this action is prosecuted vigorously and efficiently on behalf of the entire Class.  Thus, we believe that the prosecution of this case should be entrusted to sophisticated institutional investors with substantial resources and significant financial stakes in the litigation to ensure the action is litigated as vigorously and efficiently as possible.  Plymouth County, GPCPF, and New England Iron Workers are sophisticated institutional investors with experienced professional staff and ample resources to ensure effective oversight of this litigation.  Collectively, we manage nearly $2.5 billion in assets and serve as fiduciaries to thousands of beneficiaries.  Plymouth County, GPCPF, and New England Iron Workers, both individually and together, are also highly motivated to maximize the Class' recovery in this action, having suffered significant losses as a result of their transactions in Green Dot securities.

9.    Following the filing of the action, Plymouth County began separate discussions with both Labaton Sucharow and Berman Tabacco, in part, based off its previous and current experience serving as a lead plaintiff with each firm as lead counsel (*see supra* ¶ 3).  During these discussions, which included Green

Dot's business, the alleged fraud, the merits of the claims advanced against defendants, and the importance of institutional leadership in securities class actions, Plymouth County was made aware that both Labaton Sucharow and Berman Tabacco had engaged in substantive and meaningful investigations into the action, including, but not limited to, interviewing numerous former employees of Green Dot. Based on these multiple discussions with Labaton Sucharow and Berman Tabacco, Plymouth County retained both firms, instructing them to work together in order to maximize their respective investigative findings.

10.    In considering whether to move for appointment as Lead Plaintiff, Plymouth County expressed that it would be interested in partnering with other sophisticated institutional investors with successful lead plaintiff experience. At Plymouth County's request, a conversation was opened with GPCPF and New England Iron Workers, both of whom had been in similar discussions with Labaton Sucharow regarding the action, Labaton Sucharow's investigation into Green Dot, and the possibility of participating in the action as part of a small, cohesive group of sophisticated institutional investors with a substantial financial interest in the outcome of the action. After learning of each other's mutual interests, Plymouth County, GPCPF, and New England Iron Workers independently concluded that joint appointment would contribute to the prosecution of the action.

11.    In determining to seek joint appointment as Lead Plaintiff, our overriding objective and principal consideration was whether joining together to prosecute this case was likely to benefit the Class. After careful consideration, we decided to jointly seek appointment as Lead Plaintiff based on our shared view that a partnership is well suited for this litigation, will advance the interests of the Class, and is consistent with our common goal of maximizing the Class' recovery. Our decision was driven by our belief that a small, cohesive group of institutional investors serving as Lead Plaintiff will have a positive effect on the quality of the representation provided to absent Class members. Specifically, we believe that our

joint appointment will benefit the Class by providing the Class with leadership that benefits from the combined experience, qualifications, resources, and perspectives of Plymouth County, GPCPF, and New England Iron Workers.

12.    After finding that our joint appointment would benefit the Class, we determined to formalize our collaborative leadership effort in this action. Specifically, on February 14, 2020, before filing this motion, representatives of Plymouth County, GPCPF, and New England Iron Workers held a conference call to discuss our institutions' respective financial interests in the claims asserted in this action, the facts and the merits of the action, and the benefits of working together to prosecute the action on behalf of the Class.

13.    During the conference call, Plymouth County, GPCPF, and New England Iron Workers discussed, among other things: (i) the losses we suffered as a result of defendants' misconduct; (ii) the benefits the Class would receive from the leadership of a small and cohesive group of sophisticated institutional investors that have the resources and desire to ensure active oversight of the action and counsel; (iii) our shared desire to maximize the recovery for the Class and interest in prosecuting the case in a collaborative fashion; (iv) the respective responsibilities of the Lead Counsel and Lead Plaintiff; (v) the investigative findings of our proposed Co-Lead Counsel into the allegations against defendants; (vi) communication protocols to ensure that representatives of Plymouth County, GPCPF, and New England Iron Workers could discuss the prosecution of this matter either with or without counsel; and (vii) other procedures and mechanisms to ensure our ability to effectively supervise the prosecution of the case.

14.    Plymouth County, GPCPF, and New England Iron Workers understand that one of the first, most important, and ongoing duties of the PSLRA lead plaintiff is to select and retain qualified lead counsel, and to ensure that the action is prosecuted without unreasonable expense or cost. Plymouth County, GPCPF, and New England Iron Workers decided to seek joint appointment as Lead

JOINT DECLARATION
CASE NO. 2:19-CV-10701-DDP-E

Plaintiff, in part, to ensure that this action is prosecuted in such an economical manner by highly qualified counsel. Through our oversight of our proposed Co-Lead Counsel, we are confident that Labaton Sucharow and Berman Tabacco will prosecute this litigation in just such a zealous and efficient manner.

