**ABRAHAM, FRUCHTER**
    **& TWERSKY, LLP**
IAN D. BERG (SBN 263586)
IBerg@aftlaw.com
TAKEO A. KELLAR (SBN 234470)
TKellar@aftlaw.com
11622 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 764-2580
Facsimile: (858) 764-2582

*Counsel for Movant City of Sarasota
General Employees' Defined Benefit
Pension Plan and City of Sarasota
Firefighters' Pension Plan and
Proposed Lead Counsel*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN KOFFSMON, on behalf of themselves and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GREEN DOT CORPORATION, STEVEN W. STREIT and MARK SHIFKE,<br><br>Defendants. | Case No. 2:19-cv-10701-DDP-E<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF CITY OF SARASOTA GENERAL EMPLOYEES' DEFINED BENEFIT PENSION PLAN AND CITY OF SARASOTA FIREFIGHTERS' PENSION PLAN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Date: March 23, 2020<br>Time: 10:00 a.m.<br>Judge: Hon. Dean D. Pregerson<br>Courtroom: 9C, 9th Floor |

MEMORANDUM IN SUPPORT OF MOTION
FOR APPOINTMENT AS LEAD PLAINTIFF
Case No. 2:19-cv-10701-DDP-E

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

City of Sarasota General Employees' Defined Benefit Pension Plan and City of Sarasota Firefighters' Pension Plan (together, the "Sarasota Pension Plans" or "Sarasota") respectfully submit this memorandum in support of their motion: (1) to be appointed as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA; (2) for approval of its selection of the law firm of Abraham, Fruchter & Twersky, LLP ("Abraham, Fruchter & Twersky") as Lead Counsel for the class; and (3) for such other and further relief as is just and proper.

## I.   <u>PRELIMINARY STATEMENT</u>

Currently pending in this District is the above-captioned securities class action (the "Action"), brought on behalf of all persons who purchased or otherwise acquired the Class A common stock of Green Dot Corporation ("Green Dot" or the "Company") between May 9, 2018 and November 7, 2019, inclusive (the "Class Period"). The Action alleges violations of Section 10(b) and 20(a) of the Exchange Act as amended by the PSLRA (15 U.S.C. §§ 78j(b) and 78t(a)), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), against Green Dot, and certain of its executive officers and directors (collectively, the "Defendants").

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation and also makes a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, the Sarasota Pension Plans believe that they are the "most adequate plaintiff" by virtue of their significant financial interest in this litigation.

Specifically, the Sarasota Pension Plans incurred approximate losses totaling $218,754.79 in connection with their purchases of Green Dot Class A common stock during the Class Period.[1] The Sarasota Pension Plans further satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure as their claims are typical of the other members of the proposed class, and they will fairly and adequately represent the class.

The Sarasota Pension Plans are closely related municipal pension plans that represent the public employees of the City of Sarasota, Florida. The Sarasota Pension Plans share an *ex-officio* Board of Trustee member, a pension administrator, and other support staff. The Sarasota Pension Plans are sophisticated institutional investors and are therefore paradigmatic Lead Plaintiffs under the PSLRA. In addition, the Sarasota Pension Plans are familiar with the obligations and responsibilities of a lead plaintiff and have the incentive, ability, and sophistication to effectively supervise the prosecution of the Action in the best interests of the class.

The Sarasota Pension Plans have further demonstrated their adequacy through their selection of Abraham, Fruchter & Twersky to serve as Lead Counsel for the class. Abraham, Fruchter & Twersky is a law firm with substantial experience representing institutional investors in securities class actions, and other forms of shareholder litigation, in this District and throughout the nation.

Accordingly, the Sarasota Pension Plans respectfully request that the Court appoint them as Lead Plaintiff and otherwise grant their motion.

---

[1] The Sarasota Pension Plans' transactions in Green Dot Class A common stock during the Class Period are set forth in their certifications attached as Exhibit ("Exh.") 1 to the Declaration of Ian D. Berg (herein, the "Berg Decl."), filed concurrently herewith.

