ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS (259916)
TRICIA L. McCORMICK (199239)
JUAN CARLOS SANCHEZ (301834)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
triciam@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN KOFFSMON, on behalf of themselves and all others similarly situated,<br><br>                  Plaintiff,<br><br>   vs.<br><br>GREEN DOT CORPORATION, et al.,<br><br>                Defendants. | Case No. 2:19-cv-10701-DDP-E<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL<br><br>DATE:    March 30, 2020<br>TIME:    10:00 a.m.<br>CTRM:   9C<br>JUDGE:  Hon. Dean D. Pregerson |

4821-7432-1077.v1

## I.    INTRODUCTION

This securities class action lawsuit was filed on December 18, 2019 on behalf of purchasers of Green Dot Corporation ("Green Dot" or the "Company") securities between May 9, 2018 and November 7, 2019 (the "Class Period"). The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires the Court to appoint "the most adequate plaintiff as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(ii). This plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund (the "Pension Fund") should be appointed lead plaintiff because it filed a timely motion, has the largest financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Pension Fund's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or the "Firm") to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.    FACTUAL BACKGROUND

Green Dot is a financial technology and bank holding company that operates a platform, referred to as "Banking as a Service" or "BaaS," that provides banking and financial services to consumers under brand names such as Green Dot, GoBank, and RapidPay.

The complaint alleges that during the Class Period, defendants made false and misleading statements and/or failed to disclose adverse information regarding Green Dot's business and prospects. Specifically, defendants failed to disclose that Green Dot's strategy to attract "high-value" long-term customers was at the expense of "one and done" customers, which represented a significant source of revenues in its legacy segment and, consequently, Green Dot's strategy was self-sabotaging. As a result of

- 1 -

4821-7432-1077.v1

this information being withheld from the market, Green Dot securities traded at artificially inflated prices during the Class Period, with Green Dot's stock price reaching a high of more than $90 per share.

On November 7, 2019, after the market closed, Green Dot announced its financial results for the third quarter of 2019.  On an earnings call to discuss the results the same day, Green Dot's CEO revealed that the continuing year-over-year decline in accounts in its active consumer business approximated 620,000 and most were "one-time use account."  Green Dot's CFO added that while they were reiterating Green Dot's full-year guidance, they expected Green Dot's financial results to be at the lower end of the guidance.  On this news, the price of Green Dot stock fell 18% to close at $24.54 per share on November 7, 2019.

## III.    ARGUMENT

### A.    The Pension Fund Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Securities Exchange Act of 1934] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1).  First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C.  §78u-4(a)(3)(A)(i).  The statutory notice in this case was published on December 18, 2019, via *Accesswire*.  *See* Declaration of Tricia L. McCormick in Support of Motion Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("McCormick Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

- 2 -

4821-7432-1077.v1

aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). The Pension Fund meets these requirements and should therefore be appointed Lead Plaintiff.

### 1. This Motion Is Timely

The December 18, 2019, statutory notice published in this case advised purported class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court for appointment as lead plaintiff within 60 days, or by February 17, 2020. *See* McCormick Decl., Ex. A. February 17, 2020 was a Court holiday; thus, pursuant to Fed. R. Civ. P. 6(a)(1)(C), the "next day that is not a Saturday, Sunday, or legal holiday," is February 18, 2020. Because the Pension Fund's motion has been timely filed, it is eligible for appointment as lead plaintiff.

### 2. The Pension Fund Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Pension Fund purchased 25,143 shares of Green Dot securities, and suffered losses of over $662,539. *See* McCormick Decl., Exs. B, C. To the best of its counsels' knowledge, there are no other applicants who have sought appointment as lead plaintiff who have a larger financial interest. Therefore, the Pension Fund satisfies the PSLRA's prerequisite of having the largest financial interest.

- 3 -

4821-7432-1077.v1

### 3. The Pension Fund Otherwise Satisfies the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage). Importantly, a "'wide-ranging analysis under Rule 23 is not appropriate [at the initial stage of the litigation] and should be left for consideration on a motion for class certification.'" *Lloyd v. CVB Fin. Corp.*, No. CV 10-06256 MMM (PJWx), 2011 WL 13128303, at *5 (C.D. Cal. Jan. 21, 2011) (citation omitted).

