Joseph J. Tabacco, Jr. (SBN 75484)
Email: jtabacco@bermantabacco.com
Nicole Lavallee (SBN 165755)
Email: nlavallee@bermantabacco.com
Jeffrey V. Rocha (SBN 304852)
Email: jrocha@bermantabacco.com
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile:  (415) 433-6382

*Counsel for Movant Green Dot*
*Institutional Investor Group and*
*Proposed Co-Lead Counsel for the Class*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN KOFFSMON, on behalf themselves and all others similarly situated,<br><br>                               Plaintiff,<br><br>        v.<br><br>GREEN DOT CORPORATION, STEVEN W. STREIT and MARK SHIFKE,<br><br>                               Defendants. | No. 2:19-cv-10701-DDP-E<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE GREEN DOT INSTITUTIONAL INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL**<br><br>Date:  March 30, 2020<br>Time: 10:00 a.m.<br>Courtroom:  9C, 9th Floor<br>Judge:  Hon. Dean D. Pregerson |

[Case No. 2:19-cv-10701-DDP-E] MEM. OF P&A IN FURTHER SUPPORT OF THE GREEN DOT INSTITUTIONAL INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ................................................................................1

I.      ARGUMENT ...................................................................................................2

      A.    The Green Dot Institutional Investor Group Has the Largest Financial Interest.........................................................................................2

      B.    The Green Dot Institutional Investor Group Satisfies the Adequacy and Typicality Requirements of Rule 23 ...........................4

      C.    The Green Dot Institutional Investor Group's Choice of Co-Lead Counsel Are Well-Qualified to Represent the Class ..................7

      D.    New York Hotel Trades Does Not Adequately Represent the Interests of the Entire Class ....................................................................8

II.     CONCLUSION ..............................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blake v. JP Morgan Chase Bank NA*,
927 F.3d 701 (3d Cir. 2019) ...................................................................... 6

*In re Cavanaugh*,
306 F.3d 726, 732 (9th Cir. 2002) ....................................................... 2, 3, 4, 8

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3rd Cir. 2001) ................................................................. 5, 7

*China Agritech, Inc. v. Resh*,
138 S. Ct. 1800 (2018) ......................................................................... 6, 9

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
No. 12-CV-06039-LHK, 2013 WL 2368059 (N.D. Cal. May 29, 2013) .................................................................................................. 5

*In re Cohen v. U.S. District Court*,
586 F.3d 703 (9th Cir. 2009) ................................................................. 7

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
136 F. Supp. 3d 1159 (C.D. Cal. 2015) ................................................. 4

*McCracken v. Edwards Lifesciences Corp.*,
No. 8:13-cv-1463-JCS (RNBx), 2014 WL 12694135 (C.D. Cal. Jan. 8, 2014) ............................................................................................. 6

*Pace v. Quintanilla*,
No. SACV 14-2067-DOC (RNBx), 2014 WL 4180766 (C.D. Cal. Aug. 19, 2014) ........................................................................................... 3

*Perrin v. Sw. Water Co.*,
No. 2:08-cv-7844-FMC-AGRx, 2009 WL 10654690 (C.D. Cal. Feb. 13, 2009) ............................................................................................ 2

*In re Snap Inc. Sec. Litig.*,
No. 2:17-cv-03679-SVW-AGR, 2019 WL 2223800 (C.D. Cal. Apr. 1, 2019) .......................................................................................... 6, 9

[Case No. 2:19-cv-10701-DDP-E] MEM. OF P&A IN FURTHER SUPPORT OF THE GREEN DOT INSTITUTIONAL INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL

ii

*Tanne v. Autobytel, Inc.*,
   226 F.R.D. 659 (C.D. Cal. 2005) ........................................................................ 2

*W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*,
   No. 13-cv-6731, 2016 WL 4138613 (E.D. Pa. Aug. 4, 2016) ........................... 9

**Rules & Statutes**

Fed R. Civ. P. 23 .................................................................................................... *passim*

15 U.S.C. § 78u-4 *et seq.* ..................................................................................... *passim*

**Docketed Cases**

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
   No. 08-md-1963 (S.D.N.Y.) ................................................................................ 8

*In re Real Estate Associates Limited Partnership Litigation*,
   No. CV 98-7035 DDP (C.D. Cal) ....................................................................... 7

The Green Dot Institutional Investor Group[1] respectfully submits this Memorandum in further support of its motion for appointment as Lead Plaintiff and for approval of its selection of Labaton Sucharow LLP and Berman Tabacco as Co-Lead Counsel for the Class and in opposition to all competing motions.[2] ECF No. 24.

