# EXHIBIT A

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | | |
|---|---|---|
| ST. CLAIR COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 3:18-cv-00988 |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | The Honorable Eli J. Richardson |
| vs. | ) ) ) | JOINT DECLARATION IN SUPPORT OF LEAD PLAINTIFF MOTION |
| ACADIA HEALTHCARE COMPANY, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

1506983_1

Exhibit A
Page 5

We, the representatives of the Chicago Laborers' Pension Fund and New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund (collectively, the "Pension Funds"), pursuant to 28 U.S.C. §1746, declare as follows:

1.       We respectfully submit this Joint Declaration in support of the Pension Funds' motion for appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and for approval of our selection of Robbins Geller Rudman & Dowd LLP as lead counsel. We each have personal knowledge about the information in this Joint Declaration relating to our own activities, actions, and beliefs.

2.       I, Catherine Wenskus, am the Administrator for the Chicago Laborers' Pension Fund and am authorized to make this declaration on the Chicago Laborers' Pension Fund's behalf. The Chicago Laborers' Pension Fund is a multi-employer defined benefit pension plan with approximately $3.2 billion in assets under management. The Chicago Laborers' Pension Fund is overseen by a board of trustees for the benefit of approximately 22,000 participants and their beneficiaries. As reflected in its Certification, the Chicago Laborers' Pension Fund purchased 26,032 shares of Acadia Healthcare Co., Inc. ("Acadia Healthcare") stock between February 23, 2017 and October 24, 2017 (the "Class Period") and suffered a substantial loss as a result of the alleged violations of the federal securities laws in this action.

3.       I, Harry Veras, am the Chief Financial Officer for the New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund ("NY Hotel Trades Pension Fund") and am authorized to make this declaration on the NY Hotel Trades Pension Fund's behalf. The NY Hotel Trades Pension Fund is a multi-employer pension plan with approximately $1.7 billion in assets under management. The NY Hotel Trades Pension Fund is overseen by a board of trustees for the benefit of approximately 46,000 participants and their beneficiaries. As reflected in its Certification, the NY Hotel Trades Pension Fund purchased 28,706 shares of Acadia Healthcare

- 1 -

Exhibit A
Page 6

stock during the Class Period and suffered a substantial loss as a result of the alleged violations of the federal securities laws in this action.

4.      As institutional investors that suffered substantial losses in Acadia Healthcare stock during the Class Period, the Pension Funds agree it is in the class's best interest that the Pension Funds seek appointment together as lead plaintiff in this case. The Chicago Laborers' Pension Fund and NY Hotel Trades Pension Fund have complimentary trading patterns in Acadia Healthcare stock and will ensure comprehensive, responsible, and vigorous representation of the class throughout the case, which is especially important in light of recent Supreme Court authority regarding the expiration of the statute of limitations and statute of repose in securities cases like this. The Pension Funds have selected Robbins Geller Rudman & Dowd LLP to prosecute this case on behalf of the class.

5.      Before filing our motion, we convened a conference call to discuss our leadership, decision-making, and oversight of this litigation. During our conference call, we discussed, among other things, the strategy for our prosecution of the case, the strengths of seeking appointment together as institutional investors with substantial losses, the lead plaintiff's responsibilities, our oversight of counsel, our commitment to act in the class's best interests, and the lead plaintiff motion process. Our discussion was both with, and without, counsel present on the call. We are committed to working together to ensure responsible oversight and direction of the case in the event we are appointed lead plaintiff.

6.      We are aware that institutional investors serving as lead plaintiff generally achieve higher settlements for class members.

7.      We considered the benefits and potential drawbacks of proceeding individually and jointly as lead plaintiff. After considering both options, we decided, without Robbins Geller present, to seek appointment together as lead plaintiff in this case.

- 2 -

1506983_1

Exhibit A
Page 7

8.      We understand that a lead plaintiff acts on behalf of and for the benefit of all potential class members. We are aware of the requirements and responsibilities of being a lead plaintiff in a securities class action, including interacting with and directing counsel, reviewing and commenting on important documents in the case, attending important court hearings and trial as necessary, participating in discovery, overseeing settlement discussions, and authorizing any potential settlement on behalf of the class. We are willing to undertake these responsibilities on behalf of the class.

9.      We understand that, as lead plaintiff, it is our responsibility to select counsel for the class. We have selected Robbins Geller as Lead Counsel based on the firm's extensive securities litigation experience in this Court and around the country, the firm's recovery of billions of dollars on behalf of defrauded investors in securities cases like this, and the added cost benefits and efficiencies for the class by virtue of the fact that the Firm has an office in Nashville where this case is being prosecuted.

10.     Based on these facts, we believe that, if appointed by the Court, our service as lead plaintiff will result in an optimal outcome for the putative class.

I, Catherine Wenskus, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on November 30, 2018.

CHICAGO LABORERS' PENSION FUND
By: Catherine Wenskus
Its: Administrator

- 3 -

1506983_1

Exhibit A
Page 8

I, Harry Veras, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Executed on November 29, 2018.

_____
NEW YORK HOTEL TRADES COUNCIL &
HOTEL ASSOCIATION OF NEW YORK
CITY, INC. PENSION FUND
By: Harry Veras
Its: Chief Financial Officer

- 4 -

1506983_1

Exhibit A
Page 9