# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| DAVID A. FORD, Individually and on Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:19-cv-00886-RA |
| Plaintiff, | : : | CLASS ACTION |
| vs. | : : : | MEMORANDUM OF LAW IN SUPPORT OF THE PROSHARES SVXY INVESTOR GROUP'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL |
| PROSHARES TRUST II, PROSHARE CAPITAL MANAGEMENT LLC, TODD B. JOHNSON, EDWARD KARPOWICZ, MICHAEL L. SAPIR, LOUIS M. MAYBERG, ABN AMRO CLEARING CHICAGO LLC, BANCA IMI SECURITIES CORP., BARCLAYS CAPITAL INC., BNP PARIBAS SECURITIES CORP., CREDIT SUISSE SECURITIES (USA) LLC, DEUTSCHE BANK SECURITIES INC., GOLDMAN, SACHS & CO., HRT FINANCIAL LLC, JEFFERIES LLC, J.P. MORGAN SECURITIES LLC, KNIGHT EXECUTION & CLEARING SERVICES, LLC, MERRILL LYNCH PROFESSIONAL CLEARING CORP., MIZUHO SECURITIES USA LLC., NEWEDGE USA LLC, NOMURA SECURITIES INTERNATIONAL, INC., RBC CAPITAL MARKETS, LLC, SG AMERICAS SECURITIES, LLC, TIMBER HILL, LLC, UBS SECURITIES LLC, VIRTU FINANCIAL BD LLC and WEDBUSH SECURITIES, INC., | : : : : : : : : : : : : : : : : : : : : : : : | |
| Defendants. | : : : : | |
| | x | |

[Caption continued on following page.]

Exhibit E
Page 66

```
                                              x
JEFF BITTNER, Individually and on Behalf of :   Civil Action No. 1:19-cv-01840-RA
All Others Similarly Situated,                :
                                              :   CLASS ACTION
                    Plaintiff,                :
                                              :
       vs.                                    :
                                              :
PROSHARES TRUST II, PROSHARE                  :
CAPITAL MANAGEMENT LLC, TODD B.               :
JOHNSON, EDWARD KARPOWICZ,                    :
MICHAEL L. SAPIR, LOUIS M. MAYBERG,           :
ABN AMRO CLEARING CHICAGO LLC,                :
BANCA IMI SECURITIES CORP.,                   :
BARCLAYS CAPITAL INC., BNP PARIBAS            :
SECURITIES CORP., CREDIT SUISSE               :
SECURITIES (USA) LLC, DEUTSCHE                :
BANK SECURITIES INC., GOLDMAN,                :
SACHS & CO., HRT FINANCIAL LLC,               :
JEFFERIES LLC, J.P. MORGAN                    :
SECURITIES LLC, KNIGHT EXECUTION              :
& CLEARING SERVICES, LLC, MERRILL             :
LYNCH PROFESSIONAL CLEARING                   :
CORP., MIZUHO SECURITIES USA LLC.,            :
NEWEDGE USA LLC, NOMURA                       :
SECURITIES INTERNATIONAL, INC., RBC           :
CAPITAL MARKETS, LLC, SG AMERICAS             :
SECURITIES, LLC, TIMBER HILL, LLC,            :
UBS SECURITIES LLC, VIRTU                     :
FINANCIAL BD LLC and WEDBUSH                  :
SECURITIES, INC.,                             :
                                              :
                    Defendants.               :
                                              :
                                              x
```

[Caption continued on following page.]

|                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                        |   |                                       |
| --- | --- | --- |
| JAMES D. MARENO, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:19-cv-01955-RA |
|  | : |  |
| Plaintiff, | : | CLASS ACTION |
|  | : |  |
| vs. | : |  |
|  | : |  |
| PROSHARES TRUST II, PROSHARE CAPITAL MANAGEMENT LLC, TODD B. JOHNSON, EDWARD KARPOWICZ, MICHAEL L. SAPIR, LOUIS M. MAYBERG, ABN AMRO CLEARING CHICAGO LLC, BANCA IMI SECURITIES CORP., BARCLAYS CAPITAL INC., BNP PARIBAS SECURITIES CORP., CREDIT SUISSE SECURITIES (USA) LLC, DEUTSCHE BANK SECURITIES INC., GOLDMAN, SACHS & CO., HRT FINANCIAL LLC, JEFFERIES LLC, J.P. MORGAN SECURITIES LLC, KNIGHT EXECUTION & CLEARING SERVICES, LLC, MERRILL LYNCH PROFESSIONAL CLEARING CORP., MIZUHO SECURITIES USA LLC., NEWEDGE USA LLC, NOMURA SECURITIES INTERNATIONAL, INC., RBC CAPITAL MARKETS, LLC, SG AMERICAS SECURITIES, LLC, TIMBER HILL, LLC, UBS SECURITIES LLC, VIRTU FINANCIAL BD LLC and WEDBUSH SECURITIES, INC., | : | |
|  | : |  |
| Defendants. | : |  |

