# EXHIBIT P

Case 2:19-cv-10701-FLA-E Document 50-16 Filed 03/16/20 Page 2 of 7 Page ID
#:729
Case 1:19-cv-00235-VEC Document 46 Filed 03/22/19 Page 1 of 6

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___3/22/2019___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

PLUMBERS & STEAMFITTERS LOCAL   :   Civil Action No. 1:19-cv-00235-VEC
773 PENSION FUND, Individually and on   :
Behalf of All Others Similarly Situated,   :   CLASS ACTION
                                          :
                    Plaintiff,   :
                                          :
        vs.   :
                                          :
DANSKE BANK A/S, THOMAS F.   :
BORGEN, HENRIK RAMLAU-HANSEN,   :
JACOB AARUP-ANDERSEN and OLE   :
ANDERSEN,   :
                                          :
                    Defendants.   :
                                          :

———————————————————————— x

STIPULATION AND ORDER: (1) APPOINTING BOSTON RETIREMENT SYSTEM AND
TEAMSTERS LOCAL 237 ADDITIONAL SECURITY BENEFIT FUND AND
SUPPLEMENTAL FUND FOR HOUSING AUTHORITY EMPLOYEES AND PLUMBERS &
STEAMFITTERS LOCAL 773 PENSION FUND AS CO-LEAD PLAINTIFFS; AND
(2) APPROVING OF SELECTION OF LABATON SUCHAROW LLP AND ROBBINS
GELLER RUDMAN & DOWD LLP AS CO-LEAD COUNSEL

WHEREAS, on January 9, 2019, plaintiff Plumbers & Steamfitters Local 773 Pension Fund commenced this action by filing a complaint against defendants Danske Bank A/S ("Danske Bank"), Thomas F. Borgen, Henrik Ramlau-Hansen, Jacob Aarup-Andersen and Ole Andersen (collectively, "Defendants"), alleging violations of the federal securities laws;

WHEREAS, on March 11, 2019, Boston Retirement System ("Boston") moved this Court for appointment as Lead Plaintiff, claiming losses of $430,469.09 on its transactions in Danske Bank ADRs;

WHEREAS, on March 11, 2019, Teamsters Local 237 Additional Security Benefit Fund and Supplemental Fund for Housing Authority Employees and Plumbers & Steamfitters Local 773 Pension Fund (collectively, the "New York Labor Funds") moved this Court for appointment as Lead Plaintiff, claiming losses of $45,800 in connection with their transactions in Danske Bank ADRs;

WHEREAS, Boston and the New York Labor Funds have provided signed, sworn certifications in support of their motions for appointment as Lead Plaintiff setting forth, *inter alia*, their transactions in Danske Bank ADRs during the class period;

WHEREAS, the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(iii), provides, *inter alia*, that the most adequate plaintiff to serve as Lead Plaintiff is, in the determination of the Court, the "person or group of persons" that has the largest financial interest in the relief sought by the class and otherwise satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure;

WHEREAS, 15 U.S.C. § 78u-4(a)(3)(B)(iv) provides that, subject to the approval of the Court, the most adequate plaintiff will select and retain counsel to represent the Class, and Boston has selected and retained the law firm of Labaton Sucharow LLP ("Labaton"), and the New York

Labor Funds have selected and retained the law firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), to pursue this litigation on behalf of the Class if they are appointed Lead Plaintiff;

WHEREAS, on March 12, 2019, the Court issued an order stating that "it appears to the Court that Boston Retirement System is presumptively the most adequate plaintiff," and providing that submissions seeking to rebut the presumption that Boston is the most adequate plaintiff are due no later than March 20, 2019, and any reply in further support of Boston's motion to be appointed Lead Plaintiff is due on March 25, 2019;

WHEREAS, after reviewing each other's submissions to the Court, and given that Robbins Geller commenced the action against Defendants on behalf of plaintiff Plumbers & Steamfitters Local 773 Pension Fund after an extensive investigation of Defendants' misconduct, Boston and the New York Labor Funds believe it is in the best interests of the class for Boston and the New York Labor Funds to serve as Co-Lead Plaintiffs and for their selection of counsel, the law firms of Labaton and Robbins Geller, to serve as Co-Lead Counsel, and have stipulated and agreed to being so appointed, *see* Dkt. 45;

WHEREAS, Labaton and Robbins Geller have considerable experience previously serving as co-lead counsel in securities class actions with one another and understand the importance of not performing duplicative work and undertake to use their best efforts to not duplicate work in this action (*see In re Massey Energy Co. Securities Litigation*, No. 10-cv-689 (S.D. W. Va.) (Robbins Geller and Labaton secured $265 million recovery for investors); *In re Goldman Sachs Group, Inc. Securities Litigation*, No. 1:10-cv-03461 (S.D.N.Y.) (Robbins Geller and Labaton currently serving as co-lead counsel for lead plaintiffs)); and

