# EXHIBIT Q

Case 2:19-cv-10701-ELAS Document 50-17 Filed 03/16/20 Page 2 of 7 Page ID
Case 1:18-cv-08049-RA Document 82 Filed 02/25/19 Page 1 of 6
Case 1:18-cv-08049-RA Document 81 Filed 02/19/19 Page 1 of 6

DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/25/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF WESTLAND POLICE AND FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> PHILIP MORRIS INTERNATIONAL INC., ANDRÉ CALANTZOPOULOS, MARTIN G. KING, and JACEK OLCZAK, <br><br> Defendants. | Case No. 1:18-cv-08049-RA <br><br> STIPULATION AND [PROPOSED] ORDER: (1) APPOINTING UNION ASSET MANAGEMENT HOLDING AG AND TEAMSTERS LOCAL 710 PENSION FUND AS CO-LEAD PLAINTIFFS; AND (2) APPROVING OF SELECTION OF POMERANTZ LLP AND ROBBINS GELLER RUDMAN & DOWD LLP AS CO-LEAD COUNSEL <br><br> CONSOLIDATED ACTION |

WHEREAS, on September 4, 2018, plaintiff City of Westland Police and Fire Retirement System commenced this action by filing a complaint against defendants Philip Morris International Inc. ("Philip Morris"), Andrè Calantzopoulos, Martin G. King, and Jacek Olczak (collectively, "Defendants"), alleging violations of the federal securities laws (the "Westland Action");

WHEREAS, on September 26, 2018, plaintiff Greater Pennsylvania Carpenters' Pension Fund filed a complaint in the United States District Court for the Southern District of New York against Defendants alleging violations of the federal securities laws (the "Greater Pennsylvania Action");

WHEREAS, on October 25, 2018, plaintiff Wayne Gilchrist filed a complaint in the United States District Court for the Southern District of New York against Defendants alleging violations of the federal securities laws (the "Gilchrist Action");

Case 2:19-cv-10701-FLA-E Document 50-17 Filed 03/16/20 Page 3 of 7 Page ID
Case 1:18-cv-08049-RA Document 82 Filed 02/25/19 Page 2 of 6
Case 1:18-cv-08049-RA Document 81 Filed 02/19/19 Page 2 of 6
#:737

WHEREAS, on November 30, 2018, this Court consolidated the Westland, Greater Pennsylvania, and Gilchrist Actions (collectively, the "Consolidated Action") and ordered counsel for Greater Pennsylvania to republish notice of pendency of the action and advise putative class members of their right to seek appointment as Lead Plaintiff within 60 days of that notice;

WHEREAS, counsel for Greater Pennsylvania did so on November 30, 2018, advising putative class members that they had until January 29, 2019 to seek appointment as Lead Plaintiff in the Consolidated Action;

WHEREAS, on January 29, 2019, Union Asset Management Holding AG ("Union") moved this Court for appointment as Lead Plaintiff, claiming losses of between $32,372,791 million (under a LIFO calculation) and $46,687,282 million (under a FIFO calculation) in connection with its purchases of Philip Morris securities;

WHEREAS, on January 29, 2019, Teamsters Local 710 Pension Fund ("Teamsters Local") moved this Court for appointment as Lead Plaintiff, claiming losses of $1,296,443 in connection with its purchases of Philip Morris stock;

WHEREAS, on January 29, 2019, Greater Pennsylvania moved this Court for appointment as Lead Plaintiff, claiming losses of $269,471 in connection with its purchases of Philip Morris stock;

WHEREAS, on February 12, 2019, Greater Pennsylvania notified the Court that it does not oppose Union's motion to be appointed Lead Plaintiff because "it appears that Union has the 'largest financial interest' in the above-captioned action";

Exhibit Q
Page 152

WHEREAS, Union and Teamsters Local have provided signed, sworn certifications in support of their motions for appointment as Lead Plaintiffs setting forth, *inter alia*, their transactions in Philip Morris stock during the class period specified in the Consolidated Action;

WHEREAS, the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(iii), provides, *inter alia*, that the most adequate plaintiff to serve as Lead Plaintiff is, in the determination of the Court, the "person or group of persons" that has the largest financial interest in the relief sought by the class and otherwise satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure;

WHEREAS, at this juncture, Union and Teamsters Local have preliminarily satisfied these requirements;

WHEREAS, 15 U.S.C. § 78u-4(a)(3)(B)(iv) provides that, subject to the approval of the Court, the most adequate plaintiff will select and retain counsel to represent the Class, and Union has selected and retained the law firm of Pomerantz LLP ("Pomerantz"), and Teamsters Local has selected and retained the law firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") to pursue this litigation on behalf of the Class if they are appointed Lead Plaintiff;

WHEREAS, in order to address arguments concerning Union's standing that Teamsters Local raised in its briefing in connection with its motion to be appointed Lead Plaintiff, Union submits the Declaration of Dr. Carsten Fischer and Jochen Riechwald, attached hereto as Exhibit A, stating that Union received valid assignments from Union Investment Privatfonds GmbH ("UIP"), Union Investment Institutional GmbH ("UIN"), and Union Investment Luxembourg S.A. ("UIL"), which are the beneficial owners of the Philip Morris securities at issue here;

