Joseph J. Tabacco, Jr. (SBN 75484)
Email: jtabacco@bermantabacco.com
Nicole Lavallee (SBN 165755)
Email: nlavallee@bermantabacco.com
Jeffrey V. Rocha (SBN 304852)
Email: jrocha@bermantabacco.com
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile:  (415) 433-6382

*Counsel for Movant Green Dot*
*Institutional Investor Group and*
*Proposed Co-Lead Counsel for the Class*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN KOFFSMON, on behalf themselves and all others similarly situated,<br><br>                                   Plaintiff,<br><br>        v.<br><br>GREEN DOT CORPORATION, STEVEN W. STREIT and MARK SHIFKE,<br><br>                                   Defendants. | No. 2:19-cv-10701-DDP-E<br><br><u>CLASS ACTION</u><br><br>**CORRECTED REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE GREEN DOT INSTITUTIONAL INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL**<br><br>Date:  March 30, 2020<br>Time: 10:00 a.m.<br>Courtroom:  9C, 9th Floor<br>Judge:  Hon. Dean D. Pregerson |

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ................................................................................1

ARGUMENT ...........................................................................................................3

     A.    The Green Dot Institutional Investor Group Has, by Far, the Largest Financial Interest and Is an Ideal Lead Plaintiff Group ..........3

     B.    New York Hotel Trades Puts the Class at Risk as an Atypical In-And-Out Trader ................................................................................10

CONCLUSION.......................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allegheny Cty. Emps.' Ret. Sys. v. Energy Transfer LP*,
No. 20-200, 2020 WL 815136 (E.D. Pa. Feb. 19, 2020) ...........................5, 8, 9

*Bang v. Acura Pharm., Inc.*,
No. 10 C 5757, 2011 WL 91099 (N.D. Ill. Jan. 11, 2011).................................. 7

*Buettgen v. Harless,*
263 F.R.D. 378 (N.D. Tex. 2009)....................................................................... 6

*Buttonwood Tree Value Partners, LP v. Sweeney*,
No. SACV 10-00537-CJC, 2010 WL 11469217 (C.D. Cal. Aug.
16, 2010) ............................................................................................................ 4

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) .............................................................................. 4

*China Agritech, Inc. v. Resh*,
138 S. Ct. 1800 (2018) ..................................................................................5, 10

*Deora v. NantHealth, Inc.*,
No. CV 17-01825 BRO, 2017 WL 3084161 (C.D. Cal. May 31,
2017)................................................................................................................... 4

*Doherty v. Pivotal Software, Inc.*,
No. 3:19-cv-03589-CRB, 2019 WL 5864581 (N.D. Cal. Nov. 8,
2019)................................................................................................................... 5

*In re Gemstar-TV Guide Int'l Sec. Litig.*,
209 F.R.D. 447 (C.D. Cal. 2002) ...................................................................... 6

*Gross v. AT&T Inc.*,
No. 19-CV-2892 (VEC), 2019 WL 7759222 (S.D.N.Y. June 24,
2019)................................................................................................................... 5

*In re Herbalife, Ltd. Sec. Litig.*,
No. CV 14-2850 DSF, 2014 WL 12586789 (C.D. Cal. July 30,
2014)................................................................................................................... 4

[Case No. 2:19-cv-10701-DDP-E] CORRECTED REPLY MEM. OF P&A IN FURTHER SUPPORT OF THE GREEN DOT INSTITUTIONAL INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL

ii

*Mannkind Sec. Actions,*
    No. CV 11-00929 GAF (SSx), 2011 WL 13218021 (C.D. Cal. Apr.
    27, 2011)..................................................................................................... 6

*Maiman v. Talbott,*
    No. SACV 09-0012 AG(ANx), 2009 WL 10675075 (C.D. Cal. Sept. 14, 2009).....5

*McCracken v. Edwards Lifesciences Corp.,*
    No. 8:13-CV-1463-JLS, 2014 WL 12694135 (C.D. Cal. Jan. 8,
    2014)..........................................................................................................2

*In re Molycorp, Inc. Sec. Litig.,*
    No. 12-cv-0292-WJM-KMT, 2012 WL 13013602 (D. Colo. May
    29, 2012)..................................................................................................2, 7

*Morris v. Smith Micro Software Inc.,*
    No. SAC V11-0976 AG, 2011 WL 13228040 (C.D. Cal. Oct. 17,
    2011).........................................................................................................4

