Joseph J. Tabacco, Jr. (SBN 75484)
Email: jtabacco@bermantabacco.com
Nicole Lavallee (SBN 165755)
Email: nlavallee@bermantabacco.com
Jeffrey V. Rocha (SBN 304852)
Email: jrocha@bermantabacco.com
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile:  (415) 433-6382

*Counsel for Movant Green Dot
Institutional Investor Group and
Proposed Co-Lead Counsel for the Class*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN KOFFSMON, on behalf themselves and all others similarly situated,<br><br>                                Plaintiff,<br><br>        v.<br><br>GREEN DOT CORPORATION, STEVEN W. STREIT and MARK SHIFKE,<br><br>                                Defendants. | No. 2:19-cv-10701-DDP-E<br><br>CLASS ACTION<br><br>**RESPONSE TO NEW YORK HOTEL TRADES COUNCIL & HOTEL ASSOCIATION OF NEW YORK CITY, INC. PENSION FUND'S MOTION FOR LEAVE TO FILE SUR REPLY**<br><br>Date: April 27, 2020<br>Time: 10:00 a.m.<br>Courtroom: 9C, 9th Floor<br>Judge: Hon. Dean D. Pregerson |

[Case No. 2:19-cv-10701-DDP-E] RESPONSE TO NEW YORK HOTEL TRADES COUNCIL & HOTEL ASSOCIATION OF NEW YORK CITY, INC. PENSION FUND'S MOTION FOR LEAVE TO FILE SUR REPLY

The Green Dot Institutional Investor Group submits this response to the New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund's ("New York Hotel Trades") Motion For Leave To File Sur-Reply In Response To The Institutional Investor Group's Reply Memorandum (the "Motion for Leave"). The Green Dot Institutional Investor Group takes no position on the New York Hotel Trades' Motion for Leave other than to state the following.

First, the fact that the two cases where New York Hotel Trades argued in favor of a group over an individual movant with larger individual losses were outside the Ninth Circuit misses the point. These cases underscore how, contrary to New York Hotel Trades' dated and inapposite authority, there is a clear trend where courts across the country are routinely aggregating and appointing groups of sophisticated institutional investors as lead plaintiff. *See, e.g.*, *Allegheny Cty. Emps.' Ret. Sys. v. Energy Transfer LP*, No. 20-200, 2020 WL 815136, at *8 (E.D. Pa. Feb. 19, 2020) ("I find merit in the Group's contention that the aggregation of highly sophisticated institutional investors is materially different from an alliance of large numbers of small investors connected by lawyers."). Indeed, the Green Dot Institutional Investor Group cited several cases where New York Hotel Trades' counsel stipulated to lead plaintiff groups in cases pending in the Ninth Circuit, thereby conceding that groups are appropriate in the Ninth Circuit. Corrected Reply Mem. of P. & A. In Further Supp. of The Green Dot Institutional Investor Group's Mot- For Appointment As Lead Plaintiff and For Approval of Its Selection of Lead Counsel (Mar. 17, 2020), ECF No. 53 ("Reply Brief"), at 9 n.7 (citing *Fabbri v. Inogen, Inc.*, No. 19-cv-01643-FMO-AGR (C.D. Cal. May 20, 2019); *Yuan v. Facebook, Inc.*, No. 18-cv-01725-EJD (N.D. Cal. Aug. 3, 2018)).

Second, New York Hotel Trades' suggestion that the Green Dot Institutional Investor Group is inadequate because it raised the fact that New York Hotel Trades is an in-and-out purchaser is similarly misplaced. ECF No. 55-1 at 4. The Green

[Case No. 2:19-cv-10701-DDP-E] RESPONSE TO NEW YORK HOTEL TRADES COUNCIL & HOTEL ASSOCIATION OF NEW YORK CITY, INC. PENSION FUND'S MOTION FOR LEAVE TO FILE SUR REPLY

1

Dot Institutional Investor Group has never suggested that in-and-out purchasers do not have valid claims.  Rather, it simply argued – *both in its opposition memorandum as well as its reply* – that it is a particularly adequate group because it has held through all disclosures.  Mem. of P. & A. in Further Supp. of the Green Dot Institutional Group's Mot. for Appointment as Lead Plaintiff and for its Approval of Its Selection of Counsel (Mar. 3, 2020), ECF No. 45, at 9:13-25 ("These concerns are all the more pressing where, if appointed and successfully challenged on its adequacy as an in-and-out trader who sold all of its shares prior to the final corrective disclosure, the Class' claims could be forfeited by operation of the statute of limitations.  *See China Agritech, Inc. v. Resh*, 138 S. Ct. at 1804.  At the very least, New York Hotel Trades will seek to add another plaintiff either at the pleading stage or at class certification to circumvent these challenges to its adequacy and typicality.  On the other hand, appointing a small group of sophisticated movants such as the Green Dot Institutional Group will ensure that the Class is, and will be, adequately protected at all stages of the litigation.  Accordingly, there is no reason to subject the Class to risks associated with New York Hotel Trades when the Green Dot Institutional Group satisfies the requirements of the PSLRA and is well-qualified to serve as Lead Plaintiff.") & 5:22-25 ("In fact, the Green Dot Institutional Investor Group is particularly well-suited to represent the Class because, unlike other competing movants, the group collectively held through each and every one of the alleged partial disclosure."); Reply Brief (ECF No. 53) at 10:6-8 ("New York Hotel Trades exited its position in Green Dot prior to the end of the Class Period and therefore **_could_** subject the Class to unnecessary risks associated with its leadership.") (emphasis added).  There is nothing antagonistic about "rais[ing] an appropriate concern regarding a lead plaintiff movant['s]" standing and ability to represent the class.  *Doherty v. Pivotal Software, Inc.*, No. 3:19-cv-03589-CRB, 2019 WL 5864581, at *12 (N.D. Cal.

