ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS (259916)
TRICIA L. McCORMICK (199239)
JUAN CARLOS SANCHEZ (301834)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
triciam@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN KOFFSMON, on behalf of themselves and all others similarly situated,<br><br>                              Plaintiff,<br><br>     vs.<br><br>GREEN DOT CORPORATION, et al.,<br><br>                              Defendants. | Case No. 2:19-cv-10701-DDP-E<br><br><u>CLASS ACTION</u><br><br>THE PENSION FUND'S SUR-REPLY IN RESPONSE TO THE INSTITUTIONAL INVESTOR GROUP'S REPLY MEMORANDUM<br><br>DATE:    Vacated (ECF No. 54)<br>TIME:    Vacated (ECF No. 54)<br>CTRM:   9C<br>JUDGE:  Hon. Dean D. Pregerson |

4833-7876-9335.v1

The Institutional Investor Group's ("IIG") reply raises two new arguments against the New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund (the "Pension Fund") that could have, and should have, been made in opposition to the Pension Fund's motion, but were not.

First, the IIG contends that the Pension Fund "failed to disclose two actions in its PSLRA mandated certification."  ECF No. 53 at 3 n.2 (arguing that the Pension Fund failed to disclose its appointment as lead plaintiff in *Lentsch v. Vista Outdoor*, No. 1:17-cv-00012 (D. Utah) and *Fleming v. Impax Labs. Inc.*, No. 4:16-cv-06557 (N.D. Cal.)).  As the IIG is well-aware, however, that contention is false.  The plain language of the PSLRA states that a plaintiff's certification must, among other things, "identif[y] any other action under this chapter, ***filed during the 3-year period preceding the date on which the certification is signed***."  15 U.S.C. §78u-4(a)(2)(A)(v) (emphasis added).  The two actions the IIG contends were required to be included on the Pension Fund's certification were plainly filed well before the 3-year period preceding the date the Certification was signed.  Indeed, here, the Pension Fund's Certification was signed on February 10, 2020, so the PSLRA calls for the disclosure of all actions filed on or after February 10, 20***17***.  *See* ECF No. 35-2.  Yet, the *Vista Outdoor* action was filed on January 25, 2017, and the *Impax Labs.* action was filed on November 10, 2016, both ***more than*** three years before February 10, 2020.

While the PSLRA plainly does not require disclosure of either case, by conflating the dates on which the Pension Fund was ***appointed lead plaintiff*** in the two cases with the date those ***actions were filed*** (as the PSLRA actually requires), the IIG's argument renders its own Certifications defective as two IIG members similarly failed to disclose two cases in which the IIG entities themselves were ***appointed lead plaintiff*** in the three years before their Certification was signed.  Indeed, Iron Workers was appointed as lead plaintiff in *Iron Workers District Council of New England Pension Fund v. MoneyGram Int'l, Inc.*, No. 1:15-cv-

00402-LPS (D. Del.) on June 15, 2017 – less than three years from the date its Certification was signed – yet the case is not disclosed on its Certification. *See* ECF No. 25-2. Likewise, GPCPF was appointed as lead plaintiff in *Ramirez v. Exxon Mobil Corp.*, No. 3:16-cv-03111-K (N.D. Tex.) on May 3, 2017 – less than three years from the date its Certification was signed – yet the case is not disclosed in its Certification. *See* ECF No. 25-2. The reason these cases were not disclosed is simple: like the two cases the IIG claims the Pension Fund failed to disclose, the PSLRA does not require that they be included on the certifications.[1] Thus, the IIG's tardy reply argument that the Pension Fund should have disclosed two additional cases the statute does not require to be disclosed is meritless.

The IIG also argues that because the Pension Fund and/or its counsel have hypocritically argued in favor of the appointment of a group in other cases not pending before this Court, the Pension Fund cannot be the presumptively most adequate plaintiff in this case. That contention is flawed for several reasons. First, the two cases the IIG cites in which the Pension Fund moved for appointment as lead plaintiff as a member of a group were both outside the Ninth Circuit, and thus not bound by *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002), which has expressly

---

[1] It is particularly troubling that the IIG, of which Plymouth County is a member, made this argument considering that Plymouth County itself has failed to disclose cases that were – unlike here – actually required to be disclosed by the PSLRA. Nonetheless, Plymouth County argued, successfully, that such inadvertent errors are not disqualifying in the lead plaintiff context. *See City of Marysville Gen. Emps. Ret. Sys. v. Nighthawk Radiology Holdings, Inc.*, No. CV 09-659-EJL-CWD, 2010 U.S. Dist. LEXIS 41991, at *17-*18 (D. Idaho May 19, 2010), *adopted by* 2010 U.S. Dist. LEXIS 133414 (D. Idaho Dec. 16, 2010) ("There is no evidence that Plymouth intentionally omitted disclosure of the *Oshkosh* and *Coventry* cases beyond the inference that Miramar creates. Plymouth promptly corrected its mistake and provided a plausible and adequate explanation for the error. Inadvertent mistakes made in the sworn certification that do not strike at the heart of the proposed plaintiff's ability to be truthful in representing the class generally do not serve as a basis for disqualification."). While Plymouth County's inattention to detail given its other litigations might otherwise be excusable, in light of recent events, there is cause to be concerned that both Plymouth County and its counsel are too distracted (or just insufficiently careful), neither of which bodes well for the putative class. To be blunt, facts matter.

