Joseph J. Tabacco, Jr. (SBN 75484)
Email: jtabacco@bermantabacco.com
Nicole Lavallee (SBN 165755)
Email: nlavallee@bermantabacco.com
Kristin J. Moody (SBN 206326)
Email: kmoody@bermantabacco.com
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA  94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

*Counsel for Movant Green Dot*
*Institutional Investor Group and*
*Proposed Co-Lead Counsel for the Class*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN KOFFSMON, on behalf themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GREEN DOT CORPORATION, STEVEN W. STREIT and MARK SHIFKE,<br><br>Defendants. | No. 2:19-cv-10701-DDP-E<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GREEN DOT INSTITUTIONAL INVESTOR GROUP'S MOTION FOR RECONSIDERATION**<br><br>Date:  September 20, 2021<br>Time: 10:00 a.m.<br>Courtroom:  9C, 9th Floor<br>Judge:  Hon. Dean D. Pregerson |

# **TABLE OF CONTENTS**

I.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ............1

II.  ARGUMENT ...................................................................................................4

    A.  Reconsideration Should be Granted ...................................................4

    B.  The PSLRA Lead Plaintiff Appointment Process and the
Important Recent Clarifications By the Ninth Circuit In The
*Mersho* Decision ...............................................................................6

        1.  The Three-Step Process ...........................................................6

        2.  The Ninth Circuit's Recent *Mersho* Decision ..........................8

    C.  The Court Erred in Failing to Credit Green Dot Institutional
Investor Group with the Largest Financial Interest and in its
Analysis of Green Dot Institutional Investor Group...........................9

III.  CONCLUSION .............................................................................................14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **TABLE OF AUTHORITIES**

**Cases**

*Eichenholtz v. Verifone Holdings, Inc.*,
  No. C07-06140MHP, 2008 WL 3925289 (N.D. Cal. Aug. 22, 2008) ............... 3

*Ellis v. Costco Wholesale Corp.*,
  657 F.3d 970 (9th Cir. 2011) .............................................................. 7

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ..................................................... passim

*In re Mersho*,
  No. 20-73819, --F.3d.--, 2021 WL 3121385 (9th Cir. July 23, 2021)....... passim

*Lions Gate Entm't Inc. v. TD Ameritrade Holding Co. Inc et al.*,
  No. CV 15-05024 DDP (Ex), 2016 WL 4134495 (C.D. Cal. Aug. 1, 2016) ...... 5

*Santamarina v. Sears, Roebuck & Co.*,
  466 F.3d 570 (7th Cir. 2006) .............................................................. 5

*Smith v. Mass.*,
  543 U.S. 462 (2005) ........................................................................ 4

*United States v. LoRusso*,
  695 F.2d 45 (2d Cir. 1982) ............................................................... 4

**Statutes**

15 U.S.C. § 78u-4(a)(1) ..................................................................... 6

15 U.S.C. § 78u-4(a)(3) ..................................................................... 2

15 U.S.C. § 78u-4(a)(3)(A)(i) .............................................................. 6

15 U.S.C. § 78u-4(a)(3)(B) .................................................................. 6

15 U.S.C. § 78u-4(a)(3)(B)(i) .............................................................. 8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .................................................... 7, 10

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) .................................................... 7, 8

**Rules**

C.D. Cal. L.R. 7-18 .......................................................................... 5

C.D. Cal. L.R. 7-3 ........................................................................... 3

Fed. R. Civ. P. 23 .................................................................. 1, 10, 12

Fed. R. Civ. P. 59(b) ....................................................................... 5

Fed. R. Civ. P. 60(b) .................................................................... 4, 5

## MEMORANDUM OF POINTS AND AUTHORITIES

Lead plaintiff movant Green Dot Institutional Investor Group[1] respectfully submits this Memorandum in support of its motion (the "Motion") for reconsideration of this Court's August 6, 2021 Order (i) appointing movant New York City, Inc. Pension Fund ("Pension Fund") as lead plaintiff in the above-captioned securities class action and (ii) denying the competing motion of Green Dot Institutional Investor Group to serve as lead plaintiff (the "Lead Plaintiff Order" or "LP Order"). ECF No. 64.

