ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON A. FORGE (181542)
DANIELLE S. MYERS (259916)
RACHEL L. JENSEN (211456)
TRICIA L. McCORMICK (199239)
KEVIN A. LAVELLE (292442)
JUAN CARLOS SANCHEZ (301834)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com
dmyers@rgrdlaw.com
rjensen@rgrdlaw.com
triciam@rgrdlaw.com
klavelle@rgrdlaw.com
jsanchez@rgrdlaw.com

Lead Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN KOFFSMON, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GREEN DOT CORPORATION, et al.,<br><br>Defendants. | Case No. 2:19-cv-10701-DDP-E<br><br><u>CLASS ACTION</u><br><br>NEW YORK HOTEL TRADES COUNCIL & HOTEL ASSOCIATION OF NEW YORK CITY, INC. PENSION FUND'S OPPOSITION TO MOTION FOR RECONSIDERATION OF ORDER APPOINTING LEAD PLAINTIFF<br><br>DATE: September 20, 2021<br>TIME: 10:00 a.m.<br>CTRM: 9C<br>JUDGE: Hon. Dean D. Pregerson |

4844-1903-1544.v1

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ........................................................................................ 1

II.  ARGUMENT ............................................................................................. 1

    A.   The IIG Fails to Meet the High Standard Applied to Reconsideration Motions ..................................................................... 1

    B.   *Mersho* Is Inapposite Because It Remedied an Abuse of Discretion at Step Three of the PSLRA's Process, Not Step Two, Which Is Where the IIG Contends This Court Erred .................. 2

        1.   *Mersho* Expressly Declined to Clarify that Groups Are Permitted to Serve as Lead Plaintiff Under the PSLRA Because the Statute Plainly Permits Groups to Serve as Lead Plaintiff ..................................................................... 3

        2.   *Mersho* Did Not Answer the Question of Whether a Group Can Collectively Satisfy the Largest Financial Interest Requirement by Aggregating Losses When None of the Members Individually Suffered the Greatest Loss ........... 4

        3.   *Mersho's* Finding of Clear Error at Step Three of the PSLRA's Process Is Irrelevant to This Court's Step Two Analysis ................................................................................ 6

III. CONCLUSION ........................................................................................ 10

- i -

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Borteanu v. Nikola Corp.*,
  507 F. Supp. 3d 1128 (D. Ariz. 2020)............................................................4, 5

*Fisheries Survival Fund v. Haaland*,
  2021 WL 2206426 (D.C. Cir. May 20, 2021) ......................................................4

*Henderson v. Lindland*,
  2013 WL 12123655 (C.D. Cal. Jan. 31, 2013)....................................................1

*In re Cavanaugh*,
  726 F.3d 726 (9th Cir. 2002)................................................................*passim*

*In re Cloudera, Inc. Sec. Litig.*,
  2019 WL 6842021 (N.D. Cal. Dec. 16, 2019) ......................................................9

*In re Mersho*,
  6 F.4th 891 (9th Cir. 2021)..................................................................*passim*

*Kona Enters., Inc. v. Estate of Bishop*,
  229 F.3d 877 (9th Cir. 2000) ........................................................................1

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83, 118 S. Ct. 1003, 140 L.Ed. 2d 210 (1998) ......................................4

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
  §78u-4(a)(3)(B)(iii)(I)(bb)............................................................................6

Federal Rules of Civil Procedure
  Rule 23..............................................................................................2

Local Civil Rules
  7-18..................................................................................................2
  7-18(a) ..............................................................................................2

4844-1903-1544.v1

## I.   INTRODUCTION

The Institutional Investor Group ("IIG")[1] seeks reconsideration of the Order designating the New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund as Lead Plaintiff based on the Ninth Circuit's decision in *In re Mersho*, 6 F.4th 891 (9th Cir. 2021), which the IIG contends "established new and controlling law." *See* ECF No. 68 at 3.  It did not.

