ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON A. FORGE (181542)
RACHEL L. JENSEN (211456)
CHRISTOPHER R. KINNON (316850)
JOHN M. KELLEY (339965)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com
rjensen@rgrdlaw.com
ckinnon@ rgrdlaw.com
jkelley@ rgrdlaw.com

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GREEN DOT CORPORATION SECURITIES LITIGATION | Case No. 2:19-cv-10701-DDP (Ex) |
| | <u>CLASS ACTION</u> |
| | PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS AMENDED COMPLAINT |
| | DATE: November 7, 2022<br>TIME: 10:00 a.m.<br>CTRM: 9C<br>JUDGE: Hon. Dean D. Pregerson |

4880-8112-8750.v1

## I.   INTRODUCTION

Several years ago, the Ninth Circuit identified "a concerning pattern in securities cases like this one: exploiting the[] procedures [of judicial notice and incorporation-by-reference doctrine] improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage."[1]  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  Ignoring the Ninth Circuit's admonition – and *Khoja* altogether – Defendants' Request for Judicial Notice in Support of Defendants' Motion to Dismiss Amended Complaint (ECF 86-1) ("RJN")[2] perpetuates the same concerning pattern by asking this Court to "take judicial of, or otherwise consider" *32* extrinsic documents spanning *1,100 pages* as part of their motion to dismiss.  ECF 86-1 at 2-5.[3]

Defendants' RJN is improper for several reasons, not the least of which is their use of voluminous exhibits to present an alternative set of "facts" contradicting the allegations of the Complaint.[4]  *See Khoja*, 899 F.3d at 999 ("If defendants are permitted to present their own version of the facts at the pleading stage . . . it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief.").  While the *existence* of Defendants' exhibits may not be in dispute, the truth of their contents certainly is.  And because Defendants cite the extrinsic documents to create factual disputes about the Complaint's factual allegations, the Court cannot accept them as true in deciding Defendants' motion to dismiss under *Khoja*.

---

[1]   All citations are omitted and emphasis is added unless otherwise noted.

[2]   Plaintiffs are Lead Plaintiff New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund and Teamsters Local Union No. 727 Pension Fund.  Defendants are Green Dot Corporation, Steven W. Streit, and Mark Shifke (the "Individual Defendants" and collectively with Green Dot, "Defendants").

[3]   All pinpoint cites to "ECF" entries are to the pagination automatically generated by the CM/ECF system.

[4]   The Complaint refers to the Amended Complaint for Violations of the Federal Securities Laws, filed on  April 1, 2022 (ECF 83).

- 1 -

For the reasons below, Plaintiffs respectfully submit that the Court should deny Defendants' RJN.  Alternatively, should the Court be inclined to consider any of the exhibits submitted by Defendants for their truth in deciding the motion, Plaintiffs respectfully request discovery concerning any such document under Federal Rule of Civil Procedure 56(f) prior to a decision on the motion to dismiss.

## II.    APPLICABLE LEGAL STANDARDS

As in their motion to dismiss, Defendants' RJN relies on outdated case law.  In *Khoja*, the Ninth Circuit clarified the extent to which courts in this Circuit may judicially notice or incorporate documents into the complaint at the pleading stage.  *See* 899 F.3d at 998.

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure."  *Khoja*, 899 F.3d at 998.  When "'matters outside the pleading are presented to and not excluded by the court,' the 12(b)(6) motion converts into a motion for summary judgment under Rule 56."  *Id.*  In that case, "both parties must have the opportunity 'to present all the material that is pertinent to the motion.'"  *Id.*

There are two limited exceptions to the rule that courts may not consider outside evidence on a motion to dismiss.  First, courts may take judicial notice of matters of public record "not subject to reasonable dispute" pursuant to Federal Rule of Evidence 201.  Fed. R. Evid. 201(b).  A fact is "not subject to reasonable dispute" if it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(1)-(2).  "But a court cannot take judicial notice of disputed facts contained in such public records."  *Khoja*, 899 F.3d at 999.

Second, courts may consider documents under the "incorporation-by-reference doctrine."  Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself.  *Khoja*, 899 F.3d at 1002.  However, to qualify, a document must be

- 2 -

4880-8112-8750.v1

referred to "extensively" by plaintiffs: "'the mere mention of the existence of a document is insufficient to incorporate the contents of a document'" under Ninth Circuit law. *Id.* Further, "if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." *Id.* (citing, *inter alia*, *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 995-96 (S.D. Cal. 2005) (declining to incorporate numerous exhibits in a Securities and Exchange Commission ("SEC") action where the complaint did not mention or rely on them, but the defendants instead "offer[ed] the documents as evidence that Defendants did not commit a securities violation")).

