JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
M. TODD SCOTT (SBN 226885)
tscott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105
Telephone:  (415) 773-5700
Facsimile:   (415) 773-5759

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| IN RE GREEN DOT CORPORATION SECURITIES LITIGATION | Case No. 2:19-cv-10701-DDP-E<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**<br><br><u>Hearing</u><br>Date:     November 7, 2022<br>Time:     10 a.m.<br>Judge:   Hon. Dean D. Pregerson<br>Ctrm:    9C |

Defendants Green Dot Corporation ("Green Dot" or the "Company"), Steven W. Streit, and Mark Shifke ("Individual Defendants," and with Green Dot, "Defendants") respectfully submit this reply in further support of their Request for Judicial Notice in Support of Defendants' Motion to Dismiss Amended Complaint ("Request" or "RJN").

## I. THE COURT MAY CONSIDER DOCUMENTS INCORPORATED BY REFERENCE INTO THE COMPLAINT OR OTHERWISE SUBJECT TO JUDICIAL NOTICE

Plaintiff's opposition to Defendants' RJN ("Opp. to RJN") misses the mark for several reasons.

*First,* Plaintiff objects to the length of the documents subject to judicial notice. *See* Opp. to RJN 4-5. But the court's caution in *Khoja v. Orexigen Therapeutics, Inc.* against "incorporating documents *en masse* into complaints" creates no length limitation; it instead cautions courts against incorporating documents without either evaluating whether they meet the relevant standard or drawing inferences in favor of the plaintiff, as they must at this stage. 899 F.3d 988, 1002, 1114-15 (9th Cir. 2018) (emphasis added). As Defendant's Request shows, RJN Exhibits 1 through 32 meet the standard for *both* incorporation-by-reference *and* judicial notice under Fed. R. Evid. 201.

*Second*, Plaintiff misreads *Khoja* to suggest that the Exhibits cannot be taken for the "truth" of the contents contained therein. *See* Opp. to RJN at 5-7. But as *Khoja* itself recognizes, "a court 'may assume an incorporated document's contents are true for purposes of a motion to dismiss.'" 899 F.3d at 1003 (alterations omitted). And while *Khoja* "holds that an incorporated or noticed document's truth may not be assumed if the purpose is to dispute or create a defense to a well-pled fact in a complaint," "*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations." *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (emphasis in original).

- 1 -

Moreover, as the court in *Eventbrite* properly recognized, nothing in *Khoja* disturbs the need for a court to "analyz[e] an alleged false [or misleading] statement *in context*." *Id.* (emphasis added). Indeed, Plaintiff objects to Defendants' incorporation by reference of documents "*cited in the complaint*" precisely because they challenge the Complaint's allegations about "the failure to disclose adverse facts about Green Dot's declining legacy prepaid card business." Opp. to RJN at 5-6 (emphasis added). But the very purpose of the incorporation-by-reference doctrine is to "prevent artful pleading" by plaintiffs "selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken— or doom—their claims." *Khoja*, 899 F.3d at 1002-03. Simply put, "[t]o allege falsity under the PSLRA, Plaintiff 'must account for the entirety of [the statements] on which they rely, and not simply invoke selective quoting to make their claims.'" *Lu v. Align Tech., Inc.*, 417 F. Supp. 3d 1266, 1276 (N.D. Cal. 2019).

Indeed, where plaintiffs in securities actions "rely in part on [individual defendants'] 'suspicious' stock sales to argue that [d]efendants made the allegedly fraudulent statements with scienter"—as Plaintiff has done here, AC ¶ 97—"[c]ourts in this circuit have routinely taken judicial notice of Forms 4 to determine whether insider stock sales raise an inference of scienter." *Azar v. Yelp, Inc.*, 2018 WL 6182756, *4 (N.D. Cal. Nov. 27, 2018); *see also Park v. GoPro, Inc.*, 2019 WL 1231175, *7 (N.D. Cal. Mar. 15, 2019) (taking judicial notice of Forms 4 to show that individual defendants sold shares pursuant to a 10b5-1 plan).

