JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
M. TODD SCOTT (SBN 226885)
tscott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105
Telephone:   (415) 773-5700
Facsimile:   (415) 773-5759

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| IN RE GREEN DOT CORPORATION SECURITIES LITIGATION | Case No. 2:19-cv-10701-DDP-E<br><br>CLASS ACTION<br><br>**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**<br><br>Judge:  Honorable Dean D. Pregerson |

Defendants Green Dot Corporation ("Green Dot" or the "Company"), Steven W. Streit ("Streit"), and Mark Shifke ("Shifke") (collectively "Defendants"), by and through their undersigned counsel, hereby answer and assert defenses to the Amended Complaint (the "Complaint") filed in the above-captioned matter by Lead Plaintiff New York Hotel Trades Counsel & Hotel Association of New York City, Inc. Pension Fund ("Plaintiffs").

## **PRELIMINARY STATEMENT**

The following statements are incorporated by reference into Defendants' responses to each Paragraph of the Complaint.

A. Defendants generally deny any allegations in the Complaint that assert or suggest that Defendants made any untrue statement of material fact or omitted to state a material fact necessary to make the statements made not misleading.  Except to the extent expressly admitted herein, Defendants deny each and every allegation of the Complaint, including without limitation any allegations contained in the Table of Contents, preamble, numbered Paragraphs, headings, subheadings, and footnotes within the Complaint.

B. The Complaint contains purported references to documents and third-party publications and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context.  These documents and third-party publications and statements should be considered, if at all, in context and in unmodified form, and Defendants respectfully refer the Court to the respective materials for their accurate and complete contents.

C. Numbered paragraphs below correspond to the like-numbered paragraphs in the Complaint.  Defendants include the headings from the Complaint only for ease and convenience of the Court and the Parties.  Defendants neither admit nor endorse the content of any such heading.

- 1 -

DEFENDANTS' ANSWER TO AMENDED COMPLAINT

## I.     <u>SUMMARY OF THE ACTION</u>

1.     Defendants admit that Mr. Streit is the founder and former CEO of Green Dot, and that Mr. Shifke is the former CFO of Green Dot. Defendants further admit that Plaintiffs purport to assert class claims under the Securities Exchange Act of 1934 and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder. Except as expressly admitted, Defendants deny the allegations in Paragraph 1.

2.     Defendants deny the allegations in Paragraph 2.

3.     Defendants deny the allegations in Paragraph 3.

4.     Defendants admit that on or around February 20, 2019, Green Dot held an investor earnings call and issued a press release concerning Green Dot's Q4 2018 performance. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants further admit that on or around May 8, 2019, Green Dot held an investor earnings call and issued a press release concerning Green Dot's Q1 2019 performance. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants further admit that on or around August 7, 2019, Green Dot held an investor earnings call and issued a press release concerning Green Dot's Q2 2019 performance. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants further admit that on or around November 7, 2019, Green Dot held an investor earnings call and issued a press release concerning Green Dot's Q3 2019 performance. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants further admit that on or around December 18, 2019, Green Dot issued a

DEFENDANTS' ANSWER TO AMENDED COMPLAINT

press release announcing the retirement of Messrs. Streit and Shifke, which speaks for itself.  Defendants respectfully refer the Court to the document, which is publicly available, for its contents.  Defendants deny any characterizations of the documents referenced in Paragraph 4 that are inconsistent with their contents and further deny any allegations in Paragraph 4 to the extent not expressly admitted.

**II.    JURISDICTION AND VENUE**

5.    The allegations in Paragraph 5 contain legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Defendants admit subject matter jurisdiction but deny the merits of the claims.

6.    Defendants deny that Green Dot maintains its corporate headquarters in this District and further answer that Green Dot's corporate headquarters are maintained in Austin, Texas.  Defendants deny the remaining factual allegations in Paragraph 6.  The remainder of Paragraph 6 consists of legal conclusions and characterizations, to which no responsive pleading is required.

7.    Defendants admit that Green Dot uses United States mail, interstate telephone communications, and the facilities of the national securities exchanges in connection with its business operations.  Except as expressly admitted, Defendants deny the allegations in Paragraph 7.

**III.    THE PARTIES**

8.    The allegations in Paragraph 8 contain legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding this Plaintiff's purported stock purchase(s) and on that basis deny them.  Defendants deny that Plaintiff suffered any damages and that Defendants committed any misconduct.  Defendants deny the allegations in Paragraph 8.

9.    The allegations in Paragraph 9 contain legal conclusions and

- 3 -

characterizations, to which no responsive pleading is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding this Plaintiff's purported stock purchase(s) and on that basis deny them.  Defendants deny that Plaintiff suffered any damages and that Defendants committed any misconduct. Defendants deny the allegations in Paragraph 9.

10.    Paragraph 10 contains no substantive allegations and does not require a responsive pleading.  Insofar as a response is required, Defendants admit that Paragraph 10 sets forth defined terms used by Plaintiffs in the Complaint.

11.    Defendants admit that Green Dot is a corporation incorporated in Delaware and that its Class A common stock trades on the New York Stock Exchange under the ticker symbol "GDOT."  Except as expressly admitted, Defendants deny the allegations in Paragraph 11.

12.    Defendants admit the allegations in Paragraph 12.

13.    Defendants admit that Mr. Shifke served as Green Dot's acting CFO from May 6, 2015, until December 11, 2015.  Defendants further admit that on December 11, 2015, Mr. Shifke was appointed to serve as Green Dot's permanent CFO.  Defendants further admit that starting in or around June 2014, Mr. Shifke served as Green Dot's Senior Vice President of Corporate Strategy and M&A. Defendants further admit that on or around December 31, 2019, Mr. Shifke retired from his roles at Green Dot.  Except as expressly admitted, Defendants deny the allegations in Paragraph 13.

14.    Paragraph 14 contains no substantive allegations and does not require a responsive pleading.  Insofar as a response is required, Defendants admit that Paragraph 14 sets forth defined terms used by Plaintiffs in the Complaint.

15.    The allegations in Paragraph 15 contain legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Defendants admit that the Individual Defendants had access to

- 4 -

certain Green Dot documents at various times during the purported class period. Except as expressly admitted, Defendants deny the allegations in Paragraph 15.

## IV.   OVERVIEW

### A.   Defendants' High-Fee Prepaid Debit Cards

16.   Defendants admit the allegations in the third sentence of Paragraph 16. Except as expressly admitted, Defendants deny the allegations in Paragraph 16.

17.   Defendants admit that Green Dot's prepaid debit cards are not lines of credit.  Defendants further admit that consumers can purchase and load funds onto a ready-to-use debit card either from one of Green Dot's retail partners or directly from Green Dot.  Charges to the prepaid debit card are deducted from the stored balance. Once a customer has registered their account with Green Dot, the account can be loaded through a variety of different funding mechanisms, including but not limited to, payroll direct deposit, bank transfers, or cash.  Cash reloads may incur fees. Defendants further admit that Green Dot is focused on serving underbanked and unbanked consumers, but it strives to provide expansive access to cash services for almost all U.S. consumers.  Except as expressly admitted, Defendants deny the allegations in Paragraph 17.

18.   Defendants admit that the allegations in Paragraph 18 purport to reference and selectively quote from a January 2014 *The Street* article and Green Dot's 2017 Form 10-K, both of which speak for themselves.  The article is publicly available and the Form 10-K is a public record, and Defendants respectfully refer the Court to those documents for their contents and deny any characterizations of the documents that are inconsistent with their contents.  Except as expressly admitted, Defendants deny the allegations in Paragraph 18.

19.   Defendants deny the allegations in Paragraph 19.

20.   Defendants admit that Plaintiffs reference and selectively quote from a Green Dot earnings call from May 9, 2018, the transcript of which speaks for itself. Defendants respectfully refer the Court to the transcript, which is publicly available,

- 5 -

for its contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 20.

21. Defendants admit that Plaintiffs reference and selectively quote from a 2011 *Forbes* article, which speaks for itself. Defendants respectfully refer the Court to the article, which is publicly available, for its contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants admit that Plaintiffs reference and selectively quote from certain investor analyst reports, which speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 24.

**B.** **Defendants Prop Up the Prepaid Business by Buying Up the Competition**

25. Defendants admit that Green Dot tracked the performance of its business during the purported class period, including its prepaid debit cards. Defendants further admit that in or around February 2017, Green Dot acquired UniRush for approximately $147 million. Defendants deny Plaintiffs' characterization of "real-time" availability. Except as expressly admitted, Defendants deny the allegations in Paragraph 25.

26. Defendants admit that Plaintiffs reference and selectively quote from Green Dot's Form 10-Q for the second quarter of 2017, which speaks for itself. Defendants respectfully refer the Court to the document, which is a public record, for its contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph

- 6 -

26.

27.     Defendants admit that Plaintiffs reference and selectively quote from an August 8, 2017, Green Dot earnings call transcript, which speaks for itself. Defendants respectfully refer the Court to the transcript, which is publicly available, for its contents and deny any characterizations that are inconsistent with the contents thereof.  Except as expressly admitted, Defendants deny the allegations in Paragraph 27.

28.     Defendants admit that Plaintiffs reference and selectively quote from a November 7, 2017, Green Dot earnings call transcript, which speaks for itself. Defendants respectfully refer the Court to the transcript, which is publicly available, for its contents and deny any characterizations that are inconsistent with the contents thereof.  Except as expressly admitted, Defendants deny the allegations in Paragraph 28.

**C.     Defendants' Manipulation Obscures Declines in the Core Prepaid Card Business During the Class Period**

29.     Defendants deny the allegations in Paragraph 29.

30.     Defendants deny the allegations in Paragraph 30.

31.     Defendants deny the allegations in Paragraph 31.

32.     Defendants deny the allegations in Paragraph 32.

33.     Defendants deny the allegations in Paragraph 33.

34.     Defendants deny the allegations in Paragraph 34.

35.     Defendants deny the allegations in Paragraph 35.

**V.     DEFENDANTS' FRAUDULENT SCHEME, WRONGFUL COURSE OF BUSINESS, AND MISLEADING STATEMENTS**

36.     Defendants deny the allegations in Paragraph 36.

37.     Defendants admit the allegations in Paragraph 37.

**A.     May 2018 Statements**

38.     Defendants admit that Plaintiffs reference and selectively quote from a

- 7 -

May 9, 2018, Green Dot earnings call transcript, which speaks for itself.  Defendants respectfully refer the Court to the transcript, which is publicly available, for its contents and deny any characterizations that are inconsistent with the contents thereof.  Except as expressly admitted, Defendants deny the allegations in Paragraph 38.

39.    Defendants deny the allegations in Paragraph 39.

40.    Defendants admit that Plaintiffs reference and selectively quote from a May 9, 2018, Green Dot earnings call transcript, which speaks for itself.  Defendants respectfully refer the Court to the transcript, which is publicly available, for its contents and deny any characterizations that are inconsistent with the contents thereof.  Except as expressly admitted, Defendants deny the allegations in Paragraph 40.

41.    Defendants deny the allegations in Paragraph 41.

42.    Defendants admit that Plaintiffs reference and selectively quote from a May 9, 2018, Green Dot earnings call transcript, which speaks for itself.  Defendants respectfully refer the Court to the transcript, which is publicly available, for its contents and deny any characterizations of the referenced document that are inconsistent with its contents.  Except as expressly admitted, Defendants deny the allegations in Paragraph 42.

43.    Defendants deny the allegations in Paragraph 43.

44.    Defendants admit that Plaintiffs reference and selectively quote from certain analyst reports, which speak for themselves.  Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof.  Except as expressly admitted, Defendants deny the allegations in Paragraph 44.

45.    Defendants admit the allegations in the first sentence of Paragraph 45. Defendants further admit that Plaintiffs purport to reference and selectively quote from a presentation transcript from the May 16, 2018, JP Morgan conference, which

- 8 -

speaks for itself.  Defendants respectfully refer the Court to the transcript, which is publicly available, for its contents and deny any characterizations that are inconsistent with the contents thereof.  Except as expressly admitted, Defendants deny the allegations in Paragraph 45.

46.    Defendants admit that Plaintiffs purport to reference and selectively quote from a presentation transcript from the May 16, 2018, JP Morgan conference, which speaks for itself.  Defendants respectfully refer the Court to the transcript, which is publicly available, for its contents and deny any characterizations that are inconsistent with the contents thereof.  Except as expressly admitted, Defendants deny the allegations in Paragraph 46.

47.    Defendants deny the allegations in Paragraph 47.

**B.    <u>August 2018 Statements</u>**

48.    Defendants admit that on or around August 8, 2018, Green Dot held an investor earnings call concerning Green Dot's performance in the second quarter of 2018.  Defendants further admit that Plaintiffs purport to reference and selectively quote from the transcript of that earnings call, which speaks for itself.  Defendants respectfully refer the Court to the transcript, which is publicly available, for its contents and deny any characterizations that are inconsistent with the contents thereof.  Except as expressly admitted, Defendants deny the allegations in Paragraph 48.

49.    Defendants deny the allegations in Paragraph 49.

50.    Defendants admit that Plaintiffs reference and selectively quote from an August 8, 2018, Green Dot earnings call transcript, which speaks for itself.  Defendants respectfully refer the Court to the transcript, which is publicly available, for its contents and deny any characterizations that are inconsistent with the contents thereof.  Except as expressly admitted, Defendants deny the allegations in Paragraph 50.

51.    Defendants deny the allegations in Paragraph 51.

52.    Defendants admit that Plaintiffs reference and selectively quote from certain investor analyst reports, which speak for themselves.  Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof.  Except as expressly admitted, Defendants deny the allegations in Paragraph 52.

**C.    November 7, 2018 Statements**

53.    Defendants admit that on or around November 7, 2018, Green Dot held an investor earnings call concerning Green Dot's performance for the third quarter of 2018.  Defendants further admit that Plaintiffs purport to reference and selectively quote from the transcript of that earnings call, which speaks for itself.  Defendants respectfully refer the Court to the transcript, which is publicly available, for its contents and deny any characterizations that are inconsistent with the contents thereof.  Except as expressly admitted, Defendants deny the allegations in Paragraph 53.

54.    Defendants deny the allegations in Paragraph 54.

55.    The allegations in Paragraph 55 contain legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Defendants admit that Plaintiffs reference and selectively quote from certain investor analyst reports, which speak for themselves.  Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof.  Except as expressly admitted, Defendants deny the allegations in Paragraph 55.

**D.    February 2019 Statements**

56.    Defendants deny the allegations in Paragraph 56.

57.    Defendants admit that on or around February 20, 2019, Green Dot held an investor earnings call concerning Green Dot's performance for the fourth quarter of 2018.  Defendants further admit that Plaintiffs purport to reference and selectively quote from a transcript of that earnings call, which speaks for itself.  Defendants

- 10 -

respectfully refer the Court to the transcript, which is publicly available, for its contents and deny any characterizations that are inconsistent with the contents thereof.  Except as expressly admitted, Defendants deny the allegations in Paragraph 57.

58.    The allegations in Paragraph 58 contain legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Defendants admit that Plaintiffs reference and selectively quote from certain investor analyst reports, which speak for themselves.  Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof.  Except as expressly admitted, Defendants deny the allegations in Paragraph 58.

**E.    May 2019 Statements**

59.    Defendants admit that Plaintiffs reference and selectively quote from a Form 8-K that Green Dot filed with the SEC on or around May 8, 2019, which speaks for itself.  Defendants respectfully refer the Court to the document, which is a public record, for its contents and deny any characterizations that are inconsistent with the contents thereof.  Except as expressly admitted, Defendants deny the allegations in Paragraph 59.

60.    Defendants admit that on or around May 8, 2019, Green Dot held an investor earnings call concerning Green Dot's performance for the first quarter of 2019.  Defendants further admit that Plaintiffs purport to reference and selectively quote from a transcript of that earnings call, which speaks for itself.  Defendants respectfully refer the Court to the transcript, which is publicly available, for its contents and deny any characterizations that are inconsistent with the contents thereof.  Except as expressly admitted, Defendants deny the allegations in Paragraph 60.

**F.    August 2019 Statements**

61.    Defendants admit that on or around August 7, 2019, Green Dot held an

- 11 -

investor earnings call concerning Green Dot's performance for the second quarter of 2019. Defendants further admit that Plaintiffs purport to reference and selectively quote from a transcript of that earnings call, which speaks for itself. Defendants respectfully refer the Court to the transcript, which is publicly available, for its contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 61.

62.    Defendants deny the allegations in Paragraph 62.

## VI.    THE CORRECTIVE DISCLOSURES

63.    Defendants deny the allegations in Paragraph 63.

64.    Defendants deny the allegations in Paragraph 64.

### A.    February 20, 2019 Corrective Disclosure

65.    Defendants admit that Plaintiffs purport to reference and selectively quote from a February 20, 2019, Green Dot earnings call transcript, which speaks for itself. Defendants respectfully refer the Court to the transcript, which is publicly available, for its contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 65.

66.    Defendants admit that Plaintiffs purport to reference and selectively quote from a February 20, 2019, Green Dot earnings call transcript, which speaks for itself. Defendants respectfully refer the Court to the transcript, which is publicly available, for its contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 66.

67.    Defendants deny the allegations in Paragraph 67.

68.    Defendants admit that Plaintiffs purport to reference and selectively quote from certain analyst reports, which speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any

characterizations that are inconsistent with the contents thereof.  Except as expressly admitted, Defendants deny the allegations in Paragraph 68.

**B.      May 8, 2019 Corrective Disclosure**

69.      Defendants admit that Plaintiffs purport to reference and characterize a May 8, 2019, Green Dot earnings call transcript, which speaks for itself.  Defendants respectfully refer the Court to the transcript, which is publicly available, for its contents and deny any characterizations that are inconsistent with the contents thereof.  Except as expressly admitted, Defendants deny the allegations in Paragraph 69.

70.      Defendants admit that Plaintiffs purport to reference and quote certain May 2019 analyst reports, which speak for themselves.  Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof.  Except as expressly admitted, Defendants deny the allegations in Paragraph 70.

71.      Defendants deny the allegations in Paragraph 71.

**C.      August 7, 2019 Corrective Disclosure**

72.      Defendants admit that Plaintiffs purport to reference and selectively quote from an August 7, 2019, Green Dot earnings call transcript, which speaks for itself.  Defendants respectfully refer the Court to the transcript, which is publicly available, for its contents and deny any characterizations that are inconsistent with the contents thereof.  Except as expressly admitted, Defendants deny the allegations in Paragraph 72.

73.      Defendants admit that Plaintiffs purport to reference and selectively quote from an August 7, 2019, Green Dot earnings call transcript, which speaks for itself.  Defendants respectfully refer the Court to the transcript, which is publicly available, for its contents and deny any characterizations that are inconsistent with the contents thereof.  Except as expressly admitted, Defendants deny the allegations in Paragraph 73.

74.     Defendants admit that Plaintiffs purport to reference and selectively quote from an August 7, 2019, Green Dot earnings call transcript, which speaks for itself.  Defendants respectfully refer the Court to the transcript, which is publicly available, for its contents and deny any characterizations that are inconsistent with the contents thereof.  Except as expressly admitted, Defendants deny the allegations in Paragraph 74.

75.     Defendants admit that Plaintiffs purport to reference and quote certain August 2019 analyst reports, which speak for themselves.  Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof.  Except as expressly admitted, Defendants deny the allegations in Paragraph 75.

76.     Defendants deny the allegations in Paragraph 76.

**D.     November 7, 2019 Corrective Disclosure**

77.     Defendants admit that Plaintiffs purport to reference and selectively quote from a November 7, 2019, Green Dot earnings call transcript, which speaks for itself.  Defendants respectfully refer the Court to the transcript, which is publicly available, for its contents and deny any characterizations that are inconsistent with the contents thereof.  Except as expressly admitted, Defendants deny the allegations in Paragraph 77.

78.     Defendants deny the allegations in Paragraph 78.

79.     Defendants admit that Plaintiffs purport to reference and selectively quote from a November 7, 2019, Green Dot earnings call transcript, which speaks for itself.  Defendants respectfully refer the Court to the transcript, which is publicly available, for its contents and deny any characterizations that are inconsistent with the contents thereof.  Except as expressly admitted, Defendants deny the allegations in Paragraph 79.

80.     Defendants deny the allegations in Paragraph 80.

81.     Defendants admit that Plaintiffs purport to reference and quote certain

- 14 -

November 2019 analyst reports, which speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 81.

82. Defendants deny the allegations in Paragraph 82.

83. Defendants admit that on or around December 18, 2019, Green Dot announced the retirement of Messrs. Streit and Shifke. Defendants further admit that Plaintiffs purport to reference and quote certain analyst reports, which speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 83.

84. Defendants deny the allegations in Paragraph 84.

85. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85, and on that basis, deny them.

86. Defendants deny the allegations in Paragraph 86.

## VII.  ADDITIONAL SCIENTER ALLEGATIONS

87. Defendants deny the allegations in Paragraph 87.

88. Defendants deny the allegations in Paragraph 88.

89. Defendants admit that Plaintiffs purport to reference and quote a May 9, 2018, Green Dot earnings call transcript, which speaks for itself. Defendants respectfully refer the Court to the transcript, which is publicly available, for its contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 89.

90. Defendants admit that Mr. Streit is a founder and former CEO of Green Dot, and that Mr. Shifke is a former CFO of Green Dot. Except as expressly admitted, Defendants deny the allegations in Paragraph 90.

- 15 -

91.    Defendants admit that Messrs. Streit and Shifke made statements at various Green Dot earnings calls while serving as CEO and CFO, respectively, at the Company.   Defendants further admit that Plaintiffs purport to quote from or characterize certain earnings call transcripts, which speak for themselves. Defendants respectfully refer the Court to those transcripts, which are publicly available, for their contents and deny any characterizations that are inconsistent with the contents thereof.  Except as expressly admitted, Defendants deny the allegations in Paragraph 91.

92.    Defendants admit that Plaintiffs purport to quote from or characterize an August 8, 2018, Green Dot earnings call transcript, which speaks for itself. Defendants respectfully refer the Court to the transcript, which is publicly available, for its contents and deny any characterizations that are inconsistent with the contents thereof.  Except as expressly admitted, Defendants deny the allegations in Paragraph 92.

93.    Defendants admit that Messrs. Streit and Shifke made prepared remarks and answered questions at various earning calls and investment conferences based on the information available to them in their roles at the Company.  Except as expressly admitted, Defendants deny the allegations in Paragraph 93.

94.    Defendants admit that Messrs. Streit and Shifke had access to certain internal documents, internal communications, management meetings, Board of Directors meetings, and committee meetings, as well as information provided to them or made available to them including certain confidential and proprietary information concerning the active accounts, legacy prepaid business, market competition, and the unit economics underlying the Company's business strategies.  Defendants deny Plaintiffs' characterization of Green Dot's legacy prepaid business as "failing." Except as expressly admitted, Defendants deny the allegations in Paragraph 94.

95.    Defendants admit that Messrs. Streit and Shifke signed certain Sarbanes-Oxley ("SOX") certifications in their capacities as Green Dot's CEO and

- 16 -

CFO, respectively.  To the extent the allegations in Paragraph 95 contain legal conclusions and characterizations, no responsive pleading is required.  Except as expressly admitted, Defendants deny the allegations in Paragraph 95.

96.    Defendants admit the allegations in the second sentence of Paragraph 96.  Defendants further admit that Messrs. Shifke and Streit participated in the review and approval of and/or signed certain of Green Dot's Forms 10-K, 10-Q, and other public statements.  Except as expressly admitted, Defendants deny the allegations in Paragraph 96.

97.    Defendants deny the allegations in Paragraph 97.

## VIII.  THE PRESUMPTION OF RELIANCE APPLIES

98.    The allegations in Paragraph 98 contain legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 98.

99.    The allegations in Paragraph 99 contain legal conclusions and characterizations, to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 99.

100.   Defendants deny the allegations in Paragraph 100.

101.   The allegation in Paragraph 101 that the market for Green Dot common stock was efficient is a legal conclusion or characterization, to which no responsive pleading is required.  To the extent a response is required, Defendants deny that the market for Green Dot common stock was efficient.  Defendants admit the allegations in subparts (a), (c), (e), and (f) of Paragraph 101.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in subparts (b), (d), and (g) of Paragraph 101 and, on that basis, deny them.  Defendants deny the remaining allegations in Paragraph 101.

102.   To the extent the allegations in the first sentence of Paragraph 102 contain legal conclusions or characterizations, no responsive pleading is required. To the extent a response is required, Defendants lack knowledge or information

- 17 -

sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 102 and on that basis, deny them. Defendants deny the allegations in the second sentence of Paragraph 102.

## IX.  CLASS ACTION ALLEGATIONS

103.  To the extent the allegations in Paragraph 103 are legal conclusions and characterizations, no responsive pleading is required. Insofar as a response is required, Defendants admit that this Paragraph 103 purports to set forth Plaintiffs' proposed class definition. Except as expressly admitted, Defendants deny the allegations in Paragraph 103.

104.  The allegations in Paragraph 104 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants admit the allegations in the second sentence of Paragraph 104. Except as expressly admitted, Defendants deny the allegations in Paragraph 104.

105.  The allegations in Paragraph 105 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 105.

106.  The allegations in Paragraph 106 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106, and, on that basis, deny them.

107.  The allegations in Paragraph 107 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107, and, on that basis, deny them.

108.  The allegations in Paragraph 108 contain legal conclusions and

characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 108.

109. The allegations in Paragraph 109 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109, and, on that basis, deny them.

## X.    CAUSES OF ACTION

### COUNT I

**For Violation of §10(b) of the Exchange Act and
SEC Rule 10b-5 Against All Defendants**

110. Defendants incorporate their responses to Paragraphs 1 through 109 by reference.

111. The allegations in Paragraph 111 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 111.

112. The allegations in Paragraph 112 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 112.

113. The allegations in Paragraph 113 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 113.

114. The allegations in Paragraph 114 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 114.

115. The allegations in Paragraph 115 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 115.

116. The allegations in Paragraph 116 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 116.

117. The allegations in Paragraph 117 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 117.

118. The allegations in Paragraph 118 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 118.

## COUNT II

### For Violation of §20(a) of the Exchange Act
### Against Defendants Streit and Shifke

119. Defendants incorporate their responses to Paragraphs 1 through 118 by reference.

120. The allegations in Paragraph 120 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 120.

121. The allegations in Paragraph 121 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 121.

122. The allegations in Paragraph 122 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 122.

123. The allegations in Paragraph 123 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 123.

## XI.   PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought in the Complaint or to any relief whatsoever.

## XII.   JURY DEMAND

Defendants admit that Plaintiffs have demanded a trial by jury.  Defendants pray for a jury trial on all counts and issues so triable.

## XIII.   AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Defendants hereby assert the following defenses, without waiver, limitation, or prejudice, and without conceding that they bear the burden of proof or production.  All defenses are pleaded in the alternative and do not constitute an admission either of Defendants' alleged liability or Plaintiffs' alleged entitlement to relief.

Defendants presently have insufficient knowledge or information to determine whether they may have additional, as yet unstated, defenses or counterclaims. Defendants have not knowingly and intentionally waived any applicable defenses or counterclaims and reserve the right to assert additional defenses or counterclaims as they become known to them through discovery in this matter.  Defendants expressly reserve the right to amend this Answer to add, delete, or modify defenses, whether at law or in equity and whether affirmative or otherwise, or counterclaims, based upon legal theories that may be or will be divulged through clarification of Plaintiffs' Complaint, through discovery, or through further investigation and analysis of Plaintiffs' position in this litigation and/or based on any amendments to the Complaint.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the Complaint and the purported causes of action contained therein fail, in whole or in part, to state a claim for which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Reasonable Grounds to Believe)

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants, after reasonable investigation, due diligence, and/or consultation with expert(s), had reasonable grounds to believe, and did believe, that statements allegedly made by them were true and contained all material facts necessary to make those statements not misleading.

**THIRD AFFIRMATIVE DEFENSE**

(Bespeaks Caution/Safe Harbor)

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part, by the "bespeaks caution" and "safe harbor" doctrines because the statements allegedly made by Defendants were based on predictions, expressions of opinion, and/or forward-looking statements.

**FOURTH AFFIRMATIVE DEFENSE**

(No Causation)

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because other events or disclosures unrelated to Defendants' alleged material misrepresentations or omissions are responsible for any decline in Green Dot's share value alleged to form the basis of Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent.

- 22 -

## FIFTH AFFIRMATIVE DEFENSE

(Independent, Intervening, and/or Superseding Events)

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because any alleged damages that Plaintiff, or the class that Plaintiffs purport to represent, suffered, were caused by independent, intervening, and/or superseding events beyond Defendants' conduct, control, policies, acts, or alleged material misrepresentations or omissions.

## SIXTH AFFIRMATIVE DEFENSE

(Knowledge and Assumption of Risk)

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, or the class that Plaintiffs purport to represent, were advised regarding the material facts and risks concerning their investments and therefore assumed the risk of any loss and are estopped from recovering any relief.

## SEVENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, or the class that Plaintiffs purport to represent, have failed to take reasonable actions to mitigate damages, if any, allegedly suffered as a result of Defendants' alleged material misstatements and omissions.

## EIGHTH AFFIRMATIVE DEFENSE

(No Losses Suffered)

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part to the extent that Plaintiffs, or the class that Plaintiffs purport to represent, sold their Green Dot shares for a greater price than the price at which they purchased them, and therefore suffered no losses from their purchase of Green Dot shares.

- 23 -

## NINTH AFFIRMATIVE DEFENSE

### (Tax Benefits Offset)

Any recovery for damages allegedly incurred by Plaintiffs, or the class that Plaintiffs purport to represent, should be offset in the amount of any tax benefits or other benefits received by Plaintiffs, or the class that Plaintiffs purport to represent, in connection with their ownership of Green Dot shares.

## TENTH AFFIRMATIVE DEFENSE

### (Market Knowledge)

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the alleged material misrepresentations or omissions were in fact known to and had entered the securities market through credible sources prior to Plaintiffs' purchase, or the purchases by the class that Plaintiffs purport to represent, of Green Dot shares.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Pre-Existing Contract or Plan)

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part to the extent that Plaintiffs, and the class that Plaintiffs purport to represent, purchased stock pursuant to a pre-existing contract, instruction, or plan under 17 C.F.R. § 240.10b5-1.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Due Process)

Class certification fails to provide adequate due process protections and would violate the Rules Enabling Act, 28 U.S.C. § 2072, and the United States Constitution inasmuch as it constitutes trial by formula and would unfairly restrict Defendants' right to litigate affirmative defenses to the individual claims of Plaintiffs, or the class that Plaintiffs purport to represent.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT

## THIRTEENTH AFFIRMATIVE DEFENSE

(Equitable Relief)

Without conceding liability, Plaintiffs' requests, and the requests of the class that Plaintiffs purport to represent, for interest are improper because equity dictates against such an award, and further, any such award would be unjust, arbitrary, oppressive, and confiscatory.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Excessive Damages)

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred, in whole or in part, to the extent the damages sought exceed those permitted under the Private Securities Litigation Reform Act, the common law, or any other applicable statute, rule, or regulation.

## FIFTEENTH AFFIRMATIVE DEFENSE

(No Entitlement to Attorneys' Fees or Costs of Litigation)

Plaintiffs, and the class that Plaintiffs purport to represent, are precluded from recovering attorneys' fees, experts' fees, and/or costs under applicable provisions of law.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Equitable Doctrines)

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part by the equitable doctrines of laches, estoppel, unclean hands, and/or waiver.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Other Factors Offset)

Under any theory of liability, Plaintiffs, and the class that Plaintiffs purport to represent, may not recover damages based on depreciation in the value of Green Dot securities that resulted from factors other than the alleged material devices, schemes, or artifices to defraud, misstatements or omissions, acts, practices, or courses of

- 25 -

business set forth in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Sufficient Cautionary Language)

Defendants are not liable to Plaintiffs, or to the class that Plaintiffs purport to represent, because Green Dot's publicly-filed documents contained sufficient cautionary language advising investors about the risks associated with the subject matter of each misrepresentation or omission alleged in the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

(Equitable Allocation, Recoupment, Set-Off, and Comparative Fault)

Any damage, loss, or liability sustained by Plaintiffs and other members of the class that Plaintiffs purport to represent, must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Defendants under principles of equitable allocation, recoupment, set-off, and contributory or comparative fault.

## TWENTIETH AFFIRMATIVE DEFENSE

(Good Faith)

Plaintiffs' claims under Section 20(a) of the Securities Exchange Act of 1934, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because each of Defendants Streit and Shifke acted in good faith.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Reasonable Grounds for Belief)

Plaintiffs' claims under Section 20(a) of the Securities Exchange Act of 1934, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because each of defendants Streit and Shifke had reasonable grounds to believe and did believe, at the time of the statements at issue, that their statements were true and that there was no omission of any required material fact necessary to make the statements not misleading.

- 26 -

DEFENDANTS' ANSWER TO AMENDED COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray as follows:

1.      For judgment in their favor;

2.      That Plaintiffs take nothing by the Complaint;

3.      That Defendants be awarded costs to the maximum extent allowable by law; and

4.      For such other and further legal and equitable relief as the Court deems just and proper.

Dated:  May 13, 2024

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
JAMES N. KRAMER
ALEXANDER K. TALARIDES
M. TODD SCOTT


 */s/ Alexander K. Talarides*
ALEXANDER K. TALARIDES
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:  415-773-5700
Facsimile:  415-773-5957

*Attorneys for Defendants*

- 27 -