JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
M. TODD SCOTT (SBN 226885)
tscott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105
Telephone:   (415) 773-5700
Facsimile:   (415) 773-5759

RICHARD E. GOTTLIEB (SBN 289370)
rgottlieb@glaserweil.com
EMIL PETROSSIAN (SBN 264222)
epetrossian@glaserweil.com
GLASER WEIL FINK HOWARD
     JORDAN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| IN RE GREEN DOT CORPORATION SECURITIES LITIGATION | Case No. 2:19-cv-10701-DDP-E <br><br> <u>CLASS ACTION</u> <br><br> **DECLARATION OF M. TODD SCOTT IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER AND CROSS-MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER** <br><br> Judge:  Honorable Dean D. Pregerson |

DECLARATION OF M. TODD SCOTT

I, M. Todd Scott, declare as follows:

1. I am an attorney licensed to practice in the State of California. I am a Senior Associate at Orrick, Herrington & Sutcliffe LLP, co-counsel of record for Defendants Green Dot Corporation, Steven W. Streit, and Mark Shifke ("Defendants") in the above-captioned litigation. I submit this declaration in support of Defendants' Opposition to Plaintiffs' Motion for Entry of Stipulated Protective Order and Cross-Motion for Entry of Stipulated Protective Order.

2. I have personal knowledge of the facts stated in this declaration. If called as a witness, I could and would testify competently to each fact.

3. Attached hereto as Exhibit 1 is Defendants' proposed version of the Stipulated Protective Order, which is identical to Plaintiffs' proposed version except that Defendants' version also includes Paragraph 12.4 relating to experts.

4. On April 23, 2024, Rachel Jensen, counsel for Plaintiffs, circulated by email a proposed Stipulated Protective Order that differed from the sample protective order on the Court's website. This was the first version of a protective order that either side had proposed. A true and correct copy of Ms. Jensen's email (with irrelevant attachments omitted) is attached hereto as Exhibit 2.

5. On July 19, 2024, Plaintiffs served their First Set of Requests for Production of Documents and Data to Defendants. A true and correct copy of that document is attached hereto as Exhibit 3.

6. As of the date of this Declaration, at least ten different non-parties have produced documents in response to subpoenas issued in this case.

7. On September 24, 2024, Defendants had an email exchange with Christopher Kinnon, counsel for Plaintiffs, in which the parties agreed that Defendants would produce confidential documents prior to the entry of a Protective Order provided that Plaintiffs agreed to treat them as though subject to Defendants' proposed version of the Protective Order until a final version of the Protective Order was entered by the Court. A true and correct copy of that email exchange is attached

- 1 -

as Exhibit 4.

8.      Since the email exchange reflected in Exhibit 4, Defendants have made multiple productions of confidential documents to Plaintiffs.

9.      As stated in Mr. Kinnon's Declaration, we have had multiple meet-and-confer discussions with counsel for Plaintiffs about the proposed Stipulated Protective Order and, in particular, the basis for Defendants' position that the provisions of Paragraph 12.4 are appropriate.  In those discussions, Defendants expressed the view that the provisions relating to a party's ability to retain former employees or present or future competitors of another party should not affect Plaintiffs because there are so many potential experts in the relevant fields that they should have no difficulty finding suitable experts not covered by Paragraph 12.4.  At no time have Defendants stated or implied that we were seeking to prevent Plaintiffs from hiring experts or to have any ability to control Plaintiffs' choice of experts other than the restrictions on each side's ability to hire the other's former employees or present or future competitors as set forth in Paragraph 12.4.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 22, 2024, at San Francisco, CA.

_/s/ M. Todd Scott_
M. TODD SCOTT

- 2 -

DECLARATION OF M. TODD SCOTT