# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| IN RE GREEN DOT CORPORATION SECURITIES LITIGATION | Case No. 2:19-CV-10701-DDP-E<br><br>CLASS ACTION<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Judge:  Honorable Dean D. Pregerson |

WHEREAS, Federal Rule of Civil Procedure Rule 26(c) and this District's Sample Stipulated Protective Order contemplate the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances, and good cause having been shown, the Parties hereby stipulate, subject to the Court's approval, that this Stipulated Protective Order ("Order") governs the treatment of all discovery in these proceedings.

## 1.    PURPOSES AND LIMITATIONS

The purpose of this Order is to provide for the prompt, efficient, and orderly conduct of discovery proceedings, to preserve and maintain the confidentiality of

1

certain documents and information produced or exchanged in the litigation by the parties or by any nonparties, to prevent the waiver of applicable evidentiary privileges and doctrines, and to comply with all applicable state and federal rules and regulations.

This Order does not confer blanket protections on all disclosures or responses to discovery.  Rather, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

**2.      DEFINITIONS**

2.1      Action:  *In re Green Dot Corporation Securities Litigation*, No. 2:19-CV-10701-DDP-E (C.D. Cal.).

2.2      Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3      "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) or private identifacatory information such as Social Security numbers, home telephone numbers and addresses, tax returns (including attached schedules and forms), W-2s, 1099s, banking or credit information.

2.4      Counsel:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5      Designating Party:  a Party or Non-Party that designates information or items produced by any Party or Non-Party in disclosures or in responses to

discovery as "CONFIDENTIAL."

2.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

2.8    In-House Counsel:  attorneys who are employees of a Party to this Action.  In-House Counsel does not include Outside Counsel.

2.9    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10    Outside Counsel:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action.

2.11    Party: any Party[1] to this Action, including all of its officers, directors, employees, retained Experts, In-House Counsel, and Outside Counsel (and their support staffs). For the avoidance of doubt, prior to class certification, no putative class member other than a named plaintiff, the Lead Plaintiff, or a proposed class representative in the Action may be given access to Protected Material unless such putative class member may otherwise access Protected Material under another provision of this Order.

2.12    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or

---

[1] The current Parties are Lead Plaintiff New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund, and additional named plaintiff Teamsters Local Union No. 727 Pension Fund ("Plaintiffs"); and defendants Green Dot Corporation, Steven W. Streit, and Mark Shifke ("Defendants").

3

[PROPOSED] STIPULATED PROTECTIVE ORDER

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   Protected Material:  any Disclosure or Discovery Material that (1) qualifies for protection under Rule 26(c) that is designated as "CONFIDENTIAL" ("Protected Information"), (2) information copied or extracted from Protected Information; (2) all copies, excerpts, summaries, or compilations of Protected Information; and (4) any testimony, conversations, or presentations made by Parties that might reveal Protected Information.

2.16   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.     SCOPE**

All Protected Material is governed, and protected by the remedies and relief provided, by this Order.  Notwithstanding the foregoing, the protections conferred by this Stipulated Protective Order do not cover any information:

(a) that is in the public domain at the time of disclosure to a Receiving Party or that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and

(b) known to the Receiving Party prior to the disclosure, or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.     DURATION**

4

The terms of this Protective Order do not govern the use of information at trial in this Action.[2] However, any information that was designated as confidential or maintained pursuant to this protective order and not used at the trial shall retain its confidential status and remain subject to the restrictions set forth herein, except as otherwise agreed by the Producing Party or ordered by the Court.

If this Action is resolved without a trial, the confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it

---

[2] Determinations regarding restrictions on the use or public disclosure of Confidential Information at trial or in trial exhibits are reserved and shall be made in accordance with the Local Rules or as the Court directs at an appropriate time before trial, before any such Confidential Information is disclosed beyond the limits established by this Order.

[PROPOSED] STIPULATED PROTECTIVE ORDER

designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (*see, e.g.*, Section 5.3 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced or promptly after the Designating Party becomes aware of the need to so designate.

Designation in conformity with this Order requires:

(a)  for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Designating Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material.

For documents produced in native format, the "CONFIDENTIAL" legend shall be affixed to the placeholder bates numbered TIFF image that accompanies the native file in the production.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Designating Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, or as soon as is practicable, the Designating Party must affix the appropriate legend ("CONFIDENTIAL") to each page that contains Protected Material.

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record during the deposition, hearing, or other proceeding or in writing to Counsel for all other Parties and any

6

Non-Parties who attended the deposition or other proceeding no later than ten days after the conclusion of the deposition or other proceeding.  Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 10-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated. Designations must be specific as to the portions of the transcript and/or any exhibits to which that Confidentiality Designation applies, except that any exhibit that was marked with a Confidentiality Designation at the time of production, and which still bears that mark at the time of its use in a deposition, shall be presumed to fall within the provisions of this Order without further designation.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Designating Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. Such correction is timely if made within a reasonable time after the inadvertent failure to designate is discovered by the Designating Party.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

In the event that a Producing Party inadvertently fails to designate Protected Material, the Producing Party shall give written notice of such inadvertent failure to

7

designate to the Receiving Party (the "Inadvertent Failure to Designate Notice") and shall reproduce copies of the Protected Material that are labeled with the appropriate confidentiality designation. Upon receipt of an Inadvertent Production Notice and properly labeled Protected Material, the Receiving Party shall promptly destroy the inadvertently produced Protected Material and all copies thereof. Upon request, the Receiving Party shall notify the Producing Party in writing of such destruction within 14 calendar days of receipt of the Inadvertent Production Notice and properly labeled Protected Material. This provision is not intended to apply to any production of any document, material, or testimony protected by attorney-client or other privileges or the work product doctrine.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1      Timing of Challenges.  Any Party or Non-Party may challenge a designation (or non-designation) of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2      Meet and Confer.  The Challenging Party shall initiate the dispute resolution process in accordance with Local Rule 37-1 *et seq*.

6.3      Judicial Intervention.

(a)  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and  serve a stipulation concerning the matters in dispute pursuant to Civil Local Rules 37-1 and 37-2 within 14 days after the conclusion of the meet-and-confer conducted pursuant to Section 6.2. Either Party may declare that the meet-and-confer process has concluded.

(b)  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper

[PROPOSED] STIPULATED PROTECTIVE ORDER

purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions.

(c)  During the challenge process, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation and associated appeals. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Counsel shall maintain the originals of the "Acknowledgment and Agreement to Be Bound" forms signed by persons acknowledging their obligations under this Order for a period of 60 days after final disposition of these proceedings and shall provide copies of any relevant forms to counsel for another Party if such counsel certifies that it has a basis to believe that a violation of the Protective Order has occurred.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  attorneys and other employees of a law firm acting as the Receiving Party's Outside Counsel in this Action to whom it is reasonably

necessary to disclose the information for this litigation;

(b) officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel, including any special master or Court-appointed official and their staff;(e) court reporters and their staff,

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) in preparation for or during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the Party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Parties or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h) any mediator who is assigned to this matter and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(j) insurance carriers providing coverage in this matter.

**8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED**

**PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

9.1      The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

11

9.2    In the event that a Party is required, by a valid discovery request in this Action, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)  make the information requested available for inspection by the Non-Party.

9.3    If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this

12

Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.    INADVERTENT PRODUCTION OR DISCLOSURE OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The Parties agree that the protections of Federal Rule of Evidence 502(d) shall apply.  Consistent with Federal Rule of Evidence 502(d), the production or disclosure in this Action of any Disclosure or Discovery Material which a Party or Non-Party later claims in good faith should not have been produced in this Action because of the attorney-client privilege, the attorney work product protection, the joint defense or common interest doctrine, or other similar doctrine, or by another legal privilege protecting information from discovery ("Privileged Discovery Material"), will not, in and of itself, be deemed to have waived any privilege for the Privileged Discovery Matter in this Action or any other proceeding or investigation.

If the Producing Party timely notifies the Receiving Party in writing that Privileged Discovery Materials have been produced, the Receiving Party shall promptly sequester, return, or destroy the Privileged Discovery Material. Such notification is timely if made within a reasonable time after the disclosure of Privileged Discovery Material is discovered.  The Receiving Party shall promptly sequester or delete the Privileged Discovery Material (and all paper and electronic copies) from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents. If the Receiving Party has made any onward disclosures of the Privileged Discovery Material, it must also immediately notify all parties who received such material, instruct them to destroy or return it immediately, and identify the other party or parties in question to the Producing Party. Any Producing Party that claws back Privileged Discovery Material will promptly provide the Receiving Party with a privilege log that reasonably identifies the basis for the assertion of privilege or protection over the clawed-back documents.

13

Nothing contained herein is intended to or shall serve to limit the right of a Party to challenge the privilege or protection asserted with respect to any Disclosure or Discovery Material. The Receiving Party may file a motion with the Court for an order compelling production of the purportedly Privileged Discovery Material that has been clawed back. In so doing, the Receiving Party may not use the Privileged Discovery Material, except to the extent necessary to submit the document to the Court for *in camera* review.  Nor may the Receiving Party make use of the Privileged Discovery Material during any aspect of this Action or any other matter, including in depositions or at trial, unless the documents are later designated by the Court as not privileged or protected.

This provision is not intended to modify whatever procedure may be established in an e-discovery order or other agreement that provides for production without prior privilege review.

## 12.   <u>MISCELLANEOUS</u>

12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>.  A Party that seeks to file with the Court any Protected Material produced by another Party must seek to file such Material under seal in compliance with Civil Local Rule 79-5.

12.4   <u>Restrictions on Disclosures to Experts</u>.  A Party (the "Retaining Party") wishing to retain a testifying or consulting expert who is associated with another Party (the "Affected Party") must disclose the identity of the proposed expert to the Affected Party before providing the proposed expert with any

14

information designated CONFIDENTIAL by the Affected Party under this Protective Order.  The Affected Party can object to the retention by serving a letter pursuant to Local Rule 37-1, in which case the Retaining Party may not provide the proposed expert with any information designated CONFIDENTIAL until the dispute is resolved by agreement or court order.  For purposes of this paragraph, a person is considered to be "associated with" another Party if he or she (i) was a director or employee of the Affected Party on or after January 1, 2018, or (ii) is at the time of the retention in competition with the Affected Party, or reasonably likely in the future to be in competition with the Affected Party, whether as an director, owner, employee, or consultant of a competing company or otherwise.

**13.      FINAL DISPOSITION**

Within 60 days after the final disposition of this Action, as defined in Section 4, or such other time period as the Parties agree or the Court directs, and upon the request of the Producing or Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. If a Receiving Party has forwarded such material on to another party, the Receiving Party must also ensure that the recipient(s) also fully complies with this Section. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. This provision does not require the return or destruction of Protected Material stored on backup media made in accordance with regular data backup procedures for disaster recovery purposes, subject to legal hold obligations, or whose return or destruction would violate applicable federal or state law or regulation. Whether the Protected Material is returned or destroyed, the Receiving Party must, upon request from the Producing or Designating Party, submit a written certification to the Producing or Designating Party  by the deadline referenced in this Section that (1) affirms that all reasonable efforts were made to ensure that all the Protected Material that was returned or destroyed and (2) affirms that the

15

Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, Expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

### IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: _____ , 2024

Respectfully submitted,
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
JAMES N. KRAMER
ALEXANDER K. TALARIDES
M. TODD SCOTT


_____*Draft*_____
ALEXANDER K. TALARIDES
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:  415-773-5700
Facsimile:  415-773-5957

*Attorneys for Defendants*

[PROPOSED] STIPULATED PROTECTIVE ORDER

Dated: _____, 2024          **ROBBINS GELLER RUDMAN & DOWD LLP**
                                   JASON A. FORGE
                                   RACHEL L. JENSEN
                                   CHRISTOPHER R. KINNON
                                   JOHN M. KELLEY


                                   _____*Draft*_____
                                   RACHEL L. JENSEN
                                   655 West Broadway, Suite 1900
                                   San Diego, CA 92101-8498
                                   Telephone: 619-231-1058
                                   Facsimile: 619-231-7423

                                   - and -

                                   **PITTA LLP**
                                   VINCENT F. PITTA
                                   120 Broadway, 28th Floor
                                   New York, NY 10271
                                   Telephone: 212-652-3890
                                   Facsimile: 212-652-3891

                                   *Attorneys for Plaintiffs*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:                , 2024          _____
                                       Honorable Dean D. Pregerson
                                       United States District Judge

[PROPOSED] STIPULATED PROTECTIVE ORDER

18

## <u>ATTESTATION</u>

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(ii), I, Alexander K. Talarides, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized such filing.


*Draft*
_____
ALEXANDER K. TALARIDES

[PROPOSED] STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 2024, in the case of *In re Green Dot Corp. Sec. Litig.*, No. 2:19-CV-10701-DDP-E, (C.D. Cal.).

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date: _____

City and State where Sworn and Signed: _____

Printed Name: _____

Signature: _____

i

EXHIBIT A: ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

## CERTIFICATE OF SERVICE

The undersigned certifies that on _____, 2024, a true and correct copy of the foregoing **[Proposed] Stipulated Protective Order** was served upon each attorney of record through the Court's CM/ECF system.

_____
Alexander Talarides

i