**Miller, Adam**

| | |
|---|---|
| **From:** | Rachel Jensen <RachelJ@rgrdlaw.com> |
| **Sent:** | Tuesday, April 23, 2024 8:26 PM |
| **To:** | Scott, M. Todd; Kramer, James N.; Talarides, Alex; Patts, Lenny; Miller, Adam; Benton, Megan |
| **Cc:** | Jason Forge; Christopher Kinnon; Jack Kelley; Lea Bays |
| **Subject:** | Green Dot - Rule 26(f) conference |
| **Attachments:** | [DRAFT] ELECTRONIC DISCOVERY AGREEMENT v.1 4.23.24 RGRD.docx; [DRAFT] PRIVILEGE LOG AGREEMENT v.1 4.23.24 RGRD.docx; [DRAFT] STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER v.1 4.23.24 RGRD.docx |

**[EXTERNAL]**

Scott, Adam, and Megan:

Thanks for speaking with us last Friday to kick off the parties' Rule 26(f) conference. As promised, attached are draft ESI and privilege log protocols for your review. We also had a protective order handy, so sending it over as well.

Below is a summary of our discussion of the Rule 26(f)(2) topics:

1. The nature of the claims and defenses in the case: Defendants had no questions about Plaintiffs' claims, and the defenses will be set forth in the forthcoming answer after which the Parties may confer further.

2. Possibility for a prompt settlement and insurance coverage: Defendants will revert about early mediation after speaking with the insurers.

3. Rule 26(a) disclosures: Defendants will revert on Plaintiffs' proposal of 30 days from the conference.

4. Preservation of documents: The Parties are unaware of preservation issues, and you agreed to confirm after a meeting with the Company and then to advise of any preservation issues going forward.

5. Discovery plan and case schedule: Plaintiffs will provide a first draft of a discovery plan and case schedule within 14 days, with a target to file within 30 days of the conference.

6. Protective order: Defendants offered to send a draft proposed protective order for Plaintiffs' review. We had one handy so sending for your consideration.

7. ESI and privilege log protocols: Draft protocols attached for your review and comment. Plaintiffs reserve the right to make additional changes to these drafts. Let us know if you have any questions.

8.  Already segregated documents:  Plaintiffs requested production within 30 days of already segregated materials, including documents produced to the government (or Federal Reserve).  Such a production imposes no burden on Defendants and will inform Plaintiffs on ESI issues, including custodians, search terms.  You indicated that you are unsure what materials have been produced, but agreed to provide such materials early if possible.

If your understanding differs from ours, please let us know.  We look forward to your response.

Best,
Rachel

**Rachel L. Jensen**
Partner

**Robbins Geller**
**Rudman & Dowd** LLP

655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

   

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**DRAFT** — October 22, 2024 – 6:54:23 PM –

ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON A. FORGE (181542)
RACHEL L. JENSEN (211456)
CHRISTOPHER R. KINNON (316850)
JOHN M. KELLEY (339965)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
jforge@rgrdlaw.com
rjensen@rgrdlaw.com
ckinnon@rgrdlaw.com
jkelley@rgrdlaw.com

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GREEN DOT CORPORATION SECURITIES LITIGATION | ) ) ) ) ) |

Case No. 2:19-cv-10701-DDP (Ex)

<u>CLASS ACTION</u>

[DRAFT] STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

4856-6089-9256.v1

Pursuant to Federal Rule of Civil Procedure 26(c), Lead Plaintiff New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund and Plaintiff Teamsters Local Union No. 727 Pension Fund ("Plaintiffs") and Defendants Green Dot, Steven W. Streit, and Mark Shifke ("Defendants") (collectively, the "Parties"), by and through their counsel, hereby stipulate to and petition the Court to enter the following Stipulated Confidentiality and Protective Order in the above-captioned action.

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery in this action are likely to involve production of confidential or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not automatically entitle them to file confidential information under seal.

## 2. DEFINITIONS

**2.1 Challenging Party**: A Party or Non-Party that challenges the designation of information or items under this Order.

**2.2 "CONFIDENTIAL" Information or Items**: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection from public disclosure including trade secrets; confidential research, development, or commercial information that would cause hard to the Designating Party if made public; and sensitive personal information such as health information, payment card numbers, financial account numbers, social security numbers, and tax identification numbers.

- 1 -

4856-6089-9256.v1

**DRAFT** — October 22, 2024 – 6:54:23 PM –

**2.3**    **Counsel (without qualifier)**: Outside Counsel and In-House Counsel (as well as their support staff).

**2.4**    **Designating Party**: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

**2.5**    **Disclosure or Discovery Material**: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.6**    **Expert/Consultant**: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

**2.7**    **In-House Counsel**: Attorneys who are employees of a party to this action.  In-House Counsel does not include Outside Counsel in this action or any other outside counsel.

**2.8**    **Non-Party**: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.9**    **Outside Counsel**: Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

**2.10**    **Party:** Any party to this action, including all of its officers, directors, employees, and Outside Counsel (and their support staffs).

**2.11**    **Producing Party**: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

**2.12**    **Professional Vendors**: Persons or entities that provide or advise on litigation support services (*e.g.*, photocopying, videotaping, translating, preparing

- 2 -

4856-6089-9256.v1

exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.13  Protected Material**: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

**2.14  Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.  SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.  DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; (2) final approval of settlement between and among all parties; and (3) final judgment herein after the completion and exhaustion of all appeals,

- 3 -

4856-6089-9256.v1

rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

**5.1    Exercise of Restraint and Care in Designating Material for Protection**.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**5.2    Manner and Timing of Designations**.  Except as otherwise provided in this Order , or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party shall indicate in the accompanying cover letter that the production includes protected information and affix the legend "CONFIDENTIAL" to each page of the production that contains protected material. For documents produced in native format, the "CONFIDENTIAL" legend shall be affixed to the placeholder bates numbered TIFF image that accompanies the native file.

- 4 -

4856-6089-9256.v1

(b)     A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

(c)     For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.  The Designating Party will have up to 14 days from the receipt of the transcript to designate information for protection and all testimony will be treated as CONFIDENTIAL until then.  If only a portion of the testimony qualifies for protection, the Designating Party must clearly identify the protected portion(s).

(d)     For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**5.3    Inadvertent Failures to Designate**.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1    Timing of Challenges**.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial

- 5 -

4856-6089-9256.v1

unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2    Meet and Confer**.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (by phone, video conference, or in person) within seven days of the date of notice of the challenge.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

**6.3    Judicial Intervention**.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within seven days of the parties agreeing that the meet-and confer-process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or seven days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Unless the Designating Party has waived the confidentiality

- 6 -

4856-6089-9256.v1

designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1    Basic Principles**.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions regarding the Final Disposition of Protected Material.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2    Disclosure of "CONFIDENTIAL" Information or Items**.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)    Experts/Consultants and their staff and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

- 7 -

4856-6089-9256.v1

(d)    the Court and its personnel, special masters, and any Court-appointed official and their staff;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants and mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    Professional Vendors and their staff;

(h)    mediators and their staff;

(i)    witnesses or potential witnesses in the action, during or in preparation for deposition or trial testimony, to whom disclosure is reasonably necessary, so long as they are not permitted to retain copies of Protected Material;

(j)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and/or

(k)    insurance carriers providing coverage in this matter.

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this

- 8 -

4856-6089-9256.v1

**DRAFT** — October 22, 2024 – 6:54:23 PM –

action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (1) notify in writing the Designating Party of the unauthorized disclosures; (2) use its best efforts to retrieve all unauthorized copies of the Protected Material; (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (4) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure

4856-6089-9256.v1

may be established in an order that provides for production without prior privilege review.

## 12. MISCELLANEOUS

**12.1 Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

**12.2 Right to Assert Other Objections**. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

## 13. FINAL DISPOSITION

At any time after 60 days of the final disposition of this action, upon the request of the Producing Party, the Receiving Party must make commercially reasonable efforts to return or destroy all Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. This provision does not require the return or destruction of Protected Material stored on backup media made in accordance with regular data backup procedures for disaster recovery purposes, subject to legal hold obligations, or whose return or destruction would violate applicable federal or state law or regulations. Whether the Protected Material is returned or destroyed, upon request, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) within 30 days of the request that affirms that commercially reasonable efforts were made to ensure that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial

- 10 -

4856-6089-9256.v1

exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____, 2024    ROBBINS GELLER RUDMAN & DOWD LLP
JASON A. FORGE
RACHEL L. JENSEN
CHRISTOPHER R. KINNON
JOHN M. KELLEY

_____
[DRAFT]
[ATTORNEY SIGNATURE]

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

PITTA LLP
VINCENT F. PITTA
120 Broadway, 28th Floor
New York, NY  10271
Telephone: 212/652-3890
212/652-3891 (fax)

Additional Counsel for Plaintiffs

DATED: _____, 2024    ORRICK, HERRINGTON & SUTCLIFFE LLP
JAMES M. KRAMER
ALEXANDER K. TALARIDES
M. TODD SCOTT

_____
[DRAFT]
[ATTORNEY SIGNATURE]

The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:  415/773-5700
415/773-5957 (fax)

- 11 -

4856-6089-9256.v1

**DRAFT** — October 22, 2024 – 6:54:23 PM –

Attorneys for Defendants

\*        \*        \*

**O R D E R**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____

THE HONORABLE DEAD D. PREGERSON
UNITED STATES MAGISTRATE JUDGE

- 12 -

4856-6089-9256.v1

**DRAFT** — October 22, 2024 – 6:54:23 PM –

*In re Green Dot Corporation Securities Litigation*
No. 2:19-cv-10701-DDP (EX) (C.D. Cal.)

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type employer], acknowledge

that I have read in its entirety and understand the Stipulated Protective Order that was

issued in the above captioned case on _____ [insert date ordered].  I

agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I agree that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order

to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

DATED: _____    _____
                                                             *Printed Name*

                                                             _____
                                                             *Signature*

- 13 -

4856-6089-9256.v1