ROBBINS GELLER RUDMAN
  & DOWD LLP
RACHEL L. JENSEN (211456)
JESSICA T. SHINNEFIELD (234432)
CHRISTOPHER R. KINNON (316850)
MEGAN A. ROSSI (318643)
JOHN M. KELLEY (339965)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
rjensen@rgrdlaw.com
jshinnefield@rgrdlaw.com
ckinnon@rgrdlaw.com
mrossi@rgrdlaw.com
jkelley@rgrdlaw.com

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GREEN DOT CORPORATION SECURITIES LITIGATION ) ) ) | Case No. 2:19-cv-10701-DDP (Ex) |
| | <u>CLASS ACTION</u> |
| | PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF JOINT STIPULATION REGARDING PLAINTIFFS' MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER |
| | Date: November 15, 2024 Time: 9:30 a.m. Dept: 750 |
| | Discovery Cutoff: October 31, 2025 Pretrial Conference: October 5, 2026 Trial: November 3, 2026 |

4861-4408-5491.v1

Defendants cannot identify a single specific harm necessitating their severe and one-sided Expert Disclosure Limitations, which seek to treat their routine business documents like patents or source code. Joint Stipulation Regarding Plaintiffs' Motion for Entry of Stipulated Protective Order and Defendants' Cross-Motion for Entry of Stipulated Protective Order (ECF 123) (the "Motion" or "Mot.") at 2, 10-16.[1] Plaintiffs, however, articulate specific and severe prejudices that will result from adopting Defendants' proposal: (i) it will severely curtail Plaintiffs' ability to effectively litigate this case; and (ii) it will provide Defendants an unwarranted and unfair litigation advantage. *Id.* at 1, 4-10. Thus, the Court should enter Plaintiffs' Stipulated Protective Order and deny Defendants' cross-motion.

## I.     Defendants Cannot Show that Their Aged, Routine Business Records Require the Extreme Protections They Seek

Defendants make no effort to show that their stale, routine business documents warrant the severe protections they seek.[2] Their generalized assertions of standard competitive harm fail as a matter of law to satisfy their burden "of showing that specific prejudice or harm will result" without their proposed Expert Disclosure Limitations. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130-31 (9th Cir. 2003). Such "'[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.'" *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Accordingly, the drastic protective measures Defendants propose are unwarranted. The standard protections in Plaintiffs'

---

[1]    Unless otherwise noted, capitalized terms herein have the same meaning ascribed to them in the Motion, emphasis is added, and citations are omitted.

[2]    In arguing that Plaintiffs seek not just stale information but documents "'through the present'" (Mot. at 15), Defendants improperly "refer the Court to . . . other documents" outside the Motion, citing, without a pin cite, to a 28-page document. L.R. 37-2.1. Regardless, Defendants omit that Plaintiffs narrowed the time frames for discovery requests for Green Dot's substantive business records during meet and confers to 2020 – nearly five years ago – and seek only documents concerning regulatory and government investigations "'through the present.'"

- 1 -

4861-4408-5491.v1

Stipulated Protective Order, based on the Central District of California's sample order, are more than sufficient here.

## II.    Defendants' Cases Show the Extreme Protections They Seek Are Not Warranted

As Defendants concede: "***This case involves consumer financial services, not classified weapons systems***." Mot. at 16. The stipulated protections should therefore reflect the generic nature of the documents at issue here. It is irrelevant, therefore, that in factually inapposite cases involving patent disputes and source code, some district courts outside this District have "adopt[ed] protective orders that limit disclosure of confidential information to a party's former employees or actual or potential competitors." Mot. at 14. Unsurprisingly, Defendants provide no authority from the Central District of California similarly restricting expert disclosure, let alone in a dispute between non-competitors in routine civil litigation. Nor do any of the out-of-district cases Defendants cite require one party to make impracticable – if not impossible – prognostications (*i.e.*, the disclosure of an expert who may be a ***future consultant*** for a potential (and undefined) competitor).

Indeed, the cases Defendants cite concerning highly-confidential information involving trade secrets, patents, and source code only serve to demonstrate why the extreme protections they seek for routine business documents are not appropriate here. *See Doe v. Kaiser Found. Health Plan, Inc.*, 2023 WL 8281690, at *2 (N.D. Cal. Nov. 30, 2023) (plaintiffs sought to obtain source code information); *TD Pro. Servs. v. Truyo Inc.*, 2022 WL 3098985, at *1 (D. Ariz. Aug. 4, 2022) (patent infringement litigation); *Corley v. Google, Inc.*, 2016 WL 3421402, at *2 (N.D. Cal. June 22, 2016) ("source code is likely to be produced in this case"); *TVIIM, LLC v. McAfee, Inc.*, 2014 WL 2768641, at *1 (N.D. Cal. June 18, 2014) (citing the Northern District's model protective order for ***patent litigation*** in a patent dispute). These cases show that Defendants do not require similar protections because they cannot demonstrate that any highly-confidential secrets are at risk of disclosure.

- 2 -

4861-4408-5491.v1

Because Defendants have failed to demonstrate good cause, "plaintiffs are not competitors of defendants," and the case involves stale, routine business documents, Plaintiffs' Stipulated Proposed Protective Order ensures "there is virtually no risk that [D]efendants' 'secrets' will be disclosed." *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 617 (N.D. Cal. 2006).

## III. Defendants' Limitations Are Impracticable, Boundless, and Highly Prejudicial, Not "Simple, Reasonable, and Narrowly Tailored"

Rather than defend their flawed proposal, Defendants complain that Plaintiffs' descriptions of Defendants' Expert Disclosure Limitations are "overwrought" and a "distortion." Mot. at 15. But Plaintiffs quote Defendants' proposed language verbatim. Thus, Defendants cannot (and do not) dispute that their proposed Expert Disclosure Limitations would require Plaintiffs first to divine, and then to disclose prematurely, the name of any expert who is "***reasonably likely in the future***" to be "***in competition***" with Green Dot, including as a "***consultant of a competing company***." Kinnon Decl., Ex. A at 3. That Defendants have now attempted to modify their proposal on the fly to try to minimize what it requires of Plaintiffs (*e.g.*, confirm that an expert has "no specific plans" to compete with Green Dot) underscores how hopelessly vague, impracticable, and overbroad their Expert Disclosure Limitations are. Mot. at 15.

Defendants concede that their Expert Disclosure Limitations would "prevent" Plaintiffs from providing any information Green Dot designates as confidential – every single document they have produced to date – to anyone who *may* (even in the future) consult for a company Green Dot deems a competitor. Mot. at 11-12, 14. This means Plaintiffs could not provide Green Dot's purportedly confidential documents to any expert who has ever consulted for (or may in the future) a financial services company, a technology company, a bank, a tax refund company, a holding company, a debit card company, a credit card company, or a prepaid card company.

- 3 -

4861-4408-5491.v1

Defendants argue that their Expert Disclosure Limitations would not apply to "'any banking, credit or debit card, or technology business.'" Mot. at 15. But Green Dot describes itself as an "online bank," "holding company," a "finance company," and a "technology platform," and Defendants define Green Dot in the Motion as "a fintech company that offers various financial services to consumers, including debit, credit, and prepaid cards, tax refunds, and other services." Mot. at 2; *see* Our mission, Green Dot Bank, https://www.greendot.com/meet-green-dot. Green Dot's current and future competitors are thus an amorphous and virtually limitless cohort. As such, Defendants' proposal severely prejudices Plaintiffs by limiting their ability to retain useful experts, while simultaneously providing Defendants with the benefit of a sneak preview of Plaintiffs' litigation strategy.

For precisely this reason, courts in this District refuse to impose such limitations in standard litigation – they would "mak[e] it impossible for plaintiff[s] to effectively litigate this case." *See Ho v. Marathon Pat. Grp., Inc.*, 2021 WL 10862800, at *4 (C.D. Cal. June 23, 2021) ("prohibiting plaintiff from disclosing highly confidential materials to plaintiff's own experts without authorization from defendant will unfairly restrict plaintiff's ability to work with his experts").[3]

## IV.  CONCLUSION

For the foregoing reasons, and all those in the Motion (*id.* at 1, 4-10), the Court should grant Plaintiffs' motion for entry of the Stipulated Protective Order without Defendants' severe, prejudicial, and unwarranted Expert Disclosure Limitations.

---

[3]  Defendants baselessly speculate "that [Plaintiffs] have already retained, or intend to retain, competitors or former employees of Green Dot with whom they intend to share Green Dot's confidential business information." Mot. at 12-13. Plaintiffs have retained no experts in this case, and have already stated that they do not intend to hire a former Green Dot employee. *Id.* at 9.

- 4 -

4861-4408-5491.v1

DATED:  November 1, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
RACHEL L. JENSEN
JESSICA T. SHINNEFIELD
CHRISTOPHER R. KINNON
MEGAN A. ROSSI
JOHN M. KELLEY

s/ Christopher R. Kinnon
CHRISTOPHER R. KINNON

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

PITTA LLP
VINCENT F. PITTA
120 Broadway, 28th Floor
New York, NY  10271
Telephone: 212/652-3890
212/652-3891 (fax)

Additional Counsel for Plaintiffs

- 5 -

4861-4408-5491.v1