ROBBINS GELLER RUDMAN
  & DOWD LLP
JESSICA T. SHINNEFIELD (234432)
CHRISTOPHER R. KINNON (316850)
MEGAN A. ROSSI (318643)
JOHN M. KELLEY (339965)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
jshinnefield@rgrdlaw.com
ckinnon@rgrdlaw.com
mrossi@rgrdlaw.com
jkelley@rgrdlaw.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GREEN DOT CORPORATION SECURITIES LITIGATION | ) ) ) |

Case No. 2:19-cv-10701-DDP (Ex)

<u>CLASS ACTION</u>

DISCOVERY MATTER

DECLARATION OF CHRISTOPHER R. KINNON IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL INFORMATION RELATED TO THE FEDERAL RESERVE ORDER TO CEASE AND DESIST

Date:      December 6, 2024
Time:      9:30 A.M.
Dept:      750

Discovery Cutoff: October 31, 2025
Pretrial Conference: October 5, 2026
Trial: November 3, 2026

4882-3461-4774.v1

I, CHRISTOPHER R. KINNON, declare as follows:

1.      I am an attorney licensed to practice in all courts in the State of California.  I am an associate at Robbins Geller Rudman & Dowd LLP, counsel for Lead Plaintiff New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund and plaintiff Teamsters Local Union No. 727 Pension Fund (together, "Plaintiffs") and the putative class in the above-captioned matter.  The matters set forth herein are based upon my own personal knowledge, and if called as a witness, I could and would testify competently to such matters.  I submit this declaration in support of the Joint Stipulation Regarding Plaintiffs' Motion to Compel Information Related to the Federal Reserve Order to Cease and Desist, filed concurrently herewith.

2.      The Parties[1] began their initial Federal Rule of Civil Procedure 26(f) conference on April 19, 2024 with a meet-and-confer phone call.

3.      On July 19, 2024 the Federal Reserve System (the "Federal Reserve") issued an Order to Cease and Desist and Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as Amended (the "Federal Reserve Order"), upon Green Dot, including a $44-million-dollar fine related to, among other things, Green Dot's marketing, selling, and servicing of Green Dot's prepaid debit card accounts during the Class Period.

4.      Plaintiffs served Plaintiffs' First Set of Requests for Production of Documents and Data to Defendants on July 19, 2024.

5.      Plaintiffs served Lead Plaintiff's First Set of Interrogatories to Defendant Green Dot Corporation on July 30, 2024.

6.      On August 19, 2024, Defendants sent their Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents and Data ("Responses and Objections"), objecting to Request for Production No. 38 ("RFP No. 38") on

---

[1]      "Parties" refers collectively to Plaintiffs, and defendants Green Dot Corporation ("Green Dot"), Steven W. Streit, and Mark Shifke.

- 1 -

4882-3461-4774.v1

grounds of the bank examination privilege, but without describing the nature of the documents, communications, or tangible things not produced or disclosed, as required under Federal Rule of Civil Procedure 26(b)(5)(ii).

7. On August 26, 2024, the Parties met and conferred regarding Defendants' Responses and Objections, including their objections to RFP No. 38, but Defendants refused to provide any additional information about the Federal Reserve Order. The Parties agreed to table the discussion until Defendants submitted their Responses and Objections to Lead Plaintiff's First Set of Interrogatories to Defendant Green Dot Corporation, which they did on August 29, 2024.

8. On August 30, 2024, Plaintiffs sent a letter to Defendants memorializing the August 26, 2024 meet-and-confer discussions and seeking additional information about Defendants' objections – specifically, factual information concerning the Federal Reserve Order.

9. Plaintiffs continued to meet and confer about Defendants' objections to RFP No. 38 and Request for Interrogatory No. 2 on September 4 and 6, 2024, respectively. Both times, Defendants merely represented that they "intend to supplement our answer to Interrogatory No. 2," but to date have not done so despite Plaintiffs' follow ups.

10. On September 20, 2024, Defendants responded to Plaintiffs' August 30, 2024 letter, again without providing answers to the questions posed. Instead, Defendants invoked an all-encompassing obligation to maintain confidentiality of purportedly privileged information, without identifying any possibly non-privileged material.

11. On October 11, 2024, Defendants sent Plaintiffs another letter reiterating their position that all information and communications Plaintiffs seek relating to the Federal Reserve Order are subject to the bank examination privilege. Defendants attached to this correspondence an October 10, 2024 letter from the Federal Reserve's Associate General Counsel explaining that the privilege is narrower than Defendants

- 2 -

4882-3461-4774.v1

assert and affirming that Defendants could produce responsive information and documents to Plaintiffs without issue.

12. Plaintiffs immediately responded to Defendants' October 11, 2024 letter and the Federal Reserve's October 10, 2024 letter, asking Defendants to produce all factual information related to the Federal Reserve Order.

13. In a final attempt to avoid bringing this issue before the Court, Plaintiffs met and conferred with Defendants on October 17, 2024, again asking Defendants to produce documents and information in compliance with the Federal Reserve's guidance. Defendants disregarded the Federal Reserve's clear position that the materials Plaintiffs seek are not subject to the bank examination privilege, stating that they would only disclose the non-confidential supervisory information if Plaintiffs could guess the correct search terms that hit upon these documents. Defendants also told Plaintiffs they would not enter on a privilege log any documents withheld on the purported bank examination privilege.

14. Since Plaintiffs propounded their requests for production of documents and interrogatories on July 19 and 30, 2024, respectively, Defendants have refused to admit whether they even produced any documents or information pursuant to the Federal Reserve Order.

15. Attached are true and correct copies of the following exhibits:

Exhibit A: Federal Reserve System's Order to Cease and Desist and Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as Amended, dated July 19, 2024;

Exhibit B: Letter from Defendants dated October 11, 2024, refusing to produce relevant documents and information on the basis of the bank examination privilege, with attached letter from the Federal Reserve dated October 10, 2024, explaining that Defendants may

- 3 -

4882-3461-4774.v1

produce non-privileged information responsive to Plaintiffs' requests;

Exhibit C:   Plaintiffs' First Set of Requests for Production of Documents and Data to Defendants, dated July 19, 2024;

Exhibit D:   Lead Plaintiff's First Set of Interrogatories to Defendant Green Dot Corporation, dated July 30, 2024;

Exhibit E:   Defendants' Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents and Data, dated August 19, 2024;

Exhibit F:   Defendant Green Dot Corporation's Answers and Objections to Plaintiffs' First Set of Interrogatories, dated August 29, 2024;

Exhibit G:   Letter from Plaintiffs to Defendants dated August 30, 2024, attempting to narrow the dispute by seeking additional information about Defendants' objections;

Exhibit H:   Letter from Defendants to Plaintiffs dated September 20, 2024, stating that Defendants will continue to withhold all relevant documents and information pursuant to the bank examination privilege, and that Plaintiffs' only means of obtaining Green Dot's own business records is through the Federal Reserve's regulatory procedures;

Exhibit I:   Email from Defendants to Plaintiffs dated September 6, 2024 stating that Defendants intend to supplement their answer to Plaintiffs' Interrogatory No. 2; and

Exhibit J:   Email from Plaintiffs to Defendants dated October 11, 2024 requesting all non-confidential supervisory information in

- 4 -

4882-3461-4774.v1

response to Plaintiffs' Interrogatory No. 2.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 19, 2024, at San Diego, California.

s/ Christopher R. Kinnon
CHRISTOPHER R. KINNON

- 5 -

4882-3461-4774.v1