# EXHIBIT J

## Katie Woods

| | |
|---|---|
| **From:** | Christopher Kinnon |
| **Sent:** | Friday, October 11, 2024 1:57 PM |
| **To:** | 'Miller, Adam' |
| **Cc:** | Patts, Lenny; Rachel Jensen; Jessica Shinnefield; Megan Rossi; Jack Kelley; 'vpitta@pittalaw.com'; Katie Woods; Kramer, James N.; Talarides, Alex; Scott, M. Todd; Benton, Megan; 'rgottlieb@glaserweil.com'; 'epetrossian@glaserweil.com'; 'jyang@glaserweil.com'; 'cbraschi@glaserweil.com' |
| **Subject:** | RE: In re Green Dot Corp. Sec. Litig., No. 2:19-cv-10701-DDP (Ex) (C.D. Cal.) |

Hi Adam,

Thanks for Green Dot's document production today.

I also write to follow up on your letter of today.  Thanks for confirming Green Dot won't withhold information concerning the Consent Order's categories A and B based on relevance grounds.  Information concerning Category E ("Tax Return Preparation Payment Services Fees") is also relevant to this case, given the Complaint's allegations that Green Dot used its seasonal tax business revenue "to conceal declining growth in the legacy prepaid card business in the short term." (¶33).  In addition to Interrogatory 2, such information and documents are also responsive to RFP 38.

Aside from relevance, we note that the Federal Reserve letter attached to your letter narrowly defines CSI – that is, the information and documents you have maintained are subject to administrative procedures.  Specifically, the Federal Reserve agrees that CSI "does not include . . . [d]ocuments prepared by or for [Green Dot's] own business purposes that are in [Green Dot's] own possession and that do not include [CSI]."  Oct. 11, 2024 Letter at 3, n.2.  Accordingly, all non-CSI should be provided or produced without further delay and any CSI redacted.

While reserving Plaintiffs' rights to seek additional information (including CSI) later, please confirm Green Dot will promptly amend its responses to Plaintiffs' Interrogatory No. 2 and produce responsive documents to Plaintiffs' RFP 38—producing all documents and factual information concerning Consent Order categories A, B, and E to comport with your representations and the Federal Reserve's definitions.

Finally, given the Federal Reserve letter's recitation of the requirements for requesting CSI, including a "narrow and specific description of the CSI sought" (10/10/24 Ltr. at 3), please confirm that Defendants will provide a redaction and privilege log of all information and documents withhold.  Without this information, Plaintiffs are unable to satisfy the administrative requirements and thus forced to seek Court intervention.

Please respond by early next week at the latest, so that we can determine whether the Parties can resolve this issue without discovery motions practice.  We are also free to meet and confer next Monday or Tuesday if you suggest some times that work.

In addition, Plaintiffs will send you our discovery letter position concerning the protective order by early next week.

Thanks,
Chris

**Christopher Kinnon**

**Robbins Geller**
**Rudman & Dowd** LLP

1

EXHIBIT J
136

655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058



---

**From:** Miller, Adam <adam.miller@orrick.com>
**Sent:** Friday, October 11, 2024 9:41 AM
**To:** Christopher Kinnon <CKinnon@rgrdlaw.com>
**Cc:** Patts, Lenny <lpatts@orrick.com>; Jason Forge <JForge@rgrdlaw.com>; Rachel Jensen <RachelJ@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jack Kelley <JKelley@rgrdlaw.com>; 'vpitta@pittalaw.com' <vpitta@pittalaw.com>; Katie Woods <KWoods@rgrdlaw.com>; Ariana Gonzales <AGonzales@rgrdlaw.com>; Kramer, James N. <jkramer@orrick.com>; Talarides, Alex <atalarides@orrick.com>; Scott, M. Todd <tscott@orrick.com>; Benton, Megan <mbenton@orrick.com>; 'rgottlieb@glaserweil.com' <rgottlieb@glaserweil.com>; 'epetrossian@glaserweil.com' <epetrossian@glaserweil.com>; 'jyang@glaserweil.com' <jyang@glaserweil.com>; 'cbraschi@glaserweil.com' <cbraschi@glaserweil.com>
**Subject:** RE: In re Green Dot Corp. Sec. Litig., No. 2:19-cv-10701-DDP (Ex) (C.D. Cal.)

EXTERNAL SENDER
Chris, please see the attached letter on the FRB issues.  Thanks.

**Adam Miller**
Senior Counsel
Orrick
Washington, DC
T +1 202-349-7958
adam.miller@orrick.com



---

**From:** Christopher Kinnon <CKinnon@rgrdlaw.com>
**Sent:** Tuesday, September 24, 2024 6:30 PM
**To:** Miller, Adam <adam.miller@orrick.com>
**Cc:** Patts, Lenny <lpatts@orrick.com>; Jason Forge <JForge@rgrdlaw.com>; Rachel Jensen <RachelJ@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jack Kelley <JKelley@rgrdlaw.com>; 'vpitta@pittalaw.com' <vpitta@pittalaw.com>; Katie Woods <KWoods@rgrdlaw.com>; Ariana Gonzales <AGonzales@rgrdlaw.com>; Kramer, James N. <jkramer@orrick.com>; Talarides, Alex <atalarides@orrick.com>; Scott, M. Todd <tscott@orrick.com>; Benton, Megan <mbenton@orrick.com>; 'rgottlieb@glaserweil.com' <rgottlieb@glaserweil.com>; 'epetrossian@glaserweil.com' <epetrossian@glaserweil.com>; 'jyang@glaserweil.com' <jyang@glaserweil.com>; 'cbraschi@glaserweil.com' <cbraschi@glaserweil.com>
**Subject:** RE: In re Green Dot Corp. Sec. Litig., No. 2:19-cv-10701-DDP (Ex) (C.D. Cal.)

**[EXTERNAL]**

Here's a recent case in the 9th Circuit citing the *Bankers Trust* opinion I  provided on the phone call:

2

Similarly, federal regulations, even when interpreted with the force of law, cannot be enforced if they purport to override the Federal Rules of Civil Procedure. *In re Bankers Tr. Co.*, 61 F.3d 465, 470–71 (6th Cir. 1995) [hereinafter *Bankers Trust*]. In *Bankers Trust*, the Federal Reserve Board refused to produce documents because a federal regulation barred their production absent following procedures to request such documents via separate action in district court in Washington, D.C. *Id.* at 469. The *Bankers Trust* opinion analyzed the conflict between the federal regulation and Rule 34, and concluded that the Federal Rules of Civil Procedure govern whether the documents should be produced:

> We likewise conclude that Congress did not empower the Federal Reserve to prescribe regulations that direct a party to deliberately disobey a court order, subpoena, or other judicial mechanism requiring the production of information. We therefore hold that the language in 12 C.F.R. § 261.14 that requires a party that is served with a subpoena, order, or other judicial process to continually decline to disclose information or testimony exceeds the congressional delegation of authority and cannot be recognized by this court. Such a regulation is plainly inconsistent with Rule 34 and cannot be enforced. To allow a federal regulation issued by an agency to effectively override the application of the Federal Rules of Civil Procedure and, in essence, divest a court of jurisdiction over discovery, the enabling statute must be more specific than a general grant of authority as found here.
>
> Moreover, we find no compelling reason to discard the relatively straightforward discovery methods outlined in the Federal Rules of Civil Procedure simply because the Federal Reserve has attempted to mandate a different procedure.
>
> *Id.* at 470–71.

IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION This Document Relates to: All Actions, No. 22-MD-03047-YGR (PHK), 2024 WL 4125618, at *6–7 (N.D. Cal. Sept. 6, 2024).

---

**From:** Christopher Kinnon
**Sent:** Tuesday, September 24, 2024 11:48 AM
**To:** 'Miller, Adam' <adam.miller@orrick.com>
**Cc:** 'Patts, Lenny' <lpatts@orrick.com>; Jason Forge <JForge@rgrdlaw.com>; Rachel Jensen <RachelJ@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jack Kelley <JKelley@rgrdlaw.com>; 'vpitta@pittalaw.com' <vpitta@pittalaw.com>; Katie Woods <KWoods@rgrdlaw.com>; Ariana Gonzales <AGonzales@rgrdlaw.com>; 'Kramer, James N.' <jkramer@orrick.com>; 'Talarides, Alex' <atalarides@orrick.com>; 'Scott, M. Todd' <tscott@orrick.com>; 'Benton, Megan' <mbenton@orrick.com>; 'rgottlieb@glaserweil.com' <rgottlieb@glaserweil.com>; 'epetrossian@glaserweil.com' <epetrossian@glaserweil.com>; 'jyang@glaserweil.com' <jyang@glaserweil.com>; 'cbraschi@glaserweil.com' <cbraschi@glaserweil.com>
**Subject:** RE: In re Green Dot Corp. Sec. Litig., No. 2:19-cv-10701-DDP (Ex) (C.D. Cal.)

Adam, I understand this issue is resolved.  You will produce the insurance documents this week, and we will treat them as confidential.

- Chris

---

**From:** Christopher Kinnon
**Sent:** Tuesday, September 24, 2024 10:56 AM
**To:** 'Miller, Adam' <adam.miller@orrick.com>
**Cc:** Patts, Lenny <lpatts@orrick.com>; Jason Forge <JForge@rgrdlaw.com>; Rachel Jensen <RachelJ@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jack Kelley <JKelley@rgrdlaw.com>; vpitta@pittalaw.com; Katie Woods <KWoods@rgrdlaw.com>; Ariana Gonzales <AGonzales@rgrdlaw.com>; Kramer, James N. <jkramer@orrick.com>; Talarides, Alex <atalarides@orrick.com>; Scott, M. Todd <tscott@orrick.com>; Benton, Megan <mbenton@orrick.com>; rgottlieb@glaserweil.com; epetrossian@glaserweil.com; jyang@glaserweil.com; cbraschi@glaserweil.com
**Subject:** RE: In re Green Dot Corp. Sec. Litig., No. 2:19-cv-10701-DDP (Ex) (C.D. Cal.)

3

Adam, you should produce these mandatory disclosures immediately without any conditions. Trying to extort us to grant protections for Green Dot's standard business documents akin to patents or trade secrets in a suit between competitors is unethical. You can produce them subject to the negotiated protections we will be asking the court to enter (excluding your unnecessary, severe, and inappropriate limitations on expert disclosures), or we will seek sanctions. Obviously insurance documents are not even the sort of documents that implicate experts in any way. *See In re Facebook, Inc. Consumer Priv. User Profile Litig.*, 655 F. Supp. 3d 899, 935 (N.D. Cal. 2023) (sanctioning Defendants and their counsel over $900,000 for "the systematic, conscious, bad-faith approach they took to this litigation" including the "repeated use of frivolous legal arguments to delay the production of highly probative evidence").

---

**From:** Miller, Adam <adam.miller@orrick.com>
**Sent:** Tuesday, September 24, 2024 10:50 AM
**To:** Christopher Kinnon <CKinnon@rgrdlaw.com>
**Cc:** Patts, Lenny <lpatts@orrick.com>; Susan Williams <SusanW@rgrdlaw.com>; Jason Forge <JForge@rgrdlaw.com>; Rachel Jensen <RachelJ@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jack Kelley <JKelley@rgrdlaw.com>; vpitta@pittalaw.com; Katie Woods <KWoods@rgrdlaw.com>; Ariana Gonzales <AGonzales@rgrdlaw.com>; Kramer, James N. <jkramer@orrick.com>; Talarides, Alex <atalarides@orrick.com>; Scott, M. Todd <tscott@orrick.com>; Benton, Megan <mbenton@orrick.com>; rgottlieb@glaserweil.com; epetrossian@glaserweil.com; jyang@glaserweil.com; cbraschi@glaserweil.com
**Subject:** RE: In re Green Dot Corp. Sec. Litig., No. 2:19-cv-10701-DDP (Ex) (C.D. Cal.)

EXTERNAL SENDER

Chris, I am writing to address your demand for the immediate production of the insurance agreements. I'll address the issues relating to the Federal Reserve matters separately.

Defendants' Initial Disclosures, dated June 24, 2024, stated that "Defendants will provide copies of the applicable insurance policies to Lead Plaintiff upon entry of a suitable protective order." You have not objected to that position until your email below, when you purport to demand production of the documents within two business days or else you will file a motion for sanctions. Your position is wrong on the law and inconsistent with your meet-and-confer obligations.

First, caselaw supports Defendants' ability to refuse to produce the documents until a protective order is in place. *Bell v. Nusil Tech. LLC*, 2020 WL 6565258, at *5 (E.D. Cal. Nov. 9, 2020) ("[T]he Court finds Defendants' request for a protective order to be in place prior to production [of insurance agreements subject to Rule 26(a)] to be reasonable."); *Lennard v. Yeung*, 2012 WL 13005998, at *3 (C.D. Cal. May 25, 2012) (ordering defendant to produce insurance policies only after entry of protective order); *Johnson v. United States*, 2018 WL 6136768, at *2 (C.D. Cal. July 10, 2018) (same).

Rather than debating this issue further, however, we suggest a compromise. Green Dot will produce the insurance agreements this week and designate them Confidential if Plaintiffs agree to treat them, immediately upon receipt, as though they are fully subject to the version of the Protective Order that Green Dot has advised that it will ask the Court to enter. As you know, this version of the Protective Order is identical to Plaintiffs' proposal but for the inclusion of Paragraph 12.4 relating to experts. Then, once the Court enters a final Protective Order, the documents would become subject to that version of the Protective Order. Please let me know if this is agreeable.

**Adam Miller**
Senior Counsel
Orrick
Washington, DC
T +1 202-349-7958

4

adam.miller@orrick.com



---

**From:** Christopher Kinnon <CKinnon@rgrdlaw.com>
**Sent:** Sunday, September 22, 2024 3:26 PM
**To:** Miller, Adam <adam.miller@orrick.com>
**Cc:** Patts, Lenny <lpatts@orrick.com>; Susan Williams <SusanW@rgrdlaw.com>; Jason Forge <JForge@rgrdlaw.com>; Rachel Jensen <RachelJ@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jack Kelley <JKelley@rgrdlaw.com>; vpitta@pittalaw.com; Katie Woods <KWoods@rgrdlaw.com>; Ariana Gonzales <AGonzales@rgrdlaw.com>; Kramer, James N. <jkramer@orrick.com>; Talarides, Alex <atalarides@orrick.com>; Scott, M. Todd <tscott@orrick.com>; Benton, Megan <mbenton@orrick.com>; rgottlieb@glaserweil.com; epetrossian@glaserweil.com; jyang@glaserweil.com; cbraschi@glaserweil.com
**Subject:** Re: In re Green Dot Corp. Sec. Litig., No. 2:19-cv-10701-DDP (Ex) (C.D. Cal.)

**[EXTERNAL]**

Adam, we dispute all the law and purported facts in your letter. If we don't have satisfactory amended interrogatory responses and your insurance documents by 5 pm PT on Tuesday, Sept. 24, we will move to compel both and seek sanctions under Rule 37 for your failure to produce mandatory disclosures.

Thanks,
Chris

> On Sep 20, 2024, at 12:49 PM, Miller, Adam <adam.miller@orrick.com> wrote:
>
>  EXTERNAL SENDER
> Chris, please see the attached letter regarding the Federal Reserve issues.  Thanks and have a good weekend.

---

**From:** Christopher Kinnon <CKinnon@rgrdlaw.com>
**Sent:** Friday, August 30, 2024 6:22 PM
**To:** Patts, Lenny <lpatts@orrick.com>; Susan Williams <SusanW@rgrdlaw.com>; Jason Forge <JForge@rgrdlaw.com>; Rachel Jensen <RachelJ@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jack Kelley <JKelley@rgrdlaw.com>; 'vpitta@pittalaw.com' <vpitta@pittalaw.com>; Katie Woods <KWoods@rgrdlaw.com>; Ariana Gonzales <AGonzales@rgrdlaw.com>
**Cc:** Kramer, James N. <jkramer@orrick.com>; Talarides, Alex <atalarides@orrick.com>; Scott, M. Todd <tscott@orrick.com>; Miller, Adam <adam.miller@orrick.com>; Benton, Megan <mbenton@orrick.com>; 'rgottlieb@glaserweil.com' <rgottlieb@glaserweil.com>; 'epetrossian@glaserweil.com' <epetrossian@glaserweil.com>; 'jyang@glaserweil.com' <jyang@glaserweil.com>; cbraschi@glaserweil.com
**Subject:** RE: In re Green Dot Corp. Sec. Litig., No. 2:19-cv-10701-DDP (Ex) (C.D. Cal.)

**[EXTERNAL]**

EXHIBIT J
140

Counsel,

Please see the attached correspondence.  Please respond to the open RFP items at your earliest convenience—hopefully by our call next Wednesday 1:00-2:00 PT (which we can confirm; we'll send a calendar invite and number shortly) but no later than Friday, September 6, 2024.

Thanks and have a nice Labor Day.

Best,
Chris


**Christopher Kinnon**

<image001.png>

655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

<image002.gif>

<image003.gif>

<image004.gif>

<image005.gif>

<image006.gif>

---

**From:** Patts, Lenny <lpatts@orrick.com>
**Sent:** Thursday, August 29, 2024 2:21 PM
**To:** Susan Williams <SusanW@rgrdlaw.com>; Jason Forge <JForge@rgrdlaw.com>; Rachel Jensen <RachelJ@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>; Christopher Kinnon <CKinnon@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jack Kelley <JKelley@rgrdlaw.com>; 'vpitta@pittalaw.com' <vpitta@pittalaw.com>; Katie Woods <KWoods@rgrdlaw.com>; Ariana Gonzales <AGonzales@rgrdlaw.com>
**Cc:** Kramer, James N. <jkramer@orrick.com>; Talarides, Alex <atalarides@orrick.com>; Scott, M. Todd <tscott@orrick.com>; Miller, Adam <adam.miller@orrick.com>; Benton, Megan <mbenton@orrick.com>; 'rgottlieb@glaserweil.com' <rgottlieb@glaserweil.com>; 'epetrossian@glaserweil.com' <epetrossian@glaserweil.com>; 'jyang@glaserweil.com' <jyang@glaserweil.com>; cbraschi@glaserweil.com
**Subject:** In re Green Dot Corp. Sec. Litig., No. 2:19-cv-10701-DDP (Ex) (C.D. Cal.)

EXTERNAL SENDER
Counsel,

Attached please find Defendant Green Dot Corporation's Answers and Objections to Plaintiffs' First Set of Interrogatories.

Thanks,

EXHIBIT J
141

Lenny Patts


**Lenny T. Patts**
Senior Litigation Paralegal Specialist

<image009.jpg>

Orrick
San Francisco
T 415.773.5913
M 707.567.3916
lpatts@orrick.com

<image010.png>


Securities Litigation Blog

---

**From:** Susan Williams <SusanW@rgrdlaw.com>
**Sent:** Tuesday, July 30, 2024 3:57 PM
**To:** Kramer, James N. <jkramer@orrick.com>; Talarides, Alex <atalarides@orrick.com>; Scott, M. Todd <tscott@orrick.com>; Miller, Adam <adam.miller@orrick.com>; Benton, Megan <mbenton@orrick.com>; 'rgottlieb@glaserweil.com' <rgottlieb@glaserweil.com>; 'epetrossian@glaserweil.com' <epetrossian@glaserweil.com>; 'jyang@glaserweil.com' <jyang@glaserweil.com>; Patts, Lenny <lpatts@orrick.com>
**Cc:** Jason Forge <JForge@rgrdlaw.com>; Rachel Jensen <RachelJ@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>; Christopher Kinnon <CKinnon@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jack Kelley <JKelley@rgrdlaw.com>; 'vpitta@pittalaw.com' <vpitta@pittalaw.com>; Katie Woods <KWoods@rgrdlaw.com>
**Subject:** In re Green Dot Corp. Sec. Litig., No. 2:19-cv-10701-DDP (Ex) (C.D. Cal.) - Interrogatories


**[EXTERNAL]**

Counsel:

Please see the attached Lead Plaintiff's First Set of Interrogatories to Defendant Green Dot Corporation.


Susan M. Williams
Paralegal
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058


**NOTICE:** This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

EXHIBIT J
142

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

<2024-09-20 Letter re FRB Matters.pdf>

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as**

EXHIBIT J
143

**attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

EXHIBIT J
144