# EXHIBIT E

JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
M. TODD SCOTT (SBN 226885)
tscott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105
Telephone:  (415) 773-5700
Facsimile:   (415) 773-5759

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| IN RE GREEN DOT CORPORATION SECURITIES LITIGATION | Case No. 2:19-cv-10701-DDP-E<br><br>CLASS ACTION<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND DATA**<br><br>Judge:  Honorable Dean D. Pregerson |

EXHIBIT E
70

Defendants Green Dot Corporation, Steven W. Streit, and Mark Shifke (collectively, "Defendants"), by and through their undersigned attorneys, hereby object and respond to Plaintiffs' First Set of Requests for Production of Documents and Data to Defendants (the "Requests" and each, "a Request"), which Plaintiff New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund and Plaintiff Teamsters Local Union No. 727 Pension Fund (collectively, the "Plaintiffs") served in the above-captioned action (the "Action") on July 19, 2024, as follows:

## PRELIMINARY STATEMENT

Defendants make these responses solely for the purpose of this Action. Defendants' responses are made to the best of their present, actual knowledge. The responses are at all times subject to such additional or different information as discovery or further investigation may disclose and, while based on the present state of Defendants' recollection, are subject to such refreshing of recollection, and such additional knowledge of fact, as may result from Defendants' further discovery and/or investigation. Defendants reserve the right to amend, limit, supplement, and correct the objections and responses as they learn further information. Defendants reserve the right to rely on, at any time, including trial, subsequently discovered information of which Defendants are currently unaware, as well as information omitted from these responses as a result of mistake, error, oversight, or inadvertence.

Defendants are providing these responses, and will disclose information, without waiver of, or prejudice to, their right at any later time to raise objections to the competence, relevance, materiality, privilege, or admissibility of: (a) the Requests or any part thereof; (b) statements made in connection with Defendants' responses to the Requests or any part thereof; (c) any information disclosed in Defendants' responses to the Requests; or (d) any other demand for discovery involving or relating to the matters raised in the Requests or the information disclosed in response to the Requests.

EXHIBIT E
71

Defendants' responses to the Requests are not an admission of matters stated, implied, or assumed by any or all of the Requests. Unless expressly stated, Defendants do not admit, adopt, or acquiesce in any factual or legal contention, assertion, assumption, characterization, or implication contained in the Requests. Accordingly, Plaintiffs shall not construe Defendants' response or objection to any Request as an admission that Defendants accept or admit the existence of any facts assumed by the Requests, and Plaintiffs shall not construe any response or objection as admissible evidence of any such assumed facts.

## GENERAL OBJECTIONS

Defendants make the following objections to the Requests, which form a part of Defendants' response to each and every Request, and are set forth here to avoid repetition and duplication. Although Defendants may specifically invoke some or all of these General Objections in a response to a specific Request, failure to mention a General Objection specifically is not a waiver of any General Objection.

1. Defendants object to the Requests, and to the Definitions and Instructions thereto, to the extent that they seek to impose obligations that differ from or exceed those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Central District of California, this Court's individual practices, and/or any other applicable law or rule (collectively, the "Governing Rules"). Defendants will respond to the Requests in accordance with the Governing Rules.

2. Defendants' assertion that they will search for or produce documents in response to a particular Request, if any, is not to be construed as an admission that any document exists within any requested category or categories, but solely as an assertion that Defendants will produce (consistent with objections) any non-privileged, responsive documents within their possession, custody, or control that can be located after a reasonably diligent and proportionate search (the "Search Parameters"). For the avoidance of doubt, Defendants will not collect from or search

for documents in the possession of their counsel or any third-party agents or advisors.

3.      To the extent that Defendants agree to produce any documents in response to the Requests, Defendants reserve the right to produce documents responsive to the Requests on a rolling basis at a time, place, and manner to be agreed on by the parties.

4.      Defendants object to the Requests to the extent that they are inconsistent with or purport to supersede any order or directive of the Court or any written agreement by the parties concerning discovery in this Action.

5.      Defendants object to the Requests, and to the Definitions, to the extent they seek documents or information protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other applicable privilege, protection, exemption, or immunity ("Privileged Information"). To the extent that Defendants agree to produce any documents, they will not produce Privileged Information.  Inadvertent production or disclosure of any Privileged Information or otherwise protected documents or information by Defendants shall not operate as a waiver of any claim of privilege, protection, exemption, or immunity, in whole or in part.  Defendants reserve the right to seek the return or destruction of any Privileged Information that is inadvertently produced.

6.      Defendants object to the Requests to the extent they are redundant or duplicative of other Requests.  Where information or a document may be responsive to more than one Request, to the extent that Defendants agree to provide information or produce a document in response to a Request, Defendants will provide that information or produce that document only once.

7.      Defendants object generally to the Requests to the extent that they assume facts not established in these proceedings.  Defendants do not hereby admit, adopt, or acquiesce in any factual or legal contention, characterization, or implication that is contained in the Requests.

8.      Defendants object to the Requests to the extent they seek disclosure of any document or information that is confidential, proprietary, non-public, or otherwise sensitive information including the information of third parties. Defendants will only produce confidential, proprietary, or otherwise sensitive documents or information subject to an appropriate Protective Order.  In addition, any of Defendants' responses stating that they will produce documents is subject to compliance with the terms of any applicable third-party confidentiality agreements. Defendants will take reasonable steps to produce documents after complying with third-party confidentiality agreements and will inform Plaintiffs if they withhold any documents pending compliance with third-party confidentiality agreements.

9.      Defendants object to the Requests to the extent that they lack proportionality or purport to require the identification and/or restoration of any deleted, legacy, backup, or archival data, or otherwise seek the production of any documents that is not accessible without undue burden, disproportionate efforts, or unreasonable expense.  Defendants will conduct a reasonably diligent and proportionate search for, and produce documents in accordance with, the Search Parameters.

10.     Defendants object to any Request seeking "any" or "all" documents because Defendants cannot guarantee that they can locate every single document responsive to a particular Request.  To the extent that Defendants agree to produce documents responsive to any Request and subject to Defendants' objections and responses to that Request, Defendants will collect and produce documents responsive to the Requests pursuant to the Search Parameters.

11.     Defendants object to the Requests to the extent that they seek to require Defendants to provide documents or information not within their own possession, custody, or control.  Defendants further object to the Requests and Plaintiffs' purported Instructions to the extent that they seek documents that can be obtained from some other source that is more convenient, less burdensome, or less expensive.

Any specific Objection on the grounds that the documents can be obtained from some other source that is more convenient, less burdensome, or less expensive should not be construed as a statement about whether Defendants have documents responsive to a specific Request in their possession, custody, or control.

12.     Defendants object to each Request on the grounds and to the extent that it calls for the discovery of information not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

13.     Defendants object to the Requests to the extent that they purport to require Defendants to draw legal conclusions or are predicated on legal conclusions and arguments.  Subject to and without waiving any of the Objections, Defendants state that any response, or provision of documents or information in response, to the Requests is not intended to provide, and shall not constitute providing, a legal conclusion or admission concerning any of the terms used in the Requests.

14.     Defendants are willing to meet and confer with Plaintiffs on any of the objections or responses contained herein.

15.     Defendants will supplement their objections and responses to the extent Rule 26(e) requires.

### OBJECTIONS TO DEFINITIONS

Defendants incorporate the following Objections to Definitions into its Specific Objections and Responses to the Requests.  Each Specific Objection and Response is made subject to, and without waiver of, the following Objections to Definitions:

1.     Defendants object to the Definitions to the extent that they purport to impose obligations on Defendants beyond those imposed by the Governing Rules and/or other applicable law.  Defendants will respond to these Requests in

compliance with the Governing Rules.

2.      Defendants object to the Definitions to the extent that they (i) are vague, ambiguous, overly broad, or unduly burdensome; (ii) are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; and (iii) purport to impose any requirements or discovery obligations beyond those set forth in the applicable rules.

3.      Defendants object to the definitions of the terms "All"; "Refer," "Relate," "Referring," or "Relating"; "Communication"; "Correspondence"; "Policies"; "Meeting"; and "Person" as vague and ambiguous, and overbroad.

4.      Defendants object to the definitions of the terms "Account Services," "Active Cards," "Active Accounts," "BaaS," "GPR card," "Green Dot's Card Business," "Green Dot Network," "Green Dot Security" or "Green Dot Securities," and "Prepaid Cards" to the extent Plaintiffs' use of the Definitions renders any Request overly broad and neither relevant to any party's claim or defense, nor proportional to the needs of this Action to the extent that it is not tethered to the issues in this Action, much less to information that might reasonably be within Defendants' possession, custody or control.

5.      Defendants object to the definitions of the terms "Company" or "Green Dot" as overly broad and unduly burdensome to the extent that the Definitions attempt to encompass any and all individuals or entities acting on behalf of Green Dot.  In particular, Defendants object to the inclusion in the definition of individuals or entities beyond Green Dot Corporation, including "direct or indirect subsidiaries, divisions, or affiliates (foreign and domestic), predecessors, and successors," in addition to "all of its … former officers, directors, employees, members of the Board of Directors, agents, accountants, attorneys, and advisers," and "any other persons acting or purporting to act on its behalf."  Defendants construe "Company" and "Green Dot" to refer to the entity, Green Dot Corporation.

6.      Defendants object to the definition of the term "Communication" to the extent that it is overbroad, not reasonably particularized, or purports to impose obligations beyond or inconsistent with those imposed by the Governing Rules.  For example, this Definition encompasses "any transmittal of information . . . by any means of transmission," regardless of whether the communications are reasonably accessible.

7.      Defendants object to the definitions of the terms "Concern" or "Concerning" because it renders the Requests overbroad, unduly burdensome, oppressive, disproportionate to the needs of this Action, and/or not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this Definition to the extent that it seeks the production of documents that are not reasonably accessible.  Defendants will interpret this term according to its plain meaning.

8.      Defendants object to the definition of the term "Documents" to the extent that it imposes obligations inconsistent with and in excess of the Governing Rules.  Defendants further object to the definition of "Documents" to the extent that it incorporates definitions of ESI and Electronic Messages that differ from, add to, or are otherwise inconsistent with any forthcoming stipulation or order establishing an agreed-upon ESI protocol in this Action.

9.      Defendants object to the definition of the term "Electronically stored information" or "ESI" to the extent each and every Request in which this term appears calls for information that is not within Defendants' possession, custody, or control.

10.      Defendants object to the definition of the term "Identify" to the extent each and every Request in which the term appears calls for information that is not within Defendants' possession, custody, or control.  Defendants further object to Plaintiffs' definition of "Identify" to the extent each and every Request in which this term appears calls for information subject to the attorney-client privilege, the work

product doctrine, the joint-defense privilege, or any other applicable privilege or protection.

11.    Defendants object to the definitions of the terms "You" or "Your" as overly broad and unduly burdensome, as it seeks documents beyond the subject matter involved in the pending Action.    In particular, Defendants object to the inclusion in the definition of individuals or entities beyond Green Dot Corporation, including "any subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, joint ventures, present and former officers, directors, employees, representatives, agents, and all persons acting or purporting to act on behalf of the foregoing."    Plaintiffs' use of this definition renders any topic in which this term appears overbroad and neither relevant to any party's claim or defense, nor proportional to the needs of this Action.    Defendants are construing "You" and "Your" to refer to the Green Dot Corporation entity, as well as Mr. Shifke and Mr. Streit.

## OBJECTIONS TO INSTRUCTIONS

1.    Defendants object to Plaintiff's Instructions to the extent that they purport to impose obligations on Defendants beyond those imposed by the Governing Rules, including Rules 26 and 34 of the Federal Rules of Civil Procedure.    Defendants will respond to these Requests in compliance with the Governing Rules.

2.    Defendants object to Instruction No. 2 because it purports to require Defendants to produce documents outside their possession, custody, or control, including but not limited to, documents in the possession, custody, or control of third parties such as Defendants' "predecessors, successors, parents, subsidiaries, divisions, or affiliates or any of [their] respective directors, executives, officers, partners, managing agents, agents, employees, accountants, or any other representative." Defendants further object to Instruction No. 2 as overbroad, unduly burdensome, and not proportional to the needs of the case.    Defendants further object to Instruction No. 2 to the extent that it uses an improper definition and standard for

possession, custody, or control that includes the "practical ability" to obtain documents as opposed to "legal right" to obtain them as set forth in applicable law from the Ninth Circuit and Central District of California.  Without waiver of any objections, to the extent that Defendants agree to produce any documents in response to the Requests, Defendants will undertake a reasonably diligent and proportionate search and produce relevant and non-privileged documents that are responsive to a specific Request.

3.    Defendants object to Instruction No. 3 to the extent that it purports to require the identification and/or restoration of any deleted, legacy, backup, or archival data, or otherwise seek the production of any documents that is not reasonably accessible without undue burden or unreasonable expense, and not proportionate to the needs of the Action.

4.    Defendants object to Instruction No. 4 in its entirety.  Absent an agreement to the contrary, Defendants will not make any documents or other materials available for inspection or copying, nor will Defendants produce any documents or materials in any format other than as follows:

**Hard Copy Documents:**  Subject to the objections herein, responsive, non-privileged hard copy documents will be scanned as black and white single-page, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (*i.e.*, .dat).  The database load file will contain the following fields:  "BEGNO," "ENDNO," "PAGES," "VOLUME," and "CUSTODIAN."

**ESI:**  Subject to the objections herein, responsive, non-privileged documents or other materials stored during the ordinary course of business as ESI will be produced as single-page, black and white, TIFF Group IV, 300 DPI TIFF images with the exception of spreadsheet files.  To the extent available and non-privileged, Defendants will include cross-referenced load files (*i.e.*, .dat) containing the following fields:    BegBates, EndBates, BegAttach, EndAttach, Custodian,

All_Custodians, AttachmentCount, PageCount, Author, To, From, CC, BCC, Date Created, Subject, Sent Date, Sent Time, File Type, File Extension, File Name, Title, Modified Date, Modified Time, Create Date, Create Time, Parent Date, Parent ID, HiddenText, Nativelink, Text Path, Confidentiality, and Redaction.

To the extent the foregoing production format is not possible for a given document, Defendants will produce documents in the form or forms in which they are maintained in the ordinary course of business or in a reasonably usable form or forms.  Except as set forth herein, Defendants will not produce documents in a manner or format beyond what is required under the Governing Rules.

5.      Defendants object to Instruction No. 5 in its entirety.  Defendants will not produce documents in native format, except as set forth above in Defendants' objection to Instruction No. 4, and will disregard any contrary terms specified in the Instructions to Plaintiff's Requests.

6.      Defendants object to Instruction Nos. 6 through 9 to the extent they are inconsistent with or seek to impose obligations beyond those imposed by the Governing Rules and/or the terms of any Privilege Log Agreement that may be reached in this matter.  Any production by Defendants will be made pursuant to the parameters established in such Agreement or the Governing Rules, and Defendants will disregard any contrary terms specified in the Instructions to Plaintiff's Requests.

7.      Defendants object to Instruction No. 10 to the extent that it is inconsistent with or seeks to impose obligations beyond those imposed by the Governing Rules.  Defendants will respond to these Requests in compliance with the Governing Rules.

8.      Defendants object to Plaintiff's Definition and Instructions of "Relevant Time Period," which seeks documents and information "from May 1, 2017 through March 25, 2020" as unreasonably overbroad and seeking information beyond the timeframe relevant to the claims or defenses that remain at issue in this case. Defendants will answer all Requests based on reasonable and relevant time periods,

about which Defendants are willing to meet and confer.

## OBJECTIONS TO FORM OF PRODUCTION OF HARD-COPY DOCUMENTS AND ESI (Sections III and IV)

Defendants object to Plaintiffs' requested "Form of Production of Hard-Copy Documents" and "Form of Production of ESI" in their entirety.  Instead, Defendants will produce all Hard Copy documents and ESI in the format set forth in Defendants Objections to Instruction 4, above.  Plaintiffs' requested "form of production" exceeds the requirements of the Governing Rules, and purports to instruct Defendants on how to collect, analyze, and review their own documents.

## REQUESTS FOR PRODUCTION

**DOCUMENT REQUEST NO. 1**:

Corporate organizational charts, employee directories, or other documents sufficient to identify or describe Green Dot's organization and corporate structure (including divisions, business segments, operating units, departments, and the relationship between and among them) during the Class Period, including, but not limited to, directories and organizational charts sufficient to identify by name, title, or reporting relationship:

(a) direct reports (including "dotted line" reporting relationships) to Defendants Streit and Shifke;

(b) individuals that comprised Green Dot's senior management;

(c) members of Green Dot's Board of Directors and committees and subcommittees thereof; and

(d) members of the Financial Planning & Analysis ("FP&A") and sales groups.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

Defendants object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case.

Subject to the foregoing general and specific objections, and to the extent such documents exist and are located upon a reasonably diligent and proportionate search, Defendants will produce non-privileged documents responsive to this Request that are sufficient to show the identity of: (a) direct reports (including "dotted line" reporting relationships, if applicable) to Mr. Shifke and Mr. Streit during the Class Period; (b) members of Green Dot's Board of Directors and committees and subcommittees thereof during the Class Period; and (c) members of the Financial Planning & Analysis and retail sales teams during the Class Period.  Defendants object to the terms "senior management" and "sales groups" as vague and ambiguous and, for that reason, cannot identify documents responsive to those portions of the Request.

**DOCUMENT REQUEST NO. 2**:

Documents memorializing Green Dot Board of Directors meetings (whether formal or informal and including any committee or subcommittee thereof), including board packages, financial closing packages, meeting minutes, exhibits, agendas, memoranda, resolutions (whether adopted or discussed), notes (whether prepared prior to, during or subsequent to Board of Directors meetings), reports, and presentations, as well as documents and communications concerning any action of the Green Dot Board of Directors by written consent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

Defendants object to this Request as overbroad and unduly burdensome, including to the extent that is seeks "[d]ocuments memorializing Green Dot Board of Directors meetings," without limitation to a reasonable scope.  Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case.  Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable

privilege or protection against disclosure.

Subject to the foregoing general and specific objections, Defendants will conduct a reasonably diligent and proportionate search for board packages, financial closing packages, meeting minutes, agendas, memoranda, resolutions, notes, reports, and presentations memorializing Green Dot Board of Directors meetings and written consents that are in their possession, custody, or control, and will produce, on a rolling basis, non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 3**:

Documents concerning any communications, press releases, conference calls, presentations, telephone or Zoom/Teams calls, or meetings with Green Dot shareholders, securities analysts, financial analysts, investors, financial publications, news reporters, journalists, or investment bankers concerning Green Dot, including, but not limited to, any scripts, slide decks, transcripts, recordings, tapes, or videos prepared in connection with, or as a result of, such meetings, including, but not limited to:

(a) May 9, 2018 1Q18 earnings call;

(b) May 16, 2018 JPMorgan Conference;

(c) August 8, 2018 2Q18 earnings call;

(d) November 7, 2018 3Q18 earnings call;

(e) February 20, 2019 4Q18 earnings call;

(f) May 8, 2019 1Q19 earnings call;

(g) August 7, 2019 2Q19 earnings call; and

(h) November 7, 2019 3Q19 earnings call.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

Defendants object to this Request as overbroad and unduly burdensome insofar as it seeks documents without limitation to a reasonable scope concerning "communications, press releases, conference calls, presentations, telephone or Zoom/Teams calls, or meetings" other than those identified in subdivisions (a)

through (h) of this Request.  Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case.

Subject to the foregoing general and specific objections, Defendants will conduct a reasonably diligent and proportionate search of documents responsive to this Request concerning the earnings calls identified in (a) through (h) of the Request, that are in their possession, custody, or control, and will produce, on a rolling basis, non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 4**:

Documents prepared for, distributed at, or memorializing any Green Dot meetings, whether internal or external, involving the Individual Defendants or any other officer or executive of Green Dot, during which any aspect of Green Dot's Card Business was a topic or otherwise discussed, including, but not limited to, weekly financial planning and town-hall meetings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:

Defendants object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.  Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case.

Subject to the foregoing general and specific objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

**DOCUMENT REQUEST NO. 5**:

Documents and communications concerning the retention, engagement, or consultation with any third party, including public relations consultants, disclosure consultants, or legal advisors in connection with Green Dot's public disclosures

during the Class Period or any aspect of Green Dot's Card Business.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 5</u>**:

Defendants object to this Request as overbroad and unduly burdensome insofar as it seeks documents and communications concerning "any aspect of Green Dot's Card Business," without limitation to a reasonable time period. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case.

Subject to the foregoing general and specific objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

**<u>DOCUMENT REQUEST NO. 6</u>**:

Documents sufficient to show indemnification agreements between Green Dot and either of the Individual Defendants, including agreements to assume liability, agreements to assume the defense, non-disparagement agreements, and joint defense agreements made by Defendants, any insurer for Defendants, or any other entities that may be financially affected by the claims in this Action.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 6</u>**:

Defendants object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Subject to and without waiving any of their specific or general objections, Defendants will conduct a reasonably diligent and proportionate search of documents that are in their possession, custody, or control, and will produce, on a rolling basis, non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 7**:

Documents from 2015 to the present concerning the sales, revenue, or growth of Green Dot's Card Business, including, but not limited to:

(a) related metrics on a per-product, per-unit, per-service, categorical, and aggregate basis, including, but not limited to, demand, charges and fees, purchase volume, interest income, churn, reloading, total card loaded funds (or "GDV"), card usage and engagement, total addressable market, margins, market share, average sales prices, inventory, cash transfers, economics and profitability, Active Accounts, Active Cards, number of customers, incentives, promotions, discounts, and all other related metrics or key performance indicators;

(b) retailers, sales channels, and partners; and

(c) charts, projections, comparisons, analyses, evaluations, trends, or changes concerning any of the above on a comparative, per-product, per-unit, per-service, categorical, and aggregate basis, and any related trends or changes, including, but not limited to, related periodic (annual, quarterly, monthly, weekly, or daily) reports, dashboard reports, or other summary compilations or databases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:

Defendants object to this Request as overly broad and unduly burdensome in that it asks for documents concerning "the sales, revenue, or growth of Green Dot's Card Business" from 2015 to almost five years after the end of the Class Period in this Action. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case.

Subject to and without waiving any of their specific or general objections, Defendants are willing to meet and confer with Plaintiff regarding appropriate limitations to this Request.

**DOCUMENT REQUEST NO. 8**:

Documents from 2015 to the present concerning Green Dot's Card Business customer data by product or service, card type, and sales outlet, including: the lifetime value of customers; any differences in the relative, comparative, or absolute value of customers (e.g., prepaid customers compared to other customers); the relative, comparative, or absolute value of long-term and short-term customers; how many and what kinds of products or services customers used; any customer overlap between products or services; any customer demographic information or profiles; any analyses of Green Dot's "best customers," high-value or low-value customers, repeat customers, "unbanked" or "underbanked" customers; and any related analyses, trends, or changes in any of the above.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:

Defendants object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case.  Defendants further object to this Request as overly broad and unduly burdensome in that it asks for documents from 2015 to almost five years after the end of the Class Period in this Action.

Subject to and without waiving any of their specific or general objections, Defendants are willing to meet and confer with Plaintiff regarding appropriate limitations to this Request.

**DOCUMENT REQUEST NO. 9**:

Documents concerning Green Dot's Card Business competitors, regarding any actual, potential, or forecasted loss of sales, growth, customers, business volume, or market share from such competitors, including, but not limited to, other prepaid cards, neo-banks (e.g., Chime, Varo, N26, Aspiration), Square, PayPal, Venmo, and

any other similar companies or products and services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

Defendants object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request as overly broad and unduly burdensome in that it asks for documents without limitation to a reasonable time period. Defendants further object to this Request to the extent that it seeks information that is publicly available or otherwise equally within Plaintiff's possession, custody, or control. Defendants further object to the undefined term "competitors" as vague and ambiguous.

Subject to and without waiving any of their specific or general objections, Defendants are willing to meet and confer with Plaintiff regarding appropriate limitations to this Request.

**DOCUMENT REQUEST NO. 10**:

Documents from 2015 to the present concerning Green Dot's Active Accounts and Active Cards key metrics, including, but not limited to, composition, definition, or calculation; products, categories, services, or cards included as Active Accounts or Active Cards; and any changes or trends over time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:

Defendants object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request as overly broad and unduly burdensome in that it asks for documents without limitation to a reasonable time period.

Subject to and without waiving any of their specific or general objections, Defendants are willing to meet and confer with Plaintiff regarding appropriate limitations to this Request.

**DOCUMENT REQUEST NO. 11**:

Documents concerning Green Dot's discontinuance of its "Number of Active Cards" "Key Metric" and commencement of its "Number of Active Accounts" "Key Metric" in 2018, including:

(a) recommendations and analysis concerning the change;

(b) proposal(s) and alternative(s) considered;

(c) reason(s) for adopting the change;

(d) meetings and communications about the same; and

(e) documents sufficient to show all persons involved in the proposals and decision-making process.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

Defendants object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case.

Subject to and without waiving any of their specific or general objections, Defendants are willing to meet and confer with Plaintiff regarding appropriate limitations to this Request.

**DOCUMENT REQUEST NO. 12**:

Documents from 2015 through 2019 concerning Green Dot's actual or potential acquisition(s) of competitor(s) to Green Dot's Card Business, and the actual or potential impact of acquisition(s) on Green Dot's sales, revenue, growth, and customer acquisition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

Defendants object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and

any other applicable privilege or protection against disclosure.  Defendants further object to the undefined phrase "potential acquisitions of competitors" as vague and ambiguous.

Subject to and without waiving any of their specific or general objections, Defendants are willing to meet and confer with Plaintiff regarding appropriate limitations to this Request.

**DOCUMENT REQUEST NO. 13**:

Documents concerning Green Dot's purported shift to digital and direct deposit products from prepaid cards, including, but not limited to, "[t]he continuing long-term portfolio mix shift towards higher lifetime value accounts" (*see* ¶40(a) in the Complaint).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**:

Defendants object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case.

Subject to and without waiving any of their specific or general objections, Defendants are willing to meet and confer with Plaintiff regarding appropriate limitations to this Request.

**DOCUMENT REQUEST NO. 14**:

Documents concerning new or lost shelf facings (i.e., retail outlets or doors) for Green Dot's prepaid cards, including circumstances and reasons for the same – for example, as described in ¶38(b) of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**:

Defendants object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case.

Subject to and without waiving any of their specific or general objections, Defendants are willing to meet and confer with Plaintiff regarding appropriate

limitations to this Request.

**DOCUMENT REQUEST NO. 15**:

Documents concerning Green Dot's February 20, 2019 disclosure of a slowdown in "quarterly active accounts" as described in ¶¶65-66 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**:

Defendants object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Subject to and without waiving any of their specific or general objections, Defendants will conduct a reasonably diligent and proportionate search of documents that are in their possession, custody, or control, and will produce, on a rolling basis, non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 16**:

Documents concerning Green Dot's May 8, 2019 disclosure that it had experienced a loss of 300,000 prepaid accounts and would have to expend $60 million to market Company cards as described in ¶69 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**:

Defendants object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Subject to and without waiving any of their specific or general objections, Defendants will conduct a reasonably diligent and proportionate search of documents

that are in their possession, custody, or control, and will produce, on a rolling basis, non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 17**:

Documents concerning Green Dot's August 7, 2019 disclosure that it lost "500,000 active prepaid accounts," that the Company's Active Accounts had declined, and slashing the Company's fiscal 2019 outlook as described in ¶¶72-74 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**:

Defendants object to this Request on the grounds that it seeks that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Subject to and without waiving any of their specific or general objections, Defendants will conduct a reasonably diligent and proportionate search of documents that are in their possession, custody, or control, and will produce, on a rolling basis, non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 18**:

Documents concerning Green Dot's November 7, 2019 disclosure that the declines in Green Dot's prepaid accounts would continue through the first half of 2020 as described in ¶¶77-79 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**:

Defendants object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and

any other applicable privilege or protection against disclosure.

Subject to and without waiving any of their specific or general objections, Defendants will conduct a reasonably diligent and proportionate search of documents that are in their possession, custody, or control, and will produce, on a rolling basis, non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 19**:

Documents concerning Green Dot's Customer Relationship Management Report, BIA dashboard, Financial Key Metric Report, Cohort Report, Tableau Report, Revenue Pacing Report, and Consolidated Activity Reports ("CARs"), and any other reports or databases related to Green Dot's Card Business, and Streit and Shifke's (or their assistants' or direct reports') access to and knowledge of same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**:

Defendants object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case.

Subject to and without waiving any of their specific or general objections, Defendants are willing to meet and confer with Plaintiff regarding appropriate limitations to this Request.

**DOCUMENT REQUEST NO. 20**:

Documents concerning Streit's decision to end a marketing campaign in August 2018 after concluding it was not attracting enough new customers to overcome significant drop-offs in new customer acquisitions, as described in ¶30 of the Complaint, including all meetings and communications concerning same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**:

Defendants object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client

privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Subject to and without waiving any of their specific or general objections, Defendants will conduct a reasonably diligent and proportionate search of documents that are in their possession, custody, or control, and will produce, on a rolling basis, non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 21**:

Documents concerning or memorializing any actual, proposed, or otherwise considered changes to Green Dot's customer-identification, risk-management, or anti-money-laundering procedures or protocols, including, but not limited to, involving Green Dot's Fraud Management team, Streit, Shifke, or other Green Dot executives, including the allegations in ¶32 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**:

Defendants object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case.  Defendants further object to the phrase "otherwise considered" as vague and ambiguous.  Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Subject to and without waiving any of their specific or general objections, Defendants are willing to meet and confer with Plaintiff regarding appropriate limitations to this Request.

**DOCUMENT REQUEST NO. 22**:

Documents concerning negative status accounts (including, but not limited to, unmatched address or name, excessive disputes, or negative balance) at Green Dot – for example, as described in ¶32 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**:

Defendants object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case, including but not limited to the extent to which it seeks documents reflecting individual customer accounts. Defendants further object to this Request to the extent that it seeks documents reflecting individual customer accounts because such documents are protected by various privacy regulations. Defendants further object to the phrase "negative status accounts" as vague and ambiguous, as well as overbroad and unduly burdensome. Defendants further object to this Request as overly broad and unduly burdensome in that it asks for documents without limitation to a reasonable time period or scope.

Subject to and without waiving any of their specific or general objections, Defendants are willing to meet and confer with Plaintiff regarding appropriate limitations to this Request.

**DOCUMENT REQUEST NO. 23**:

Documents concerning Green Dot customers with numerous accounts – for example, as described in ¶32 of the Complaint, including internal and external reports and communications concerning the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**:

Defendants object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case including but not limited to the extent to which it seeks documents reflecting individual customer accounts. Defendants further object to this Request to the extent that it seeks documents reflecting individual customer accounts because such documents are protected by various privacy regulations. Defendants further object to this Request as overly broad and unduly burdensome in that it asks for documents without limitation to a reasonable time period or scope.

Subject to and without waiving any of their specific or general objections, Defendants are willing to meet and confer with Plaintiff regarding appropriate limitations to this Request.

**DOCUMENT REQUEST NO. 24**:

Documents concerning any seasonal revenue, sales, or growth variations or changes in Green Dot's tax business and any impact on Green Dot's Card Business, Active Accounts, or Active Cards, including, but not limited to, Green Dot's Turbo Tax cards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**:

Defendants object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request as overly broad and unduly burdensome in that it asks for documents without limitation to a reasonable time period.

Subject to and without waiving any of their specific or general objections, Defendants are willing to meet and confer with Plaintiff regarding appropriate limitations to this Request.

**DOCUMENT REQUEST NO. 25**:

Documents concerning Green Dot's actual or projected financial condition, performance, or prospects, including documents (and retailer or sales-outlet-specific information) relating to budgets, business plans, marketing plans, merchandise or sales plans and forecasts, performance targets, strategic goals, profitability analyses, financial statements, reviews, or similar economic or financial comparisons.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**:

Defendants object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request as overly broad and unduly burdensome in that it asks for documents without limitation to a reasonable time

period.    Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Subject to and without waiving any of their specific or general objections, Defendants are willing to meet and confer with Plaintiff regarding appropriate limitations to this Request.

**DOCUMENT REQUEST NO. 26**:

Documents concerning statements made by Defendants in SEC filings and press releases or made during conference or industry calls with analysts or investors during the Class Period, including, but not limited to, statements concerning fiscal 2018 and 2019's actual or anticipated sales, revenue, growth, gross or profit margins, customers, products, product health or demand, value of customers or products, or product sales mix (*e.g.*, the shift to digital products), and documents forming the basis and/or contradicting those statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**:

Defendants object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case.    Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Subject to and without waiving any of their specific or general objections, Defendants will conduct a reasonably diligent and proportionate search of documents that are in their possession, custody, or control, and will produce, on a rolling basis, non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 27**:

Documents concerning meeting, exceeding, or missing market estimates or Company guidance of Green Dot's revenue, earnings per share, growth, or common stock price.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**:

Defendants object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request as overly broad and unduly burdensome in that it asks for documents without limitation to a reasonable time period.

Subject to and without waiving any of their specific or general objections, Defendants will conduct a reasonably diligent and proportionate search of documents that are in their possession, custody, or control, and will produce, on a rolling basis, non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 28**:

Documents concerning the price or value of Green Dot stock (i.e., GDOT on the New York Stock Exchange ("NYSE")), including analysis of or the reasons that the market price of Green Dot stock increased or decreased on a particular date or over time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28**:

Defendants object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request as overly broad and unduly burdensome in that it asks for documents without limitation to a reasonable time period. Defendants further object to this Request to the extent that it seeks information that is publicly available or otherwise equally within Plaintiff's possession, custody, or control.

Subject to and without waiving any of their specific or general objections, Defendants will conduct a reasonably diligent and proportionate search of documents that are in their possession, custody, or control, and will produce, on a rolling basis, non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 29**:

Documents concerning the Individual Defendants' Class Period transactions in Green Dot Securities, including any 10b5-1 trading plans and all amendments thereto, including the circumstances and reasons for the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**:

Defendants object to this Request on the grounds that it seeks information that is neither relevant to any parties' claims or defenses nor proportional to the needs of the case.  Defendants further object to this Request on the grounds that it is overbroad.

Subject to and without waiving any of their specific or general objections, Defendants will conduct a reasonably diligent and proportionate search of documents that are in their possession, custody, or control, and will produce, on a rolling basis, non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 30**:

Documents and communications concerning the Individual Defendants' compensation from Green Dot for or during calendar years 2017 through 2019, including, but not limited to, documents related to:

(a) any severance packages, termination agreements, or parachute payments;

(b) payments made pursuant to §280G of the Internal Revenue Code, 26 U.S.C. §280G;

(c) all bonuses or other compensation policies, terms, and agreements;

(d) any performance reviews;

(e) the benchmarking of salaries against peer groups; and

(f) all payments, loans, or taxable benefits received from Green Dot.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**:

Defendants object to this Request on the grounds that it seeks information that is neither relevant to any parties' claims or defenses nor proportional to the needs of the case.  Defendants further object to this Request on the grounds that it is overbroad and unduly burdensome.

Subject to and without waiving any of their specific or general objections, Defendants will conduct a reasonably diligent and proportionate search of documents that are in their possession, custody, or control, and will produce, on a rolling basis, non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 31**:

Documents and communications regarding Green Dot's share price, market capitalization, number of shareholders, volume of shares traded, or the value of any Green Dot Security.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**:

Defendants object to this Request insofar as it is duplicative of Request No. 28.  Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case.  Defendants further object to this Request as overly broad and unduly burdensome in that it asks for documents without limitation to a reasonable time period.  Defendants further object to this Request to the extent that it seeks information that is publicly available or otherwise equally within Plaintiff's possession, custody, or control.

Subject to and without waiving any of their specific or general objections, Defendants will conduct a reasonably diligent and proportionate search of documents that are in their possession, custody, or control, and will produce, on a rolling basis, non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 32**:

Documents concerning any affirmative defense you have raised or anticipate raising in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**:

Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent that it seeks "Documents concerning" any of Defendants' affirmative defenses.

Subject to and without waiving any of their specific or general objections, Defendants will conduct a reasonably diligent and proportionate search of documents that are in their possession, custody, or control, and will produce, on a rolling basis, non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 33**:

Documents concerning Green Dot's Class Period public filings with the SEC, including Sarbanes-Oxley certifications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33**:

Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, particularly to the extent that it seeks "Documents concerning" Green Dot's public filings, without any reasonable limitation to subject matter or scope. Defendants further object to this Request insofar as it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request to the extent that it seeks information that is publicly available or otherwise equally within Plaintiff's possession, custody, or control.

Subject to and without waiving any of their specific or general objections, Defendants are willing to meet and confer with Plaintiff regarding appropriate

limitations to this Request.

**<u>DOCUMENT REQUEST NO. 34</u>**:

Documents concerning the Company's policies, procedures and practices relating to: (i) sales; (ii) revenue; (iii) fraud prevention; (iv) internal controls; (v) public or corporate disclosures; (vi) insider trading; (vii) code of business conduct and ethics; and (viii) the retention or destruction of documents, including the retention or destruction of ESI; and documents concerning the Company's compliance with or violation of any such policies or procedures.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 34</u>**:

Defendants object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request as overly broad and unduly burdensome in that it asks for documents without limitation to a reasonable time period. Defendants further object to this Request as an inappropriate and premature request for "discovery on discovery" since it seeks information about where and how information is stored or retained without regard to whether such information is relevant. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Subject to and without waiving any of their specific or general objections, Defendants will conduct a reasonably diligent and proportionate search for policies and procedures relating to the enumerated topics that are in their possession, custody, or control, and will produce, on a rolling basis, non-privileged documents responsive to this Request. Defendants object to the term "practices" as vague, ambiguous, and overbroad and, for that reason, cannot identify documents responsive to those portions of the Request.

**DOCUMENT REQUEST NO. 35**:

Documents relating to executive departures (whether planned or unplanned), including Streit, Shifke, Brett Narlinger, and Daniel Henry.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35**:

Defendants object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request as overly broad and unduly burdensome in that it asks for documents without limitation to a reasonable time period or scope. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Subject to and without waiving any of their specific or general objections, Defendants are willing to meet and confer with Plaintiff regarding appropriate limitations to this Request.

**DOCUMENT REQUEST NO. 36**:

Documents concerning the decision to promote Daniel Henry to the role of CEO and President, and his promotion, as announced by the Company on March 25, 2020, and any interim or acting CEO or President before then.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36**:

Defendants object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Subject to and without waiving any of their specific or general objections, Defendants are willing to meet and confer with Plaintiff regarding appropriate

limitations to this Request.

**DOCUMENT REQUEST NO. 37**:

Documents concerning or communications with, by, among, or between Ernst & Young, the Public Accounting Oversight Board, and the American Institute of Certified Public Accountants, including, but not limited to, transcripts of testimony, exhibits, or presentations thereto given by any Green Dot employee (including, without limitation, any former employee of Green Dot).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37**:

Defendants object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case.  Defendants further object to this Request as overly broad and unduly burdensome in that it asks for documents without limitation to a reasonable time period.  Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Subject to and without waiving any of their specific or general objections, Defendants are willing to meet and confer with Plaintiff regarding appropriate limitations to this Request.

**DOCUMENT REQUEST NO. 38**:

From May 1, 2017 to the present, documents produced to or communications with any governmental agency or regulator (public or private), including, but not limited to, the SEC, the DOJ, the NYSE, the Federal Reserve, or the Financial Industry Regulatory Authority, as well as requests from, draft or final consent orders or offers, or other actual or proposed actions or penalties concerning Defendants' public statements, compliance risk management (including consumer compliance and compliance with fraud or anti-money-laundering rules or regulations), and transactions in Green Dot Securities, including, but not limited to, transcripts or notes

of testimony or interviews provided, exhibits, or presentations thereto given by any present or former Green Dot employee or representative.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38**:

Defendants object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, the bank examination or supervision privilege, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request as overly broad and unduly burdensome in that it asks for documents without limitation to a reasonable scope.

Subject to and without waiving any of their specific or general objections, Defendants are willing to meet and confer with Plaintiff regarding appropriate limitations to this Request.

**DOCUMENT REQUEST NO. 39**:

Documents concerning Plaintiffs, Plaintiffs' counsel, and this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39**:

Defendants object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request as overly broad and unduly burdensome in that it asks for documents without limitation to a reasonable time period. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Subject to the foregoing general and specific objections, and to the extent such documents exist and are located upon a reasonably diligent and proportionate search,

Defendants will produce non-privileged documents responsive to this Request that specifically concern Plaintiffs. Defendants do not intend to produce documents in response to this Request concerning the catchall categories of "Plaintiffs' counsel" and "this Action."

**DOCUMENT REQUEST NO. 40**:

Calendars, date books, appointment books, and telephone logs reflecting Green Dot-related activities maintained by or for each of the Individual Defendants and each current or former Green Dot employee or other person identified as a potential defense witness in Defendants' Fed. R. Civ. P. 26(a)(1) disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40**:

Defendants object to this Request on the grounds that it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case. Defendants further object to this Request on the grounds that it is overbroad and unduly burdensome.

Defendants do not intend to produce documents in response to this Request.

**DOCUMENT REQUEST NO. 41**:

Documents sufficient to identify all personal and business phone numbers, email addresses, social media aliases or screen names or handles, of each Individual Defendant, their personal or executive assistants, and for each current or former Green Dot employee identified in Defendants' Fed. R. Civ. P. 26(a)(1) disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41**:

Defendants object to this Request on the grounds that it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case. Defendants further object to this Request on the grounds that it is overbroad and unduly burdensome. Defendants further object to this Request on the grounds that it seeks information implicating individuals' constitutional right to privacy.

Defendants do not intend to produce documents in response to this Request.

**DOCUMENT REQUEST NO. 42**:

Documents and communications regarding the employment or severance agreement(s) of each of the Individual Defendants and each current or former Green Dot employee identified in Defendants' Fed. R. Civ. P. 26(a)(1) disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**:

Defendants object to this Request on the grounds that it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case. Defendants further object to this Request on the grounds that it is overbroad and unduly burdensome. Defendants further object to this Request on the grounds that it seeks information implicating individuals' constitutional right to privacy.

Subject to the foregoing general and specific objections, and to the extent such documents exist and are located upon a reasonably diligent and proportionate search, Defendants will produce employment or severance agreements of Mr. Streit and Mr. Shifke and each current or former Green Dot employee identified in Defendants' Rule 26(a)(1) disclosures.

**DOCUMENT REQUEST NO. 43**:

A current résumé or curriculum vitae for each of the Individual Defendants and each current or former Green Dot employee identified in Defendants' Fed. R. Civ. P. 26(a)(1) disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**:

Defendants object to this Request on the grounds that it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case. Defendants further object to this Request on the grounds that it is overbroad and unduly burdensome.

Subject to the foregoing general and specific objections, and to the extent such documents exist and are located upon a reasonably diligent and proportionate search, Green Dot will produce the most current version of a résumé or curriculum vitae that it has on file for each current or former Green Dot employee identified in Defendants'

Fed. R. Civ. P. 26(a)(1) disclosures other than the Individual Defendants, and the Individual Defendants will each produce the most current version of their résumé or curriculum vitae that can be located.

**DOCUMENT REQUEST NO. 44**:

Documents identified in your Fed. R. Civ. P. 26(a)(1) disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**:

Subject to and without waiving any of their specific or general objections, Defendants will conduct a reasonably diligent and proportionate search of documents that are in their possession, custody, or control, and will produce, on a rolling basis, non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 45**:

Documents received from any third party subpoenaed in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45**:

Defendants object to this Request on the grounds that it is overbroad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents that are not relevant to any party's claims or defenses or proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Subject to and without waiving any of their specific or general objections, Defendants will produce all documents produced by any third party in response to a subpoena issued by Defendants in this action.

**DOCUMENT REQUEST NO. 46**:

To the extent not captured by the above requests, documents you know to be relevant to this Action. This request is made without regard to the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**:

Defendants object to this Request on the grounds that it is overbroad and unduly burdensome. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Subject to and without waiving any of their specific or general objections, Defendants are willing to meet and confer with Plaintiff regarding appropriate limitations to this Request. Subject to those limitations, Defendants will conduct a reasonably diligent and proportionate search of documents that are in their possession, custody, or control, and will produce, on a rolling basis, non-privileged documents responsive to this Request.

**DOCUMENT REQUEST NO. 47**:

All analyst reports concerning Green Dot, and documents regarding coverage of Green Dot by securities analysts or the news media.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47**:

Defendants object to this Request to the extent that it seeks documents that are not relevant to any party's claims or defenses or proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is publicly available or otherwise equally available to Plaintiff. Defendants further object to this Request on the grounds that it is overbroad and unduly burdensome, including to the extent that it seeks "[a]ll analyst reports," without limitation, and because it is not limited to a reasonable time period.

Subject to and without waiving any of their specific or general objections, Defendants are willing to meet and confer with Plaintiff regarding appropriate limitations to this Request.

**DOCUMENT REQUEST NO. 48**:

Documents concerning any internal inquiry, audit, or formal or informal investigation concerning Green Dot's Card Business or of the Individual Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**:

Defendants object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case.  Defendants further object to this Request as overly broad and unduly burdensome in that it asks for documents without limitation to a reasonable time period.  Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.  Defendants further object to the terms "inquiry" and "information investigation" as vague and ambiguous.

Subject to and without waiving any of their specific or general objections, Defendants are willing to meet and confer with Plaintiff regarding appropriate limitations to this Request.

Dated:  August 19, 2024        **ORRICK, HERRINGTON & SUTCLIFFE LLP**
JAMES N. KRAMER
ALEXANDER K. TALARIDES
M. TODD SCOTT


ALEXANDER K. TALARIDES
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:  415-773-5700
Facsimile:  415-773-5957
*Attorneys for Defendants*

EXHIBIT E
110

## <u>PROOF OF SERVICE BY ELECTRONIC MAIL</u>

I am over the age of eighteen years and not a party to the within-entitled action.  My business address is Orrick, Herrington & Sutcliffe LLP, The Orrick Building, 405 Howard Street, San Francisco, California 94105-2669.

On August 19, 2024, I served the following document(s):

- **DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND DATA**

on the interested parties in this action by email addressed as follows:

| NAME | FIRM | EMAIL |
|---|---|---|
| Jason A. Forge<br>Rachel L. Jensen<br>Jessica T. Shinnefield<br>Christopher R. Kinnon<br>Megan A. Rossi<br>John M. Kelley<br><br>*Lead Counsel for Plaintiffs* | ROBBINS GELLER RUDMAN & DOWD LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101-8498<br>Telephone:  (619) 231-1058<br>Facsimile:  (619) 231-7423 | jforge@rgrdlaw.com<br>rjensen@rgrdlaw.com<br>jshinnefield@rgrdlaw.com<br>ckinnon@rgrdlaw.com<br>mrossi@rgrdlaw.com<br>jkelley@rgrdlaw.com |
| Vincent F. Pitta<br><br>*Additional Counsel for Plaintiffs* | PITTA LLP<br>120 Broadway, 28th Floor<br>New York, NY 10271<br>Telephone:  (212) 652-3890<br>Facsimile:  (212) 652-3891 | vpitta@pittalaw.com |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 19, 2024, at San Francisco, California.

_____
LENNY T. PATTS