# EXHIBIT F

Case 2:19-cv-10701-FLA-E    Document 134-7    Filed 11/20/24    Page 1 of 16   Page ID #:3117

JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
M. TODD SCOTT (SBN 226885)
tscott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105
Telephone:   (415) 773-5700
Facsimile:    (415) 773-5759

RICHARD E. GOTTLIEB (SBN 289370)
rgottlieb@glaserweil.com
EMIL PETROSSIAN (SBN 264222)
epetrossian@glaserweil.com
JACOB YANG (SBN 327251)
jyang@glaserweil.com
GLASER WEIL FINK HOWARD
     JORDAN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Defendant Green Dot Corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| IN RE GREEN DOT CORPORATION SECURITIES LITIGATION | Case No. 2:19-cv-10701-DDP-E<br><br>CLASS ACTION<br><br>**DEFENDANT GREEN DOT CORPORATION'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**<br><br>Judge:  Honorable Dean D. Pregerson |

DEF GREEN DOT'S ANSWERS & OBJECTIONS TO PLTS' FIRST SET OF INTERROGATORIES

EXHIBIT F
112

In accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant Green Dot Corporation ("Green Dot"), by and through its undersigned attorneys, hereby answers and objects ("Answers") to Plaintiffs' First Set of Interrogatories (the "Interrogatories" and each, "a Interrogatory"), which Plaintiff New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund and Plaintiff Teamsters Local Union No. 727 Pension Fund (collectively, the "Plaintiffs") served in the above-captioned action (the "Action") on July 30, 2024, as follows:

## **PRELIMINARY STATEMENT**

The following statement applies to each of the Answers set forth below:

Green Dot has not completed its investigation of the facts relating to the case, has not completed discovery, and has not completed its preparation for trial. Further discovery, investigation, legal research, and analysis may supply additional facts, add meaning to known facts, and/or establish entirely new factual conclusions or legal contentions, all of which may lead to additions to, changes in, and variations from the present Answers. Green Dot reserves the right to amend, limit, supplement, and correct the objections and Answers as it learns further information.

Green Dot provides these Answers solely for the purpose of this Action. These Answers are given without prejudice to Green Dot's right to use or rely on at any time, including trial, subsequently discovered facts or any information omitted from these Answers by inadvertence, oversight, or otherwise. Each Answer is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require or permit the exclusion of any Answer or any portion of any Answer, if the facts or information contained therein were offered in evidence. All objections and grounds are expressly reserved and may be interposed at the time of deposition, a later hearing, or at trial.

Green Dot is providing these Answers, and will disclose information, without waiver of, or prejudice to, its right at any later time to raise objections to the

- 1 -

DEF GREEN DOT'S ANSWERS & OBJECTIONS TO PLTS' FIRST SET OF INTERROGATORIES

competence, relevance, materiality, privilege, or admissibility of: (a) the Interrogatories or any part thereof; (b) statements made in connection with Green Dot's Answers to the Interrogatories or any part thereof; (c) any information disclosed in Green Dot's Answers to the Interrogatories; or (d) any other demand for discovery involving or relating to the matters raised in the Interrogatories or the information disclosed in the Answers to the Interrogatories. Green Dot reserves the right to interpose any such objection at the time of deposition, a later hearing, or at trial.

Green Dot's Answers to the Interrogatories are not an admission of matters stated, implied, or assumed by any or all of the Interrogatories. Unless expressly stated, Green Dot does not admit, adopt, or acquiesce in any factual or legal contention, assertion, assumption, characterization, or implication contained in the Interrogatories. Accordingly, Plaintiffs shall not construe Green Dot's Answer or objection to any Interrogatory as an admission that Green Dot accepts or admits the existence of any facts assumed by the Interrogatories, and Plaintiffs shall not construe any Answer or objection as admissible evidence of any such assumed facts.

## GENERAL OBJECTIONS

In addition to the specific objections noted below, Green Dot asserts the following General Objections to each and every Interrogatory. These General Objections form a part of Green Dot's Answer to each individual Interrogatory, as though fully set forth therein, and are set forth herein to avoid duplication and repetition by restating them in the Answer to each Interrogatory. These General Objections, or one or more of them, may specifically be referred to for the purpose of clarity in any particular Answer; however, the absence of any specific reference to the General Objections should not be construed as a waiver of these General Objections.

- 2 -

EXHIBIT F
114

1.    Green Dot objects to each Interrogatory to the extent that it is overly broad, unduly burdensome, unduly repetitive, vexatious, or intended for harassment purposes.

2.    Green Dot objects to each Interrogatory to the extent that it calls for the discovery of information that is not relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

3.    Green Dot objects to each Interrogatory to the extent that it seeks information protected from disclosure by any applicable privilege, including but not limited to, the attorney-client privilege, the work-product doctrine or immunity, the joint-defense or common-interest privilege, and any other applicable privilege, immunity, or exemption from discovery as outlined in the Federal Rules of Civil Procedure and applicable law.  Any inadvertent disclosure by Green Dot shall not constitute a waiver of any such privilege or protection.

4.    Green Dot objects to each Interrogatory to the extent that it seeks information that is protected from disclosure or discovery by the bank examination or supervision privilege, any regulation governing the disclosure of confidential supervisory information, and any other applicable privilege or protection held by others requiring Green Dot to keep information confidential.

5.    Green Dot objects to each Interrogatory to the extent that it seeks discovery of information that is not in the possession, custody, or control of Green Dot or seeks information already within Plaintiffs' possession, or in the possession of individuals or entities other than Green Dot and equally available to Plaintiffs.

6.    Green Dot objects to each Interrogatory to the extent that it is vague (including but not limited to vagueness as to time), compound, ambiguous, or

- 3 -

susceptible to more than one interpretation. Subject to and without waiving this objection or any of the specific objections, Green Dot will provide Answers subject to a reasonable interpretation of the individual Interrogatory.

7. Green Dot objects to each Interrogatory to the extent that it assumes disputed facts or legal conclusions or may be construed as an admission by Green Dot that any fact or circumstance alleged in, or suggested by, the Interrogatory actually occurred or existed. Green Dot hereby denies any such disputed facts or legal conclusions. Any Answer or objection is not intended to be, and shall not be construed as, an agreement or concurrence by Green Dot as to Plaintiffs' characterization of any facts or circumstances.

8. Green Dot objects to the "Procedures for Interrogatories" and Definitions to the extent that they purport to impose obligations on Green Dot beyond those imposed by Rules 26 and 33 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, and any other applicable law. Green Dot will answer each Interrogatory in compliance with the Federal Rules of Civil Procedure and the Local Rules (the "Governing Rules").

9. Green Dot objects to Procedure No. 4, including the footnote therein. If any information or documents are withheld based upon a claim of privilege or work product protection, Green Dot will fulfill its obligations under Rule 26(b)(5) by expressly making the claim and describing the withheld information or documents in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

10. Green Dot objects to the definitions of the terms "Company"; "Green Dot"; and "You" and "Your" as impermissibly overbroad because the definitions attempt to encompass any and all individuals and entities purporting to act on behalf of Green Dot whether or not they have such authority. In particular, Green Dot object to the definitions' inclusion of individuals or entities beyond Green Dot

- 4 -

EXHIBIT F
116

Corporation, including "direct or indirect subsidiaries, divisions, or affiliates (foreign and domestic), predecessors, and successors," in addition to "all of its … former officers, directors, employees, members of the Board of Directors, agents, accountants, attorneys, and advisers," and "any other persons acting or purporting to act on its behalf."  In answering these Interrogatories, Green Dot construes the terms "Company," "Green Dot," "You," and "Your" to refer to the entity Green Dot Corporation.

11.    Green Dot objects to the definition of the term "Communication," specifically the use of the term "including, but not limited to," as overbroad and vague and ambiguous to the extent that the term includes forms of communications not identified in the definition.  Green Dot will construe the term "Communication" to mean the transmittal of any information in any manner, including any oral, written, or electronic correspondence and evidence thereof, no matter how that correspondence or evidence is stored, memorialized, or fixed.  It also includes any letters, emails, text messages or other instant messaging application, Twitter posts or direct or messages, or any other social media platform posts or direct or group messages, comments on websites, voice recordings, transcripts, records of statements, summaries, memoranda, reviews, reports, notes, logs, records, journals, minutes, or outlines concerning the transmittal of information.

12.    Green Dot objects to the definition of the term "Correspondence" as vague and ambiguous insofar as it includes "any other writing containing a communication."

13.    Green Dot objects to the definitions of the terms "Meeting" or "Meetings" as overbroad insofar as they encompass gatherings "for any purpose," "whether or not such presence was prearranged or by chance."  Green Dot will construe the terms "Meeting" and "Meetings" to mean any arranged gathering of two or more persons to discuss matters pertaining to Green Dot.

- 5 -

DEF GREEN DOT'S ANSWERS & OBJECTIONS TO PLTS' FIRST SET OF INTERROGATORIES

14.     Green Dot objects to the definitions of the terms "Account Services," "Active Accounts," "Active Cards," "BaaS," "Card Meetings," "Card Reports," "GPR Card," "Green Dot's Card Business," and "Prepaid Cards" to the extent that Plaintiffs' use of the definitions renders any Interrogatory overly broad and neither relevant to any party's claim or defense, nor proportional to the needs of this case to the extent that it is not tethered to the issues in this case, much less to information that might reasonably be within Green Dot's possession, custody, or control.

15.     Green Dot objects to the definition of the term "Account Services" as vague and ambiguous insofar as it refers to "the Company's leading consumer brand names."

16.     Green Dot objects to the definition of the term "BaaS" as vague and ambiguous to the extent that it encompasses "related products" not specifically enumerated in the definition.

17.     Green Dot objects to the definition of the term "Card Meetings" as vague and ambiguous: (1) to the extent it includes the undefined term of "recurring" meetings; (2) because the undefined term "Card business" is vague and ambiguous; and (3) to the extent it is unclear which meetings qualify.  Green Dot further objects to the definition of the term "Card Meetings" as overbroad insofar as it incorporates Plaintiffs' definition of the terms "Meeting" or "Meetings."  For purposes of these Answers, Green Dot will construe the term "Card Meetings" to refer only to arranged internal meetings attended solely by Green Dot personnel.

18.     Green Dot objects to the definition of the term "Relevant Time Period," which seeks information "from May 1, 2017 through March 25, 2020" as unreasonably overbroad and seeking information beyond the timeframe relevant to the claims or defenses that remain at issue in this case.  Unless otherwise stated, Green Dot will answer all Interrogatories based on a reasonable and relevant time period of January 1, 2018 through December 31, 2019.

- 6 -

DEF GREEN DOT'S ANSWERS & OBJECTIONS TO PLTS' FIRST SET OF INTERROGATORIES

EXHIBIT F
118

19.    In responding and objecting to the Interrogatories, Green Dot does not concede that any of the information provided is relevant, material, admissible as evidence, or reasonably calculated to lead to the discovery of admissible evidence.

## SPECIFIC OBJECTIONS AND ANSWERS TO INTERROGATORIES

Subject to the Preliminary Statement and General Objections set forth above, and any objection that may be interposed at trial, and without conceding the materiality or relevance of the Interrogatory or, therefore, any information contained in the Answers, Green Dot specifically answers the Interrogatories as follows.

## INTERROGATORY NO. 1:

For each of the following retailers and partners for Green Dot's Card Business products and services, state (a) the individuals with whom Green Dot communicated regularly concerning Green Dot's products and services, and (b) the individuals at Green Dot who communicated regularly with each retailer or partner concerning Green Dot's Card Business products and services:

- Walmart Inc.
- CVS Pharmacy, Inc.
- Rite Aid Corporation
- 7-Eleven, Inc.
- Walgreens Boots Alliance, Inc.
- Dollar Tree, Inc.
- Meijer, Inc.
- DISH Wireless L.L.C. (dba Boost Mobile)
- AT&T Inc.
- Citibank, N.A.
- Uber Technologies, Inc.
- Intuit Inc.
- Apple Inc. (regarding Apple Cash).

- 7 -

**ANSWER TO INTERROGATORY NO. 1:**

Green Dot incorporates by reference herein its Preliminary Statement and General Objections.  Green Dot objects to this Interrogatory on the ground that it calls for the discovery of information that is not relevant to any party's claim or defense or proportional to the needs of the case insofar as it relates to communications concerning Green Dot's "products and services" not at issue in this case.  Green Dot objects to this Interrogatory to the extent that it seeks information more efficiently and appropriately sought through other discovery devices, including requests for production of documents.

Subject to and without waiving the foregoing objections, Green Dot answers as follows: Green Dot's investigation of the relevant facts is ongoing and as of the date of these Answers it does not know the identities of all of the individuals at Green Dot and its partners who "communicated regularly" regarding Green Dot's products and services during the time period specified above.  However, it is aware that the individuals at Green Dot who engaged in the relevant communications likely included some or all of the following: Abhijit Chaudhary, Daniel Eckert, Adam Evans, Robert Hrin, Mike Keesler, Francis Lauderdale, Crystal Bryant Minter, Brett Narlinger, Elizabeth Sanchez, Brinson Silver, and Denise Tirado. Green Dot will supplement this Answer as its investigation continues.

**INTERROGATORY NO. 2:**

Identify each individual at Green Dot who communicated with anyone at the Federal Reserve from May 1, 2017 through the present concerning the Consent Order, including any preliminary, investigative, fact-finding, formal or informal presentations, interviews, submissions, or proffers, and describe the communications as follows: (a) name of the individual; (b) name of the individual with whom they communicated at the Federal Reserve; (c) where, how, and when they communicated with the Federal Reserve, including any testimony given; (d) all topics discussed; (e) all documents received from the Federal Reserve or provided

- 8 -

DEF GREEN DOT'S ANSWERS & OBJECTIONS TO PLTS' FIRST SET OF INTERROGATORIES

to it; and (f) any conclusions, proposals, negotiations, compliance, oversight, implementations progress reports, penalties, reviews, tasking, or follow-up recommended, considered, or discussed beyond what is written in the Consent Order.

**ANSWER TO INTERROGATORY NO. 2:**

Green Dot incorporates by reference herein its Preliminary Statement and General Objections.  Green Dot objects to this Interrogatory to the extent that it seeks information that is protected from disclosure or discovery by the bank examination or supervision privilege, any regulation governing the disclosure of confidential supervisory information, and any other applicable privilege or protection requiring Green Dot to keep information confidential.  Green Dot objects to this Interrogatory, including the identified time period, on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of the case. Green Dot objects to this Interrogatory on the ground that it calls for the discovery of information that is not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Green Dot answers as follows: During the period preceding the disclosure of the Consent Order on July 19, 2024, Green Dot's Legal Department and its outside counsel, initially Davis, Polk & Wardwell, and then, later, Winston & Strawn, communicated via email, telephone, and in-person meetings with the Federal Reserve concerning the Consent Order.  Senior executives were briefed on such communications and may have participated in one or more external calls with the regulator.  The nature and substance of all such communications are subject to the bank examination privilege and therefore Green Dot is prohibited from disclosing any such information.  Green Dot further notes that the Consent Order is publicly available, and it asserts no such privilege with respect to the underlying bank practices.

- 9 -

EXHIBIT F
121

**INTERROGATORY NO. 3:**

Identify each Card Report, including: (a) name, purpose, content, location, and cadence of each Card Report, including, but not limited to, listing any key metrics, products and services, and other information collected or analyzed; (b) the recipients, senders, and custodians of each Card Report.

**ANSWER TO INTERROGATORY NO. 3:**

Green Dot incorporates by reference herein its Preliminary Statement and General Objections. Green Dot objects to this Interrogatory on the ground that it calls for discovery of information that is not relevant to any party's claim or defense or proportional to the needs of the case. Green Dot objects to the term "key metrics" as vague and ambiguous. Green Dot objects to this Interrogatory to the extent that it seeks information more efficiently and appropriately sought through other discovery devices, including requests for production of documents.

Subject to and without waiving the foregoing objections, Green Dot answers as follows: Green Dot's investigation of the relevant facts is ongoing and as of the date of these Answers it cannot identify all relevant Card Reports in use during the time period specified above. However, it has determined that the following reports and information may have been used during that time period: Revenue Pacing Report, Flash Report, Consolidated Forecast, Bank Activity Report, BI Extract (BIA Dashboard), GDC Cohort Report, GDC KPI Report, GDC Quarterly Business Review, Marketing Dashboard, and Product and Feature Dashboard. Green Dot will supplement this aspect of its Answer to Interrogatory No. 3 as its investigation continues. The remainder of the information sought about each Card Report can be determined by reviewing the Card Reports themselves (along with related documents, such as transmittal emails) and the burden of ascertaining the information will be substantially the same for either party. Therefore, pursuant to Rule 33(d), Green Dot directs Plaintiffs to those documents, which will be produced to the extent they can be located upon a reasonably diligent and

- 10 -

proportionate search according to the schedule adopted by the Court.

**INTERROGATORY NO. 4:**

Identify any Card Meetings, including the name(s) and purpose(s) of such meetings, attendees, meeting cadence (i.e., daily, weekly, monthly, or yearly), whether notes or minutes were taken and by whom as well as the location of such notes, and any related summaries, reports, or presentations.

**ANSWER TO INTERROGATORY NO. 4:**

Green Dot incorporates by reference herein its Preliminary Statement and General Objections. To the extent that this Interrogatory seeks the dates, subject matter, and content of such meetings or the names of any persons attending such meetings, Green Dot objects to this Interrogatory on the ground that it seeks information more efficiently and appropriately sought through other discovery devices, including requests for production of documents.

Subject to and without waiving the foregoing objections, Green Dot answers as follows: Green Dot's investigation of the relevant facts is ongoing and as of the date of these Answers it cannot identify all relevant Card Meetings conducted during the time period specified above. However, it has determined that such meetings would most likely have included a "monthly close" meeting, a weekly "pacing" meeting, and "earnings and guidance prep" meetings, with some or all of the following individuals as attendees: Brett Narlinger, Mike Keesler, Jess Unruh, Steve Streit, and Mark Shifke. Green Dot will supplement this aspect of its Answer to Interrogatory No. 4 as its investigation continues. The remainder of the information sought about each Card Meeting can be determined by reviewing documents relating to each meeting, such as calendar invitations, and the burden of ascertaining the information will be substantially the same for either party. Therefore, pursuant to Rule 33(d), Green Dot directs Plaintiffs to those documents, which will be produced to the extent they can be located upon a reasonably diligent and proportionate search according to the schedule adopted by the Court.

- 11 -

Dated:  August 29, 2024

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
JAMES N. KRAMER
ALEXANDER K. TALARIDES
M. TODD SCOTT

_____
ALEXANDER K. TALARIDES
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:  415-773-5700
Facsimile:  415-773-5957

-   and   -

**GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP**
RICHARD E. GOTTLIEB
EMIL PETROSSIAN
JACOB YANG
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

*Attorneys for Defendant Green Dot Corporation*

- 12 -

EXHIBIT F
124

## **VERIFICATION**

I, Chris Ruppel, am Chief Revenue Officer at Green Dot Corporation and am authorized to make this verification on its behalf.  I have reviewed the foregoing Answers and Objections to Plaintiffs' First Set of Interrogatories.  I am informed and believe that the factual matters stated therein are true and on that ground declare under penalty of perjury that the same are true and correct.

Executed on August 27, 2024, at _Portland, ME_ .

_____

CHRIS RUPPEL

- 13 -

EXHIBIT F
125

**PROOF OF SERVICE BY ELECTRONIC MAIL**

I am over the age of eighteen years and not a party to the within-entitled action.  My business address is Orrick, Herrington & Sutcliffe LLP, The Orrick Building, 405 Howard Street, San Francisco, California 94105-2669.

On August 29, 2024, I served the following document(s):

- **DEFENDANT GREEN DOT CORPORATION'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

on the interested parties in this action by email addressed as follows:

| NAME | FIRM | EMAIL |
| --- | --- | --- |
| Jason A. Forge<br>Rachel L. Jensen<br>Jessica T. Shinnefield<br>Christopher R. Kinnon<br>Megan A. Rossi<br>John M. Kelley<br><br>*Lead Counsel for Plaintiffs* | ROBBINS GELLER RUDMAN & DOWD LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101-8498<br>Telephone:  (619) 231-1058<br>Facsimile:  (619) 231-7423 | jforge@rgrdlaw.com<br>rjensen@rgrdlaw.com<br>jshinnefield@rgrdlaw.com<br>ckinnon@rgrdlaw.com<br>mrossi@rgrdlaw.com<br>jkelley@rgrdlaw.com |
| Vincent F. Pitta<br><br>*Additional Counsel for Plaintiffs* | PITTA LLP<br>120 Broadway, 28th Floor<br>New York, NY 10271<br>Telephone:  (212) 652-3890<br>Facsimile:  (212) 652-3891 | vpitta@pittalaw.com |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 29, 2024, at San Francisco, California.

_____
LENNY T. PATTS

- 14 -

EXHIBIT F
126