# EXHIBIT G

**Robbins Geller Rudman & Dowd** LLP

| | | | | |
|---|---|---|---|---|
| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Christopher R. Kinnon
ckinnon@rgrdlaw.com

August 30, 2024

<u>VIA EMAIL</u>

Counsel

Re:    *In re Green Dot Corp. Sec. Litig.*
       No. 2:19-cv-10701-DDP (Ex)

Dear Counsel:

We write to memorialize our meet and confer on August 26, 2024, concerning, among other things (*see* separate correspondence from Christopher Kinnon, dated August 29, 2024), documents and information relating to the Federal Reserve's Consent Decree. Please provide the information requested below by 5 p.m. on Friday, September 6, 2024.

**Bank Examination Privilege**

In this case, Defendants have asserted the Federal Reserve's purported privilege to withhold relevant information and documents from Plaintiffs in discovery. *See, e.g.*, Defendants' Responses and Objections to Plaintiffs' Request For Production of Documents and Data No. 38 ("RFP 38"); Defendant's Answers and Objections to Plaintiffs' Interrogatory No. 2 ("Rog 2").

But courts, including the Central District of California, hold that defendants lack standing to assert the purported bank examiner's privilege. *See Tchrs. Ins. & Annuity Ass'n of Am. v. Munro*, 2022 WL 2234972, at *4 (C.D. Cal. May 9, 2022) (upholding magistrate order compelling production of documents produced to regulators and noting that any purported privilege "belongs to the agency and must be asserted by it" and "can neither be claimed nor waived by a private party."); *see also United States v. Heine*, 2016 WL 1270907, at *9 (D. Or. Mar. 31, 2016) ("the Bank cannot assert the privilege on behalf of the relevant agencies").

Further complicating matters, Defendants have refused to answer in a straightforward fashion whether Green Dot has produced documents to the Federal Reserve. *Compare* ECF 115 at *6 ("Plaintiffs requested that Defendants produce documents already produced to any government agency, the Federal Reserve, or other investigating body ("Priority Production") relating to the matters identified in the pleadings."), *with id.* ("Defendants have informed Plaintiffs that there have been no such [priority] productions to date").

We have sought for months to gain clarity on these matters, to no avail. So that Plaintiffs may bring this dispute to the Court if necessary, please answer these questions:

655 West Broadway, Suite 1900    San Diego, CA 92101    Tel 619-231-1058    Fax 619-231-7423    rgrdlaw.com

EXHIBIT G
127

**Robbins Geller
Rudman & Dowd** LLP

Counsel
August 30, 2024
Page 2

1.    ***Have Defendants produced documents to the Federal Reserve*** about Green Dot's Card Business, as that term is defined in Plaintiffs' RFPs?  If so, when?  Additionally, have Defendants produced any documents relating to the Class Period (May 9, 2018 through November 7, 2019) that existed independent of and/or prior to the Federal Reserve's investigation or inquiry, such as business records and/or communications from the Class Period?  If not produced, have Defendants disclosed or shown any similar documents or communications to the Federal Reserve?

2.    ***Have Defendants notified the Federal Reserve of Plaintiffs' requests for documents and information*** in this case and, if so, when?  As you are likely aware, courts require a party resisting discovery to inform the regulator.  *See, e.g.*, *Munro*, 2022 WL 2234972, at *4; *Alaska Elec. Pension Fund v. Bank of Am. Corp.*, 2016 WL 6779901, at *6 (S.D.N.Y. Nov. 16, 2016) ("[I]n the event Plaintiffs request materials that Defendants believe may be subject to the privilege, Defendants shall promptly notify all relevant regulators to ensure that they have a reasonable opportunity to intervene here and be heard.").

3.    ***Has the Federal Reserve asserted privilege over any or all of the materials requested*** by Plaintiffs, including but not limited to RFP 38 or Interrogatory 2, and if so, which materials?

4.    ***Are Defendants withholding any factual documents or information*** based on the purported bank examiner's privilege?  As you likely know, courts hold that the bank examiner's privilege protects only agency opinions and recommendations, not facts.  *See, e.g.*, *Munro*, 2022 WL 2234972, at *4; *accord Sharkey v. J.P. Morgan Chase & Co.*, 2013 WL 2254553, at *1 (S.D.N.Y. May 22, 2013) ("purely factual material falls outside the privilege").

We need answers to these questions as soon as possible and no later than 5 p.m. on Friday September 6, 2024.  *See Munro*, 2022 WL 2234972, at *4 ("Petitioner's reported difficulty with notifying regulators about any potentially privileged document is not grounds to correct or modify the Order [compelling production of materials withheld under purported bank examiner's privilege]").  If Defendants refuse to cooperate, we will have no choice but to bring this to the Court's attention.  Plaintiffs reserve all rights.

Very truly yours,

CHRISTOPHER R. KINNON

CRK:llf

4892-6838-5503.v1