# EXHIBIT H



**Orrick, Herrington & Sutcliffe LLP**

2100 Pennsylvania Avenue NW
Washington, DC 20037-3202

+1 202 339 8400

**orrick.com**

September 20, 2024

*Via Email*

**Adam Miller**

**E**  adam.miller@orrick.com
**D**  +1 202 349 7958
**F**  +1 202 339 8500

Christopher R. Kinnon
Robbins Geller Rudman & Dowd LLP
ckinnnon@rgrdlaw.com

Re:    *In re Green Dot Corporation Securities Litigation*
       Response to Plaintiffs' August 30, 2024 Bank Examination Privilege Letter

Dear Chris:

We write in response to your letter dated August 30, 2024 ("Letter"), regarding Plaintiffs' requests for discovery relating to the consent order that Green Dot entered into with the Federal Reserve Board ("FRB") on July 19, 2024 ("Consent Order") and Green Dot's assertion of the bank examination privilege in response to the same. As we have previously advised you, Green Dot intends to amend its prior answer to Interrogatory No. 2 to provide additional factual information.  However, Green Dot does not intend to change its position with respect to its obligation to withhold all confidential supervisory information.

As a preliminary matter, we reiterate our objection that information and documents relating to the Consent Order are entirely irrelevant to the issues in the lawsuit.  Much of the conduct described in the Consent Order did not take place until after the purported Class Period, and even the limited conduct that did take place during the Class Period does not bear any relationship to the accuracy of Green Dot's disclosures to investors about its business outlook.

In any event, as we have explained, Green Dot is required to withhold information and documents that constitute confidential supervisory information under the applicable governing regulations of the Federal Reserve and, separately, under the bank examination privilege.  Your letter misstates the law and the facts and fails to acknowledge the serious implications of disclosing confidential supervisory information to third parties.

The law is clear: any matters that are "contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions" are exempt from disclosure.  5 U.S.C. § 552(b)(8); 12 C.F.R. § 261.15(a)(8). Such information is "confidential supervisory information" ("CSI"), defined as "information that is or was created or obtained in furtherance of the [FRB's] supervisory, investigatory, *or enforcement activities*, including activities conducted by a Federal Reserve Bank (Reserve Bank) … *and any information derived from or related to such information*."  12 C.F.R. § 261.2(b)(1). (emphasis added).  *See also* Fed. Reserve Bank of N.Y., Circular No. 11002, Improper Disclosure of Confidential Supervisory Information by



Christopher R. Kinnon
September 20, 2024
Page 2

Financial Institutions (Dec. 5, 1997) (non-public enforcement activities deemed confidential). The CSI definition is extraordinarily broad in that it includes, "without limitation, reports of examination, inspection, and visitation; confidential operating and condition reports; supervisory assessments; ***investigative requests for documents*** or other information; and supervisory correspondence or other supervisory communications. Additionally, any portion of a document in the possession of any person, entity, agency or authority, including a supervised financial institution, that contains or would reveal confidential supervisory information is confidential supervisory information." 12 C.F.R. § 2(b)(1) (emphasis added). The FRB deems CSI both "confidential and privileged." 12 C.F.R. § 261.23(a)(1). As a result, any party other than the FRB "in possession of confidential supervisory information" is prohibited from disclosing it. *Id.;* 12 C.F.R. § 261.23(b)(1)(ii).

In short, what Plaintiffs are now demanding Green Dot to produce is expressly prohibited by law, including not just as to the existence and character of documents that may have been produced, but also with respect to the nature, dates, and content of FRB communications, all of which are "activities conducted by the Federal Reserve Bank" in connection with the underlying FRB examination and subsequent enforcement. 12 C.F.R. § 261.2(b)(1). Nor may the bank, without express permission from the FRB, produce in discovery anything derived from a review of such materials because the regulations prohibit disclosure of anything "derived from or related to such information." *Id.*

To obtain CSI, through discovery or otherwise, Plaintiffs must contact the FRB's General Counsel regarding their requests for documents and information in this case and to exhaust their administrative remedies regarding the same. 12 C.F.R. § 261.23(b)(1)(iii) ("In connection with any proposed use of confidential supervisory information in litigation before a court … any person who … [s]eeks to require a person to disclose confidential supervisory information to a party, shall file a written request with the General Counsel."); *id.* § 261.23(b)(2) (enumerating requirements for this request); *In re Countrywide Fin. Corp. Sec. Litig.*, 2009 WL 5125089 at *2 (C.D. Cal. Dec. 28, 2009) ("[p]laintiffs must first exhaust all administrative procedures and submit requests to use the documents in this litigation to the FRB and OCC, pursuant to federal regulations"). "Because it is the [FRB] and not [Green Dot] who holds the privilege, it [is] then incumbent upon ***plaintiff*** to request that the [FRB] waive the privilege as to any protected documents." *In re B of I Holding, Inc. Sec. Litig.*, 2022 WL 507663, at *1 (S.D. Cal. Feb. 18, 2022) (emphasis added).

Your argument that Green Dot lacks standing to assert the bank examination privilege is a red herring for two reasons: *First,* while related, CSI and the bank examination privilege are separate legal concepts. As such, Green Dot plainly has standing to assert that it lacks legal authorization to produce the requested information   *Second,* as Plaintiffs have admitted, Green Dot cannot waive a privilege that belongs to the FRB. *See* Letter at 1 (quoting *Teachers Ins. & Annuity Ass'n of Am. v. Munro,* 2022 WL 2234972 (C.D. Cal. May 9, 2022), for the proposition that the privilege "belongs to the agency" and cannot be "waived by a private party"); *see also In re B of I Holding, Inc. Sec. Litig.*, 2022 WL 507663, at *1 (S.D. Cal. Feb. 18, 2022) (agency that holds the bank examination privilege is "***required*** [to participate in the privilege dispute] because the privilege 'belongs to the Agency and cannot be waived by private



Christopher R. Kinnon
September 20, 2024
Page 3

parties.'").  This makes sense, since "[a]ll confidential supervisory information and other nonpublic information … remains the property of the [FRB]."  12 C.F.R. § 261.20(a).

The cases you cite are not to the contrary. Indeed, *Munro* concerned a subpoena issued to a ***non-party*** in an ERISA class action and evaluated a magistrate judge's prior order under the deferential "clearly erroneous" standard—circumstances that have no bearing here. 2022 WL 2234972, at *4.  And *United States v. Heine* involves a ***criminal defendant***'s right to seek discovery of potentially exculpatory evidence, and thus addresses substantially different standards and rules of procedure.  Moreover, also unlike here, the criminal defendant earlier served the FDIC with its own subpoena such that the regulator had actual notice of the discovery requests.  Finally, unlike here, the FDIC not only had knowledge of the proceedings but had expressly declined to assert the bank examiners privilege in connection with its own production. (2016 WL 1270907, at *9 (D. Or. Mar. 31, 2016)). As such, *Heine* confirms that bank regulators should be offered an opportunity to assert any privileges and protections before the Court is asked to intervene.  *See also In re CitiMortgage, Inc., Home Affordable Modification Program ("HAMP") Litig.*, 2013 WL 12484094, at *3 (C.D. Cal. Jan. 31, 2013) ("the better approach is to give the agencies a chance to assert any privilege before seeking relief from the Court").

To our knowledge, Plaintiffs have not provided notice of their request for confidential supervisory information to the FRB, as required by the applicable regulations cited above.  Until they do so, and the FRB either chooses not to assert its privilege or its privilege is rejected by the Court, Green Dot is obligated to maintain the confidentiality of all information and documents that it understands may constitute CSI and/or otherwise be subject to the bank examination privilege.  *See Chase Bank USA, N.A. Check Loan Cont. Litig. v. Chase Bank*, 2011 WL 2078621, at *1 (N.D. Cal. Mar. 17, 2011).

Defendants reserve all rights.

Sincerely,

Adam Miller