ROBBINS GELLER RUDMAN
  & DOWD LLP
JESSICA T. SHINNEFIELD (234432)
CHRISTOPHER R. KINNON (316850)
MEGAN A. ROSSI (318643)
JOHN M. KELLEY (339965)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
jshinnefield@rgrdlaw.com
ckinnon@rgrdlaw.com
mrossi@rgrdlaw.com
jkelley@rgrdlaw.com

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| In re GREEN DOT CORPORATION SECURITIES LITIGATION | ) ) ) ) | Case No. 2:19-cv-10701-DDP (Ex) |
|---|---|---|

CLASS ACTION

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL INFORMATION RELATED TO THE FEDERAL RESERVE ORDER TO CEASE AND DESIST

Date:        December 20, 2024
Time:        9:30 A.M.
Dept:        750

Discovery Cutoff: October 31, 2025
Pretrial Conference: October 5, 2026
Trial: November 3, 2026

4902-8721-7923.v2

Preliminarily, Plaintiffs must apprise the Court that this motion has assumed increased importance due to Defendants' recent revelations.[1]  After Plaintiffs provided Defendants with Plaintiffs' position in this motion to compel, Defendants disclosed to Plaintiffs – for the first time – the existence of two additional government investigations of Green Dot that occurred between 2019 and 2021.  Though Defendants became aware nearly ten weeks ago of these prior investigations by the U.S. Department of Justice ("DOJ") and the Consumer Financial Protection Bureau ("CFPB") – both of which relate to the relief Plaintiffs seek – Defendants did not inform Plaintiffs of these investigations until November 11, 2024.  Kinnon Supp. Decl., Ex. K.  Although Defendants have agreed to produce the materials they produced to the DOJ and CFPB in connection with their investigations, they have also informed Plaintiffs they intend to withhold certain documents on the basis of the purported bank examination privilege.

But all of Defendants' arguments concerning their assertion of the bank examination privilege fail. Mot. at 21-35.  Indeed, their position merely confirms the relevance of the factual information and documents Plaintiffs seek, demonstrates why these materials are not subject to the Federal Reserve's bank examination privilege, and fails to rebut the well-established principle that a plaintiff may obtain a defendant's documents produced to a regulator directly from the defendant. Defendants' novel argument that factual information and routine Green Dot business documents are privileged as a "compilation" that would reveal the Federal Reserve's work product (Mot. at 21) fails, among other reasons, because the Federal Reserve has stated plainly that these materials may be produced.  ECF 134-3 at 28 n.2.  Thus, and

---

[1]  Unless otherwise noted, all: (i) defined terms herein are the same as in the Joint Stipulation Regarding Plaintiffs' Motion to Compel Information Related to the Federal Reserve Order to Cease and Desist (the "Mot.") (ECF 134); (ii) all "Ex. __" references are to the Supplemental Declaration of Christopher R. Kinnon in Support of Plaintiffs' Supplemental Memorandum in Support of Plaintiffs' Motion to Compel Information Related to the Federal Reserve Order to Cease and Desist (the "Kinnon Supp. Decl."), filed concurrently herewith; (iii) emphasis is added; and (iv) citations are omitted.

- 1 -

4902-8721-7923.v2

for the reasons below, the Court should grant Plaintiffs' motion and prevent Defendants from delaying discovery further.

## I.   Defendants' Delays and Tactics Belie Their Good Faith Claims

Defendants assert they "have been working diligently and in good faith to fulfill their discovery obligations in this case." Mot. at 25. But Defendants' unwarranted delays – withholding responsive factual information and business documents already produced to the Federal Reserve, and belatedly disclosing relevant DOJ and CFPB investigations – have deprived Plaintiffs of relevant information.

For example, on November 11, 2024, Defendants disclosed to Plaintiffs for the first time "two additional government investigations": a July 29, 2019 DOJ investigation (in which Green Dot produced "a substantial number of documents") and September 5, 2019 and May 4, 2021 CFPB investigations (pursuant to which Green Dot "provided responsive information and produced documents"). Kinnon Supp. Decl., Ex. K at 4.

Defendants and their counsel demonstrated, at minimum, an astonishing lack of diligence in failing to discover these investigations earlier. Over *six months* ago, Plaintiffs asked Defendants about relevant Green Dot government investigations, and raised the issue during numerous meet-and-confer calls subsequently. Kinnon Supp. Decl., ¶¶3, 6-7. Green Dot's mandatory disclosures and the Parties' Joint Report Rule 26(f) Discovery Plan (ECF 115) also required disclosure of this highly-relevant information. Defendants learned of these investigations on September 24, 2024, but failed to inform Plaintiffs until November 11, 2024 – almost *seven weeks* later. *See* Kinnon Supp. Decl., Ex. K at 4-5 ("We first learned of these investigations when we interviewed the company's former General Counsel, John Ricci, on September 24, 2024.").

Unfortunately, this delay is consistent with Defendants' dilatory discovery tactics to date. For example, Plaintiffs sent Defendants a list of proposed search terms

- 2 -

4902-8721-7923.v2

on September 17, 2024.  In the nearly three months since then, Defendants have not objected to Plaintiffs' proposed search terms, produced hit reports, asserted any burden, or suggested alternative or narrowed search terms.  Instead, Defendants disclosed for the first time *in their papers to the Court concerning the instant motion* that "Plaintiffs' proposed search terms yielded more than 2.2 million search term hits."  Mot. at 26.

Defendants' sandbagging of this information violates the Parties' stipulated ESI agreement, which requires that "[t]he parties will meet and confer in good faith regarding . . . search terms (including discussion, as appropriate, of hit reports for the evaluation of potential search terms)."  Kinnon Supp. Decl., Ex. L at 13.  It also violates the Court's Local Civil Rule 37-1, which requires counsel for the Parties to "confer in a good-faith effort to eliminate the necessity for hearing [a discovery] motion or to eliminate as many of the disputes as possible."  *Id.*  Accordingly, courts in the Ninth Circuit have been highly critical of such tactics.  *See, e.g.*, *In re Soc. Media Adolescent Addiction/pers. Inj. Prods. Liab. Litig.*, 2024 WL 3225909, at *2-*3 (N.D. Cal. June 28, 2024) (reprimanding a party for "[d]elaying the sharing of search term statistics and the fact that a proposed search term crashed a system, but then using that information to support a position on the merits of this discovery dispute").[2]

## II.    Defendants' Arguments Support Granting Plaintiffs' Motion

### A.    Defendants Concede or Otherwise Demonstrate the Relevance of the Information Plaintiffs Seek

Defendants concede the relevance of the documents Plaintiffs seek concerning prepaid cards by agreeing to produce them, but only if Plaintiffs can guess the correct search terms. Mot. at 33.  Such gamesmanship is improper, inefficient, and should not be tolerated.  Defendants argue "there is no need" for discovery concerning Green

---

[2]    Defendants also tout their document productions, *apropos* of nothing.  But after almost ***four months*** of meeting and conferring, Defendants admit they have produced only "a small fraction of the potentially discoverable documents in this case." Mot. at 25.

- 3 -

4902-8721-7923.v2

Dot's tax business, yet they cite Plaintiffs' allegation that "[s]easonal bumps from Green Dot's tax business . . . allowed Defendants to conceal declining growth in the legacy prepaid card business," which illustrates the relevance of this discovery. *Id.* at 34. Because Defendants fail to articulate a specific burden sufficient to overcome Plaintiffs' need for these relevant and responsive documents, they must produce these materials. *See In re Dockers Roundtrip Airfare Promotion Sales Pracs. Litig.*, 2010 WL 11515318, at \*2 (C.D. Cal. Aug. 1, 2010) (once relevance is established, the resisting party has "'the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections'").

**B.** **Green Dot's Business Records are Not the Federal Reserve's Work Product**

The Green Dot business records and other factual information Plaintiffs seek are not protected by the bank examination (or any other) privilege. Defendants' only argument is that the routine business documents they produced to the Federal Reserve have now somehow transformed into the Federal Reserve's work product as a "compilation." Nonsense. Defendants lack standing to assert the bank examination privilege, and the true holder of any such privilege, the Federal Reserve, has not asserted privilege with respect to these materials. Mot. at 15. Instead, the Federal Reserve has stated, as they must, that the factual information and Green Dot's business records sought are ***not*** CSI and "'***may be produced to the plaintiffs***.'" *Id.* at 16.[3] Defendants provide no support whatsoever for their contention that they require the Federal Reserve's permission to log withheld or redacted documents. Mot. at 25 n.6.

---

[3] That Defendants rely on a forty-year-old out-of-circuit case demonstrates the poverty of their argument. *Sporck v. Peil*, 759 F.2d 312 (3d Cir. 1985). At any rate, the *Sporck* case dealt not with the bank examination privilege over CSI, but with application of the work product doctrine, which the Federal Reserve has expressly disclaimed over the factual information and documents at issue here.

- 4 -

4902-8721-7923.v2

### C.    Plaintiffs Properly Seek Materials from Green Dot

Plaintiffs have properly sought Green Dot's information and records directly from Green Dot, and they have also requested production of CSI directly from the Federal Reserve.  Defendants' contention that further administrative action is required before the Court should consider this motion is thus unavailing, as Plaintiffs' motion seeks only non-CSI and requires no Federal Reserve involvement.[4]  Defendants rely on the canard that factual information and Green Dot's own routine business records, which predate the Federal Reserve investigation, are somehow the Federal Reserve's CSI.  But in doing so, Defendants ignore this District's unambiguous holding that the bank examination privilege does not prevent regulated entities like Green Dot "from unilaterally turning over the documents produced to the banking and insurance regulators," especially where, as here, the regulator disclaims privilege over the specific documents sought.  *See Tchrs. Ins. & Annuity Ass'n v. Munro*, 2022 WL 2234972, at *2 (C.D. Cal. May 9, 2022).

## III.    CONCLUSION

For all the foregoing reasons, and those in Plaintiffs' motion to compel (Mot. at 1-21), the Court should grant Plaintiffs' motion in its entirety.

DATED:  December 6, 2024                    Respectfully submitted,

> ROBBINS GELLER RUDMAN
>  & DOWD LLP
> JESSICA T. SHINNEFIELD
> CHRISTOPHER R. KINNON
> MEGAN A. ROSSI
> JOHN M. KELLEY

> _____
> CHRISTOPHER R. KINNON

---

[4]    The Federal Reserve's failure to intervene here timely, despite knowing of the dispute (ECF 134-3 at 26-30), waives any argument to the contrary.

- 5 -

4902-8721-7923.v2

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

PITTA LLP
VINCENT F. PITTA
120 Broadway, 28th Floor
New York, NY  10271
Telephone: 212/652-3890
212/652-3891 (fax)

Additional Counsel for Plaintiffs

- 6 -

4902-8721-7923.v2