# EXHIBIT L

JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
M. TODD SCOTT (SBN 226885)
tscott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

Attorneys for Defendants

[Additional counsel appear on signature page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| IN RE GREEN DOT CORPORATION SECURITIES LITIGATION | Case No. 2:19-cv-10701-DDP-E <br><br> <u>CLASS ACTION</u> <br><br> **JOINT STIPULATION REGARDING STIPULATED ELECTRONIC DISCOVERY AGREEMENT** <br><br> Judge: Honorable Dean D. Pregerson |

EXHIBIT L

6

JOINT STIPULATION REGARDING STIPULATED ELECTRONIC DISCOVERY AGREEMENT

Defendants Green Dot Corporation, Steven W. Streit, and Mark Shifke ("Defendants") and Lead Plaintiff New York Hotel Trades Counsel & Hotel Association of New York City, Inc. Pension Fund ("Lead Plaintiff") (together, the "Parties"), by and through their undersigned counsel, hereby agree and stipulate to the Parties' Stipulated Electronic Discovery Agreement, attached hereto as Exhibit A.

**IT IS SO STIPULATED.**

Dated: November 5, 2024

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
JAMES N. KRAMER
ALEXANDER K. TALARIDES
M. TODD SCOTT

 /s/ M. Todd Scott
M. TODD SCOTT
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: 415-773-5700
Facsimile: 415-773-5957

*Attorneys for Defendants*

- and -

**GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP**
RICHARD E. GOTTLIEB
EMIL PETROSSIAN
AYAD MATTHEWS
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

*Additional Counsel for Defendant Green Dot Corporation*

EXHIBIT L
7

- 1 -

JOINT STIPULATION REGARDING STIPULATED ELECTRONIC DISCOVERY AGREEMENT

Dated: November 5, 2024

**ROBBINS GELLER RUDMAN & DOWD LLP**
RACHEL L. JENSEN
JESSICA T. SHINNEFIELD
CHRISTOPHER R. KINNON
MEGAN A. ROSSI
JOHN M. KELLEY


 /s/ Jessica T. Shinnefield
JESSICA T. SHINNEFIELD
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619-231-1058
Facsimile:  619-231-7423

- and -

**PITTA LLP**
VINCENT F. PITTA
120 Broadway, 28th Floor
New York, NY  10271
Telephone: 212-652-3890
Facsimile:  212-652-3891

*Attorneys for Lead Plaintiff*

EXHIBIT L
8

- 2 -

JOINT STIPULATION REGARDING STIPULATED ELECTRONIC DISCOVERY AGREEMENT

# ATTESTATION

Pursuant to C.D. Cal. Local Rule 5-4.3.4(a)(2)(ii), I, M. Todd Scott, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized such filing.


November 5, 2024                                    */s/ M. Todd Scott*
                                                    M. TODD SCOTT

EXHIBIT L
9

- 3 -

JOINT STIPULATION REGARDING STIPULATED ELECTRONIC DISCOVERY AGREEMENT

# EXHIBIT A

EXHIBIT L
10

ROBBINS GELLER RUDMAN
  & DOWD LLP
RACHEL L. JENSEN (211456)
JESSICA T. SHINNEFIELD (234432)
CHRISTOPHER R. KINNON (316850)
MEGAN A. ROSSI (318643)
JOHN M. KELLEY (339965)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
rjensen@rgrdlaw.com
jshinnefield@rgrdlaw.com
ckinnon@rgrdlaw.com
mrossi@rgrdlaw.com
jkelley@rgrdlaw.com

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GREEN DOT CORPORATION SECURITIES LITIGATION | )<br>)<br>) | Case No. 2:19-cv-10701-DDP (Ex)<br><br>CLASS ACTION<br><br>STIPULATED ELECTRONIC DISCOVERY AGREEMENT |

This Stipulated Electronic Discovery Agreement will govern how the parties manage electronic discovery in the above-captioned case. Except as otherwise agreed expressly herein, the parties reserve all rights.

## I.    PRESERVATION, COOPERATION, AND PROPORTIONALITY

Consistent with the parties' obligations under Rule 26(f) of the Federal Rules of Civil Procedure ("Federal Rules"), the parties will meet and confer regarding the scope of preservation, including custodians,[1] data sources, date ranges, and categories of information that have been or should be preserved in connection with this litigation to the extent currently known after reasonable inquiry. The parties will disclose categories or sources reasonably likely to contain responsive information, not likely to be available from other preserved and accessible categories or sources, that they have reason to believe have not been preserved or should not be preserved and will explain with specificity the reasons to support such a belief. The parties commit to cooperate in good faith throughout the matter consistent with the Federal Rules and the Local Civil Rules of the United States District Court for the Central District of California (the "Local Rules"). The parties' cooperation includes propounding reasonably particularized discovery requests consistent with the Federal Rules, identifying appropriate limits to eDiscovery, including limits on custodians, producing relevant and discoverable ESI, establishing time periods for eDiscovery, providing reasonable time estimates for completion of the production of documents in response to discovery requests, meeting and conferring in good faith regarding search terms or other search methodology, and other parameters to limit and guide preservation and eDiscovery issues. The parties agree to use reasonable, good faith, and proportional efforts to preserve, identify, and produce relevant and discoverable information consistent with Rule 26(b)(1) of the Federal Rules.

---

[1]    A "custodian" is a person whose files are reasonably likely to contain documents and/or electronically stored information ("ESI") relevant to the claims and defenses in this litigation.

- 1 -

EXHIBIT L
12

## II.    IDENTIFICATION OF RESPONSIVE DOCUMENTS

The parties will meet and confer in an effort to conduct discovery in the most efficient and effective manner.  At no time will the parties seek Court intervention regarding discovery issues without first attempting to resolve their disagreements in good faith, based upon all reasonably available information, and consistent with their obligations under the Federal Rules and the Local Rules.

The parties will meet and confer in good faith regarding, among other things, the following matters: (i) document retention and preservation; (ii) the sources of documents reasonably likely to contain relevant information, whether or not associated with specific custodians and whether electronic or otherwise; (iii) sources reasonably likely to contain relevant information that a party asserts are not reasonably accessible or otherwise should not be searched; (iv) search terms (including discussion, as appropriate, of hit reports for the evaluation of potential search terms); (v) date ranges; (vi) custodians; (vii) file types; (viii) responsive documents and categories of documents that can be expeditiously identified, located, and gathered informally at an early stage of discovery without the need for search terms or other advanced search methodology (*e.g.*, technology-assisted review, GenAI); and (ix) any other information reasonably necessary to identify responsive information.

If a party decides to use predictive coding, GenAI, or technology-assisted review for the purpose of culling the documents and ESI to be reviewed or produced, the party intending to use such coding or technology shall provide advanced notice to the opposing party and opportunity to discuss its anticipated use.  The parties agree that such notice or discussion does not constitute a waiver of the attorney-client privilege, work product protection, or any other applicable privileges, protections, or objections that may relate to a party's use of predictive coding/technology-assisted review, nor does it constitute an admission that such information is discoverable, admissible, or otherwise relevant.

- 2 -

EXHIBIT L
13

## III.    PRODUCTION OF HARD COPY DOCUMENTS – FORMAT

Hard copy documents should be scanned as single-page, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (*i.e.*, .dat). The database load file should contain the following fields: "BEGNO," "ENDNO," "PAGES," "VOLUME," and "CUSTODIAN." The documents should be logically unitized (*i.e.*, distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records) and should be produced in the order in which they are kept in the usual course of business. If an original document contains color, and the color is necessary to understand the meaning or content of the document, the document should be produced as single-page, 300 DPI JPG images with JPG compression and a high quality setting as to not degrade the original image. Multi-page OCR text for each document should also be provided. The OCR software should reasonably attempt to maximize text quality by turning on such settings as "auto-skewing" and "auto-rotation" during the OCR process.

## IV.    PRODUCTION OF ESI

### A.    Format

The parties will produce ESI in single-page, black and white, TIFF Group IV, 300 DPI TIFF images with the exception of spreadsheet and presentation type files, audio and video files, and photo or graphic images, which shall be produced in a native format. Documents with tracked changes in the metadata shall be produced with the tracked changes visible ("turned on") in TIFF format. The parties are under no obligation to enhance an image beyond how it was kept in the usual course of business. TIFFs/JPGs will show any and all text and images that would be visible to the reader using the native software that created the document. For example, TIFFs/JPGs of email messages should include the BCC line if a custodian's version of the email reflects the same. If the image does not accurately reflect the document as it was kept in the usual course of business, including all comments, edits, tracking, etc., the parties agree to meet and confer in good faith on production format options.

- 3 -

4860-7435-6204.v1

EXHIBIT L
14

Specific requests for color documents to be produced in color will not be unreasonably denied and will be produced as 300 DPI JPG images with JPG compression and a high-quality setting so as not to degrade the original image.

If a document is produced in native format, a single-page Bates stamped image slip sheet stating the document has been produced in native format should be provided. Each native file should be named according to the Bates number it has been assigned and should be linked directly to its corresponding record in the load file using the NATIVELINK field. To the extent that either party believes that specific documents or classes of documents, not already identified within this protocol, should be produced in native format, the parties agree to meet and confer in good faith.

**B.      De-Duplication**

Each party shall remove exact duplicate documents based on MD5 or SHA-1 hash values, at the family level. Attachments should not be eliminated as duplicates for purposes of production, unless the parent email and all attachments are also duplicates. The parties agree that an email which includes content in the BCC or other blind copy field shall not be treated as a duplicate of an email that does not include content in those fields, even if all remaining content in the email is identical. Removal of documents using near-duplication or email thread suppression is not acceptable, provided that a party may use email thread suppression for review purposes so long as it or he does not remove relevant documents from production. De-duplication will be done across the entire collection (global de-duplication) and the CUSTODIAN-ALL field will list each custodian, separated by a semicolon, who was a source of that document and the FILEPATH-DUP field will list each file path, separated by a semicolon, that was a source of that document. Should the CUSTODIAN-ALL or FILEPATH-DUP metadata fields produced become outdated due to rolling productions, an overlay file providing all the custodians and file paths for the affected documents will be produced prior to substantial completion of the document production.

- 4 -

4860-7435-6204.v1

EXHIBIT L
15

### C.   Metadata

All ESI will be produced with a delimited, database load file that contains the metadata fields listed in Table 1, attached hereto.  The metadata produced should have the correct encoding to enable preservation of the documents' original language.

For ESI other than email and e-docs that do not conform to the metadata listed in Table 1, such as text messages, Instant Bloomberg, iMessage, Google Chat, Yammer, Slack, etc., the parties will meet and confer as to the appropriate metadata fields to be produced.

### D.   Embedded Objects

Embedded files shall be produced as attachments to the document that contained the embedded file, with the parent/child relationship preserved.  The embedded files will be marked with a "YES" in the load file under the "Is Embedded" metadata field.  The parties agree that logos need not be extracted as separate documents as long as they are displayed in the parent document.

### E.   Attachments

The parties agree that if any part of an email or its attachments is responsive, the entire email and attachments will be produced, except any part thereof that must be withheld or redacted on the basis of privilege.  The parties will meet and confer about whether there is an appropriate basis for withholding a particular family document for any reason other than the attorney-client privilege, the bank examination privilege, the attorney work product protection, the joint defense or common interest doctrine, or other similar doctrine, or by another legal privilege protecting information from discovery.

### F.   Hyperlinked Documents

After a reasonable inquiry, the parties are not aware of the systemic use of hyperlinks within communications or documents to link to other internal documents. To the extent that individual documents contain such hyperlinks, the receiving party may request that the documents be produced in a manner that demonstrates the

- 5 -

relationship between the documents; such individualized requests will not be unreasonably denied.

Should the parties learn that there was systemic use of hyperlinks, the parties shall meet and confer regarding the issue, with the parties reserving all rights (for instance, the right to request a full recollection of such documents and the right to oppose such a request).

### G. Compressed Files Types

Compressed file types (*e.g.*, .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted.

### H. Structured Data

To the extent a response to discovery requires production of electronic information stored in a database, the parties will meet and confer regarding methods of production. The parties will consider whether all relevant information may be provided by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file.

### I. Encryption

To maximize the security of information in transit, any media on which documents are produced may be encrypted. In such cases, the producing party shall transmit the encryption key or password to the receiving party, under separate cover, contemporaneously with sending the encrypted media.

### J. Redactions

If documents that the parties have agreed to produce in native format need to be redacted, the parties will implement redactions while ensuring that proper formatting and usability are maintained. Spreadsheets requiring redaction will be redacted using native redaction tools and produced in native format.

- 6 -

EXHIBIT L
17

## K.    Green Dot as Regulated Financial Institution

The parties acknowledge that Green Dot Corporation is subject to various federal and state privacy regulations governing the use, possession, and disposition of identifiable user data.  If a party determines that customer data subject to routine disposition under privacy regulations (such as the Fair Credit Reporting Act and Gramm Leach Bliley Act) and/or court orders may be within the scope of discovery under Rule 26(b)(1) of the Federal Rules, the party possessing such data will notify the other parties within a reasonable time of such determination, and the parties then will meet and confer to discuss preservation of such information as it exists at that time, including the feasibility of such preservation and the type and import of the user data implicated, with each side reserving any and all arguments or objections relating to the discoverability of such materials.

DATED:  October 31, 2024

ROBBINS GELLER RUDMAN
  & DOWD LLP
RACHEL L. JENSEN
JESSICA T. SHINNEFIELD
CHRISTOPHER R. KINNON
MEGAN A. ROSSI
JOHN M. KELLEY


            */s/ Jessica T. Shinnefield*
JESSICA T. SHINNEFIELD

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

PITTA LLP
VINCENT F. PITTA
120 Broadway, 28th Floor
New York, NY  10271
Telephone:  212/652-3890
212/652-3891 (fax)

Additional Counsel for Plaintiffs

- 7 -

EXHIBIT L
18

ORRICK, HERRINGTON
 & SUTCLIFFE LLP
JAMES N. KRAMER
ALEXANDER K. TALARIDES
M. TODD SCOTT


_/s/ M. Todd Scott_
M. TODD SCOTT

405 Howard Street
San Francisco, CA  94105
Telephone:  415/773-5700
619/773-5759 (fax)
jkramer@orrick.com
atalarides@orrick.com
tscott@orrick.com

Attorneys for Defendants

GLASER WEIL FINK HOWARD
 JORDAN & SHAPIRO LLP
RICHARD E. GOTTLIEB
EMIL PETROSSIAN
AYAD MATHEWS
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA  90067
Telephone:  310/553-3000
310/556-2920 (fax)
rgottlieb@glaserweil.com
epetrossian@glaserweil.com
amathews@glaserweil.com

Additional Counsel for Defendant Green
Dot Corporation

- 8 -

**TABLE 1: METADATA FIELDS** [1]

| Field Name | Example / Format | Description |
|---|---|---|
| BEGNO | ABC0000001 (Unique ID) | The Document ID number associated with the first page of a document. |
| ENDNO | ABC0000003 (Unique ID) | The Document ID number associated with the last page of a document. |
| BEGATTACH | ABC0000001 (Unique ID Parent-Child Relationships) | The Document ID number associated with the first page of the parent document. |
| ENDATTACH | ABC0000008 (Unique ID Parent-Child Relationships) | The Document ID number associated with the last page of the last attachment. |
| VOLUME | VOL001 | The name of CD, DVD, or Hard Drive. |
| RECORDTYPE | eMail, Attachment, Scanned Doc, eFile, Chat/Text | The record type of a document. |
| SENTDATE | MM/DD/YYYY | The date the email or calendar entry was sent. |
| SENTTIME | HH:MM | The time the email or calendar entry was sent. |
| RECEIVEDDATE | MM/DD/YYYY | The date the document was received. |
| RECEIVEDTIME | HH:MM | The time the document was received. |
| CREATEDATE | MM/DD/YYYY | The date the document was created. |
| CREATETIME | HH:MM | The time the document was created. |
| LASTMODDATE | MM/DD/YYYY | The date the document was last modified. |
| LASTMODTIME | HH:MM | The time the document was last modified. |
| MEETING START DATE | MM/DD/YYYY | Start date of calendar entry. |
| MEETING START TIME | HH:MM | Start time of calendar entry. |
| MEETING END DATE | MM/DD/YYYY | End date of calendar entry. |
| MEETING END TIME | HH:MM | End time of calendar entry. |
| FILEPATH | i.e. /JsmithPC/Users/Jsmith/Desktop | The file path from the location in which the document was stored in the usual course of business. This field should be populated for both email and e-files. |
| FILEPATH-DUP | i.e. /JSmith.pst/Inbox /Network Share/Accounting/… /TJohnsonPC/Users/TJohnson/My Documents/... | The file paths from the locations in which the duplicate documents were stored in the usual course of business. This field should be populated for both email and e-files and separated by semicolons. |
| AUTHOR | jsmith | The author or owner of a document from extracted metadata. |
| LASTEDITEDBY | jsmith | The name of the last person to edit the document from extracted metadata. |
| FROM | Joe Smith <jsmith@email.com> | The display name and email address of the author of an email/calendar item. An email address should always be provided. |
| TO | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and email address of the recipient(s) of an email/calendar item. An email address should always be provided for every email if a recipient existed. |
| CC | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and email of the copyee(s) of an email/calendar item. An email address should always be provided for every email if a copyee existed. |
| BCC | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and email of the blind copyee(s) of an email or calendar item. An email address should always be provided for every email if a blind copyee existed. |
| SUBJECT | | The subject line of the email/calendar item. |
| MESSAGE TYPE | Appointment, Contact, Task, Distribution List, Message, etc. | An indication of the email system message type. |
| IMPORTANCE | Normal, Low, High | Email Importance Flag |
| TITLE | | The extracted document title of a document. |
| CUSTODIAN-ALL | Smith, Joe; Doe, Jane | All of the custodians of a document from which the document originated, separated by semicolons. |
| SOURCE | Computer, Mobile Phone, Email, Network Share, Slack, WhatsApp, Teams, Database Name, etc. | The source from which the document was collected. |
| ATTACH COUNT | Numeric | The number of attachments to a document. |
| FILEEXT | XLS | The file extension of a document. |
| FILENAME | Document Name.xls | The file name of a document. |
| FILESIZE | Numeric | The file size of a document (including embedded attachments). |
| TRACK CHANGES | Yes or No | The yes/no indicator of whether tracked changes exist in the file. |
| IS EMBEDDED | Yes or No | The yes/no indicator of whether a file is embedded in another document. |
| HASH | | The MD5 or SHA-1 Hash value or "de-duplication key" assigned to a document. The same hash method (MD5 or SHA-1) should be used throughout production. |
| CONVERSATION INDEX | | ID used to tie together email threads. |
| REDACTED | Yes or Blank | If a document contains a redaction, this field will display 'Yes'. |
| TIMEZONE PROCESSED | PST, CST, EST, etc | The time zone the document was processed in. **NOTE:** This should be the time zone where the documents were located at time of collection. |
| NATIVELINK | D:\NATIVES\ABC000001.xls | The full path to a native copy of a document. |
| FULLTEXT | D:\TEXT\ABC000001.txt | The path to the full extracted text of the document. There should be a folder on the deliverable, containing a separate text file per document. These text files should be named with their corresponding Bates numbers. **Note**: Emails should include header information: author, recipient, cc, bcc, date, subject, etc. If the attachment or e-file does not extract any text, then OCR for the document should be provided. |

[1] The parties agree to provide these fields only to the extent the information contained therein is available for the documents being produced or can be created in an automated manner without undertaking additional custom work or manual coding. For ESI other than email and e-docs that do not conform to the metadata listed here, such as text messages, Instant Bloomberg, iMessage, Google Chat, MS Teams, Slack, etc., the parties will meet and confer as to the appropriate metadata fields to be produced.

EXHIBIT L    20