**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| IN RE GREEN DOT CORPORATION SECURITIES LITIGATION | Case No. 2:19-cv-10701-DDP-E |
| | Hon. Dean D. Pregerson |
| | <u>CLASS ACTION</u> |
| | **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR REVIEW OF MAGISTRATE JUDGE'S DECEMBER 11, 2024 DISCOVERY RULING** |
| | Courtroom:    9C<br>Hearing Date:  February 10, 2025<br>Hearing Time:  10:00 a.m. |

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR REVIEW OF DISCOVERY RULING

Before the Court is Defendants Green Dot Corporation's, Steven W. Streit's, and Mark Shifke's (collectively, "Defendants") Motion for Review of Magistrate Judge's December 11, 2024 Discovery Ruling ("Motion").

Having considered the Motion, the Memorandum of Points and Authorities and the Declaration of M. Todd Scott filed in support thereof, the opposition papers, the reply papers, and the arguments of counsel, the Court finds that the December 11, 2024 discovery ruling issued by Judge Eick ("Discovery Ruling") should be set aside, and hereby **GRANTS** the Motion, for three reasons.

First, the Discovery Ruling did not consider Plaintiffs' failure to exhaust their administrative remedies, given that the Federal Reserve Board ("Federal Reserve") is still considering Plaintiffs' November 15, 2024 administrative request to the Federal Reserve, which seeks the very same documents at issue in Plaintiffs' underlying motion to compel. *See In re CitiMortgage HAMP Litig.,* 2012 WL 10450139, at *8 (C.D. Cal. June 7, 2012) ("[p]laintiffs here have not yet sought the responsive documents from the [Office of the Comptroller of the Currency], and therefore their request that the Court balance the interests involved in production is premature"); *see also In re Countrywide Fin. Corp. Sec. Litig.*, 2009 WL 5125089, at *2 (C.D. Cal. Dec. 28, 2009) ("[p]laintiffs must first exhaust all administrative procedures and submit requests to use the documents in this litigation to the FRB and OCC").

Second, the Discovery Ruling did not address the legal distinction between the bank examination privilege, which is held by the Federal Reserve, and confidential supervisory information ("CSI"), which is separately protected from disclosure by federal law. The documents at issue are CSI. *See* 12 C.F.R. 261.2(b)(1). This, too, constitutes legal error. *See United States v. Hernandez-Meza*, 720 F.3d 760, 767-68 (9th Cir. 2013); *see also Thomas v. Cnty. of Los Angeles*, 275 F. App'x 664, 667-68 (9th Cir. 2008) (vacating and remanding a district court order that "contains no reference to the controlling legal rules, nor does it apply these principles to the

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR REVIEW OF DISCOVERY RULING

protected discovery in light of Fuiava's collateral state proceedings" because the "district court must explain its decision to allow for appellate review").

Third, the Discovery Ruling should be set aside to the extent it purports to rule on the applicability of the bank examination privilege without first allowing the Federal Reserve to intervene to assert the same.

For all of the foregoing reasons, the Court hereby **GRANTS** the Motion, **VACATES** the Discovery Ruling, and **DENIES WITHOUT PREJUDICE** Plaintiffs' underlying motion to compel as premature.

**IT IS SO ORDERED.**

DATED: _____          _____
                                     Honorable Dean D. Pregerson
                                     U.S. District Judge

- 2 -

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR REVIEW OF DISCOVERY RULING