ROBBINS GELLER RUDMAN
  & DOWD LLP
JESSICA T. SHINNEFIELD (234432)
CHRISTOPHER R. KINNON (316850)
MEGAN A. ROSSI (318643)
JOHN M. KELLEY (339965)
RACHEL C. BRABY (356720)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
jshinnefield@rgrdlaw.com
ckinnon@rgrdlaw.com
mrossi@rgrdlaw.com
jkelley@rgrdlaw.com
rbraby@rgrdlaw.com

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| In re GREEN DOT CORPORATION SECURITIES LITIGATION | ) ) ) ) | Case No. 2:19-cv-10701-DDP (Ex) |
|---|---|---|
| | | <u>CLASS ACTION</u> |
| | | PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION FOR REVIEW OF MAGISTRATE JUDGE'S DECEMBER 11, 2024 DISCOVERY RULING |
| | | Date: February 10, 2025 |
| | | Time: 10:00 a.m. |
| | | Judge: Hon. Dean D. Pregerson |
| | | Dept.: 9C |

4925-4160-0272.v1

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................. 1

II. PROCEDURAL BACKGROUND ..................................................... 1

III. ARGUMENT ....................................................................................... 4

    A.    The Documents Plaintiffs Seek Are Indisputably Relevant ................. 4

    B.    Defendants' Motion Improperly Seeks an Advisory Opinion .............. 5

    C.    Judge Eick's Order Is Neither Clearly Erroneous nor Contrary to Law .................................................................................................. 7

        1.    Defendants Lack Standing to Assert the Bank Examination Privilege and the Federal Reserve Has Declined to Intervene ................................................................. 8

        2.    Plaintiffs Properly Sought Green Dot's Documents from Green Dot ..................................................................................... 11

        3.    In Considering the Bank Examination Privilege, Judge Eick Also Took into Account the Predicate Regulations ......... 13

    D.    Plaintiffs Have Demonstrated Good Cause to Overcome Any Privilege the Federal Reserve Could Assert ...................................... 15

IV. CONCLUSION ................................................................................. 17

4925-4160-0272.v1

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Arnett v. Bank of Am., N.A.*,
   2012 WL 13055461 (D. Or. Dec. 17, 2012) ....................................................... 7

*Bulls v. USAA Fed. Sav. Bank*,
   2023 WL 2058652 (E.D.N.C. Feb. 16, 2023) ..................................................... 10

*Calderon v. Experian Info. Sols., Inc.*,
   290 F.R.D. 508 (D. Idaho 2013)......................................................................... 12

*Campidoglio LLC v. Wells Fargo & Co.*,
   870 F.3d 963 (9th Cir. 2017).............................................................................. 13

*Chase Bank USA, N.A. Check Loan*
   *Cont. Litig. v. Chase Bank*,
   2011 WL 2078621 (N.D. Cal. Mar. 17, 2011)..................................................... 11

*Clemons v. Mississippi*,
   494 U.S. 738 (1990) ............................................................................................ 14

*Davis v. Chase Bank U.S.A., N.A.*,
   2010 WL 1531410 (C.D. Cal. Apr. 14, 2010)................................................... 4, 5

*Erhart v. BofI Holding, Inc.*,
   2018 WL 5994417 (S.D. Cal. Nov. 15, 2018) .................................. 7, 8, 12, 14

*Exxon Shipping Co. v. U.S. Dep't of Interior*,
   34 F.3d 774 (9th Cir. 1994)................................................................................. 12

*ExxonMobil Oil Corp. v. S. Cal. Edison Co.*,
   2014 WL 12629792 (C.D. Cal. Feb. 4, 2014) ...................................................... 7

*Fed. Nat'l Mortg. Ass'n v. Allied*
   *World Nat'l Ins. Co.*,
   2024 WL 4416981 (D.D.C. Sept. 30, 2024) ........................................................ 11

*Friends of Yosemite Valley v. Kempthorne*,
   520 F.3d 1024 (9th Cir. 2008)......................................................................... 4, 11

4925-4160-0272.v1

**Page**

*Grimes v. City & Cnty. of S.F.*,
　951 F.2d 236 (9th Cir. 1991) ................................................................................ 7

*In re Bankers Tr. Co.*,
　61 F.3d 465 (6th Cir. 1995) ............................................................. 10, 12, 13, 14

*In re Citimortgage, Inc., Home Affordable
　Modification Program ("HAMP") Litig.*,
　2012 WL 10450139 (C.D. Cal. June 7, 2012) ..................................................... 11

*In re Soc. Media Adolescent Addiction/Pers.
　Inj. Prods. Liab. Litig.*,
　2024 WL 4125618 (N.D. Cal. Sept. 6, 2024) ................................................. 12, 14

*In re Subpoena Served Upon the Comptroller
　of Currency (Fleet)*,
　967 F.2d 630 (D.C. Cir. 1992) ...................................................................... 16, 17

*In re Wilmington Tr. Sec. Litig.*,
　2016 WL 9753979 (D. Del. Aug. 16, 2016) ........................................................ 16

*Laatz v. Zazzle, Inc.*,
　2024 WL 4875264 (N.D. Cal. Nov. 12, 2024) ...................................................... 7

*Principe v. Crossland Sav., FSB*,
　149 F.R.D. 444 (E.D.N.Y. 1993) ........................................................................ 16

*Roy v. Cnty. of L.A.*,
　2018 WL 3439168 (C.D. Cal. July 11, 2018) ...................................................... 14

*Se. Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc.*,
　2022 WL 3567340 (M.D. Pa. Aug. 18, 2022) ...................................................... 16

*SEC v. Lent*,
　2006 WL 8434734 (N.D. Cal. Jan. 12, 2006) ............................................ 8, 15, 16

*Tchrs. Ins. & Annuity Ass'n v. Munro*,
　2022 WL 2234972 (C.D. Cal. May 9, 2022) .................................... 8, 10, 12, 15

- iii -

4925-4160-0272.v1

**Page**

*Tchrs. Ins. & Annuity Ass'n v. Munro*,
No. 2:22-mc-00015-VAP-E, ECF 145 ............................................................... 10

*Thomas v. Cnty. of L.A.*,
275 F. App'x 664 (9th Cir. 2008) ...................................................................... 13

*United States v. Heine*,
2016 WL 1270907 (D. Or. Mar. 31, 2016) ......................................................... 8

*United States v. Hernandez-Meza*,
720 F.3d 760 (9th Cir. 2013) ............................................................................ 13

*V5 Techs. v. Switch, Ltd.*,
334 F.R.D. 306 (D. Nev. 2019), *aff'd*,
2020 WL 1042515 (D. Nev. Mar. 3, 2020) ........................................................ 14

*Westlands Water Dist. Distrib. Dist. v.*
*Nat. Res. Def. Council, Inc.*,
276 F. Supp. 2d 1046 (E.D. Cal. 2003) ............................................................... 6

*Wultz v. Bank of China Ltd.*,
61 F. Supp. 3d 272 (S.D.N.Y. 2013) ................................................ 8, 15, 16, 17

*Yent v. Baca*,
2002 WL 32810316 (C.D. Cal. Dec. 16, 2002) ................................................... 7

**STATUTES, RULES, AND REGULATIONS**

Federal Rules of Civil Procedure
Rule 24 ................................................................................................................. 9
Rule 26(a)(1) ........................................................................................................ 3
Rule 26(b)(1) ................................................................................................. 4, 13
Rule 72(a) ............................................................................................................ 7

12 C.F.R.
§261.2(b)(1) ....................................................................................................... 14
§261.20(a) .......................................................................................................... 14
§261.23(b)(1)(iii) .............................................................................................. 14
§261.24(a)(1) ....................................................................................................... 9

- iv -

4925-4160-0272.v1

## I.   INTRODUCTION

Defendants' Motion for Review of Magistrate Judge's December 11, 2024 Discovery Ruling ("Motion") (ECF 141) should be denied, as the legal conclusions Magistrate Judge Eick reached therein were not "contrary to law" as Defendants erroneously contend.  ECF 141-1 (Memorandum in Support of Motion ("Mem.")) at 1.  In his December 11, 2024 order, Judge Eick considered the legal and factual arguments made by the Parties[1] and correctly granted Plaintiffs' motion to compel business documents and factual information that Green Dot produced to the Federal Reserve Board (the "Federal Reserve" or the "Board").  ECF 140 (the "Order").

Defendants have now agreed to produce those materials regardless of the outcome of this Motion, and the Federal Reserve has explicitly disclaimed privilege over them.  Defendants nonetheless seek review of Judge Eick's Order based on their fear that "the ruling more broadly threatens to expose Green Dot to liability if it is likewise forced, *in the future*, to comply on the same grounds with respect to *other documents*."  Mem. at 4.[2]  But Defendants' speculation regarding such a hypothetical scenario provides no basis to seek review of Judge Eick's well-reasoned Order and amounts to nothing more than an improper request for an advisory opinion.  Defendants have also completely failed to demonstrate that any of Judge Eick's rulings were contrary to law or clearly erroneous.  Accordingly, Defendants' Motion should be denied.

## II.   PROCEDURAL BACKGROUND

Defendants' repeated delays and refusal to produce even purely factual information about the Federal Reserve's inquiry into Green Dot necessitated

---

[1]   "Parties" herein refers to Lead Plaintiff New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund, plaintiff Teamsters Local Union No. 727 Pension Fund (together, "Plaintiffs"), and defendants Green Dot Corporation ("Green Dot"), Steven W. Streit ("Streit"), and Mark Shifke ("Shifke") (collectively, "Defendants").

[2]   Unless otherwise noted, all emphasis is added and citations are omitted.

- 1 -

4925-4160-0272.v1

Plaintiffs' motion to compel.  ECF 133-134.  For months – on meet and confers and even in their Joint Report Rule 26(f) Discovery Plan submission – Defendants incorrectly represented that Green Dot did not produce any materials to the Federal Reserve.  And Plaintiffs did not even begin to suspect that Green Dot had produced documents to the Federal Reserve until Defendants objected to Plaintiffs' July 19, 2024 discovery requests on grounds that they were subject to the "bank examination or supervision privilege."  ECF 134 at 6.  When Plaintiffs questioned Defendants about the basis for these objections in a letter dated August 30, 2024, Defendants refused to even disclose whether Green Dot produced any materials to the Federal Reserve, and they insisted that Plaintiffs' only means of obtaining Green Dot's own business records and factual information was by submitting to the Federal Reserve's regulatory procedures.  *Id.* at 10.

However, on October 10, 2024, the Federal Reserve confirmed that Green Dot could produce its own business documents and factual information directly to Plaintiffs.  *Id.* at 10-11.  In spite of this clear authorization from the Federal Reserve, Defendants told Plaintiffs that they would only produce the documents they had provided to the Federal Reserve if Plaintiffs' search terms hit upon those documents, and they even refused to log any documents they were withholding on the basis of the purported bank examination privilege.  *Id.* at 11.

A month later, on November 11, 2024, Defendants disclosed to Plaintiffs ***for the first time*** "two additional government investigations": (i) a July 29, 2019 investigation by the Department of Justice ("DOJ") (in which Green Dot produced "a substantial number of documents"); and (ii) the September 5, 2019 and May 4, 2021 investigations by the Consumer Financial Protection Bureau ("CFPB") (in which Green Dot "provided responsive information and produced documents").  ECF 139-2 at 4.

Defendants and their counsel demonstrated an egregious lack of diligence in failing to disclose these investigations to Plaintiffs and the Court earlier.  For months,

- 2 -

4925-4160-0272.v1

Plaintiffs had repeatedly asked Defendants whether there were relevant government investigations of Green Dot. ECF 139-1, ¶¶3, 6-7. And both Defendants' Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) and the Parties' Joint Report Rule 26(f) Discovery Plan required disclosure of this highly-relevant information. Plaintiffs subsequently learned that Defendants' counsel became aware of these investigations by September 24, 2024, but failed to inform Plaintiffs of their existence until November 11, 2024 – almost *seven weeks* later. *See* ECF 139-2 at 4-5 ("We first learned of these investigations when we interviewed the company's former General Counsel, John Ricci, on September 24, 2024."). Although Defendants have now agreed to produce the materials they produced to the DOJ and CFPB in connection with these investigations, they have also expressed their intent to withhold certain of these documents on the basis of the bank examination privilege.

Given the potential impact on discovery that these three government investigations could have, on November 20, 2024, Plaintiffs moved to compel Green Dot to: (i) produce Green Dot business documents concerning and produced in connection with the Federal Reserve's July 19, 2024 Order to Cease and Desist; (ii) provide factual information responsive to Lead Plaintiff's First Set of Interrogatories to Defendant Green Dot Corporation, Interrogatory No. 2 concerning the Federal Reserve's July 19, 2024 Order to Cease and Desist; and (iii) identify on a privilege log any documents withheld on the basis of the Federal Reserve's purported bank examination privilege. ECF 134 at 1.[3]

On December 11, 2024, Judge Eick correctly granted Plaintiffs' motion to compel, ordering Defendants to "produce to Plaintiffs all discovery responsive to Request for Production No. 38 and Interrogatory No. 2, except for discovery related solely to the 'tax preparation subsidiary.'" Order at 2. Notably, Defendants do not challenge Magistrate Eick's Order concerning Interrogatory No. 2, and thus, have

---

[3] Defendants subsequently agreed to log Federal Reserve-related documents withheld or redacted.

- 3 -

waived their right to challenge that ruling. *See Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008) ("Arguments not raised by a party in its opening brief are deemed waived.").

Shortly after the Order was issued, the Federal Reserve explicitly disclaimed the Federal Reserve's bank examination privilege over most of the Green Dot business records from the Class Period at issue in Plaintiffs' motion to compel (including as a compilation). ECF 141-8 at 2.

## III.    ARGUMENT

### A.    The Documents Plaintiffs Seek Are Indisputably Relevant

In compelling Defendants to produce the Federal Reserve materials, Judge Eick correctly held that, with the exception of "discovery related solely to the 'tax preparation subsidiary'" (Order at 2), "the discovery sought is both relevant to the claims or defenses and proportional to the needs of the case." *Id.* at 1; *accord Davis v. Chase Bank U.S.A., N.A.*, 2010 WL 1531410, at *4 (C.D. Cal. Apr. 14, 2010) (denying motion for review of magistrate order and noting that "relevance under Rule 26(b)(1) 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case'" and that "determinations of relevance in the discovery context are reviewed under 'the clearly implicit standard of abuse of discretion'").

Defendants do not dispute the relevance of the Federal Reserve materials here. Nor could they. In this case, Plaintiffs allege, *inter alia*, that by 2018, Green Dot senior insiders, including defendants Streit and Shifke, knew that Green Dot's "bread and butter" prepaid card business was in decline, but they concealed this material information from investors while they capitalized through $62 million in insider sales. ECF 83, ¶2. Plaintiffs further allege that to hide declines in Green Dot's prepaid card business, Defendants manipulated key performance metrics and halted efforts by the Company's fraud management team to tighten loose customer identification procedures. *Id.*, ¶¶29-35.

- 4 -

The Federal Reserve's July 19, 2024 Cease and Desist Order, which imposed a $44 million civil fine on Green Dot, addressed similar misconduct relating to the Company's marketing, selling, and servicing of Green Dot's prepaid cards. ECF 134-2. More specifically, the Federal Reserve found that Green Dot's deceptive acts and practices – which occurred from 2017 through 2021 – included keeping "many accounts . . . open" despite "zero-dollar account balances" so that "consumers continued to incur monthly fees." *Id.* at 2. The Federal Reserve's Cease and Desist Order also addressed deficiencies in Green Dot's compliance risk management framework and controls – the ***same*** controls Plaintiffs here allege defendant Streit personally loosened to "'avoid losing more accounts.'" ECF 83, ¶32.

Given the clear overlap between the Federal Reserve's findings and Plaintiffs' fraud allegations here, Judge Eick correctly held that the Federal Reserve documents sought were relevant and must be produced. *See* Order.

**B.    Defendants' Motion Improperly Seeks an Advisory Opinion**

There is no live case and controversy in dispute by Defendants' Motion; rather, they improperly seek an advisory opinion from the Court. Defendants contend that Judge Eick's Order ***only*** applies to the underlying business documents that Green Dot produced to the Federal Reserve. Mem. at 3. However, Judge Eick's Order requires Defendants to produce "***all*** discovery responsive to Request for Production No. 38 and Interrogatory No. 2," including Green Dot's direct communications with the Federal Reserve, "except for discovery related solely to the 'tax preparation subsidiary.'" Order at 2. Nonetheless, Defendants have agreed to produce these underlying business documents to Plaintiffs, and the Federal Reserve has "authorized production of most of the attached business documents (excluding only those related to Green Dot's tax preparation subsidiary)." Mem. at 5. Accordingly, under Defendants'

- 5 -

4925-4160-0272.v1

interpretation of Judge Eick's Order, this Motion merely seeks an advisory opinion from the Court, which is improper.[4]

The law is well-established that "federal jurisdiction may not be invoked simply because two litigants have differing views of the law.  The court's 'role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution.'"  *Westlands Water Dist. Distrib. Dist. v. Nat. Res. Def. Council, Inc.*, 276 F. Supp. 2d 1046, 1050 (E.D. Cal. 2003).  Defendants' Motion merely expresses their concern that Judge Eick's Order may, "***in the future***," expose them to additional liability.  Mem. at 4 (arguing that Judge Eick's Order may "expose Green Dot to liability ***if*** it is likewise forced, ***in the future***, to comply on the same grounds with respect to other documents"); *id.* at 6 ("Plaintiffs are ***expected*** to assert that the ruling more broadly impacts Green Dot's ***future*** ability to withhold other supervision-related documents on the basis that they are CSI [confidential supervisory information], even though Judge Eick never reached that issue.").

Assuming, *arguendo*, that Defendants' contention is correct and Judge Eick's Order only applies to the underlying business documents, there is nothing left for this Court to decide; Defendants have already agreed to produce those documents to Plaintiffs regardless of this Court's ruling. *See Westlands Water Dist.*, 276 F. Supp. 2d at 1050 (holding "in order for a case to be more than a request for an advisory opinion, there must be an actual dispute between adverse litigants and a substantial likelihood that a favorable federal court decision will have some effect").  Thus, the Court should deny Defendants' Motion to the extent it seeks an improper advisory opinion.

---

[4]    Defendants insisted upon seeking this advisory opinion despite Plaintiffs' offer to allow Defendants to withhold their direct communications with the Federal Reserve (that Judge Eick ordered to be produced) and to mix the Federal Reserve produced documents in with other productions to avoid Defendants' compilation argument. Defendants refused this compromise.

- 6 -

4925-4160-0272.v1

### C. Judge Eick's Order Is Neither Clearly Erroneous nor Contrary to Law

The Court should uphold Judge Eick's Order in its entirety because it is neither clearly erroneous nor contrary to law.

As Defendants acknowledge, "[r]eview of a magistrate judge's pretrial order on a nondispositive motion, such as a motion to compel discovery, is highly deferential" and "may be modified or set aside only if it is 'clearly erroneous or contrary to law.'" *ExxonMobil Oil Corp. v. S. Cal. Edison Co.*, 2014 WL 12629792, at *2 (C.D. Cal. Feb. 4, 2014) (quoting Fed. R. Civ. P. 72(a)).  More specifically, "[t]he magistrate judge's factual determinations are affirmed absent clear error, and his legal conclusions stand unless they are contrary to law." *Id.*

"Under this standard of review, a magistrate's order is 'clearly erroneous' if, after considering all of the evidence, the district court is left with the definite and firm conviction that a mistake has been committed, and the order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Yent v. Baca*, 2002 WL 32810316, at *2 (C.D. Cal. Dec. 16, 2002).  This standard is deferential, as "[t]he district judge may not simply substitute his or her judgment for that of the magistrate judge." *Laatz v. Zazzle, Inc.*, 2024 WL 4875264, at *1 (N.D. Cal. Nov. 12, 2024) (citing *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991)).

Here, the Ninth Circuit has not yet addressed the bank examination privilege, which is a qualified and narrow common law privilege that can only be asserted by regulators and only shields from disclosure supervisory communications between financial institutions and their federal regulators. *Arnett v. Bank of Am., N.A.*, 2012 WL 13055461, at *8 (D. Or. Dec. 17, 2012); *Erhart v. BofI Holding, Inc.*, 2018 WL 5994417, at *5 (S.D. Cal. Nov. 15, 2018).  Moreover, "[t]his privilege is not absolute and can be overcome by a showing of good cause," which the Federal Reserve concedes Plaintiffs have demonstrated with respect to most of the documents at issue

- 7 -

here.  *Erhart*, 2018 WL 5994417, at *5; ECF 141-8 at 2.  Further, the bank examination privilege does not protect purely factual material, and the regulator bears the burden of demonstrating its applicability.  *See SEC v. Lent*, 2006 WL 8434734, at *7 (N.D. Cal. Jan. 12, 2006) (granting motion to compel materials withheld on the basis of the bank examination privilege).

### 1. Defendants Lack Standing to Assert the Bank Examination Privilege and the Federal Reserve Has Declined to Intervene

Concerning Green Dot's asserted privileges, Judge Eick correctly held that "Defendants lack standing to assert 'the bank examination or supervision privilege,'" and that "'any other applicable privilege or protection against disclosure' [i]s factually unsupported on this record."  Order at 2.

Judge Eick's holding concerning Green Dot's improper assertion of the bank examination privilege is consistent with other district court opinions in this Circuit and others, which have unambiguously held that private parties, like Defendants here, lack standing to assert the bank examination privilege.  *See Tchrs. Ins. & Annuity Ass'n v. Munro*, 2022 WL 2234972, at *4 (C.D. Cal. May 9, 2022) (upholding Judge Eick's order compelling production of documents produced to regulators but withheld and noting that the privilege "'belongs to the agency and must be asserted by it'" and "'"can neither be claimed nor waived by a private party"'"); *see also United States v. Heine*, 2016 WL 1270907, at *9 (D. Or. Mar. 31, 2016) ("the Bank cannot assert the privilege on behalf of the relevant agencies"); *accord Wultz v. Bank of China Ltd.*, 61 F. Supp. 3d 272, 282 (S.D.N.Y. 2013) ("'The bank examination privilege belongs solely to . . . banking regulatory entities, and may not be asserted by third parties on behalf of the banking agencies.'").  Thus, Judge Eick correctly held that Defendants' assertion of the bank examination privilege was improper.

Judge Eick also correctly found that "[n]o government agency has intervened herein."  Order at 1.  Indeed, the record is clear that the Federal Reserve has deliberately declined to intervene in this dispute despite having the opportunity to do

- 8 -

4925-4160-0272.v1

so.  The Federal Reserve has known of the Parties' dispute since at least September 16, 2024, when Plaintiffs' counsel spoke to the counsel for the Federal Reserve and explained that Plaintiffs had issued discovery requests to Green Dot concerning the Federal Reserve's investigation of Green Dot and related consent order.  Declaration of Christopher R. Kinnon in Opposition to Motion ("Kinnon Decl."), ¶3, filed concurrently herewith.

The Federal Reserve's October 10, 2024 letter further demonstrates its knowledge of the dispute, acknowledging that Defendants had "written to inform the Board pursuant to 12 C.F.R. §261.24(a)(1) that certain documents and information responsive to plaintiffs' discovery requests in this action may contain confidential supervisory information ('CSI') of the Board governed by its regulations." ECF 141-7 at 1.  Despite knowing of the dispute, the Federal Reserve declined to intervene after Plaintiffs moved shortly thereafter to compel Green Dot to produce these purportedly privileged materials.

And recently, in its December 24, 2024 letter to Defendants, the Federal Reserve stated it would not intervene in this dispute even after being told by Defendants that:

> Magistrate Judge Eick's December 11, 2024 ruling on the plaintiffs' motion to compel could be construed to require the production of sixty-one Board CSI documents [Defendants] have identified related to the Board's July 19, 2024 combined cease-and-desist and civil money penalty order against Green Dot Corporation and Green Dot Bank ('Consent Order') from the period of May 2023 through and including July 2024.

ECF 141-8 at 1, 3 n.1.  ("The Board does not believe that formal intervention pursuant to Federal Rule of Civil Procedure 24 is necessary to assert the Board's privilege, or that such intervention is likely to serve the interests of the Court or the parties in efficient resolution of this matter, but please provide prompt notice should the Court

- 9 -

4925-4160-0272.v1

deem intervention or any other specific action necessary to preserve privilege or otherwise protect the important Board and public interests at issue."). Thus, the Court should reject outright Defendants' assertion that the ruling should be set aside for failing to allow the Federal Reserve to intervene to assert the bank examination privilege.

Judge Eick's standing analysis and holding are consistent with the law in this Circuit and District – not contrary to it. For example, the court in *Munro* upheld a virtually identical order from Judge Eick. 2022 WL 2234972, at *4. As here, Judge Eick in *Munro* held that the non-regulator party resisting discovery lacked standing to assert the bank examination privilege. *See Tchrs. Ins. & Annuity Ass'n v. Munro*, No. 2:22-mc-00015-VAP-E, Civil Minutes – General, ECF 145 (C.D. Cal. Mar. 18, 2022). Judge Philips affirmed Judge Eick's order, holding that ***where "[n]o bank examiner has intervened," there was no privilege to uphold***. *Munro*, 2022 WL 2234972, at *4; *see also Bulls v. USAA Fed. Sav. Bank*, 2023 WL 2058652, at *2 (E.D.N.C. Feb. 16, 2023) (overriding assertions of the bank examination privilege when the bank regulator "has been apprised of plaintiffs' positions and has elected not to seek leave to intervene in this case"). *Munro* held that even "difficulty with notifying regulators" – unlike here where the Federal Reserve has been notified and twice knowingly declined an opportunity to intervene – is "not grounds to correct or modify the Order." 2022 WL 2234972, at *4.[5]

Significantly, Defendants do not challenge either basis for Judge Eick's Order granting Plaintiffs' motion to compel. First, Defendants do not dispute that Green Dot lacked standing to assert the bank examination privilege or that the Federal Reserve

---

[5]   Other courts have indicated that the notice provided by Defendants to the Federal Reserve to intervene – which they declined to do – is sufficient. *See In re Bankers Tr. Co.*, 61 F.3d 465, 470 n.6 (6th Cir. 1995) ("[W]e think it advisable if not necessary for a party in litigation that possesses 'confidential supervisory information' to inform the Federal Reserve of any requests for production so the Federal Reserve will have notice and the opportunity to intervene and protect any interests, arguments, or concerns it may have.").

- 10 -

4925-4160-0272.v1

has not intervened to assert its purported privilege. Defendants merely parrot the Federal Reserve's incorrect assertion that a regulator need not intervene to assert the privilege without providing any support for this claim. Second, Defendants do not challenge Judge Eick's finding that "[n]o government agency has intervened herein" and do not dispute that the Federal Reserve had opportunity and notice to intervene but decided not to. Order at 1. These arguments are therefore waived. *See Friends of Yosemite Valley*, 520 F.3d at 1033 ("Arguments not raised by a party in its opening brief are deemed waived.").

### 2. Plaintiffs Properly Sought Green Dot's Documents from Green Dot

Defendants repeat throughout their argument that Judge Eick erred by granting Plaintiffs' motion to compel before Plaintiffs "exhausted their administrative remedies." Mem. at 9-10, 17-18. Preliminarily, Plaintiffs did seek relevant materials from the Federal Reserve by letter on November 15, 2024. ECF 141-3 at 1-5. The Federal Reserve confirmed receipt the same day. Kinnon Decl., Ex. 1. Since then, the Federal Reserve has delayed, claimed not to understand Plaintiffs' straightforward request (without asking for clarification for months), and effectively denied Plaintiffs any discovery. *Id.*, Exs. 2-3. Given the pending discovery deadline in this case, Plaintiffs' inability to obtain any documents from the Federal Reserve supports upholding Magistrate Eick's Order in full.[6]

But more importantly, there is no binding Ninth Circuit authority on this issue, and district courts within the Ninth Circuit have reached the same conclusion as Judge Eick. Accordingly, Judge Eick did not commit legal error by ruling that Plaintiffs did

---

[6] Plaintiffs' request to the Federal Reserve renders Defendants' authority inapplicable. *See Chase Bank USA, N.A. Check Loan Cont. Litig. v. Chase Bank*, 2011 WL 2078621, at *1 (N.D. Cal. Mar. 17, 2011) (holding that plaintiffs "must advise the OCC of documents they are requesting"); *In re Citimortgage, Inc., Home Affordable Modification Program ("HAMP") Litig.*, 2012 WL 10450139, at *8 (C.D. Cal. June 7, 2012) (holding that the request was premature since plaintiffs had not yet sought the documents from the OCC); *Fed. Nat'l Mortg. Ass'n v. Allied World Nat'l Ins. Co.*, 2024 WL 4416981, at *5 (D.D.C. Sept. 30, 2024) (holding that the privilege holder of CSI must have an "opportunity" to evaluate the privilege).

- 11 -

4925-4160-0272.v1

not have to exhaust their legal remedies before obtaining Green Dot's records from Green Dot under the Federal Rules of Civil Procedure. *See Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508, 514 (D. Idaho 2013) ("The Magistrate Judge cannot be found to have misapplied or erroneously construed the law where there is non-binding authority to support both sides of the issue, but, apparently, no controlling authority from the Ninth Circuit.").

For example, as the court held in *Munro*, the bank examination privilege does not prevent a "[p]etitioner from unilaterally turning over the documents produced to the banking and insurance regulators." 2022 WL 2234972, at \*2. That is because the Ninth Circuit has held that "district courts should apply the federal rules of discovery when deciding on discovery requests made against government agencies, whether or not the United States is a party to the underlying action." *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 780 (9th Cir. 1994).

Thus, "***federal regulations, even when interpreted with the force of law, cannot be enforced if they purport to override the Federal Rules of Civil Procedure***." *See In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 2024 WL 4125618, at \*6 (N.D. Cal. Sept. 6, 2024) (citing *Bankers Tr.*, 61 F.3d at 470-71 and affirming its conclusion "that the Federal Rules of Civil Procedure govern whether the documents should be produced," not federal regulations); *see also Erhart*, 2018 WL 5994417, at \*4 (holding that "regulations by themselves are insufficient to override the discovery procedures in the Federal Rules").

In *Bankers Tr.*, the Sixth Circuit granted the plaintiff's motion to compel documents directly from the defendant rather than the Federal Reserve. 61 F.3d at 470-71 ("[W]e find no compelling reason to discard the relatively straightforward discovery methods outlined in the Federal Rules of Civil Procedure simply because the Federal Reserve has attempted to mandate a different procedure."). The *Bankers Tr.* court explained that it would be "illogical . . . to require [plaintiff] to initiate the much more cumbersome procedure of serving a subpoena on the Federal Reserve . . .

- 12 -

4925-4160-0272.v1

simply to enable [plaintiff] to obtain the same documents that defendant . . . possesses." *Id.* at 471.[7]  If adopted, Defendants' position would "effectively override the application of the Federal Rules of Civil Procedure and, in essence, divest a court of jurisdiction over discovery" and instead endow the Federal Reserve with those powers. *Bankers Tr.*, 61 F.3d at 470.

Because Judge Eick found under Federal Rule of Civil Procedure 26(b)(1) that "the discovery sought is both relevant to the claims or defenses and proportional to the needs of the case" (excepting "discovery related solely to the 'tax preparation subsidiary'"), he did not err in permitting Plaintiffs to seek documents and information directly from Green Dot concerning the Federal Reserve's July 19, 2024 Order to Cease and Desist.  Order at 1-2.

### 3.    In Considering the Bank Examination Privilege, Judge Eick Also Took into Account the Predicate Regulations

In his Order, Judge Eick stated that he had "read and considered all papers filed in support of and in opposition to 'Plaintiffs' Motion to Compel.'"  *Id.* at 1.  These papers included Defendants' arguments purporting to establish the documents at issue as CSI, positing a distinction between CSI and the bank examination privilege, and asserting that Plaintiffs had to pursue further administrative remedies beyond the Federal Rules of Civil Procedure.  Judge Eick's determination that Defendants lacked standing to assert the bank examination privilege sufficiently dispensed with each of these arguments.[8]

---

[7]  Although the Ninth Circuit has not addressed the so-called bank examination privilege, it has cited *Bankers Tr.* approvingly. *See Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 976 n.5 (9th Cir. 2017).

[8]  Unlike the cases cited by Defendants, Judge Eick does not make review of the Order "difficult" due to a lack of an explanation of the ruling. *United States v. Hernandez-Meza*, 720 F.3d 760, 762, 768 (9th Cir. 2013) (holding that "the district judge made appellate review difficult" because the district court failed to state whether the correct legal standard was applied in a criminal case); *Thomas v. Cnty. of L.A.*, 275 F. App'x 664 (9th Cir. 2008) (holding "the district court's denial 'gave [the Ninth Circuit] nothing upon which to base meaningful appellate review'").

- 13 -

This is sufficient. "[T]he Court need not explicitly discuss each and every argument in any order. The Court's refusal to discuss an argument constitutes an implicit rejection of [that] argument[]." *Roy v. Cnty. of L.A.*, 2018 WL 3439168, at *4 (C.D. Cal. July 11, 2018) (citing, *inter alia, Clemons v. Mississippi*, 494 U.S. 738, 747 n.3 (1990)). This principle applies equally to a magistrate judge's non-dispositive orders. *See V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 314 n.12 (D. Nev. 2019), *aff'd*, 2020 WL 1042515 (D. Nev. Mar. 3, 2020) ("Any argument presented by Defendant as a basis for obtaining relief that is not explicitly addressed herein has been rejected to the extent it is inconsistent with the outcome of this order.").

First, as to whether or not the documents could be considered CSI, Judge Eick properly noted that no party with standing to assert the bank examination privilege (which only protects CSI) had intervened to do so – making that argument irrelevant. Order at 1.

Second, Defendants expressly cited 12 C.F.R. §§261.2(b)(1), 261.20(a), and 261.23(b)(1)(iii) in arguing that such regulations somehow prevent them from disclosing CSI apart from the bank examination privilege (and even if no privilege applies). Mem. at 15. Thus, Judge Eick considered and rejected Defendants' argument, leaving only the question of bank examination privilege applicability, which he correctly determined did not apply given Defendants' lack of standing to assert and the absence of government intervention. Order at 2. Regardless, such "'federal regulations, even when interpreted with the force of law, cannot be enforced if they purport to override the Federal Rules of Civil Procedure.'"[9] ECF 134 at 18-19; *see also Soc. Media*, 2024 WL 4125618, at *6 (citing *Bankers Tr.*, 61 F.3d at 470-71 and *Erhart*, 2018 WL 5994417, at *4).

---

[9] To the extent Defendants assert risk of criminal penalties should they disclose CSI without pre-approval from the relevant agency, their cited example is inapposite. ECF 141-6. There, Goldman Sachs' was fined for improperly using CSI in presentation materials to obtain business. Here, Plaintiffs seek information for use in civil litigation in which there is a protective order in place.

- 14 -

Finally, Judge Eick's Order properly dispensed with Defendants' argument that Plaintiffs failed to exhaust their administrative remedies. As explained *supra* §III.C.2, Plaintiffs argued that they complied with all proper procedures for obtaining both CSI and non-CSI. And the Federal Reserve, despite having the knowledge and opportunity to do so, choose not to intervene to assert any potential privilege.

Thus, in noting that "[n]o government agency has intervened herein" and that "Defendants lack standing to assert 'the bank examination or supervision privilege,'" Judge Eick's Order properly considered all arguments presented by each party. Order at 1-2.

### D.    Plaintiffs Have Demonstrated Good Cause to Overcome Any Privilege the Federal Reserve Could Assert

Even if the Federal Reserve had intervened, "Plaintiffs' need for the [Federal Reserve] documents outweighs the interests of [the Federal Reserve] in maintaining the alleged confidentiality of the documents under all of the federal law qualified privileges that conceivably might apply." *Munro*, No. 2:22-mc-00015-VAP-E, ECF 45 at 2; *see also Wultz*, 61 F. Supp. 3d at 281 (the bank examiner's privilege is overcome by a showing of "good cause" by the requesting party).

Defendants do not challenge the relevance of the documents sought. And the Federal Reserve acknowledges that the topics are "relevant to the subject matter of this litigation" and that Plaintiffs have demonstrated "substantial need" for the related documents. ECF 141-8 at 2. Plaintiffs can realistically only obtain these documents from Green Dot given the Federal Reserve's delays and the discovery deadline in this case. ECF 145 at 3. Because the Federal Reserve issued a $44 million fine to Green Dot concerning issues directly relevant to Plaintiffs' claims, the case raises "fundamental issues regarding public confidence in the fairness of the financial markets." *See SEC*, 2006 WL 8434734, at *8 ("This factor thus weighs in favor of disclosure."). And because "this private litigation is based upon claims that are related to the public interest and supplement government enforcement of the securities

- 15 -

laws, . . . the governmental interest factor is met here and weighs in favor of a finding of good cause." *See Se. Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc.*, 2022 WL 3567340, at *25 (M.D. Pa. Aug. 18, 2022) (ordering production of materials withheld under bank examination privilege in securities class action); *see also Wultz*, 61 F. Supp. 3d at 290 (holding the governmental interest factor of the good cause analysis was met in a private civil suit when the claims were based, as here, on statutes "'infused with the public interest'").[10]

Nor is there any risk of disclosure here creating a "chilling effect" that would inhibit future correspondence and candor between banks and the Federal Reserve. First, "courts that have considered this issue do not find that it outweighs the public interest in disclosure because bank officials are obligated by law to cooperate with examiners." *Principe v. Crossland Sav., FSB*, 149 F.R.D. 444, 449 (E.D.N.Y. 1993).[11] Second, the Stipulated Protective Order adequately protects by "minimiz[ing] any harm that might otherwise result from compelling disclosure of bank examination information." *In re Subpoena Served Upon the Comptroller of Currency (Fleet)*, 967 F.2d 630, 634 (D.C. Cir. 1992); *see also Wilmington Tr.*, 2016 WL 9753979, at *11 (citing cases).

Thus, Plaintiffs have shown good cause. *See, e.g.*, *SEC*, 2006 WL 8434734, at *7 (granting disclosure when: (i) the evidence sought was relevant; (ii) other evidence was not available; (iii) the litigation and issues involved were serious; (iv) the

---

[10]  Even when courts have found that the government role factor is not present, courts have ordered the purportedly privileged documents to be produced when, as here, "the other factors weigh in favor of applying the good cause exception." *In re Wilmington Tr. Sec. Litig.*, 2016 WL 9753979, at *10 (D. Del. Aug. 16, 2016), *adopted by* 2016 WL 9711195 (D. Del. Sept. 12, 2016).

[11]  And "courts have recognized that government employees must always be cognizant that their communications may at some point be made public because the privilege is qualified." *Wilmington Tr.*, 2016 WL 9753979, at *11 (granting motion to compel "based on the non-privileged nature of the documents or the application of the good cause exception to privileged contents").

4925-4160-0272.v1

government interest factor was satisfied; and (v) there was no risk of a chilling effect) (applying *Fleet*, 967 F.2d 630).[12]

## IV.   CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion and uphold Magistrate Judge Eick's Order in its entirety.

DATED:  January 17, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
JESSICA T. SHINNEFIELD
CHRISTOPHER R. KINNON
MEGAN A. ROSSI
JOHN M. KELLEY
RACHEL C. BRABY

s/ Christopher R. Kinnon
CHRISTOPHER R. KINNON

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

PITTA LLP
VINCENT F. PITTA
120 Broadway, 28th Floor
New York, NY  10271
Telephone: 212/652-3890
212/652-3891 (fax)

Additional Counsel for Plaintiffs

---

[12]   This balancing test is not dispositive because "the *Fleet* court's observations on the regulatory process were not statements of immutable law." *Wultz*, 61 F. Supp. 3d at 293.

- 17 -

4925-4160-0272.v1