ROBBINS GELLER RUDMAN
   & DOWD LLP
JESSICA T. SHINNEFIELD (234432)
CHRISTOPHER R. KINNON (316850)
MEGAN A. ROSSI (318643)
JOHN M. KELLEY (339965)
RACHEL C. BRABY (356720)
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
jshinnefield@rgrdlaw.com
ckinnon@rgrdlaw.com
mrossi@rgrdlaw.com
jkelley@rgrdlaw.com
rbraby@rgrdlaw.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GREEN DOT CORPORATION SECURITIES LITIGATION | Case No. 2:19-cv-10701-DDP (Ex) |
| | <u>CLASS ACTION</u> |
| | DECLARATION OF CHRISTOPHER R. KINNON IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION FOR REVIEW OF MAGISTRATE JUDGE'S DECEMBER 11, 2024 DISCOVERY RULING |
| | Date:    February 10, 2025<br>Time:    10:00 a.m.<br>Judge:   Hon. Dean D. Pregerson<br>Dept.:   9C |

4930-7600-7952.v1

I, CHRISTOPHER R. KINNON, declare as follows:

1. I am an attorney licensed to practice in all courts in the State of California. I am a partner at Robbins Geller Rudman & Dowd LLP, counsel for Lead Plaintiff New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund and plaintiff Teamsters Local Union No. 727 Pension Fund (together, "Plaintiffs") and the putative class in the above-captioned matter. The matters set forth herein are based upon my own personal knowledge, and if called as a witness, I could and would testify competently to such matters. I submit this declaration in support of Plaintiffs' Opposition to Defendants' Notice of Motion and Motion for Review of Magistrate Judge Eick's December 11, 2024 Discovery Ruling, filed concurrently herewith.

2. Since Plaintiffs' July 19, 2024 and July 30, 2024 Requests for Production of Documents and Data and First Set of Interrogatories, respectively, the Parties[1] have disputed whether the Federal Reserve Board's (the "Federal Reserve" or the "Board") bank examination privilege applies to documents related to the Federal Reserve's investigation into Green Dot resulting in an order to cease and desist and $44 million civil penalty.

3. The Federal Reserve has known of the Parties' dispute since approximately September 16, 2024, when Plaintiffs' counsel spoke to counsel for the Federal Reserve and explained that Plaintiffs had issued discovery requests to Green Dot concerning the Federal Reserve's investigation of Green Dot and related consent order.

4. On November 15, 2024, Plaintiffs sent a formal request to the Federal Reserve pursuant to 12 C.F.R. §261.23 for production of all documents received from Green Dot or any of its former or current employees, and all documents provided to

---

[1] "Parties" refers to Plaintiffs, and defendants Green Dot Corporation ("Green Dot"), Steven W. Streit, and Mark Shifke (collectively, "Defendants").

- 1 -

4930-7600-7952.v1

Green Dot, or any of its former or current employees, in connection with the Board's July 19, 2024 cease-and-desist order.  The Federal Reserve responded via email the same day, confirming receipt of Plaintiffs' request.

5.    Since Plaintiffs' November 15, 2024 request for Green Dot documents, the Federal Reserve has delayed and claimed not to understand Plaintiffs' straightforward request (not asking for clarification until Plaintiffs inquired about the status of the request), effectively denying Plaintiffs any discovery.

6.    On November 20, 2024, the Parties filed a Joint Stipulation Regarding Plaintiffs' Motion to Compel Information Related to the Federal Reserve Order to Cease and Desist.  ECF 134.

7.    On December 11, 2024, Magistrate Judge Eick granted Plaintiffs' motion and ordered Defendants to produce all discovery responsive to Request for Production No. 38 and Interrogatory No. 2, except for discovery related solely to the tax preparation subsidiary.  ECF 140 at 2.

8.    By letter dated December 24, 2024, the Federal Reserve informed Defendants that it would not assert privilege over most of the internal business documents Defendants had been withholding.  This letter also stated incorrectly that Plaintiffs had not properly initiated a formal request for production of documents from the Federal Reserve, despite the Board's confirmation of receipt of Plaintiffs' request on November 15, 2024.

9.    On January 2, 2025, Plaintiffs contacted the Federal Reserve via email, requesting clarification as to the status of Plaintiffs' November 15, 2024 request.

10.    The Federal Reserve responded via email on January 6, 2025, stating that they were still processing the request but claiming not to understand it despite not requesting clarification in the nearly two months since Plaintiffs made the request.

11.    Attached are true and correct copies of the following exhibits:

Exhibit 1:    November 15, 2024 email from the Federal Reserve to Plaintiffs confirming receipt of Plaintiffs' request from the same day;

- 2 -

4930-7600-7952.v1

Exhibit 2:    Email from Plaintiffs to the Federal Reserve dated January 2, 2025, requesting clarification regarding the Board's representation in its December 24, 2024 letter to Defendants that Plaintiffs had not properly initiated administrative proceedings to obtain documents from the Board despite Plaintiffs' November 15, 2024 request and the Board's same-day confirmed receipt of such request; and

Exhibit 3:    Email response from Federal Reserve to Plaintiffs dated January 6, 2025, stating that the Board claimed not to understand Plaintiffs' November 15, 2024 request.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 17, 2025, at San Diego, California.

                                  s/ Christopher R. Kinnon
                                  CHRISTOPHER R. KINNON

- 3 -

4930-7600-7952.v1