# EXHIBIT G

## Miller, Adam

| | |
|---|---|
| **From:** | Megan Rossi <MRossi@rgrdlaw.com> |
| **Sent:** | Thursday, December 19, 2024 2:56 PM |
| **To:** | Miller, Adam; Patts, Lenny; Kramer, James N.; Talarides, Alex; Scott, M. Todd; McCafferty, Molly; Benton, Megan; Kerr, Nicole; rgottlieb@glaserweil.com; epetrossian@glaserweil.com; amathews@glaserweil.com; cbraschi@glaserweil.com |
| **Cc:** | Jessica Shinnefield; Rachel Braby; Christopher Kinnon; Jack Kelley; Katie Woods; vpitta@pittalaw.com; mhenry@pittalaw.com; smartin@pittalaw.com; arussell@pittalaw.com; kmullaney@pittalaw.com; THanrahan@pittalaw.com |
| **Subject:** | 2:19-cv-10701-DDP (Ex) \| In re Green Dot Corp. Sec. Litig November 21 Privilege Log |

[EXTERNAL]

Counsel,

As discussed at our meet and confer on December 12, 2024, we have identified several documents from Green Dot's November 21, 2024 Privilege Log that contain third parties (representatives from Harvest Capital Strategies, Ernst & Young, Mercer, and Deloitte).

The following documents list Harvest Capital Strategies as being present:

- GDSECLIT_00000855
- GDSECLIT_00001475

The following documents list Ernst & Young as being present:

- GDSECLIT_00000707
- GDSECLIT_00001139
- GDSECLIT_00001499
- GDSECLIT_00001649
- GDSECLIT_00002223
- GDSECLIT_00002559
- GDSECLIT_00002611

The following documents list Mercer LLP as being present:

- GDSECLIT_00001653
- GDSECLIT_00001714
- GDSECLIT_00002227
- GDSECLIT_00002269
- GDSECLIT_00002295
- GDSECLIT_00002563
- GDSECLIT_00002604
- GDSECLIT_00002848

The following document lists Deloitte as being present:

- GDSECLIT_00004278

As you are aware, the "the voluntary disclosure of an attorney-client privileged communication to a third party waives the privilege unless the disclosure is 'indispensable' to the communication." *Woodall v. Walt Disney Co.*, 2022 WL 16888542, at *2 (C.D. Cal. Sept. 29, 2022). The burden is on Defendants to show that the attorney client privilege still applies to these communications. *See Integon Preferred Ins. Co. v. Saavedra*, 2019 WL 13075959, at *2 (C.D. Cal. Sept. 11, 2019). The "'third-party communications must be interpretive and serve to translate informative information between the client and the attorney.'" *United States v. Ormat Indus., Ltd.*, 2016 WL 4107682, at *8 (D. Nev. Aug. 1, 2016). Defendants have failed to show how third parties served to translate information between Green Dot and Green Dot's counsel. *See United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1072(N.D. Cal. 2002) (holding attorney client privilege was waived where PwC assisted Chevron attorneys to evaluate the legal merits of a transaction but did not serve in a translator role).

Additionally, the following documents (included above) contain redacted information regarding compensation. This is not protected by the attorney-client privilege nor does Defendants' privilege description address this issue. If it is Defendants' argument that these individuals are entitled to privacy regarding their compensation that is precisely the reason we have a protective order in place. Accordingly, this information should not be redacted.

- GDSECLIT_00001653
- GDSECLIT_00001714
- GDSECLIT_00002227
- GDSECLIT_00002289
- GDSECLIT_00002563
- GDSECLIT_00002604
- GDSECLIT_00002848
- GDSECLIT_00004278

Furthermore, email signature blocks and email address do not qualify as attorney-client privilege in GDSECLIT_00003321. As stated above, if it is Defendants' contention that this is private information, the "confidential" designation as provided in our protective order provides the adequate protection and these redactions are unnecessary.

Last, it is Plaintiffs' position that any redactions based off the Bank Examination Privilege as identified in the November 21, 2024 privilege log should be produced given the Court's December 11 Order. ECF 140.

Please provide your basis for your assertion of attorney-client privilege for these redactions and/or re-produce the above listed documents without the redactions by January 10, 2025.

Thank you,

Megan

**Megan A. Rossi**
Associate

Robbins Geller
Rudman & Dowd LLP

655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

    

**NOTICE: This email message is for the sole use of the intended**

2

recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

3