JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
M. TODD SCOTT (SBN 226885)
tscott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105
Telephone:   (415) 773-5700
Facsimile:   (415) 773-5759

RICHARD E. GOTTLIEB (SBN 289370)
rgottlieb@glaserweil.com
EMIL PETROSSIAN (SBN 264222)
epetrossian@glaserweil.com
AYAD MATHEWS (SBN 339785)
amathews@glaserweil.com
GLASER WEIL FINK HOWARD
     JORDAN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| IN RE GREEN DOT CORPORATION SECURITIES LITIGATION | Case No. 2:19-cv-10701-DDP-E<br><br>CLASS ACTION<br><br>**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Judge: Honorable Dean D. Pregerson |

## I.        INTRODUCTION

Pursuant to this Court's Standing Order on Procedures, Defendants[1] seek leave to file: (i) an early motion for partial summary judgment (the "Proposed Motion") that will materially narrow the scope of this litigation and upcoming fact deposition and expert discovery; and (ii) a separate, distinct motion for summary judgment following the conclusion of discovery, in accordance with the Court's scheduling order. *See* ECF No. 148 (Jan. 21, 2025).

Plaintiffs' theory of liability against Defendants is premised on the accusation that Green Dot's SEC filings and earnings calls misled investors by omitting that Green Dot's card portfolio was undergoing a product mix trend that reversed card-revenue-and-fee-growth. *See, e.g.*, Amended Complaint ¶¶ 3, 36 (ECF No. 83) ("Complaint"). But, in answers to multiple Rule 36 Requests for Admission, Plaintiffs admit (i) that the quarterly earnings call transcripts upon which Defendants rely (and the same ones Plaintiffs cite throughout their Complaint) are authentic, (ii) that Defendants did in fact make precisely the disclosures they claim were omitted, (iii) that these disclosures were contemporaneously reported by stock market analysts, and (iv) that there are no other facts bearing upon whether (or not) Defendants disclosed these facts.

As these facts are no longer reasonably in dispute, Defendants repeatedly sought to work with Plaintiffs to streamline this litigation and reduce the discovery burdens of both parties by attempting to engage Plaintiffs in a meaningful exchange of information based on the actual disclosures to the market. In making such proposals to Plaintiffs, Defendants explained in writing that the process would facilitate an early resolution of the case by narrowing the allegations in dispute, focus

---

[1] "Defendants" refers to defendants Green Dot Corporation ("Green Dot" or the "Company") and former executives Steven W. Streit and Mark Shifke. "Plaintiffs" refers to (i) lead plaintiff New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund and (ii) Teamsters Local Union No. 727 Pension Fund.

- 1 -

DEFENDANTS' MEM ISO MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT

the remaining litigation (including discovery, motion practice, and trial), and facilitate more productive settlement negotiations. Rather than welcome Defendants' entreaties, as this Court's Local Civil Rule 7-3 requires, Plaintiffs repeatedly refused, relying largely on this Court's denial of the motion to dismiss. Worse yet, Plaintiffs refused to engage further, berating Defendants for even asking for a cooperative exchange and questioning the integrity of opposing counsel. *See* Declaration of M. Todd Scott ("Scott Decl."), ¶ 15.

But Plaintiffs cannot evade the public record or their admissions. As shown in the Proposed Motion, Plaintiffs' answers to the Rule 36 requests admit multiple disclosures in Green Dot's SEC filings and earnings call transcripts, which admissions collectively demonstrate that the core information Plaintiffs claim was omitted ***was in fact disclosed***. Defendants therefore seek leave to file an early motion for partial summary judgment that asks the Court merely to compare Plaintiffs' omission allegations against Green Dot's undisputed public disclosures and, having done so, to resolve in Defendants' favor those Section 10(b) allegations that are now uncontested, reserving all other issues.

The Proposed Motion promotes judicial economy and ultimately a more "just, speedy, and inexpensive determination" of this case. Fed. R. Civ. P. 1. The parties are amid a lengthy discovery process, which will not conclude until May ***2026***, with trial not scheduled until February ***2027***. ECF No. 148. Resolving this motion for partial summary judgment now rather than after the close of discovery will focus the remaining discovery, narrow the motion practice (and, if necessary, trial), and potentially even facilitate settlement negotiations.

At the same time, however, it is critical that Defendants preserve their ability to move for summary judgment on other legal issues, which are not yet ripe, at the conclusion of discovery. Defendants recognize that the normal practice is for a party to file only one summary judgment motion, but the Court has discretion to grant leave to allow successive summary judgment motions. *See, e.g., Stoyas v. Toshiba Corp.,*

- 2 -

No. 2:15-cv-04194-DDP, ECF No. 264 (C.D. Cal. Jan. 22, 2024) (granting defendant leave to file second partial summary judgment motion in Section 10(b) securities class action) (attached as Exhibit 14 to the Scott Declaration); *Vaid–Raizada v. Lexington Nat'l Ins. Co.*, 2009 WL 10669574, *4 (C.D. Cal. 2009) (allowing successive motions for partial summary judgment in insurance coverage dispute).

Granting leave to file the Proposed Motion is appropriate here because (1) the limited issues presented are ripe and could substantially enhance judicial economy if resolved now, but there are a host of other distinct issues that will not be ripe for summary judgment adjudication until after the completion of discovery; (2) the Proposed Motion is the more efficient way to resolve as early as possible whether the Rule 36 admissions (and the related public record) effectively negate several core factual allegations in the Complaint; and (3) an early ruling will narrow expensive discovery and streamline the remainder of this sprawling litigation, facilitating an early resolution of this action. *Vaid-Raizada*, 2009 WL 10669574, *4 (granting leave to file successive summary judgment motions where the issues in the two motions were distinct). It would be inefficient and wasteful to force the parties to continue litigating core factual allegations that may and should be resolved now.

## II.    BACKGROUND

Plaintiffs filed the initial complaint in this case in 2019 and the operative Amended Complaint was filed in 2022. As detailed in the Proposed Motion, the Complaint alleges that Defendants committed securities fraud by failing to disclose certain categories of negative information about their business to investors. The Complaint identifies several categories of information that Defendants allegedly failed to disclose across six of their quarterly "earnings calls" with stock market analysts and one industry conference from May 2018 through August 2019.

Defendants filed a motion to dismiss arguing, among other things, that they had in fact disclosed much of that information. To substantiate that position, they asked the Court to take judicial notice of SEC filings and earnings call transcripts.

DEFENDANTS' MEM ISO MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT

The Court held, however, that judicial notice was not appropriate at that juncture and thus did not consider Defendants' argument that they had disclosed much of the allegedly concealed information. *See* March 29, 2024 Order Denying Defendants' Motion to Dismiss (ECF No. 102) at 6-8.

After the Court denied the motion to dismiss, the parties embarked on discovery. It has been arduous to say the least, and asymmetrical to an extreme. Plaintiffs have issued wide-ranging discovery demands, seeking information about nearly all aspects of Defendants' business. To date, Defendants have produced approximately 615,000 documents, with more still in the discovery pipeline. Plaintiffs, on the other hand, have produced only *26 documents*. Scott Decl., ¶ 18. These figures demonstrate that only Defendants have a real interest in making discovery efficient and manageable. Under the scheduling order, fact discovery will continue through January 2026, followed by several months of expert discovery. ECF No. 148. Summary judgment motions will not be fully briefed until September 2026, almost a year-and-a-half from now. *Id.*

At the outset of discovery, on July 15, 2024, the Court held a status conference at which it *directed the parties to work together in good faith to resolve disputes* before bringing them to the Court. Scott Decl., ¶ 3.  Accordingly, on November 4, 2024, Defendants wrote to Plaintiffs that "there are finite and easily identifiable core areas of agreement (and disagreement) about what was disclosed in Green Dot's public filings, and that the parties should work together to draft a stipulation of facts that will focus discovery on those issues and the case more generally. Undoubtedly, both the Court and our clients will appreciate the good faith effort to narrow the litigation." Scott Decl., Ex. 1 (November 4, 2024 Email). Regrettably, Plaintiffs rejected that proposal out of hand. *Id.*, Ex. 2 (November 22, 2024 Letter).

Defendants then turned to the formal discovery process, serving their first set of Requests for Admission ("RFAs") on January 10, 2025. *Id.*, Ex. 3. The RFAs asked Plaintiffs to confirm the content of various disclosures by Defendants that were not

acknowledged in the Complaint. While denying that the market was aware of these facts, Plaintiffs admitted that each of the referenced disclosures reflected in Defendants' SEC reports and the earnings call transcripts were made, and likewise admitted that contemporaneous market analyst reports referred to those disclosures. *Id.*, Ex. 4. As shown in the Proposed Motion, these admissions directly contradict Plaintiffs' claims that Defendants misled the market by failing to disclose the Company's changing product mix.

After receiving Plaintiffs' admissions, which put Defendants' disclosures of the allegedly omitted information beyond dispute, Defendants once more sought to engage Plaintiffs in a cooperative and good-faith process to narrow the scope of this case and discovery. Specifically, on February 20, 2025, Defendants wrote to Plaintiffs emphasizing that their admissions "demonstrate that many of the Complaint's allegations are wrong." In so doing, Defendants outlined various specific examples of instances where the Complaint alleged that Defendants failed to disclose some piece of information only to later admit in the RFA Answers that the information had been disclosed. Therefore, Defendants again "ask[ed] that Plaintiffs commit to a good faith process to acknowledge where the allegedly omitted information was in fact disclosed, and thereby narrow the scope of discovery to the issues actually in dispute," or, alternatively, "stipulate to allow Defendants to file a focused motion for summary judgment on this limited disclosure issue without prejudice to [Defendants'] ability to file a later motion for summary judgment on the substantive merits of [Plaintiffs'] claims." Scott Decl., Ex. 5 (Feb. 20, 2025 Letter). Plaintiffs rejected the proposal out of hand. *Id.*, Ex. 7 (March 7, 2025 Letter). The parties then conducted additional meet-and-confer conferences to no avail. *Id.*, ¶¶ 13-16.

### III.   ARGUMENT

Despite their formal admissions, Plaintiffs have repeatedly refused meaningfully to negotiate in order to reduce the mutual burdens of the parties. As a result, Defendants seek leave (i) to move now for partial summary judgment to streamline this litigation, promote judicial economy, and facilitate settlement; and (ii) to avoid prejudice later, to file a separate motion for summary judgment on remaining legal and factual issues, which are not yet ripe and so are not addressed herein, at the conclusion of discovery. While Defendants do not claim that every omission alleged in the Complaint was in fact disclosed, discovery completed to date establishes that there is no longer a genuine issue of material fact with respect to several core allegations, thereby reducing the need for fact and expert discovery on those issues.

### A.   Allowing an Early Partial Summary Judgment Motion is Appropriate Here Because of Plaintiffs' Admissions in Discovery.

This Court has discretion to entertain more than one motion by a party for summary judgment. *Hoffman v. Tonnemacher*, 593 F.3d 908, 910-11 (9th Cir. 2010) (citations omitted); *see also Nightlife Partners, Ltd. v. City of Beverly Hills,* 304 F. Supp. 2d 1208, 1214-15 (C.D. Cal. 2004) (Pregerson, J.) ("A district court has discretion to entertain a second motion for summary judgment."). While the Court generally permits but one summary judgment motion per party, its standing order allows a successive motion with leave of the court. *See* Judge Pregerson's Standing Order on Procedures at 2.

This Court has explained that "[a] renewed or successive motion for summary judgment may be appropriate if new evidence or an expanded factual record is available." *Vaid-Raizada*, 2009 WL 10669574, at *4 (citing *Nightlife Partners, Ltd.*, 304 F. Supp. 2d at 1214–15). In particular, leave should be granted where the successive motions raise distinct issues. Thus, in *Vaid-Raizada*, the Court held that "[b]ecause the parties' prior motions focused primarily on the construction of the

DEFENDANTS' MEM ISO MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT

insurance policy *and arguments not re-asserted here*, the Court finds these additional motions for summary judgment appropriate for consideration." *Id.* (emphasis added).[2]

There are ample grounds to grant leave to Defendants here. The Proposed partial summary judgment motion addresses the narrow question whether Defendants actually disclosed four categories of information Plaintiffs expressly claim were concealed. These disclosures are detailed in Sections II and IV.A of the Memorandum of Points and Authorities in Support of Defendants' Motion for Partial Summary Judgment. Defendants' later motion for summary judgment would address distinct legal issues that will not be ripe until the conclusion of discovery (see footnote).[3] In these circumstances, given the potential efficiencies to be gained and the non-overlapping nature of the different motions, allowing successive summary judgment motions would promote judicial economy and facilitate resolution of the dispute. *See* Fed. R. Civ. P. 1.

---

[2] Other courts in this District have likewise held that successive motions for summary judgment are appropriate where they raise distinct issues. *Fox v. Plains All Am. Pipeline*, 2024 WL 3191232, at *1 (C.D. Cal. Apr. 9, 2024) (granting defendant's motion for leave, in part, because its "successive motion would . . . raise 'novel issues' not addressed in its original motion"); *His & Her Corp. v. Shake-N-Go Fashion, Inc.*, 2015 WL 1227997, at *3 (C.D. Cal. Mar. 13, 2015) (declining to strike a successive motion for summary judgment where the arguments made "were not raised in the previous motion for summary judgment"); *HiRel Connectors, Inc. v. United States*, 2006 WL 3618007, at *3 (C.D. Cal. Sept. 5, 2006) ("The relevant procedural question therefore is whether Defendants may file multiple summary judgment motions addressing the same claims, so long as each motion raises a distinct legal issue. They may; subsequent summary judgment motions raising issues different from those raised in the first motion are permitted.").

[3] Such issues could include, without limitation, whether the alleged misstatements were inactionable puffery or corporate optimism, immaterial, accurate statements of fact or honestly held statements of opinion, or subject to the statutory safe harbor for forward-looking statements, as well as whether the alleged misstatements were made with requisite scienter, whether Plaintiffs can establish loss causation, and whether any of Defendants' affirmative defenses apply.

DEFENDANTS' MEM ISO MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT

## B.    The Proposed Motion is an Appropriate Use of The Court's Authority under Fed. R. Civ. P. 56.

Rule 56(a) of the Federal Rules of Civil Procedure provides that a party may move for "Partial Summary Judgment," that is, for a "part of each claim or defense … on which summary judgment is sought." Further, under Rule 56(g), the Court "may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case," thereby limiting the issues to be tried in a case. *See, e.g.*, *State Farm Fire & Cas. Co. v. Geary*, 699 F. Supp. 756, 759 (N.D. Cal. 1987) (granting partial motion for summary judgment where extrinsic evidence definitively negated allegations of a duty to defend); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .").

The Proposed Motion asks the Court to determine that, because four material categories of alleged omissions were in fact disclosed, Defendants are entitled to partial summary judgment under federal securities law with respect to such allegations. While the Proposed Motion would not resolve all of Plaintiffs' Section 10(b) claim, numerous courts in this circuit have resolved factual allegations without disposing of the entire claim. *See, e.g.*, *Jimenez v. Haxton Masonry, Inc.*, 2020 WL 3035797, at *1 (N.D. Cal. June 5, 2020) (granting motion for partial summary judgment only insofar as claims arose from allegations of work performed at federal enclaves); *Magic Link Garment Ltd. v. ThirdLove, Inc.*, 445 F. Supp. 3d 346, 356 (N.D. Cal. 2020) (granting partial summary judgment motion on the basis of established facts); *Lahoti v. VeriCheck*, Inc., 586 F.3d 1190, 1202 n.9 (9th Cir. 2009) ("the district court may render partial summary judgment on those facts . . . not genuinely at issue"); *Rojas v. Target Corp.*, 2016 WL 11744739, at *3 (C.D. Cal. Apr. 5, 2016) (granting partial summary judgment motion attacking allegations concerning non-compliant wage statements); *Erhart v. BofI Holding, Inc.*, 612 F.

- 8 -

Supp. 3d 1062, 1114 n.23 (S.D. Cal. 2020) (granting request for partial summary judgment on allegation regarding altered Bank Secrecy Act reports); *Advanced Microtherm, Inc. v. Norman Wright Mech. Equip. Corp.*, 2009 WL 10692073, at \*1 (N.D. Cal. Oct. 15, 2009) (where Defendant moved for partial summary judgment as to Plaintiffs' "price-fixing and big-rigging claims on the ground that Plaintiffs lack[ed] standing to assert them," granting motion for partial summary judgment and "strik[ing] from the operative Complaint all allegations . . . that Defendants engaged in price-fixing or bid-rigging arrangements"). The same situation applies here, as shown below.

### C.   <u>**If Granted, the Proposed Motion Will Facilitate Resolution of this Dispute by Materially Reducing the Scope of this Litigation.**</u>

The Proposed Motion is simple and straightforward: As more fully set forth in the motion and supporting memorandum, the only issue presented is whether Defendants disclosed the categories of information Plaintiffs allege Defendants failed to disclose. As this is a pure disclosure versus omission question, there is no need to assess the accuracy of the disclosures, Defendants' mental states, or the impact of the disclosures on investors. *See, e.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2017 WL 6041723 (N.D. Cal. Dec. 6, 2017) (granting motion for partial summary judgment as to falsity and scienter elements of Section 10(b) claim).

Nevertheless, granting the Proposed Motion will have a substantial impact on the litigation. It would resolve in Defendants' favor four of the core categories of information Plaintiffs claim Defendants failed to disclose, leaving only a few remaining. The four issues for the Court to resolve are whether Green Dot disclosed:

1.   That Green Dot's "product mix trend" was moving away from legacy pre-paid cards toward newer digital banking accounts. (Complaint ¶¶ 41, 43, 47, 49, 51, 54, 57, 60, 62).

- 9 -

2.    That the "growth rate of Green Dot's legacy, high-margin prepaid card business was declining." *Id.* ¶¶ 39, 43, 47, 49, 54, 57, 60, 62.

3.    That "direct-deposit accounts were not generating the high-margin card fees of legacy prepaid accounts." *Id.* ¶¶ 41, 43, 47, 49, 54, 57, 60.

4.    That "the per-unit economics of Green Dot's active accounts was part of a product-mix trend that was reversing card-revenue-and-fee-growth." *Id.* ¶¶ 41, 43, 47, 49, 51, 54, 57, 60, 62.

These disclosures are more fully detailed in the Proposed Motion and its Exhibit DD, which highlights in red the allegations that Defendants did disclose and therefore should be dismissed, and highlights in yellow those not resolved by the Proposed Motion (whether or not otherwise actionable).

The case would then proceed based only on the few alleged omissions highlighted in yellow, which alleged omissions are both more narrow and targeted. The parties could focus their attention on those more limited issues rather than wasting time disputing issues for which there is no longer any genuine issue of material fact. This sea change in the scope of the case would narrow discovery, focus any motions that are filed with the Court, streamline the trial, and facilitate settlement negotiations. Put another way, by allowing the parties to spend a modest amount of time addressing the Proposed Motion now, the Court likely saves the parties and the Court substantial time later as the litigation proceeds. *See, e.g.*, *Hoffman*, 593 F.3d at 911 ("Consequently, allowing a party to file a second motion for summary judgment is logical, and it fosters the 'just, speedy, and inexpensive' resolution of suits.") (quoting Fed. R. Civ. P. 1); *Reserve Media, Inc. v. Efficient Frontiers, Inc.*, No. 2:15-cv-05072-DDP-AGR, ECF No. 237 at 5 (C.D. Cal. Nov. 29, 2016) (granting motion for leave to file successive summary judgment motion "in the interest of preserving judicial resources and narrowing issues for trial") (attached as Exhibit 15 to the Scott Declaration).

DEFENDANTS' MEM ISO MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT

## IV.   CONCLUSION

For these reasons, Defendants respectfully request that the Court grant this motion and allow Defendants to file the Proposed Motion without prejudice to their ability to file a later motion for summary judgment addressing distinct legal issues after the conclusion of discovery.

Dated: April 25, 2025                    **ORRICK, HERRINGTON & SUTCLIFFE LLP**
                                         JAMES N. KRAMER
                                         ALEXANDER K. TALARIDES
                                         M. TODD SCOTT


                                         */s/ M. Todd Scott*
                                         M. TODD SCOTT
                                         The Orrick Building
                                         405 Howard Street
                                         San Francisco, CA 94105-2669
                                         Telephone: 415-773-5700
                                         Facsimile: 415-773-5957

                                         -      and   -

                                         **GLASER WEIL FINK HOWARD
                                         JORDAN & SHAPIRO LLP**
                                         RICHARD E. GOTTLIEB
                                         EMIL PETROSSIAN
                                         AYAD MATHEWS
                                         10250 Constellation Boulevard, 19th Floor
                                         Los Angeles, California 90067
                                         Telephone: (310) 553-3000
                                         Facsimile: (310) 556-2920

                                         *Attorneys for Defendants*

- 11 -

DEFENDANTS' MEM ISO MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT