JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
M. TODD SCOTT (SBN 226885)
tscott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105
Telephone:  (415) 773-5700
Facsimile:   (415) 773-5759

RICHARD E. GOTTLIEB (SBN 289370)
rgottlieb@glaserweil.com
EMIL PETROSSIAN (SBN 264222)
epetrossian@glaserweil.com
AYAD MATHEWS (SBN 339785)
amathews@glaserweil.com
GLASER WEIL FINK HOWARD
      JORDAN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| IN RE GREEN DOT CORPORATION SECURITIES LITIGATION | Case No. 2:19-cv-10701-DDP-E |
|---|---|
| | <u>CLASS ACTION</u> |
| | **DECLARATION OF M. TODD SCOTT IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| | **VOLUME 1 OF 4 (EXHIBITS 1-11)** |
| | Judge: Honorable Dean D. Pregerson |

DECLARATION OF M. TODD SCOTT IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE

I, M. Todd Scott, declare as follows:

1. I am an attorney duly licensed to practice the courts of the State of California. I am a Partner at Orrick, Herrington & Sutcliffe LLP, co-counsel of record for Defendants Green Dot Corporation ("Green Dot"), Steven W. Streit, and Mark Shifke ("Defendants")[1] in the above-captioned litigation. I submit this declaration in support of Defendants' Motion for Leave to File a Motion for Partial Summary Judgment.

2. I have personal knowledge of the facts stated in this declaration. If called as a witness, I could and would testify competently to each fact.

3. At the July 15, 2024 case management hearing, this Court instructed the Parties to collaborate in good faith to narrow the scope of discovery where possible.

4. To that end, Defendants sent Plaintiffs a proposal on November 4, 2024, which sought to streamline the discovery process by reducing the burden and high costs associated with reviewing and producing hundreds of thousands of documents that are immaterial to what is truly in dispute. Defendants proposed generating a detailed list (1) by Plaintiffs, of the statements that are allegedly misleading by omission, and why; (2) by Defendants, of their disclosure of the allegedly omitted information; and (3) of those areas where the parties may agree. A true and correct copy of the email containing that proposal is attached hereto as **Exhibit 1**.

5. Plaintiffs rejected Defendants' proposal by letter dated November 22, 2024. A true and correct copy of that letter, with its attachments omitted, is attached hereto as **Exhibit 2**.

6. Defendants then served Plaintiffs with a First Set of Requests for Admission ("RFAs") on January 10, 2025, requesting that Plaintiffs admit the reality of what Green Dot disclosed in its Securities and Exchange Commission ("SEC") filings and in its earnings calls, as well as what market analysts reported about Green

---

[1] Defendants, together with Plaintiffs New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund and Teamsters Local Union No. 727 Pension Fund (collectively, "Plaintiffs"), are referred to herein as the "Parties."

- 1 -

Dot's business as a result of those SEC filings and earnings calls. A true and correct copy of Defendants' RFAs (without exhibits) is attached hereto as **Exhibit 3**. This is the same document as Exhibit BB to the Talarides Declaration (*see* Paragraph 17 herein).

7.      Plaintiffs responded to the RFAs on February 10, 2025. A true and correct copy of Plaintiffs' Plaintiffs' Responses and Objections to Defendant Green Dot Corporation's Requests for Admission to Plaintiffs, Set One is attached hereto as **Exhibit 4**. This is the same document as Exhibit CC to the Talarides Declaration (*see* Paragraph 17 herein).

8.      Because Plaintiffs' responses to the RFAs admitted the reality of Green Dot's disclosures and demonstrated that the vast majority of the operative complaint's omission allegations were untrue, Defense counsel sent Plaintiffs' counsel a second correspondence on February 20, 2025, inviting Plaintiffs to acknowledge where the allegedly omitted information was in fact disclosed and narrow the scope of discovery accordingly. Alternatively, Defendants proposed that Plaintiffs stipulate to allow Defendants to file a focused motion for summary judgment on the limited issue of disclosure, without prejudice to Defendants ability to later file a motion for summary judgment on the substantive merits of Plaintiffs' claims. A true and correct copy of the February 20, 2025 correspondence is attached hereto as **Exhibit 5**.

9.      On February 25, 2025, Plaintiffs' counsel wrote Defense counsel an email, indicating that Plaintiffs did not understand the February 20, 2025 correspondence and wanted to discuss it before providing a response. Counsel scheduled a meet-and-confer for March 4, 2025. A true and correct copy of the email chain is attached hereto as **Exhibit 6**.

10.      During the meet and confer on March 4, 2025, Defense counsel explained that Defendants are seeking to determine whether Plaintiffs would enter into a process whereby the Parties would take a "red pen" and strike omission allegations from the operative complaint where the allegedly omitted information was in fact disclosed in

- 2 -

Green Dot's disclosures, which Plaintiffs have since admitted in responses to the RFAs, in order to narrow the scope of discovery.

11.    Plaintiffs' counsel declined the proposal, indicating that Defendants are in essence asking Plaintiffs to grant summary judgment against themselves. Plaintiffs' counsel stated that Plaintiff would respond to the February 20, 2025 correspondence in writing.

12.    On March 7, 2025, Plaintiffs sent Defendants their written response. A true and correct copy of that letter is attached hereto as **Exhibit 7**. Among other things, the letter claimed that "Defendants' counsel conceded during our March 4, 2025 meet-and-confer call [that] their motion for partial summary judgment 'wouldn't knock out' or 'undercut the meat of Plaintiffs' case.'"  That assertion, however, was only half right – defense counsel had said that the proposed motion would not entirely eliminate ("knock out") the case, but did not say that that motion would fail to "undercut the meat of Plaintiffs' case."  The entire point of the proposed motion, from the Defendants' perspective, is that it would significantly curtail the scope of the case.

13.    Defense counsel responded by email dated March 10, 2025. Because Defense counsel did not say what Plaintiffs claimed they said, Defense counsel corrected Plaintiffs, writing that "[w]e disagree that anyone from our team said the proposed motion for summary judgment wouldn't 'undercut the meat' of [Plaintiffs'] case," and emphasized that Defendants in fact believed that "the motion will eliminate Plaintiffs' core allegation, which is that Green Dot failed to disclose its changing product mix and the economics of its newer digital banking accounts."  In that same email, Defense counsel once more invited Plaintiffs' counsel to meet and confer further before Defendants initiated motion practice.

14.    On March 11, 2025, Plaintiffs' counsel wrote back stating that there was more to discuss and claimed that Defendants did not specify the alleged misstatements that they believed should be dismissed. On March 12, 2025, Defense counsel responded indicating that Defendants' February 20, 2025 correspondence did in fact

- 3 -

DECLARATION OF M. TODD SCOTT IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE

detail the types of omission allegations that should be eliminated from the case. Counsel then scheduled another meet-and-confer call for March 17, 2025. A true and correct copy of the e-mail exchange between Defense counsel and Plaintiffs' counsel from March 7 through March 17, 2025 is attached hereto as **Exhibit 8**.

15.    During the March 17, 2025 meet and confer call, Plaintiffs' counsel ignored their obligation under Central District Local Civil Rule 7-3 to engage in good faith discussions, and instead called me a "liar" for the miscommunication that occurred on the March 4, 2025 call, and refused to meet and confer even though I repeatedly offered to give Plaintiffs' counsel a fulsome, detailed explanation of what Defendants intended to argue in their forthcoming motion for partial summary judgment. Rejecting my repeated offer to detail our proposed motion, Plaintiffs' counsel instead insisted that Defendants provide Plaintiffs with a ***written*** description of what the motion would cover, claiming that Defense counsel's credibility was "shot" and thus we could not be trusted to deliver the information orally. I explained several times that no one had said that the motion would not "undercut the meat" of the case and that I was ready to proceed to address the substance of the proposed motion, but Plaintiffs' counsel refused.

16.    Following the meet-and-confer on March 17, 2025, Plaintiffs' counsel and Defense counsel engaged in a series of email exchanges where Defense counsel continued to offer to meet and confer regarding the proposed motion for partial summary judgment, but Plaintiffs refused, instead continuing to insist that we provide details about the motion in writing. A true and correct copy of those emails is also included in **Exhibit 8** attached hereto.

17.    Attached hereto are the following documents that Defendants will file if the Motion for Leave is granted:

- **Exhibit 9** is the Memorandum of Points and Authorities in Support of Defendants' Motion for Partial Summary Judgment.

- 4 -

DECLARATION OF M. TODD SCOTT IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE

- **Exhibit 10** is the Statement of Uncontroverted Facts in Support of Defendants' Motion for Partial Summary Judgment.

- **Exhibit 11** is the Request for Judicial Notice in Support of Defendants' Motion for Partial Summary Judgment.

- **Exhibit 12** is the Declaration of Alexander K. Talarides in Support of Defendants' Motion for Partial Summary Judgment (including its Exhibits A-DD, which are identified in that Declaration).

- **Exhibit 13** is the [Proposed] Order Granting Defendants' Motion for Partial Summary Judgment.

18. As of the date of this Declaration, Defendants have produced approximately 615,000 documents in this case, with many thousands more still in the discovery pipeline. Plaintiffs have produced twenty-six (26) documents.

19. Attached as **Exhibit 14** is a true and correct copy of the Court's Minute Order in *Stoyas v. Toshiba Corp.,* No. 2:15-cv-04194-DDP, ECF No. 264 (C.D. Cal. Jan. 22, 2024), granting the defendant leave to file second partial summary judgment motion in a Section 10(b) securities class action.

20. Attached as **Exhibit 15** is a true and correct copy of the Court's Order in *Reserve Media, Inc. v. Efficient Frontiers, Inc.*, No. 2:15-cv-05072-DDP-AGR, ECF No. 237 (C.D. Cal. Nov. 29, 2016), granting a motion for leave to file a successive summary judgment motion "in the interest of preserving judicial resources and narrowing issues for trial."

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 25, 2025, at San Francisco, California.

*/s/ M. Todd Scott*
M. TODD SCOTT

- 5 -

DECLARATION OF M. TODD SCOTT IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE