# EXHIBIT 1

 **Outlook**

---

### Green Dot Information Exchange Proposal

---

**From**  Miller, Adam <adam.miller@orrick.com>

**Date**  Mon 11/4/2024 11:17 AM

**To**  Christopher Kinnon <CKinnon@rgrdlaw.com>; Rachel Braby <RBraby@rgrdlaw.com>; Rachel Jensen <RachelJ@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jack Kelley <JKelley@rgrdlaw.com>

**Cc**  Kramer, James N. <jkramer@orrick.com>; Talarides, Alex <atalarides@orrick.com>; Scott, M. Todd <tscott@orrick.com>; McCafferty, Molly <mmccafferty@orrick.com>; Richard Gottlieb <rgottlieb@glaserweil.com>; Emil Petrossian <epetrossian@glaserweil.com>; Ayad Mathews <amathews@glaserweil.com>

All: we write to suggest an informal exchange of information that we believe could meaningfully streamline this litigation and expedite resolution.

Plaintiff's amended complaint ("AC") alleges that Defendants' statements were misleading by omission. AC ¶¶ 39, 41, 47, 49, 51-52, 54-56, 58, 60, 62. As we argued in our motion to dismiss, Defendants maintain the allegedly omitted information was in fact disclosed. After further reviewing Plaintiff's allegations and Green Dot's public disclosures, we believe there are finite and easily identifiable core areas of agreement (and disagreement) about what was disclosed in Green Dot's public filings, and that the parties should work together to draft a stipulation of facts that will focus discovery on those issues and the case more generally. Undoubtedly, both the Court and our clients will appreciate the good faith effort to narrow the litigation.

With this in mind, we make the following proposal for your consideration and comment:

Consistent with the tools available in federal discovery, we propose the parties agree to collaborate on generating a detailed list (i) by Plaintiff, of the statements that are allegedly misleading by omission, and why; (ii) by Defendants, of their disclosure of the allegedly omitted information; and (iii) most critically, of those areas where the parties may agree. We believe the parties could rely on this list to materially narrow the issues for discovery, summary judgment, and (if necessary) trial.  We anticipate that each side may assert or otherwise wish to preserve objections, but both sides would each agree nonetheless to provide substantive answers notwithstanding those objections.

We stress that the procedure outlined above is not intended to avoid any discovery obligations, but rather to enhance the discovery process. Even if Plaintiffs accept our proposal (or some modified form of the same), both sides would continue to produce documents and other discovery responses in accordance with the pretrial schedule and their respective obligations under the Federal Rules of Civil Procedure. That said, we think that this procedure will expedite discovery by narrowing the issues requiring additional discovery, and ultimately result in a more efficient and expedited resolution of this dispute.

Could we set up a call to discuss our proposal?  Thank you.

**Adam Miller**
Senior Counsel
Orrick
Washington, DC
T +1 202-349-7958

adam.miller@orrick.com

