# EXHIBIT 2

**Robbins Geller
Rudman & Dowd** LLP

| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Christopher R. Kinnon
ckinnon@rgrdlaw.com

November 22, 2024

<u>VIA EMAIL</u>

Adam Miller
Orrick, Herrington & Sutcliffe LLP
Adam.miller@orrick.com

       Re:    *In re Green Dot Corp. Sec. Litig.*, No. 2:19-cv-10701-DDP-E (C.D. Cal.)

Dear Adam:

I write concerning your November 4, 2024 email and outstanding discovery issues. As you know, Judge Pregerson denied Defendants' motion to dismiss in its entirety over seven months ago, allowing all of Plaintiffs' claims against Green Dot to proceed. Accordingly, Plaintiffs have sought discovery concerning all of the Complaint's allegations. Plaintiffs will not agree to engage in the burdensome and unreasonable "narrowing" exercise Defendants proposed on November 4, 2024, which would improperly limit the scope of Plaintiffs' discovery, and has no basis in the Federal Rules, the Local Rules, or the law. Defendants will have an opportunity to try to narrow Plaintiffs' allegations at summary judgement. Until then, Defendants' efforts are better focused on satisfying their current and outstanding discovery obligations, summarized below, not re-litigating the motion to dismiss.

## I.    SEARCH TERMS AND CUSTODIANS

**<u>Search Terms</u>**

Plaintiffs sent Defendants detailed search terms nearly two months ago, on September 17, 2024. Since then, Defendants have not objected to any of those search terms, proposed alternate or narrowed search terms, provided hit reports for Plaintiffs' proposed search terms, or made any other effort to show that applying the proposed search terms would be unduly burdensome.[1] Having

---

[1] Rather than act forthrightly, Defendants concealed their position for advantage by disclosing for the first time in its papers to the Court concerning Plaintiffs' unrelated motion to compel documents and information Defendants are improperly withholding on the basis of the Federal Reserve's purported privilege that "Plaintiffs' proposed search terms yielded more than 2.2 million search term hits." ECF 134 at 26.

655 West Broadway, Suite 1900   San Diego, CA 92101   Tel 619-231-1058   Fax 619-231-7423   rgrdlaw.com

**Robbins Geller
Rudman & Dowd** LLP

Adam Miller
Orrick, Herrington & Sutcliffe LLP
November 22, 2024
Page 2

posed no objections to Plaintiffs' proposed search terms, Defendants should have already produced documents for at least as to the approximately 27 custodians Defendants have identified as possessing relevant information in this case.  And for the reasons below (*see* "Custodians"), Defendants should also run these undisputed search terms over the additional custodians Plaintiffs propose and produce responsive documents.

## Custodians

Plaintiffs also sent Defendants a proposed custodian list nearly two months ago, on September 17, 2024.  Plaintiffs then sent a revised custodian list further narrowing the proposed custodians nearly a month ago, on October 15, 2024.  On October 17, 2024, Plaintiffs asked Defendants to provide information for each custodian proposed by both Plaintiffs and Defendants, including each custodian's job title, job description, and duties (including any committees BOD members were on), employment dates, resumes, and reporting information within the Company. Although Defendants have asserted without support that the additional custodians Plaintiffs seek are unnecessary, and have produced some of this information piecemeal, Defendants have not provided Plaintiffs with all the information sought and required to evaluate this argument – especially not in a usable form – pointing instead to lengthy spreadsheets and documents.  This is inadequate.

Without this information in a usable form, Plaintiffs simply cannot evaluate Defendants' assertion that the additional custodians Plaintiffs seek are unnecessary or that Defendants' proposed custodians are adequate or even appropriate.  Indeed, Defendants' proposed custodian list is demonstrably flawed.  For example, at least one of Defendants' proposed custodians was not even a Green Dot employee during the Class Period (Daniel Eckert).  Defendants' failure to support their position that Plaintiffs' proposed additional custodians are unnecessary, along with Defendants' deficient proposed custodian list, underscores Plaintiffs' need for the additional custodians.

Moreover, all of Plaintiffs' additional custodians are likely to possess highly relevant and responsive information.  Using information Plaintiffs gathered from public sources and with little help from Defendants, Plaintiffs' attached Exhibit 1 helps illustrate why the additional custodians are reasonable and necessary.  *See* Exhibit 1.  This list includes three additional custodians beyond Plaintiffs' October 15, 2024 list, based on the recent production from ICR, which Defendants possessed but delayed producing for over a month.  *Id.*

Given the above, and Defendants' lack of transparency, Plaintiffs' request for the additional custodians is reasonable and necessary, especially given the relevance Exhibit 1 establishes.  As the resisting party, Defendants now have "'the burden to show discovery should not be allowed, and ha[ve] the burden of clarifying, explaining, and supporting its objections.'"  *See In re Dockers Roundtrip Airfare Promotion Sales Pracs. Litig.*, 2010 WL 11515318, at *2 (C.D. Cal. Aug. 1, 2010) (citation omitted) ("'Under the liberal discovery principles of the Federal Rules defendants

4882-2992-1271.v1

**Robbins Geller Rudman & Dowd** LLP

Adam Miller
Orrick, Herrington & Sutcliffe LLP
November 22, 2024
Page 3

were required to carry a heavy burden of showing why discovery was denied.'") (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

Because of Defendants' incessant delays, Plaintiffs' custodian list is provisional, and Plaintiffs reserve all rights to seek additional custodians in a motion to compel, based on Plaintiffs' review of documents Defendants subsequently produce, including documents already produced to the Federal Reserve, the Department of Justice, and the Consumer Financial Protection Board.

Please agree to Plaintiffs' proposed custodian list or provide all bases for Defendants' objections to Plaintiffs' proposed custodians by December 6, 2024, including all the information Plaintiffs sought on October 17, 2024 (in a usable format) for each custodian proposed by Plaintiffs and Defendants.

## II.    DISCOVERY THAT DOES NOT REQUIRE SEARCH TERMS

On various meet-and-confer calls in September and October 2024, and in Plaintiffs' September 17, 2024 search terms proposal, Plaintiffs explained (and Defendants did not disagree) that numerous of Plaintiffs' Requests for Production ("RFPs") did not require search terms. For example, at least some documents responsive to Plaintiffs' RFPs 2-3, 19, 25, and 34 should be produced without search terms (although Defendants should also produce documents that hit on Plaintiffs' proposed search terms for these requests), and Plaintiffs' RFPs 32, 35, and 40-46 require no search terms for Defendants to begin producing documents, as Defendants should have done months ago after numerous related discussions of Plaintiffs' RFPs.

Yet Defendants have produced few of these documents. That Defendants have produced a scant 240 documents or so to date demonstrates that Defendants can and should produce all materials that do not require search terms immediately (at minimum using general Green Dot files and the 27 custodial files Defendants identified months ago as possessing responsive information, while the parties negotiate and/or litigate the additional custodians Plaintiffs' seek).

Regards,

CHRISTOPHER R. KINNON

CRK:mmh
Attachment

4882-2992-1271.v1