# EXHIBIT 5



February 20, 2025

*Via Email*

Christopher Kinnon
Robbins Geller Rudman & Dowd LLP
ckinnon@rgrdlaw.com

Re:    *In re Green Dot Corporation Securities Litigation*

Dear Chris:

We write to follow up on my email of November 4, 2024, which asked if Plaintiffs would help narrow the scope of discovery in this case by admitting the reality of Green Dot's Class Period SEC filings. As you know, the Amended Complaint (the "Complaint" or "Compl.") alleges that Defendants omitted certain information from their public disclosures, but Green Dot's filings prove that the allegedly omitted information was in fact disclosed. Defendants raised this issue in their motion to dismiss, but the Court disagreed with the manner in which Defendants sought judicial notice of Green Dot's SEC filings, and did not consider the filings when ruling on the motion. Nevertheless, Green Dot's filings say what they say, and show that many of the Complaint's omission allegations are simply incorrect—the allegedly omitted information was in fact disclosed.

Plaintiffs' Responses to Green Dot's Requests for Admission, Set One (the "RFAs"), plainly admit as much, and demonstrate that many of the Complaint's allegations are wrong.[1] For example, the Complaint repeatedly alleges that Defendants omitted to disclose that Green Dot's "product mix trend" was moving away from legacy pre-paid cards toward newer direct deposit and e-banking accounts, *see* Compl. ¶¶ 41, 43, 47, 49, 51, 54, 57, 60, 62, but Plaintiffs' responses to the RFAs admit, as they must, that Green Dot repeatedly disclosed its changing product mix before the Class Period began, *see* responses to RFAs Nos. 3, 5-11, and throughout the Class Period, *see* responses to RFAs Nos. 29, 32-34, **and** that market analysts understood and acknowledged that Green Dot's product mix was changing, *see* responses to RFAs Nos. 1, 4**,** 15-16, 18-25.

Likewise, the Complaint alleges Defendants omitted to disclose that Green Dot's "direct-deposit accounts were not generating the high-margin card fees of legacy prepaid accounts," Compl. ¶¶ 41, 49, 54, 57, but Plaintiffs' RFA responses admit that Green Dot disclosed that obvious point before the start of the Class Period, *see* responses to RFA Nos. 2, 14, and during the Class Period, *see* responses to RFA Nos. 26, 38-40, **and** that market analysts understood and acknowledged that Green Dot's digital products did not have the same high margins as pre-paid cash cards, *see* response to RFA No. 3.

As a third example, the Complaint alleges that Defendants "obfuscated [Green Dots'] account and fee losses by intentionally conflating active accounts, high-fee legacy prepaid accounts, low- to no-fee direct

---

[1] We believe Plaintiffs' admissions also impact the merits and breadth of the class; we will raise those issues separately.

**Orrick, Herrington & Sutcliffe LLP**
2100 Pennsylvania Avenue NW
Washington, DC 20037-3202

+1 202 339 8400
**orrick.com**

**Adam Miller**

**E** adam.miller@orrick.com
**D** +1 202 349 7958
**F** +1 202 339 8500



Christopher Kinnon
February 20, 2025
Page 2

deposit accounts, and low-to no-fee BaaS accounts," Compl. ¶ 36, but the RFA responses admit, as they must, that Green Dot's public filings defined "active accounts" to include "any bank account" within Green Dot ,"including "prepaid card accounts, demand deposit or 'checking' accounts, and credit card accounts," response to RFA No. 29, which is to say there was no "obfuscation."

There are other alleged omissions that are similarly disproven by the plain language of Green Dot's SEC filings, and, as in the November 4 email, we ask that Plaintiffs commit to a good faith process to acknowledge where the allegedly omitted information was in fact disclosed, and thereby narrow the scope of discovery to the issues actually in dispute. As you will recall, Judge Pregerson admonished the parties to work in good faith to narrow the scope of discovery where they can, and we believe these issues can be quickly and easily resolved in a way that will spare judicial and party resources.

Please let us know by Wednesday, February 26, 2025 whether Plaintiffs will agree to limit the scope of discovery in this way, or, if not, whether you will stipulate to allow Defendants to file a focused motion for summary judgment on this limited disclosure issue without prejudice to our ability to file a later motion for summary judgment on the substantive merits of your claims.  Thank you.

Sincerely,

Adam Miller