# EXHIBIT 7

**Robbins Geller Rudman & Dowd LLP**

| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Christopher R. Kinnon
ckinnon@rgrdlaw.com

March 7, 2025

<u>VIA EMAIL</u>
<u>adam.miller@orrick.com</u>

Adam Miller
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue, NW
Washington, D.C.  20037

Re:    *In re Green Dot Corp. Securities Litigation*,
No. 2:19-cv-10701-DDP-E (C.D. Cal.)

Dear Adam:

I write in response to your February 20, 2025 letter.  As Plaintiffs already explained in our November 22, 2024 response to Defendants' previous (and similarly unusual) request that Plaintiffs abandon some of the Complaint's well-pleaded misstatements and omissions, all of which had survived Defendants' motion to dismiss: Defendants' most recent request for essentially the same concessions, *once again*, has no basis in fact and is unsupported by the Federal Rules of Civil Procedure, the Local Rules, or the law governing the action.

As you are aware, after our November 22, 2024 letter, the Parties spent months negotiating custodians and search terms.  Plaintiffs have diligently endeavored to reduce the number of custodians and limit the proposed search terms—all in the interest of narrowing the scope of discovery in the case.  During these negotiations, Defendants have neither objected that Plaintiffs are seeking discovery on purportedly non-actionable misstatements—nor could they given that Judge Pregerson upheld each misstatement alleged in the Complaint—nor claimed that discovery on those misstatements was unduly burdensome.

As you are also aware, in January 2025, Plaintiffs agreed to extend certain Court-ordered discovery dates that Defendants would otherwise have missed, including the substantial completion of discovery deadline of January 15, 2025.  The Parties then stipulated to a revised case schedule, which extended the discovery cutoff and set June 2026 as the due date for filing summary judgment motions—five months after the close of fact discovery.  Judge Pregerson adopted the Parties' revised and stipulated schedule.  ECF 148.

4910-1630-6213.v1

655 West Broadway, Suite 1900    San Diego, CA  92101    Tel 619-231-1058    Fax 619-231-7423    rgrdlaw.com

**Robbins Geller
Rudman & Dowd** LLP

Adam Miller
ORRICK, HERRINGTON & SUTCLIFFE LLP
March 7, 2025
Page 2

Now, barely a month after negotiating that schedule, Defendants again ask Plaintiffs either to voluntarily dismiss certain actionable misstatements and omissions or, alternatively, to stipulate to allow Defendants to seek early *partial* summary judgment.

As Defendants admitted during the Parties' recent meet-and-confer call on March 4, 2025, they are asking Plaintiffs to grant Defendants partial summary judgment as to certain well-pleaded allegations that have survived a motion to dismiss, on just Defendants' *ipse dixit*.  As we explained on that call, and for all the following reasons, Plaintiffs cannot agree to these improper requests.

*First*, Plaintiffs' Responses and Objections ("Plaintiffs' Responses") to Defendant Green Dot's unusually extensive and burdensome Requests for Admission ("RFAs") in no way undermine the Complaint's allegations.    Defendants assert—without referencing a specific alleged misstatement in the Complaint—that Plaintiffs' Responses to Defendants' 163 RFAs "demonstrate that many of the Complaint's allegations are wrong."  February 20, 2025 Letter from Adam Miller ("February Letter") at 1.  But "requests for admission do not provide a party a vehicle to establish disputed facts."  *Owens v. Degazio*, 2019 WL 4929812, at *5 (E.D. Cal. Oct. 7, 2019).  And, as Judge Pregerson held, Plaintiffs have adequately pleaded with particularity facts sufficient for a *trier of fact* to find Defendants' statements and omissions misleading.  ECF 102 at 10.

Moreover, Plaintiffs' Responses do not admit the adequacy of any purported disclosure(s). Plaintiffs objected, generally and specifically, to every one of Defendants' mischaracterizations of Defendants' statements as purported disclosures.[1]  The only thing Plaintiffs' Responses "plainly admit" (February Letter at 1) is that the words in Defendants' RFAs appear, among others, in the sources referenced.[2]  Defendants, therefore, cannot carry their "heavy burden of proof" to show that these statements "'"effectively counterbalance any misleading impression created by insider's one-sided representations."'"  *Provenz v. Miller*, 102 F.3d 1478, 1492-93 (9th Cir. 1996) (Pregerson, J.) (denying summary judgment based on truth-on-the-market defense that relied on analyst reports) (citations omitted).  We do note that it is peculiar how many RFAs appear to implicitly rely upon analysts' impressions and analysts' hearsay (attributed to apparently non-market communications

---

[1]    *See* Plaintiffs' Responses at 3; *e.g.*, Plaintiffs' Response Nos. 2-3, 5-6, 10, 26, 29-30, 39, 72-74, 76-77, 96-98, 112-114, 134-136, 147-149, 160-161  ("Plaintiffs also object that the term 'disclosed' is undefined, vague, ambiguous, overbroad, and calls for a legal conclusion.").

[2]    *See* Plaintiffs' Responses at 3 ("By admitting any such Request that refers to outside documents, Plaintiffs only confirm that the words that Defendants cite in their Requests appear therein . . . .").

**Robbins Geller
Rudman & Dowd** LLP

Adam Miller
ORRICK, HERRINGTON & SUTCLIFFE LLP
March 7, 2025
Page 3

by management) to try to "explain away" management's own active misstatements, half-truths, and omissions to the market generally, including to Plaintiffs.

*Second*, as Judge Pregerson previously held, the truth-on-the-market defense is ultimately a fact-specific question for the jury to decide. *See* ECF 102 at 9. ("'whether a public statement is misleading, or whether adverse facts are adequately disclosed is a mixed question *to be decided by the trier of fact*'") (citing *Fecht v. Price Co.*, 70 F.3d 1078, 1081 (9th Cir. 1995)).

*Third*, Defendants improperly seek to cut discovery short and bypass the Parties' stipulated and Court-ordered scheduling order. This would prevent Plaintiffs from developing the factual record fully and deprive them of the ability to probe Defendants' truth-on-the-market defenses. Thus, Plaintiffs intend to rely upon Federal Rule of Civil Procedure 56(d) (under prior law, Federal Rule of Civil Procedure 56(f)) to postpone responsive briefing on your motion. As Judge Pregerson has held, "When 'a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely.'" *F.D.I.C. v. Faigin*, 2014 WL 2465145, at *2 (C.D. Cal. June 2, 2014) (citing *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 773 (9th Cir. 2003)).

Here, Plaintiffs propounded discovery requests back in July 2024 concerning Defendants' alleged misstatements during the Class Period. But due to Defendants' delays, that discovery is now just beginning. Indeed, Defendants' document production is not due to be substantially completed until April 11, and the discovery cut-off is not until January 30, 2026. ECF 148 at 2. Accordingly, Plaintiffs have not been able to take a single deposition and will not be able to do so for many months. Defendants' alleged omissions and disclosures will also be the subject of expert opinion. And expert discovery will not begin for approximately one year and will not be completed until nearly June 2026. *Id.* Indeed, Plaintiffs lacked sufficient information to answer all of Defendants' RFAs.[3]

*Fourth*, per §IV. Law and Motion of Judge Pregerson's "Judge's Procedures," "[t]he court will allow only one motion for summary judgment per party, absent leave of the court." *See* Judge's Procedures, https://www.cacd.uscourts.gov/honorable-dean-d-pregerson. If Defendants decide to file an early motion for partial summary judgment (particularly given the burden on

---

[3]    *See* Plaintiffs' Response Nos. 12-13, 17, 27-28, 31, 52-53, 72-73, 86, 96-97, 110, 112-113, 134-135, 145-148, 160-162 ("Subject to and without waiving the foregoing objections, Plaintiffs neither admit nor deny. Plaintiffs lack sufficient information at this time to answer this Request.").

4910-1630-6213.v1

**Robbins Geller**
**Rudman & Dowd** LLP

Adam Miller
ORRICK, HERRINGTON & SUTCLIFFE LLP
March 7, 2025
Page 4

Plaintiffs and the Court in what appears to be a thinly disguised motion for reconsideration of the denial of the motion to dismiss), Plaintiffs will ask the Court to treat such motion as Defendants' one and only permitted summary judgment motion and, consistent with the stipulated scheduling order now in place, to permit Plaintiffs to file their brief opposing the motion on the scheduled August 7, 2026 date, after discovery has been completed.

*Fifth*, as noted above, a motion for partial summary judgment now would only impose substantial and unwarranted burden on the Parties and the Court. As Defendants' counsel conceded during our March 4, 2025 meet-and-confer call, their motion for partial summary judgment *"wouldn't knock out"* or *"undercut the meat of Plaintiffs' case."* Thus, Defendants' proposed early partial summary judgment seeks to force the Parties and the Court to brief and adjudicate summary judgment twice, massively increasing everyone's cost and burden with no discernible benefit. Defendants' failure to raise this during the Parties' months-long negotiations over search terms and custodians demonstrates that there is no related discovery burden. Furthermore, even if it was granted, Defendants' motion would not meaningfully reduce discovery because "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).

Therefore, Plaintiffs intend to: (1) oppose any request by Defendants seeking leave to file an early motion for partial summary judgment; (2) in the unlikely event leave for such a motion is granted, ask the Court to enforce its one-summary-judgment-motion-only procedure governing all cases before it; (3) raise Federal Rule of Civil Procedure 56(d) in opposition to the motion; and (4) fully oppose the motion on the merits.

Thank you for giving further thought to this matter before proceeding.

Very truly yours,

CHRISTOPHER R. KINNON

CRK:mmh

4910-1630-6213.v1