# EXHIBIT 8

 Outlook

---

## RE: Green Dot Information Exchange Proposal

---

**From** Scott, M. Todd <tscott@orrick.com>

**Date** Mon 3/17/2025 6:29 PM

**To** Christopher Kinnon <CKinnon@rgrdlaw.com>; Miller, Adam <adam.miller@orrick.com>; Rachel Braby <RBraby@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jack Kelley <JKelley@rgrdlaw.com>; Lea Bays <LBays@rgrdlaw.com>

**Cc** Kramer, James N. <jkramer@orrick.com>; Talarides, Alex <atalarides@orrick.com>; McCafferty, Molly <mmccafferty@orrick.com>; Richard Gottlieb <rgottlieb@glaserweil.com>; Emil Petrossian <epetrossian@glaserweil.com>; Ayad Mathews <amathews@glaserweil.com>

Chris, L.R. 7-3 requires that we meet and confer in person, not over e-mail or in letters. In any event, our February 20, 2025 letter detailed how your omission allegations are false, with reference to Plaintiffs' responses to Defendants' Requests for Admission, which concede the existence of the judicially noticeable SEC filings and earnings call transcripts that prove your omission allegations to be false. You have repeatedly stated that Plaintiffs are not willing to voluntarily narrow the case or discovery on the basis of those SEC filings and earnings call transcripts, but if you would like to meet and confer further on our proposed motion just let us know.

Regards,
Todd

---

**From:** Christopher Kinnon <CKinnon@rgrdlaw.com>
**Sent:** Monday, March 17, 2025 2:02 PM
**To:** Scott, M. Todd <tscott@orrick.com>; Miller, Adam <adam.miller@orrick.com>; Rachel Braby <RBraby@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jack Kelley <JKelley@rgrdlaw.com>; Lea Bays <LBays@rgrdlaw.com>
**Cc:** Kramer, James N. <jkramer@orrick.com>; Talarides, Alex <atalarides@orrick.com>; McCafferty, Molly <mmccafferty@orrick.com>; Richard Gottlieb <rgottlieb@glaserweil.com>; Emil Petrossian <epetrossian@glaserweil.com>; Ayad Mathews <amathews@glaserweil.com>
**Subject:** RE: Green Dot Information Exchange Proposal

[EXTERNAL]

Todd, we've requested written information about your proposal/motion numerous times over the past week or so.  Please provide that before filing so we can evaluate your request that we narrow the case.

Thank you,
Chris

**Christopher Kinnon**

**Robbins Geller Rudman & Dowd LLP**

655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

f in 𝕏 ▶ ⊙

**From:** Scott, M. Todd <tscott@orrick.com>
**Sent:** Monday, March 17, 2025 1:17 PM
**To:** Christopher Kinnon <CKinnon@rgrdlaw.com>; Miller, Adam <adam.miller@orrick.com>; Rachel Braby <RBraby@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jack Kelley <JKelley@rgrdlaw.com>; Lea Bays <LBays@rgrdlaw.com>
**Cc:** Kramer, James N. <jkramer@orrick.com>; Talarides, Alex <atalarides@orrick.com>; McCafferty, Molly <mmccafferty@orrick.com>; Richard Gottlieb <rgottlieb@glaserweil.com>; Emil Petrossian <epetrossian@glaserweil.com>; Ayad Mathews <amathews@glaserweil.com>
**Subject:** RE: Green Dot Information Exchange Proposal

EXTERNAL SENDER
Thanks Chris. We would suggest that insofar as you do not know what was actually said on the call —"'wouldn't knock out' or 'undercut the meat of Plaintiffs' case' (or words that that effect)"—that it speaks to there being a miscommunication, as we have previously communicated. To be clear, on the prior call we stated that our motion would not eliminate your case in its entirety, but it will drastically reduce the scope of your claims.

As I said in my prior email, if you would like to discuss further pursuant to L.R. 7-3 before we file, we are available to do so.

Best,
Todd

**From:** Christopher Kinnon <CKinnon@rgrdlaw.com>
**Sent:** Monday, March 17, 2025 1:05 PM
**To:** Miller, Adam <adam.miller@orrick.com>; Rachel Braby <RBraby@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jack Kelley <JKelley@rgrdlaw.com>; Lea Bays <LBays@rgrdlaw.com>
**Cc:** Kramer, James N. <jkramer@orrick.com>; Talarides, Alex <atalarides@orrick.com>; Scott, M. Todd <tscott@orrick.com>; McCafferty, Molly <mmccafferty@orrick.com>; Richard Gottlieb <rgottlieb@glaserweil.com>; Emil Petrossian <epetrossian@glaserweil.com>; Ayad Mathews <amathews@glaserweil.com>
**Subject:** RE: Green Dot Information Exchange Proposal

[EXTERNAL]

Counsel, we are disappointed that you are refusing to provide us in writing the details we've requested concerning your proposal/upcoming motion, which you apparently had written in an "outline" during our call today. Thus, we don't consider this meet and confer process complete until you send us the written information we sought in my March 11, 2025 email below. As we explained on the call, given that you've denied making the statements we all heard you make on our March 4, 2025 meet and confer call—that your motion for partial summary judgment "wouldn't knock out" or "undercut the meat of Plaintiffs' case" (or words that that effect)— we request that you put the information we've requested in writing.

Thanks also for confirming that if you do file your motion, you'll set a motion date that gives us at least two weeks from the date you file to oppose it.

Thanks,
Chris

**Christopher Kinnon**

655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

---

**From:** Miller, Adam <adam.miller@orrick.com>
**Sent:** Wednesday, March 12, 2025 6:04 PM
**To:** Christopher Kinnon <CKinnon@rgrdlaw.com>; Rachel Braby <RBraby@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jack Kelley <JKelley@rgrdlaw.com>; Lea Bays <LBays@rgrdlaw.com>
**Cc:** Kramer, James N. <jkramer@orrick.com>; Talarides, Alex <atalarides@orrick.com>; Scott, M. Todd <tscott@orrick.com>; McCafferty, Molly <mmccafferty@orrick.com>; Richard Gottlieb <rgottlieb@glaserweil.com>; Emil Petrossian <epetrossian@glaserweil.com>; Ayad Mathews <amathews@glaserweil.com>
**Subject:** RE: Green Dot Information Exchange Proposal

EXTERNAL SENDER
Chris, our Feb. 20 letter did in fact detail the types of omission allegations that we believe should be eliminated from the case. That said, if you would like to have a further discussion about the proposed motion, we are happy to do that. We are available tomorrow at 1:00 PT or Friday at 1:00 PT. If those times don't work, please suggest some other possibilities. Thank you.

---

**From:** Christopher Kinnon <CKinnon@rgrdlaw.com>
**Sent:** Tuesday, March 11, 2025 9:32 PM
**To:** Miller, Adam <adam.miller@orrick.com>; Rachel Braby <RBraby@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jack Kelley <JKelley@rgrdlaw.com>; Lea Bays <LBays@rgrdlaw.com>
**Cc:** Kramer, James N. <jkramer@orrick.com>; Talarides, Alex <atalarides@orrick.com>; Scott, M. Todd <tscott@orrick.com>; McCafferty, Molly <mmccafferty@orrick.com>; Richard Gottlieb <rgottlieb@glaserweil.com>; Emil Petrossian <epetrossian@glaserweil.com>; Ayad Mathews <amathews@glaserweil.com>
**Subject:** RE: Green Dot Information Exchange Proposal

[EXTERNAL]

Adam,

We do think there's more to discuss. What *exactly* do Defendants hope to trim from the action and how will the considerable effort required to do so, even if successful (which we doubt), meaningfully change the nature of the case or the scope of discovery?

You can try to walk back, by oddly outright denying, Scott's clear statements on the meet and confer call that you are not intending to "undercut the meat of plaintiffs' case" (or words to that effect). But he said it, and he was right: The theories of liability Defendants appear to challenge wouldn't touch Plaintiffs' core allegations regarding specific misstatements of present fact about legacy card sales, the product mix *trend*, and the unit economics of new lines of business, which you inaccurately describe as merely failing to disclose a "changing product mix."

*See* ECF 90 at 19 ("Green Dot's true mix-shift was toward less lucrative products, and its unit economics were deteriorating, not improving"). Even the limited and incomplete discovery to date includes numerous internal communications supporting the allegation that Defendants made outright false statements with actual-knowledge, including statements concerning the health and growth of Green Dot's legacy business—a theory you don't, and cannot, challenge by moving for partial summary judgment.

Moreover, Defendants have failed to specify the alleged misstatements that they believe should be dismissed. Thus, we have no idea what Defendants mean when you ask us to "concede the reality of Green Dot's public disclosures" as part of a "compromise." So that we can understand what Defendants are asking for from us, please send a list or chart that contains (1) every specific misstatement you believe we should abandon and (2) a detailed explanation of why you believe those statements are not actionable, including the factual bases for that opinion.

Thanks,
Chris

---

**From:** Miller, Adam <adam.miller@orrick.com>
**Sent:** Monday, March 10, 2025 11:15 AM
**To:** Christopher Kinnon <CKinnon@rgrdlaw.com>; Rachel Braby <RBraby@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jack Kelley <JKelley@rgrdlaw.com>; Lea Bays <LBays@rgrdlaw.com>
**Cc:** Kramer, James N. <jkramer@orrick.com>; Talarides, Alex <atalarides@orrick.com>; Scott, M. Todd <tscott@orrick.com>; McCafferty, Molly <mmccafferty@orrick.com>; Richard Gottlieb <rgottlieb@glaserweil.com>; Emil Petrossian <epetrossian@glaserweil.com>; Ayad Mathews <amathews@glaserweil.com>
**Subject:** RE: Green Dot Information Exchange Proposal

EXTERNAL SENDER
Chris,

We appreciate your letter and your willingness to try and work through these issues in good faith and good humor. We disagree that anyone from our team said the proposed motion for summary judgment wouldn't "undercut the meat" of your case, and to be clear we think the motion will eliminate Plaintiffs' core allegation, which is that Green Dot failed to disclose its changing product mix and the economics of its newer digital banking accounts. Thus, we plan to move forward with a motion for leave to file the motion for partial summary judgment. Do you want to meet and confer any further about it before we do? We continue to think there is room for compromise if you will concede the reality of Green Dot's public disclosures and allow us to focus on the true questions of fact, but we also don't see a need to waste anyone's time if additional discussions would be pointless. Thank you.

**Adam Miller**
Senior Counsel
Orrick
Washington, DC
T +1 202-349-7958
adam.miller@orrick.com



---

**From:** Christopher Kinnon <CKinnon@rgrdlaw.com>
**Sent:** Friday, March 7, 2025 3:14 PM

**To:** Miller, Adam <adam.miller@orrick.com>; Rachel Braby <RBraby@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jack Kelley <JKelley@rgrdlaw.com>; Lea Bays <LBays@rgrdlaw.com>
**Cc:** Kramer, James N. <jkramer@orrick.com>; Talarides, Alex <atalarides@orrick.com>; Scott, M. Todd <tscott@orrick.com>; McCafferty, Molly <mmccafferty@orrick.com>; Richard Gottlieb <rgottlieb@glaserweil.com>; Emil Petrossian <epetrossian@glaserweil.com>; Ayad Mathews <amathews@glaserweil.com>
**Subject:** RE: Green Dot Information Exchange Proposal

[EXTERNAL]

Hi Adam,

Please see the attached letter, which follows up on our call earlier this week and responds to your February 20, 2025 correspondence.

Also, can you please let us know your availability next week to discuss our Feb. 28, 2025 letter? We'd like to wrap up the outstanding discovery loose ends as soon as possible.

Thank you,
Chris

**Christopher Kinnon**



655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

**From:** Miller, Adam <adam.miller@orrick.com>
**Sent:** Thursday, February 20, 2025 6:24 PM
**To:** Christopher Kinnon <CKinnon@rgrdlaw.com>; Rachel Braby <RBraby@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jack Kelley <JKelley@rgrdlaw.com>
**Cc:** Kramer, James N. <jkramer@orrick.com>; Talarides, Alex <atalarides@orrick.com>; Scott, M. Todd <tscott@orrick.com>; McCafferty, Molly <mmccafferty@orrick.com>; Richard Gottlieb <rgottlieb@glaserweil.com>; Emil Petrossian <epetrossian@glaserweil.com>; Ayad Mathews <amathews@glaserweil.com>
**Subject:** RE: Green Dot Information Exchange Proposal

EXTERNAL SENDER
Chris, please see the attached letter, following up on the email below. Thanks.

**From:** Miller, Adam
**Sent:** Monday, November 4, 2024 11:17 AM
**To:** Christopher Kinnon <CKinnon@rgrdlaw.com>; Rachel Braby <RBraby@rgrdlaw.com>; Rachel Jensen <RachelJ@rgrdlaw.com>; Jessica Shinnefield <jshinnefield@rgrdlaw.com>; Megan Rossi <MRossi@rgrdlaw.com>; Jack Kelley <JKelley@rgrdlaw.com>
**Cc:** Kramer, James N. <jkramer@orrick.com>; Talarides, Alex <atalarides@orrick.com>; Scott, M. Todd

Case 2:19-cv-10701-FLA-E   Document 154-8   Filed 04/25/25   Page 7 of 9   Page ID #:3996

<[tscott@orrick.com](mailto:tscott@orrick.com)>; McCafferty, Molly <[mmccafferty@orrick.com](mailto:mmccafferty@orrick.com)>; Richard Gottlieb <[rgottlieb@glaserweil.com](mailto:rgottlieb@glaserweil.com)>; Emil Petrossian <[epetrossian@glaserweil.com](mailto:epetrossian@glaserweil.com)>; Ayad Mathews <[amathews@glaserweil.com](mailto:amathews@glaserweil.com)>

**Subject:** Green Dot Information Exchange Proposal

All: we write to suggest an informal exchange of information that we believe could meaningfully streamline this litigation and expedite resolution.

Plaintiff's amended complaint ("AC") alleges that Defendants' statements were misleading by omission. AC ¶¶ 39, 41, 47, 49, 51-52, 54-56, 58, 60, 62. As we argued in our motion to dismiss, Defendants maintain the allegedly omitted information was in fact disclosed. After further reviewing Plaintiff's allegations and Green Dot's public disclosures, we believe there are finite and easily identifiable core areas of agreement (and disagreement) about what was disclosed in Green Dot's public filings, and that the parties should work together to draft a stipulation of facts that will focus discovery on those issues and the case more generally. Undoubtedly, both the Court and our clients will appreciate the good faith effort to narrow the litigation.

With this in mind, we make the following proposal for your consideration and comment:

Consistent with the tools available in federal discovery, we propose the parties agree to collaborate on generating a detailed list (i) by Plaintiff, of the statements that are allegedly misleading by omission, and why; (ii) by Defendants, of their disclosure of the allegedly omitted information; and (iii) most critically, of those areas where the parties may agree. We believe the parties could rely on this list to materially narrow the issues for discovery, summary judgment, and (if necessary) trial.  We anticipate that each side may assert or otherwise wish to preserve objections, but both sides would each agree nonetheless to provide substantive answers notwithstanding those objections.

We stress that the procedure outlined above is not intended to avoid any discovery obligations, but rather to enhance the discovery process. Even if Plaintiffs accept our proposal (or some modified form of the same), both sides would continue to produce documents and other discovery responses in accordance with the pretrial schedule and their respective obligations under the Federal Rules of Civil Procedure. That said, we think that this procedure will expedite discovery by narrowing the issues requiring additional discovery, and ultimately result in a more efficient and expedited resolution of this dispute.

Could we set up a call to discuss our proposal?  Thank you.

**Adam Miller**
Senior Counsel
Orrick
Washington, DC
T +1 202-349-7958
[adam.miller@orrick.com](mailto:adam.miller@orrick.com)



**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *[http://www.orrick.com](http://www.orrick.com)*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit http://www.orrick.com.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

---

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit http://www.orrick.com.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

---

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit http://www.orrick.com.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and**

**protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.**

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit _http://www.orrick.com_.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.**