# EXHIBIT 11

JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105
Telephone:   (415) 773-5700
Facsimile:    (415) 773-5759

RICHARD E. GOTTLIEB (SBN 289370)
rgottlieb@glaserweil.com
EMIL PETROSSIAN (SBN 264222)
epetrossian@glaserweil.com
AYAD MATHEWS (SBN 339785)
amathews@glaserweil.com
GLASER WEIL FINK HOWARD
     JORDAN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| IN RE GREEN DOT CORPORATION SECURITIES LITIGATION | Case No. 2:19-cv-10701-DDP-E |
| | CLASS ACTION |
| | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| | Judge: Honorable Dean D. Pregerson |

## I.    INTRODUCTION

Defendants[1] respectfully request that the Court take judicial notice of the documents described herein and attached as exhibits ("Exs. A-AA") to the accompanying Declaration of Alexander K. Talarides ("Talarides Declaration") filed in support of Defendants' Motion for Partial Summary Judgment (the "Motion").

As described in Defendants' Motion, the documents at issue are being offered for the sole purpose of establishing that Defendants disclosed certain information to the public in their SEC filings and various quarterly "earnings calls" with stock market analysts.  The mere fact of disclosure, standing alone, contradicts many of the critical allegations underpinning Plaintiffs' Section 10(b) claim.

Defendants note that, as to many of the disclosures at issue, the fact of Defendants' disclosure of the relevant information is also confirmed by Plaintiffs' admissions in response to numerous Rule 36 Requests for Admission ("RFAs"), which form the primary basis for granting partial summary judgment.  As to those disclosures, judicial notice provides a separate and supplemental basis for the admissibility of the disclosures for purposes of the Motion.  However, there are certain statements referenced in the Motion (and which supplement Defendants' showing that they are entitled to summary judgment) that were not the subject of any of the RFAs.  As shown below, the Court may properly take judicial notice of those disclosures.

## II.    DISCUSSION

Federal Rule of Evidence 201 authorizes the Court to take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  A court "must take judicial

---

[1] "Defendants" refers to defendants Green Dot Corporation ("Green Dot" or the "Company") and former executives Steven W. Streit and Mark Shifke. "Plaintiffs" refers to (i) lead plaintiff New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund and (ii) Teamsters Local Union No. 727 Pension Fund.

- 1 -

notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).  Each of the documents described below and attached to the Talarides Declaration is subject to judicial notice and properly considered by the Court in connection with Defendants' Motion for Partial Summary Judgment.

### A.  The Court May Take Judicial Notice of the Contents of SEC Filings.

Defendants' Motion cites statements made by Defendants in nine separate filings Green Dot made with the U.S. Securities and Exchange Commission ("SEC"), all of which are publicly available on the SEC's website.  Defendants ask the Court to take judicial notice only of the fact that the SEC filings contain the referenced statements.  They do not ask the Court to assess the accuracy of the statements, the mental states of the speakers, any reliance on the statements by investors, or anything else.  *United States ex rel. Hong v. Newport Sensors, Inc.*, 728 F. App'x 660, 661 (9th Cir. 2018) (affirming taking of judicial notice of documents "not for the truth of the information contained within [the documents], but merely to show that the information was publicly available" (internal quotation marks omitted)).

Courts routinely take judicial notice of corporate documents publicly filed with the SEC.  *In re New Century*, 588 F. Supp. 2d 1206, 1219 (C.D. Cal. 2008) (Pregerson, J.) ("It is well-established that courts may take judicial notice of SEC filings."); *see also In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019) ("SEC filings are routinely subject to judicial notice."); *Wynn v. Chanos*, 75 F. Supp. 3d 1228, 1235 (N.D. Cal. 2014) ("SEC forms such as a Form 8-K or Form 10-K are matters of public record and may be subject to judicial notice.").  Courts "take[] judicial notice of only of the ***existence and contents*** of the SEC filings, not the truth of information contained in them." *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1062 n.143 (C.D. Cal. 2012) (emphasis added).

REQUEST FOR JUDICIAL NOTICE ISO DEFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Accordingly, Defendants request that the Court take judicial notice of the following SEC filings made by Green Dot.  For each document, the following table indicates its exhibit number and the paragraphs within the accompanying Defendants' Statement of Uncontroverted Facts in Support of Defendants' Motion for Partial Summary Judgment ("SUF") where the document is referenced.[2]

| Talarides Decl. Exhibit | Date of Filing | Description | SUF Paragraphs |
|---|---|---|---|
| E | Nov. 7, 2017 | Form 8-K | 6 |
| H | February 27, 2018 | Form 10-K | 19 |
| K | May 10, 2018 | Form 10-Q | 27, 28, 30 |
| P | August 9, 2018 | Form 10-Q | 37 |
| T | November 8, 2018 | Form 10-Q | 44 |
| W | February 26, 2019 | Form 10-K | 50 |
| Y | May 9, 2019 | Form 10-Q | 27, 50 |
| Z | August 9, 2019 | Form 10-Q | 50 |
| AA | November 7, 2019 | Form 8-K | 49-50 |

### B.    The Court May Take Judicial Notice of the Contents of Earnings Call Transcripts.

Defendants' Motion cites numerous statements made by Defendants during twelve separate quarterly "earnings calls," in which Defendants discussed Green Dot's business with stock market analysts.  Transcripts of the statements made on these calls are customarily prepared by independent parties and are available to the public.  *SEC v. Prakash*, 718 F. Supp. 3d 1098, 1105 (N.D. Cal. 2024) ("The Court takes judicial notice of Exhibit F because transcripts of earnings calls are publicly

---

[2] Some of the documents referenced herein are lengthy.  While the Court may take judicial notice of the existence of the entire document, the Court need not review the entire document for purposes of the Motion.  The accompanying SUF identifies the specific passages of the document that are relevant to the Motion, and those passages are highlighted in the exhibits.

available documents and thus are matters of public record not subject to reasonable dispute."); *In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) ("Energy Recovery's Forms 10-K and transcripts of conference earnings calls are judicially noticeable because they are matters of public record."). Many of the earnings call transcripts at issue here are quoted in Plaintiffs' Amended Complaint and/or were the subject of Rule 36 requests in which Plaintiffs admitted their authenticity (see table below).

As with the SEC filings, Defendants ask the Court to take judicial notice only of the fact that Defendants made certain statements on the earnings calls, as reflected in the transcripts. They do not ask the Court to assess the accuracy of the statements, the mental states of the speakers, any reliance on the statements by investors, or anything else. Courts routinely take judicial notice of earnings call transcripts for this purpose. *Sylebra Cap. Partners Master Fund Ltd v. Everbridge, Inc.*, 2023 WL 3549506, at *1 (C.D. Cal. May 9, 2023) (granting request for judicial notice "the limited purpose that Everbridge and the Individual Defendants made the referenced statements to the market during investor conference calls at the times reflected in the transcripts, but not for the truth of those statements"); *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018) (taking judicial notice of "publicly available transcripts from Mattel's earnings calls and excerpts from its SEC filings").

Accordingly, Defendants request that the Court take judicial notice of the following transcripts of earnings calls held by Green Dot.

| Talarides Decl. Exhibit | Date of Earnings Call | Quoted in Am. Complaint Para. | SUF Paragraphs |
|---|---|---|---|
| A | November 5, 2015 | N/A | 1 |
| B | November 9, 2016 | N/A | 2 |
| C | May 9, 2017 | N/A | 3-4 |
| D | August 8, 2017 | 27 | 5 |

| Talarides Decl. Exhibit | Date of Earnings Call | Quoted in Am. Complaint Para. | SUF Paragraphs |
|---|---|---|---|
| F | November 7, 2017 | 28 | 7-8 |
| G | February 21, 2018 | 18 | 6, 9-18 |
| I | May 9, 2018 | 20, 38, 40, 42 | 20-25, 33 |
| M | May 16, 2018 JP Morgan Conference | 45-46 | 32 |
| O | August 8, 2018 | 48, 50 | 35-36 |
| Q | November 7, 2018 | 53 | 38-39, 40, 42 |
| U | February 20, 2019 | 57 | 45-46 |
| X | May 8, 2019 | 60 | 48 |

### C.   The Court May Take Judicial Notice of the Contents of Analyst Reports.

Defendants' Motion cites six publicly-available reports issued by independent stock market analysts who followed Green Dot's stock.  Plaintiffs admitted to the authenticity of each of these analysts in response to Rule 36 requests, as indicated in the table below.

As with the SEC filings and earnings call transcripts, Defendants ask the Court to take judicial notice only of the existence and contents of the analyst reports. Courts may take judicial notice of analyst reports "when they are submitted to establish whether and when certain information was provided to the market, not the truth of the matters asserted in the reports." *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1023–24 (C.D. Cal. 2008) (quotation marks omitted); *see also Waterford Twp. Police*, 321 F. Supp. 3d at 1144 ("The Court agrees that it would be improper to take judicial notice of these documents for the truth of the matters discussed therein at this stage of the litigation. It is proper to consider whether and when certain information became available to investors, however.").

Accordingly, Defendants request that the Court take judicial notice of the following analyst reports:

- 5 -

| Talarides Decl. Exhibit | Date of Report | Analyst | SUF Paragraphs |
|---|---|---|---|
| J | May 9, 2018 | Deutsche Bank | 26 |
| L | May 10, 2018 | Morgan Stanley | 29 |
| N | July 10, 2018 | Jefferies Group LLC | 34 |
| R | November 7, 2018 | Deutsche Bank | 41 |
| S | November 7, 2018 | William Blair & Co. | 43 |
| V | February 20, 2019 | Cowen & Co. | 47 |

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of the existence and contents of the documents identified herein.

Dated: _____, 2025

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
JAMES N. KRAMER
ALEXANDER K. TALARIDES
M. TODD SCOTT


_____
ALEXANDER K. TALARIDES
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:  415-773-5700
Facsimile:  415-773-5957

-       and     -

**GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP**
RICHARD E. GOTTLIEB
EMIL PETROSSIAN
AYAD MATHEWS
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067

- 6 -

Telephone: (310) 553-3000
Facsimile: (310) 556-2920

*Attorneys for Defendants*

- 7 -