# EXHIBIT 13

JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
M. TODD SCOTT (SBN 226885)
tscott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105
Telephone:  (415) 773-5700
Facsimile:   (415) 773-5759

RICHARD E. GOTTLIEB (SBN 289370)
rgottlieb@glaserweil.com
EMIL PETROSSIAN (SBN 264222)
epetrossian@glaserweil.com
AYAD MATHEWS (SBN 339785)
amathews@glaserweil.com
GLASER WEIL FINK HOWARD
    JORDAN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| IN RE GREEN DOT CORPORATION SECURITIES LITIGATION | Case No. 2:19-cv-10701-DDP-E |
| | CLASS ACTION |
| | **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| | Judge:  Honorable Dean D. Pregerson |

Before the Court is Defendants' Motion for Partial Summary Judgment, filed on _____, 2025 ("Motion"). Having considered the Motion and the accompanying submissions, the opposition papers, the reply papers, and the arguments of counsel, the Court finds that the Motion should be and hereby is GRANTED.

Plaintiffs have alleged that Defendants misled investors by failing to disclose certain significant negative information about Green Dot's business, thereby committing securities fraud in violation of Section 10(b) of the Exchange Act (15 U.S.C. § 78j(b)) and Securities and Exchange Commission Rule 10b–5 (17 C.F.R. § 240.10b–5). Specifically, the Amended Complaint ("AC") alleges that Defendants omitted to disclose, among other things, the following:

1. That Green Dot's "product mix trend" was moving away from legacy pre-paid cards toward newer digital banking accounts. (AC ¶¶ 41, 43, 47, 49, 51, 54, 57, 60, 62).

2. That the "growth rate of Green Dot's legacy, high-margin prepaid card business was declining." *Id.* ¶¶ 39, 43, 47, 49, 54, 57, 60, 62.

3. That "direct-deposit accounts were not generating the high-margin card fees of legacy prepaid accounts." *Id.* ¶¶ 41, 43, 47, 49, 54, 57, 60.

4. That "the per-unit economics of Green Dot's active accounts was part of a product-mix trend that was reversing card-revenue-and-fee-growth." *Id.* ¶¶ 41, 43, 47, 49, 51, 54, 57, 60, 62.

As detailed in the Motion, however, Defendants have established, through admissions obtained in discovery and by publicly available documents of which the Court takes judicial notice, that they did in fact disclose the information specified above throughout the proposed Class Period. As a result, there is no genuine issue of fact as to existence of such disclosures.

Accordingly, pursuant to Rules 56(a) and 56(g) of the Federal Rules of Civil Procedure, the Court holds that: (i) there is no genuine issue of material fact that the disclosures identified above were provided and are hereby deemed "established in

- 1 -

the case" per Fed. R. Civ. P. 56(g) and, (ii) as a result, there was no securities fraud with respect to those alleged statements or omissions and thus Defendants are entitled to partial summary judgment to the extent that Plaintiffs' Section 10(b) claim is premised on the alleged omissions described above.  To prevail on that claim, Plaintiffs must prove that Defendants misled investors in violation of Section 10(b) through acts and omissions other than those specified above.

IT IS SO ORDERED.

DATED: _____          _____
                                    Honorable Dean D. Pregerson
                                    United States District Judge

[PROPOSED] ORDER GRANTING DEFS' MOT. FOR PARTIAL SUMMARY JUDGMENT