# EXHIBIT 15

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESERVE MEDIA, INC., | ) Case No.  CV 15-05072 (AGRx) |
| | ) |
| Plaintiff, | ) **ORDER RE: (1) PLAINTIFF'S** |
| | ) **MOTION TO CONTINUE FINAL** |
| v. | ) **PRETRIAL CONFERENCE AND FOR** |
| | ) **LEAVE TO FILE A SUCCESSIVE** |
| EFFICIENT FRONTIERS, INC., | ) **SUMMARY JUDGMENT MOTION** |
| | ) **AND (2) MOTION FOR** |
| Defendants. | ) **CLARIFICATION** |
| | ) |
| | ) [Dkt. 167, 208] |

Presently before the court are Plaintiff and Counter-Defendant Reserve Media, Inc.'s ("Reserve") Motion for Clarification of this Court's October 21, 2016 Order granting partial summary judgment and Reserve's Motion to Continue Final Pretrial Conference and for Leave to File a Successive Summary Judgment Motion. (Dkts. 167, 208.) After considering the parties' submissions, the court adopts the following Order.

**I. BACKGROUND**

Plaintiff filed the instant suit seeking declaratory relief that its use of the term "RESERVE" does not infringe on any valid trademark rights of Defendant Efficient Frontiers, Inc.'s ("EFI") or otherwise violate EFI's rights on July 6, 2015. (Dkt. 1.)

On March 2, 2016, the court issued a Scheduling Order setting the last day to file motions for September 12, 2016 and the final pretrial conference for December 5, 2106. (Dkt. 39) On September 12, 2016, Reserve moved for partial summary judgment on three issues: 1) whether EFI's word mark "RESERVE INTERACTIVE" is protectable as a matter of law; 2) whether there is evidence of willful infringement; and 3) whether monetary damages were available in this case. (Reserve Mot. Partial Summ. J. 2-3.) On October 21, 2016, the court issued an Order granting Reserve's motion in part. (Dkt. 163.) Specifically, the court concluded the EFI's word mark "RESERVE INTERACTIVE" was not protectable as a matter of law because it was descriptive and lacked secondary meaning. (*Id.* at 11.)[1] Due to ambiguity in Reserve's Motion for Partial Summary Judgment, the court determined that it need not address the issues of willful infringement and damages in light of the fact that it had concluded the mark at issue was not protectable as a matter of law. (*Id.*)

On October 31, 2016 Reserve filed a Motion for Clarification explaining that it had intended to seek summary judgment on the issues of willfulness and damages as to all of EFI's marks at issue rather than only the "RESERVE INTERACTIVE" word mark. (Dkt. 167 at 1.) On November 16, 2016, Reserve moved to continue the final pretrial conference from December 5, 2016 to February 6, 2017 and sought leave to file a successive summary judgment motion. (Dkt. 208.)

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably

---

[1] The parties jointly request the court clarify that the October 21 Order, which analyzed the validity of the "Reserve Interactive" mark, applies only to EFI's "RESERVE INTERACTIVE" word mark (Reg. No. 4,382,898) and not EFI's "Reserve Interactive" design mark (Reg. No. 3,253,603). The court has issued an Amended Order clarifying that its conclusions were limited to the word mark. (*See* Dkt. 235.)

2

be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609 (citing *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

The moving party may establish good cause by showing "(1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order." *Hood v. Hartford Life and Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008) (quotation marks and citation omitted).

A district court has discretion to entertain a second motion for summary judgment. *See Knox v. Southwest Airlines*, 124 F.3d 1103, 1105–06 (9th Cir. 1997) (rejecting contention that successive motions for summary judgment are impermissible). "A renewed or successive summary judgment motion is appropriate especially if one of the following grounds exists: '(1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3)[the] need to correct a clear error or prevent manifest injustice.'" *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995) (quoting *Kern–Tulare Water Dist.*, 634 F. Supp. 656, 665 (E.D. Cal. 1986)).

**III. DISCUSSION**

   **A.  Continuance of the Final Pretrial Conference**

Reserve seeks a two-month continuance of the final pretrial conference. Reserve argues that the continuance is warranted because EFI filed its memorandum of

3

contentions of fact and law late and because EFI included over 1100 exhibits on the parties' exhibit list while Reserve only included approximately sixty exhibits. (Mot. Continue Pretrial Conf. 1.) EFI does not contest either of these facts but notes that the number of exhibits is justified in light of the volume of discovery and the number of depositions conducted in this case. (Opp'n Mot. Continue Pretrial Conf. 6.)

Applying the *Hood* factors, the court concludes that a continuance is warranted in the present action. Thus far, Reserve has been diligent in producing a workable Rule 16 order. Further, while EFI has presented evidence of the substantial discovery conducted in this action, Reserve has nonetheless adequately shown that it could not have "reasonably foreseen or anticipated" EFI's late filed memorandum or the large number of designated exhibits "at the time of the Rule 16 scheduling conference." Finally, Reserve moved to amend the scheduling order within days of determining that it could not timely prepare for trial.

## B. Leave to File Successive Summary Judgment Motion

Given that some continuance of the pretrial conference is justified, the court also considers Reserve's request for leave to file a successive summary judgment motion. Reserve's primary argument on this issue is that the logic of the court's conclusion in the October 21 Order regarding the "Reserve Interactive" word mark could extend to other EFI marks at issue in this case and that a successive summary judgment motion would streamline issues for trial and save valuable resources. Reserve further contends that there is no prejudice to EFI because it will ultimately have to defend its position that it owns valid and enforceable trademark rights in the remaining marks.

EFI first responds that Reserve's motion for leave to file a successive summary judgment is procedurally improper. Although EFI acknowledges that Local Rule 16-9 provides that a motion for continuance of the pretrial conference "may be noticed upon five (5) days' notice to be heard not later than the last Motion Day before the date for which the Final Pretrial Conference has been set," EFI contends that the same allowance does not extend to a motion for leave to file a successive summary judgment motion.

4

Instead, EFI argues that such motions are governed by the ordinary 28-day notice requirement. *See* C.D. Cal. L. R. 6-1. Assuming without deciding that EFI is correct that Reserve's request was subject to the ordinary notice requirements, the court nonetheless notes that requiring such notice in this instance would result in hearing this motion after trial is scheduled to begin. Further, the court notes that the Local Rules permits the court to order a shorter notice time. *See id.* Accordingly, the court exercises its discretion to consider the merits of the request. *Thomas v. Nelson Watson & Associates, LLC*, No. CV 12-00701 CBM (OPx), 2013 WL 781964, at *2 (C.D. Cal. Mar. 1, 2013) (noting that moving party violated local rule but nonetheless considering the motion).

EFI also opposes Reserve's motion on the grounds that Reserve should have raised its arguments regarding EFI's remaining trademarks in in its original motion for summary judgment. Having made a strategic decision to focus on only one mark, Reserve should not be allowed to return now to contest the remaining marks after securing a favorable verdict from this Court. (Opp'n 3.) EFI also notes that it will suffer prejudice because it will have to expend additional resources defending a second summary judgment motion before proceeding to trial.

Reserve acknowledges that it "purposefully focused" on one mark and expected that a favorable decision would lead "EFI either to dismiss its remaining claims and take an appeal, or else agree to settle the case." (Mot. 4.) The fact that Reserve miscalculated is not a reason to grant Reserve leave to file a successive summary judgment motion. Nonetheless, having reviewed the parties' submissions, the court finds that both sides make credible arguments regarding questions of law that might remain in this case. Moreover, while the court acknowledges EFI's concern about additional costs, "[a]llowing a successive summary judgment motion potentially can save all concerned the far greater expenses of a trial." *Hoffman*, 593 F.3d at 912 (9th Cir. 2010). Thus, in the interest of preserving judicial resources and narrowing issues for trial, the court GRANTS Reserve leave to file one additional summary judgment motion. *See Hoffman*, 593 F.3d at 908 (noting that "[i]f the district court concluded that summary judgment

5

might be appropriate, the court could properly find that it would be a manifest injustice to require a party to defend itself in a second trial without the opportunity to move first for summary judgment"). In its opposition, EFI requests that, if a successive summary judgment motion is permitted, EFI also be allowed to argue that "all of its trademarks are valid and protected." (Opp'n 5.) To the extent that EFI seeks to relitigate whether the "RESERVE INTERACTIVE" word mark is generic and lacks secondary meaning and thus invalid as a matter of law, the request is DENIED because the court has already adjudicated those issues in its Amended Order. (*See* Dkt. 235.)

### C. Motion for Clarification

Having granted Reserve leave to file a successive summary judgment motion, the court DENIES the Motion for Clarification. The court has issued an Amended Order clarifying that the October 21 Order applies only to EFI's "RESERVE INTERACTIVE" word mark. To the extent the parties believe there are other outstanding issues to be addressed by the court, they can raise them as part of briefing the successive summary judgment motion.

## IV. CONCLUSION

For the reasons stated above, Reserve's Motion to Continue the Pretrial Conference from December 5, 2016 to February 6, 2017 is GRANTED. Further, Reserve is GRANTED leave to file one additional motion for summary judgment, to be noticed for hearing no later than January 23, 2017. Finally, Reserve's Motion for Clarification is DENIED.

**IT IS SO ORDERED.**

Dated: November 29, 2016

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

6