JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
M. TODD SCOTT (SBN 226885)
tscott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105
Telephone:   (415) 773-5700
Facsimile:   (415) 773-5759

RICHARD E. GOTTLIEB (SBN 289370)
rgottlieb@glaserweil.com
EMIL PETROSSIAN (SBN 264222)
epetrossian@glaserweil.com
AYAD MATHEWS (SBN 339785)
amathews@glaserweil.com
PETER M. BRANSTEN
pbransten@glaserweil.com
GLASER WEIL FINK HOWARD
      JORDAN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| IN RE GREEN DOT CORPORATION SECURITIES LITIGATION | Case No. 2:19-cv-10701-FLA-E |
| | CLASS ACTION |
| | **REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| | Judge: Hon. Fernando L. Aenlle-Rocha |

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...................................................................................... 1

II.     THE PROPOSED MOTION IS PROCEDURALLY PROPER. ................... 2

    A.      The Proposed Motion Complies with the Court's Procedures. ............ 3

    B.      In Seeking to Resolve Undisputed Issues Now, the Proposed Motion Both Complies with the Court's Orders and is Consistent with the Federal Rules. ......................................................... 4

    C.      The Proposed Motion Will Not Burden the Court or Unfairly Prejudice Plaintiffs. .................................................................... 6

    D.      The Proposed Motion is Not a Request for Reconsideration. .............. 7

III.    ALTHOUGH DEFENDANTS NEED NOT DEMONSTRATE LIKELIHOOD OF SUCCESS TO BE GRANTED LEAVE, PLAINTIFFS' ADMISSIONS DEMONSTRATE THE PROPOSED MOTION IS MERITORIOUS. ....................................................... 8

IV.     CONCLUSION .................................................................................... 13

REPLY ISO DEFS' MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT

# TABLE OF AUTHORITIES

**Cases**                                                                                              **Page(s)**

*Allergan Inc. v. Athena*,
2012 WL 12898344 (C.D. Cal. May 24, 2012)...................................................7

*In re Amgen Inc. Sec. Litig.*,
544 F. Supp. 2d 1009 (C.D. Cal. 2008)..............................................................10

*Bally v. State Farm Life Ins. Co.*,
2021 WL 3514009 (N.D. Cal. Aug. 10, 2021).....................................................4

*F.D.I.C. v. Faigin*,
2014 WL 2465145 (C.D. Cal. June 2, 2014)..............................................11, 12

*Flores v. Elliot Bay Metal Fabrication Inc.*,
21 F. App'x 773 (9th Cir. 2001)...........................................................................5

*Leonard v. Stemtech Int'l Inc.*,
834 F.3d 376 (3d Cir. 2016) ...............................................................................10

*Lopez v. Liberty Mut. Ins. Co.*,
2020 WL 13042575 (C.D. Cal. Oct. 20, 2020) ...................................................4

*In re Ocera Therapeutics, Inc. Sec. Litig.*,
2018 WL 7019481 (N.D. Cal. Oct. 16, 2018)....................................................12

*Stevens v. Corelogic, Inc.*,
899 F.3d 666 (9th Cir. 2018) ..........................................................................5, 12

**Rules**

Fed. R. Civ. P.
Rule 12....................................................................................................7, 8
Rule 12(b) ...................................................................................................9
Rule 36...............................................................................................*passim*
Rule 56...................................................................................................7,8
Rule 56(a) ...................................................................................................4
Rule 56(b) ...................................................................................................4
Rule 56(d) .........................................................................................5, 11, 12
Rule 56(g) ..........................................................................................*passim*

iii

# TABLE OF AUTHORITIES (CONTINUED)

**Other Authorities** **Page(s)**

*Black's Law Dictionary* (12th ed. 2024) ....................................................................4

Charles A. Wright *et al.*, *Federal Practice and Procedure*
§ 2252, 320–22 ........................................................................................................ 11

iv

I.     **<u>INTRODUCTION</u>**[1]

To streamline this litigation, the Court should grant Defendants leave to move for partial summary judgment. As Plaintiffs' Opposition concedes, an unfavorable ruling on Defendants' Proposed Motion will indeed "gut the majority of Plaintiffs' allegations." Opp. at 17. And given Plaintiffs' repeated admissions and the ample public record, that is precisely what should occur now.

Although Plaintiffs complain the Proposed Motion is "fact-intensive," it simply asks the Court to find—based solely on the language of Green Dot's SEC filings and earnings call transcripts—that Defendants repeatedly disclosed the very facts Plaintiffs claim were omitted, both before and during the class period. *See* [Proposed] Statement of Uncontroverted Facts in Support of Defendants' Motion for Partial Summary Judgment (ECF No. 154-10); [Proposed] Request for Judicial Notice (ECF No. 154-11). Nothing in Plaintiffs' opposition even *attempts* to refute this, nor could it based on Plaintiffs' multiple Rule 36 admissions. *See* Plaintiffs' Rule 36 admissions (ECF No. 157-3, Ex. CC at 62-244).

Under Rule 56(g) of the Federal Rules, this Court "may enter an order stating any material fact … that is not genuinely in dispute and treating the fact as established in the case." Though Plaintiffs now admit the existence of the disclosures that disprove their omission allegations, Plaintiffs argue that performing the simple analysis requested by the Proposed Motion is (i) premature, (ii) reserved for the jury, despite those admissions, and (iii) would unfairly prejudice them at this stage of the

---

[1] All abbreviations are taken from Defendants' Memorandum of Points and Authorities in Support of Motion for Leave to File Preliminary Motion for Summary Judgment (ECF No. 153-1),which is referred to as the "Opening Brief." Plaintiffs' Opposition to Defendants' Motion for Leave to File Motion for Partial Summary Judgment (ECF No. 162), filed under seal, is referred to as "Opp." All citations to "Ex. __" refer to the exhibits attached to the Declaration of Alexander K. Talarides submitted with the Opening Brief (ECF No. 155-1). Unless otherwise stated, all emphasis in quotations is added.

1

litigation. Opp. at 11-15. But federal courts routinely perform that same analysis—comparing allegations to public disclosures—at early stages of the litigation and regularly grant summary judgment in whole or in part, as Rule 56(g) plainly permits.

Given the breadth of Plaintiffs' admissions and the ample public record, it makes no difference that discovery has not been completed. As Plaintiffs concede, the Proposed Motion only "ask[s] the Court to find … that no triable issue of material fact exists *as to what [Green Dot] disclosed*," Opp. at 13, and there is no additional discovery that bears on the question of what Green Dot disclosed—as Plaintiffs' admissions demonstrate, Green Dot's SEC filings and earnings call transcripts say precisely what they say, and they largely gut the core allegations of this lawsuit. *See* Opening Brief at 9-10. Such a ruling would merely determine that there is no longer a genuine issue of fact as to those allegations such that Defendants are entitled to a partial judgment that such facts are "established in the case." Fed. R. Civ. P. 56(g).

Plaintiffs also argue the Proposed Motion would fail on the merits. On the applicable standards for granting leave, Defendants' likelihood of success is not relevant, but it is telling that Plaintiffs do not even address their own Rule 36 admissions, much less *dispute the existence of the Green Dot disclosures* that disprove their allegations. As a result, the Proposed Motion is likely to succeed and drastically reduce the scope of this lawsuit.

For those reasons and as further explained below and in the Opening Brief, Defendants should be given leave to file the Proposed Motion without prejudice to later filing a substantive motion for summary judgment at the close of discovery on distinct issues.

## II.     THE PROPOSED MOTION IS PROCEDURALLY PROPER.

As a threshold matter, Plaintiffs' procedural objections utterly lack merit and do not preclude the Court from granting Defendants leave to file the Proposed Motion.

## A.    The Proposed Motion Complies with the Court's Procedures.

Since the filing, Judge Aenlle-Rocha has replaced Judge Pregerson. For both judges, it is true, as Plaintiffs assert, that each party is normally limited "one motion for summary judgment." Opp. at 6-7. But, as to Judge Pregerson's standing order, which governed when Plaintiffs filed the Opposition, Plaintiffs tellingly failed to quote the entire cited sentence, which states that "[t]he court will allow only one motion for summary judgment per party, ***absent leave of the court***." Judge Pregerson's Standing Order on Procedures at 2.

This Court's standing order contains essentially identical language (Standing Order at 8-9), and further provides that: "If a party believes good cause exists for more than one summary judgment motion . . ., the party shall seek leave by noticed motion setting forth a detailed showing of good cause." *Id.* That is exactly what Defendants have done here.

In the Opening Brief, Defendants established that "leave should be granted where the successive motions raise distinct issues," citing a series of cases where courts permitted a second motion for summary judgment specifically because the second motion raised distinct issues. Opening Brief at 6-7 & n.2 (citing cases). And Defendants have committed that, if leave is granted here, any "later motion for summary judgment would address distinct legal issues that will not be ripe until the conclusion of discovery." *Id.* at 7. Defendants are not looking for any do-overs.

Plaintiffs do not address the "distinct issues" standard at all. Instead, they try to wave away the numerous directly applicable cases cited by Defendants because "[n]one are securities class actions and none permit a motion for early summary judgment on Defendants' truth-on-the-market defense." Opp. at 12 n. 9. But the summary judgment theory is immaterial; the relevant legal principle is simply that courts grant leave to file successive summary judgment motions where there is good cause to do so, including where the second motion raises distinct issues.

REPLY ISO DEFS' MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs have no response. Instead, all Plaintiffs can muster are citations to two plainly inapposite cases in which courts denied leave to file a second summary judgment motion *on the same issues* as an earlier motion. *Bally v. State Farm Life Ins. Co.*, 2021 WL 3514009, at *2 (N.D. Cal. Aug. 10, 2021) ("While State Farm promises that it will offer new 'fact evidence' ***regarding Count II***, it provides no detail on the nature of the evidence or why such evidence could not have been presented ***in its previous motion for summary judgment on Count II***."); *Lopez v. Liberty Mut. Ins. Co.*, 2020 WL 13042575, at *3 (C.D. Cal. Oct. 20, 2020) ("Plaintiffs ***fail to provide any alternative basis upon which a subsequent motion would be made***, nor do they provide any evidence that a subsequent motion would cure the triable issues of fact that precluded summary judgment the first time."). These cases are not on point.

**B.**    **<u>In Seeking to Resolve Undisputed Issues Now, the Proposed Motion Both Complies with the Court's Orders and is Consistent with the Federal Rules.</u>**

Plaintiffs next argue that the Proposed Motion will "upend" the Scheduling Order without good cause. Opp. at 7-9. But, as Plaintiffs admit, the Scheduling Order merely "sets ***deadlines*** for summary judgment briefing after the close of fact and expert discovery." *Id.* at 8. "Deadlines" are only endpoints—a "cutoff time for taking some action, such as filing a court paper." *Black's Law Dictionary*, "Deadline" (12th ed. 2024). Thus, there is nothing about an early filing that upends *any* of the Court's pretrial dates and, to the contrary, an early filing is consistent with both the Federal Rules and the Court's orders entered in this action.

Nothing in the federal rules, or in either Judge Pregerson's or this Court's standing order, precludes an early partial summary judgment filing. To the contrary, under Federal Rules 56(a) and (b), summary judgment is appropriate at *any* stage of the proceedings up to 30 days after the close of discovery when the movant shows that the undisputed evidence in the record demonstrates that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (b). Moreover, this Court's

4

standing order expressly provides that: "Parties *need not wait* until the motion cutoff date to bring motions for summary judgment or partial summary judgment." Standing Order at 9.

An early summary judgment motion is especially prudent where, as here, there is no essential evidence that may be uncovered to rebut the fact of Green Dot's disclosures and Plaintiffs' Rule 36 admissions. *See, e.g., Flores v. Elliot Bay Metal Fabrication Inc.*, 21 F. App'x 773, 773-74 (9th Cir. 2001) ("Because Flores did not show that further discovery would uncover essential evidence in his favor, the district court did not abuse its discretion by ruling on the summary judgment motion prior to the completion of discovery.").[2]

Likewise, an early ruling will not "upend" other pretrial dates in the Scheduling Order as no listed deadlines or events will be affected. Defendants have continued (and will continue) to diligently fulfill their discovery obligations. As explained in great detail in Defendants' portion of the Joint Stipulation filed last week on Plaintiffs' pending motion to compel, Defendants have substantially completed their document production by *producing more than 627,000 documents*, with only a small number remaining to be produced. ECF No. 165 at 14. Defendants are also actively working with Plaintiffs to schedule depositions. *Id.* at 18-19. The only impact of considering Defendants' Proposed Motion now will be to weed out allegations that are no longer in genuine dispute.

---

[2] If the non-movant believes that additional discovery is needed, the proper recourse is to file a motion pursuant to Rule 56(d), not to invent limitations in the scheduling order. *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) ("A party seeking additional discovery under Rule 56(d) must explain what further discovery would reveal that is essential to justify its opposition to the motion for summary judgment.") (cleaned up). Plaintiffs' allusions to a Rule 56(d) motion are addressed *infra* at 11.

5

REPLY ISO DEFS' MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT

### C. The Proposed Motion Will Not Burden the Court or Unfairly Prejudice Plaintiffs.

Nor will considering the Proposed Motion burden the Court or unfairly prejudice Plaintiffs. Opp. at 11-15. The motion is simple and straightforward—Defendants have marshalled facts showing that they actually disclosed to the public four categories of information Plaintiffs allege was concealed. Opening Brief at 9-10. Given that the Court need not decide whether the disclosures were true or false, or consider any other legal issues, nothing else is required from an evidentiary standpoint to decide this motion.

Plaintiffs' reference to the volume of exhibits and discovery responses cited, Opp. at 11, is a red herring. Defendants' Proposed Motion identifies the *precise* portions of the exhibits that directly rebut Plaintiffs' allegations. The accompanying Statement of Uncontroverted Facts, which details every one of the disclosures on which Defendants rely, consists of only fifty paragraphs and is only eleven pages in length. The Court need only compare the Complaint allegations with the disclosures specifically and precisely identified in those eleven pages.

Further, by eliminating unmeritorious allegations now, the Proposed Motion will streamline the case going forward, as Rule 56(g) contemplates. Opening Brief at 9-10. That will reduce discovery and focus the litigation on the few remaining issues in dispute. A favorable ruling may likewise facilitate settlement by forcing Plaintiffs to be more realistic about their claims (or, on the other hand, if the Court considers and rejects the Proposed Motion on the merits, it may have the same effect on Defendants). *Id.*

Plaintiffs complain that they will have to "divert resources" to respond to the Proposed Motion. Opp. at 15. Given the asymmetric discovery to date, this is not a serious argument. As detailed in the Joint Stipulation filed last week, Defendants have collected and reviewed *millions of documents*, produced *more than 627,000 documents,* and spent more than *53,000 attorney hours* responding to Plaintiffs'

REPLY ISO DEFS' MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT

incredibly overbroad discovery demands. Plaintiffs, on the other hand, have produced just 26 documents. ECF No. 165 at 7-8. If Defendants can be forced to extend this level of effort and expense to respond to discovery demands, Plaintiffs can surely spare the time to respond to a straightforward motion.

**D.    The Proposed Motion is Not a Request for Reconsideration.**

The Proposed Motion is not a request for reconsideration of any aspect of Judge Pregerson's ruling on Defendants' motion to dismiss. Opp. at 10. In denying the motion to dismiss, Judge Pregerson specifically declined to consider the disclosures on which Defendants now rely: "The court proceeds to address those of Defendants' arguments that *do not depend upon facts outside the four corners of the amended complaint*." ECF No. 102 at 8. Later in the opinion, Judge Pregerson reiterated that "much of Defendants' argument makes reference to materials that, as discussed above, the court *has not considered at this stage of proceedings*. Nothing in this Order shall be read to suggest that the court takes any position on the merits of any of Plaintiff's allegations." *Id.* at 12 n.3.

A motion for reconsideration, by definition, asks a court to reconsider a prior order. *Allergan Inc. v. Athena*, 2012 WL 12898344, at *3 (C.D. Cal. May 24, 2012) ("The Court finds that motions requesting *revision or deletion* of an order generally are properly considered motions for reconsideration subject to the requirements of Local Rule 7-18."). Although this Court has discretion to do so, Defendants are not asking it to revisit or vacate Judge Pregerson's order on the motion to dismiss. Instead, Defendants have employed Rule 36 of the Federal Rules to request and obtain answers to requests for admissions that, in conjunction with the public record, establish the dispositive facts, which Judge Pregerson declined to consider at the motion to dismiss stage because they were beyond the pleadings.

Given that the lawsuit is limited to certain core allegations, the Proposed Motion necessarily raises similar substantive issues as the earlier motion to dismiss— but under different rules of civil procedure (Rule 56 versus Rule 12) with their wholly

7

different standards and burdens, and seeks entirely different relief (findings of fact under Rule 56(g) versus dismissal under Rule 12). More fundamentally, the Proposed Motion asks the Court to consider evidence that Judge Pregerson expressly ***did not consider*** in deciding the motion to dismiss. That is, the ruling on the motion to dismiss was based solely on the pleadings, while the Proposed Motion is based on facts established through the discovery process and which would be reviewed under the lens of Rule 56.

In short, when Judge Pregerson declined to consider Defendants' disclosure evidence on the motion to dismiss, he did not hold that such evidence could never be considered, only that it was not appropriate for consideration ***at the motion to dismiss stage***. But the case is now at a different stage, the evidence has been developed and confirmed through discovery, and there is no longer any impediment to considering that evidence.

### III.   ALTHOUGH DEFENDANTS NEED NOT DEMONSTRATE LIKELIHOOD OF SUCCESS TO BE GRANTED LEAVE, PLAINTIFFS' ADMISSIONS DEMONSTRATE THE PROPOSED MOTION IS MERITORIOUS.

Finally, Plaintiffs attack the merits of the motion for partial summary judgment. Opp. at 17-20. However, as shown above and in the Opening Brief, Defendants respectfully submit that they need not demonstrate a likelihood of success. Rather, as both Rule 56 and this Court's standing order permit early filings, the Court need only determine that "good cause" exists to grant leave to file. *See supra* at 2-3 and Opening Brief at 6-10 (demonstrating good cause).

In any event, Plaintiffs do not meaningfully dispute the merits of the Proposed Motion or the devastating effect it would have on their case. *See* Opp. at 17-20. As discussed in the Opening Brief, the Proposed Motion is extremely narrow in that it asks the Court to compare Plaintiff's omission allegations against Defendants' disclosures, which disclosures demonstrate on their face that much of the allegedly omitted information was in fact repeatedly disclosed. As Plaintiffs now concede, if

8

the Court performs that simple comparison and grants the Proposed Motion, it will "gut the majority of Plaintiffs' allegations," Opp. at 17, making these specific disclosure allegations ripe for early resolution.[3]

Although Defendants need not demonstrate likelihood of success to be granted leave, Plaintiffs make three arguments for why they think the Proposed Motion would not ultimately succeed, none of which has any merit:

*First*, Plaintiffs argue that the Proposed Motion raises questions of fact that are reserved for the jury, *see* Opp. at 10-11, and they cite language from the Court's motion to dismiss order noting that "[g]enerally, whether a statement is misleading or adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" Opp. at ECF 102 at 9 (citation omitted). But, as the Court's order noted in the very next sentence, where "the adequacy of the disclosure . . .is so obvious that reasonable minds could not differ," the issue is "appropriately resolved as a matter of law." *Id.* (citation omitted). Indeed, the Proposed Motion cites numerous decisions, including two from the Ninth Circuit, rejecting similar allegations, even at the Rule 12(b) stage, based on the contents of SEC filings. *See* ECF No. 154-9, at 19, and at 20 n.10.

In any event, as Plaintiff's Rule 36 admissions demonstrate, there is no question of fact about the plain language of Green Dot's SEC filings and earnings call transcripts. Statement of Uncontroverted Facts in Support of Defendants' Motion for Partial Summary Judgment (ECF NO. 154-10). Plaintiffs insist that the Proposed Motion is "fact-intensive" because it "relies on over *1700* pages of exhibits, dozens of asserted facts, and *163* discovery responses," Opp. at 11 (emphasis in original). In reality, however, Defendants have simplified the task for the Court by highlighting

---

[3] Plaintiffs argue the Proposed Motion would "decrease[] the likelihood of settlement as it protracts the timeline of the litigation," Opp. at 17, but as discussed above, the Proposed Motion would not affect the timeline of this litigation at all, and can be decided while the schedule set forth in the Scheduling Order proceeds.

both the relevant complaint allegations (ECF 157-3, Ex. DD at 246-62) and the precise disclosures at issue. Defendants' motion requests the Court to compare four of Plaintiffs' core omission allegations against specific disclosures within Green Dot's publicly available SEC filings and earnings call transcripts, all of which are identified with specificity in the Statement of Uncontroverted Facts and highlighted in the accompanying exhibits. As for Plaintiffs' "163 discovery responses" (*see* ECF No. 157-3, Ex. CC at 62-244), they are really just **one critical admission** repeated 163 times—an admission that Green Dot's SEC filings and earnings call transcripts say what they say.[4]

Plaintiffs argue that Defendants cannot use Plaintiffs' Rule 36 admissions "to establish facts in obvious dispute," Opp. at 18-19. But these specific facts are no longer in genuine dispute *because Plaintiffs admit them*, and requests for admissions are appropriate for precisely for that reason and purpose. *See, e.g., Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 402 n.26 (3d Cir. 2016) ("Rule 36 provides a tool to streamline the proof of *controverted* facts."); *see also* Standard Operating Procedures of U.S. District Judge Charles B. Kornmann (D. S.D. 2013) ("Be sure you are not premature in filing a motion for summary judgment without considering the use of requests for admissions and other economical discovery devices designed

---

[4] Plaintiffs argue the Proposed Motion advances a "truth-on-the-market" defense that cannot be resolved on summary judgment. Opp. at 18. Not so. A truth on the market defense contends that a "failure to disclose material information may be excused [because] the information was made credibly available to the market by **other sources**." *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1025 (C.D. Cal. 2008). Here, by contrast, the Proposed Motion argues that the very disclosures alleged to be misleading by omission—*i.e.,* Defendants' SEC filings and earnings call transcripts—instead show there was no failure to disclose with respect to four core allegations in Plaintiffs' Amended Complaint. ECF No. 154-9 at 4-14, 17-18. While Defendants likewise show that the cited disclosures in the SEC filings and earnings calls were so well known that they were repeated by market analysts (*id.* at 9-10, 11, and 13), the Proposed Motion makes no mention of the "truth-on-the-market" defense.

10

REPLY ISO DEFS' MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT

to reveal whether any material facts *are actually and in good faith in dispute*.");[5] 8B Charles A. Wright *et al.*, *Federal Practice and Procedure,* note 48, at § 2252, 320–22 (Rule 36 saves time, limits disputed matters at trial, promotes efficiency and economy, aids judicial administrators, and makes summary judgment possible).

Unlike the cases Plaintiffs cite, Plaintiffs' Rule 36 admissions do not and cannot dispute that Green Dot's SEC filings and earnings call transcripts contain the enumerated disclosures.[6] Plaintiffs would obviously prefer that the Court not consider the documents that disprove the four core allegations of their lawsuit, or their express admissions concerning them, but there is now no dispute—let alone an "obvious dispute"—that these disclosures exist, and they say what they say.

*Second*, Plaintiffs argue that because discovery is not yet complete, the Proposed Motion would be stayed pursuant Rule 56(d). Opp. at 12. But while Plaintiffs list the types of discovery that have yet to be completed in this case, *id.* at 13, they do not explain how any of that discovery would or even *could* bear on the Proposed Motion, which is premised solely on Green Dot's SEC filings and earnings call transcripts (and Plaintiffs' admission that those documents say what they say). As even Plaintiffs' cited authorities confirm, *see* Opp. at 14, a Rule 56(d) stay is appropriate only if the party opposing summary judgment demonstrates how additional discovery is "*essential* to oppose summary judgment," *F.D.I.C. v. Faigin*, 2014 WL 2465145, at *4 (C.D. Cal. June 2, 2014). Plaintiffs have not even attempted to make such a showing here, nor have they submitted the required declaration under

---

[5] www.sdd.uscourts.gov/sites/sdd/files/local_rules/northernandcentraldivision_ SOP.pdf

[6] Plaintiffs' cited authorities are inapposite, *see* Opp. at 19, because they hold that a party's *denial* of a request for admission cannot be used to prove disputed facts. *First Am. Title Co.*, 2012 WL 13223151, at *2 (considering when "party fails to admit what is requested under Rule 36"); *Owens*, 2019 WL 4929812, at *5 ("Rule 36 also does not authorize a court to make a factual determination about the responding party's denial"). Here, Plaintiffs have admitted that Green Dot's SEC filings say what they say.

REPLY ISO DEFS' MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT

that Rule, because they cannot explain how additional discovery is "essential" to refute the dispositive disclosures. *Stevens*, 899 F.3d at 678 ("A party seeking additional discovery under Rule 56(d) must explain what further discovery would reveal that is ***essential*** to justify its opposition to the motion for summary judgment.") (cleaned up).

Plaintiffs have one point right: the Proposed Motion indeed "ask[s] the Court to find . . . that no triable issue of material fact exists ***as to what [Green Dot] disclosed***," *id.* at 13, and no other discovery bears on the question of what Green Dot disclosed. Under the federal securities laws, Plaintiffs "must account for the entirety of [the statements] on which they rely," not just "simply invoke selective quoting to make their claims," *In re Ocera Therapeutics, Inc. Sec. Litig.*, 2018 WL 7019481, at *11 (N.D. Cal. Oct. 16, 2018)). When Plaintiffs' omissions claims are read in context of Green Dot's public filings, they fail on that basis alone and nothing else is required to entitle Defendants to partial summary judgment that these facts were disclosed. There is nothing "incomplete" (Opp. at 13) about the fact of such disclosures.

***Third***, and finally, Plaintiffs argue that Defendants have failed to rebut their "core allegation" that Green Dot failed to disclose "declining growth in Green Dot's prepaid card business." Opp. at 20. But, even if the Court were to consider the merits now, the Proposed Motion does precisely that, citing numerous documents, both before and during the Class Period, that show precisely such disclosures. *See, e.g.,* Proposed Motion at 10-11 (collecting cites). Tellingly, by their Rule 36 admissions and their opposition brief, Plaintiffs do not (and cannot) dispute the existence and import of Defendants' disclosures on earnings calls and in the public record, which alone require entry of partial summary judgment that such disclosures were made both before and during the class period.

That same analysis holds true for the other omission allegation addressed by the Proposed Motion because Plaintiffs cannot avoid Green Dot's SEC filings and earnings call transcripts that disprove their omission allegations. In short, while

12

Defendants' likelihood of success is not relevant to the Court determination whether to grant leave, Plaintiffs have not even come close to showing that a motion for summary judgment that seeks to establish through Plaintiffs' own Rule 36 admissions and an ample public record the fact of Green Dot's disclosures is somehow doomed to fail.

## IV.  CONCLUSION

For these reasons, Defendants respectfully request that the Court grant the motion for leave and allow Defendants to file the Proposed Motion without prejudice to their ability to file a later motion for summary judgment addressing distinct legal issues after the conclusion of discovery.

Dated: June 2, 2025

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
JAMES N. KRAMER
ALEXANDER K. TALARIDES
M. TODD SCOTT


 */s/ Alexander K. Talarides*
ALEXANDER K. TALARIDES
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:415-773-5700
Facsimile:415-773-5957

-     and     -

**GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP**
RICHARD E. GOTTLIEB
EMIL PETROSSIAN
AYAD MATHEWS
PETER M. BRANSTEN
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

*Attorneys for Defendants*

13

REPLY ISO DEFS' MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief contains 4,200 words, which complies with the word limit of L.R. 11-6.1.


Dated:  June 2, 2025                    **ORRICK, HERRINGTON & SUTCLIFFE LLP**


                                         */s/ Alexander K. Talarides*
                                         ALEXANDER K. TALARIDES

                                         *Attorneys for Defendants*

14

REPLY ISO DEFS' MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT