ROBBINS GELLER RUDMAN
  & DOWD LLP
JESSICA T. SHINNEFIELD (234432)
CHRISTOPHER R. KINNON (316850)
JOHN M. KELLEY (339965)
RACHEL C. BRABY (356720)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
jshinnefield@rgrdlaw.com
ckinnon@rgrdlaw.com
jkelley@rgrdlaw.com
rbraby@rgrdlaw.com

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GREEN DOT CORPORATION SECURITIES LITIGATION ) ) ) | Case No. 2:19-cv-10701-FLA (Ex) |
| | CLASS ACTION |
| | DISCOVERY MATTER |
| | PLAINTIFFS' REPLY TO JOINT STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO COMPLY WITH THE COURT'S ORDER GRANTING STIPULATION REGARDING CASE SCHEDULE |
| | Date:       June 20, 2025 <br> Time:       9:30 a.m. <br> Dept:       750 |
| | Discovery Cut-Off: January 30, 2026 <br> Pretrial Conference: January 11, 2027 <br> Trial: February 9, 2027 |

## I.  Introduction

Defendants now concede that they failed to comply with the April 11, 2025 substantial completion deadline ordered by the Court, and have yet to collect, review, and produce thousands of documents from key sources.[1]  The documents Defendants continue to withhold are likely critical to this case, and include data from defendant Streit's electronic devices, documents maintained on Green Dot shared drives, and 131,000 documents being screened for privilege.  Incredibly, Defendants still refuse to tell Plaintiffs when they will complete their document production.  Instead, Defendants offer vague estimates of when their production will be complete and make belated claims of burden.  Defendants' flagrant and ongoing disregard of the Amended Scheduling Order's deadline severely impedes Plaintiffs' ability to proceed with depositions, conduct expert discovery, and brief class certification in this case.  To prevent further prejudice to Plaintiffs, and to avoid further delays in this case, the Court should grant Plaintiffs' motion and set a firm date by which Defendants must certify that they have completed their document production.[2]

## II.  Defendants' Continued Violation of the Court's Order

Defendants concede that they have not: (i) finished reviewing a backlog of 131,000 privilege-screened documents; (ii) collected or reviewed defendant Streit's personal electronic devices; or (iii) processed shared drive data.  Mot. at 14, 16 n.12.  Defendants now represent that "they expect to fully complete production by the end of July."  *Id.* at 17.  To ensure that Defendants complete their document production expediently, the Court should grant Plaintiffs' motion and impose a firm deadline by

---

[1]  Unless otherwise defined herein, capitalized terms have the same meaning as ascribed in the Joint Stipulation Regarding Plaintiffs' Motion to Compel Defendants to Comply With the Court's Order Granting Stipulation Regarding Case Schedule ("Mot.") (ECF 165).

[2]  Instead of focusing on satisfying their outstanding discovery obligations, Defendants have further flouted the Amended Scheduling Order by filing a procedurally improper, premature, and futile motion seeking leave to file a motion for partial summary judgment (ECF 153).

- 1 -

4918-9174-0744.v1

which Defendants must certify completion of their document production. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.' . . . Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of litigation, and reward the indolent and the cavalier.").[3]

### A.    Defendants Missed the Substantial Completion Deadline

Defendants assert that because they produced 97% of responsive documents by the April 11, 2025 substantial completion deadline, they have complied with the Amended Scheduling Order. Mot. at 17. But this assertion is belied by Defendants' own legal authority holding that substantial completion requires collection, review, and production of ***all*** responsive documents, which Defendants admit they have not done. Mot. at 14, 16 & n.12 (citing *Core Nutritionals, LLC v. Performance Nutrition Formulators, LLC*, 2016 WL 10771272, at *1 (C.D. Cal. Oct. 26, 2016) (ordering defendants to "[f]ile a sworn certificate" attesting that "all reasonable searches for responsive documents have been completed and that all responsive documents identified by those searches have been ***produced***"); *see also Berry v. Hennepin Cnty.*, 2023 WL 1777467, at *2 (D. Minn. Feb. 6, 2023) (Substantial completion "'means that all relevant sources of documents have been reviewed, responsive documents have been identified and reviewed, and those documents have been ***disclosed***.'"). Further, Defendants' admission that 131,000 documents are "***still in the privilege review process***" belies their assertion that "all documents identified as responsive and not privileged have been produced." Mot. at 16.[4]

---

[3]    Unless otherwise noted, emphasis is added and citations are omitted.

[4]    Defendants' authorities are inapt. For example, *Mass. Mut. Life Ins. Co v. Reingold*, 2020 WL 12016704, at *1 (C.D. Cal. Jan. 31, 2020), does not address court-ordered deadlines or substantial completion. Defendants' other cases are similarly inapposite. *See Winfield v. City of N.Y.*, 2017 WL 5664852, at *11 (S.D.N.Y. Nov. 27, 2017) (concerning technology-assisted review); *Lofton v. Verizon Wireless (VAW)*

- 2 -

4918-9174-0744.v1

**B.    Defendants Have Not Moved to Amend the Scheduling Order or Shown Good Cause to Do So**

Though Defendants now belatedly attempt to show "good cause" to modify the Amended Scheduling Order, they have never moved to do so.  Mot. at 17-19.  Rule 16(b)(4) expressly provides: "A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Defendants never moved to modify the Amended Scheduling Order, much less showed good cause to do so.  Nor have they otherwise obtained the Court's consent.  Defendants' belated attempts to show good cause now – only *after* Plaintiffs notified the Court of Defendants' failure to comply with the Amended Scheduling Order – demonstrate their lack of diligence and should be rejected.  *See Mammoth Recreations*, 975 F.2d at 609 (Rule 16's "'good cause' standard primarily considers the diligence of the party seeking the amendment," and "[i]f [a] party was not diligent, the [good cause] inquiry should end."); *see also Wells Fargo Bank, N.A. v. Am. Nat'l Ins. Co.*, 2010 WL 3632787, at *2 (C.D. Cal. Sept. 13, 2010) (refusing to modify the case scheduling order where there was not good cause for the delay).

**C.    Defendants Demonstrate No Prejudice or Undue Burden**

Defendants have failed to show they would suffer any cognizable harm if the Court imposed a document production deadline.  Though Defendants complain of past burdens they have purportedly suffered, they fail to articulate how they would be burdened by the imposition of a document completion deadline.  Mot. at 7-9.  Indeed, given that Defendants are "on a path to complete document production in the future," and "the vast majority of Defendants' document production is complete," it is hard to fathom how Defendants would be unduly burdened by completing their document production.  *Id.* at 9.  Defendants' claims of prejudice should be rejected.

---

*LLC*, 308 F.R.D. 276, 282 (N.D. Cal. 2015) (concerning failure to produce timely privilege logs).

- 3 -

4918-9174-0744.v1

## III.    Plaintiffs Face Cognizable and Growing Prejudice

Defendants' delay in completing their document production will likely force Plaintiffs to file their motion for class certification and begin taking depositions without having the opportunity to review the entirety of Defendants' document production, which prejudices Plaintiffs. *Id.* at 6-7. Defendants do not dispute that their privilege log is also weeks late – violating the Parties' privilege log agreement. ECF 165-6 (Kinnon Decl., Ex. E) at 1. Consequently, it is unlikely that any disputes regarding Defendants' improper privilege designations will be resolved before Plaintiffs begin taking depositions. Mot. at 7.[5]

***Plaintiffs are entitled to all responsive document discovery***. Defendants argue that Plaintiffs have "sufficient documents to conduct depositions" because Plaintiffs have received a "vast number of documents." Mot. at 16. But Defendants' own case shows that "the substantial completion deadline 'was established in part to allow parties to take depositions at a defined time with the ***assurance*** that substantially all document discovery has been completed.'" *See In re Nat'l Football League's Sunday Ticket Antitrust Litig.*, 2022 WL 22883310, at \*2 (C.D. Cal. Mar. 15, 2022). Accordingly, Plaintiffs specifically negotiated the April 11, 2025 substantial completion deadline to: (i) ensure they possessed ***all responsive documents*** with sufficient time to review them in advance of depositions and class certification; and (ii) avoid being jammed up around crucial litigation dates.

***Plaintiffs will not have eight months to take depositions***. Defendants argue that Plaintiffs will still have eight months to take depositions, and therefore are not prejudiced by Defendants' delay. Mot. at 18. But this assertion ignores that Plaintiffs will still need time to review these documents after Defendants finally produce them,

---

[5]    Defendants admit they are improperly withholding "many" documents on the basis of the purported bank examination privilege, which they lack standing to assert. *See* ECF 140 (Defendants lack standing to assert "the bank examination or supervision privilege.") (citing *Teachers Ins. & Annuity Assoc. v. Munro*, 2022 WL 2234972, at \*4 (C.D. Cal. May 9, 2022)).

- 4 -

4918-9174-0744.v1

and fails to account for how long it takes Defendants to actually confirm deposition dates. For example, a month ago, on May 2, 2025, Plaintiffs asked Defendants to provide deposition dates in late June through July for three fact witnesses, and a date in late July for a Rule 30(b)(6) witness. Ex. T.[6] Defendants took almost three weeks to provide deposition dates for the three fact witnesses – and did not provide dates in the late June time frame Plaintiffs requested. And they simply refused to make a Rule 30(b)(6) witness available in July, saying that was "too soon." *Id.* at 3. Given Defendants' delay in confirming deposition dates, completing fact depositions by the January 30, 2026 deadline – which leaves approximately five months considering the intervening holidays – will be difficult.

## IV.    Plaintiffs Did Not Violate the Local Rules

Defendants' assertion that Plaintiffs did not meet and confer before filing their motion is simply incorrect. The Parties met and conferred ***at least seven times*** about Defendants' ultimate failure to meet the substantial completion deadline, and more than a month before Plaintiffs filed the present motion, Plaintiffs sent Defendants a detailed letter regarding Defendants' failure to complete their document production. ECF 165-1, ¶¶7, 9, 11-12, 14-18; *see also id.*, Ex. L. Regardless, additional discussions between the Parties would not have enabled Defendants to meet the substantial completion deadline; therefore, Defendants have suffered no prejudice. *See Brodie v. Bd. of Trs. of Cal. State Univ.*, 2013 WL 4536242, at *1 (C.D. Cal. Aug. 27, 2013) (when "'no real prejudice'" courts should "'consider the motion on the merits'").

## V.    Conclusion

Plaintiffs respectfully ask the Court to grant their motion.

_____

[6]    "Ex. T" refers to the exhibit attached to the Supplemental Declaration of Christopher R. Kinnon in Support of Plaintiffs' Reply to Joint Stipulation Regarding Plaintiffs' Motion to Compel Defendants to Comply With the Court's Order Granting Stipulation Regarding Case Schedule, filed concurrently herewith.

4918-9174-0744.v1

DATED:  June 3, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
JESSICA T. SHINNEFIELD
CHRISTOPHER R. KINNON
JOHN M. KELLEY
RACHEL C. BRABY


              s/ Christopher R. Kinnon
        CHRISTOPHER R. KINNON

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

PITTA LLP
VINCENT F. PITTA
120 Broadway, 28th Floor
New York, NY  10271
Telephone: 212/652-3890
212/652-3891 (fax)

Additional Counsel for Plaintiffs

- 6 -

4918-9174-0744.v1