JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
M. TODD SCOTT (SBN 226885)
tscott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105
Telephone:   (415) 773-5700
Facsimile:   (415) 773-5759

*Attorneys for Defendants*

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| IN RE GREEN DOT CORPORATION SECURITIES LITIGATION | Case No. 2:19-cv-10701-FLA-E<br><br>CLASS ACTION<br><br>DISCOVERY MATTER<br><br>**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**<br><br>Judge:        Hon. Charles F. Eick<br>Courtroom:   750<br>Date:         June 20, 2025<br>Time:         09:30 a.m.<br><br>Discovery Cut-Off: January 30, 2026<br>Pretrial:        January 11, 2027<br>Trial:          February 9, 2027 |

DEFENDANTS' SUPPLEMENTAL MEMO. IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

## I.    INTRODUCTION

Plaintiffs' Supplemental Memorandum[1] is more notable for what it omits than what it says. Plaintiffs do not contest that Defendants have collected vast numbers of documents, employed a small army of attorneys to review them at great expense, and have produced more than 627,000 documents—while Plaintiffs have produced just 26 documents. Nor do Plaintiffs dispute that they have slowed the process considerably, first by dragging their feet on proposing reasonable search terms and custodians and then by insisting that Defendants not use technology-assisted review. Plaintiffs also fail to explain why the time remaining in discovery is insufficient or acknowledge that Defendants have offered to extend the schedule if necessary.

Instead of addressing these critical factors, Plaintiffs resort to empty rhetoric and outright falsehoods. After misstating the facts in significant ways in their opening brief, Joint Stip. at 14-17, Plaintiffs do the same in the PSM. Just on page 1, they claim that Defendants "concede that they failed to comply" with the substantial completion deadline, when Defendants have demonstrated the exact opposite. They claim that Defendants have "yet to collect, review, and produce thousands of documents from key sources," when Defendants have collected and reviewed all documents from all sources. They claim that Defendants "have not … processed shared drive data," when Defendants expressly stated in the Joint Stipulation that they had already processed those documents *and* reviewed them for responsiveness.

At bottom, Plaintiffs' tactics are consistent with their bad faith abuse of the entire discovery process. They demand incredibly broad discovery, untethered to the actual needs of the case, and then complain about every aspect of the process without

---

[1] Unless otherwise stated, capitalized terms have the same meaning as in the Joint Stipulation Regarding Plaintiffs' Motion to Compel Defendants to Comply With the Court's Order Granting Stipulation Regarding Case Schedule ("Joint Stip.") (ECF 165). Plaintiffs' June 3, 2025 Supplemental Memorandum (ECF 170) is referred to as the "PSM." The accompanying Supplemental Declaration of M. Todd Scott is referred to as the "Supp. Scott Decl." All emphasis in quotations is added.

1

regard for the unreasonable burdens their demands place on Defendants. Plaintiffs seek to manufacture "discovery torts" in an effort to mask the substantive weaknesses of their case—making discovery a weapon rather than a search for the truth. It is abusive, inconsistent with the fundamental dictate of Rule 1 to "secure the just, speedy, and inexpensive determination of every action," and must be stopped.

## II.    CURRENT DOCUMENT PRODUCTION STATUS

Defendants submitted their portion of the Joint Stipulation on May 23, 2025. At that time, Defendants described the substantial discovery that had already been completed and represented that several additional discovery tasks were expected to be completed shortly. Joint Stip. at 13. Now, as of the date of this submission, Defendants can report that all of those tasks have been successfully completed. Specifically, Defendants have now completed the productions of (i) Mark Shifke's non-privileged personal documents, (ii) the "privilege downgrades" from the three fact witnesses Plaintiffs have identified for depositions, and (iii) the available "lesser-included threads." Supp. Scott Decl., ¶ 3. In addition, Defendants have completed the collection and responsiveness review of Steve Streit's personal data and the shared drive data, and expect to produce any responsive documents (except those that are potentially privileged) from those sources by July 3, 2025. *Id.*, ¶ 5.

As a result of these diligent efforts, Defendants have now spent more than 55,000 contract attorney hours on the document review process and produced approximately 800,000 documents. *Id.*, ¶¶ 6-7.[2] The primary remaining task is the review and then either logging or production of documents identified as potentially privileged and therefore subject to second level privilege review. As Defendants have explained, the privilege review process is complex and time-consuming because of the volume of documents potentially subject to the bank examination

---

[2] The majority of the documents produced since April 11 are "lesser included threads."  As explained in the Joint Stipulation, such documents provide no new substantive content for documents already produced, only metadata in more searchable form.  Joint Stip. at 13 n.11.

privilege and/or the regulations prohibiting disclosure of confidential supervisory information ("CSI") and suspicious activity reports ("SAR"). Joint Stip. at 12 n.10.[3] But Defendants continue to devote enormous resources to this process, which is well underway and expected to be completed next month. Supp. Scott Decl., ¶ 8.

## III.    __DEFENDANTS HAVE BEEN DILIGENT__

In the Joint Stipulation, Defendants detailed the enormous amounts of time and money they have devoted to the document production process. Joint Stip. at 14. Plaintiffs completely ignore these facts, asserting without explanation that Defendants were not diligent. PSM at 3. But diligence demands nether perfection nor haste; a "diligent" effort is one that is "carried out with care and steady effort." *Black's Law Dictionary* (12th ed. 2024). Defendants have done that and more.

Contrary to the claim that Defendants' claims of undue burden are "belated," PSM at 1, Defendants proactively raised concerns about the significant burdens of not being able to use TAR to streamline document review (Joint Stip. at 12); producing detailed privilege logs given the volume of documents to be logged (*id.* at 7); and producing lesser-included threads given the volume of documents and complexities of that process (*id.* at 13). But Plaintiffs offered no relief.

Plaintiffs also complain that Defendants did not move to amend the Scheduling Order. PSM at 3. That is because no modification was or is necessary.

---

[3] Plaintiffs assert that "Defendants admit they are improperly withholding 'many' documents on the basis of the purported bank examination privilege, which they lack standing to assert." PSM at 4 n.5. Plaintiffs made the exact same argument several months ago and Judge Pregerson rejected it: "Defendants shall not be precluded from raising arguments not addressed by the Magistrate Judge, including, but not limited to, whether Plaintiffs have exhausted their administrative remedies and whether the Federal Reserve has invoked, or absent formal intervention, can invoke, the bank examination privilege." Order (March 5, 2025; ECF 152). As Defendants have previously explained in detail, Defendants agree that they cannot invoke the bank examination privilege, but they are nevertheless obligated to identify documents potentially subject to the privilege so that the regulator has an opportunity to invoke the privilege. Producing CSI or SARs without the regulator's approval would violate federal law and expose Green Dot to severe penalties. Mem. in Support of Motion for Review (ECF 141-1) at 15-16.

DEFENDANTS' SUPPLEMENTAL MEMO. IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

As explained in detail in the Joint Stipulation, Defendants have fully complied with the existing Scheduling Order, including the substantial completion date. Joint Stip. at 15-17. Defendants presented the possibility of modifying the Scheduling Order as an alternative, but Defendants do not believe it is necessary. *Id.* at 17-19.

**IV.    <u>PLAINTIFFS HAVE NOT DEMONSTRATED PREJUDICE</u>**

Plaintiffs' claims of prejudice similarly ring hollow. *First*, Plaintiffs complain that they will have to "file their motion for class certification . . . without having the opportunity to review the entirety of Defendants' document production." PSM at 4. If Plaintiffs were truly concerned about their class certification motion, which is due on June 6 (before the hearing on the instant motion), they would have raised it much sooner. Had they done so, Defendants would have agreed to an extension. But Plaintiffs are not truly concerned about it, because there is no reason to believe that anything in the documents Defendants have yet to produce will have any bearing on class certification. Indeed, Defendants clearly emphasized this in the Joint Stipulation: "Plaintiffs do not articulate how the remaining discovery could possibly impact their motion for class certification—which, in any event, is due just two weeks from now." Joint Stip. at 18. Plaintiffs offer no response of any kind.

*Second*, Plaintiffs complain that they must have "all responsive document discovery" before taking any depositions—but then immediately cite case law holding that the requirement is that "**substantially** all document discovery has been completed." PSM at 4 (quoting *In re Nat'l Football League's Sunday Ticket Antitrust Litig.*, 2022 WL 22883310, at *2 (C.D. Cal. Mar. 15, 2022)). Plaintiffs also entirely ignore that Defendants *voluntarily* agreed to prioritize the review and production of potentially privileged documents associated with the three individuals Plaintiffs have sought to depose, and that those productions are now complete and the depositions are scheduled for July. Joint Stip. at 13; Supp. Scott Decl., ¶ 4.

*Third*, Plaintiffs complain that eight months is not enough time to take depositions. But of course it is. Judge Pregerson ordered that each side could take

4

15 depositions (Joint Stip. at 18), so Plaintiffs will have 12 remaining after the three in July.[4] Even allowing for some time to review documents produced at the end of the process and a slowdown around the holidays, the current schedule affords ample time—and if not, Defendants have offered to negotiate an extension. *Id.* at 18-19.

*Finally*, Plaintiffs state that "Defendants have failed to show they would suffer any cognizable harm if the Court imposed a document production deadline." PSM at 3. The prejudice Defendants face is simple. Because the main category of documents remaining are those identified as potentially privileged, the order Plaintiffs seek would force Defendants to short circuit the privilege review process, risking production of privileged or protected material and exposing them to severe regulatory and even criminal penalties.[5] Joint Stip. at 12 n.10. The Court should not require that, particularly given Plaintiffs' failure to show any prejudice.

## V.    CONCLUSION

For the foregoing reasons, as well as those in Defendants' portion of the Joint Stipulation, the Court should deny Plaintiffs' motion.[6]

---

[4] Plaintiffs' complaint that it took "almost three weeks" to confirm deposition dates for these three witnesses is not well taken. PSM at 5. These three individuals are non-party former Green Dot employees with no connection to, interest in, or even awareness of this lawsuit. Green Dot had to locate and contact these individuals, explain the circumstances, convince them that they are required to give up at least a full day of their lives for this endeavor, and then coordinate numerous schedules. Getting all this done in "almost three weeks" is objectively reasonable. The world does not revolve around Plaintiffs' discovery demands.

[5] Defendants have repeatedly stated that they expect to complete the document production by the end of July. Joint Stip. at 4; Supp. Scott Decl., ¶ 8. But the variables inherent in the document review and production process—including the nature of various privileges, the portion of documents that may need to be redacted, and vendor processing time—makes specifying an exact date by which Defendants will fully complete the process a fool's errand that benefits no one. Defendants have and will continue to keep Plaintiffs updated on the status of their efforts.

[6] Plaintiffs dance around their clear violation of their meet-and-confer obligation, referring to earlier discussions the parties held on the topic and the purported lack of prejudice to Defendants. PSM at 5. But they do not dispute that they failed to follow the sequence dictated by the Local Rules, or that as a result their motion contains inaccuracies and raises issues no longer in dispute. Joint Stip. at 19-20.

5

Dated: June 6, 2025

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
JAMES N. KRAMER
ALEXANDER K. TALARIDES
M. TODD SCOTT


 */s/ M. Todd Scott*
M. TODD SCOTT
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:415-773-5700
Facsimile:415-773-5957

-        and        -

**GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP**
RICHARD E. GOTTLIEB
EMIL PETROSSIAN
PETER M. BRANSTEN
AYAD MATHEWS

10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

*Attorneys for Defendants*

6