JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
M. TODD SCOTT (SBN 226885)
tscott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105
Telephone:  (415) 773-5700
Facsimile:   (415) 773-5759

RICHARD E. GOTTLIEB (SBN 289370)
rgottlieb@glaserweil.com
EMIL PETROSSIAN (SBN 264222)
epetrossian@glaserweil.com
PETER M. BRANSTEN (SBN 113352)
pbransten@glaserweil.com
AYAD MATHEWS (SBN 339785)
amathews@glaserweil.com
GLASER WEIL FINK HOWARD
      JORDAN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| IN RE GREEN DOT CORPORATION SECURITIES LITIGATION | Case No. 2:19-cv-10701-FLA-E |
| | <u>CLASS ACTION</u> |
| | **DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE (ECF NO. 176)** |
| | Judge: Hon. Fernando L. Aenlle-Rocha |

This statement is submitted on behalf of Defendants in (1) *In re Green Dot Corporation Securities Litigation*, Case No. 2:19-cv-10701-FLA (Ex) (the "Securities Class Action"); (2) *Brian Hellman v. Steven W. Streit, et al.*, Case No. 2:20-cv-01572-FLA (Ex) (the "*Hellman* Action,"); and (3) *Dino DiBlasio v. Steven W. Streit, et al.*, Case No. 2:24-cv-05924-FLA (Ex) (the "*DiBlasio* Action," and together with the *Hellman* Action, the "Derivative Cases"), in response to the Court's June 9, 2025 Order to Show Cause (the "OSC") as to why (i) the current stay of the Derivative Cases should not be lifted, and (ii) why some or all three of the actions should not be consolidated.

As discussed more fully below, Defendants submit that: (i) the Derivative Cases should remain stayed pending resolution of the Securities Class Action, and (ii) the Derivative Cases should not be consolidated with the Securities Class Action. Defendants support consolidating the two Derivative cases with each other.

**A.     Relevant Background**

The Securities Class Action was filed in December 2019 on behalf of those who purchased or sold stock in Green Dot Corporation ("Green Dot" or the "Company") between May 9, 2018 and November 7, 2019, and alleges federal securities law claims, under Sections 10(b) and 20(a) of the 1934 Securities Exchange Act (the "Exchange Act"), against Green Dot, and its former CEO and former CFO, for purportedly making misleading statements about Green Dot's changing business model. As the Court is aware, discovery has been ongoing in the Securities Class Action, and document discovery there is substantially complete, with the parties now moving into depositions and expert discovery.

The Derivative Cases were both filed after the Securities Class Action, putatively on behalf of all current Green Dot shareholders, and assert Delaware breach of fiduciary duty claims, and federal securities claims under the Exchange

- 1 -

DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE

Act,[1] against Green Dot's former CEO, former CFO, and eleven other former and current Green Dot directors and officers. As "follow-on" shareholder derivative suits, the Derivative Cases directly reference and closely track the allegations of the Securities Class Action and seek to hold the individual defendants liable for damage *to Green Dot* arising from the Securities Class Action, among other things. *See, e.g., Hellman* Action, ECF No. 1 at ¶ 84 (alleging defendants are liable "to the Company" "expos[ing] [it] to liability from securities litigation"); *DiBlasio* Action, ECF No. 1 at ¶¶ 40, 144(c) (alleging Green Dot has suffered damages by being "the subject of a securities class action lawsuit" and "[a]s a result, Green Dot has expended, and will continue to expend, significant sums of money to rectify the Individual Defendants' [alleged] wrongdoing").

Follow-on derivative cases are often stayed in favor of securities class actions in such circumstances, because resolution of the class action will typically resolve some or all of the derivative case and conserve party and judicial resources, and because it can greatly prejudice companies to litigate both matters simultaneously, as further discussed below. Accordingly, the parties to the Derivative Actions agreed to stay both cases pending resolution of the Securities Class Action.

**B.     There Has Been No Discovery In The Derivative Cases, And The Law Requires That Discovery Remain Stayed Irrespective Of The Parties' Agreement To Stay The Cases Generally**

The OSC asks what "additional discovery" from the Securities Class Action "the parties believe is needed before the *Hellman* and *DiBlasio* actions can proceed," Order at 3, but to be clear, no discovery has been conducted in the Derivative Cases, from any source, given that the Derivative Cases are stayed. However, discovery in the Derivative Cases is currently stayed, and would remain stayed, ***independent of*** the parties' agreed-upon stay, for two separate reasons.

---

[1] The *Hellman* Action avers claims for breach of fiduciary duty and unjust enrichment, as well as federal securities claims under Sections 10(b), 14(a) and 20(a) of the Exchange Act; the *DiBlasio* Action avers claims for breach of fiduciary duty, abuse of control and unjust enrichment, as well as a claim under Section 14(a).

- 2 -

DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE

First, because the Derivative Cases assert claims under the Exchange Act, they are subject to the automatic discovery stay of the Private Securities Litigation and Reform Act (the "PSLRA"), which prevents plaintiffs there from seeking any discovery unless and until they have survived a motion to dismiss. *See* 15 U.S.C. § 78u–4(b)(3)(B); *In re Facebook, Inc. S'holder Deriv. Privacy Litig.*, 411 F. Supp. 3d 649, 652-53 (N.D. Cal. 2019) ("[C]ourts in this circuit have found that the PSLRA does stay discovery in derivative actions alleging violations of federal securities laws."); *In re Countrywide Fin. Corp. Deriv. Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008) ("Here, Plaintiffs assert derivative claims that arise under §§ 10(b), 20(a), 20A, and 14(a) of the [Exchange] Act that are clearly subject to the [discovery] stay.").

Second, the Derivative Cases are pled derivatively, in the name of and on behalf of Green Dot, and therefore under Fed. R. Civ. P. 23.1 and Delaware law (which governs the Delaware state law claims asserted in the Derivative Cases), all discovery is stayed in the Derivative Cases until the plaintiffs each establish derivative standing by surviving a Rule 23.1 motion to dismiss for failure to plead demand futility. *See, e.g.*, *In re Openwave Sys. Inc. S'holder Deriv. Litig.*, 503 F.Supp. 2d 1341, 1352 (N.D. Cal. 2007) ("Rule 23.1 reflects a Congressional intent that derivative actions pass certain hurdles before being allowed to proceed with the normal course of litigation, including discovery"); *Beam v. Stewart*, 845 A.2d 1040, 1056 (Del. 2004) (noting that "derivative plaintiffs are not entitled to discovery" prior to surviving a Rule 23.1 motion to dismiss).

**C.      The Derivative Cases Should Remain Stayed Pending Resolution of the Securities Class Action**

The Court should continue the stay of the Derivative Cases to avoid prejudice to Green Dot. Courts frequently stay follow-on shareholder derivative suits that are premised on the same circumstances as a securities class action, because "the evidence in the former could jeopardize the company's defense in the latter." *Berry*

- 3 -

*v. Dowling*, 2021 WL 12104838, at * (S.D. Cal. May 14, 2021) (citing *In re STEC, Inc. Deriv. Litig.*, 2012 WL 8978155, *10 (C.D. Cal., Jan. 11, 2012)). Here, the stay should be continued because "the very evidence that would tend to prove [the derivative] Plaintiff[s'] case[s]—*i.e.*, that [Green Dot's] officers and directors made false and misleading statements that violated securities law—would also severely undermine [Green Dot's] defense in the … Securities Class Action," and thus "it is likely that [Green Dot] will suffer a hardship or inequity if the stay is [lifted]." *In re STEC,* 2012 WL 8978155 at *10; *see also Cucci v. Edwards*, 2007 WL 3396234, at *2 (C.D. Cal. Oct. 31, 2007) (granting contested motion to stay a derivative action because "prosecution of the Shareholder Derivative Action would likely conflict with Powerwave's defense of the Securities Class Action, since the shareholder derivative Plaintiffs would need to prove allegations that would seriously undermine Powerwave's defense of the class action."); *Breault v. Folino*, 2002 WL 31974381, at *2 (C.D. Cal. Mar. 15, 2002) (granting contested motion to stay derivative follow-on case because "Emulex would be harmed by Plaintiffs' pursuit of this derivative action now because its defense in the pending class actions also would be challenged in this suit. ").[2] As noted above, the plaintiffs in the Derivative Cases are seeking redress on behalf of Green Dot and its shareholders, and agree the stay should continue, because it is in the Company's best interests to litigate the Securities Class Action as preliminary matter.

[2] *See also In re RH S'holder Litig.*, 2019 WL 580668, *6 (N.D. Cal. Jan., 23, 2019) (staying follow-on derivative suit because "[i]f plaintiffs ultimately succeed in the Derivative Action, then the officers' liability could be imputed to RH therefore undermining RH's defense in the Securities Class Action."); *In re Ormat Techs., Inc. Deriv. Litig.*, 2011 WL 3841089, at *4 (D. Nev. Aug. 29, 2011) ("A stay of this derivative action is warranted because of the duplicative nature of the two actions, and the potential harm to Ormat, the party on whose behalf this derivative suit has been brought. . . . [for] Plaintiffs to succeed, Plaintiffs will need to undermine the credibility of Ormat's witnesses and defense in the Securities Class Action."); *In re Wynn Resorts, Ltd. Deriv. Litig.*, 2019 WL 1429526, *3 (D. Nev. Mar. 29, 2019) (granting motion to stay derivative action in favor of ongoing securities class action for all the same reasons articulated in other cases).

- 4 -

Lifting the stay would further prejudice Green Dot by imposing even more litigation costs and distractions on the Company. "[D]iversion of resources is an appropriate consideration" that "weigh[s] in favor of granting a stay." *In re STEC,* 2012 WL 8978155 at \*10; *see also Breault,* 2002 WL 31974381, at \*2 (staying derivative case because it would "divert Emulex's financial and management resources from the pending [securities class action] litigations against it"). The Securities Class Action is a very large lawsuit, and Green Dot and its shareholders should not have to bear the additional cost and expense of litigating the Derivative Cases now as well, particularly given the conflicts discussed above, and the derivative plaintiffs' willingness to defer litigation until the Securities Class Action is resolved.

**D.    The Securities Class Action and Derivative Cases Should Not Be Consolidated**

As noted above, Defendants support consolidation of the Derivative Cases with each other. But the Derivative Cases should not be consolidated with the Securities Class Action. As discussed above, the Securities Class Action is brought by a class of 2018-2019 investors in Green Dot stock, who assert direct claims *against Green Dot* for alleged *personal* losses resulting from alleged misstatements by the Company and others. The Derivative Cases, by sharp contrast, are brought *on behalf of Green Dot*, and assert claims for purported damages *to the Company* from the individual defendants' alleged securities violations and mismanagement. Practically speaking, Green Dot is a defendant in the Securities Class Action, but the party at interest in the Derivative Cases, where the plaintiffs are suing to recover *for* Green Dot (and its shareholders). Consolidating the Securities Class Action and Derivative Cases would be unworkable and inefficient.

Furthermore, the Securities Class Action is well into discovery, but discovery is currently stayed by law in the Derivative Cases, as discussed above, and will not begin until the plaintiffs each survive Defendants' Rule 23.1 challenge to their claim

DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE

of derivative standing. For those reasons, the Securities Class Action should not be consolidated with the Derivative Cases, though the two are properly related before this Court.

### E.    Conclusion

For the efficient resolution of these proceedings and to avoid prejudice to Green Dot, the Court should continue the stay of the Derivative Cases pending resolution of the Securities Class Action, and should not consolidate the Derivative Cases with the Securities Class Action.

Dated:  June 20, 2025

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
JAMES N. KRAMER
ALEXANDER K. TALARIDES
M. TODD SCOTT


 */s/ Alexander K. Talarides*
ALEXANDER K. TALARIDES
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:  415-773-5700
Facsimile:  415-773-5957

-        and        -

**GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP**
RICHARD E. GOTTLIEB
EMIL PETROSSIAN
PETER M. BRANSTEN
AYAD MATHEWS
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

*Attorneys for Defendants*

- 6 -

DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE