ROBBINS GELLER RUDMAN
   & DOWD LLP
DEBRA J. WYMAN (190812)
JESSICA T. SHINNEFIELD (234432)
CHRISTOPHER R. KINNON (316850)
JOHN M. KELLEY (339965)
RACHEL C. BRABY (356720)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com
jshinnefield@rgrdlaw.com
ckinnon@rgrdlaw.com
jkelley@rgrdlaw.com
rbraby@rgrdlaw.com

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GREEN DOT CORPORATION SECURITIES LITIGATION | Case No. 2:19-cv-10701-FLA (Ex) |
| | CLASS ACTION |
| | MEMORANDUM IN RESPONSE TO THE COURT'S JUNE 9, 2025 ORDER TO SHOW CAUSE WHY THE STAYS IN THE ACTIONS BEARING CASE NOS. 2:20-CV-01572-FLA (EX) AND 2:24-CV-05924-FLA (EX) SHOULD NOT BE LIFTED; ORDER TO SHOW CAUSE WHY SOME OR ALL THREE OF THE ACTIONS SHOULD NOT BE CONSOLIDATED |
| | DATE:    June 25, 2025 |
| | TIME:     9:30 a.m. |
| | JUDGE:  Fernando L. Aenlle-Rocha |

4916-8892-2958.v3

Lead Plaintiff New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund and plaintiff Teamsters Local Union No. 727 Pension Fund (collectively, "Plaintiffs") submit this memorandum in response to the Court's June 9, 2025 Order to Show Cause Why the Stays in the Actions Bearing Case Nos. 2:20-cv-01572-FLA (Ex) and 2:24-cv-05924-FLA (Ex) Should Not Be Lifted; Order to Show Cause Why Some or All Three of the Actions Should Not Be Consolidated ("Order").  ECF 176.

## I.    INTRODUCTION

On June 9, 2025, the Court ordered the parties in: (1) *In re Green Dot Corporation Securities Litigation*, Case No. 2:19-cv-10701-FLA (Ex) (C.D. Cal.) ("*In re Green Dot*"); (2) *Hellman v. Streit*, Case No. 2:20-cv-01572-FLA (Ex) (C.D. Cal.) (the "*Hellman* action"); and (3) *DiBlasio v. Streit*, Case No. 2:24-cv-05924-FLA (Ex) (C.D. Cal.) (the "*DiBlasio* action," and together with the *Hellman* action, the "derivative actions") to show cause "why some or all the actions should not be consolidated."  Order at 3.

For the reasons explained below, Plaintiffs in the *In re Green Dot* securities class action respectfully submit that their case should not be consolidated pursuant to Federal Rule of Civil Procedure 42(a) with the *Hellman* and *DiBlasio* derivative actions.  *Green Meadows Partners LLP v. Tomkinson*, 2006 WL 6885989, at *1 (C.D. Cal. June 6, 2006) (derivative actions and securities class actions should not be consolidated where it "would result in unnecessary delay and prejudice").

## II.    OVERVIEW OF THE RELATED ACTIONS

*In re Green Dot* is a securities class action lawsuit brought on behalf of persons who purchased or otherwise acquired Green Dot Corporation ("Green Dot") common stock between May 9, 2018 and November 7, 2019.  *In re Green Dot*, ECF 83 ("Amended Complaint").  Plaintiffs filed the Amended Complaint in this action on April 1, 2022, which asserts claims pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated

- 1 -

thereunder by the U.S. Securities and Exchange Commission, against Green Dot, the Company's former Chief Executive Officer ("CEO"), Steven W. Streit ("Streit"), and Green Dot's former Chief Financial Officer ("CFO"), Mark Shifke ("Shifke") (collectively, "*Green Dot* Defendants"). Judge Pregerson denied the *Green Dot* Defendants' motion to dismiss the Amended Complaint on March 29, 2024. *In re Green Dot*, ECF 102.

Since the parties in *In re Green Dot* participated in their Federal Rule of Civil Procedure 26(f) scheduling conference on July 15, 2024, they have been actively litigating the case. The parties are nearing the completion of document discovery, briefing class certification (*In re Green Dot*, ECF 174) and taking class certification depositions, and preparing to take fact depositions, which will begin on July 16, 2025.

The *Hellman* and *DiBlasio* actions are both shareholder derivative actions, brought **on behalf of Green Dot**, asserting several claims not alleged in *In re Green Dot*, including: (i) breach of fiduciary duty; (ii) abuse of control; (iii) unjust enrichment; and (iv) violations of §14(a) of the Exchange Act. *DiBlasio* action, ECF 15, ¶¶187-208; *Hellman* action, ECF 1, ¶¶79-106. These derivative claims are asserted against Streit and Shifke, and numerous members of Green Dot's Board of Directors, none of whom, other than Streit and Shifke, are named as defendants in *In re Green Dot*.[1] The relevant time period for the *Hellman* action, though not explicitly stated, appears to be the same as the Class Period in *In re Green Dot* (May 9, 2018 through November 7, 2019) (*Hellman* action, ECF 1, ¶¶2-13), whereas the "Relevant Period" for the *DiBlasio* action is significantly longer (January 1, 2017

---

[1] The *Hellman* action asserts claims against: Streit, Shifke, William I. Jacobs ("Jacobs"), Kenneth C. Aldrich, J. Chris Brewster ("Brewster"), Rajeev V. Date ("Date"), Saturnino Fanlo ("Fanlo"), Glinda Bridgforth Hodges ("Hodges"), George T. Shaheen ("Shaheen"), and George W. Gresham ("Gresham"). *Hellman* action, ECF 1. The *DiBlasio* action asserts claims against: Streit, Shifke, Jacobs, Brewster, Date, Fanlo, Hodges, Shaheen, Gresham, Jeffrey B. Osher, Ellen Richey, and Dan R. Henry. *DiBlasio* action, ECF 15.

- 2 -

4916-8892-2958.v3

through "the present") (*DiBlasio* action, ECF 15, ¶1).  It is Plaintiffs' understanding that though complaints have been filed in both derivative actions, motion to dismiss briefing has not yet occurred, as Judge Pregerson stayed both derivate actions until 30 days "after the close of fact discovery in *In re Green Dot*."  *Hellman* action, ECF 29 (stay order), ¶1; *DiBlasio* action, ECF 14 (stay order), ¶1.[2]

## III.    *IN RE GREEN DOT* SHOULD NOT BE CONSOLIDATED WITH THE DERIVATIVE ACTIONS

### A.    There Are Significant Legal and Factual Differences Between *In re Green Dot* and the Derivative Actions

As district courts within the Ninth Circuit recognize, consolidating derivative actions with securities class actions is often inappropriate because "[t]he nature of a derivative action differs substantially from that of a securities class action: the two have varying procedural and substantive requirements."  *Sanders v. VeriFone Sys., Inc.*, 2013 WL 5550435, at *2 (N.D. Cal. Oct. 7, 2013) (declining to consolidate a securities class action with a derivative action); *see also Green Meadows*, 2006 WL 6885989, at *1 (granting motion to sever derivative actions from related securities class actions due to "the different legal issues involved").  Here, although *In re Green Dot* and the derivative actions involve "a common question of law or fact," consolidating the actions pursuant to Rule 42(a) would not be appropriate given the numerous legal and factual differences that exist.  Fed. R. Civ. P. 42(a).

***First***, whereas Plaintiffs in *In re Green Dot* bring claims against Green Dot, its former CEO Streit, and its former CFO Shifke, both of the derivative actions additionally name numerous members of Green Dot's Board of Directors as defendants.  *See VeriFone Sys.*, 2013 WL 5550435, at *2 (declining consolidation and noting that the derivative action "name[d] nine defendants in addition to the

---

[2]    Under the current case management schedule entered by Judge Pregerson in *In re Green Dot*, the fact discovery deadline is January 30, 2026.  *In re Green Dot*, ECF 148.  The deadline for the parties to "substantial[ly] complete" their respective document productions was April 11, 2025.  *Id.*

- 3 -

4916-8892-2958.v3

named defendants in the securities class action; thus, consolidation may result in unfair prejudice to these additional parties").

***Second***, while Plaintiffs in *In re Green Dot* allege violations of §§10(b) and 20(a) of the Exchange Act, the derivative actions allege claims for unjust enrichment, abuse of control, breach of fiduciary duty, and violations of §14(a) of the Exchange Act.  *See VeriFone Sys.*, 2013 WL 5550435, at *2 (declining consolidation where the derivative action, unlike the securities class action, alleged claims for breach of fiduciary duty, abuse of control, and violations of §14(a) of the Exchange Act); *see also Nicolow v. Hewlett Packard Co.*, 2013 WL 792642, at *1 (N.D. Cal. Mar. 4, 2013) (declining to consolidate derivative actions, ERISA actions, and a securities class action, even though they "share common facts," because "the legal issues underlying the three sets of cases are sufficiently distinct").

***Third***, the relevant time period for the *DiBlasio* action (January 1, 2017 through the present)[3] begins nearly a year and a half before the start of the Class Period in *In re Green Dot* (May 9, 2018), and extends several years beyond the *In re Green Dot* Class Period (November 7, 2019), appearing to have no definite end date.  Thus, while some overlap exists between the facts forming the bases of liability in *In re Green Dot* and the *DiBlasio* action, the *DiBlasio* action alleges at least five years' of facts that are unrelated to the factual allegations in *In re Green Dot.*

***Finally***, *In re Green Dot* is brought by Plaintiffs on behalf of themselves and similarly situated class members, whereas the two related actions are brought derivatively on behalf of Green Dot itself.  *Green Meadows*, 2006 WL 6885989, at *1 (recognizing that "although there is no per se rule against consolidating class and derivative actions in securities cases, such consolidation poses potential conflicts of

---

[3]   The *DiBlasio* action's complaint was filed on September 27, 2024.  *DiBlasio* action, ECF 15.  It is unclear whether "the present" refers to the filing date of that complaint or the present date.  *Id.*, ¶1.  But in any event, the relevant time period for the *DiBlasio* complaint extends ***at least*** four years beyond the end of the Class Period in *In re Green Dot*, which is November 7, 2019.

- 4 -

4916-8892-2958.v3

interest due to the fact that a derivative suit actually is brought on behalf of the corporation while securities class actions assert claims against the corporation"); *see also Nicolow*, 2013 WL 792642, at *1 (refusing to consolidate securities class actions with derivative actions, noting that the derivative action, unlike the securities class action, was brought on behalf of nominal defendant).

Because there are significant differences between the legal claims, factual allegations, defendants, and relevant time periods in *In re Green Dot* and the derivative actions, consolidation is inappropriate.  *Green Meadows*, 2006 WL 6885989, at *1.

**B.    Consolidation Poses a Serious Risk of Delay and Prejudice**

Consolidating *In re Green Dot* with the derivative actions would likely result in significant delays in *In re Green Dot*, which would prejudice Plaintiffs and the class they seek to represent.  As this Court has acknowledged, there have been significant delays in *In re Green Dot* since the initial complaint was filed in December 2019.[4]  However, once the PSLRA discovery stay was lifted, and since the Rule 26(f) conference on July 15, 2024, the parties have made significant progress in the litigation – document discovery is nearly complete, class certification briefing is underway, and fact depositions begin next month.  The derivative litigations, on the other hand, are at very different procedural postures from *In re Green Dot*.  Both derivative actions have been stayed pending the completion of fact discovery in *In re Green Dot*, and therefore, neither motion to dismiss briefing nor document discovery have begun in either case.  *Hellman* action, ECF 29 (stay order); *DiBlasio* action, ECF 14 (stay order).

---

[4]    It took nearly a year and a half for a lead plaintiff to be appointed on August 6, 2021.  *In re Green Dot*, ECF 64.  And Judge Pregerson did not rule on the *Green Dot* Defendants' motion to dismiss until nearly three years after that, on March 29, 2024.  *Id.*, ECF 102.  Additionally, discovery was stayed until Judge Pregerson's ruling on the motion to dismiss pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

- 5 -

4916-8892-2958.v3

If the Court consolidated *In re Green Dot* with the derivative actions, ongoing discovery in *In re Green Dot* would likely be delayed – or again stayed – to allow the derivative actions time to brief their dispositive motions and seek document discovery on the many claims and defendants that are not involved in *In re Green Dot*. As district courts within this Circuit have recognized, severance of securities class actions and derivative actions "is proper to avoid prejudice and delay," which would likely result here. *Green Meadows*, 2006 WL 6885989, at *1; *see also Taylor v. Amazon.com Servs. LLC*, 2025 WL 307469, at *5 (E.D. Cal. Jan. 27, 2025) (declining to consolidate due to substantial differences in procedural posture, where parties' written discovery, document production, and class certification had occurred in one case but not the other); *Firefighters, Loc. 1908 v. Cnty. of Clark*, 2012 WL 1985690, at *3 (D. Nev. June 1, 2012) (declining to consolidate cases where one was at motion to dismiss stage, while the other was at summary judgment stage). Likewise, consolidating *In re Green Dot* with the nascent, currently-stayed derivative actions would likely stymy the significant progress the parties have made in this litigation, and would unfairly prejudice Plaintiffs by further delaying their day in court. Accordingly, consolidation is inappropriate here.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask the Court not to consolidate *In re Green Dot* with the *DiBlasio* and *Hellman* derivative actions.

DATED: June 20, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DEBRA J. WYMAN
JESSICA T. SHINNEFIELD
CHRISTOPHER R. KINNON
JOHN M. KELLEY
RACHEL C. BRABY

s/ Jessica T. Shinnefield
JESSICA T. SHINNEFIELD

- 6 -

4916-8892-2958.v3

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

PITTA LLP
VINCENT F. PITTA
120 Broadway, 28th Floor
New York, NY  10271
Telephone: 212/652-3890
212/652-3891 (fax)

Additional Counsel for Plaintiffs

### LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund and Teamsters Local Union No. 727 Pension Fund, certifies that this brief contains 1,962 words, which complies with the word limit of L.R. 11-6.1.

DATED:  June 20, 2025

s/ Jessica T. Shinnefield
JESSICA T. SHINNEFIELD

- 7 -

4916-8892-2958.v3