ROBBINS GELLER RUDMAN
  & DOWD LLP
DEBRA J. WYMAN (190812)
JESSICA T. SHINNEFIELD (234432)
CHRISTOPHER R. KINNON (316850)
MATTHEW J. BALOTTA (310303)
JOHN M. KELLEY (339965)
RACHEL C. BRABY (356720)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com
jshinnefield@rgrdlaw.com
ckinnon@rgrdlaw.com
mbalotta@rgrdlaw.com
jkelley@rgrdlaw.com
rbraby@rgrdlaw.com

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GREEN DOT CORPORATION SECURITIES LITIGATION | Case No. 2:19-cv-10701-FLA (Ex) |
| | <u>CLASS ACTION</u> |
| | PLAINTIFFS' OBJECTIONS TO EVIDENCE PROFFERED IN SUPPORT OF DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF 180-2) |
| | DATE:    July 18, 2025 |
| | TIME:    Taken Under Submission |
| | JUDGE:   Fernando L. Aenlle-Rocha |

4933-3394-1070.v2

Pursuant to Local Rule 56-2 and this Court's Standing Order (ECF 171 at 13), New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund (the "Pension Fund") and Teamsters Local Union No. 727 Pension Fund ("Local No. 727") (collectively, "Plaintiffs") respectfully submit their Objections to Evidence Proffered in Support of Defendants' Statement of Uncontroverted Facts in Support of Defendants' Motion for Partial Summary Judgment (ECF 180-2).

Defendants Green Dot Corporation ("Green Dot"), Steven W. Streit ("Streit"), and Mark Shifke ("Shifke") (collectively, "Defendants") repeatedly refer to, mischaracterize, decontextualize, and misquote Plaintiffs' Responses and Objections to defendant Green Dot Corporation's multiple Requests for Admission to Plaintiffs ("Responses" and "RFAs," respectively). Therefore, Plaintiffs incorporate herein each of their objections to Defendants' RFAs as set forth in Exhibit CC.[1]

In attempting to use Plaintiffs' Responses to establish obviously disputed facts and/or legal conclusions on the materiality and sufficiency of Defendants' disclosures during the Class Period, Defendants have grossly misused the requests for admission procedure, an abuse perhaps most succinctly explained in *Jones v. McGuire*, 2012 WL 439429 (E.D. Cal. Feb. 9, 2012), *vacated on other grounds by Jones v. McGuire*, 2012 WL 691626 (E.D. Cal. Mar. 2, 2012):

> These requests for admissions grossly violate the strictures that such requests not seek to establish facts in obvious dispute and not demand the opposite party admit the truth of a legal conclusion. For that reason alone they are not effective concessions of any legal or

---

[1]    References to Exhibits A-DD are to the exhibits attached to the Declaration of Alexander K. Talarides in Support of Defendant's Motion for Partial Summary Judgment (ECF 181-183) and references to Exhibits 1-66 are to the Declaration of Christopher R. Kinnon in Support of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment, filed concurrently herewith.

- 1 -

factual issue in this case, and the court will not accept them as a basis for summary judgment.

*Id.* at *7; *see also Corona v. City of Fontana*, 2023 WL 11580762, at *5 (C.D. Cal. Nov. 22, 2023) (quoting *Lakehead Pipe Line Co. v. Am. Home Assurance Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997)) ("'requests for admission should not be used to establish "facts which are obviously in dispute," or to "demand that the other party admit the truth of a legal conclusion," even if the conclusion is "attached to operative facts"'").

Plaintiffs also dispute the authenticity of each earnings call transcript submitted in support of Defendants' Motion for Partial Summary Judgment. Defendants incorrectly state that: "Many of the earnings call transcripts at issue here are quoted in Plaintiffs' Amended Complaint and/or were the subject of Rule 36 requests in which Plaintiffs admitted their authenticity . . . ." ECF 180-3 at 4. Plaintiffs, however, specifically cited *Thomson Reuters*' transcripts in their Responses, not those submitted by Defendants in support of their Motion for Partial Summary Judgment. *See, e.g.*, ECF 183-6 at Response No. 5 ("Plaintiffs admit that the Thomson Reuters transcript of Green Dot's February 21, 2018 Earnings Call for Q4 2017 contains . . . ."). At no time during the present litigation have Plaintiffs made any admission of authenticity of the transcripts Defendants have chosen to submit.

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| 1. **Evidence**: Ex. A (11/5/15 EC Tr.) at 5.<br><br>Offered in Support of Defendants' Uncontroverted Fact ("SUF") No. 1. | **Rule of Completeness, Federal Rule of Evidence ("FRE") 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from all other market communications on the subject matter. *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact |

- 2 -

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | must consider "'total mix of information'" communicated to market). |
| | **Irrelevant, FRE 402 and Likely to Confuse or Mislead, FRE 403**<br>The statement cited is not relevant to the Class Period alleged.  Statements outside the Class Period are likely to confuse or mislead. |
| | **Confusing/Misleading Use of the Evidence, FRE 403**<br>Defendants remove the first half of the statement which gives context to what sectors of the business have "a number of new products and initiatives." |
| | **Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact. |
| | "Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted). |
| 2.  **Evidence**:<br>Ex. B (11/9/16 EC Tr.) at 5.<br><br>Offered in Support of SUF No. 2. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter.  *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>**Irrelevant, FRE 402 and Likely to Confuse or Mislead, FRE 403**<br>The statement cited is not relevant to the Class Period alleged.  Statements outside the Class Period are likely to confuse or mislead. |

- 3 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
|  | **Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact.<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted). |
| 3.  **Evidence**:<br>Ex. C (5/9/17 EC Tr.) at 15.<br><br>Offered in Support of SUF No. 3. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter.  *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>**Irrelevant, FRE 402 and Likely to Confuse or Mislead, FRE 403**<br>The statement cited is not relevant to the Class Period alleged.  Statements outside the Class Period are likely to confuse or mislead.<br><br>**Confusing/Misleading Use of the Evidence, FRE 403**<br>The "new revenue" in the original statement does not refer to direct deposit revenues, but revenues acquired through the Unirush acquisition.<br><br>**Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact.<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be |

- 4 -

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted). |
| 4.  **Evidence**: Ex. C (5/9/17 EC Tr.) at 5.<br><br>Offered in Support of SUF No. 4. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter. *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>**Irrelevant, FRE 402 and Likely to Confuse or Mislead, FRE 403**<br>The statement cited is not relevant to the Class Period alleged.  Statements outside the Class Period are likely to confuse or mislead.<br><br>**Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact.<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted). |
| 5.  **Evidence**: Ex. D (8/8/17 EC Tr.) at 5.<br><br>Offered in Support of SUF No. 5. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter. *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>Defendants leave out the very next paragraph where Streit states: "***The portfolio mix shift*** |

- 5 -

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | *towards direct deposit customers has positively impacted portfolio retention and profitability* . . . ."<br><br>**Irrelevant, FRE 402 and Likely to Confuse or Mislead, FRE 403**<br>The statement cited is not relevant to the Class Period alleged.  Statements outside the Class Period are likely to confuse or mislead.<br><br>**Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact.<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted). |
| 6.  **Evidence**:<br>Pl. Adm. No. 10 (citing Ex. E (11/7/17 SEC Form 8-K) at 4); Ex. G (2/21/18 EC Tr.) at 6.<br><br>Offered in Support of SUF No. 6. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter.  *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>**Irrelevant, FRE 402 and Likely to Confuse or Mislead, FRE 403**<br>The statements cited are not relevant to the Class Period alleged.  Statements outside the Class Period are likely to confuse or mislead.<br><br>**Confusing/Misleading Use of the Evidence, FRE 403**<br>None of the evidence which Defendants cite contains the phrase "where Green Dot partners with other companies to develop their own |

- 6 -

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | digital banking services to distribute to their customers," and Plaintiffs admitted no such phrase.<br><br>Further, Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an earnings call transcript, and otherwise deny Defendants' RFA.<br><br>**Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact.<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted).<br><br>**Best Evidence Rule, FRE 1002**<br>Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s). Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |
| 7. **Evidence**:<br>Ex. F (11/7/17 EC Tr.) at 4.<br><br>Offered in Support of SUF No. 7. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter. *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>**Irrelevant, FRE 402 and Likely to Confuse or Mislead, FRE 403** |

- 7 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | The statement cited is not relevant to the Class Period alleged.  Statements outside the Class Period are likely to confuse or mislead.<br><br>**Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact.<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'"  *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted). |
| 8.  **Evidence**:<br>Ex. F (11/7/17 EC Tr.) at 4-5.<br><br>Offered in Support of SUF No. 8. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter.  *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>**Irrelevant, FRE 402 and Likely to Confuse or Mislead, FRE 403**<br>The statements cited are not relevant to the Class Period alleged.  Statements outside the Class Period are likely to confuse or mislead.<br><br>**Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact.<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'"  *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted). |
| 9.  **Evidence**: | **Rule of Completeness, FRE 106** |

- 8 -

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| Ex. G (2/21/18 EC Tr.) at 18-19.<br><br>Offered in Support of SUF No. 9. | The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter. *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>**Irrelevant, FRE 402 and Likely to Confuse or Mislead, FRE 403**<br>The statement cited is not relevant to the Class Period alleged.  Statements outside the Class Period are likely to confuse or mislead.<br><br>**Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact.<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted). |
| 10.  **Evidence**:<br>Ex. G (2/21/18 EC Tr.) at 16.<br><br>Offered in Support of SUF No. 10. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter. *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>**Irrelevant, FRE 402 and Likely to Confuse or Mislead, FRE 403**<br>The statement cited is not relevant to the Class Period alleged.  Statements outside the Class Period are likely to confuse or mislead. |

- 9 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
| --- | --- |
| | **Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact.<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted). |
| 11.  **Evidence**:<br>Pl. Adm. No. 8 (citing Ex. G (2/21/18 EC Tr.) at 9).<br><br>Offered in Support of SUF No. 11. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter. *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>**Irrelevant, FRE 402 and Likely to Confuse or Mislead, FRE 403**<br>The statement cited is not relevant to the Class Period alleged.  Statements outside the Class Period are likely to confuse or mislead.<br><br>**Confusing/Misleading Use of the Evidence, FRE 403**<br>Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an earnings call transcript, and otherwise deny Defendants' RFA.<br><br>**Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact.<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, |

- 10 -

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted).<br><br>**Best Evidence Rule, FRE 1002**<br>Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s).  Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |
| 12.  **Evidence**:<br>Pl. Adm. No. 5 (citing Ex. G (2/21/18 EC Tr.) at 5).<br><br>Offered in Support of SUF No. 12. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter. *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>**Irrelevant, FRE 402 and Likely to Confuse or Mislead, FRE 403**<br>The statement cited is not relevant to the Class Period alleged.  Statements outside the Class Period are likely to confuse or mislead.<br><br>**Confusing/Misleading Use of the Evidence, FRE 403**<br>Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an earnings call transcript, and otherwise deny Defendants' RFA: In our Account Services segment, organic growth and total active accounts increased for the second consecutive quarter, growing by 4.5% year-over-year despite a tougher year-ago comp, with active accounts receiving direct deposit, growing by 21% in the quarter.  This continuing long-term portfolio mix shift towards higher lifetime value |

- 11 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | accounts helped push organic Account Services gross dollar volume or GDV flowing through our programs up by 17%, marking the eighth successive quarter of year-over-year growth in organic GDV.  The above quote from Plaintiffs' Admissions contains no information about Green Dot's total number of active accounts.<br><br>**Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact.<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'"  *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted).<br><br>**Best Evidence Rule, FRE 1002**<br>Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s).  Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |
| 13.  **Evidence**:<br>Pl. Adm. No. 7 (citing Ex. G (2/21/18 EC Tr.) at 16).<br><br>Offered in Support of SUF No. 13. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter.  *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>**Irrelevant, FRE 402 and Likely to Confuse or Mislead, FRE 403** |

- 12 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
| --- | --- |
| | The statement cited is not relevant to the Class Period alleged.  Statements outside the Class Period are likely to confuse or mislead.<br><br>**Confusing/Misleading Use of the Evidence, FRE 403**<br><br>Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an earnings call transcript, and otherwise deny Defendants' RFA.<br><br>Defendants' RFA No. 7 does not include or even reference the quoted language from SUF No. 13.<br><br>**Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact.<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'"  *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted).<br><br>**Best Evidence Rule, FRE 1002**<br>Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s).  Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |
| 14.  **Evidence**:<br>Pl. Adm. No. 5 (citing Ex. G (2/21/18 EC Tr.) at 5). | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter.  *See,* |

- 13 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| Offered in Support of SUF No. 14. | *e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>**Irrelevant, FRE 402 and Likely to Confuse or Mislead, FRE 403**<br>The statement cited is not relevant to the Class Period alleged.  Statements outside the Class Period are likely to confuse or mislead.<br><br>**Confusing/Misleading Use of the Evidence, FRE 403**<br>Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an earnings call transcript, and otherwise deny Defendants' RFA.<br><br>**Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact.<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted).<br><br>**Best Evidence Rule, FRE 1002**<br>Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s).  Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |
| 15. **Evidence**:<br>Ex. G (2/21/18 EC Tr.) at 4. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be |

- 14 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| Offered in Support of SUF No. 15[]. | considered in isolation from other market communications on the subject matter.  *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>**Irrelevant, FRE 402 and Likely to Confuse or Mislead, FRE 403**<br>The statement cited is not relevant to the Class Period alleged.  Statements outside the Class Period are likely to confuse or mislead.<br><br>**Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact.<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'"  *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted). |
| 16.  **Evidence**:<br>Pl. Adm. No. 6 (citing Ex. G (2/21/18 EC Tr.) at 6).<br><br>Offered in Support of SUF No. 16. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter.  *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>Defendants leave out the very next sentence where Streit states: "***The portfolio mix shift towards direct deposit customers has positively impacted portfolio retention and profitability* . . . .**"<br><br>**Irrelevant, FRE 402 and Likely to Confuse or Mislead, FRE 403** |

- 15 -

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | The statement cited is not relevant to the Class Period alleged.  Statements outside the Class Period are likely to confuse or mislead.

**Confusing/Misleading Use of the Evidence, FRE 403**
Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an earnings call transcript, and otherwise deny Defendants' RFA.

**Improper Opinion of Law, FRE 701**
Defendants improperly assert a legal conclusion as fact.

"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'"  *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted).

**Best Evidence Rule, FRE 1002**
Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s).  Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |
| 17.  **Evidence**:
Pl. Adm. No. 7 (citing Ex. G (2/21/18 EC Tr.) at 16).

Offered in Support of SUF No. 17. | **Rule of Completeness, FRE 106**
The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter.  *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market). |

- 16 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | Streit's statement was: "But the new ads we put in are becoming more and more material, which is, in part, why we're looking at different accounting presentations for next year."  There are no references to the newer products and services.  It is unclear what "ads" Streit was referring to.<br><br>**Irrelevant, FRE 402 and Likely to Confuse or Mislead, FRE 403**<br>The statement cited is not relevant to the Class Period alleged.  Statements outside the Class Period are likely to confuse or mislead.<br><br>**Confusing/Misleading Use of the Evidence, FRE 403**<br>Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an earnings call transcript, and otherwise deny Defendants' RFA.<br><br>**Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact.<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted).<br><br>**Best Evidence Rule, FRE 1002**<br>Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s).  Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |

- 17 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| 18. **Evidence**:<br>Pl. Adm. No. 14 (citing Ex. G (2/21/18 EC Tr.) at 7).<br><br>Offered in Support of SUF No. 18. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter. *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>**Irrelevant, FRE 402 and Likely to Confuse or Mislead, FRE 403**<br>The statement cited is not relevant to the Class Period alleged. Statements outside the Class Period are likely to confuse or mislead.<br><br>**Confusing/Misleading Use of the Evidence, FRE 403**<br>Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an earnings call transcript, and otherwise deny Defendants' RFA.<br><br>**Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact.<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted).<br><br>**Best Evidence Rule, FRE 1002**<br>Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s). Plaintiffs never admitted anything was effectively "disclosed," only that certain |

- 18 -

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | words appeared in specific additional-referenced documents. |
| 19.  **Evidence**: Pl. Adm. No. 2 (citing Ex. H (2/27/18 SEC Form 10-K) at 13). <br><br> Offered in Support of SUF No. 19. | **Rule of Completeness, FRE 106** <br> The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter.  *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market). <br><br> The alleged fact elides certain information making the undisputed "fact" incomplete. Defendants fail to mention that the quoted language appears in a risk factor that reads in its entirety: "Moreover, new products and services may not be profitable, and even if they are profitable, operating margins for new products and services may not be as high as the margins we have experienced in the past." <br><br> Read in its entirety, the statement is clearly meant as a disclosure of risk and not as a description of present fact. <br><br> **Irrelevant, FRE 402 and Likely to Confuse or Mislead, FRE 403** <br> The statement cited is not relevant to the Class Period alleged.  Statements outside the Class Period are likely to confuse or mislead. <br><br> **Confusing/Misleading Use of the Evidence, FRE 403** <br> Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an SEC filing, and otherwise deny Defendants' RFA. <br><br> **Improper Opinion of Law, FRE 701** <br> Defendants improperly assert a legal conclusion as fact. |

- 19 -

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | "Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted). <br><br> **Best Evidence Rule, FRE 1002** <br> Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s).  Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |
| 20. **Evidence**: <br> Pl. Adm. No. 32 (citing Ex. I (5/9/18 EC Tr.) at 7). <br><br> Offered in Support of SUF No. 20. | **Rule of Completeness, FRE 106** <br> The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter.  *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market). <br><br> The quoted language leaves out the two immediately previous sentences where Defendants told investors: "Of course, in our business, attracting and retaining the right kinds of customers is actually more important than the number of active customers in and of itself.  Specifically, we have previously shared that a ***direct deposit customer typically has a meaningfully higher lifetime value*** than accounts that do not receive direct deposit." <br><br> **Confusing/Misleading Use of the Evidence, FRE 403** |

- 20 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an earnings call transcript, and otherwise deny Defendants' RFA.<br><br>**Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact.<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted).<br><br>**Best Evidence Rule, FRE 1002**<br>Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s).  Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |
| 21.  **Evidence**:<br>Pl. Adm. No. 33 (citing Ex. I (5/9/18 EC Tr.) at 5).<br><br>Offered in Support of SUF No. 21. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter.  *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>The quoted language leaves out the two immediately previous sentences where Defendants told investors: "Of course, in our business, attracting and retaining the right kinds of customers is actually more important than the number of active customers in and of itself. |

- 21 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | Specifically, we have previously shared that a ***direct deposit customer typically has a meaningfully higher lifetime value*** than accounts that do not receive direct deposit." **Confusing/Misleading Use of the Evidence, FRE 403** Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an earnings call transcript, and otherwise deny Defendants' RFA. **Improper Opinion of Law, FRE 701** Defendants improperly assert a legal conclusion as fact. "Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted). **Best Evidence Rule, FRE 1002** Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s).  Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |
| 22.  **Evidence**: Pl. Adm. No. 34 (citing Ex. I (5/9/18 EC Tr.) at 5). Offered in Support of SUF No. 22. | **Rule of Completeness, FRE 106** The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter.  *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market). |

- 22 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | In the immediately subsequent paragraph, Streit states: "While a good percentage of that growth came from our new Banking-as-a-Service programs, the majority or 62% of that growth came from our own established branded programs, illustrating ***the tremendous success we're having across our various product lines, both new and established***." **Confusing/Misleading Use of the Evidence, FRE 403** Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an earnings call transcript, and otherwise deny Defendants' RFA. **Improper Opinion of Law, FRE 701** Defendants improperly assert a legal conclusion as fact. "Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted). **Best Evidence Rule, FRE 1002** Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s).  Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |
| 23.  **Evidence**: Pl. Adm. No. 35 (citing Ex. I (5/9/18 EC Tr.) at 9). | **Rule of Completeness, FRE 106** The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter. *See,* |

- 23 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| Offered in Support of SUF No. 23. | *e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br>**Confusing/Misleading Use of the Evidence, FRE 403**<br>Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an earnings call transcript, and otherwise deny Defendants' RFA.<br><br>**Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact.<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted).<br><br>**Best Evidence Rule, FRE 1002**<br>Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s).  Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |
| 24.  **Evidence**:<br>Pl. Adm. No. 40 (citing Ex. I (5/9/18 EC. Tr.) at 10).<br><br>Offered in Support of SUF No. 24. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter. *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market). |

- 24 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | **Confusing/Misleading Use of the Evidence, FRE 403**<br>Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an earnings call transcript, and otherwise deny Defendants' RFA.<br><br>**Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact.<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted).<br><br>**Best Evidence Rule, FRE 1002**<br>Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s). Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |
| 25. **Evidence**:<br>Pl. Adm. No. 38 (citing Ex. I (5/9/18 EC Tr.) at 4).<br><br>Offered in Support of SUF No. 25. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter. *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>For accuracy and completeness, in the complete sentence, Streit states: "As we shared in our last call, we expected that the newer branded product lines and the large-scale Banking-as-a- |

- 25 -

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | Service program launches that were expected to contribute material revenue growth in the quarter would have a much lower contribution margin than our established product lines and that is exactly what happened, causing consolidated margins to compress somewhat year-over-year, ***with margins on those programs expected to expand over future periods as those programs scale***." **Confusing/Misleading Use of the Evidence, FRE 403** Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an earnings call transcript, and otherwise deny Defendants' RFA. **Improper Opinion of Law, FRE 701** Defendants improperly assert a legal conclusion as fact. "Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted). **Best Evidence Rule, FRE 1002** Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s).  Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |
| 26.  **Evidence**: Pl. Adm. No. 43 (citing Ex. J (5/9/18 Deutsche Bank Analyst Report) at 1). | **Rule of Completeness, FRE 106** The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market |

- 26 -

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| Offered in Support of SUF No. 26. | communications on the subject matter. *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>For accuracy and completeness, in the complete sentence, Deutsche Bank states: "EBITDA margins declined y-o-y in 1Q18 and came in below expectations and company guided to 2Q18 EBITDA significantly below street estimates potentially due to lower contribution margin for new programs; *however, the company expects 100bps of EBITDA margin expansion for FY18 driven by operating leverage in 2H18.  GDOT also raised the full year guidance by the 1Q18 beat*."<br><br>**Confusing/Misleading Use of the Evidence, FRE 403**<br>Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an analyst report, and otherwise deny Defendants' RFA.<br><br>**Best Evidence Rule, FRE 1002**<br>Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s).  Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |
| 27.  **Evidence**:<br>Ex. K (5/10/18 SEC Form 10-Q) at 29; Ex. Y (5/9/19 SEC Form 10-Q) at 27.<br><br>Offered in Support of SUF No. 27. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter. *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact |

- 27 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | must consider "'total mix of information'" communicated to market).<br><br>**Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact.<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted). |
| 28. **Evidence**:<br>Pl. Adm. No. 29 (citing Ex. K (5/10/18 SEC Form 10-Q) at 29).<br><br>Offered in Support of SUF No. 28. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter. *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>**Confusing/Misleading Use of the Evidence, FRE 403**<br>Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an SEC filing, and otherwise deny Defendants' RFA.<br><br>**Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact.<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted).<br><br>**Best Evidence Rule, FRE 1002** |

- 28 -

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s).  Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |
| 29.  **Evidence**: Pl. Adm. No. 55 (citing Ex. L (5/10/18 Morgan Stanley Analyst Report) at 2). Offered in Support of SUF No. 29. | **Rule of Completeness, FRE 106** The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter.  *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market). For accuracy and completeness, in the complete sentence, Morgan Stanley states: "GDOT's adjusted EBITDA margins compressed 240 bps YoY during the quarter due to mix shift towards newer branded product lines and BaaS program launches that come with upfront expenses. Margins are expected to remain pressured in 2Q, but ***should expand notably (>350bps YoY) in 2H as some of these programs start to scale***, combined with leverage on SG&A expenses." **Confusing/Misleading Use of the Evidence, FRE 403** Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an analyst report, and otherwise deny Defendants' RFA. **Best Evidence Rule, FRE 1002** Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those |

- 29 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | document(s).  Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |
| 30.  **Evidence**: Pl. Adm. No. 26 (citing Ex. K (5/10/18 SEC Form 10-Q) at 28).<br><br>Offered in Support of SUF No. 30. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter.  *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>For accuracy and completeness, in the following sentence, Green Dot states: "***In the second half of 2018, we expect the revenue growth from our established product lines, as well as the maturation of our new products will offset the unfavorable mix impact in the first quarter***."<br><br>**Confusing/Misleading Use of the Evidence, FRE 403**<br>Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an SEC filing, and otherwise deny Defendants' RFA.<br><br>**Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact.<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'"  *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted).<br><br>**Best Evidence Rule, FRE 1002** |

- 30 -

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
|  | Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s).  Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |
| 31.  Omitted. |  |
| 32.  **Evidence**: Ex. M (5/16/18 JP Morgan Conf. Tr.) at 10.<br><br>Offered in Support of SUF No. 32. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter.  *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>For accuracy and completeness, in the preceding sentence, Shifke states: "In 2017, we ***were up 140 bps in margin expansion, and this year, launching the BaaS program, growing as we've said, we're still targeting 100 bps of margin expansion***."<br><br>**Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact.<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'"  *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted). |
| 33.  **Evidence**: Pl. Adm. No. 40 (citing Ex. I (5/9/18 EC. Tr.) at 4, 7, 23). | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market |

- 31 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| Offered in Support of SUF No. 33. | communications on the subject matter.  *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>In order to sew together the Frankenstein sentence that Defendants supposedly "disclosed," Defendants leave out the following statements, that lead investors in the opposite direction of these supposed disclosures:<br><br>"[T]hat is exactly what happened, causing consolidated margins to compress somewhat year-over-year, with ***margins on those programs expected to expand over future periods as those programs scale***."  Ex. I at 4.<br><br>"While Q1 margins declined for good reasons, as we just discussed, ***we're anticipating year-over-year margin expansion for the full year***."  *Id.* at 8.<br><br>"[F]or the BaaS cards ***to equal in revenue they'd have to be mostly direct deposit, which so far, they've been***."  *Id.* at 23.<br><br>**Confusing/Misleading Use of the Evidence, FRE 403**<br>Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an earnings call transcript, and otherwise deny Defendants' RFA.<br><br>Further, Defendants claim that Plaintiffs' Response, which only contains one paragraph in addition to numerous evidentiary objections, supports their alleged fact, which somehow spans 20 pages of text not referred to or included in either the RFA or the Response.<br><br>**Compound, FRE 403** |

- 32 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | Defendants make egregious use of the ellipsis, creating one incomprehensible sentence out of *20 pages of text* containing disparate information about separate programs, initiatives, and Green Dot business lines.<br><br>**Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted).<br><br>**Best Evidence Rule, FRE 1002**<br>Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s).  Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |
| 34.  **Evidence**:<br>Pl. Adm. No. 65 (citing Ex. N (7/10/18 Jefferies Group LLC Analyst Report) at 3).<br><br>Offered in Support of SUF No. 34. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter.  *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>For accuracy and completeness, in the following bullet on the same report, Jefferies states: "*BaaS is fundamentally transforming the business – driving revenue and margin upside*.  We think the BaaS platform is a key |

- 33 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | driver at Green Dot. . . .  At scale, we see BaaS driving recurring revenues off a largely fixed cost base, with ***correspondingly high incremental margins***." **Confusing/Misleading Use of the Evidence, FRE 403** Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an analyst report, and otherwise deny Defendants' RFA. **Best Evidence Rule, FRE 1002** Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s).  Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |
| 35.  **Evidence**: Pl. Adm. No. 76 (citing Ex. O (8/8/18 EC Tr.) at 5). Offered in Support of SUF No. 35. | **Rule of Completeness, FRE 106** The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter.  *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market). **Confusing/Misleading Use of the Evidence, FRE 403** Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an earnings call transcript, and otherwise deny Defendants' RFA. **Improper Opinion of Law, FRE 701** Defendants improperly assert a legal conclusion as fact. |

- 34 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | "Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted).<br><br>**Best Evidence Rule, FRE 1002**<br>Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s).  Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |
| 36.  **Evidence**:<br>Pl. Adm. No. 75 (citing Ex. O (8/8/18 EC Tr.) at 12).<br><br>Offered in Support of SUF No. 36. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter.  *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>For accuracy and completeness, in the following sentence, Shifke states: "***[B]y definition, you'll have more revenue per active on the direct deposit customers than you will on your one-and-dones***."  Immediately after that answer, Streit continues: "What we've seen is that ***more accounts and more revenue per account***, because revenue is driven primarily by spend and retention."<br><br>**Confusing/Misleading Use of the Evidence, FRE 403**<br>Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an |

- 35 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | earnings call transcript, and otherwise deny Defendants' RFA.<br><br>**Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact.<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted).<br><br>**Best Evidence Rule, FRE 1002**<br>Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s).  Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |
| 37.  **Evidence**:<br>Pl. Adm. No. 74 (citing Ex. P (8/9/18 SEC Form 10-Q) at 30); Ex. P (8/9/18 SEC Form 10-Q) at 44.<br><br>Offered in Support of SUF No. 37. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter.  *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>Defendants fail to mention that the second portion of quoted language appears in a risk factor that reads in its entirety: "Moreover, new products and services may not be profitable, and even if they are profitable, operating margins for new products and services may not be as high as the margins we have experienced in the past." |

- 36 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | Read in its entirety, the statement is clearly meant as a disclosure of risk and not as a description of present fact.<br><br>**Confusing/Misleading Use of the Evidence, FRE 403**<br>Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an SEC filing, and otherwise deny Defendants' RFA.<br><br>**Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact.<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted).<br><br>**Best Evidence Rule, FRE 1002**<br>Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s).  Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |
| 38.  **Evidence**:<br>Pl. Adm. No. 99 (citing Ex. Q (11/7/18 EC Tr.) at 6).<br><br>Offered in Support of SUF No. 38. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter. *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market). |

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | Defendants avoid the subsequent statement from Shifke that: "This performance is a result of *improving margin flow-through on some of our new BaaS programs* and the continuing trend of *dramatically improving margins on our established product lines*, on top of an increasingly efficient, high-scale operating platform." **Confusing/Misleading Use of the Evidence, FRE 403** Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an earnings call transcript, and otherwise deny Defendants' RFA. **Improper Opinion of Law, FRE 701** Defendants improperly assert a legal conclusion as fact. "Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted). **Best Evidence Rule, FRE 1002** Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s). Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |
| 39. **Evidence**: Pl. Adm. No. 100 (citing Ex. Q (11/7/18 EC Tr.) at 6). | **Rule of Completeness, FRE 106** The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter. *See,* |

- 38 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| Offered in Support of SUF No. 39. | *e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market). <br><br> Defendants avoid the subsequent statement from Shifke that: "This performance is a result of ***improving margin flow-through on some of our new BaaS programs*** and the continuing trend of ***dramatically improving margins on our established product lines***, on top of an increasingly efficient, high-scale operating platform." <br><br> **Confusing/Misleading Use of the Evidence, FRE 403** <br> Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an earnings call transcript, and otherwise deny Defendants' RFA. <br><br> **Improper Opinion of Law, FRE 701** <br> Defendants improperly assert a legal conclusion as fact <br><br> "Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted). <br><br> **Best Evidence Rule, FRE 1002** <br> Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s).  Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |

- 39 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| 40. **Evidence**: Pl. Adm. No. 102 (citing Ex. Q (11/7/18 EC Tr.) at 11). <br><br> Offered in Support of SUF No. 40. | **Rule of Completeness, FRE 106** <br> The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter.  *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market). <br><br> Defendants avoid Streit's answer to Mr. Napoli's question: "The percentage of people who acquire our accounts now are far more likely to reload and when they reload, ***they're far more likely to do it through electronic means, meaning direct deposit.  And that does mean more revenue per card***.  That is real, and is a trend we see continuing." <br><br> **Confusing/Misleading Use of the Evidence, FRE 403** <br> Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an earnings call transcript, and otherwise deny Defendants' RFA. <br><br> **Best Evidence Rule, FRE 1002** <br> Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s).  Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |
| 41. **Evidence**: Pl. Adm. No. 109 (citing Ex. R (11/7/18 Deutsche Bank Analyst Report) at 1). | **Rule of Completeness, FRE 106** <br> The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter.  *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th |

- 40 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| Offered in Support of SUF No. 41. | Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market). **Confusing/Misleading Use of the Evidence, FRE 403** Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an analyst report, and otherwise deny Defendants' RFA. **Best Evidence Rule, FRE 1002** Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s).  Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |
| 42.  **Evidence**: Ex. Q (11/7/18 EC Tr.) at 17. Offered in Support of SUF No. 42. | **Rule of Completeness, FRE 106** The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter.  *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market). Defendants avoid the immediately subsequent statement from Streit: "And then [Shifke] said – prognosticated that *as we got into the second half of the year, we'd have margin expansion that seemed pretty large* because as those accounts age, they'd throw off margin because you're not paying the onetime cost of acquisition as you did in Q1 and Q2.  And at the time, if you remember some investors, appropriately, were nervous said, 'Wow, that's a lot of margin expansion in the second half. |

- 41 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | Can you really pull that off?'  And I thought, Mark, you eloquently described almost an abridged slide kind of way how ***you could make margin on each of those components increasing over time.  And I think it's played out exactly as you called it and so the margin expansion, maybe more than we expected, is there because we're getting margin from most of our business lines***.  There may be some new products we're not so I can't be overly specific, not because I'm hiding it." <br><br> Further, Defendants elide the fact that the analyst's question was specifically trying to get clarity from Streit on margins on BaaS programs – in opposition to Defendants' Uncontroverted Fact No. 40 which claims that analysts had all the information they needed. <br><br> **Improper Opinion of Law, FRE 701** <br> Defendants improperly assert a legal conclusion as fact. <br><br> "Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'"  *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted). |
| 43.  **Evidence**: <br> Pl. Adm. No. 103 (citing Ex. S (11/7/18 William Blair & Co. Analyst Report) at 1-2). <br><br> Offered in Support of SUF No. 43. | **Rule of Completeness, FRE 106** <br> The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter.  *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market). <br><br> For accuracy and completeness, the subsequent sentence states: "Further growth of direct |

- 42 -

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
| --- | --- |
| | deposit customers is very supportive of margins over time," indicating that Defendants had successfully misled analysts into believing that direct deposit customers had better margins.<br><br>**Confusing/Misleading Use of the Evidence, FRE 403**<br>Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an analyst report, and otherwise deny Defendants' RFA.<br><br>**Best Evidence Rule, FRE 1002**<br>Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s).  Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |
| 44.  **Evidence**:<br>Ex. T (11/8/18 SEC Form 10-Q) at 46.<br><br>Offered in Support of SUF No. 44. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter.  *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>Defendants fail to mention that the quoted language appears in a risk factor that reads in its entirety: "Moreover, new products and services may not be profitable, and even if they are profitable, operating margins for new products and services may not be as high as the margins we have experienced in the past." |

- 43 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | Read in its entirety, the statement is clearly meant as a disclosure of risk and not as a description of present fact.<br><br>**Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact.<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted). |
| 45.  **Evidence**:<br>Pl. Adm. No. 118 (citing Ex. U (2/20/19 EC Tr.) at 5).<br><br>Offered in Support of SUF No. 45. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter.  *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>Defendants avoid the immediately subsequent statement from Streit: "While *the mix shift towards direct deposit and more engaged customers is clearly better for profitability and growth*, the lower churn also means fewer accounts issued to short-term customers, which weighs down on unit sales and therefore the quarterly active account metric."<br><br>**Confusing/Misleading Use of the Evidence, FRE 403**<br>Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an earnings call transcript, and otherwise deny Defendants' RFA.<br><br>**Improper Opinion of Law, FRE 701** |

- 44 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
|  | Defendants improperly assert a legal conclusion as fact.<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted).<br><br>**Best Evidence Rule, FRE 1002**<br>Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s).  Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |
| 46.  **Evidence**:<br>Ex. U (2/20/19 EC Tr.) at 5.<br><br>Offered in Support of SUF No. 46. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter.  *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>Defendants avoid providing the information in context.  In the immediately subsequent statement, Streit stated: In our Account Services segment, total revenue in that segment increased by 11% to $200 million with 5.34 million quarterly active accounts up around 1% year-over-year. ***Our key metrics for the portfolio's health and vibrancy continue to be extremely strong***, specifically the number of active accounts receiving direct deposit grew by 10% year-over-year and purchase volume grew |

- 45 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | up by a very large 11% year-over-year to a new Q4 record of $6 billion.<br><br>**Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact.<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted). |
| 47.  **Evidence**:<br>Pl. Adm. No. 121 (citing Ex. V (2/20/19 Cowen & Co. Analyst Report) at 1).<br><br>Offered in Support of SUF No. 47. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter.  *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>**Confusing/Misleading Use of the Evidence, FRE 403**<br>Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an analyst report, and otherwise deny Defendants' RFA.<br><br>**Best Evidence Rule, FRE 1002**<br>Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s).  Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |

- 46 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| 48. **Evidence**:<br>Pl. Adm. No. 137 (citing Ex. X (5/8/19 EC Tr.) at 5).<br><br>Offered in Support of SUF No. 48. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter. *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>In a subsequent paragraph, Streit says: "While these legacy nondirect deposit customers and especially the nonreloading ***one-and-done customers that are within that segment are not our best customers by a long shot***, those accounts still generate revenue for us at a better-than-average contribution margin.  So while the ***decline in this low-value active component isn't in and of itself a long-term strategic problem, it is a short-term headwind*** to overall segment revenue since revenue is revenue and declining actives in any segment means less revenue."<br><br>**Confusing/Misleading Use of the Evidence, FRE 403**<br>Defendants cite to Plaintiffs' Responses, which only state that certain words appear in an earnings call transcript, and otherwise deny Defendants' RFA.<br><br>**Improper Opinion of Law, FRE 701**<br>Defendants improperly assert a legal conclusion as fact.<br><br>"Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted).<br>**Best Evidence Rule, FRE 1002** |

- 47 -

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | Plaintiffs respectfully request that the Court inspect the actual words employed in Plaintiffs' Responses and disregard Defendants' mischaracterization of the contents of those document(s). Plaintiffs never admitted anything was effectively "disclosed," only that certain words appeared in specific additional-referenced documents. |
| 49. **Evidence**: Ex. AA (11/7/19 SEC Form 8-K) at 6.<br><br>Offered in Support of SUF No. 49. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter. *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>**Confusing/Misleading Use of the Evidence, FRE 403; Best Evidence Rule**, **FRE 1002**<br>Defendants' third column appears nowhere on the cited evidence, which is solely a list of account numbers per quarter.<br><br>**Relevance, Inadequate Foundation, FRE 401**<br>Purported "disclosures" buried in a chart dated November 7, *2019*, have no relevance whatsoever in purportedly neutralizing or explaining false and misleading market communications that occurred continuously beginning more than a year-and-a-half earlier in May *2018*.<br><br>**Improper Lay Witness Opinion Testimony 701(c); Inadequate Foundation for Expert Opinion FRE 702-705**<br><br>Purportedly extrapolated percentage-change trends in the cumulative metric "number of active accounts" does not, standing alone and without adequate explanation by a qualified |

- 48 -

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
|---|---|
| | expert subject to cross-examination, materially inform investors about the health and growth of gross revenue, margins, and/or profitability of any one particular segment of a company's operations. |
| 50.  **Evidence**: Ex. W (2/26/19 SEC Form 10-K) at 31; Ex. Y (5/9/19 SEC Form 10-Q) at 2; Ex. Z (8/9/19 SEC Form 10-Q) at 2; Ex. AA (11/7/19 SEC Form 8-K) at 12.<br><br>Offered in Support of SUF No. 50. | **Rule of Completeness, FRE 106**<br>The selected and edited passage cannot, in fairness and under the substantive law, be considered in isolation from other market communications on the subject matter.  *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citation omitted) (finder-of-fact must consider "'total mix of information'" communicated to market).<br><br>**Relevance, Inadequate Foundation, FRE 401**<br>Purported "disclosures" buried in line entries in four entirely separate SEC filings spanning nine months from February 26, *2019* through November 7, *2019*, have no relevance whatsoever in purportedly neutralizing or explaining false and misleading market communications that occurred continuously beginning in May *2018*.<br><br>**Confusing/Misleading Use of the Evidence, FRE 403; Best Evidence Rule. 1002**<br>Defendants' third column appears nowhere on the cited evidence, which is just a list of account numbers per quarter.  Further, the 4Q 2018 figure appears nowhere in the cited evidence, despite Defendants' four different documents.<br><br>**Improper Lay Witness Opinion Testimony; Inadequate Foundation for Expert Opinion FRE 701(c), 702-705**<br><br>Purportedly extrapolated percentage-change trends in the cumulative metric "Card Revenues and Other Fees" does not, standing alone and without adequate explanation by a qualified |

- 49 -

4933-3394-1070.v2

| EVIDENCE SUPPORTING DEFENDANTS' ALLEGED UNCONTROVERTED FACTS | PLAINTIFFS' EVIDENTIARY OBJECTION(S) |
| --- | --- |
| | expert subject to cross-examination, materially inform investors about the health and growth of gross revenues, margins, and/or profitability of any one particular segment of a company's operations. **Improper Opinion of Law, FRE 701** Defendants improperly assert a legal conclusion as fact. "Generally, 'whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'" *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (citations omitted). |

DATED:  July 3, 2025

ROBBINS GELLER RUDMAN
  & DOWD LLP
DEBRA J. WYMAN
JESSICA T. SHINNEFIELD
CHRISTOPHER R. KINNON
MATTHEW J. BALOTTA
JOHN M. KELLEY
RACHEL C. BRABY

s/ Christopher R. Kinnon
CHRISTOPHER R. KINNON

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

PITTA LLP
VINCENT F. PITTA
120 Broadway, 28th Floor
New York, NY  10271
Telephone: 212/652-3890
212/652-3891 (fax)

Additional Counsel for Plaintiffs

- 50 -

4933-3394-1070.v2