ROBBINS GELLER RUDMAN
  & DOWD LLP
DEBRA J. WYMAN (190812)
JESSICA T. SHINNEFIELD (234432)
CHRISTOPHER R. KINNON (316850)
MATTHEW J. BALOTTA (310303)
JOHN M. KELLEY (339965)
RACHEL C. BRABY (356720)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com
jshinnefield@rgrdlaw.com
ckinnon@rgrdlaw.com
mbalotta@rgrdlaw.com
jkelley@rgrdlaw.com
rbraby@rgrdlaw.com

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GREEN DOT CORPORATION SECURITIES LITIGATION | Case No. 2:19-cv-10701-FLA (Ex) |
| | CLASS ACTION |
| | PLAINTIFFS' OPPOSITION TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |
| | DATE:       July 18, 2025 |
| | TIME:       Taken Under Submission |
| | JUDGE:     Fernando L. Aenlle-Rocha |

4899-5582-2418.v1

New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund and Teamsters Local Union No. 727 Pension Fund (collectively, "Plaintiffs") respectfully submit this opposition to Green Dot Corporation, Steven W. Streit, and Mark Shifke's (collectively "Defendants") Request for Judicial Notice in Support of Defendants' Motion for Partial Summary Judgment ("RJN") (ECF 180-3).

## I.    INTRODUCTION

Plaintiffs have no quarrel with Defendants' assertion that Federal Rule of Evidence 201(b) permits the Court to take judicial notice of facts that "'can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.'" RJN at 1 (quoting Fed. R. Evid. 201(b)).  "But accuracy is only part of the inquiry under Rule 201(b)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).  As this Court has held, "courts may take judicial notice of '***undisputed*** matters of public record,' but generally may not take judicial notice of '***disputed*** facts stated in public records.'" *McFall v. Perrigo Co.*, 2021 WL 2327936, at *2 (C.D. Cal. Apr. 15, 2021) (emphasis in original) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)).  As such, "[i]f the content of the document is subject to varying interpretations, then there is no fact 'not subject to reasonable dispute,' and the fact does not qualify for judicial notice." *Id.* (quoting *Khoja*, 899 F.3d at 1000).

Defendants ignore this part of the inquiry.  They also fail to acknowledge this Court's decisions, and the controlling Ninth Circuit authority, requiring that there be no dispute about the facts for which judicial notice is sought.  Here, each of the statements that Defendants ask this Court to judicially notice is hotly disputed.  Thus, Defendants' RJN should be denied.

## II.    JUDICIAL NOTICE IS IMPROPER

Defendants ask the Court to judicially notice that certain documents – SEC filings, earnings call transcripts and analyst reports – "exist[]" and "contain" certain

4899-5582-2418.v1

statements. RJN at 2-5. Defendants' seemingly innocuous request is not what it appears to be. While claiming they are not asking the Court to "assess the accuracy of the statements, the mental states of the speakers, any reliance on the statements by investors," (RJN at 2, 4), this is precisely what they are asking the Court to do with this information in their Motion for Partial Summary Judgment ("Motion" or "MSJ") (ECF 180-1). *See, e.g.*, Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment ("MSJ Opp."), filed herewith, at 16-23. Defendants use the statements in these documents as evidence that they disclosed, and the market understood, the information Plaintiffs claim was concealed, and as a result, the alleged statements Plaintiffs claim are false or misleading are not so, are not material, and by implication, could not have caused the claimed losses. *Id.* Indeed, according to Defendants, "[t]he mere fact of disclosure, standing alone, contradicts many of the critical allegations underpinning Plaintiffs' Section 10(b) claim." RJN at 1. This is an incorrect statement of the law, and lays bare Defendants' true, improper intention in seeking judicial notice. *See, e.g.*, *Kaplan v. Rose*, 49 F.3d 1363, 1377 (9th Cir. 1995) (citations omitted) (finder-of-fact must consider "'total mix of information'" communicated to market to determine if market informed of information).

**SEC Filings**. Defendants ask this Court to judicially notice certain statements in nine of Green Dot's SEC filings. RJN at 2-3. Defendants use this information to bolster their arguments that the market was fully informed about certain "categories of information." MSJ at 17-18. However, to make this showing Defendants must meet a heavy burden of proving that "'the adequacy of the[ir] disclosure[s] [was] so obvious that reasonable minds could not differ.'" *Khoja*, 899 F.3d at 1014 (citation omitted). For a variety of reasons, Plaintiffs dispute that the identified statements in Defendants' SEC filings disclosed any information to investors, let alone were "so obvious that

- 2 -

reasonable minds could not differ," as to what information was being disclosed. *See* PGD 6, 19, 27-28, 30, 37, 44, 49-50; PEO 6, 19, 27-28, 30, 37, 44, 49-50.[1]

Indeed, none of the SEC Filings mentioned any of the "categories of information" that Defendants identify as having been disclosed to the market. MSJ Opp. at 16-22. The "disclosures" that Defendants identify were also contradicted by other misstatements or omissions they made. *See, e.g.*, PGD 27-28, 44; PEO 27-28, 44. And in some cases, investors needed to play detective and piece together information from many documents to arrive at the "disclosure" Defendants contend these documents contain. *See, e.g.*, PGD 50; PEO 50. But the law does not require a reasonable investor to "pore through all prior transcripts of earnings calls . . . or 'connect the dots' in a company's various SEC filings." *SEC v. Mozilo*, 2010 WL 3656068, at *9, *19 (C.D. Cal. Sept. 16, 2010) (holding that "incomplete [disclosures], interspersed with misleading statements, scattered among various SEC filings and earnings calls, and buried in thousands of pages of prospectus supplements" were insufficient to warrant summary judgment).

"It is improper to judicially notice a [document] when the substance of [that document] 'is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes.'" *Khoja*, 899 F.3d at 1000 (quoting *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011)); *see also Ronk v. Hudson*, 2023 WL 9226930, at *1 (C.D. Cal. Nov. 13, 2023), *aff'd*, 2025 WL 502489 (9th Cir. Feb. 14, 2025) (Aenlle-Rocha, J.) (same). The SEC filings Defendants proffer should not be judicially noticed.

**Earnings Call Transcripts**. Defendants also ask the Court to judicially notice twelve earnings call transcripts, which they also use to support their arguments that

---

[1] References to "PGD" are to Plaintiffs' Statement of Genuine Disputes of Material Facts and Statement of Undisputed Facts, filed herewith, and references to "PEO" are to Plaintiffs' Objections to Evidence Proffered in Support of Defendants' Statement of Uncontroverted Facts in Support of Motion for Partial Summary Judgment (ECF 180-2), filed herewith.

- 3 -

certain information was disclosed to the market. RJN at 3-5; MSJ at 17-18. Like the statements in Defendants' SEC filings, the statements in these documents are also disputed for a variety of reasons and do not qualify for judicial notice. PGD 1-18, 20-25, 32-33, 35-36, 38-40, 42, 45-46, 48; PEO 1-18, 20-25, 32-33, 35-36, 38-40, 42, 45-46, 48.

First, half of these earnings call transcripts predate the Class Period, some dating back to 2015, and are irrelevant. *See, e.g.*, *Shapiro v. Matrixx Initiatives, Inc.*, 2011 WL 13047298, at *5 (D. Ariz. Sept. 26, 2011) ("past disclosures do not excuse subsequent misleading statements and omissions"); *see also* PGD 1-18; PEO 1-18.

Second, like the SEC filings, Defendants made other misstatements, or omissions, that contradicted the "disclosures" Defendants identify in the earnings call transcripts. *See, e.g.*, PGD 35, 38, 40, 45; PEO 35, 38, 40, 45. Because what, if anything, these documents disclosed is up for interpretation, judicial notice is improper. *Khoja*, 899 F.3d at 1000 (denying judicial notice of earnings call transcripts where "[r]easonable people could debate what exactly this conference call disclosed"); *Blake v. Canoo, Inc.*, 2022 WL 22919489, at *2 (C.D. Cal. July 19, 2022) (judicial notice is improper when opposing party "raises a reasonable dispute as to what the [document] establishes").

Finally, Defendants contend that Plaintiffs in their Responses and Objections to Defendant Green Dot Corporations' Requests for Admission ("RFA Responses") have admitted the authenticity of the earnings call transcripts. RJN at 4. This is incorrect. Plaintiffs specifically cited *Thomson Reuters*' transcripts in their RFA Responses, not those submitted by Defendants in support of their Motion. *See, e.g.*, ECF 183-6 (Ex. CC) at Response No. 5 ("Plaintiffs admit that the Thomson Reuters transcript of Green Dot's February 21, 2018 Earnings Call for Q4 2017 contains" certain words). At no time during the present litigation have Plaintiffs made any admission of authenticity of the transcripts Defendants have chosen to submit. Because Defendants have not authenticated the earnings call transcripts they have chosen to rely on,

- 4 -

4899-5582-2418.v1

judicial notice is not appropriate. *McFall*, 2021 WL 2327936, at *3 (declining to take judicial notice because defendant "did not authenticate Exhibit D, and the court has no basis to find that this document was obtained from a government website or is what Defendants claim it to be").

**Analyst Reports**. Defendants ask the Court to judicially notice six analyst reports. RJN at 5-6. Like the other categories of documents Defendants seek to have judicially noticed, the "disclosures" in the analyst reports are disputed. PGD 26, 29, 34, 41, 43, 47; PEO 26, 29, 34, 41, 43, 47. In fact, in many instances, the "disclosures" of which Defendants ask this Court to take judicial notice are incomplete quotations from the analyst report, are contradicted by other statements in the same analyst report, are contradicted by other misstatements or omissions made by Defendants, or are talking about a different subject. *See, e.g.*, PGD 26, 34, 41, 43; PEO 26, 34, 41, 43.

Because there is a reasonable dispute about what, if anything, the analyst reports "disclosed," judicial notice is not available. *Khoja*, 899 F.3d at 1000; *Ronk*, 2023 WL 9226930 at *1; *Blake*, 2022 WL 22919489, at * 2.

## III.   CONCLUSION

For these reasons, Defendants' RJN is inappropriate and should be denied.

DATED: July 3, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DEBRA J. WYMAN
JESSICA T. SHINNEFIELD
CHRISTOPHER R. KINNON
MATTHEW J. BALOTTA
JOHN M. KELLEY
RACHEL C. BRABY

s/ Christopher R. Kinnon
_____
CHRISTOPHER R. KINNON

- 5 -

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

PITTA LLP
VINCENT F. PITTA
120 Broadway, 28th Floor
New York, NY  10271
Telephone: 212/652-3890
212/652-3891 (fax)

Additional Counsel for Plaintiffs

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for plaintiffs New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund and Teamsters Local Union No. 727 Pension Fund, certifies that this brief contains 1,526 words, which complies with the word limit of L.R. 11-6.1.

DATED:  July 3, 2025

s/ Christopher R. Kinnon
CHRISTOPHER R. KINNON

- 6 -

4899-5582-2418.v1