ROBBINS GELLER RUDMAN
   & DOWD LLP
DEBRA J. WYMAN (190812)
JESSICA T. SHINNEFIELD (234432)
CHRISTOPHER R. KINNON (316850)
MATTHEW J. BALOTTA (310303)
JOHN M. KELLEY (339965)
RACHEL C. BRABY (356720)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com
jshinnefield@rgrdlaw.com
ckinnon@rgrdlaw.com
mbalotta@rgrdlaw.com
jkelley@rgrdlaw.com
rbraby@rgrdlaw.com

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GREEN DOT CORPORATION SECURITIES LITIGATION | ) ) ) ) | Case No. 2:19-cv-10701-FLA (Ex) <br><br> <u>CLASS ACTION</u> <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO DEFER OR DENY DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d) <br><br> DATE:    August 8, 2025 <br> TIME:    1:30 p.m. <br> JUDGE:   Fernando L. Aenlle-Rocha |

**[REDACTED]**

4905-1606-0754.v1

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................... 1

II.    RELEVANT FACTUAL BACKGROUND ............................................. 2

III.   RULE 56(d) REQUIRES THAT DEFENDANTS' PREMATURE MOTION BE DENIED OR DEFERRED TO ALLOW FOR ADEQUATE DISCOVERY ........................................................................ 5

    A.    Because of Defendants' Delay, Plaintiffs Have Not Had Adequate Opportunity to Complete Necessary Discovery .................. 6

    B.    Defendants' Motion Asserts Fact-Intensive Inquiries on a Woefully Incomplete Factual Record ..................................................... 7

    C.    Discovery Sought by Plaintiffs Is Essential to Opposing Defendants' Motion ....................................................................... 10

IV.    CONCLUSION ................................................................................. 12

4905-1606-0754.v1

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ..........................................................................................6

*Burlington N. Santa Fe R.R. Co. v. Assiniboine*
*& Sioux Tribes of Fort Peck Rsrv.*,
323 F.3d 767 (9th Cir. 2003) ....................................................................6, 7, 10

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ..........................................................................................5

*Doyle v. City of Medford*,
327 F. App'x 702 (9th Cir. 2009)......................................................................6

*Dura Pharms., Inc. v. Broudo*,
544 U.S. 336 (2005) ..........................................................................................9

*Ensource Invs. LLC v. Willis*,
2020 WL 835307 (S.D. Cal. Feb. 19, 2020) ...............................................8, 9

*F.D.I.C. v. Faigin*,
2014 WL 2465145 (C.D. Cal. June 2, 2014)...........................................7, 8, 11

*Fam. Home & Fin. Ctr., Inc. v. Fed. Home*
*Loan Mortg. Corp.*,
525 F.3d 822 (9th Cir. 2008)..............................................................................6

*Fecht v. Price Co.*,
70 F.3d 1078 (9th Cir. 1995).............................................................................8

*Garcia v. J2 Glob., Inc.*,
2021 WL 1558331 (C.D. Cal. Mar. 5, 2021) ....................................................9

*Garret v. City & Cnty. of S.F.*,
818 F.2d 1515 (9th Cir. 1987)..........................................................................10

*In re Gilead Scis. Sec. Litig.*,
536 F.3d 1049 (9th Cir. 2008).............................................................................8

- ii -

4905-1606-0754.v1

**Page**

*JibJab Media, Inc. v. Hyundai Motor Am.*,
2013 WL 3984579 (C.D. Cal. Aug. 1, 2013) .......................................................11

*Lloyd v. CVB Fin. Corp.*,
811 F.3d 1200 (9th Cir. 2016) .........................................................................8, 9

*Old Republic Aerospace, Inc. v. Tamarack Aerospace Grp.*,
2021 WL 2763173 (E.D. Wash. June 30, 2021) ...................................................7

*Provenz v. Miller*,
102 F.3d 1478 (9th Cir. 1996) .............................................................................12

*Ruiz v. Sw. Answering Serv., Inc.*,
2024 WL 5317308 (C.D. Cal. Oct. 16, 2024) .....................................................11

*S.E.C. v. Phan*,
500 F.3d 895 (9th Cir. 2007) .............................................................................8, 9

*S.E.C. v. Todd*,
2006 WL 5201386 (S.D. Cal. Oct. 17, 2006).................................................9, 12

*S.E.C. v. Todd*,
642 F.3d 1207 (9th Cir. 2011) ...............................................................................8

*SolarCity Corp. v. Doria*,
2017 WL 6344828 (S.D. Cal. Dec. 12, 2017) ......................................................7

*Teague v. Alternate Energy Holdings, Inc.*,
2011 WL 6337611 (D. Idaho Dec. 19, 2011).........................................................8

*Turocy v. El Pollo Loco Holdings, Inc.*,
2018 WL 3343493 (C.D. Cal. July 3, 2018) .........................................................9

**STATUTES, RULES, AND REGULATIONS**

Federal Rule of Civil Procedure
Rule 26(f).................................................................................................................3
Rule 30(b)(6) ..........................................................................................................5
Rule 56(d).........................................................................................................*passim*

- iii -

4905-1606-0754.v1

## I.    INTRODUCTION

Discovery in this action has been delayed by months due to Defendants' failure to comply with not one – but two – Court-ordered deadlines for the substantial completion of document production.[1]  Even now, nearly six months after the original deadline, Defendants are still weeks away from completing their production.

Still, Defendants move for partial summary judgment, asserting – based on cherry-picked portions of their own statements, and snippets of statements from analyst reports – that they adequately disclosed four categories of information that purportedly made their alleged misstatements not misleading.  Notably, Defendants do not move for summary judgment as to any particular false statement alleged in the Amended Complaint for Violations of the Federal Securities Laws ("Complaint") (ECF 83).  Instead, they argue that because the allegedly concealed information was supposedly known to the market, the alleged misstatements could not be material or false and misleading (and, by implication, that their misstatements could not have caused investor losses).  Setting aside Ninth Circuit law requiring that these fact questions be reserved for the jury, they are also fact-intensive inquiries requiring fulsome discovery, including expert witness opinion evidence.

Plaintiffs have sought discovery directly relevant to Defendants' Motion for Partial Summary Judgment ("Motion") (ECF 180-ECF 180-1) – production of which has not been completed largely due to Defendants' delay.  Among the essential discovery still outstanding are numerous documents concerning Green Dot's earnings conference calls, Defendants' statements to investors, and Green Dot's disclosures, U.S. Securities and Exchange Commission ("SEC") filings, and stock price movements.  Also outstanding are crucial documents Defendants only recently

---

[1]    "Defendants" herein collectively refers to Green Dot Corporation ("Green Dot" or the "Company"), Steven W. Streit ("Streit"), and Mark Shifke ("Shifke").  "Plaintiffs" are New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund and Teamsters Local Union No. 727 Pension Fund. Collectively, Plaintiffs and Defendants are the "Parties."

- 1 -

4905-1606-0754.v1

collected from the personal devices of Green Dot's founder and former President and Chief Executive Officer ("CEO"), Steven Streit – who made many of the misstatements Plaintiffs allege misled the market and caused their losses.  Defendants have also failed to produce their privilege log, and are currently withholding more than 100,000 relevant and responsive documents on the basis of some privilege.  And because Defendants missed both of the Court-ordered production dates, Plaintiffs have yet to depose Defendants and Green Dot witnesses concerning their public statements and disclosures, or to seek expert testimony directly relevant to Defendants' Motion, which begins after fact discovery.  Plaintiffs should be permitted to obtain this discovery before Defendants' Motion is considered and resolved.

Based on the discovery completed to date, Plaintiffs expect that the outstanding discovery will further undermine Defendants' disclosure argument and demonstrate additional material disputes of fact for the jury to resolve.  Moreover, expert testimony concerning Defendants' disclosures is necessary for Plaintiffs to dispute Defendants' assertion that the market knew certain information was disclosed.

As set forth in detail in Plaintiffs' brief in opposition, the evidence in this case demonstrates that Defendants' Motion does not warrant summary judgment and should be denied.  But should the Court feel differently, it should at minimum defer considering Defendants' Motion until fact and expert discovery are complete.

For these reasons, Plaintiffs respectfully request, pursuant to Federal Rule of Civil Procedure 56(d), that the Court deny or defer considering Defendants' Motion.

## II.    RELEVANT FACTUAL BACKGROUND

On March 29, 2024, the Court denied Defendants' motion to dismiss. ECF 102. On July 15, 2024, the Court adopted the case schedule set forth in the Parties' Joint Report Rule 26(f) Discovery Plan, which included a January 15, 2025 deadline for substantial completion of document production.  *See* ECF 118 at 1 (ordering Counsel

- 2 -

4905-1606-0754.v1

to abide by the dates in the Rule 26(f) report); ECF 115 at 8 (Rule 26(f) report setting substantial completion deadline of January 15, 2025).

Since then, Plaintiffs have diligently tried to move discovery in this litigation forward, hampered by Defendants' repeated delays and stonewalling. Plaintiffs served their First Set of Requests for Production of Documents and Data to Defendants ("RFPs") on July 19, 2024, less than one week after entry of the Court's scheduling order. Kinnon Decl., ¶7.[2] Plaintiffs then sent Defendants a detailed list of seven proposed search terms and custodians (relating to Plaintiffs' RFPs) on September 17, 2024. *Id.*, ¶8. Throughout October, November, and December 2024, the Parties met and conferred regarding Plaintiffs' RFPs. *Id.*, ¶9.

During that time, Defendants did not: (i) object to Plaintiffs' proposed search terms; (ii) produce any hit reports for the proposed search terms; (iii) articulate, much less substantiate, any cognizable burden; or (iv) suggest alternative or narrowed search terms. ECF 165-16-ECF 165-18; Kinnon Decl., ¶10. Nor did Defendants produce whole categories of documents, which they could have located and produced without the use of search terms. Kinnon Decl., ¶10.

Indeed, Defendants have repeatedly delayed discovery and document production. *Id.*, ¶¶9-24. For example, Defendants did not inform Plaintiffs until November 11, 2024 that Green Dot had produced relevant and responsive documents to both the U.S. Department of Justice and the Consumer Financial Protection Bureau – despite Plaintiffs asking Defendants several months earlier whether any such investigations had occurred. *See* ECF 165-8; Kinnon Decl., ¶11.

By December 2024, it was apparent to Plaintiffs that Defendants would not meet the original scheduling order's January 15, 2025 substantial completion deadline. ECF 165-9-ECF 165-11; Kinnon Decl., ¶13. And on December 13, 2024, Defendants

---

[2]    "Kinnon Decl." herein refers to the Declaration of Christopher R. Kinnon in Support of Plaintiffs' Motion to Defer or Deny Defendants' Motion for Partial Summary Judgment Pursuant to Fed. R. Civ. P. 56(d), filed herewith.

- 3 -

confirmed that they would not meet the Court-ordered substantial completion deadline. ECF 165-12 at 3; Kinnon Decl., ¶13. Consequently, Plaintiffs informed Defendants that they intended to move to compel Defendants to produce all documents responsive to Plaintiffs' proposed search terms and custodians. ECF 165-12 at 1; Kinnon Decl., ¶13. However, after engaging in numerous meet-and-confer discussions over the holidays, the Parties avoided motion practice by stipulating to an amended scheduling order, which provided substantial completion and privilege log deadlines of April 11, 2025. ECF 145; Kinnon Decl., ¶¶14-16. On January 21, 2025, the Court entered the Parties' amended scheduling order. ECF 148; Kinnon Decl., ¶16.

On April 2, 2025, a little over a week before the extended substantial completion deadline, Defendants informed Plaintiffs that they would not meet the new April 11, 2025 deadline. *See* ECF 165-4. Soon after, Defendants further informed Plaintiffs that they needed at least three more months to complete their document production. *Id.*; Kinnon Decl., ¶¶18-19. Defendants represented that they still need to: (i) review approximately 131,000 documents being withheld for potential privilege; (ii) review approximately 20 terabytes of other data and files; (iii) produce lesser included email threads; (iv) obtain Streit's personal devices; and (v) review data collected from both Streit and Shifke's devices. Kinnon Decl., ¶19. Defendants' "best estimate" for completion of their document production was "sometime in July" – six months after the original substantial completion deadline and more than three months after the amended deadline. *Id.*, ¶18.

Most recently, at the June 25, 2025 status conference, Defendants represented to the Court and Plaintiffs that they will complete their document production and provide Plaintiffs their privilege log by July 31, 2025. *Id.*, ¶24.

To date, no depositions of any fact witness have been taken nor has merits expert discovery begun. Kinnon Decl., ¶5. Plaintiffs, however, tried to initiate depositions months ago by:

- 4 -

4905-1606-0754.v1

- On April 17, 2025 asking if Defendants would accept service of fact witness deposition notices on April 17, 2025;

- On April 28, 2025 following up on request to Defendants to accept service of fact witness deposition notices;

- On May 2, 2025 asking Defendants for available dates for three fact witnesses in late June and early July, and Rule 30(b)(6) witness dates;

- On May 13, 2025 sending a Rule 30(b)(6) notice and follow-up request for witness dates;

- On May 19, 2025 following up concerning the requested witness dates;

- On May 22, 2025 following up concerning Rule 30(b)(6) dates;

- On May 25, 2025 confirming deposition dates for three witnesses and requesting a Rule 30(b)(6) date again;

- On May 27, 2025 sending deposition notices and subpoenas to Mark Lauderdale, Terry Lee, and Michael Keeslar (with Mr. Keeslar's deposition currently scheduled for July 16, 2025; Mr. Lee's currently scheduled for July 25, 2025; and Mr. Lauderdale's currently scheduled for July 31, 2025; Plaintiffs have requested to delay these depositions approximately two weeks so they have Defendants' complete document production in advance of each examination);

- On June 9, 2025 following up concerning Rule 30(b)(6) dates for a fifth time; and

- On June 10, 2025 seeking dates for five additional fact witness depositions (Plaintiffs are still waiting on these dates from Defendants).

*Id.*, ¶22.

## III. RULE 56(d) REQUIRES THAT DEFENDANTS' PREMATURE MOTION BE DENIED OR DEFERRED TO ALLOW FOR ADEQUATE DISCOVERY

Rule 56(d) permits a non-moving party to oppose a motion for summary judgment when the non-movant "has not had an opportunity to make full discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). To prevail on a Rule 56(d)

- 5 -

motion, the movant must show: "'(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.'"[3]  *See Doyle v. City of Medford*, 327 F. App'x 702, 703 (9th Cir. 2009) (quoting *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008)).  Plaintiffs have made this showing.

### A.     Because of Defendants' Delay, Plaintiffs Have Not Had Adequate Opportunity to Complete Necessary Discovery

"'[C]ontinuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence.'"  *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 773-74 (9th Cir. 2003).  Indeed, while Rule 56(d) states that a court "may" defer or deny the motion for summary judgment, "'the Supreme Court has restated the rule as ***requiring***, rather than merely permitting, discovery "where the non-moving party has not had the opportunity to discover information that is essential to its opposition."'"  *Id.* at 773 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)).

Fact discovery in this case is still far from complete, as Defendants have delayed their document productions and missed two separate substantial completion deadlines, all while failing to commit to a third substantial completion date until the June 25, 2025 status conference. Kinnon Decl., ¶¶3-25.  Indeed, Defendants have yet to produce documents obtained from the personal devices (*e.g.*, text messages) of Streit, which they inexplicitly failed to even collect until almost a year after discovery commenced.  *Id.*, ¶19.  Moreover, Defendants recently produced approximately 200,000 documents – five months after the original substantial completion deadline – which Plaintiffs need sufficient time to review.  *Id.*, ¶23.  Defendants have also failed

---

[3]      Unless otherwise indicated, emphasis is added and citations are omitted.

to provide a privilege log identifying and describing the approximately 131,000 additional documents that they continue to withhold on privilege grounds. *Id.*, ¶¶19-20. With so much significant document discovery outstanding, no depositions of Defendants or Green Dot employees have been taken (although Plaintiffs' have initiated depositions and scheduled some, pending Defendants' completed document production). *Id.*, ¶¶5, 22. Nor has any expert discovery – other than that relating to class certification – occurred yet in this litigation. *Id.*, ¶¶5, 30. And, as described further below, much of the outstanding discovery is highly relevant to Defendants' Motion.

When a motion for summary judgment has been filed "'before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant [a Rule 56(d) motion] fairly freely.'" *F.D.I.C. v. Faigin*, 2014 WL 2465145, at *2 (C.D. Cal. June 2, 2014) (quoting *Burlington*, 323 F.3d at 773); *see also SolarCity Corp. v. Doria*, 2017 WL 6344828, at *1 (S.D. Cal. Dec. 12, 2017) (denying summary judgment without prejudice as plaintiffs had not "had an opportunity to make full discovery"); *Old Republic Aerospace, Inc. v. Tamarack Aerospace Grp.*, 2021 WL 2763173, at *6 (E.D. Wash. June 30, 2021) (denying motion for partial summary judgment where "the parties ha[d] not yet had an opportunity to complete discovery" regarding relevant facts). This is precisely the situation here. Accordingly, Plaintiffs' motion should be granted.

### B.    Defendants' Motion Asserts Fact-Intensive Inquiries on a Woefully Incomplete Factual Record

The complex, fact-intensive nature of Defendants' Motion also weighs in favor of granting relief under Rule 56(d). *See Faigin*, 2014 WL 2465145, at *1 (granting relief under Rule 56(d) where "the summary judgment motion was brought early in this case considering the fact-intensive nature of the motion"); *Old Republic*, 2021 WL 2763173, at *6 (denying motion for partial summary judgment under Rule 56(d) where issue at hand was "fact intensive, and the parties ha[d] not yet had an

- 7 -

4905-1606-0754.v1

opportunity to complete discovery regarding those facts"). Simply put, "[i]t is premature for a motion requiring such substantial fact analysis to be brought at a stage when it can be expected that the facts are not fully developed." *Faigin*, 2014 WL 2465145, at *1.

Defendants ask the Court to grant partial summary judgment "[w]ith [r]espect to the [f]our [c]ategories of [i]nformation" they assert were disclosed to investors. *See* Motion at 17-18. Defendants argue that their alleged misstatements could not have been important to investors, and could not have deceived them, because the market was purportedly already informed of the allegedly concealed information. And, therefore, their misstatements could not have been false or misleading. *Id.* Such intensely factual questions are rarely resolved absent a trial. *See* ECF 102 at 9 (quoting *Fecht v. Price Co.*, 70 F.3d 1078, 1081 (9th Cir. 1995)); *see also S.E.C. v. Phan*, 500 F.3d 895, 908 (9th Cir. 2007) ("Materiality typically cannot be determined as a matter of summary judgment because it depends on determining a hypothetical investor's reaction to the alleged misstatement."); *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) ("'[W]hether a public statement is misleading . . . is a mixed question to be decided by the trier of fact.'").[4] Yet, Defendants ask this Court to undertake this fact finding on an incomplete factual record, and rule as a matter of law that the market was not misled.

Furthermore, Defendants' Motion puts a host of factual issues in dispute, including: (i) whether the market was aware of the "[f]our [c]ategories of [i]nformation" Defendants outline; (ii) whether the market understood this information in the way Defendants claim it did; (iii) whether Defendants' purported "disclosures" actually disclosed what Defendants claim they did; (iv) whether other

---

[4]    *See also Ensource Invs. LLC v. Willis*, 2020 WL 835307, at *2 (S.D. Cal. Feb. 19, 2020) (citing *Lloyd v. CVB Fin. Corp.*, 811 F.3d 1200, 1210 (9th Cir. 2016)) (loss causation is an "inquiry best left for the jury"), *aff'd*, 859 F. App'x 817 (9th Cir. 2021); *Teague v. Alternate Energy Holdings, Inc.*, 2011 WL 6337611, at *5 (D. Idaho Dec. 19, 2011) (citing *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1058 (9th Cir. 2008)) ("normally, loss causation will be a matter of proof at trial").

- 8 -

information in the market contradicted or mitigated this information; (v) whether Defendants' affirmatively false misstatements during the Class Period effectively counter-balanced their prior purported disclosures; (vi) what was the total mix of information available to the market; and (vii) what effect did the total mix of information have on the market.  Motion at 17-18.  These are quintessential materiality and causation determinations that are fact-intensive, require expert analysis, and should ultimately be resolved by the jury.  Kinnon Decl., ¶30.

Assessing materiality requires determining whether there is "'a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the "total mix" of information made available.'"  *Phan*, 500 F.3d at 908.  Loss causation requires examining whether "an economic loss was caused by the defendant's misrepresentations, rather than some intervening event."  *Lloyd*, 811 F.3d at 1209 (citing *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 343-44, (2005)).  Because these issues are complex, fact-intensive inquiries, Plaintiffs will need to rely on a full factual record, and expert witness opinion evidence, to address Defendants' arguments.  *See Garcia v. J2 Glob., Inc.*, 2021 WL 1558331, at *13 (C.D. Cal. Mar. 5, 2021) ("the question of materiality is fact-intensive"); *S.E.C. v. Todd*, 2006 WL 5201386, at *3 (S.D. Cal. Oct. 17, 2006) ("[T]he concepts of materiality . . . are complex and the average juror would benefit from expert opinion on the subject."); *Lloyd*, 811 F.3d at 1210 ("loss causation is a 'context-dependent' inquiry"); *Willis*, 2020 WL 835307, at *2 (loss causation is a "fact-specific inquiry"); *Turocy v. El Pollo Loco Holdings, Inc.*, 2018 WL 3343493, at *19 (C.D. Cal. July 3, 2018) ("'loss causation is often highly contentious and complicated, necessitating expert testimony'"); Kinnon Decl., ¶30.

Simply put, Defendants' Motion asks this Court to decide (on an incomplete factual record and without the benefit of expert witness evidence): (i) what information the market knew; (ii) when the market knew this information; (iii) what the market thought of this information; (iv) that there was no other relevant

- 9 -

4905-1606-0754.v1

information in the market mitigating or contradicting the information Defendants contend was known; and (v) as a result, the statements that Plaintiffs allege were false and misleading were in fact true.  Defendants' Motion is therefore premature and should be denied.

### C.    Discovery Sought by Plaintiffs Is Essential to Opposing Defendants' Motion

Plaintiffs still seek outstanding discovery essential to opposing Defendants' Motion.

Indeed, many outstanding document requests relate directly to the issues raised in Defendants' Motion.  These include Plaintiffs' RFP Nos. 3 (documents concerning communications and statements to investors and others), 15-18 (documents concerning Green Dot's disclosures), 26 (documents concerning Defendants' statements during conference or industry calls), 28 (documents concerning Green Dot stock price movements), 32 (documents concerning affirmative defenses), 33 (documents concerning Green Dot's SEC filings), and 34 (documents concerning Green Dot's policies relating to disclosures).  Kinnon Decl., ¶25.

Plaintiffs have also sought outstanding discovery from third parties, including Green Dot's biggest customer, Walmart, in order to obtain evidence showing that Defendants did not adequately disclose the alleged concealed truth, and that the alleged misstatements were material and false or misleading.  *Id.*, ¶26.

Moreover, critical documents from Streit – who was one of Green Dot's primary communicators with the market – were only recently collected and have yet to be produced to Plaintiffs.

The substantial amount of outstanding discovery, including on issues directly relevant to Defendants' Motion, further supports granting relief under Rule 56(d).  *See Garret v. City & Cnty. of S.F.*, 818 F.2d 1515, 1519 (9th Cir. 1987) ("[S]ummary judgment should not be granted while [an] opposing party timely seeks discovery of potentially favorable information."); *Burlington*, 323 F.3d at 775 ("Summary denial

- 10 -

[of leave under Rule 56(d)] is especially inappropriate where . . . the material sought is also the subject of outstanding discovery requests.'"); *JibJab Media, Inc. v. Hyundai Motor Am.*, 2013 WL 3984579, at *1 n.1 (C.D. Cal. Aug. 1, 2013) ("In light of the outstanding discovery, it would be premature to adjudicate defendant's motion for summary judgment.").

Plaintiffs have every reason to believe that adequate discovery will further undermine Defendants' version of the facts. Indeed, document discovery thus far has revealed an internal Green Dot document from the first day of the Class Period (May 9, 2018) admitting that ██████████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████ ECF 163-1 at -4169. This is just one example of the evidence gathered to date that shows Defendants made the conscious decision to deceive the market about the decline in Green Dot's flagship product. *See* MSJ Opp., §IV.A; *id.* at 12-14.[5] Plaintiffs anticipate that additional evidence undermining Defendants' Motion will be revealed through further discovery. Kinnon Decl., ¶28.

Deposition testimony from Defendants and Green Dot witnesses is also essential to opposing Defendants' Motion. Plaintiffs are entitled to examine Defendants regarding the alleged misstatements, as well as the purported disclosures Defendants rely on. *See* <u>Faigin</u>, 2014 WL 2465145, at *2 (granting Rule 56(d) motion when "no depositions have been taken"); *Ruiz v. Sw. Answering Serv., Inc.*, 2024 WL 5317308, at *3 (C.D. Cal. Oct. 16, 2024) (same); Kinnon Decl., ¶29.

For example, Defendants assert that aggregated active account information, pieced together with other statements, amounted to a disclosure of slowing growth in

---

[5]    "MSJ Opp." refers to Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment, filed July 3, 2025. *See also generally* Plaintiffs' Statement of Undisputed Facts and Plaintiffs' Evidentiary Objections filed concurrently herewith.

- 11 -

4905-1606-0754.v1

Green Dot's pre-paid business specifically. Motion at 10-11. But when market participants specifically asked Defendants to provide account-specific data – which would have revealed the declining growth in Green Dot's prepaid accounts – Defendants flatly refused to provide the disaggregated active account information sought. MSJ Opp., §IV.B.1.b; *id.* at 19; ECF 163-8 at -1789 ████████████ ████████████ ). Deposition testimony from Shifke and others concerning their decisions not to provide "portfolio level info" will undoubtedly shed light on the validity of Defendants' present arguments and version of events. Kinnon Decl., ¶29.

Finally, expert testimony is essential to opposing Defendants' Motion. For one, an expert will provide helpful analysis on materiality. *See Todd*, 2006 WL 5201386, at *3 ("[T]he concepts of materiality . . . are complex and the average juror would benefit from expert opinion on the subject."). In addition, Defendants' arguments will be challenged by Plaintiffs' causation expert's testimony concerning the total mix of information available to the market, the movements of Green Dot's stock price surrounding the alleged corrective disclosures, as well as the purported disclosures Defendants rely on. Kinnon Decl., ¶30. Such expert evidence is likely to severely undermine Defendants' argument that they had disclosed the allegedly concealed information and that it did not cause the claimed investor losses. *See Provenz v. Miller*, 102 F.3d 1478, 1492 (9th Cir. 1996) ("'If the market has become aware of the allegedly concealed information,'" that would "'"be reflected in the stock's price."'"); Kinnon Decl., ¶30.

## IV.   CONCLUSION

As set forth in detail in Plaintiffs' brief in opposition, the evidence in this case demonstrates that Defendants' Motion does not warrant summary judgment and should be denied. But should the Court feel differently, it should at minimum defer considering Defendants' motion until after fact and expert discovery are complete. Thus, for all the above reasons, Plaintiffs respectfully request, pursuant to Federal

- 12 -

4905-1606-0754.v1

Rule of Civil Procedure 56(d), that the Court deny or defer considering Defendants' Motion.

DATED:  July 3, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DEBRA J. WYMAN
JESSICA T. SHINNEFIELD
CHRISTOPHER R. KINNON
MATTHEW J. BALOTTA
JOHN M. KELLEY
RACHEL C. BRABY

s/ Christopher R. Kinnon
CHRISTOPHER R. KINNON

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

PITTA LLP
VINCENT F. PITTA
120 Broadway, 28th Floor
New York, NY  10271
Telephone: 212/652-3890
212/652-3891 (fax)

Additional Counsel for Plaintiffs

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for plaintiffs New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund and Teamsters Local Union No. 727 Pension Fund, certifies that this brief contains 3582 words, which complies with the word limit of L.R. 11-6.1.

DATED:  July 3, 2025

s/ Christopher R. Kinnon
CHRISTOPHER R. KINNON

- 13 -

4905-1606-0754.v1