ROBBINS GELLER RUDMAN
  & DOWD LLP
DEBRA J. WYMAN (190812)
JESSICA T. SHINNEFIELD (234432)
CHRISTOPHER R. KINNON (316850)
MATTHEW J. BALOTTA (310303)
JOHN M. KELLEY (339965)
RACHEL C. BRABY (356720)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com
jshinnefield@rgrdlaw.com
ckinnon@rgrdlaw.com
mbalotta@rgrdlaw.com
jkelley@rgrdlaw.com
rbraby@rgrdlaw.com

Lead Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GREEN DOT CORPORATION SECURITIES LITIGATION | ) Case No. 2:19-cv-10701-FLA (Ex) |
| | ) |
| | ) <u>CLASS ACTION</u> |
| | DECLARATION OF CHRISTOPHER R. KINNON IN SUPPORT OF PLAINTIFFS' MOTION TO DEFER OR DENY DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d) |
| | DATE:    August 8, 2025 |
| | TIME:    1:30 p.m. |
| | JUDGE:  Fernando L. Aenlle-Rocha |

# [REDACTED]

4928-7235-1314.v1

I, CHRISTOPHER R. KINNON, declare as follows:

1. I am an attorney licensed to practice in all courts in the State of California. I am a partner at Robbins Geller Rudman & Dowd LLP, counsel for lead plaintiff New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund and plaintiff Teamsters Local Union No. 727 Pension Fund (together, "Plaintiffs") and the putative Class in the above-captioned matter. The matters set forth herein are based upon my own personal knowledge, and if called as a witness, I could and would testify competently to such matters.

2. Defendants[1] in this matter have filed a Notice of Motion and Motion for Partial Summary Judgment (ECF 180) under Rule 56 and a Memorandum of Points and Authorities in Support of Defendants' Motion for Partial Summary Judgment (ECF 180-1) (together, "Defendants' Motion").

3. As described herein, Plaintiffs have not been afforded the opportunity to conduct fulsome discovery on numerous critical factual matters at issue in this litigation, which have been unfairly and prematurely put in dispute by Defendants' Motion.

4. There are a host of facts Plaintiffs believe they will discover that are essential to opposing Defendants' Motion, once Plaintiffs are afforded the opportunity to do so.

5. Defendants' Motion was filed before they completed their document production, before Plaintiffs have taken a single deposition, months before the close of fact discovery, and before expert discovery has even begun. *See* ECF 195.

6. The original Scheduling Order in this action provided a January 15, 2025 deadline for the Parties to substantially complete their document productions. *See* ECF 115 at 8 (adopted as Court order in ECF 118).

---

[1] "Defendants" herein collectively refers to Green Dot Corporation ("Green Dot" or the "Company"), Steven W. Streit ("Streit"), and Mark Shifke ("Shifke") Defendants and Plaintiffs together are referred to as "the Parties."

- 1 -

4928-7235-1314.v1

7.      Though Plaintiffs served Plaintiffs' First Set of Requests for Production and Data to Defendants ("Plaintiffs' Document Requests") nearly a year ago, on July 19, 2024, Defendants have yet to complete their document production.

8.      On September 17, 2024, Plaintiffs provided Defendants with a list of proposed search terms and custodians, which were designed to capture evidence responsive to Plaintiffs' Document Requests.

9.      Between October and December 2024, the Parties met and conferred on numerous occasions regarding Plaintiffs' Document Requests.

10.     During those three months, Defendants did not: (i) object to Plaintiffs' proposed search terms; (ii) produce any hit reports for the proposed search terms; (iii) articulate, much less substantiate, any cognizable burden; or (iv) suggest alternative or narrowed search terms. ECF 165-16-ECF 165-18.  Nor did Defendants produce a substantial number of documents that they could have located and produced without the use of search terms.

11.     Defendants' actions have delayed discovery in this action.  For example, Defendants did not inform Plaintiffs until November 11, 2024 that Green Dot had produced documents highly relevant to this litigation to both the U.S. Department of Justice and the Consumer Financial Protection Bureau – despite Plaintiffs' inquiry months prior about whether any such investigations had occurred. *See* ECF 165-8.

12.     On December 17, 2024, Plaintiffs informed Defendants that they intended to file a motion to compel because the Parties were are at impasse concerning search terms and custodians.  ECF 165-19.

13.     On that same date, Plaintiffs informed Defendants that since it was apparent that Defendants were not going to meet the January 15, 2025 substantial completion deadline, Plaintiffs were going to seek an order compelling Defendants to complete their document production by February 15, 2025.  *Id.*

- 2 -

4928-7235-1314.v1

14. On December 23 and 24, 2024, in a final effort to avoid motion practice, the Parties met and conferred regarding Plaintiffs' proposed search terms and custodians and amending the Court's scheduling order.

15. After a lengthy meet-and-confer process, Plaintiffs agreed to Defendants' request that the Parties jointly seek leave of the Court to extend the substantial completion deadline to April 11, 2025, which the Parties did on January 17, 2025. ECF 145.

16. On January 21, 2025, the Court granted the Parties' Stipulation Regarding Case Schedule and set the deadline for substantial completion of document production for April 11, 2025. ECF 148.

17. On April 14, 2025, after the substantial completion deadline had passed, Plaintiffs requested an update from Defendants about what documents they still needed to produce, and when those productions would be completed.

18. On April 16, 2025, Defendants responded that they were continuing to review custodial electronically stored information ("ESI") in the privilege review process, documents from shared folders/drives, documents from personal devices/personal accounts, and the lesser-included email threads. With respect to the timeframe for completing their production, Defendants told Plaintiffs that their "current best estimate is sometime in July." ECF 165-4 at Page ID#:5836. Additionally, Defendants stated that it "may take significant time to complete" a privilege log associated with the custodial ESI. *Id.*

19. During a meet and confer discussion on April 24, 2025, Defendants informed Plaintiffs that they had yet to:

- Review approximately 131,000 documents that potentially contain privileged information;

- Review approximately 20 terabytes of data from Green Dot's databases and/or loose files from non-custodial sources;

- Produce an unknown volume of lesser included email threads; and

- 3 -

4928-7235-1314.v1

- Review data obtained from defendant Streit's and defendant Shifke's personal electronic devices (*e.g.*, cell phones), and had yet to even obtain defendant Streit's personal devices.

20.    During the April 24, 2025 meet-and-confer call, Defendants represented that their privilege log would likely contain tens of thousands of entries. Defendants proposed deviating from the Parties' Privilege Log Agreement by producing a metadata-only privilege log with a key identifying the attorneys. Plaintiffs rejected Defendants' proposal.

21.    On May 22, 2025, the Parties again met and conferred telephonically about Defendants' outstanding document production. Defendants were still unable to provide a substantial completion date.

22.    Starting on April 17, 2025, Plaintiffs began the process of noticing depositions by:

- Asking Defendants on April 17, 2025 whether they would accept service of fact witness deposition notices, and following up on that unanswered request on April 28, 2025;

- Asking Defendants on May 2, 2025 for available dates for three fact witnesses in late June and early July 2025, and dates for a deposition taken pursuant to Federal Rule of Civil Procedure 30(b)(6);

- Sending a Rule 30(b)(6) deposition notice on May 13, 2025;

- Sending emails following up on the requested witness dates on May 13, 2025 and May 19, 2025;

- Confirming deposition dates for three witnesses on May 20, 2025, and again requesting a date for the Rule 30(b)(6) deposition;

- Following up concerning the Rule 30(b)(6) deposition date on May 22, 2025 and June 9, 2025;

- Sending deposition notices and subpoenas to Mark Lauderdale, Terry Lee, and Michael Keeslar on May 27, 2025 (with Mr. Keeslar's

- 4 -

4928-7235-1314.v1

deposition currently scheduled for July 16, 2025; Mr. Lee's currently scheduled for July 25, 2025; and Mr. Lauderdale's currently scheduled for July 31, 2025; Plaintiffs have requested to delay these dates by approximately two weeks so they have Defendants' complete document production in advance of each examination); and

- Seeking dates for five additional fact witness depositions on June 10, which Defendants have yet to confirm.

23. Since the substantial completion deadline passed on April 11, 2025, Defendants have produced 211,638 documents.

24. To date, Defendants have still not complied with their obligation to provide a privilege log, but have represented that it contains approximately 131,000 documents they are being withheld for privilege review. Consequently, Plaintiffs have not yet had the opportunity to assess Defendants' privilege assertions, which, given how voluminous the log is, likely contains documents being withheld on privilege grounds that are directly relevant to Defendants' Motion. At the Parties' June 25, 2025 status hearing, Defendants represented that they will not complete document production or provide a complete privilege log until July 31, 2025.

25. Defendants' failure to meet the substantial completion deadlines, and failure to provide timely a privilege log have deprived Plaintiffs of evidence that is necessary to oppose Defendants' Motion. Plaintiffs have issued numerous requests for production that seek documents directly relevant to Defendants' Motion, such as Plaintiffs' Request For Production Nos. 3 (documents concerning communications and statements to investors and others), 15-18 (documents concerning Green Dot's disclosures), 26 (documents concerning Defendants' statements during conference or industry calls), 28 (documents concerning Green Dot stock price movements), 32 (documents concerning affirmative defenses), 33 (documents concerning Green Dot's SEC filings), and 34 (documents concerning Green Dot's policies relating to disclosures). ECF 165-5 at 18-21.

- 5 -

26. Plaintiffs have subpoenaed third parties, including Green Dot's biggest customer, Walmart, in order to obtain evidence showing that Defendants did not adequately disclose what Plaintiffs' allege was false and misleading.

27. Plaintiffs anticipate that facts exist, and will be obtained through ongoing discovery, that are essential to opposing Defendants' Motion and would raise additional disputed issues of material fact.

28. Specifically, Plaintiffs anticipate that facts exist and will be developed through ongoing discovery demonstrating that the disclosures cited in Defendants' Motion did not reveal the truth concealed by their alleged misstatements or otherwise render their misstatements immaterial. This expectation is based, in part, on the document discovery obtained to date. For example, in a May 9, 2018 internal Green Dot document, ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ECF 163-1 at -169. Additional document discovery for Plaintiffs to fairly and adequately oppose Defendants' Motion.

29. Deposition testimony from Defendants and Green Dot witnesses is also essential to opposing Defendants' Motion. Plaintiffs are entitled to examine Defendants regarding their alleged misstatements, as well as the purported disclosures Defendants rely on. For example, Defendants assert that aggregated active account information, pieced together with other statements, amounted to a disclosure of slowing growth in Green Dot's pre-paid business specifically. Motion at 10-11. ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████

- 6 -

██████████████████████████. MSJ Opp., §IV.B.1.b; *id.* at 19;[2] ECF 163-8 at -1789 ██████████████████████ Deposition testimony from Shifke and others concerning ████████████████████████████ will undoubtedly shed light on the validity of Defendants' Motion and version of events.

30.    Finally, expert testimony is essential to opposing Defendants' Motion. For one, an expert economist will provide important evidence the will likely assist the jury in determining whether Defendant's alleged misstatements were material. In addition, Plaintiffs' expert economist will challenge Defendants' causation arguments.  More specifically, Plaintiffs' expert will offer evidence and opinions regarding, among other things: (i) the total mix of information available to the market; (ii) the movements of Green Dot's stock price in relation to the alleged corrective disclosures; and (iii) the purported disclosures upon which Defendants rely.  This expert evidence will likely severely undermine Defendants' arguments that they disclosed the information Plaintiffs allege they concealed and that their misstatements did not cause investors' losses.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 3, 2025, at San Diego, California.

s/ Christopher R. Kinnon
CHRISTOPHER R. KINNON

---

[2]    "MSJ Opp." refers to Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment, filed July 3, 2025.  *See also generally* Plaintiffs' Statement of Undisputed Facts and Plaintiffs' Evidentiary Objections filed concurrently herewith.

- 7 -

4928-7235-1314.v1