JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
M. TODD SCOTT (SBN 226885)
tscott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105
Telephone:   (415) 773-5700
Facsimile:    (415) 773-5759

RICHARD E. GOTTLIEB (SBN 289370)
rgottlieb@glaserweil.com
EMIL PETROSSIAN (SBN 264222)
epetrossian@glaserweil.com
PETER M. BRANSTEN (SBN 113352)
pbransten@glaserweil.com
AYAD MATHEWS (SBN 339785)
amathews@glaserweil.com
GLASER WEIL FINK HOWARD
     JORDAN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| IN RE GREEN DOT CORPORATION SECURITIES LITIGATION | Case No. 2:19-cv-10701-FLA-E <br><br> <u>CLASS ACTION</u> <br><br> **DECLARATION OF LINA DAVIDIAN IN SUPPORT OF PLAINTIFFS' APPLICATION TO SEAL** <br><br> Judge: Hon. Fernando L. Aenlle-Rocha |

<u>**REDACTED VERSION**</u>

I, Lina Davidian, declare as follows:

1. I am an attorney duly licensed to practice before the courts of the State of California. I am an Assistant General Counsel at Green Dot Corporation ("Green Dot"), one of the Defendants in the above-captioned litigation. I have personal knowledge of the facts stated in this Declaration. If called as a witness, I could and would testify competently to each fact stated herein.

2. I submit this Declaration pursuant to Local Rule 79-5.2.2(b) in support of Plaintiffs' June 30, 2025 Application to File Documents Under Seal (the "Application") (ECF 198) and Plaintiffs' July 2, 2025 Supplemental Application to File Documents Under Seal (the "Supplemental Application") (ECF 201). The Application and the Supplemental Application are together referred to as the "Applications." The Applications relate to Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment (the "Opposition") (ECF 204) and related filings.

3. During discovery in this litigation, Green Dot has produced numerous documents that are designated as "Confidential" pursuant to the Stipulated Protective Order entered by the Court in this action on November 4, 2024 (ECF 123-3, 125) (the "Protective Order").

4. In the June 30 Application, Plaintiffs sought permission to file three categories of documents under seal:

   a. Thirty-three (33) documents produced by Green Dot during discovery and designated as "Confidential" pursuant to the Protective Order that Plaintiffs intended to attach as exhibits to filings relating to their forthcoming Opposition.

   b. Nine (9) documents produced by Green Dot during discovery and designated as "Confidential" pursuant to the Protective Order that Plaintiffs intended to attach as exhibits to filings relating to their forthcoming Opposition. These nine documents had been attached to a

- 1 -

DAVIDIAN DECLARATION IN SUPPORT OF APPLICATION TO SEAL

previous filing and the Court has already determined that there were "compelling reasons and good cause" to file them under seal. *See* May 21, 2025 Order (ECF 161).

    c.  Plaintiffs' forthcoming filings relating to the Opposition, each of which "references and quotes" the exhibits identified above. According to the Application, these filings include (i) the Opposition, (ii) Plaintiffs' Statement of Genuine Disputes of Material Facts and Statement of Undisputed Facts; (iii) the Declaration of Christopher R. Kinnon in Support of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment; (iv) Plaintiffs' Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Defer or Deny Defendants' Motion for Partial Summary Judgment Pursuant to Fed. R. Civ. P. 56(d); and (v) the Declaration of Christopher R. Kinnon in Support of Plaintiffs' Motion to Defer or Deny Defendants' Motion for Partial Summary Judgment Pursuant to Fed. R. Civ. P. 56(d) (collectively, the "Opposition Filings").

5.    In the July 2 Supplemental Application, Plaintiffs sought leave to file under seal three (3) additional documents produced by Green Dot during discovery and designated as "Confidential" pursuant to the Protective Order that Plaintiffs intended to attach as exhibits to filings relating to their forthcoming Opposition.

6.    Combining these two Applications, Plaintiffs have sought leave to file under seal: (i) thirty-six (36) documents Green Dot has designated as Confidential (the "New Exhibits"); (ii) nine (9) documents the Court has already determined should be sealed (the "Sealed Exhibits"); and (iii) the five Opposition Filings.[1]

7.    I am aware of the legal standards for sealing documents in these

---

[1] The New Exhibits are Exhibits 1-33 and 43-45 to the Declaration of Christopher R. Kinnon in Support of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment (ECF 207). The Sealed Exhibits are Exhibits 34-42 to the same Declaration.

circumstances. There is "a strong presumption in favor of access to court records. . . . A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard. . . . What constitutes a compelling reason is best left to the sound discretion of the trial court. Examples include when a court record might be used . . . as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (citation modified).

8.    I have reviewed the 36 New Exhibits with those standards in mind and respectfully suggest that the Court order that five (5) of the documents be publicly filed with redactions. Each is addressed below and a copy of the document with the proposed redactions highlighted is attached hereto. The remainder of the New Exhibits can be publicly filed without redactions.

a.



b.

9.    In addition, I understand that the Court has already determined that the nine Sealed Exhibits (Exhibits 34-42) should be sealed and therefore no further

- 3 -

explanation is required as to those documents. *See* May 21, 2025 Order (ECF 161).

10.    Finally, to effectuate the proposed redactions set forth in Paragraph 8 herein and the confidentiality of the exhibits sealed pursuant to the May 21, 2025 Order, I respectfully suggest that the Court should order that the five Opposition Filings be filed as follows:

   a. Four of the five Opposition Filings—ECF Nos. 204, 205, 209-1, and 209-2—should be filed with redactions as shown in the attachments hereto.[2] All of the proposed redactions correspond to the information proposed to be redacted in the five New Exhibits identified in Paragraph 8 and the nine Sealed Exhibits described in Paragraph 9.

   b. ECF 207 (the Declaration of Christopher R. Kinnon in Support of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment) should be refiled with Mr. Kinnon's Declaration filed without redactions, and all the accompanying exhibits attached as a separate Appendix of Exhibits and redacted in accordance with Paragraphs 8-9 herein.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 7, 2025, at Los Angeles, California.

_/s/ Lina Davidian_
LINA DAVIDIAN

---

[2] These four Opposition Filings are: Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment (ECF 204); Plaintiffs' Statement of Genuine Disputes of Material Facts and Statement of Undisputed Facts (ECF 205); Plaintiffs' Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Defer or Deny Defendants' Motion for Partial Summary Judgment Pursuant to Federal Rule Of Civil Procedure 56(d) (ECF 209-1); and the Declaration of Christopher R. Kinnon in Support of Plaintiffs' Motion to Defer or Deny Defendants' Motion for Partial Summary Judgment Pursuant to Federal Rule of Civil Procedure 56(d) (ECF 209-2).