15.    In this regard, we understand that Labaton Sucharow and Berman Tabacco have a history of successfully prosecuting securities class actions together, and that they have a demonstrated track record of achieving significant recoveries for investors while working together efficiently and in a cost-effective manner. *See In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.) ($294.9 million recovery on behalf of the class with Labaton Sucharow and Berman Tabacco (known as Berman DeValerio at the time) serving as co-lead counsel).

16.    To further ensure that this litigation will be prosecuted efficiently and without duplication, we have instructed Labaton Sucharow and Berman Tabacco to enter into a Joint Prosecution Agreement to govern counsel's activities in this litigation. We have further instructed Labaton Sucharow and Berman Tabacco to provide this Joint Prosecution Agreement to the Court for *in camera* review upon the Court's request. Consistent with the Joint Prosecution Agreement, and as part of our oversight of counsel and to ensure there is no duplication of effort, we have instructed our proposed Co-Lead Counsel to keep contemporaneous time records to be provided to us upon request. In addition, Plymouth County, GPCPF, and New England Iron Workers, understand and adopt the fiduciary responsibility to negotiate appropriate attorneys' fees on behalf of the Class. We have and will continue to take that obligation seriously, and believe the fees we negotiated in the current action properly align the interests of counsel with those of the Class.

17.    Outside of the selection of counsel, Plymouth County, GPCPF, and New England Iron Workers are committed to taking an active role in supervising the prosecution of this action. While we will always seek the benefit of counsel's

advice, we understand that the final decision-making authority belongs to us. We intend to communicate with counsel, and with each other separately from our counsel, as often as necessary to discuss major litigation developments and to ensure the vigorous and efficient prosecution of this action. To this end, we have instructed our proposed counsel to provide us with regular updates on the progress of the litigation. We recognize that developments in the action may require more frequent updates and have instructed counsel to provide updates as frequently as necessary. We have also exchanged contact information for key decision-making personnel (including our own contact information) at our respective institutions, which will allow us to confer with or without counsel via phone or email on short notice, thus ensuring that Plymouth County, GPCPF, and New England Iron Workers are able to make timely and well-considered decisions.

18. As set forth above, Plymouth County, GPCPF, and New England Iron Workers understand that if appointed Lead Plaintiff, we will be responsible for making important litigation decisions and directing counsel with respect to this litigation. To discharge these duties, we will, among other things, continue to obtain and review periodic status reports on the progress of the litigation, actively participate in discovery, provide testimony if needed at trial, and attend court and other proceedings when our presence will benefit the Class. We will provide input into litigation strategies and major litigation decisions. Plymouth County, GPCPF, and New England Iron Workers are fully committed to overseeing this litigation to ensure there is no duplication of effort and that the action is litigated in a zealous yet cost-effective manner and are confident that our counsel understand our mandate in this regard.

19. Finally, Plymouth County, GPCPF, and New England Iron Workers, based on our shared status as pension systems, as well as our mutual goal of maximizing recovery for the entirety of the Class, do not anticipate that any material disagreements will arise if appointed as Lead Plaintiff. Further, Plymouth

County, GPCPF, and New England Iron Workers are firmly committed in good faith to reach consensus with respect to all litigation decisions, and to that end will consult with Co-Lead Counsel as we deem necessary to fulfill our fiduciary obligations to the Class if appointed as Lead Plaintiff.  In the unlikely event that a disagreement does arise during the course of the litigation which  Plymouth County, GPCPF, and New England Iron Workers are unable to resolve through thoughtful and extensive deliberation, Plymouth County, GPCPF, and New England Iron Workers have agreed to set any such disputes to a majority vote.

20.    In sum, Plymouth County, GPCPF, and New England Iron Workers agree to take full responsibility for providing fair and adequate representation to the Class, as well as overseeing our proposed Co-Lead Counsel.  We reaffirm our commitment to satisfying the fiduciary obligations that we will assume if appointed Lead Plaintiff.  If appointed, we will vigorously fulfill these responsibilities, including conferring with counsel regarding litigation strategy and other matters, attending court proceedings, depositions, any settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents.  Through these and other measures, Plymouth County, GPCPF, and New England Iron Workers will ensure that the Green Dot securities litigation will be vigorously prosecuted consistent with the Lead Plaintiff's obligations under the PSLRA and in the best interests of the Class, and will seek to obtain the greatest possible recovery for the Class.  We are, and will continue to be, committed to the zealous prosecution of this case and ensuring that the Class receives the optimal outcome from this litigation.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to Plymouth County are true to the best of my knowledge. Executed this 14th day of February, 2020.

David Sullivan
Executive Director
*Plymouth County Retirement Association*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to GPCPF are true to the best of my knowledge. Executed this 14th day of February, 2020.


_____
James R. Klein
Administrator
*Greater Pennsylvania Carpenters' Pension Fund*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to New England Iron Workers are true to the best of my knowledge.  Executed this __14th__ day of February, 2020.

_____
Veronica Dyer
Administrator
*Iron Workers District Council of New England Pension Fund*