MEMORANDUM IN SUPPORT OF MOTION                    -2-
FOR APPOINTMENT AS LEAD PLAINTIFF
Case No. 2:19-cv-10701-DDP-E

## II.    STATEMENT OF FACTS

Green Dot, headquartered in Pasadena, California, is a financial technology and bank holding company. ¶14.[2] Green Dot's products and services include, among others, deposit account programs, branded reloadable prepaid debit cards, consumer checking accounts, small business checking accounts, branded gift cards, secured credit cards. ¶15.

As alleged, during the Class Period, Defendants failed to disclose that the Company's strategy to attract "high-value" long-term customers to its new products was at the expense of "one and done" customers; its "one and done" customers represented a significant source of revenue in its legacy segment; and, consequently, its strategy was self-sabotaging. ¶23.

The Class Period begins on May 9, 2018, when Green Dot's Founder and Chief Executive Officer, Steven Streit, touted the Company's "ongoing financial momentum . . . in both [its] own established product lines and those new products being powered by Green Dot's 'Banking-as-a-Service,' or BaaS, Platform[.]" ¶16. Mr. Streit added that "attracting and retaining the right kinds of customers is actually more important than the number of active customers in and of itself." ¶17.

On November 7, 2018, Green Dot announced its financial results for the third fiscal quarter of 2018. ¶20.  In a press release, Mr. Streit was quoted as stating, "[a]s evidenced by our double-digit year over year organic growth thus far in 2018, we believe Green Dot's products and platform strategy is in the right place at the right time." *Id.*

The truth emerged through a series of disclosures by the Company occurring between February 21, 2019 and November 7, 2019. ¶¶20-32.  On May 8, 2019, Mr. Streit stated that the Company's new direct deposit products had

---

[2] All references to "¶_" are references to portions of the complaint filed in the Action.

been "designed to attract high-value long-term customers sometimes at the expense of low value or what we call one and done customers" but that those one and done customers still "generate[d] revenue for [Green Dot] at a better than average contribution margin." ¶27. After this news, Green Dot's share price fell from $63.27 to a closing price of $46.56 on February 21, 2019, or a decline of over 26%. ¶28.

On August 7, 2019, Defendants announced Green Dot's second quarter 2019 results and disclosed "an accelerated loss of unit sales in [the Company's] prepaid product lines, resulting in lower active accounts from both non-reloading customers and cash reloading customers." ¶29. This disclosure caused the price of Green Dot stock to fall over 41% to close at $27.42 per share on August 8, 2019. ¶31.

Then, on November 7, 2019, Defendants revealed that the continuing decline of accounts in the Company's active consumer business represented mostly "one-time use accounts." ¶32. On this news, the price of Green Dot stock declined over 18% to close at $24.54 per share on November 8, 2019. ¶33.

## III.    ARGUMENT

The PSLRA permits any member of the class to move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). Here, the notice was disseminated on December 19, 2019. Berg Decl., Exh. 2. On January 15, 2020, this Court ordered a corrected deadline of February 18, 2020 by which to seek appointment as Lead Plaintiff. The Sarasota Pension Plans have satisfied this deadline requirement by making this motion.

### A.    The Sarasota Pension Plans Should Be Appointed Lead Plaintiff

The Sarasota Pension Plans respectfully submit that they should be appointed Lead Plaintiff because they are the the movant "most capable of adequately representing the interests of class members."   15 U.S.C. § 78u-4(a)(3)(B).   The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id*.; *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

### 1.    The Sarasota Pension Plans Have The Largest Financial Interest In The Relief Sought

The Sarasota Pension Plans should be appointed Lead Plaintiff because they have the largest financial interest of any movant in the relief sought.   15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Cavanaugh*, 306 F.3d at 730.  As a result of their purchases of Green Dot Class A common stock during the Class Period, the Sarasota Pension Plans suffered losses of approximately $218,754.79.  *See* Berg Decl. at Exh. 1.  To the best of the Sarasota Pension Plans' knowledge, there are no other applicants who have sought, or are seeking, appointment as Lead Plaintiff that have a larger financial interest arising from the purchase of Green Dot Class A common stock. Accordingly, the Sarasota Pension Plans believe that they have the largest financial interest of any qualified movant seeking appointment as Lead Plaintiff.

### 2.    The Sarasota Pension Plans Otherwise Satisfy The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the Sarasota Pension Plans also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.  On a motion to serve as Lead Plaintiff, the movant must only make a preliminary showing that it satisfies the typicality and

adequacy requirements of Federal Rule of Civil Procedure 23. *See Shreves v. Xunlei Ltd.*, No. CV-15-04288-MWF (ASx), 2015 WL 5446935, at *3 (C.D. Cal. Sept. 15, 2015) (noting that "[t]he movant with the largest financial interest only needs to make a *prima facie* showing that it satisfies Rule 23 to be the presumptive lead plaintiff"), citing *Cavanaugh*, 306 F.3d at 732.

Here, the Sarasota Pension Plans unquestionably satisfy both requirements. The Sarasota Pension Plans' claims are typical of the claims of other purchasers of the Green Dot common stock. Generally, the test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992), citing *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985); *see also Adams v. Biolase, Inc.*, No. 8:13-CV-1300-JLS-FFMx, 2013 WL 12128806, at *3 (C.D. Cal. Dec. 10, 2013) (typicality requirement is satisfied when a proposed class representative's claims "are based on the same legal theory and arise from the same events and course of conduct as the proposed class's claims[.]"). The Sarasota Pension Plans' claims in this action arise from the very same course of conduct as the claims of the other members of the class: (1) the purchase of the Green Dot common stock at issue during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) being damaged thereby. *See Lloyd v. CVB Fin. Corp.*, No. CV 10-06256 MMM (PJWx), 2011 WL 13128303, at *6 (C.D. Cal. Jan. 21, 2011) (finding typicality where the movant purchased the company "common stock during the class period at prices that were allegedly artificially inflated by [the company's] false and misleading representations, and sustained monetary damages as a result.").

The Sarasota Pension Plans likewise satisfy the adequacy requirement of

Rule 23. Under Rule 23(a)(4), the representative parties must fairly and adequately protect the interests of the class. Representation "is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of the absent class members, and it is unlikely that the action is collusive." *CVB Fin.*, 2011 WL 13128303, at \*6; *see also Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). The Sarasota Pension Plans easily satisfy here the elements of the adequacy requirement. The Sarasota Pension Plans are closely related municipal pensions representing the public employees of the City of Sarasota which share overlapping leadership and support staff. The Sarasota Pension Plans' interests are perfectly aligned with those of the other members of the class and are not antagonistic in any way. There are, furthermore, no facts suggesting that any actual or potential conflict of interest or other antagonism exists between the Sarasota Pension Plans and other class members. The Sarasota Pension Plans submitted certifications herewith, affirming their understanding of the duties owed to class members through their commitment to oversee the prosecution of this class action. *See* Berg Decl. at Exh. 1. Through their certifications, the Sarasota Pension Plans accept the fiduciary obligations they will assume if appointed Lead Plaintiff in this action. *Id.*

Further, the Sarasota Pension Plans are paradigmatic of the sort of Lead Plaintiffs envisioned by Congress in its enactment of the PSLRA – sophisticated institutional investors with a real financial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369, at 34, 104th Cong. 1st Sess. (1995), reprinted in 1995 U.S.C.C.A.N. 679, 690 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts by improving the quality of representation in securities class actions"); *CVB Fin.*, 2011 WL 13128303, at \*5 (noting that the PSLRA "establishes a preference that sophisticated institutional investors direct the course of securities cases").

Finally, the Sarasota Pension Plans have demonstrated their adequacy through their selection of Abraham, Fruchter & Twersky as Lead Counsel.  As detailed below, Abraham, Fruchter & Twersky is highly qualified and experienced in the area of securities class action litigation and has demonstrated an ability to prosecute complex securities class action litigation effectively.

### B.    The Court Should Approve the Sarasota Pension Plans' Selection Of Lead Counsel

The Court should approve the Sarasota Pension Plans' choice of the law firm of Abraham, Fruchter & Twersky to serve as Lead Counsel.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), a movant shall, subject to Court approval, select and retain counsel for the class they seek to represent.  The Sarasota Pension Plans have selected and retained the law firm of Abraham, Fruchter & Twersky.

Abraham, Fruchter & Twersky is among the preeminent securities class action law firms, with the skill and knowledge that will enable it to prosecute this action effectively and expeditiously.    Abraham, Fruchter & Twersky has successfully prosecuted numerous securities fraud class actions, both in this District and nationwide.  *See, e.g., Brown v. China Integrated Energy, Inc.*, No. CV 11-02559-BRO (PLAx) (C.D. Cal.).  Abraham, Fruchter & Twersky also has extensive experience serving as lead or co-lead counsel in similar actions and has repeatedly demonstrated its commitment, professionalism, and ability to achieve outstanding results.  *See, e.g., Pyramid Holdings, Inc. v. Terraform Global, Inc. et al.*, No. 16-cv- 07981-PKC (S.D.N.Y.) (Abraham, Fruchter & Twersky, as lead counsel, achieved a pending $48.75 million settlement representing a substantial share of available damages); *Godinez v. Alere Inc.*, et al., No. 1:16-cv-10766 (PBS), ECF No. 152 (D. Mass. Dec. 22, 2017) (Abraham, Fruchter & Twersky, as co-lead counsel, achieved a $20 million settlement); *In re Peregrine Systems, Inc. Securities Litigation*, No. 02- CV-0870-BEN (RBB) (S.D. Cal.) (Abraham, Fruchter & Twersky, as co-lead counsel, obtained a settlement of approximately

$117.5 million); *Citiline Holdings, Inc. v. iStar Financial, Inc.*, No. 08-cv-3612-RWS (S.D.N.Y) (Abraham, Fruchter & Twersky as co-lead counsel obtained a $29 million settlement); *Silverstrand Investments v. AMAG Pharmaceuticals et al.*, No. 1:10-cv-10470 (NMG), ECF No. 24 (D. Mass Jul. 27, 2010) (Abraham, Fruchter & Twersky as lead counsel settled the action following a successful appeal to the U.S. Court of Appeals for the First Circuit); *Utesch v. Lannett Company Inc.*, *et al.*, No. 2:16-cv-05932 (WB), ECF No. 53 (E.D. Pa. Mar. 20, 2017) (Abraham, Fruchter & Twersky serving as lead counsel in pending securities class action); *Boston Retirement System v. Volkswagen AG et al.*, No. 3:16-cv-03435- CRB (N.D. Cal.) (same). *See* Berg Decl. at Exh. 3 (Abraham, Fruchter & Twersky Firm Resume).

Accordingly, the Court should approve the Sarasota Pension Plans' selection of Abraham, Fruchter & Twersky as Lead Counsel for the Class.

## IV.    CONCLUSION

For the foregoing reasons, the Sarasota Pension Plans respectfully request that the Court: (1) appoint the Sarasota Pension Plans as Lead Plaintiff; (2) approve the selection of Abraham, Fruchter & Twersky to serve as Lead Counsel; and (3) grant such other and further relief as is just and proper.

Dated: February 18, 2020                    Respectfully Submitted,

**ABRAHAM, FRUCHTER
& TWERSKY, LLP**

/s/        *Ian D. Berg*
IAN D. BERG (SBN 263586)
IBerg@aftlaw.com
TAKEO A. KELLAR (SBN 234470)
TKellar@aftlaw.com
11622 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (858) 764-2580
Facsimile: (858) 764-2582

-and-

MITCHELL M.Z. TWERSKY
MTwersky@aftlaw.com
ATARA HIRSCH
AHirsch@aftlaw.com
One Penn Plaza, Suite 2805
New York, NY 10119
Telephone: (212) 279-5050
Facsimile: (212) 279-3655

*Counsel for Movant City of Sarasota
General Employees' Defined Benefit
Pension Plan and City of Sarasota
Firefighters' Pension Plan and
Proposed Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 18, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

/s/    *Ian D. Berg*
IAN D. BERG