"'Under [Rule 23's] permissive standards, representative claims are "typical" if they are reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Id.* (quoting *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1019 (9th Cir. 1998)). Here, the Pension Fund purchased Green Dot securities during the Class Period at prices that were allegedly artificially inflated by defendants' false and misleading representations, and sustained substantial monetary damages as a result. "The typicality requirement thus appears to be satisfied because the Fund's claims arise 'from the same event[s] or course of conduct that gives rise to the claims of other class members,' and are 'based on the same legal theory.'" *Id.* at *6 (citation omitted).

"The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive." *Id.* Here, the Pension Fund suffered a significant loss on its investment in Green Dot securities, and is motivated to diligently pursue the putative class's claims. *See*

- 4 -

4821-7432-1077.v1

McCormick Decl., Exs. B, C. The Pension Fund does not have any conflict of interest between its claims and those of the putative class and is not subject to any unique defenses. Finally, the Pension Fund has selected qualified counsel to represent it and the putative class. *See* §III.B., *infra*. As such, the Court should find that the adequacy requirement has been met.

Because the PSLRA's requirements have been satisfied, the Court should grant the Pension Fund's motion.

### B. The Court Should Approve the Pension Fund's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *see also In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. The Pension Fund has selected Robbins Geller to serve as Lead Counsel.

Robbins Geller, a 200-attorney firm with offices nationwide, regularly represents clients in complex class action litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[1]

District courts throughout the country, including this Court, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Garcia v. Banc of California, Inc.*, No. SACV 17-00118 AG (DFMx), 2017 WL 5641123, at *2 (C.D. Cal. May 1, 2017) (appointing Robbins Geller as lead counsel in securities class action case); *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 636 (C.D. Cal. 2009) (noting that it was "undisputable" that Robbins Geller lawyers have "extensive experience prosecuting suits of this nature"); *In re Hot Topic,*

---

[1] For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com/. An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

- 5 -

*Inc. Sec. Litig.*, No. CV 13-02939 SJO (JCx), 2014 WL 12462472, at \*5 (C.D. Cal. Nov. 3, 2014) (finding that Robbins Geller was "qualified and competent" and noting that "[o]ther courts have stated that the firm . . . 'is comprised of probably the most prominent securities class action attorneys in the county'") (citation omitted); *Jones v. Pfizer, Inc.*, No. 1:10-cv-03864-AKH, ECF No. 502 at 42:19-43:2 (S.D.N.Y. July 30, 2015) (commending Robbins Geller for its work in achieving $400 million settlement on the eve of trial: "Without the quality and the toughness that you exhibited, our society would not be as good as it is with all its problems.  So from me to you is a vote of thanks for devoting yourself to this work and doing it well. . . .  You did a really good job.  Congratulations."); *In re Enron Corp. Sec., Deriv. & "ERISA" Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (commenting that the "experience, ability, and reputation" of Robbins Geller's attorneys "is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country").

Additionally, Robbins Geller has obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.[2] And, while trials in shareholder class actions are rare, Robbins Geller has tried several cases to verdict, most recently a February 2019 trial in this District, *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG-JCG (C.D. Cal.), where the jury

---

[2]    *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 6 -

returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

Based on these qualifications, the Pension Fund's selection of Robbins Geller as Lead Counsel pursuant to the PSLRA should be approved.

## IV. CONCLUSION

The Pension Fund has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, the Pension Fund respectfully requests that the Court grant its motion for appointment as lead plaintiff and approval of its selection of counsel.

DATED: February 18, 2020

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
TRICIA L. McCORMICK
JUAN CARLOS SANCHEZ


                    s/ Tricia L. McCormick
_____
             TRICIA L. McCORMICK

655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for [Proposed]
Lead Plaintiff

- 7 -

4821-7432-1077.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 18, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ TRICIA L. McCORMICK
TRICIA L. McCORMICK

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  triciam@rgrdlaw.com

4821-7432-1077.v1

# Mailing Information for a Case 2:19-cv-10701-DDP-E Esteban Koffsmon v. Green Dot Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ian D Berg**
  iberg@aftlaw.com,tkellar@aftlaw.com

- **Marc L Godino**
  mgodino@glancylaw.com,info@glancylaw.com,marc-godino-1414@ecf.pacerpro.com

- **Eduard Korsinsky**
  ek@zlk.com

- **James N Kramer**
  jkramer@orrick.com,lpatts@orrick.com,jthompson@orrick.com

- **Nicole Lavallee**
  nlavallee@bermantabacco.com,sfservice@bermantabacco.com

- **Rosanne Leigh Mah**
  rmah@zlk.com,ek@zlk.com,brios@zlk.com,jtash@zlk.com,jkornhaber@zlk.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)