## PRELIMINARY STATEMENT

The Green Dot Institutional Investor Group is the movant with the largest financial interest that also satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure and is therefore the presumptive Lead Plaintiff. The members of the Green Dot Institutional Investor Group, sophisticated institutional investors with deep experience successfully prosecuting securities class actions, have the largest loss of *$1,071,666*, more than sixty percent larger than the next movant. In addition, the Green Dot Institutional Investor Group readily satisfies the requirements of Rule 23 because it held its Class Period purchases of Green Dot stock through each of the corrective disclosures alleged in the Action. Therefore, under the sequential lead plaintiff review process set forth by the Ninth Circuit, the inquiry begins and ends with the Green Dot Institutional Investor Group.

[1] All abbreviations used herein remained unchanged from those defined in the Green Dot Institutional Investor Group's Lead Plaintiff motion. ECF No. 24.

[2] On February 18, 2020, five movants submitted motions for appointment as Lead Plaintiff: (1) the Green Dot Institutional Investor Group; (2) the New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund ("New York Hotel Trades"); (3) Austin Fire Fighters Relief and Retirement Fund and John Mutsavage ("Austin Firefighters"); (4) Sarasota General Employees' Defined Benefit Pension Plan and City of Sarasota Firefighters' Pension Plan ("Sarasota"); and (5) Fred H. Schaebsdau. On March 9, 2020, Sarasota filed a notice of non-opposition to the competing motions for appointment as Lead Plaintiff. ECF No. 43.

Accordingly, the Green Dot Institutional Investor Group respectfully requests that the Court appoint it to serve as Lead Plaintiff and approve its selection of Labaton Sucharow LLP and Berman Tabacco as Co-Lead Counsel.

## I.  ARGUMENT

The Green Dot Institutional Investor Group, as the movant with the largest financial interest who also satisfies the requirements of Rule 23, is the presumptive Lead Plaintiff.  Pursuant to the PSLRA, courts are instructed to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the "person or group of persons" with "the largest financial interest in the relief sought by the class," so long as the movant "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Therefore, as no movant has, or will be able to, submit "***proof***" to rebut this presumption, under the sequential lead plaintiff process set forth by the Ninth Circuit, the Green Dot Institutional Investor Group is entitled to appointment as Lead Plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Perrin v. Sw. Water Co.*, No. 2:08-cv-7844-FMC-AGRx, 2009 WL 10654690, at *3–4 (C.D. Cal. Feb. 13, 2009) (appointing group of four investors and noting that "[t]he determinative factor, therefore, is the movant with the largest financial stake in the litigation").

### A.    The Green Dot Institutional Investor Group Has the Largest Financial Interest

"[T]he [PSLRA] 'provides in categorical terms that the *only* basis on which a court may compare plaintiffs competing to serve as lead is the size of their financial stake in the controversy.'" *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D. Cal. 2005) (quoting *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)). The Green Dot Institutional Investor Group has, without a doubt, the largest financial interest of all competing movants in the relief sought by the Class in this Action.  Consistent with Ninth Circuit precedent, courts in this District equate a

movant's financial interest with its financial loss.  *See, e.g.*, *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, [it] is entitled to lead plaintiff status[.]"); *Pace v. Quintanilla*, No. SACV 14-2067-DOC (RNBx), 2014 WL 4180766, at *2 (C.D. Cal. Aug. 19, 2014) ("The PSLRA does not specify how to calculate the 'largest financial interest,' but the approximate losses suffered are the most determinative.").

| MOVANT | LIFO LOSS |
|---|---|
| Green Dot Institutional Investor Group | $1,071,666 |
| New York Hotel Trades | $662,540 |
| Austin Firefighters | $440,072 |
| Sarasota | $218,755 |
| Schaebsdau | $51,807 |

As illustrated in the chart above, during the Class Period the Green Dot Institutional Investor Group incurred substantial losses of over ***$1,071,666*** on its purchases of 27,330 shares of Green Dot stock.  *See* ECF No. 25-5.  Indeed, the Green Dot Institutional Investor Group's losses are more than ***sixty percent*** larger than the losses claimed by New York Hotel Trades (ECF No. 35-3), and nearly ***twenty times*** larger than the losses claimed by Schaebsdau (ECF No. 22-3).  *See* Decl. of Jeffrey V. Rocha in Further Supp. of The Green Dot Investor Grp.'s Mot. for Appointment as Lead Plaintiff and For Approval of Its Selection of Lead Counsel ("Rocha Decl."), filed herewith, Ex. A (loss analysis).

While the losses suffered are generally considered dispositive in the Lead Plaintiff inquiry, District Courts have also "typically consider[] the 'Olsten–Lax' factors to determine who has the largest financial interest: '(1) the number of shares purchased during the class period; (2) the number of net shares purchased

[Case No. 2:19-cv-10701-DDP-E] MEM. OF P&A IN FURTHER SUPPORT OF THE GREEN DOT INSTITUTIONAL INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL

3

during the class period; [and] (3) the total net funds expended during the class period; . . .'" *See Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (citing *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)). Under each of these additional factors, the Green Dot Institutional Investor Group handily surpasses every other movant. *See* Rocha Decl. Ex. A (loss analysis).

Consequently, and because the Green Dot Institutional Investor Group also satisfies Rule 23's typicality and adequacy requirements (discussed below), it is entitled to the legal presumption as the "most adequate plaintiff" and should be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

**B.      The Green Dot Institutional Investor Group Satisfies the Adequacy and Typicality Requirements of Rule 23**

In addition to possessing the largest financial interest in the outcome of the litigation, the Green Dot Institutional Investor Group readily satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). To satisfy Rule 23's typicality and adequacy requirements at this stage in the litigation, the presumptive lead plaintiff need only make a preliminary showing. *See Cavanaugh*, 306 F.3d at 732. Furthermore, once the presumptive lead plaintiff has been determined, the presumption can only be rebutted upon "proof" that the presumptive lead plaintiff will not fairly represent the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists in this case and there can be no credible arguments to the contrary.

As demonstrated in its opening motion, the Green Dot Institutional Investor Group is a typical Class representative. *See* ECF No. 24, at 8–9. Here, like all other Class members, the Green Dot Institutional Investor Group: (i) purchased Green Dot stock during the Class Period; (ii) at prices artificially inflated by Defendants' misstatements and/or omissions; and (iii) was damaged thereby. *See*

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.,* No. 12-CV-06039-LHK, 2013 WL 2368059, at *2 (N.D. Cal. May 29, 2013). The Green Dot Institutional Investor Group also retained shares purchased during the Class Period through each alleged disclosure, ensuring that it is typical and adequate to represent ***all*** Class members.

The Green Dot Institutional Investor Group also satisfies Rule 23's adequacy requirement because it is capable of "fairly and adequately protect[ing] the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). As demonstrated in its opening brief, the Green Dot Institutional Investor Group, a small and cohesive group of sophisticated institutional investors—the paradigmatic lead plaintiffs as envisioned by the PSLRA—understands and accepts the duties and responsibilities owed to other Class members to monitor the prosecution of this action in the best interests of the Class. *See* ECF Nos. 25-2, 25-3, 25-4. *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3rd Cir. 2001) ("The statute . . . requires only that any [lead plaintiff] group 'fairly and adequately protect the interests of the class.'").

Further, there is no conflict of interest between the Green Dot Institutional Investor Group's interests and those of the other Class members. To the contrary, the interests of the Green Dot Institutional Investor Group and other Class members are directly aligned because all suffered damages from their purchases of Green Dot stock when artificially inflated by Defendants' misstatements and/or omissions. *See* ECF No. 24 at 8-11. In fact, the Green Dot Institutional Investor Group is particularly well-suited to represent the Class because, unlike other competing movants, the group collectively held through each and every one of the alleged partial disclosure. Moreover, the appointment of the Green Dot Institutional Investor Group as Lead Plaintiff will also protect the interests of the Class in the event a solitary Lead Plaintiff is disqualified as inadequate or atypical.

[Case No. 2:19-cv-10701-DDP-E] MEM. OF P&A IN FURTHER SUPPORT OF THE GREEN DOT INSTITUTIONAL INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL

5

Following the Supreme Court's recent decision in *China Agritech, Inc. v. Resh*, disqualification of a solitary lead plaintiff would prevent the filing of a successive class action after the statute of limitations. 138 S. Ct. 1800, 1804 (2018); *Blake v. JP Morgan Chase Bank NA*, 927 F.3d 701, 709 (3d Cir. 2019) ("*China Agritech* is clear and unequivocal: courts may not toll new class actions under *American Pipe*, period.").

Finally, as discussed more fully above, the Green Dot Institutional Investor Group clearly has a sufficient financial interest to ensure the vigorous prosecution of this litigation, and has demonstrated its commitment to prosecuting this action efficiently and in the best interests of the Class. *See* ECF No. 25-6 at ¶¶ 8, 11-20. The Green Dot Institutional Investor Group has also demonstrated its adequacy through its selection of counsel and is fully committed to ensuring high caliber and cost-effective representation for the Class. *See* ECF Nos. 24 at 14-16, 25-6 at ¶¶ 14-16.

Indeed, the Joint Declaration submitted by the Green Dot Institutional Investor Group "establishes the members' commitment to vigorously pursue the litigation, to oversee counsel to ensure the case is efficiently litigated in the class's best interests, to work collaboratively, and to proceed quickly." *In re Snap Inc. Sec. Litig.*, No. 2:17-cv-03679-SVW-AGR, 2019 WL 2223800, at *4 (C.D. Cal. Apr. 1, 2019). The Joint Declaration also sets forth that the members of the Green Dot Institutional Investor Group are determined to regularly communicate with each other, with or without counsel, and are willing to participate in discovery and attend settlement hearings. *See McCracken v. Edwards Lifesciences Corp.*, No. 8:13-cv-1463-JCS (RNBx), 2014 WL 12694135, at *4 (C.D. Cal. Jan. 8, 2014) (finding joint declaration's communication procedures and affirmation that proposed group would participate in discovery and settlement persuasive in appointing group). The Joint Declaration also outlines how the group will oversee

the Action and make decisions on behalf of the Class. In sum, the Green Dot Institutional Investor Group is well-aware of the Lead Plaintiff's obligations under the PSLRA to oversee and supervise the litigation separate and apart from counsel and has submitted Certifications and a comprehensive Joint Declaration as to the willingness and ability of its members to fulfill those duties here.

Accordingly, there can be no question that the Green Dot Institutional Investor Group has established its commitment to zealously and efficiently represent the interests of the Class.

### C.  The Green Dot Institutional Investor Group's Choice of Co-Lead Counsel Are Well-Qualified to Represent the Class

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cohen v. U.S. District Court*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)). Here, the Green Dot Institutional Investor Group has selected Labaton Sucharow and Berman Tabacco, two highly qualified counsel, to serve as Co-Lead Counsel for the Class. Labaton Sucharow is among the preeminent securities class action law firms in the country. *See* ECF Nos. 24 at 15, 24-7 (firm resume); *see also In re Real Estate Associates Limited Partnership Litigation*, No. CV 98-7035 DDP (C.D. Cal) (securing unanimous verdict and $185 million jury award after four years of litigation, including a five-week trial). Similarly, Berman Tabacco is highly experienced in the area of securities litigation and class actions and has

[Case No. 2:19-cv-10701-DDP-E] MEM. OF P&A IN FURTHER SUPPORT OF THE GREEN DOT INSTITUTIONAL INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL

7

successfully prosecuted numerous matters on behalf of investors through the United States and in this District. *See* ECF Nos. 24 at 16, 25-8 (firm resume).

Moreover, not only are Labaton Sucharow and Berman Tabacco each well-qualified and experienced law firms in their own right, but they have a successful track record of working together cooperatively as co-lead counsel. Specifically, Labaton Sucharow and Berman Tabacco secured a $294.4 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.).

Accordingly, the Court may be assured that by granting this Motion and approving the Green Dot Institutional Investor Group's selection of Labaton Sucharow and Berman Tabacco as Co-Lead Counsel, the Class will receive the highest quality of legal representation.

### D.    New York Hotel Trades Does Not Adequately Represent the Interests of the Entire Class

Since the Green Dot Institutional Group is the presumptive Lead Plaintiff and there are no facts to rebut its adequacy and typicality, there is no basis to review the losses of the competing movants. *See Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

Nevertheless, it is worth noting that, unlike the Green Dot Institutional Investor Group, New York Hotel Trades exited its position in Green Dot prior to the end of the Class Period and therefore could subject the Class to unnecessary risks associated with its leadership. Indeed, on August 15, 2019, New York Hotel Trades sold its last 5,967 shares of Green Dot stock at $29.36 per share. But the Class Period in the Action concludes on November 7, 2019, when Green Dot

disclosed its third fiscal quarter results and a continuing year-over-year decline of one-time use accounts. *See* ECF No. 1 ¶ 32. On this news, Green Dot's stock price fell approximately 18 percent to close at $24.54 on November 8, 2019. *Id* at ¶ 33.

As courts often find in-and-out-traders subject to unique defenses that "could become the focus of the litigation," New York Hotel Trades unnecessarily puts the Class in jeopardy through its application for Lead Plaintiff. *See, e.g., W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. 13-cv-6731, 2016 WL 4138613, at *8 (E.D. Pa. Aug. 4, 2016); *In re Snap Inc. Sec. Litig.*, 2019 WL 2223800, at *2 (disqualifying lead plaintiff movant who was an in-and-out trader where "it seems highly likely that the argument[] would play a significant role at trial, and that the [lead plaintiff movant] would have to devote class resources to defending itself"). These concerns are all the more pressing where, if appointed and successfully challenged on its adequacy as an in-and-out trader who sold all of its shares prior to the final corrective disclosure, the Class' claims could be forfeited by operation of the statute of limitations. *See China Agritech, Inc. v. Resh*, 138 S. Ct. at 1804. At the very least, New York Hotel Trades will seek to add another plaintiff either at the pleading stage or at class certification to circumvent these challenges to its adequacy and typicality.

On the other hand, appointing a small group of sophisticated movants such as the Green Dot Institutional Group will ensure that the Class is, and will be, adequately protected at all stages of the litigation. Accordingly, there is no reason to subject the Class to risks associated with New York Hotel Trades when the Green Dot Institutional Group satisfies the requirements of the PSLRA and is well-qualified to serve as Lead Plaintiff.

[Case No. 2:19-cv-10701-DDP-E] MEM. OF P&A IN FURTHER SUPPORT OF THE GREEN DOT INSTITUTIONAL INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL

9

## II.    CONCLUSION

For the foregoing reasons, the Green Dot Institutional Investor Group respectfully requests that this Court: (1) appoint the Green Dot Institutional Investor Group as Lead Plaintiff for the Class in this Action and all subsequently filed, related actions; and (2) approve Labaton Sucharow and Berman Tabacco as Co-Lead Counsel for the Class.

DATED: March 9, 2020                  Respectfully submitted,


By:    /s/ Jeffrey V. Rocha
              Jeffrey V. Rocha

Nicole Lavallee
Joseph J. Tabacco, Jr.
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile:  (415) 433-6382
Email: jtabacco@bermantabacco.com
         nlavallee@bermantabacco.com
         jrocha@bermantabacco.com

Christopher J. Keller
Eric J. Belfi
Francis P. McConville
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile:  (212) 818-0477
Email: ckeller@labaton.com
         ebelfi@labaton.com
         fmcconville@labaton.com

*Counsel for Movant Green Dot Institutional Investor Group and Proposed Co-Lead Counsel for the Class*

[Case No. 2:19-cv-10701-DDP-E] MEM. OF P&A IN FURTHER SUPPORT OF THE GREEN DOT INSTITUTIONAL INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL                                          10

Guillaume Buell
**THORNTON LAW FIRM LLP**
One Lincoln Street
Boston, MA 02111
Telephone: (617) 720-1333
Facsimile:  (617) 720-2445
Email: gbuell@tenlaw.com

*Additional Counsel for Movant Green Dot
Institutional Investor Group*

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered users via the e-mail addresses on the court's Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the court's Manual Notice List.

*Jeffrey V. Rocha*
Jeffrey V. Rocha

Nicole Lavallee
Joseph J. Tabacco, Jr.
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: jtabacco@bermantabacco.com
        nlavallee@bermantabacco.com
        jrocha@bermantabacco.com

Christopher J. Keller
Eric J. Belfi
Francis P. McConville
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: ckeller@labaton.com
        ebelfi@labaton.com
        fmcconville@labaton.com

*Counsel for Movant Green Dot Institutional Investor Group and Proposed Co-Lead Counsel for the Class*

[Case No. 2:19-cv-10701-DDP-E] MEM. OF P&A IN FURTHER SUPPORT OF THE GREEN DOT INSTITUTIONAL INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF HIS SELECTION OF LEAD COUNSEL

Guillaume Buell
**THORNTON LAW FIRM LLP**
One Lincoln Street
Boston, MA 02111
Telephone: (617) 720-1333
Facsimile:  (617) 720-2445
Email: gbuell@tenlaw.com

*Additional Counsel for Movant Green Dot
Institutional Investor Group*