Exhibit E
Page 68

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION .................................................................................................1

II.  SUMMARY OF THE ACTION...........................................................................3

III. ARGUMENT........................................................................................................4

    A.   The Related Actions Should Be Consolidated.........................................4

    B.   The ProShares SVXY Investor Group Should Be Appointed Lead Plaintiff ..........5

        1.   The ProShares SVXY Investor Group's Motion Is Timely.........................6

        2.   The ProShares SVXY Investor Group Possesses the Largest Financial Interest.....................6

        3.   The ProShares SVXY Investor Group Otherwise Satisfies Rule 23 ..........6

    C.   The ProShares SVXY Investor Group's Selection of Counsel Should Be Approved.................8

IV.  CONCLUSION.....................................................................................................9

- i -

Case 2:19-cv-10701-FLA-E  Document 50-5  Filed 03/16/20  Page 6 of 19  Page ID
Case 2:19-cv-00586-RA  Document 84  Filed 04/02/19  Page 5 of 18
#:643

# TABLE OF AUTHORITIES

**Page**

## CASES

*Buker v. L&L Energy, Inc.*,
    No. 1:13-cv-06704-AJP
    (S.D.N.Y. Dec. 23, 2013) ...............................................................................7, 8

*City of Westland Police and Fire Ret. Sys. v. Philip Morris Int'l Inc.*,
    No. 1:18-cv-08049-RA
    (S.D.N.Y. Feb. 25, 2019) ....................................................................................8

*Danker v. Papa John's Int'l, Inc.*,
    No. 1:18-cv-07927-RA
    (S.D.N.Y. Jan. 9, 2019).......................................................................................8

*In re Barrick Gold Corp. Sec. Litig.*,
    2017 WL 4862779 (S.D.N.Y. Oct. 4, 2017) ......................................................7, 8

*In re Enron Corp. Sec., Derivative & ERISA Litig.*,
    586 F. Supp. 2d 732 (S.D. Tex. 2008) ...............................................................8

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990)..............................................................................5

*Jones v. Pfizer, Inc.*,
    No. 1:10-cv-03864-AKH
    (S.D.N.Y. July 30, 2015) .....................................................................................8

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ..........................................................................5

## STATUTES, RULES AND REGULATIONS

15 U.S.C.
    §77z-1 ...............................................................................................................1, 3

15 U.S.C.
    §78u-4 ............................................................................................................1, 3, 5
    §78u-4(a)(1)..........................................................................................................5
    §78u-4(a)(3)(A)(i).................................................................................................5
    §78u-4(a)(3)(B)(i).............................................................................................2, 5
    §78u-4(a)(3)(B)(ii)...........................................................................................2, 4
    §78u-4(a)(3)(B)(iii)..........................................................................................2, 6
    §78u-4(a)(3)(B)(iii)(I)(cc)...................................................................................6
    §78u-4(a)(3)(B)(v).............................................................................................2, 8

Exhibit E
Page 70

Case 1:19-cv-00686-RA Document 84 Filed 04/01/19 Page 6 of 18

**Page**

Federal Rules of Civil Procedure
Rule 23(a)(4) ........ 2, 5, 6, 7
Rule 42 ........ 1, 2
Rule 42(a) ........ 4

## I.    INTRODUCTION

Presently pending before this Court are three related securities class actions brought on behalf of purchasers of ProShares Short VIX Short-Term Futures ETF ("SVXY" or the "Fund") securities pursuant to the May 15, 2017 registration statement (as amended, "Registration Statement"), seeking to pursue remedies under the Securities Act of 1933 (the "1933 Act"), and/or during the period from May 15, 2017 to February 5, 2018, inclusive ("Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "1934 Act"): (1) *Ford v. ProShares Trust II*, No. 1:19-cv-00886-RA, filed January 29, 2019; (2) *Bittner v. ProShares Trust II*, No. 1:19-cv-01840-RA, filed February 27, 2019; and (3) *Mareno v. ProShares Trust II*, No. 1:19-cv-01955-RA, filed March 1, 2019 (the "Related Actions").[1]

Class members and proposed lead plaintiff movants Thomas Butler, III, Fei Liu, Stacy Smith, Anthony Ludovici and Lisa Ludovici (collectively, the "ProShares SVXY Investor Group") respectfully submit this memorandum of law in support of their motion for an order: (1) consolidating the Related Actions pursuant to Federal Rule of Civil Procedure 42 ("Rule 42"); (2) appointing the ProShares SVXY Investor Group as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.*; 15 U.S.C. §77z-1, *et seq.*; and (3) approving the ProShares SVXY Investor Group's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as lead counsel for the proposed class.[2]

---

[1]    On March 6, 2019, this Court accepted the *Mareno* Action as related to the first-filed *Ford* Action. On March 18, 2019, the Court accepted the *Bittner* Action as related to the *Ford* Action.

[2]    The 1933 Act and the 1934 Act were both amended with identical language. For ease of reference, this memorandum cites to the 1934 Act throughout, although the identical sections may be found in the 1933 Act.

- 1 -

Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, consolidation is appropriate under Rule 42 because the Related Actions involve common questions of law and fact. Further, the PSLRA directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Here, the ProShares SVXY Investor Group is the "most adequate plaintiff" to represent the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition to timely filing its motion, the ProShares SVXY Investor Group has a significant financial interest – an interest believed to be greater than that of any competing movant. And, the ProShares SVXY Investor Group meets the typicality and adequacy requirements set out in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), because its claims are typical of those of absent class members and the ProShares SVXY Investor Group will fairly and adequately represent the interests of the proposed class. The ProShares SVXY Investor Group has also selected Robbins Geller and Hagens Berman to serve as lead counsel for the putative class in the event its motion is granted. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The ProShares SVXY Investor Group's chosen counsel has extensive experience in the prosecution of complex securities class actions, has efficiently and effectively worked together in other securities class actions, and the Court may be assured that by granting this motion and approving the ProShares SVXY Investor Group's choice of counsel, the class will receive the highest caliber of legal representation. *See, e.g.*, §III.C, *infra*.

Accordingly, the ProShares SVXY Investor Group's motion should be granted.

Exhibit E
Page 73

## II.  SUMMARY OF THE ACTION

Defendant ProShares Trust II ("ProShares" or the "Trust") is a Delaware statutory trust organized into separate series of exchange-traded funds, or "ETFs."[3]  One of these ETFs is SVXY, which is benchmarked to the S&P 500 VIX Short-Term Futures Index (the "Index"), an investable index of CBOE Volatility Index (or "VIX") futures contracts with the ticker symbol "SPVXSPID." VIX seeks to measure the expected volatility of the S&P 500.  The investment objective for SVXY during the Class Period was to achieve results for a single day that matched (before fees and expenses) the inverse (-1x) of the daily performance of the Index.

The complaints allege that ProShares Trust II, ProShares Capital Management LLC, certain of their officers and/or directors and the underwriters of SVXY shares offered for sale during the Class Period violated the 1933 Act and the 1934 Act.  The complaints allege that, in the Registration Statement and during the Class Period, defendants made false and misleading statements and/or failed to disclose adverse information regarding the risks of investing in the Fund.  Specifically, the complaints allege that the Registration Statement failed to disclose that the Fund was threatened with catastrophic losses as a result of the Fund's flawed design and the low-volatility environment and acute liquidity risks that existed during the Class Period.  *See Ford*, ECF No. 1 at ¶52;  *Bittner*, ECF No. 1 at ¶52; *Mareno*, ECF No. 1 at ¶52.  In addition, the complaints allege that during the Class Period, defendants made substantially similar false and misleading statements as those contained in the Registration Statement in numerous financial reports and draft prospectuses and registration statements filed with the Securities and Exchange Commission.  *See Ford*, ECF No. 1 at ¶28; *Bittner*, ECF No. 1 at ¶28; *Mareno*, ECF No. 1 at ¶28.

---

[3]  ETFs are investment funds that bundle together securities to offer investors the ability to invest in diversified portfolios, much like mutual funds.  Most ETFs track an index, such as a stock index or bond index.  Inverse ETFs seek to deliver the opposite of the performance of the index or benchmark they track.

- 3 -

On Monday, February 5, 2018, the stock market declined, with the S&P 500 Index ("SPX") dropping 4% amid concerns about rising bond yields and higher inflation. The market turbulence triggered the flaw concealed in the SVXY, as the crowded market for VIX futures contracts spiraled out of control. The VIX rocketed upward to a high of 38.80 during the day, from a close of 17.31 on Friday, February 2, 2018 – a 124% daily spike. The Index experienced a similar surge, as the price of the VIX futures contracts on which it was based jumped at the end of the trading day. The price of SVXY shares, which track the inverse of the Index, declined. By the close of trading on February 5, 2018, the price of SVXY had dropped to $71.82 per share, from the prior close of $105.60 per share, a 32% decline. However, the SVXY continued to experience devastating losses as the previously undisclosed adverse facts and risks materialized. By market open on February 6, 2018, the price of SVXY shares had plummeted to a low of $11.11, a one-day decline of 90% from the prior day's high of $107.19 per share.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of SVXY securities, the ProShares SVXY Investor Group and other class members have suffered significant losses and damages.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). In these instances, courts maintain that, in order to avoid the unnecessary waste of judicial resources and the additional costs and delay to the

parties, lawsuits which involve similar questions of law and fact should be consolidated. *See Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007).

The Related Actions present identical factual and legal issues, allege identical claims in an identical class period, and name identical defendants.[4] Because the Related Actions pending before this Court are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits. Thus, consolidation is appropriate here. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

## B. The ProShares SVXY Investor Group Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedures for the appointment of a lead plaintiff in "each private action arising under [the 1933 or 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

---

[4] While the *Ford* and *Mareno* Actions are on behalf of purchasers of SVXY shares, the *Bittner* Action asserts the same claims but on behalf of purchasers of SVXY securities, including options. This slight difference in the class definitions between the Related Actions will be reconciled with the filing of a consolidated complaint.

- 5 -

Case 2:19-cv-10701-FLA-E Document 50-5 Filed 03/16/20 Page 13 of 19 Page ID
Case 1:19-cv-00586-RA Document 84 Filed 04/01/19 Page 12 of 18
#:650

15 U.S.C. §78u-4(a)(3)(B)(iii). The ProShares SVXY Investor Group meets each of these requirements and should therefore be appointed Lead Plaintiff.

### 1.    The ProShares SVXY Investor Group's Motion Is Timely

On January 29, 2019, Robbins Geller published notice of the first-filed *Ford* complaint on *Business Wire*, which advised class members of the pendency of action, the alleged claims, the class definition, and the option of moving the Court to be appointed as lead plaintiff by April 1, 2019. *See* Declaration of David A. Rosenfeld in Support of the ProShares SVXY Investor Group's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A. Thus, the ProShares SVXY Investor Group filed within the applicable deadline and its motion should be considered for lead plaintiff appointment.

### 2.    The ProShares SVXY Investor Group Possesses the Largest Financial Interest

As indicated in its Certifications and loss chart, the ProShares SVXY Investor Group suffered more than $10,225,000 in losses as a result of defendants' alleged wrongdoing. *See* Rosenfeld Decl., Exs. B, C.[5] To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the ProShares SVXY Investor Group satisfies the PSLRA's "largest financial interest" requirement.[6]

### 3.    The ProShares SVXY Investor Group Otherwise Satisfies Rule 23

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-

---

[5]    The ProShares SVXY Investor Group's loss calculations are the same under both the last in, first out (LIFO) and first in, first out (FIFO) accounting methodologies.

[6]    Thomas Butler, III and Fei Liu received assignments from members of their families for the purpose of prosecuting the claims in this case. *See* Rosenfeld Decl., Ex. D.

4(a)(3)(B)(iii)(I)(cc). "At this stage in the litigation, only a preliminary showing of typicality and adequacy is required." *In re Barrick Gold Corp. Sec. Litig.*, 2017 WL 4862779, at *2 (S.D.N.Y. Oct. 4, 2017).

"'The typicality threshold is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise.'" *Buker v. L&L Energy, Inc.*, No. 1:13-cv-06704-AJP, ECF No. 25 at 2 (S.D.N.Y. Dec. 23, 2013) (Abrams, J) (citation omitted).

The ProShares SVXY Investor Group satisfies this requirement because, just like all other class members, it: (1) purchased SVXY securities during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages thereby.

The adequacy requirement of Rule 23 "'is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *Id.* at 3 (citation omitted). Here, the ProShares SVXY Investor Group is an adequate representative of the class because its interests are aligned with those of the putative class and there is no evidence of any antagonism between the ProShares SVXY Investor Group's interests and the class's interests. Further evidencing its ability to fairly and competently represent the interests of the class, the members of the ProShares SVXY Investor Group have submitted a joint declaration affirming their ability and willingness to serve as, and to assume the responsibilities of, lead plaintiff. Rosenfeld Decl., Ex. E. As described in greater detail below, the ProShares SVXY Investor Group has also retained competent and experienced counsel to prosecute these claims. Finally, the ProShares SVXY Investor Group's substantial loss provides the requisite interest to ensure vigorous advocacy. Thus, the ProShares SVXY Investor Group satisfies the adequacy requirements of Rule 23(a)(4).

Case 2:19-cv-10701-FLA-E86 Document 50-5 Filed 03/16/20 Page 15 of 19 Page ID
Case 1:19-cv-00586-RA Document 84 Filed 04/01/19 Page 14 of 18
#:652

Accordingly, the ProShares SVXY Investor Group has made a *prima facie* showing that it satisfies the typicality and adequacy requirements for the purposes of this motion.

### C. The ProShares SVXY Investor Group's Selection of Counsel Should Be Approved

"'The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.'" *L&L Energy*, ECF No. 25 at 3 (quoting 15 U.S.C. §78u-4(a)(3)(B)(v)). Indeed, the "PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" *Barrick Gold*, 2017 WL 4862779, at *3 (citation omitted). Here, the ProShares SVXY Investor Group has selected Robbins Geller and Hagens Berman to serve as lead counsel for the proposed class. *See* Rosenfeld Decl., Exs. F, G.

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class. With more than 200 attorneys in offices nationwide, including within this District, Robbins Geller possesses substantial experience in complex securities litigation. District courts throughout the nation, including this Court, have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex securities class action cases. *See* Rosenfeld Decl., Ex. F.[7]

---

[7]  *See, e.g.*, *Jones v. Pfizer, Inc.*, No. 1:10-cv-03864-AKH, ECF No. 502 at 42-43 (S.D.N.Y. July 30, 2015) (commending Robbins Geller for its work in achieving $400 million settlement on the eve of trial: "Without the quality and the toughness that you have exhibited, our society would not be as good as it is with all its problems. So from me to you is a vote of thanks for devoting yourself to this work and doing it well. . . . You did a really good job. Congratulations."); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"); *see also Danker v. Papa John's Int'l, Inc.*, No. 1:18-cv-07927-RA, ECF No. 45 (S.D.N.Y. Jan. 9, 2019) (Robbins Geller appointed by this Court to serve as lead counsel in securities fraud class action); *City of Westland Police and Fire Ret. Sys. v. Philip Morris Int'l Inc.*, No. 1:18-cv-08049-RA, ECF No. 82 (S.D.N.Y. Feb. 25, 2019) (Robbins Geller appointed by this Court to serve as co-lead counsel in securities fraud class action).

- 8 -

Likewise, Hagens Berman has successfully prosecuted complex class action cases of various types and complex securities fraud actions. Hagens Berman is one of the nation's leading class action law firms, and has earned an international reputation for excellence and innovation in ground-breaking litigation against large corporations. Hagens Berman has recovered hundreds of millions of dollars in losses for individuals and institutions through securities litigation, in cases that frequently result in industry-leading percentage returns for damaged investors. *See* Rosenfeld Decl., Ex. G.

Robbins Geller and Hagens Berman have experience serving as lead counsel with one another and understand the importance of providing comprehensive representation to the class without performing duplicative work. Thus, the Court can be assured that by approving the ProShares SVXY Investor Group's choice of Robbins Geller and Hagens Berman as lead counsel, the putative class will receive the highest caliber of representation.

## IV. CONCLUSION

The Related Actions should be consolidated as they involve identical legal and factual questions. In addition, the ProShares SVXY Investor Group has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.

- 9 -

Exhibit E
Page 80

Case 2:19-cv-10701-FLA-E86-Document-50-5-84-Filed-03/16/20/19 Page-17 of 19 Page ID
Case 1:19-cv-00586-RA Document 50-5 84 Filed 04/01/19 Page 16 of 18
#:654

Accordingly, the ProShares SVXY Investor Group respectfully requests that the Court grant

its motion.

DATED: April 1, 2019                              Respectfully submitted,

                                                  ROBBINS GELLER RUDMAN & DOWD LLP
                                                  SAMUEL H. RUDMAN
                                                  DAVID A. ROSENFELD
                                                  VINCENT M. SERRA

                                                  _s/ David A. Rosenfeld_
                                                  DAVID A. ROSENFELD

                                                  58 South Service Road, Suite 200
                                                  Melville, NY  11747
                                                  Telephone:  631/367-7100
                                                  631/367-1173 (fax)
                                                  srudman@rgrdlaw.com
                                                  drosenfeld@rgrdlaw.com
                                                  vserra@rgrdlaw.com

                                                  HAGENS BERMAN SOBOL SHAPIRO LLP
                                                  STEVE W. BERMAN
                                                  SEAN R. MATT
                                                  1301 Second Avenue, Suite 2000
                                                  Seattle, WA  98101
                                                  Telephone:  206/623-7292
                                                  206/623-0594 (fax)
                                                  steve@hbsslaw.com
                                                  sean@hbsslaw.com

                                                  HAGENS BERMAN SOBOL SHAPIRO LLP
                                                  REED R. KATHREIN
                                                  DANIELLE SMITH
                                                  715 Hearst Avenue, Suite 202
                                                  Berkeley, CA  94710
                                                  Telephone:  510/725-3000
                                                  510/725-3001 (fax)
                                                  reed@hbsslaw.com
                                                  danielles@hbsslaw.com

                                                  [Proposed] Lead Counsel for [Proposed] Lead
                                                  Plaintiff

- 10 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on April 1, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
     & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4/1/2019 Case 2:19-cv-10701-FLA Document 50-5 Filed 02/16/20 Page 19 of 19 Page ID SDNY CM/ECF NextGen Version 1.2 Page ID
Case 1:19-cv-00886-RA Document 34 Filed 04/01/19 Page 18 of 18
#·656

# Mailing Information for a Case 1:19-cv-00886-RA Ford v. ProShares Trust II et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam M. Apton**
  aapton@zlk.com

- **Jessica M. Bergin**
  jessica.bergin@ropesgray.com,courtalert@ropesgray.com

- **Agnes Dunogue**
  Agnes.Dunogue@Shearman.com,managing-attorney-5081@ecf.pacerpro.com,agnes-dunogue-
  0398@ecf.pacerpro.com,CourtAlert@Shearman.com,manattyoffice@shearman.com

- **Andrew Garry Gordon**
  agordon@paulweiss.com,mao_fednational@paulweiss.com

- **Adam Selim Hakki**
  ahakki@shearman.com,managing-attorney-
  5081@ecf.pacerpro.com,Courtalert@shearman.com,manattyoffice@shearman.com,adam-hakki-
  1816@ecf.pacerpro.com

- **Daniel Craig Lewis**
  daniel.lewis@shearman.com,managing-attorney-5081@ecf.pacerpro.com,daniel-lewis-
  6070@ecf.pacerpro.com,CourtAlert@Shearman.com,manattyoffice@shearman.com

- **Elissa C. Reidy**
  elissa.reidy@ropesgray.com,courtalert@ropesgray.com

- **Amy D. Roy**
  amy.roy@ropesgray.com,CourtAlert@ropesgray.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Daniel Shiah Sinnreich**
  dsinnreich@paulweiss.com,mao_fednational@paulweiss.com

- **Robert A. Skinner**
  Robert.Skinner@ropesgray.com,CourtAlert@ropesgray.com

- **Audra Jan Soloway**
  asoloway@paulweiss.com,mao_fednational@paulweiss.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

Exhibit E 1/1
Page 83