WHEREAS, courts have endorsed stipulations among competing lead plaintiff movants as promoting the statutory purposes of the PSLRA, and have permitted "independent lead plaintiff movants [to] join together to help ensure that 'adequate resources and experience are available to the prospective class in the prosecution of th[e] action' and because '[e]mploying a co-lead plaintiff structure . . . will also provide the proposed class with the substantial benefits of joint decision-making." *In re Rockwell Medical, Inc. Sec. Litig.*, No. 1:16-cv-01691-RJS Stipulation and Order Appointing Lead Plaintiff and Approving Co-Lead Counsel, at 2-3 (S.D.N.Y. May 20, 2016) (ECF No. 18) (citing *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395 (S.D.N.Y. 2004)); *see also In re Ability, Inc. Sec. Litig.*, No. 1:16-cv-03893-VM (S.D.N.Y. Aug. 12, 2016) (ECF No. 19), *Urban v. GW Pharmaceuticals PLC, et al.*, No. 1:16-cv-00472-RWS (S.D.N.Y. Apr. 4, 2016) (ECF No. 20) (same); *Yuan v. Facebook, Inc. et al.*, No. 5:18-cv-01725-EJD, Stipulation and Order Consolidating Cases and Appointing Lead Plaintiff and Lead Counsel, at 2-3 (N.D. Cal. Aug. 3, 2018) (ECF No. 56) (approving stipulation of lead plaintiff movants where movants "concluded that a protracted dispute concerning lead plaintiff appointment . . .[was] not in the best interests of the class and that jointly prosecuting [the] litigation would be appropriate and assist with the speedy commencement of [the] litigation").

IT IS HEREBY ORDERED THAT:

1. Boston and the New York Labor Funds are appointed Co-Lead Plaintiffs in the above-captioned action and any subsequently filed or transferred actions that are consolidated with the action, pursuant to 15 U.S.C. §78u-4(a)(3)(B).

2. Co-Lead Plaintiffs' selections of Labaton and Robbins Geller as Co-Lead Counsel are approved. *See id.* § 78u-4(a)(3)(B)(v).

Case 2:19-cv-10701-FLA-E Document 50-16 Filed 03/16/20 Page 6 of 7 Page ID
Case 1:19-cv-00235-VEC Document 46 Filed 03/22/19 Page 5 of 6
#:733

3.      Co-Lead Counsel must endeavor to avoid duplicative work in litigating this case. They are warned that the Court will be mindful of their clients' election to select co-lead counsel if and when this Court is asked to approve a class-wide settlement that provides for attorneys' fees, costs, and expenses.

4.      No later than **April 26, 2019**, Co-Lead Plaintiffs must file an Amended Complaint with a caption amended to reflect their selection as Co-Lead Plaintiffs.

5.      Defendants must Answer or otherwise respond to the Amended Complaint no later than **May 31, 2019**.

6.      If Defendants move to dismiss the Amended Complaint, Co-Lead Plaintiffs must file either a Second Amended Complaint or an opposition to the motion to dismiss, *see* Fed. R. Civ. P. 15(a)(1)(B); Individual Practices in Civil Cases § 4(E)(i), no later than **June 28, 2019**. If Co-Lead Plaintiffs oppose the motion to dismiss, Defendants must file any reply in support of their motion no later than **July 16, 2019**. All discovery will be stayed pending resolution of any motion to dismiss.

7.      If Defendants answer the Amended Complaint, counsel for all parties must appear before the undersigned for an Initial Pretrial Conference ("IPTC"), *see* Fed. R. Civ. P. 16, on **June 14, 2019 at 10:00 a.m.** in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York, 10007. No later than **June 6, 2019**, the parties must submit a joint letter of no more than five pages addressing the following in separate paragraphs:

(1) a brief description of the case, including the factual and legal bases for the claim(s) and defense(s);

(2) any contemplated motions; and

(3) the prospect for settlement.

Exhibit P
Page 149

The parties must also append to their joint letter a jointly proposed Civil Case Management Plan and Scheduling Order. The undersigned's Individual Practices in Civil Cases and a template Civil Case Management Plan may be found on the Court's website: http://nysd.uscourts.gov/judge/Caproni.

8. The Clerk of Court is respectfully directed to terminate the open motions at Dkts. 30, 35, and 45.

**SO ORDERED.**

Date: **March 22, 2019**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

Exhibit P
Page 150