WHEREAS, upon review of the Declaration of Dr. Carsten Fischer and Jochen Riechwald, Teamsters Local agrees that Union has sufficiently addressed any standing concerns that Teamsters Local raised in its briefing in connection with its motion to be appointed Lead Plaintiff;

WHEREAS, replies in further support of Union's and Teamsters Local's motions to be appointed Lead Plaintiff are due on February 19, 2019;

WHEREAS, after reviewing each other's submissions to the Court, Union and Teamsters Local believe it is in the best interests of the class for Union and Teamsters Local to serve as Co-Lead Plaintiffs and for their selection of counsel, the law firms of Pomerantz and Robbins Geller, to serve as Co-Lead Counsel;

WHEREAS, Pomerantz and Robbins Geller have experience previously serving as co-lead counsel in securities class actions with one another and understand the importance of not performing duplicative work and undertake to use their best efforts to not duplicate work and to not unnecessarily increase attorneys' fees and/or expenses; and

WHEREAS, courts have endorsed stipulations among competing lead plaintiff movants as promoting the statutory purposes of the PSLRA, and have permitted "independent lead plaintiff movants [to] join together to help ensure that 'adequate resources and experience are available to the prospective class in the prosecution of th[e] action' and because '[e]mploying a co-lead plaintiff structure . . . will also provide the proposed class with the substantial benefits of joint decision-making." *In re Rockwell Medical, Inc. Sec. Litig.*, No. 1:16-cv-01691-RJS Stipulation and Order Appointing Lead Plaintiff and Approving Co-Lead Counsel, at 2-3 (S.D.N.Y. May 20, 2016) (ECF No. 18) (citing *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395 (S.D.N.Y. 2004)); *see also In re Ability, Inc.*

Exhibit Q
Page 154

*Sec. Litig.*, No. 1:16-cv-03893-VM (S.D.N.Y. Aug. 12, 2016) (ECF No. 19), *Urban v. GW Pharmaceuticals PLC, et al.*, No. 1:16-cv-00472-RWS (S.D.N.Y. Apr. 4, 2016) (ECF No. 20) (same); *Yuan v. Facebook, Inc. et al.*, No. 5:18-cv-01725-EJD, Stipulation and Order Consolidating Cases and Appointing Lead Plaintiff and Lead Counsel, at 2-3 (N.D. Cal. Aug. 3, 2018) (ECF No. 56) (approving stipulation of lead plaintiff movants where movants "concluded that a protracted dispute concerning lead plaintiff appointment . . .[was] not in the best interests of the class and that jointly prosecuting [the] litigation would be appropriate and assist with the speedy commencement of [the] litigation").

IT IS HEREBY STIPULATED AND AGREED, subject to the Court's approval, as follows:

1. Union and Teamsters Local are hereby appointed Co-Lead Plaintiffs in the above-captioned consolidated action and any subsequently filed or transferred actions that are consolidated with the consolidated action, pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

2. Co-Lead Plaintiffs' selections of Pomerantz and Robbins Geller as Co-Lead Counsel are hereby approved.

Dated: February 19, 2019

ROBBINS GELLER RUDMAN
  & DOWD LLP

*David A. Rosenfeld /kc*

Samuel H. Rudman
David A. Rosenfeld
Vincent M. Serra
Robert D. Gerson
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

POMERANTZ LLP

*Jeremy A. Lieberman /kc*

Jeremy A. Lieberman
Emma Gilmore
Michael Grunfeld
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: 212/661-1100
212/661-8665 (fax)

5

Exhibit Q
Page 155

Email: srudman@rgrdlaw.com
Email: drosenfeld@rgrdlaw.com
Email: vserra@rgrdlaw.com
Email: rgerson@rgrdlaw.com

ROBBINS GELLER RUDMAN
    & DOWD LLP
Danielle S. Myers
Michael Albert
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
Email: dmyers@rgrdlaw.com
Email: malbert@rgrdlaw.com

*Counsel for Co-Lead Plaintiff Movant
Teamsters Local 710 Pension Fund and
Proposed Co-Lead Counsel for the Class*

Email: jalieberman@pomlaw.com
Email: egilmore@pomlaw.com
Email: ahood@pomlaw.com

POMERANTZ LLP
Jennifer Pafiti
(*pro hac vice* application forthcoming)
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: 818/532-6499
Email: jpafiti@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: 312/377-1181
312/377-1184 (fax)
Email: pdahlstrom@pomlaw.com

*Counsel for Co-Lead Plaintiff Movant
Union Asset Management Holding AG and
Proposed Co-Lead Counsel for the Class*

**IT IS SO ORDERED.**

Dated: _July 15_, 2019

_____
HONORABLE RONNIE ABRAMS
UNITED STATED DISTRICT JUDGE

The parties are advised that the court will closely scrutinize any applications for attorneys' fees and expenses to ensure that, as provided on page 4 of this stipulation and order, legal counsel have not duplicated work or unnecessarily increased attorneys' fees and/or expenses.

6

Exhibit Q
Page 156