*In re Network Assocs., Inc. Sec. Litig.,*
    76 F. Supp. 2d 1017 (N.D. Cal. 1999) ...................................................... 6

*Perrin v. Sw. Water Co.,*
    No. 2:8-cv-7844-FMC-AGRx, 2009 WL 10654690 (C.D. Cal. Feb.
    13, 2009)....................................................................................................4

*In re Snap Inc. Sec. Litig.,*
    No. 2:17-cv-03679-SVW-AGR, 2019 WL 2223800 (C.D. Cal.
    Apr. 1, 2019)..........................................................................................4, 10

*Takeda v. Turbodyne Tech., Inc.,*
    67 F. Supp. 2d 1129 (C.D. Cal. 1999).......................................................4

*Tsirekidzev v. Syntax-Brillian Corp.,*
    No. CV-07-2204-PHX-FJM, 2008 U.S. Dist. LEXIS 118562 (D.
    Ariz. Apr. 7, 2008) .................................................................................6, 7

**Docketed Cases**

*Boynton Beach Firefighters' Pension Fund v. HCP, Inc.,*
    No. 16-cv-1106-JJH (N.D. Ohio Nov. 28, 2017)..........................................9

*Burger v. Cardinal Health, Inc.,*
    No. 04-cv-00575 (S.D. Ohio Sept. 24, 2004).............................................8, 9

[Case No. 2:19-cv-10701-DDP-E] CORRECTED REPLY MEM. OF P&A IN FURTHER SUPPORT OF THE GREEN DOT INSTITUTIONAL INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL                    iii

*Chun v. Fluor Corp.*,
No. 18-cv-1338-X (N.D. Tex. Dec. 10, 2018) .......................................................... 9

*City of Westland Police & Fire Ret. Sys. v. Philip Morris Int'l Inc.*,
No. 18-cv-08049-RA (S.D.N.Y. Feb. 25, 2019) ...................................................... 9

*Fabbri v. Inogen, Inc.*,
No. 19-cv-01643-FMO-AGR (C.D. Cal. May 20, 2019)....................................... 9

*Fleming v. Impax Labs. Inc.*,
No. 16-cv-06557 (N.D. Cal.) ....................................................................................3

*Ford v. ProShares Trust II*,
No. 19-cv-00886-RA (S.D.N.Y. Apr. 1, 2019) ........................................................ 9

*Gaynor v. Miller*,
No. 15-cv-545-TAV-CCS (E.D. Tenn. Dec. 27, 2016) .......................................... 9

*Gordon v. Nielsen Holdings PLC*,
No. 18-cv-07143-JFK (S.D.N.Y. Apr. 22, 2019)..................................................... 9

*In re KLX S'holder Litig.*,
No. 16-cv-80023-RLR (S.D. Fla. Mar. 18, 2016)................................................... 9

*Laborers Local 235 Benefits Funds, v. Skechers USA, Inc.*,
No. 18-cv-08039-NRB (S.D.N.Y. Nov. 20, 2018)................................................... 9

*Labul v. XPO Logistics, Inc.*,
No. 18-cv-02062-SRU (D. Conn. Feb. 12, 2019) ................................................... 9

*Lentsch v. Vista Outdoor*,
No. 17-cv-00012 (D. Utah) ......................................................................................3

*NECA-IBEW Pension Trust Fund v. Precision Castparts Corp.*,
No. 16-cv-01756-YY (D. Or. Nov. 21, 2016)........................................................... 9

*Nikolov v. Livent Corp.*,
No. 19-cv-02218-CFK (E.D. Pa. July 22, 2019).........................................*passim*

*Odeh v. Immunomedics, Inc.*,
No. 18-cv-17645-MCA-ESK (D.N.J. Sept. 10, 2019) .......................................... 9

*Ong v. Chipolte Mexican Grill, Inc.*,
No. 16-cv-00141-KPF (S.D.N.Y. Apr. 18, 2016) ................................................... 9

*Plumbers & Steamfitters Local 773 Pension Fund v. Danske Bank A/S*,
   No. 19-cv-00235-VEC (S.D.N.Y. Mar. 22, 2019) ................................................ 9

*Potts v. Weight Watchers Int'l, Inc.*,
   No. 19-cv-02005-WHP (S.D.N.Y. May 3, 2019) ................................................ 9

*Sponn v. Emergent Biosolutions, Inc.*,
   No. 16-cv-02625-RWT (D. Md. Oct. 26, 2016) ................................................ 9

*St. Clair Cty. Empls.' Ret. Sys. v. Acadia Healthcare Co., Inc.*,
   No. 18-cv-0988 (M.D. Tenn. Dec. 3, 2018) ................................................*passim*

*Yuan v. Facebook, Inc.*,
   No. 18-cv-01725-EJD (N.D. Cal. Aug. 3, 2018) ................................................ 9

**Other Authority**

7 William B. Rubenstein, Newberg On Class Actions (5th ed. 2016) ...................... 8

The Green Dot Institutional Investor Group[1] respectfully submits this reply Memorandum in further support of its motion for appointment as Lead Plaintiff and for approval of its selection of Labaton Sucharow LLP and Berman Tabacco as Co-Lead Counsel for the Class and in opposition to all competing motions. ECF No. 23.

## PRELIMINARY STATEMENT

The Green Dot Institutional Investor Group is the presumptive Lead Plaintiff in this Action because it has the largest financial interest and has provided detailed evidence regarding its origins, cohesiveness, motivations, and ability to independently oversee counsel and the litigation.  The only movant to challenge the Green Dot Institutional Investor Group's adequacy to serve as Lead Plaintiff is New York Hotel Trades.  But New York Hotel Trades' challenge ignores the language of the PSLRA and the clear decade-long trend allowing for appointment of small, cohesive groups of institutional investors.  New York Hotel Trades' argument is further undermined by the fact that it has moved as a member of lead plaintiff groups with unrelated institutions in at least two securities class actions and touted the benefits of such groupings to the class.

Specifically, New York Hotel Trades ignores the vast majority of decisions from this District and the only Circuit court authority that directly addresses the viability of lead plaintiff groups to wrongly claim that the Green Dot Institutional Investor Group is an improper, lawyer driven group and that, therefore, the losses of its members should not be considered in the aggregate for the purpose of selecting a Lead Plaintiff.  ECF No. 47 at 1.  Even the U.S. Securities and Exchange Commission ("SEC") has issued guidance to the opposite: that "there

---

[1] All abbreviations used herein remained unchanged from those defined in the Green Dot Institutional Investor Group's Lead Plaintiff motion.  ECF No. 23.

are 'significant public policy advantages to appointing a small, cohesive group of investors as Lead Plaintiff." *In re Molycorp, Inc. Sec. Litig.*, No. 12-cv-0292-WJM-KMT, 2012 WL 13013602, at *3 (D. Colo. May 29, 2012). *See, e.g.*, *McCracken v. Edwards Lifesciences Corp.*, No. 8:13-CV-1463-JLS (RNBx), 2014 WL 12694135, at 43 (C.D. Cal. Jan. 8, 2014) ("the Securities and Exchange Commission ('SEC') has stated that a group of three to five members 'will facilitate joint decision making and also help to assure that each group member has a sufficiently large stake in the litigation.'").

Moreover, on at least two other occasions, New York Hotel Trades has sought to serve as a member of a lead plaintiff group with unrelated institutional investors (represented by the same counsel that represents it here), arguing that the pairing was appropriate under the PSLRA because it would "***ensure comprehensive, responsible, and vigorous representation of the class throughout the case***, which is especially important in light of recent Supreme Court authority regarding the expiration of the statute of limitations and statue of repose in securities cases like this." Decl. of Nicole Lavallee In Further Supp. of The Green Dot Institutional Investor Grp.'s Mot. For Appointment As Lead Plaintiff and For Approval of Its Selection of Lead Counsel ("Lavallee Suppl. Decl."), Ex. A, ¶ 4 (*St. Clair Cty. Empls.' Ret. Sys. v. Acadia Healthcare Co., Inc.*, No. 18-cv-0988 (M.D. Tenn. Dec. 3, 2018), ECF No. 26-4); *id.* Ex. B (*Nikolov v. Livent Corp.*, No. 19-cv-02218-CFK (E.D. Pa. July 22, 2019), ECF No. 12-6). The comparatively cursory and boilerplate nature of the joint declarations submitted by New York Hotel Trades in those actions highlights the cohesiveness of the Green Dot Institutional Investor Group and the inconsistent positions

[Case No. 2:19-cv-10701-DDP-E] CORRECTED REPLY MEM. OF P&A IN FURTHER SUPPORT OF THE GREEN DOT INSTITUTIONAL INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL

2

adopted by New York Hotel Trades.[2]  *Compare* Lavallee Suppl. Decl. Exs. A-B *with* ECF No. 25-6.

The evidence submitted by the Green Dot Institutional Investor Group is more than sufficient to meet its *prima facie* showing of adequacy.  It also evinces that the only lawyer-driven lead plaintiff movant in this action is New York Hotel Trades which, in contradiction of its prior sworn testimony, attacks the viability of a group of sophisticated institutional investors.  *See* Lavallee Suppl. Decl. Exs. A-B.  Unsurprisingly, New York Hotel Trades has not proposed a plan to litigate this action or provided any information on its selection of counsel.  This is itself evidence of the lawyer driven underpinnings.

In sum, New York Hotel Trades provides no evidence that the Green Dot Institutional Investor Group cannot adequately represent the Class and, as a result, has failed to provide the necessary "proof" to rebut the Green Dot Institutional Investor Group's status as the presumptive Lead Plaintiff.  The Green Dot Institutional Investor Group should be appointed Lead Plaintiff.

## ARGUMENT

### A.    The Green Dot Institutional Investor Group Has, by Far, the Largest Financial Interest and Is an Ideal Lead Plaintiff Group

It is undisputed that the Green Dot Institutional Investor Group has the largest financial interest, which is approximately 60% larger than that of New York Hotel Trades.  ECF No. 45 at 2-4.  The only challenge levied by New York Hotel Trades is that the losses of members comprising the group should not be

---

[2] New York Hotel Trades also failed to disclose two actions in its PSLRA mandated certification.  *See Lentsch v. Vista Outdoor*, No.  17-cv-00012 (D. Utah) (appointed lead plaintiff July 3, 2017); *Fleming v. Impax Labs. Inc.*, No. 16-cv-06557 (N.D. Cal.) (appointed lead plaintiff February 15, 2017).

aggregated in determining the presumptive Lead Plaintiff because the group is a lawyer-created amalgamation of unrelated entities.  This is false.

It is true that courts in this District do not blindly appoint large groups of unrelated individual investors.  However, recognizing that the PLSRA, the SEC, and the only Circuit Court to directly address the issue expressly permit or have endorsed the appointment of small, cohesive groups of institutional investors, courts in this District and throughout the Ninth Circuit have routinely held that "a small group of manageable size that is capable of joint decisionmaking" may be appointed lead plaintiff.  *See, e.g.*, *Takeda v. Turbodyne Tech., Inc.*, 67 F. Supp. 2d 1129, 1135 (C.D. Cal. 1999); *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d Cir. 2001) ("The statute contains no requirement mandating that the members of a proper group be 'related' in some manner; it requires only that any such group 'fairly and adequately protect the interests of the class.'"); *See also In re Snap Inc. Sec. Litig.*, No. 2:17-cv-03679-SVW-AGR, 2019 WL 2223800, at *4 (C.D. Cal. Apr. 1, 2019) ("Based on the Snap Shareholder Group's submissions, including the joint declaration, the Court is satisfied that the Snap Shareholder Group will 'fairly and adequately represent the class as the case moves forward.'"); *Deora v. NantHealth, Inc.*, No. CV 17-01825 BRO (MRWx), 2017 WL 3084161, at *4 (C.D. Cal. May 31, 2017) (appointing lead plaintiff group with largest financial interest); *Perrin v. Sw. Water Co.*, No. 2:8-cv-7844-FMC-AGRx, 2009 WL 10654690, at *3–4 (C.D. Cal. Feb. 13, 2009) (appointing group of 4 individual investors over single movant with larger loss than any group member).[3]

---

[3] *In re Herbalife, Ltd. Sec. Litig.*, No. CV 14-2850 DSF (JCGx), 2014 WL 12586789, at *2 (C.D. Cal. July 30, 2014) (appointing group of two institutional investors); *Morris v. Smith Micro Software Inc.*, No. SAC V11-0976 AG (ANx), 2011 WL 13228040, at *1 (C.D. Cal. Oct. 17, 2011) (appointing co-lead plaintiffs); *Buttonwood Tree Value Partners, LP v. Sweeney*, No. SACV 10-00537-CJC (MLGx), 2010 WL 11469217, at *3 (C.D. Cal. Aug. 16, 2010) (appointing

Moreover, following recent Supreme Court authority regarding the expiration of the statute of limitations and statue of repose in securities cases,[4] district courts across the country have routinely recognized the propriety of small groups of institutional investors similar to the Green Dot Institutional Investor Group. *See, e.g.*, *Allegheny Cty. Emps.' Ret. Sys. v. Energy Transfer LP*, No. 20-200, 2020 WL 815136, at *8 (E.D. Pa. Feb. 19, 2020); *Doherty v. Pivotal Software, Inc.*, No. 3:19-cv-03589-CRB, 2019 WL 5864581, at *12 (N.D. Cal. Nov. 8, 2019); *Gross v. AT&T Inc.*, No. 19-CV-2892 (VEC), 2019 WL 7759222, at *2 (S.D.N.Y. June 24, 2019).

The Green Dot Institutional Investor Group has unquestionably demonstrated that its members are prepared, qualified and eager to represent the investor class. Like the other lead plaintiff groups appointed in this District, the Green Dot Institutional Investor Group has submitted extensive evidence establishing that the Group is adequate and that the presumption under the PSLRA cannot be rebutted. *See* ECF No. 45 at 4-7; ECF No. 25-6 ¶¶ 8-20. This evidence mirrors what has been repeatedly accepted by courts in this District and throughout the Ninth Circuit as a strong demonstration of adequacy, and readily exceeds the sworn testimony of the representative of New York Hotel Trades

lead plaintiff group); *Maiman v. Talbott*, No. SACV 09-0012 AG(ANx), 2009 WL 10675075, at *3 (C.D. Cal. Sept. 14, 2009) (same).

[4] *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n.3, (2018) ("District courts often permit aggregation of plaintiffs into plaintiff groups, so even a small shareholder could apply for lead-plaintiff status, hoping to join with other shareholders to create a unit with the largest financial interest."). *Id.* (80% of securities class actions in post-PSLRA data sample had two or more co-lead counsel firms (citing Choi & Thompson, *Securities Litigation and Its Lawyers: Changes During the First Decade After the PSLRA*, 106 Colum. L. Rev. 1489, 1507, 1521, 1530 (2006)).

submitted in prior bids for appointment as a co-lead plaintiff. *See* Lavallee Suppl. Decl. Exs. A-B.

Further, despite New York Hotel Trades' clear understanding of the requirements for appointing co-lead plaintiffs, New York Hotel Trades also claims that the members of the Green Dot Institutional Investor Group must demonstrate some pre-existing relationship. *See* ECF No. 47 at 8. To the contrary, neither the PSLRA nor district courts in the Ninth Circuit require that lead plaintiff movants be related or have a pre-existing relationship.

Ignoring the vast majority of this District's recent PSLRA rulings and its past positions in similar cases, New York Hotel Trades argument is based on cherry-picked, dated, inapposite, and out-of-District case law. For example, In *In re Gemstar-TV Guide International Securities Litigation*, the court found unmanageable a group of three institutional and four individual investors but ultimately appointed a group of two institutional investors as co-lead plaintiff. 209 F.R.D. 447, 452 (C.D. Cal. 2002). Similarly, in *Mannkind Securities Actions*, an opinion also issued by Judge Fees, the court declined to appoint a group of four unrelated individual investors who failed to provide sufficient detail in their joint declaration as to the formation of the group. No. CV 11-00929 GAF (SSx), 2011 WL 13218021, at *11-13 (C.D. Cal. Apr. 27, 2011). In *In re Network Associates, Inc., Securities Litigation*, the court declined to appoint a group of more than 1,700 individual investors as lead plaintiff who were recruited by counsel, finding that such an aggregation circumvented the intent of the PSLRA. 76 F. Supp. 2d 1017, 1026 (N.D. Cal. 1999). In *Buettgen v. Harless*, the court declined to appoint a group of four individual investors who failed to present evidence that they had communicated in any way or were aware that they were filing as part of a group. 263 F.R.D. 378, 381-82 (N.D. Tex. 2009). Finally, in *Tsirekidzev v. Syntax-Brillian Corp.*, the court declined to appoint a group of three unrelated

individual investors recruited through an ethically dubious solicitation who had submitted nothing more than a "boilerplate certification." No. CV-07-2204-PHX-FJM, 2008 U.S. Dist. LEXIS 118562, at *15 (D. Ariz. Apr. 7, 2008).

Each of these opinions predate the clear trend allowing for appointment of small, cohesive groups of institutional investors and *none* of the concerns raised in these opinions apply to the Green Dot Institutional Investor Group. *See, e.g.*, *Bang v. Acura Pharm., Inc.*, No. 10 C 5757, 2011 WL 91099, at *2 (N.D. Ill. Jan. 11, 2011) (the 'trend' has been to allow small groups of investors to act as lead plaintiff even if they do not have pre-existing relationships."). New York Hotel Trades' cited authorities involve lead plaintiff groups comprised of disparate individual investors, sometimes numbering in the thousands, that were clearly cobbled together by counsel – a far cry from the sophisticated institutions comprising the Green Dot Institutional Investor Group who have significant experience in successfully leading complex securities class actions, have been appointed co-lead counsel previously in this District, have provided substantial evidence of their cohesion, and who understand the benefits of their leadership structure. To the extent that a distinct or dated minority of cases have held that unrelated groups are contrary to the PSLRA, this position directly contravenes the PSLRA.

Indeed, as discussed in the Green Dot Institutional Investor Group's briefs and joint declaration, serving as a member of a lead plaintiff group provides the class with multiple benefits, *see* ECF No. 45 at 5-6; ECF No. 25-6 ¶ 11, including by protecting the class against the risk of losing a Lead Plaintiff altogether based on attacks from Defendants at the motion to dismiss or class certification stage. *See, e.g.*, *Molycorp*, 2012 WL 13013602, at *3 (noting ability to protect the class when appointing a group in light of possibility that "defendants successfully challenge one of the group during the pendency of the litigation"); 7 William B.

Rubenstein, Newberg On Class Actions § 22:36, n.11 (5th ed. 2016) (a co-lead plaintiff structure "best protects the interests of the class; affords the class the benefit of combined resources to defray what may prove to be significant up-front litigation costs; and gives the class the advantages of the combined knowledge, experience, and judgment of both lead plaintiffs").

Moreover, New York Hotel Trades' contention that courts should appoint a single movant over a group with larger losses rings hollow since its counsel has repeatedly argued the contrary. *See, e.g.*, Lavallee Suppl. Decl. Exs. A-B. Indeed, just last month, a court soundly rejected New York Hotel Trades' counsel's effort to argue that its single client should supplant a group of institutional investors with a larger collective loss. *See Allegheny Cty. Emps.' Ret. Sys. v. Energy Transfer LP*, 2020 WL 815136, at *7. Therein, the Court noted:

> I find merit in the Group's contention that the aggregation of highly sophisticated institutional investors is materially different from an alliance of large numbers of small investors connected by lawyers. Indeed, [New York Hotel Trades' counsels' client] has recognized just such a distinction in arguments before other federal courts where it sought approval for smaller groups of investors with which it had joined to serve as lead plaintiff. ***And [New York Hotel Trades' counsels] has itself partnered with other firms in co-representation of lead plaintiffs.***[5]

---

[5] *See* Opposition Brief filed in *Burger v. Cardinal Health, Inc.*, No. 04-cv-00575, at 8, 10 (S.D. Ohio Sept. 24, 2004) (ECF No. 62) (Lavallee Suppl. Decl. Ex. C):

> [T]he competing movants may argue that the Pension Fund Group is inadequate because it is a "group of persons" . . . [and] may rely upon a handful of older lead plaintiff decisions that once imposed a judicial gloss upon the statute to avoid lawyer-driven amalgamations of dozens or hundreds of lead plaintiffs, the majority trend, the position of the SEC, and the district courts in this state, is to adopt a "rule of reason" that supports appointing small groups of institutional investors as Lead Plaintiff. . . *Baan*, 186 F.R.D. at 216 ("The text of the PSLRA does not limit the composition of a 'group of persons' to those only with a pre-litigation relationship, nor

*Id.* at *8 (emphasis added) (citations omitted). The situation is no different here.

Moreover, New York Hotel Trades' counsel *routinely* groups investors to file motions for appointment of lead plaintiffs,[6] and has stipulated to lead plaintiff groups in many recent cases in order to obtain a co-lead counsel position.[7]

In sum, the only lawyer-driven party here appears to be New York Hotel Trades given its inconsistent positions on the adequacy of the members of the

does the legislative history provide a sound enough foundation to support such a gloss."); *Cendant*, 264 F.3d at 267 ("The statute contains no requirement mandating that the members of a proper group be 'related' in some manner . . . .").

[6] *See Potts v. Weight Watchers Int'l, Inc.*, No. 19-cv-02005-WHP (S.D.N.Y. May 3, 2019), ECF No. 42 (Lavallee Suppl. Decl. Ex. D); *Ford v. ProShares Trust II*, No. 19-cv-00886-RA (S.D.N.Y. Apr. 1, 2019), ECF No. 84 (*id.* Ex. E); *Labul v. XPO Logistics, Inc.*, No. 18-cv-02062-SRU (D. Conn. Feb. 12, 2019), ECF No. 34 (*id.* Ex. F); *Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*, No. 16-cv-1106-JJH (N.D. Ohio Nov. 28, 2017), ECF No. 73 (*id.* Ex. G); *Gaynor v. Miller*, No. 15-cv-545-TAV-CCS (E.D. Tenn. Dec. 27, 2016), ECF No. 91 (*id.* Ex. H); *NECA-IBEW Pension Trust Fund v. Precision Castparts Corp.*, No. 16-cv-01756-YY (D. Or. Nov. 21, 2016), ECF No. 38 (*id.* Ex. I); *Sponn v. Emergent Biosolutions, Inc.*, No. 16-cv-02625-RWT (D. Md. Oct. 26, 2016), ECF No. 22 (*id.* Ex. J); *Ong v. Chipolte Mexican Grill, Inc.*, No. 16-cv-00141-KPF (S.D.N.Y. Apr. 18, 2016), ECF No. 43 (*id.* Ex. K); *In re KLX S'holder Litig.*, No. 16-cv-80023-RLR (S.D. Fla. Mar. 18, 2016), ECF No. 34 (*id.* Ex. L).

[7] *See Odeh v. Immunomedics, Inc.*, No. 18-cv-17645-MCA-ESK (D.N.J. Sept. 10, 2019), ECF No. 34 (Lavallee Suppl. Decl. Ex M); *Fabbri v. Inogen, Inc.*, No. 19-cv-01643-FMO-AGR (C.D. Cal. May 20, 2019), ECF No. 54 (*id.* Ex. N); *Gordon v. Nielsen Holdings PLC*, No. 18-cv-07143-JFK (S.D.N.Y. Apr. 22, 2019), ECF No. 54 (*id.* Ex. O); *Plumbers & Steamfitters Local 773 Pension Fund v. Danske Bank A/S*, No. 19-cv-00235-VEC (S.D.N.Y. Mar. 22, 2019), ECF No. 46 (*id.* Ex. P); *City of Westland Police & Fire Ret. Sys. v. Philip Morris Int'l Inc.*, No. 18-cv-08049-RA (S.D.N.Y. Feb. 25, 2019), ECF No. 82 (*id.* Ex. Q); *Chun v. Fluor Corp.*, No. 18-cv-1338-X (N.D. Tex. Dec. 10, 2018), ECF No. 41 (*id.* Ex. R); *Laborers Local 235 Benefits Funds, v. Skechers USA, Inc.*, No. 18-cv-08039-NRB (S.D.N.Y. Nov. 20, 2018), ECF No. 21 (*id.* Ex. S); *Yuan v. Facebook, Inc.*, No. 18-cv-01725-EJD (N.D. Cal. Aug. 3, 2018), ECF No. 56 (*id.* Ex. T).

Green Dot Institutional Investor Group. Therefore, under the sequential lead plaintiff review process set forth by the Ninth Circuit, the inquiry begins and ends with the Green Dot Institutional Investor Group.

> **B.     New York Hotel Trades Puts the Class at Risk as an Atypical In-And-Out Trader**

Unlike the Green Dot Institutional Investor Group, New York Hotel Trades exited its position in Green Dot prior to the end of the Class Period and therefore could subject the Class to unnecessary risks associated with its leadership. *See* ECF No. 45 at 8-9. As courts often find in-and-out-traders subject to unique defenses that "could become the focus of the litigation," New York Hotel Trades unnecessarily puts the Class in jeopardy through its application for Lead Plaintiff. *See, e.g.*, *In re Snap Inc. Sec. Litig.*, 2019 WL 2223800, at *2 (disqualifying lead plaintiff movant who was an in-and-out trader where "it seems highly likely that the argument[] would play a significant role at trial, and that the [lead plaintiff movant] would have to devote class resources to defending itself"). These concerns are all the more pressing where, if appointed and successfully challenged on its adequacy as an in-and-out trader who sold all of its shares prior to the final corrective disclosure, the Class' claims could be forfeited by operation of the statute of limitations. *See China Agritech, Inc. v. Resh*, 138 S. Ct. at 1804.

New York Hotel Trades has endorsed this very same argument, declaring in an action where it was appointed co-lead plaintiff that "Chicago Laborers' Pension Fund and NY Hotel Trades Pension Fund have complimentary trading patterns in Acadia Healthcare stock and will ensure comprehensive, responsible, and vigorous representation of the class throughout the case, ***which is especially important in light of recent Supreme Court authority regarding the expiration of the statute of limitations and statue of repose in securities cases like this***." *See* Lavallee Suppl. Decl. Ex. A, at ¶ 4. This Court should hold New York trades

to its sworn testimony and appoint the Green Dot Institutional Investor Group to ensure that the Class' interests are protected through each phase of the litigation. There is no reason to subject the Class to risks associated with New York Hotel Trades when the Green Dot Institutional Group satisfies the requirements of the PSLRA and is well-qualified to serve as Lead Plaintiff.

## CONCLUSION

For the foregoing reasons, the Green Dot Institutional Investor Group respectfully requests that this Court: (1) appoint the Green Dot Institutional Investor Group as Lead Plaintiff for the Class in this Action and all subsequently filed, related actions; and (2) approve Labaton Sucharow and Berman Tabacco as Co-Lead Counsel for the Class.

DATED: March 17, 2020            Respectfully submitted,


By:  _/s/ Nicole Lavallee_
         Nicole Lavallee

Joseph J. Tabacco, Jr.
Jeffrey V. Rocha
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile:  (415) 433-6382
Email: jtabacco@bermantabacco.com
          nlavallee@bermantabacco.com
          jrocha@bermantabacco.com

Christopher J. Keller
Eric J. Belfi
Francis P. McConville
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile:  (212) 818-0477
Email: ckeller@labaton.com
        ebelfi@labaton.com
        fmcconville@labaton.com

*Counsel for Movant Green Dot
Institutional Investor Group and
Proposed Co-Lead Counsel for the Class*

Guillaume Buell
**THORNTON LAW FIRM LLP**
One Lincoln Street
Boston, MA 02111
Telephone: (617) 720-1333
Facsimile:  (617) 720-2445
Email: gbuell@tenlaw.com

*Additional Counsel for Movant Green Dot
Institutional Investor Group*

[Case No. 2:19-cv-10701-DDP-E] CORRECTED REPLY MEM. OF P&A IN FURTHER SUPPORT OF THE GREEN DOT INSTITUTIONAL INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL

12

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered users via the e-mail addresses on the court's Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the court's Manual Notice List.

*Nicole Lavallee*
Nicole Lavallee

Joseph J. Tabacco, Jr.
Jeffrey V. Rocha
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile:  (415) 433-6382
Email: jtabacco@bermantabacco.com
        nlavallee@bermantabacco.com
        jrocha@bermantabacco.com

Christopher J. Keller
Eric J. Belfi
Francis P. McConville
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile:  (212) 818-0477
Email: ckeller@labaton.com
        ebelfi@labaton.com
        fmcconville@labaton.com

*Counsel for Movant Green Dot Institutional Investor Group and Proposed Co-Lead Counsel for the Class*

[Case No. 2:19-cv-10701-DDP-E] CORRECTED REPLY MEM. OF P&A IN FURTHER SUPPORT OF THE GREEN DOT INSTITUTIONAL INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF HIS SELECTION OF LEAD COUNSEL

Guillaume Buell
**THORNTON LAW FIRM LLP**
One Lincoln Street
Boston, MA 02111
Telephone: (617) 720-1333
Facsimile:  (617) 720-2445
Email: gbuell@tenlaw.com

*Additional Counsel for Movant Green Dot Institutional Investor Group*

[Case No. 2:19-cv-10701-DDP-E] CORRECTED REPLY MEM. OF P&A IN FURTHER SUPPORT OF THE GREEN DOT INSTITUTIONAL INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF HIS SELECTION OF LEAD COUNSEL