[Case No. 2:19-cv-10701-DDP-E] RESPONSE TO NEW YORK HOTEL TRADES COUNCIL & HOTEL ASSOCIATION OF NEW YORK CITY, INC. PENSION FUND'S MOTION FOR LEAVE TO FILE SUR REPLY

2

Nov. 8, 2019); *see also In re Snap Inc. Sec. Litig.*, No. 2:17-cv-03679-SVW-AGR, 2019 WL 2223800, at *2 (C.D. Cal. Apr. 1, 2019)  (disqualifying in-and-out trader who "would have to devote class resources to defending itself").

For the foregoing reasons, regardless whether the Motion for Leave is granted, the Court should: (1) appoint the Green Dot Institutional Investor Group as Lead Plaintiff for the Class in this Action and all subsequently filed, related actions; and (2) approve Labaton Sucharow and Berman Tabacco as Co-Lead Counsel for the Class.

DATED: April 6, 2020                    Respectfully submitted,


                                        By:  */s/ Nicole Lavallee*
                                             Nicole Lavallee

                                        Joseph J. Tabacco, Jr.
                                        Jeffrey V. Rocha
                                        **BERMAN TABACCO**
                                        44 Montgomery Street, Suite 650
                                        San Francisco, CA 94104
                                        Telephone: (415) 433-3200
                                        Facsimile:  (415) 433-6382
                                        Email: jtabacco@bermantabacco.com
                                                nlavallee@bermantabacco.com
                                                jrocha@bermantabacco.com

Christopher J. Keller
Eric J. Belfi
Francis P. McConville
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile:  (212) 818-0477
Email: ckeller@labaton.com
        ebelfi@labaton.com
        fmcconville@labaton.com

*Counsel for Movant Green Dot
Institutional Investor Group and
Proposed Co-Lead Counsel for the Class*

Guillaume Buell
**THORNTON LAW FIRM LLP**
One Lincoln Street
Boston, MA 02111
Telephone: (617) 720-1333
Facsimile:  (617) 720-2445
Email: gbuell@tenlaw.com

*Additional Counsel for Movant Green Dot
Institutional Investor Group*

[Case No. 2:19-cv-10701-DDP-E] RESPONSE TO NEW YORK HOTEL TRADES COUNCIL & HOTEL
ASSOCIATION OF NEW YORK CITY, INC. PENSION FUND'S MOTION FOR LEAVE TO FILE SUR
REPLY

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered users via the e-mail addresses on the court's Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the court's Manual Notice List.

*Nicole Lavallee*
Nicole Lavallee

Joseph J. Tabacco, Jr.
Jeffrey V. Rocha
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: jtabacco@bermantabacco.com
      nlavallee@bermantabacco.com
      jrocha@bermantabacco.com

Christopher J. Keller
Eric J. Belfi
Francis P. McConville
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: ckeller@labaton.com
      ebelfi@labaton.com
      fmcconville@labaton.com

*Counsel for Movant Green Dot
Institutional Investor Group and
Proposed Co-Lead Counsel for the Class*

[Case No. 2:19-cv-10701-DDP-E] RESPONSE TO NEW YORK HOTEL TRADES COUNCIL & HOTEL ASSOCIATION OF NEW YORK CITY, INC. PENSION FUND'S MOTION FOR LEAVE TO FILE SUR REPLY

Guillaume Buell
**THORNTON LAW FIRM LLP**
One Lincoln Street
Boston, MA 02111
Telephone: (617) 720-1333
Facsimile:  (617) 720-2445
Email: gbuell@tenlaw.com

*Additional Counsel for Movant Green Dot Institutional Investor Group*

[Case No. 2:19-cv-10701-DDP-E] RESPONSE TO NEW YORK HOTEL TRADES COUNCIL & HOTEL ASSOCIATION OF NEW YORK CITY, INC. PENSION FUND'S MOTION FOR LEAVE TO FILE SUR REPLY