4833-7876-9335.v1

reserved the question of whether unaffiliated groups like the IIG can aggregate their separate financial interests to attain the largest financial interest designation and expressly holds that the lead plaintiff determination cannot be a "beauty contest." *Id.* at 732.

Second, that a properly constituted and functioning group ***can*** be appointed lead plaintiff is axiomatic. Here, however, the IIG ignores that it has not even attempted to justify how, ***under the facts and circumstances of this case***, the IIG is the type of cohesive group contemplated by the PSLRA. The Securities and Exchange Commission has been clear that "[e]ach proposed member of the 'group' should be evaluated separately, and the marginal benefit of including another member in the group weighed against the further division of decisionmaking authority and the attendant problems that enlargement of the group entails." *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 223-24, 228 (D.D.C. 1999) (SEC amicus curiae brief specifying reasons that ***do not*** justify adding group members, including "that there is 'strength in the group' and 'in numbers, that 'one plaintiff may have a defect and another one won't,' and that the court should 'avoid the danger of appointing a single Lead Plaintiff and Lead Counsel with significant defects,' that 'group' appeared to urge the court to adopt a presumption in favor of more rather than fewer class representatives") (citation omitted). The issues before ***this*** Court are what facts and circumstances present here justify the addition of each member of the IIG for purposes of aggregating their losses to claim the largest financial interest in ***this*** case, not what any lawyer (or movant) argued five, ten, or fifteen years ago in a different case with different considerations bound by different controlling precedent. That the Pension Fund's counsel may have taken differing positions on the appointment of groups in other cases based upon distinct facts and circumstances there "is not unethical - it's good advocacy." *Mortimer v. Diplomat Pharm. Inc.*, No. 19 C 1735, 2019 U.S. Dist. LEXIS 173407, at *10-*11 (N.D. Ill.

4833-7876-9335.v1

Oct. 7, 2019).  In fact, "Robbins Geller, when representing different parties in different litigation, is not bound to always take the same position on a question."  *Id.*

More concerning here, however, is the inconsistent positions the IIG will be forced to take in ***this*** litigation.  In two different briefs, the IIG has made arguments ***contrary*** to the claims and interests of so-called in-and-out traders like the Pension Fund ***and its own members*** Plymouth County and GPCPF despite the existence of clearly alleged partial disclosures.  *See* ECF Nos. 45, 53.  Were the IIG to be appointed lead plaintiff here, defendants will undoubtedly raise the IIG's own arguments against it (and the class) in an attempt to defeat the claims of in-and-out traders.  This would then require the IIG to do yet another about-face and argue in favor of the losses of in-and-out traders which it cannot do if it prevails on this argument at the lead plaintiff stage, as the doctrine of "judicial estoppel, 'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.'"  *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S. Ct. 1808, 1814, 149 L. Ed. 2d 968 (2001) (citation omitted).

Neither of the IIG's two new arguments against the Pension Fund's appointment as lead plaintiff, which should have (and could have) been raised in opposition to the Pension Fund's motion, have merit.  Consequently, the IIG's motion should be denied.  The Pension Fund should be appointed Lead Plaintiff.

DATED:  April 22, 2020

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
DANIELLE S. MYERS
TRICIA L. McCORMICK
JUAN CARLOS SANCHEZ

s/ Tricia L. McCormick
TRICIA L. McCORMICK

4833-7876-9335.v1

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for [Proposed]
Lead Plaintiff

4833-7876-9335.v1

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on April 22, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Tricia L. McCormick
TRICIA L. McCORMICK

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: triciam@rgrdlaw.com

# Mailing Information for a Case 2:19-cv-10701-DDP-E Esteban Koffsmon v. Green Dot Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ian D Berg**
  iberg@aftlaw.com,tkellar@aftlaw.com

- **Mark Samuel Greenstone**
  mgreenstone@greenstonelaw.com,info@glancylaw.com

- **Takeo A Kellar**
  tkellar@aftlaw.com

- **Eduard Korsinsky**
  ek@zlk.com

- **James N Kramer**
  jkramer@orrick.com,lpatts@orrick.com,jthompson@orrick.com,casestream@ecf.courtdrive.com

- **Nicole Lavallee**
  nlavallee@bermantabacco.com,sfservice@bermantabacco.com

- **Rosanne Leigh Mah**
  rmah@zlk.com,ek@zlk.com,brios@zlk.com,jtash@zlk.com,hakulp@zlk.com

- **Tricia L McCormick**
  triciam@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Danielle S Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jeffrey V Rocha**
  jrocha@bermantabacco.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com

- **Alexander K Talarides**
  atalarides@orrick.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)