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The Lead Plaintiff Order arises from competing motions for lead plaintiff in this matter.  Initially, five prospective lead plaintiffs filed motions to be appointed lead plaintiff.  Thereafter, one movant filed non-opposition to the competing lead plaintiff motions and two movants did not oppose the competing motions.  The remaining movants were Green Dot Institutional Investor Group and the Pension Fund who both opposed each other's motions.  Green Dot Institutional Investor Group's alleged aggregate losses are $1,071,666 and the Pension Fund's alleged losses are $662,539.  The competing motions were fully briefed last year.

The Private Securities Litigation Reform Act of 1995 ("PSLRA") sets out a three-step process for identifying the lead plaintiff: (1) the first step concerns publicization of the complaint and notice to putative class members of their right to seek appointment as lead plaintiff; (2) in the second step, the court must consider the losses allegedly suffered by the various plaintiff movants before selecting as the presumptive lead plaintiff the one who has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23 of the

---

[1] Green Dot Institutional Investor Group is comprised of Plymouth County Retirement Association, Greater Pennsylvania Carpenters Pension Fund, and Iron Workers District Council of New England.

Federal Rules of Civil Procedure; and (3) in the third step, other movants must be given "an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements," which must be done by proffering actual proof of inadequacy or atypicality.  15 U.S.C. § 78u-4(a)(3); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

Recently, on July 23, 2021, while the lead plaintiff motions were pending, the Ninth Circuit issued its opinion in *In re Mersho*, No. 20-73819, --F.3d.--, 2021 WL 3121385 (9th Cir. July 23, 2021), attached hereto as **Exhibit A**, granting a writ of mandamus and vacating and remanding a district court decision which declined to appoint a group of investors who the district court had found had the largest financial interest and had made a prima facie showing of adequacy and typicality, thus qualifying it as the presumptive lead plaintiff.  *Id.* at *1.  In concluding that the presumption had been rebutted, the district court erroneously found that that the group of investors had not made clear how they "found each other" which gave the court "misgivings" about the group's cohesion.  *Id.* at *5.  According to the Ninth Circuit, this was "clear error" in contravention of the PSLRA and controlling lead plaintiff jurisprudence under *Cavanaugh* as the district court placed the burden on the presumptive lead plaintiff to prove adequacy whereas the burden should have shifted to the competing movants to show inadequacy in order to rebut the presumption, with actual evidence not just conjecture.  *Id.* at *6.

The Ninth Circuit also found mandamus relief was appropriate because, inter alia:

> Petitioners raise[d] new and important issues about how courts consider the cohesion of group plaintiffs.  Although this court laid out the lead plaintiff appointment steps in *Cavanaugh*, its analysis focused on ensuring district courts were not comparing adequacy between movants when one movant had already established the statutory presumption.  *In*

*re Cavanaugh*, 306 F.3d at 732-33.  There are no cases from the Ninth Circuit guiding district courts on how to consider group cohesion at any stage of the process and many district courts have taken it into consideration in the lead plaintiff analysis.  *See Eichenholtz v. Verifone Holdings, Inc*., No. C07-06140MHP, 2008 WL 3925289, at *8 (N.D. Cal. Aug. 22, 2008) (collecting cases).

*Mersho*, 2021 WL 3121385, at *8.  As discussed below, the Court addressed this lack of guidance by making clear that mere "misgivings" about a group, as compared to another movant, is insufficient to rebut the presumption of adequacy.

After reviewing *Mersho*, Green Dot Institutional Investor Group determined that the opinion addresses key issues relevant to those in dispute here and established new and controlling law.  Thus, it determined to move the Court for permission to file a notice of supplemental authority regarding the opinion.  In order to do so, pursuant to Local Rule 7-3, Green Dot Institutional Investor Group was first required to meet and confer with opposing counsel and, only seven days after such meet and confer, could it file its motion.  Counsel for Green Dot Institutional Investor Group met and conferred with opposing counsel on July 30, 2021.  Thereafter, it filed its motion for leave to file a notice of supplemental authority at the earliest date, August 6, 2021.  ECF No. 63.  Just three hours later, this Court issued its Lead Plaintiff Order and subsequently denied the motion for leave to file a notice of supplemental authority as moot.  ECF Nos. 64, 65.

In the Lead Plaintiff Order, the Court denied Green Dot Institutional Investor Group's motion and appointed the Pension Fund, who has lesser losses, as lead plaintiff.  In its analysis of largest financial interest under the PSLRA, the Court states that "although the PSLRA itself contemplates the possibility that a 'group of persons' might be the 'most adequate plaintiff,' the Ninth Circuit has not addressed the question [of] 'whether a group can satisfy the 'largest financial interest'

requirement by aggregating losses," LP Order at 4 (citation omitted), an issue addressed in *Mersho*.  The Court then declined to aggregate the members of Green Dot Institutional Investor Group's losses in its analysis of greatest financial interest finding that "to allow [it] to aggregate its members' losses would be to undermine the PSLRA's objective of preventing lawyer-driven litigation." LP Order at 7.  The Court then found the Pension Fund, despite its lesser losses, was the movant with the largest financial interest.  LP Order at 9.  From there, the Court moved on to analyzing whether the Pension Fund had made a prima facie showing under Rule 23 and then, whether the presumption had been rebutted, and ultimately appointed the Pension Fund as the lead plaintiff.  LP Order at 9-12.

As explained below, Green Dot Institutional Investor Group respectfully submits that these findings are inconsistent with the PSLRA and new controlling law in *Mersho*, which the Court does not cite.  Indeed, in *Mersho*, the Ninth Circuit confirms that it is "clear from the statutory language" "that groups can serve as lead plaintiff," 2021 WL 3121385, at *8 n.4, and acknowledged that aggregation of losses is permissible in determining the largest financial interest in the PSLRA process for appointing a lead plaintiff, *id.* at *2 (listing aggregate totals for each movant and stating that "Group II had the largest financial interest").  Moreover, the Ninth Circuit found that speculation and "[m]isgivings [about appointing groups lead plaintiff] are not evidence," rather, competing movants must point to "evidence of inadequacy" and "convince the district court" that the presumptive lead plaintiff is not adequate.  *Id.* at *6.

## II.    ARGUMENT

### A.    Reconsideration Should be Granted

A "district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *Smith v. Mass.*, 543 U.S. 462, 475 (2005) (citing *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982)).

Reconsideration is appropriate when "there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006).

Under Rule 60(b) of the Federal Rules of Civil Procedure, a party may seek reconsideration of a final judgment or court order for any reason that justifies relief, including: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b); *see also Lions Gate Entm't Inc. v. TD Ameritrade Holding Co. Inc et al.*, No. CV 15-05024 DDP (Ex), 2016 WL 4134495, at *2 (C.D. Cal. Aug. 1, 2016) (Pergerson, J).

Central District of California Local Rule 7-18 further explains a motion for reconsideration may be made "on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered."  C.D. Cal. L.R. 7-18; *see also Lions Gate Entm't Inc.*, 2016 WL 4134495, at *2.

Here, the basis for seeking reconsideration is that shortly before the Court issued its opinion, the Ninth Circuit spoke to the issue that this Court believed to be unsettled by the Ninth Circuit – that is the "question [of] 'whether a group can satisfy the "largest financial interest" requirement by aggregating losses.'"  LP

Order at 4.  Moreover, the Ninth Circuit held that mandamus relief was appropriate in that case because "Petitioners raise[d] new and important issues about how courts consider the cohesion of group plaintiffs…There are no cases from the Ninth Circuit guiding district courts on how to consider group cohesion at any stage of the process and many district courts have taken it into consideration in the lead plaintiff analysis." *Mersho*, 2021 WL 3121385, at *8.

For the reasons discussed below, reconsideration should be granted and Green Dot Institutional Investor Group should be appointed lead plaintiff both because it must be considered the presumptive lead plaintiff under newly clarified Ninth Circuit law and because the other competing movant has failed to proffer any evidence that it is inadequate and atypical to serve as lead plaintiff.

**B.     The PSLRA Lead Plaintiff Appointment Process and the Important Recent Clarifications By the Ninth Circuit In The *Mersho* Decision**

### 1.     The Three-Step Process

The PSLRA sets forth a procedure for the appointment of a lead plaintiff in securities class actions.  15 U.S.C. §§ 78u-4(a)(1) & (a)(3)(B); *Mersho*, 2021 WL 3121385, at *4-5; *Cavanaugh*, 306 F.3d at 729.  While not at issue in the present Motion, the first step is that within twenty days of filing a class action, the filing plaintiff must publish a notice advising members of the purported class of the pendency of the action and the claims asserted, inter alia.  15 U.S.C. § 78u-4(a)(3)(A)(i); *Mersho*, 2021 WL 3121385, at *4; *Cavanaugh*, 306 F.3d at 729.

In step two – the key step here – the district court must focus on the losses allegedly suffered by the various plaintiffs in identifying as the "presumptively most adequate plaintiff" "the "person or group of persons that … has the largest financial interest" in the outcome of the case and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-

4(a)(3)(B)(iii)(I); *Mersho*, 2021 WL 3121385, at *4; *Cavanaugh*, 306 F.3d at 729-30.  "In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730.  Once the largest financial interest is established, the court must then focus its attention on ***that*** plaintiff alone and determine, based on the information that movant has provided in its pleadings and declarations, whether it satisfies the requirements of Rule 23, in particular those of "typicality" and "adequacy."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Mersho*, 2021 WL 3121385, at *4; *Cavanaugh*, 306 F.3d at 730.

Focusing on that presumptive lead plaintiff, "Courts determine whether [that] plaintiff will adequately represent a class by answering two questions: (1) do the movant and its 'counsel have any conflicts of interest with other class members' and (2) will the movant and its 'counsel prosecute the action vigorously on behalf of the class?'" *Mersho*, 2021 WL 3121385, at *5; *Ellis v. Costco Wholesale Corp*., 657 F.3d 970, 985 (9th Cir. 2011).  "[A]t this step, the process is not adversarial, so the Rule 23 determination should be based on only the movant's pleadings and declarations." *Mersho*, 2021 WL 3121385, at *4; *see also Cavanaugh*, 306 F.3d at 730.  If the movant with the largest financial stake in the controversy provides information that satisfies these requirements, it becomes the presumptively most adequate plaintiff.  *Id.*

At step three, the process "turns adversarial." *Mersho*, 2021 WL 3121385, at *5; *Cavanaugh*, 306 F.3d at 730.  Here, the presumption may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff ... will not fairly and adequately protect the interests of the class; or is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Mersho*, 2021 WL 3121385, at *5; *Cavanaugh*, 306 F.3d at 730.  However, just because "the

presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient." *Mersho*, 2021 WL 3121385, at *5; *Cavanaugh*, 306 F.3d at 729 n.2. The statute requires proof that the presumptive lead plaintiff is not adequate or is atypical. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Mersho*, 2021 WL 3121385, at *5; *Cavanaugh*, 306 F.3d at 729 n.2. If the presumption is not rebutted, the presumptively most adequate plaintiff must be selected as lead plaintiff, regardless of any preference for another group. 15 U.S.C. § 78u-4(a)(3)(B)(i); *Mersho*, 2021 WL 3121385, at *5. The PSLRA's framework does not allow for a lead plaintiff parade in which the court weighs the relative pros and cons of each plaintiff in a single "wide-ranging comparison." *Cavanaugh*, 306 F.3d at 729.

### 2. The Ninth Circuit's Recent *Mersho* Decision

The recent *Mersho* opinion is dispositive here in two ways.

First, the Ninth Circuit clarified that groups are permitted to serve as lead plaintiff under the PSLRA and acknowledges that groups of plaintiffs may satisfy the PSLRA's largest financial interest requirement by aggregating losses. *Mersho*, 2021 WL 3121385, at *2, 3, 8. In so doing, the Ninth Circuit addressed the issue that this Court believed was unsettled and formed the basis for its ruling.

Second, the Ninth Circuit in *Mersho* also provided guidance in evaluating groups at step three and found that speculation and "[m]isgivings [about appointing groups lead plaintiff] are not evidence," rather, competing movants must point to "evidence of inadequacy" and "convince the district court" that the lead plaintiff is not adequate. *Mersho*, 2021 WL 3121385, at *6.

In the district court decision giving rise to the *Mersho* opinion, the court first identified the presumptive lead plaintiff as Nikola Investment Group II ("Group II"), a group comprised of three investors that jointly applied for appointment with an aggregated $6 million interest. *Mersho*, 2021 WL 3121385, at *2. The district court found Group II had made a prima facie showing of adequacy and typicality at

step two. *Id.* Then, at step three, the district court declined to appoint Group II as lead plaintiff, finding that the investment group members had not made clear how they "found each other" which gave the court "misgivings" about the group's cohesion and ability to control counsel. *Id.* at *3. After determining that other competing movants failed to demonstrate adequacy and typicality, the court settled on a movant with the fourth-largest claimed loss. *Id.* Group II petitioned for a writ of mandamus to vacate the court's order, seeking to clarify that groups are permitted to serve as lead plaintiff under the PSLRA, and to be appointed as lead plaintiff. *Id.*

The Ninth Circuit granted the writ and vacated the district court's order, finding the district court had misapplied the PSLRA. The panel found the district court erred by failing to give effect to the presumption of adequacy and typicality established in step two, and "effectively left the burden on Group II to prove adequacy at step three." *Mersho*, 2021 WL 3121385, at *6. According to the panel, the district court penalized the presumptive lead plaintiff "for not explaining how [its members] found each other," indicating that the district court had "continued to place the burden on [it] to prove adequacy" at a point in the process where challengers bore the burden of proof. *Id.* The Ninth Circuit further held that a district court's speculation and "[m]isgivings [about appointing groups lead plaintiff] are not evidence." *Id.* Rather, competing movants must point to "evidence of inadequacy" and "convince the district court" that the lead plaintiff is not adequate. *Id.* According to the Ninth Circuit, this was "clear error." *Id.*

## C. The Court Erred in Failing to Credit Green Dot Institutional Investor Group with the Largest Financial Interest and in its Analysis of Green Dot Institutional Investor Group

In the first part of step two of the lead plaintiff process, the Court failed to give effect to Green Dot Institutional Investor Group's combined losses, which was unequivocally the largest among competing movants. Green Dot Institutional

Investor Group's aggregate financial losses of $1,071,666 are far larger than the competing movant, the Pension Fund whose losses are $662,539.  LP Order at 4-5. This should have established Green Dot Institutional Investor Group as the movant with the largest financial interest.

While the Court it in its Lead Plaintiff Order acknowledges that Green Dot Institutional Investor Group's aggregate losses were greater than the Pension Fund's, LP Order at 5 ("In the aggregate… the [Green Dot Institutional Investor Group] members' losses total $1,071,666, an amount greater than that alleged by the Pension Fund"), the Court nevertheless declined to make a finding that Green Dot Institutional Investor Groups' aggregate financial interest was the largest of the movants, where "to allow [it] to aggregate its members' losses would be to undermine the PSLRA's objective of preventing lawyer-driven litigation."  LP Order at 7.  The Court reached this conclusion because it believed that "the Ninth Circuit has not addressed the question 'whether a group can satisfy the 'largest financial interest' requirement by aggregating losses.'" LP Order at 4 (quoting *Cavanaugh*, 306 F.3d at 731 n.8).  However, in *Mersho*, which was published just before the Lead Plaintiff Order was issued and is not cited in that order, the Ninth Circuit acknowledges exactly that.  *Mersho*, 2021 WL 3121385, at *2 (listing aggregate totals for each movant and stating that "Group II had the largest financial interest" and not disturbing the district court's determination that Group II had the largest financial interest).  As such, the Court erred in failing to aggregate the members of Green Dot Institutional Investor Group's losses, and thereby not finding it has the largest financial interest.[2]

---

[2] Instead, the Court broke out each of the plaintiffs comprising Green Dot Institutional Investor Group's ***individual*** losses and compared each to the Pension Fund's losses. LP Order at 6 ("None of the [Green Dot Institutional Investor Group] individual member's losses exceed that of the Pension Fund.").  Yet, nowhere in the statute is such analysis contemplated and the PSLRA and Ninth Circuit law expressly allow for lead plaintiff groups. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I);

Had the Court correctly determined that Green Dot Institutional Investor Group had the greatest financial interest, the Court then would have proceeded to second part of step two, the Rule 23 analysis of Green Dot Institutional Investor Group.  Yet, in incorrectly determining that the Pension Fund has the greatest financial interest, the Court wrongly shifted its analysis to the Pension Fund and whether it had made a prima facie showing of adequacy and typicality, thus qualifying it as the presumptive lead plaintiff, and then at step three, whether that presumption had been rebutted.

Moreover, while the Court erred in its determination that Green Dot Institutional Investor Group did not have the largest financial interest, it also incorrectly imbued that analysis with speculative concerns beyond those authorized by the PSLRA, as made clear by the Ninth Circuit in *Mersho*.  Thus, not only do the Court's concerns have no bearing on the largest financial interest analysis, but they also are inconsistent with the scope of Rule 23 analysis.

In its lead plaintiff motion papers, Green Dot Institutional Investor Group provided detailed evidence regarding its origins, cohesiveness, motivations, and ability to independently oversee counsel and the litigation, making a prima facie showing of adequacy.  ECF No. 24 at 8-14; ECF No. 25-6 at ¶¶8-20; ECF No. 45 at 4-7.  Yet, the Court expressed speculative concern about the groups lack of a pre-existing relationship and "that any ***potential*** disagreements among the [Green Dot Institutional Investor Group]'s members will be resolved by majority vote, ***raising the possibility*** that litigation decisions will be driven by two investors … with relatively small financial interests at stake" and noting that the "Joint Declaration

---

*Cavanaugh*, 306 F.3d at 729-30.  The Ninth Circuit has long cautioned against this sort of analysis, finding that district courts cannot "depart from the statutory text because they believe some other arrangement would better serve the legislative goals." *Mersho*, 2021 WL 3121385, at \*5; *Cavanaugh*, 306 F.3d at 731-32.

provides no explanation why the [Green Dot Institutional Investor Group] has chosen to retain two separate law firms."  LP Order at 6-7 (emphasis added).

Yet in *Mersho*, the Ninth Circuit found clear error with similarly speculative analysis:

> [The District Court] considered Petitioners' joint declaration detailing how they would work together, but declined to appoint Group II based on its "misgivings" about how they would work together because Petitioners had failed to explain how they found each other.  By penalizing Petitioners for not explaining how they found each other, the district court continued to place the burden on them to prove adequacy.  Further, it based its decision on "misgivings" about a lack of cohesion or control over counsel even though the only evidence it acknowledged—the Petitioners' joint declaration—contradicts such conclusions.

*Mersho*, 2021 WL 3121385, at *6.  This Court's conjectural concerns with Green Dot Institutional Investor Group are therefore error under *Mersho*.

These errors also led this Court to impermissibly place the burden on the plaintiff with largest financial interest who had made a Rule 23 prima facie showing, to disprove the adequacy of the plaintiff with significantly smaller losses. The Court found that:

> So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.  This Court will not, therefore, consider whether [Green Dot Institutional Investor Group] would be a "more adequate" plaintiff than the Pension Fund, and [Green Dot Institutional Investor Group] has not proved that the Pension Fund is an inadequate or atypical lead Plaintiff.

LP Order at 12 (citation omitted).  As this Court's language demonstrates, the Court's failure to recognize Green Dot Institutional Investor Group as the plaintiff with largest financial stake had a domino effect on the Court's subsequent determinations in part two of step two and step three.  Indeed, in stating that it would not consider whether Green Dot Institutional Investor Group would be "more adequate," LP Order at 12, the Court acknowledges that it had not determined that it was inadequate.

Here, it is beyond dispute that the Court did not acknowledge that Green Dot Institutional Investor Group, the movant with the largest aggregate losses, was the movant with  largest financial interest.  This determination then led it to apply the Rule 23 prima facie case analysis and subsequent rebuttal of that presumption analysis to the movant who did not have the largest financial interest.  In so doing, the Court's decision departed from the PSLRA's three step process for lead plaintiff appointment and failed to give effect to the Ninth Circuit's recent *Mersho* decision.

//

//

//

## III. CONCLUSION

For the foregoing reasons, Green Dot Institutional Investor Group respectfully requests that the Court reconsider its August 6, 2021 Lead Plaintiff Order and appoint Green Dot Institutional Investor Group as lead plaintiff.

DATED: August 20, 2021                    Respectfully submitted,


                                          By:   */s/ Kristin J. Moody*
                                                Kristin J. Moody

                                          Joseph J. Tabacco, Jr.
                                          Nicole Lavallee
                                          **BERMAN TABACCO**
                                          44 Montgomery Street, Suite 650
                                          San Francisco, CA  94104
                                          Telephone: (415) 433-3200
                                          Facsimile: (415) 433-6382
                                          Email: jtabacco@bermantabacco.com
                                                 nlavallee@bermantabacco.com
                                                 kmoody@bermantabacco.com


                                          Christopher J. Keller
                                          Eric J. Belfi
                                          Francis P. McConville
                                          **LABATON SUCHAROW LLP**
                                          140 Broadway
                                          New York, NY  10005
                                          Telephone: (212) 907-0700
                                          Facsimile: (212) 818-0477
                                          Email: ckeller@labaton.com
                                                 ebelfi@labaton.com
                                                 fmcconville@labaton.com

                                          *Counsel for Movant Green Dot*
                                          *Institutional Investor Group and*
                                          *Proposed Co-Lead Counsel for the Class*

Guillaume Buell
**THORNTON LAW FIRM LLP**
One Lincoln Street
Boston, MA  02111
Telephone: (617) 720-1333
Facsimile: (617) 720-2445
Email: gbuell@tenlaw.com

*Additional Counsel for Movant Green Dot Institutional Investor Group*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 20, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered users via the e-mail addresses on the court's Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the court's Manual Notice List.

By:  */s/ Kristin J. Moody*
Kristin J. Moody

Joseph J. Tabacco, Jr.
Nicole Lavallee
**BERMAN TABACCO**
44 Montgomery Street, Suite 650
San Francisco, CA  94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: jtabacco@bermantabacco.com
        nlavallee@bermantabacco.com
        kmoody@bermantabacco.com

Christopher J. Keller
Eric J. Belfi
Francis P. McConville
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY  10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: ckeller@labaton.com
        ebelfi@labaton.com
        fmcconville@labaton.com

*Counsel for Movant Green Dot*
*Institutional Investor Group and*
*Proposed Co-Lead Counsel for the Class*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Guillaume Buell
**THORNTON LAW FIRM LLP**
One Lincoln Street
Boston, MA  02111
Telephone: (617) 720-1333
Facsimile: (617) 720-2445
Email: gbuell@tenlaw.com

*Additional Counsel for Movant Green Dot Institutional Investor Group*