*Mersho* narrowly answered an entirely different legal question and set of facts not before this Court: whether the lower court, having initially deemed a group – of which two members individually suffered the greatest losses – the presumptive lead plaintiff, failed to "give effect to the presumption" by leaving "the burden on Group II to prove adequacy at step three even though the burden should have shifted to the competing movants to show inadequacy."   6 F.4th at 901 (explaining that court deviated from the statute).   Here, by contrast, this Court did not find that the IIG possessed the largest financial interest (and thus did not designate the IIG as the presumptive lead plaintiff), nor did the Court improperly shift the burden once the presumption attached to the IIG to answer questions about its adequacy. *See* ECF No. 64.  Consequently, the Court's failure to cite *Mersho* in the Order is inconsequential.

The reconsideration motion should be denied.

## II.   ARGUMENT

### A.   The IIG Fails to Meet the High Standard Applied to Reconsideration Motions

A reconsideration motion is an "'extraordinary remedy, to be used sparingly.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  For this reason, "the standard on a Motion to Reconsider is very high," and "'[m]otions for reconsideration are generally unwelcome.'"   *Henderson v. Lindland*, 2013 WL 12123655, at *1 & n.1 (C.D. Cal. Jan. 31, 2013) (Pregerson, J.).  The only recognized

---

[1]   The IIG is comprised of Plymouth County Retirement System Association, Greater Pennsylvania Carpenters' Pension Fund, and Iron Workers District Council of New England Pension Fund.  All emphasis is added and all citations are omitted unless otherwise indicated.

- 1 -

4844-1903-1544.v1

scenario in which reconsideration pursuant to Local Rule 7-18 might be appropriate here is "a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered."  L.R. 7-18(a).  But because *Mersho* did not actually create a material difference in law from that presented to this Court, reconsideration is not warranted.

Indeed, *Mersho* reiterates the well-known *Cavanaugh* standards verbatim.  *See* 6 F.4th at 899-900; *In re Cavanaugh*, 726 F.3d 726 (9th Cir. 2002).  It is equally transparent that, contrary to the IIG's two stated reasons why *Mersho* is supposedly dispositive, *Mersho* neither answered the "question [of] 'whether a group can satisfy the "largest financial interest" requirement by aggregating losses'" nor "clarified that groups are permitted to serve as lead plaintiff."  ECF No. 68 at 3-4, 8.  In short, *Mersho* is inapposite and does not support the exceptional relief the IIG seeks.

**B.    *Mersho* Is Inapposite Because It Remedied an Abuse of Discretion at Step Three of the PSLRA's Process, Not Step Two, Which Is Where the IIG Contends This Court Erred**

In *Mersho*, the Ninth Circuit begins its lead plaintiff analysis by reiterating the three-step process articulated in *Cavanaugh* that district courts must follow in making lead plaintiff determinations in securities actions pursuant to the PSLRA.  6 F.4th at 899-900.  As the Ninth Circuit reiterated, at step two of the lead plaintiff analysis, "the district court must determine which movant" is the "'most capable of adequately representing the interests of class members'" by "'adopt[ing] a presumption that the most adequate plaintiff' is the movant with the largest financial interest who 'otherwise satisfies the requirements of Rule 23.'"  *Id.* at 899.  After the district court makes this "step two" determination that a particular movant (or group of movants) is entitled to the most adequate plaintiff presumption, the analysis continues to step three where the burden shifts to opposing movants to attempt to rebut the presumption with proof of inadequacy or unique defenses.  *Id.* at 899-900.

- 2 -

4844-1903-1544.v1

In describing the "procedural background" of *Mersho*, the Ninth Circuit explained that at step two, the district court found that the lead plaintiff movant group was entitled to the most adequate plaintiff presumption because the group both: (1) possessed the largest financial interest in the relief sought by the class and (2) made the *prima facie* showing of adequacy and typicality. *Id*. at 896-97. And, while the Ninth Circuit was summarizing the district court's ruling, the Ninth Circuit added one important fact, that "[n]otably" two group members "had the first and second largest financial interest." *Id*. at 896. The Ninth Circuit, however, was not asked to, and did not, analyze or further discuss the district court's **step two** determinations, including the district court's determination of which movant possessed the largest financial interest. *See id*. The Ninth Circuit explained that the group in *Mersho* objected to the district court's analysis at **step three** after designating the group as the presumptively most adequate plaintiff, and ultimately the Ninth Circuit found that the district court committed reversible error by failing to shift the burden to the opposing movants in **step three**. *Id*. at 896, 901.

### 1. *Mersho* Expressly Declined to Clarify that Groups Are Permitted to Serve as Lead Plaintiff Under the PSLRA Because the Statute Plainly Permits Groups to Serve as Lead Plaintiff

The IIG's argument that "*Mersho* . . . is dispositive" because "the Ninth Circuit clarified that groups are permitted to serve as lead plaintiff under the PSLRA" is counter-factual. ECF No. 68 at 8. *Mersho* expressly stated that "to the extent Petitioners seek a writ to clarify that groups can serve as lead plaintiff, that is clear from the statutory language. The district court acknowledged a group can serve as a lead plaintiff. ***No further clarification is needed***." 6 F.4th at 903 n.4. This Court's Order likewise recognized that "the PSLRA itself contemplates the possibility that a 'group of persons' might be the 'most adequate plaintiff.'" ECF No. 64 at 4. As such, *Mersho* does not support reconsideration on this basis.

- 3 -

4844-1903-1544.v1

## 2. *Mersho* Did Not Answer the Question of Whether a Group Can Collectively Satisfy the Largest Financial Interest Requirement by Aggregating Losses When None of the Members Individually Suffered the Greatest Loss

The IIG claims that in *Mersho*, the "Ninth Circuit spoke to the issue that this Court believed to be unsettled by the Ninth Circuit – that is the 'question [of] "whether a group can satisfy the 'largest financial interest' requirement by aggregating losses."'" ECF No. 68 at 5, 10 (citing 6 F.4th at 896). On the contrary, there is no discussion of aggregating losses in *Mersho*. *See* 6 F.4th at 896. Rather, the Ninth Circuit panel simply accepted the district court's ranking of the movants' relative financial interests in reciting the facts of the case in a section of the decision titled "Facts and Procedural Background." *Id.* It would be odd for the Ninth Circuit to have answered a notable open question from *Cavanaugh* without so much as even mentioning the question, let alone in a procedural background section of the decision. *See generally Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 98, 118 S. Ct. 1003, 140 L.Ed. 2d 210 (1998) ("[T]his peculiar case . . . was not meant to overrule, *sub silentio*, [prior] jurisprudence[.]"); *Fisheries Survival Fund v. Haaland*, 2021 WL 2206426, at *2 (D.C. Cir. May 20, 2021) ("*PEER*, however, never mentioned, let alone evaluated, the ripeness of the NEPA claims. The closest it came was its observation that '[t]he Bureau does not contest that issuing a renewable energy lease constitutes a major federal action. . . .' 'We do not set jurisdictional precedents *sub silentio*.'").

Answering *sub silentio* the open question from *Cavanaugh* would be even more perplexing here considering that the Ninth Circuit specifically pointed to the fact that two of the group's members in *Mersho* possessed the largest and second largest individual losses, ***something the district court had not even noted in its order***. *Compare* 6 F.4th at 896 *with Borteanu v. Nikola Corp.*, 507 F. Supp. 3d 1128, 1136 (D. Ariz. 2020). For this reason, not only did neither the district court nor the Ninth Circuit address the question presented here, but the issue surrounding a group's need

- 4 -

4844-1903-1544.v1

to aggregate the losses of its constituent members to claim the largest financial interest was not even at issue in *Mersho* (or *Cavanaugh*).  *See* 6 F.4th at 896; *Borteanu*, 507 F. Supp. 3d 1128); *see also Cavanaugh*, 306 F.3d at 731 & n.8 (recognizing that "[e]ach member of the Cavanaugh group claimed to have lost more money on Copper Mountain stock than the other two candidates combined").  In fact, the *Mersho* panel commented that the decision was "troubling because it resulted in the appointment of a lead plaintiff whose losses are less than half or one-third of what each of the Petitioners suffered individually."  6 F.4th 903 n. 3; *see also Cavanaugh*, 306 F.3d at 734 ("Here, for example, the district court appointed as lead Quinn Barton, whose estimated $59,000 loss was by far the smallest of the known plaintiffs . . . .").

Here, by contrast, the Court declined to find that the IIG qualified as the movant with the largest financial interest:

> None of the IIG's individual member's losses exceed that of the Pension Fund.  Indeed, two of the three members' combined losses (the Iron Workers Council and the Carpenters Fund) do not exceed those of the most-affected third member (Plymouth County), let alone those of the Pension Fund. . . .
>
> *      *      *
>
> [IIG] does not appear to identify, nor is the court aware of, any instance in which a court in this circuit has aggregated the financial interests of a group of smaller investors under similar circumstances.  Absent any such authority, or compelling reason why a group of three smaller investors would better serve the interests of the class than a single, large, institutional investor, this Court concludes that the Pension Fund has the largest financial interest in the relief sought.

- 5 -

4844-1903-1544.v1

ECF No. 64 at 6, 8-9.  Because the statute makes clear that this decision is inherently discretionary,[2] the Court's decision was not contrary to *Mersho*, which like *Cavanaugh*, is silent as to whether (and how) individuals with smaller losses can band together to collectively claim a larger financial interest than a single competing movant.

### 3. *Mersho's* Finding of Clear Error at Step Three of the PSLRA's Process Is Irrelevant to This Court's Step Two Analysis

Unlike here where the Court did ***not*** give the IIG the presumption at step two, in *Mersho*, the "district court made a prima facie determination at step two that Group II was adequate" "[b]ut at step three, it appeared to change its mind" without pointing to evidence by the competing movants.  6 F.4th at 901.  This, the *Mersho* panel held, "does not comport with the burden-shifting process Congress established in the PSLRA." *Id.*

Even more problematic for the IIG, the Ninth Circuit panel in *Mersho* went further, reiterating that "District courts have 'latitude' in what information they can consider to assess adequacy" at step two and acknowledging that "[m]any district courts have considered the lack of a pre-litigation relationship as part of their adequacy analysis ***at step two*** because it may indicate that members may not work together well to vigorously prosecute the litigation or they might not be able to control counsel." *Id*.  Glossing over this language, the IIG seemingly argues that under *Mersho* a district court can ***never*** properly consider a group's formation, pre-litigation relationships, or cohesion in making the lead plaintiff determination.  ECF No. 68 at 9-12.  That is incorrect.

While the Ninth Circuit did, in part, grant mandamus relief because "[t]here are no cases from the Ninth Circuit guiding district courts on how to consider group cohesion at any stage of the process and many district courts have taken it into

---

[2]  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb) ("***in the determination of the court***, has the largest financial interest in the relief sought by the class").

- 6 -

consideration in the lead plaintiff analysis," (6 F.4th at 903), the Ninth Circuit also specifically instructed – after finding the district court erred in *step three* by failing to give effect to the presumption – "*[t]his is not to say that district courts are precluded from considering pre-litigation relationships or cohesion altogether*." *Id.* at 901. Rather, the Ninth Circuit clarified that the consideration of a particular group's cohesion must be done when determining whether the group has made its *prima facie* showing at *step two* of the process. *See id.* (citing with approval a court that considered a group's cohesion at step two).

This is precisely what the Court did in this case. Because none of the IIG's members alone could claim the single largest financial interest, the Court found that the facts underlying unrelated group's formation prevented it from aggregating its members' losses to claim the most adequate plaintiff presumption at step two of the three-step process. ECF No. 64 at 4-8.[3] And, the IIG cannot cite to any Ninth Circuit opinion, let alone any language in *Mersho*, that prevents a district court from exercising its discretion in this way at step two of the lead plaintiff determination, particularly where none of the lawyer-driven group's members possess the largest individual loss. In fact, *Mersho* recognized that one of the main purposes of the PSLRA was to ensure that the leader of the class has the greatest incentive to watch over counsel. 6 F.4th at 898. If multiple funds with multiple counsel lack preexisting relationships or other indicia of cohesiveness, it would be contrary to the statute to aggregate their losses. Stated differently, if their only connection is that of the different lawyers separately representing each of them, one's losses provide no more incentive to another than would any other class member's losses. Similarly, the IIG gave the Court no reason to think that one fund represented by its own counsel would

_____

[3] Because two group members in *Mersho* themselves possessed the largest two individual losses, *Mersho* is as inapplicable to the lead plaintiff determination here as the other cases cited by the IIG that the Court distinguished. *See* ECF No. 64 at 6 (distinguishing cases appointing unrelated groups based in part "upon the fact that one individual member of the proposed group, even standing alone, had a greater financial interest than any other proposed lead plaintiff").

- 7 -

4844-1903-1544.v1

have the opportunity or power to watch over another fund's counsel. *See* ECF No. 64 at 6 (noting "possibility that litigation decisions will be driven by two investors . . . with relatively small financial interests at stake"). As the Court's Order recognized, the IIG is just four distinct entities with separate incentives and separate counsel – and not one of them had the largest financial interest. *Id.* at 8-9. Thus, while groups can serve as lead plaintiffs, *Mersho* is in accord with this Court's finding that more is required from a group before the disparate member's losses should be aggregated over the losses of a single competing movant. *Compare id.* at 8-9 *with Mersho*, 6 F.4th at 901-02.

Once this Court discretionarily held that the IIG was not a cohesive group and could not claim the largest financial interest without inappropriately aggregating its members' losses – and therefore failed to meet the lead plaintiff requirements at ***step two*** – the IIG was correctly never given the most adequate plaintiff presumption. ECF No. 64 at 9. Thus, unlike in *Mersho* where the district court erred in step three of the process after granting the group the most adequate plaintiff presumption, this Court's analysis never reached step three as to the IIG. Rather, finding the Pension Fund to be the only movant that met both of the requirements at step two, the Court, as instructed by *Cavanaugh*, correctly moved to the third step of the analysis by focusing on whether any competing movant rebutted the presumption in favor of the Pension Fund. *Id.* at 9-11. And, because the IIG does not assert that the Court erred in finding the presumption unrebutted with regard to the Pension Fund, the Order appointing the Pension Fund should be affirmed.

### C.  Even Ignoring the Aggregation Issue, the IIG Still Fails to Meet the Presumption Prerequisites

Even if the Court were to accept the IIG's aggregated financial interest as the largest financial interest, the Order should still be affirmed based upon the fact that the IIG cannot meet the third prerequisite of being named the presumptively most adequate plaintiff – a *prima facie* showing of adequacy. *Mersho* specifically approves

- 8 -

4844-1903-1544.v1

of district courts considering a group's formation and cohesion at this step two adequacy determination.  6 F.4th at 899-900.  In fact, the Ninth Circuit cites with approval a district court that considered a group's cohesion and pre-litigation relationships at step two and ultimately found the group's adequacy lacking.  *Id.* (citing *In re Cloudera, Inc. Sec. Litig.*, 2019 WL 6842021, at *6-*8 (N.D. Cal. Dec. 16, 2019)).  As the Ninth Circuit explained, "courts have 'latitude' in what information they can consider to assess adequacy" at step two.  *Id.*  Indeed, "courts often consider a pre-litigation relationship along with other factors such as the size of the group, how the members found their counsel, and the prosecution procedures set out in their filings." *Id.* at 902.  So long as this analysis is conducted at **step two** of the process, there is no abuse of discretion.  *See id.*

In fact, rather than simply appoint the group as lead plaintiff in *Mersho*, the Ninth Circuit "remand[ed] to the district court to redetermine the lead plaintiff in a manner that is consistent with this opinion." *Id.* at 903.  It thus remains to be seen whether the group in *Mersho* succeeds in being appointed when the district court reconsiders the adequacy evidence at the proper stage of the analysis as this Court did.

In sum, the Order here, recognizing that "the PSLRA does not expressly prohibit groups from being collectively appointed lead plaintiff," considered similar factors as those outlined in *Mersho* in determining that the IIG was an inappropriate, lawyer-driven group.  *See* ECF No. 64 at 5-8; *Mersho*, 6 F.4th at 901-02.  The Order found that the IIG, none of whom possessed an individual loss greater than the Pension Fund's loss, lacked a pre-existing relationship and "only came into being with the facilitation" of counsel, that the Joint Declaration raises the "possibility that litigation decisions will be driven by two investors . . . with relatively small financial interests at stake," and the group "provides no explanation why the [IIG] has chosen to retain two separate law firms." ECF No. 64 at 6-7.  Each of these factors supported this Court's conclusion that "to allow the [IIG] to aggregate its members' losses would be to undermine the PSLRA's objective of preventing lawyer-driven

- 9 -

litigation." *Id.* at 7. *Mersho* is in accord. 6 F.4th at 901-02 ("Many district courts have considered the lack of a pre-litigation relationship as part of their adequacy analysis at step two because it may indicate that members may not work together well to vigorously prosecute the litigation or they might not be able to control counsel."). As a result, and following the process set forth in *Cavanaugh* and *Mersho*, even if the Court were to assume that the IIG could collectively claim the largest financial interest (it cannot), the IIG would still fail to meet its showing of adequacy at step two and could not trigger the most adequate plaintiff presumption.

Consequently, the Court did not err in failing to cite *Mersho* because that decision actually supports the Court's ultimate conclusion that the Pension Fund should be the Lead Plaintiff in this case.

## III.   CONCLUSION

The Ninth Circuit in *Mersho* was not asked to address, nor did it answer, the question of whether, at step two of the lead plaintiff process, a group can aggregate its losses to claim the largest financial interest, particularly where the group is not cohesive and none of the group's members suffered the largest loss individually. Rather, *Mersho* sought to remedy the district court's failure to shift the burden of proof and give effect of the presumption at step three of the lead plaintiff process. As a result, this Court did not err in failing to cite *Mersho* in its Order holding that the IIG failed to meet the lead plaintiff requirements at step two.

The IIG's motion for reconsideration should be denied.

DATED:  August 30, 2021                    Respectfully submitted,

                                           ROBBINS GELLER RUDMAN
                                             & DOWD LLP


                                           s/ Danielle S. Myers
                                           DANIELLE S. MYERS

- 10 -

4844-1903-1544.v1

JASON A. FORGE
DANIELLE S. MYERS
RACHEL L. JENSEN
TRICIA L. McCORMICK
KEVIN A. LAVELLE
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Lead Plaintiff

PITTA LLP
VINCENT F. PITTA
120 Broadway, 28th Floor
New York, NY  10271
Telephone: 212/652-3890
212/652-3891 (fax)

Additional Counsel for Lead Plaintiff

- 11 -

4844-1903-1544.v1

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 30, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: dmyers@rgrdlaw.com

4844-1903-1544.v1

# Mailing Information for a Case 2:19-cv-10701-DDP-E Esteban Koffsmon v. Green Dot Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ian D Berg**
  iberg@aftlaw.com,tkellar@aftlaw.com

- **Mark Samuel Greenstone**
  mgreenstone@greenstonelaw.com,mark-greenstone-9025@ecf.pacerpro.com,info@glancylaw.com,cynthia-5403@ecf.pacerpro.com,info@greenstonelaw.com

- **Rachel L Jensen**
  rjensen@rgrdlaw.com,agonzales@rgrdlaw.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Takeo A Kellar**
  tkellar@aftlaw.com

- **Eduard Korsinsky**
  ek@zlk.com

- **James N Kramer**
  jkramer@orrick.com,lpatts@orrick.com,casestream@ecf.courtdrive.com

- **Nicole Lavallee**
  nlavallee@bermantabacco.com,sfservice@bermantabacco.com

- **Tricia L McCormick**
  triciam@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Kristin J Moody**
  kmoody@bermantabacco.com,sfservice@bermantabacco.com

- **Danielle S Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jeffrey V Rocha**
  jrocha@bermantabacco.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com,lrosen@ecf.courtdrive.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Alexander K Talarides**
  atalarides@orrick.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing

Case 2:19-cv-10701-FLA-E Document 72 Filed 08/30/21 Page 17 of 17 Page ID #:968

program in order to create notices or labels for these recipients.

- (No manual recipients)