The Ninth Circuit has warned against "incorporating documents en masse into complaints." *Khoja*, 899 F.3d at 1014. Among other reasons, "[o]nce documents are incorporated into a complaint, a district court faces competing, often inconsistent versions of the facts." *Id.* This enterprise is prejudicial to plaintiffs, moreover, because, "[a]lthough plaintiffs are ordinarily afforded the benefit of every favorable inference, the incorporation-by-reference doctrine can allow defendants to exploit that benefit for themselves." *Id.*

Defendants cite *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006), to argue the Court may accept the truth of documents incorporated by reference. *See* ECF 86-1 at 2-3. But they ignore the Ninth Circuit's later *Khoja* decision, which said of *Marder*: "Although incorporation by reference generally permits courts to accept the truth of matters asserted in incorporated documents . . . ***it is improper to do so only to resolve factual disputes against the plaintiff's well-pled allegations in the complaint***." *Khoja*, 899 F.3d at 1014. *Khoja* explained why: the "incorporation-by-reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage." *Id.*

- 3 -

4880-8112-8750.v1

## III.  DEFENDANTS' REQUEST SHOULD BE DENIED AS AN IMPROPER ATTEMPT TO ARGUE THEIR OWN VERSION OF THE FACTS AT THE PLEADING STAGE

Defendants' RJN should be denied as improperly seeking to incorporate documents en masse into the Complaint; arguing their own version of the facts at the pleading stage; and failing to identify any specific noticeable fact in any event.

### A.  Defendants Improperly Seek to Incorporate or Notice Documents en Masse into the Complaint

Defendants' RJN utterly disregards *Khoja*'s admonition against "incorporating documents en masse into complaints." 899 F.3d at 1014.  Indeed, Defendants casually ask the Court to wholesale accept as true 1,100 pages of extrinsic documents and incorporate at least 936 of them into the Complaint for purposes of analyzing their motion to dismiss arguments. *See* ECF 86-1 at 2-3.  Defendants' overly broad request is aggravated by their failure to clearly articulate which documents should be incorporated versus judicially noticed (*id.* at 3-5), and they do not carry their burden to justify their request other than to provide a skeletal chart of document titles, bare paragraph references to the Complaint, and the pagination of the exhibits. *Id.*  This bare-bones request falls far short of Defendants' burden to demonstrate why each individual document qualifies under either Rule 201 or the incorporation-by-reference doctrine. *See Khoja*, 899 F.3d at 1002.

Moreover, in seeking to incorporate 32 voluminous exhibits en masse, Defendants would burden this Court with analyzing not just Plaintiffs' succinct Complaint but nearly 1,200 pages of dense financial information, which requires financial expert analysis to dissect. (And Defendants complain of a puzzle pleading! *See* ECF 86 at 23.)[5]  But nothing requires the Court, or Plaintiffs for that matter, to undertake the burden of sorting through Defendants' unwieldy submission to

---

[5]  Defendants' Motion to Dismiss Amended Complaint and Memorandum of Points and Authorities in Support Thereof (ECF 86).

- 4 -

4880-8112-8750.v1

determine what in their avalanche of paper could be properly incorporated into the Complaint or judicially noticed or for what purpose. *See* 999 F.3d at 1005.

The Court should thus reject Defendants' attempt to inject 1,100 pages of documents en masse into the Complaint.

### B. Defendants Improperly Ask the Court to Accept the Truth of Exhibits Used to Dispute Facts in the Complaint

Defendants' request should also be denied because their exhibits are submitted improperly to dispute the Complaint's factual allegations. As aforementioned, the Ninth Circuit in *Khoja* limited *Marder* (cited by Defendants) by holding that "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage." *Khoja*, 899 F.3d at 1003 (citing, *inter alia*, *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) ("At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff.").

Here, Defendants' sole purpose for submitting 1,100 pages of extrinsic materials is to dispute the factual allegations of the Complaint. Indeed, Defendants' statement of the "relevant background" in their motion to dismiss cites only two paragraphs of the Complaint but dozens of pages of their own exhibits. *See* ECF 86 at 12-15. These are not innocuous, undisputed facts. Defendants weave together an alternative reality, including untested figures and sums in a chart they cite in asking the Court to conclude that "Green Dot's business largely thrived throughout the Class Period." ECF 86 at 15.

Although, for example, Exhibits 16-26 and 28 appear to be copies of conference call transcripts and analyst reports cited in the Complaint, Defendants cite them to dispute the Complaint's factual allegations about the failure to disclose adverse facts about Green Dot's declining legacy prepaid card business. *See, e.g.*, ECF 86 at 11,

- 5 -

4880-8112-8750.v1

13, 35.  Illustrative is Defendants' citation to the analyst report in Exhibit 29 to dispute the Complaint's factual allegations about how Green Dot's product-mix trend was obscured.  *Compare* ECF 86 at 20 *with*, *e.g.*, ¶¶53, 75.[6]  But not only does this analyst report undermine Defendants' argument by complaining of "limited visibility" into Green Dot's business model during the Class Period, it is inappropriate at this stage because the market's understanding of Defendant's misleading statements and omissions are determinations for the trier of fact.  *See, e.g.*, *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1025 (C.D. Cal. 2008).  The Court should, therefore, disregard these exhibits, along with Defendants' questionable descriptions of their contents and the liberal inferences they draw therefrom, in deciding the motion to dismiss.  *See Khoja*, 899 F.3d at 1000 ("Reasonable people could debate what exactly this conference call disclosed about [defendant's business].").

Worse, Defendants submit documents not referenced anywhere in the Complaint.  For example, the Forms 4 and Form 13G in Exhibits 30-32 provide some information about stock sales in 2017-2019, but they do not show whether Streit "retained the vast majority of stockholdings," whether Shifke "retained the vast majority" of his shares, or whether the "stock sales during the Class Period were also consistent with his past trading."  ECF 86  at 42-43.  Neither can the Court consider these exhibits as evidence that the Individual Defendants' Class Period sales "were executed pursuant to a pre-determined, automatic 10b5-1 trading plan," or the percentage of stock sold, contrary to the allegations of the Complaint.  *Id.* at 42; *see, e.g.*, *NDX Advisors, Inc. v. Advisory Fin. Consultants, Inc.*, 2012 WL 174942, at *3 (N.D. Cal. Jan. 20, 2012) (judicial notice may not "'prove the truth of the documents' contents'").  Indeed, Defendants did not even bother attaching Streit's or Shifke's 10b5-1 trading plans.  These exhibits also raise questions about the vehicle(s) used for

---

6   All "¶__" and "¶¶__" are to the Complaint.

- 6 -

4880-8112-8750.v1

stock transactions, as Streit's forms refer to a family trust. And this is just scratching the surface.

The Court cannot accept the truth of Defendants' voluminous exhibits because they are submitted to dispute the factual allegations of the Complaint.

### C. Defendants Invite Error by Asking the Court to Judicially Notice Exhibits 30-32

Defendants go far afield by asking the Court to judicially notice the entire contents of Exhibits 30-32, which they represent to be SEC forms filed by the Individual Defendants related to their stock sales.

As the Ninth Circuit explained in *Khoja*, however, even if the source of the document is reliable, that "is only part of the inquiry under Rule 201(b)." 999 F.3d at 1001. "A court must also consider – and identify – which fact or facts it is noticing from such a transcript." *Id.* at 999. Indeed, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id.*; *see also Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008) ("The truth of the content, and the inferences properly drawn from them, however, is not a proper subject of judicial notice under Rule 201.").

Here, Defendants do not specify what fact(s) the Court should judicially notice from these SEC filings, let alone explain why the Court should do so. Indeed, the questions raised by Exhibits 30-32 demonstrate that, as in *Khoja*, any relevant fact they might establish is disputed. *See* 999 F.3d at 1000 (finding "there is no fact established by the [exhibit submitted by defendants] not subject to reasonable dispute, and the fact identified does not qualify for judicial notice under Rule 201(b)."); *supra* at III.B. Hand in hand with their assertions regarding Defendants' individual trades and scienter, Defendants' refer the Court to their Exhibit 8, the Form 10-Q for Q3 2019, as support for Green Dot's stock buyback program. ECF 86 at 41. However, Defendants ask the Court to extend an inference from the existence of the buyback

- 7 -

4880-8112-8750.v1

program all the way to the "logic" of the Individual Defendants' trades.  Such an inference would again intrude upon the jury and is an improper use of judicial notice. *See Patel*, 253 F.R.D. at 546.  And as above, despite Defendants' blanket assertions that the exhibits are referred to "extensively," Exhibit 8 is not referenced anywhere in the Complaint, and is thus an improper subject for incorporation as well as judicial notice.

The Court should, therefore, decline Defendants' request to judicially notice Exhibits 30-32 for any fact other than their existence.

### D.    Exhibits 1-15 and 27 Do Not Qualify for Incorporation or Judicial Notice Other than for Their Existence

Leaving the truth of their contents aside, Exhibits 1-15 also do not otherwise qualify for incorporation by reference or judicial notice.  Defendants ask the Court to consider the 700 pages of Exhibits 1-15 on the canard that "Plaintiff expressly references and quotes from [these] documents."  ECF 86-1 at 2.

Although "a defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim,'" "'the mere mention of the existence of a document is insufficient to incorporate the contents of a document.'"  *Khoja*, 899 F.3d at 1002. Further, "if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims."  *Id.*

Here, Defendants' Exhibits 1-15 are SEC forms filed before and during the Class Period by Green Dot, including on Forms 10-K, 10-Q, and 8-K.  The Complaint quotes two of these documents for factual context and does not plead misleading statements from any of them.  The only references to these documents is in ¶¶18, 59, and 89 of the Complaint, which refers to Defendants' Exhibit 1, a pre-Class Period Form 10-K, in a factual "Overview" section (¶18); quotes Defendants' Exhibit 13, a

- 8 -

4880-8112-8750.v1

May 8, 2019 8-K, as background to introduce misleading statements from a conference call the same day; and refers to Defendants' Exhibit 15, a November 7, 2019 8-K, in support of Defendants' knowledge of key metrics.  The remaining 12 SEC forms are not mentioned in the Complaint at all.  The only other reference to these documents is in ¶96, in the "Scienter" section, which notes without reference to any specific document that Streit and Shifke controlled the content of the SEC filings and signed the Forms 10-K and 10-Q.

Because these documents are not referenced extensively and do not form the basis for Plaintiffs' legal claims, the Court should decline to incorporate them into the Complaint for purposes of Defendants' motion to dismiss.  *See Khoja*, 899 F.3d at 1002; *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("the mere mention of the existence of a document is insufficient to incorporate the contents of a document").

As to Exhibit 27, Defendants cite a portion of an analyst report that is not cited in the Complaint to foment a factual dispute about the market's view of Green Dot's business.  *See* ECF 86 at 21; Exhibit 27 (William Blair Equity Research "*Preview: Expect Solid Quarter, Looking for Announcements of New BaaS Partners*").  But the exhibit cannot be incorporated by reference because it is not cited in the Complaint, and it may not otherwise be judicially noticed because Defendants offer it to challenge the Complaint's well-pleaded facts.  *See* ECF 86, Exhibit 27.  Thus, the Court should disregard Exhibit 27 entirely.  *See Khoja*, 899 F.3d at 998.

**IV.  ALTERNATIVELY, IF THE COURT CONSIDERS DEFENDANTS' EXHIBITS FOR THEIR TRUTH, IT MUST CONVERT THE MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT**

Should the Court consider Defendants' 32 exhibits for anything more than their existence, it should convert Defendants' RJN to a motion for summary judgment.  *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside of the pleadings are . . . not excluded by the court, the motion must be treated as one for

- 9 -

4880-8112-8750.v1

summary judgment under Rule 56."). Once the motion is converted into one for summary judgment, Plaintiffs must be afforded an opportunity to conduct discovery "to present all the material that is pertinent" by Defendants' motion. Fed. R. Civ. P. 12(d).

Indeed, by relying on 1,100 pages of extrinsic documents to make their dismissal arguments, Defendants have raised factual disputes that can only be resolved on a motion for summary judgment or trial. For example, Defendants use the exhibits to manufacture factual disputes about whether the timing or quantity of Defendants Streit's and Shifke's stock sales negate an inference of scienter. But Plaintiffs should get document discovery and cross-examine Streit and Shifke before the facts can be adjudicated. Thus, Plaintiffs request an opportunity take discovery about these and the other exhibits, as well as Defendants' related assertions, if the Court considers them substantively.

## V.   CONCLUSION

For the foregoing reasons, the Court should reject Defendants' attempt to exploit the judicial-notice and incorporation-by-reference procedures. If, however, the Court is inclined to consider any of the 1,100 pages of exhibits submitted by Defendants, the Court should convert Defendants' motion into a motion for summary judgment and allow Plaintiffs discovery before any ruling on the motion.

DATED: August 19, 2022

ROBBINS GELLER RUDMAN
 & DOWD LLP
JASON A. FORGE
RACHEL L. JENSEN
CHRISTOPHER R. KINNON
JOHN M. KELLEY


s/ Rachel L. Jensen
RACHEL L. JENSEN

- 10 -

4880-8112-8750.v1

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

PITTA LLP
VINCENT F. PITTA
120 Broadway, 28th Floor
New York, NY  10271
Telephone: 212/652-3890
212/652-3891 (fax)

Additional Counsel for Plaintiffs

- 11 -

4880-8112-8750.v1