That said, Defendants do not even ask this Court to take Exhibits 1-29 for the truth of the matters stated therein: the point is to show *what Defendants stated*. That is, for example, regardless of whether Green Dot's legacy prepaid business actually made up an increasingly small share of Green Dot's growth over the Class Period, the key is whether Defendants repeatedly disclosed this allegedly "true fact" to investors—as the Exhibits demonstrate that they did. *See* Mot. at 21-23; *City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*, 2019 WL 6877195, at *20 (N.D.

- 2 -

Cal. Dec. 17, 2019) ("[T]he Court does not assume that Oracle's stated reasons for change in its financial reporting are true—only that the Company provided a reason."). Moreover, *which* earnings figures were disclosed to investors in SEC filings, for example, or *which* words were spoken during earnings calls, are not questions "subject to reasonable dispute"—even if the court were to assume that the truth of those figures or words may be disputed. *See Khoja*, 899 F.3d at 999.

*Third*, Plaintiff relies on *Khoja* for the proposition that the facts established by Exhibits 30-32 may not be subject to judicial notice under Fed. R. Evid. 201 because "any relevant fact they might establish is disputed." Opp. to RJN at 7. Yet *Khoja* dealt with a completely different scenario, in which defendants sought judicial notice of a transcript which was "subject to varying interpretations," such that "[r]easonable people could debate" its contents. 899 F.3d at 1000. Plaintiff makes no effort to identify how the contents of Exhibits 30-32, which establish the number of Green Dot shares held by each of the Individual Defendants and their sales of shares at various times, could be subject to different interpretations. The Court need not "infer[]" anything in order to recognize those bare facts. *Contra* Opp. to RJN at 8. Not surprisingly, it remains the case post-*Khoja* that courts consider SEC filings—like the SEC Forms 4 or Form 13G in Exhibits 30-32—to be "publicly-filed documents whose accuracy cannot reasonably be questioned and are therefore subject to judicial notice"—even if they "are not cited in the [Complaint]." *Evanston Police Pension Fund v. McKesson Corp.*, 411 F. Supp. 3d 580, 593 (N.D. Cal. 2019); *Habelt v. iRhythm Techs., Inc.*, 2022 WL 971580, *6 (N.D. Cal. Mar. 31, 2022) (taking judicial notice of SEC filings on Forms 4, 8-k, 10-Q, and 10-K that show publicly available information about the defendant); *Kipling v. Flex Ltd.*, 2020 WL 7261314, at *7 (N.D. Cal. Dec. 10, 2020).

And even if the Court were to accept Plaintiff's misguided argument here, it also remains the case that Exhibits 30-32 are incorporated by reference into the Complaint. Plaintiff relies on allegations regarding the Individual Defendants' stock

sales during the Class Period to give rise to an inference of scienter, AC ¶ 97; therefore, the SEC filings that provide a complete picture of those stock sales "form[s] the basis of [Plaintiff's] claim"—indeed, Plaintiff's claim "necessarily depend[s] on" these Exhibits. *Khoja*, 899 F.3d at 1002. These Exhibits thus are incorporated by reference into the Complaint—regardless of whether they are also subject to judicial notice under Fed. R. Evid. 201.

*Last*, Plaintiff targets Exhibits 1-15 and 27 in particular as ineligible for incorporation by reference or judicial notice. Opp. to RJN at 8-9. But Plaintiff's arguments here are unavailing.

As an initial matter, these Exhibits are plainly subject to judicial notice. The Court may take judicial notice of documents "publicly available to reasonable investors at the time the defendant made the allegedly false statements." *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018); *see also Habelt*, 2022 WL 971580 at *6 (taking judicial notice of 8-K, 10-Q, and 10-K forms and noting that "judicial notice of Form 10-K is generally appropriate in securities fraud case[s]"). Documents like Exhibits 1-15 and 27 establish "what representations [Defendants] made" to investors at the relevant times; providing critical "context regarding [the challenged] statements." *Kipling*, 2020 WL 7261314, at *7; *see also Amara v. Nationstar Mortg. LLC*, 2020 WL 11648205, at *5 (C.D. Cal. Aug. 14, 2020) (taking judicial notice of publicly available documents that would "undermine[] [the] [p]laintiffs' claims"). And again, the question is not whether the disclosures Defendants made reflected reality; the question is simply *what* investors heard from Defendants. On that front, the accuracy of these documents is not reasonably subject to dispute.

Even if that were not true, these Exhibits are also incorporated by reference into Plaintiff's Complaint. *Khoja* did not foreclose incorporation by reference of documents "not mention[ed]" in the Complaint; rather, the court explicitly acknowledged that where such materials provide "context" that a plaintiff

- 4 -

"necessarily depend[s] on" in making its claim, incorporation by reference is appropriate. 899 F.3d at 1002. That is the case here. Plaintiff's entire Complaint rests on a theory of misleading-by-omission: therefore, it necessarily depends on all of the disclosures Defendants made available to investors at the relevant times. This does not "create a defense" or attempt to "resolve an issue in defendant's favor, even though the complaint had not raised the issue"—it goes directly to whether Plaintiff's allegations were "well-pleaded" in the first place. *Id.* at 1002-03.

If the Court has any doubt, the chart below demonstrates that each Exhibit may be tied to specific paragraphs in the Complaint which "necessarily" reference the Exhibit insofar as it forms the basis of Plaintiff's allegations and claims:

| DOCUMENT | EXHIBIT NO. | COMPLAINT PARAGRAPH | PAGINATION NOS. |
|---|---|---|---|
| Green Dot Corporation's Securities Exchange Commission ("SEC") Form 10-K for FY 2017, dated February 27, 2018 | 1 | ¶¶ 18, 96 | 6-106 |
| Green Dot Corporation's SEC Form 10-K for FY 2018, dated February 27, 2019 | 2 | ¶ 96 | 107-205 |
| Green Dot Corporation's SEC Form 10-Q for FQ1 2018, dated May 10, 2018 | 3 | ¶¶ 20, 38-47, 96 | 206-262 |
| Green Dot Corporation's SEC Form 10-Q for FQ2 2018, dated August 9, 2018 | 4 | ¶¶ 48-52, 96 | 263-321 |
| Green Dot Corporation's SEC Form 10-Q for FQ3 2018, dated November 9, 2018 | 5 | ¶¶ 53-55, 96 | 322-382 |
| Green Dot Corporation's SEC Form 10-Q for FQ1 2019, dated May 9, 2019 | 6 | ¶¶ 56-58, 65-68, 96 | 383-436 |
| Green Dot Corporation's SEC Form 10-Q for FQ 2 2019, dated August 9, 2018 | 7 | ¶¶ 59-60, 69-71, 96 | 437-496 |

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

| DOCUMENT | EXHIBIT NO. | COMPLAINT PARAGRAPH | PAGINATION NOS. |
|---|---|---|---|
| Green Dot Corporation's SEC Form 10-Q for FQ3 2019, dated November 12, 2018 | 8 | ¶¶ 61-62, 72-76, 96 | 497-559 |
| Green Dot Corporation's SEC Form 8-K, dated May 9, 2018 | 9 | ¶¶ 20, 38-47, 59 | 560-578 |
| Green Dot Corporation's SEC Form 8-K, dated August 8, 2018 | 10 | ¶¶ 20, 38-47 | 579-597 |
| Green Dot Corporation's SEC Form 8-K, dated November 7, 2018 | 11 | ¶¶ 48-52 | 598-617 |
| Green Dot Corporation's SEC Form 8-K, dated February 20, 2019 | 12 | ¶¶ 53-55, 89 | 618-636 |
| Green Dot Corporation's SEC Form 8-K, dated May 8, 2019 | 13 | ¶¶ 56-58, 65-68 | 637-654 |
| Green Dot Corporation's SEC Form 8-K, dated August 7, 2019 | 14 | ¶¶ 59-60, 69-71 | 655-672 |
| Green Dot Corporation's SEC Form 8-K, dated November 7, 2019 | 15 | ¶¶ 61-62, 72-76 | 673-690 |
| Green Dot Corporation's 2017 FQ4 Earnings Call Transcript, dated February 21, 2018 | 16 | ¶¶ 31-33 | 691-711 |
| Green Dot Corporation's 2018 FQ1 Earnings Call Transcript, dated May 9, 2018 | 17 | ¶¶ 20, 38-47 | 712-738 |
| Green Dot Corporation's 2018 FQ2 Earnings Call Transcript, dated August 8, 2018 | 18 | ¶¶ 48-52 | 739-758 |
| Green Dot Corporation's 2018 FQ3 Earnings Call Transcript, dated November 7, 2018 | 19 | ¶¶ 53-55 | 759-778 |
| Green Dot Corporation's 2018 FQ4 Earnings Call Transcript, dated February 20, 2019 | 20 | ¶¶ 56-58, 65-68 | 779-806 |
| Green Dot Corporation's 2019 FQ1 Earnings Call Transcript, dated May 8, 2019 | 21 | ¶¶ 59-60, 69-71 | 807-834 |
| Green Dot Corporation's 2019 FQ2 Earnings Call Transcript, dated August 7, 2019 | 22 | ¶¶ 61-62, 72-76 | 835-855 |

- 6 -

| DOCUMENT | EXHIBIT NO. | COMPLAINT PARAGRAPH | PAGINATION NOS. |
|---|---|---|---|
| Green Dot Corporation's 2019 FQ3 Earnings Call Transcript, dated November 7, 2019 | 23 | ¶¶ 77-81 | 856-877 |
| Analyst Report of SunTrust Robinson Humphrey - *Runway Looks Smooth. Buy.* - dated May 9, 2019 | 24 | ¶ 44 | 878-887 |
| Analyst Report of Morgan Stanley Research – *Strong Tax Season Adds to Core Underlying Strength* – dated May 10, 2018 | 25 | ¶ 44 | 888-901 |
| Analyst Report of BTIG – *2Q18 Report Features 11th Straight EPS Beat-and-Raise, But Mixed Q318 Guidance Muddles the Picture* – dated August 8, 2018 | 26 | ¶ 52 | 902-910 |
| Analyst Report of William Blair Equity Research – *Preview: Expect Solid Quarter, Looking for Announcements of New BaaS Partners* – dated October 9, 2018 | 27 | ¶ 52 | 911-917 |
| Analyst Reports of William Blair Equity Research - *Core Business Remains Steady, BaaS Opportunity Continues to Emerge; Raising Estimates* – dated November 7, 2018 | 28 | ¶ 55 | 918-924 |
| Analyst Report of Deutsche Bank Research - *Monitoring Risk to the Business Model as the Competition Hits Hard* – dated August 8, 2019 | 29 | ¶ 75 | 925-936 |
| Steven W. Streit SEC Forms 4 between 2016 through 2020 | 30 | ¶ 97 | 937-1066 |
| Steven W. Streit SEC Form 13G, dated February 13, 2020 | 31 | ¶ 97 | 1067-1072 |
| Steven W. Streit SEC Forms 4 between 2016 through 2020 | 30 | ¶ 97 | 1073-1100 |

- 7 -

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

## CONCLUSION

For the foregoing reasons, and those in the Request, Defendants respectfully request that the Court take judicial notice of Exhibits 1 through 32 attached to the RJN, and consider them in support of Defendants' Motion to Dismiss Amended Complaint for Violations of the Federal Securities Laws.

Dated:  September 16, 2022              Respectfully submitted,
                                       ORRICK, HERRINGTON & SUTCLIFFE LLP


                                       By:    _/s/ Alexander K. Talarides_
                                              ALEXANDER K. TALARIDES
                                              Attorneys for Defendants

- 8 -

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE