JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
M. TODD SCOTT (SBN 226885)
tscott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105
Telephone:  (415) 773-5700
Facsimile:  (415) 773-5759

RICHARD E. GOTTLIEB (SBN 289370)
rgottlieb@glaserweil.com
EMIL PETROSSIAN (SBN 264222)
epetrossian@glaserweil.com
PETER M. BRANSTEN (SBN 113352)
pbransten@glaserweil.com
AYAD MATHEWS (SBN 339785)
amathews@glaserweil.com
GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| IN RE GREEN DOT CORPORATION SECURITIES LITIGATION | Case No. 2:19-cv-10701-FLA-E <br><br> <u>CLASS ACTION</u> <br><br> **REPLY MEMORANDUM IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Judge: Hon. Fernando L. Aenlle-Rocha <br> Courtroom: 6B <br> [Taken Under Submission on 7/18/2025] |

Defendants[1] respectfully submit this reply memorandum in support of their Request for Judicial Notice in Support of Defendants' Motion for Partial Summary Judgment (ECF No. 180-3) ("Request" or "RJN") and respond to Plaintiffs' Opposition to the RJN (ECF No. 208) ("Opposition" or "Opp."), as follows.

## I. PLAINTIFFS' OPPOSITION MISCHARACTERIZES DEFENDANTS' REQUEST AND CITES STANDARDS THAT ARE INAPPLICABLE.

### A. Defendants' RJN Merely Seeks Judicial Notice of the Fact of Certain Disclosures and Statements, and Not Whether They Were Truthful or Relied Upon by Investors.

As a threshold matter, Plaintiffs' Opposition falsely claims that Defendants are attempting to use Defendants' disclosures and analyst reports to prove the veracity of such statements or actual investor reliance and, therefore, the RJN should be denied on that basis alone. Opp. at 2. But, as Plaintiffs concede, Defendants expressly disclaim any request to "assess the accuracy of the statements, the mental states of the speakers, any reliance on the statements by investors, or anything else." Opp. at 2:2–4; RJN at 2:11–13 and 4:10–12.

Despite Plaintiffs' pleas to the contrary, this is an omissions case. In opposing an earlier motion to dismiss the same Amended Complaint, Plaintiffs argued merely that Defendants' "statements are actionable because they 'omit[ted] . . . to state a material fact necessary in order to make the statements made . . . not misleading.'" Pls. Opp. to Defendants' Motion to Dismiss, ECF No. 90, at 14:15–17 (quoting 17 C.F.R. §240.10b-5(b)). The sole issue presented by the motion for partial summary judgment is whether four categories of allegedly omitted facts were actually disclosed, and *not* whether those disclosures were accurate, what the mental states of the speakers were, or whether any investors relied on those statements. *See* ECF No. 180-

---

[1] "Defendants" refers to defendants Green Dot Corporation ("Green Dot" or the "Company") and former executives Steven W. Streit and Mark Shifke. "Plaintiffs" refers to (i) lead plaintiff New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund and (ii) Teamsters Local Union No. 727 Pension Fund.

- 1 -

1 at 3:4–8 (solely seeking judgment that the four categories of disclosures were actually made such that there was no securities fraud as to those four alleged omissions). In short, to grant partial summary judgment, the Court need only find that the disclosures were made.  And whether the disclosures were made is beyond reasonable dispute.

## B.    Plaintiffs Cite the Wrong RJN Standard.

The chief case upon which Plaintiffs rely, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), addresses the use of requests for judicial notice in the context of motions to dismiss, and *not at summary judgment*. In *Khoja,* the court reversed and remanded because the district court improperly considered certain material outside the pleadings in assessing the adequacy of a complaint under Fed. R. Civ. P. 12(b). *Id.* at 998–99. As the court noted, plaintiffs would rarely get past the pleadings stage if defendants were permitted to present their own version of the facts at the Rule 12(b) stage and "district courts accept[ed] those facts as uncontroverted and true." *Id.* at 999. Similarly, *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001), which both Plaintiffs (and the *Khoja* court) rely upon for the assertion that "courts may not take judicial notice of disputed facts" (Opp. at 1), was decided at the Rule 12(b) stage and thus is equally inapplicable here.

*Khoja* and *Lee* are thus inapplicable here for two reasons. First, this RJN is submitted under Rule 56, not Rule 12(b), and thus the very different summary judgment standards for RJN use apply here, and which are cited in Defendants' RJN at 2, 3, 5. Second, as noted above, Defendants are not asking this Court to deem *any* of the RJN disclosures/statements as uncontroverted and true, but ***merely that these disclosures/statements were made*** (*i.e.*, the fact of their disclosure). *Compare* RJN at 2:9–11, 4:8–10, and 5:17–18, *with Garcia v. J2 Glob., Inc.*, 2021 WL 1558331, at *8 (C.D. Cal. Mar. 5, 2021) (Aenlle-Rocha, J.) ("[T]he [C]ourt takes judicial notice of the fact that representations or disclosures were made . . . , but does not take notice of the truth of the factual assertions within them."), and *Farhar v. Ontrak, Inc., et al.*,

714 F. Supp. 3d 1198, 1207 (C.D. Cal. 2024) (Aenlle-Rocha, J.) (citing *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n. 7 (9th Cir. 2018)) ("Ontrak's SEC filings are a matter of public record and, thus, are properly the subject of judicial notice.").

### C.    Competing Interpretations Are Irrelevant.

Plaintiffs likewise attempt to generate "disputes" based on their own characterization of the manner in which Defendants use and interpret the Exhibits[2] in the Motion for Partial Summary Judgment (ECF No. 180). *See* Opp. at 2:19–3:2, 3:23–4:5, and 5:5–8. But competing interpretations of statements in a document are *irrelevant* to whether the Court should take judicial notice that the statements were published. *See In re Apple Inc. Sec. Litig.*, 678 F. Supp. 3d 1147, 1152 (N.D. Cal. 2023) ("The majority of [plaintiff's] opposition is directed at defendants' interpretations of the facts in these documents. Such arguments are not relevant to whether the documents are judicially noticeable."). As courts have found, if Plaintiffs "take issue with the statements in th[e Exhibits] and [D]efendants' arguments based thereon, such argument belongs in [P]laintiffs' opposition to [D]efendants' [PSJ] and thus does not persuade on the question of whether judicial notice is proper." *City of Miami Gen. Employees' & Sanitation Employees' Ret. Tr. v. RH, Inc.*, 302 F. Supp. 3d 1028, 1033 n. 1 (N.D. Cal. 2018).

### D.    Courts May Take Judicial Notice of Market Knowledge.

Plaintiffs assert that judicial notice is also improper because "Defendants use the statements in the [Exhibits] as evidence that they disclosed, and the market understood, the information Plaintiffs claim was concealed," Opp. at 2:7–9. But this argument likewise fails because "the Ninth Circuit has explained that courts may take judicial notice of documents to show 'that the market was aware of the information contained' in those documents." *Pardi v. Tricida, Inc.*, 2022 WL 3018144, at *3 (N.D.

---

[2] "Exhibits" refers to the documents of which Defendants seek judicial notice, all of which are attached to the Talarides declaration (ECF No. 181).

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Cal. July 29, 2022) (quoting *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 (9th Cir. 1999)). To the extent the RJN seeks judicial notice of the market's awareness of certain disclosures, the RJN fully comports with what is permissible under the law.

## II. PLAINTIFFS DO NOT OVERCOME DEFENDANTS' SHOWING THAT THE SEC FILINGS, ANALYST REPORTS, AND EARNINGS CALLS TRANSCRIPTS ARE SUBJECT TO JUDICIAL NOTICE.

### A. Defendants Seek Judicial Notice of the Contents of SEC Filings, and Not for Their Truth.

In the RJN, Defendants established that courts routinely take judicial notice of the disclosures made in SEC filings. *See* RJN at 2:17–26. Rather than squarely address those decisions, Plaintiffs again rely on the inapposite *Khoja* decision to argue that Defendants must show that "the adequacy of the[ir] disclosure[s] [was] so obvious that reasonable minds could not differ.'" *Khoja*, 899 F.3d at 1014 (citation omitted). But, again, this is not the RJN standard on summary judgment, and this is not what Defendants are requesting, which (to repeat) is merely to take judicial notice of the fact of the disclosures. As a result, this Court should judicially notice Defendants' SEC filings,[3] consistent with Ninth Circuit case law and the decisions of other courts in this District. *See* RJN at 2:17–26.

Here, Plaintiffs' arguments to the contrary fall short because courts routinely take judicial notice on the very limited grounds requested in the RJN. *See, e.g.*, *Troy Grp., Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005) (taking judicial notice of what SEC filings "actually contain[ed]" but "not to prove the truth of the documents' contents" where the opposing party objected that the contents cannot be relied on for their truth); *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1062 (C.D. Cal. 2012) (same); *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008) (taking judicial notice of the content of forms filed with the SEC and the fact of their

---

[3] As outlined in the RJN, the SEC filings of which Defendants seek judicial notice are exhibits E, H, K, P, T, W, Y, Z, and AA to the Talarides declaration (ECF No. 181). *See* RJN at 3:6–16.

- 4 -

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

filing); *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998) (judicially noticing various "10–Ks, 10–Qs, annual reports, and Form 4s" despite objections).

**B.** **Relevance and Transcript Source Are Not Proper Grounds to Reject Judicial Notice of Earnings Calls Transcripts.**

As with the SEC filings, the Court may properly (and should) take judicial notice of the existence and contents of Green Dot's earnings calls transcripts.[4] *See, e.g.*, *Sylebra Cap. Partners Master Fund Ltd v. Everbridge, Inc.*, 2023 WL 3549506, at *1 (C.D. Cal. May 9, 2023) (granting judicial notice of 5 exhibits "for the limited purpose that Everbridge and the [i]ndividual [d]efendants made the referenced statements to the market during investor conference calls at the times reflected in the transcripts, but not for the truth of those statements"); *S.E.C. v. Mozilo*, 2009 WL 3807124, at *7 n. 2 (C.D. Cal. Nov. 3, 2009) (overruling objections and judicially noticing "58 exhibits, including . . . transcripts of earnings conference calls and investor forums").

Plaintiffs make two arguments. *First,* Plaintiffs attack the relevance of certain earnings calls transcripts that predate the class period. But those transcripts are relevant because they show that Defendants regularly disclosed the exact information Plaintiffs claim was not disclosed. *See In re Quintel Ent. Inc. Sec. Litig.*, 72 F. Supp. 2d 283, 291 (S.D.N.Y. 1999) ("[S]tatements made prior to the [c]lass [p]eriod are *relevant* in determining whether defendants had a duty to make a corrective disclosure during the [c]lass [p]eriod."). Further, Plaintiffs' reliance on *Shapiro v. Matrixx Initiatives, Inc.*, 2011 WL 13047298, at *5 (D. Ariz. Sept. 26, 2011), is misplaced because that case did not address the relevance of pre-class period disclosures.

*Second*, even though Plaintiffs admit that they did not dispute the authenticity of the "Thomson Reuters' transcripts in their RFA Responses," Opp. at 4:22–25, they

---

[4] The earnings call transcripts of which Defendants seek judicial notice are exhibits A, B, C, D, F, G, I, M, O, Q, U, and X to the Talarides declaration (ECF No. 181). *See* RJN at 4:23–5:10.

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

take issue with Defendants obtaining the same transcripts from Capital IQ instead. But Plaintiffs offer no factual basis to dispute the authenticity of the transcripts. *See California Pub. Employees' Ret. Sys. v. Chubb Corp.*, 2002 WL 33934282, at *13 (D.N.J. June 26, 2002) ("[P]laintiffs dispute the authenticity of the [conference calls] transcript[s], but they provide no factual basis for that dispute and the Court finds that . . . there is no material dispute as to the transcripts of the conference calls."). Nor could they, as a comparison between the two versions reveals that they are identical. *See* Supplemental Declaration of Alexander K. Talarides ¶ 8.  In any event, this Court has discretion to consider this evidence on reply. *See Miller v. City of Atlanta, Georgia*, 2022 WL 4587848, at *5 (N.D. Ga. Sept. 29, 2022) ("[P]laintiffs do [ ] not contend that the . . . materials fail to accurately depict the events recorded or that this evidence has been altered in any fashion. Accordingly, Plaintiffs have failed to raise a legitimate challenge to the authenticity of this evidence and the [c]ourt exercises its discretion to consider these materials . . . ."); *Prime Ins. Syndicate, Inc. v. Damaso*, 471 F. Supp. 2d 1087, 1093 (D. Nev. 2007) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550–1551 (9th Cir. 1989)) ("While evidence must be authenticated before the court considers it, it does not have to be authenticated with the motion for which it is being used."); *Goguen ex rel. Est. of Goguen v. Textron, Inc.*, 234 F.R.D. 13, 17 (D. Mass. 2006) (citing *McMahon v. Digital Equipment Corp.*, 162 F.3d 28, 34 (1st Cir.1998)) (indicating that the "[c]ourt has discretion to allow a party to cure deficiencies in supporting documentation" and did so).

### C.    <u>Plaintiffs Offer Nothing to Rebut the Contents of Analyst Reports.</u>

Finally, in a short paragraph, Plaintiffs ask the Court to conclude there is a "reasonable dispute" about what the analyst reports actually "disclose," arguing other statements in the same reports are contradictory. Opp. at 5:5–16. But Plaintiffs have already admitted the quoted statements. *See* RJN at 5:14–16 and 6:2–10 (table). Both the (i) existence of the analyst reports and (ii) whether and when certain information was provided to the market are properly the subject of judicial notice under Federal

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Rule of Evidence 201. *See In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1023–24 (C.D. Cal. 2008); *see also Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1144 (C.D. Cal. 2018); *accord Par Inv. Partners, L.P. v. Aruba Networks, Inc.*, 681 F. App'x 618, 620 (9th Cir. 2017) ("We grant [the] requests for judicial notice of various . . . analyst reports for the limited purpose of determining what information was disclosed to the public during the class period.").

## III.   CONCLUSION

For the foregoing reasons and those stated in Defendants' RJN, Defendants respectfully submit that the Court should grant their Request in its entirety.

Dated: July 18, 2025

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
JAMES N. KRAMER
ALEXANDER K. TALARIDES
M. TODD SCOTT


 */s/ Alexander K. Talarides*
ALEXANDER K. TALARIDES
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: 415-773-5700
Facsimile: 415-773-5957

- and -

**GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP**
RICHARD E. GOTTLIEB
EMIL PETROSSIAN
PETER M. BRANSTEN
AYAD MATHEWS
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

*Attorneys for Defendants*

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief contains 2,265 words, which complies with the word limit of L.R. 11-6.1.


Dated:  July 18, 2025                    ORRICK, HERRINGTON & SUTCLIFFE LLP


                                         */s/ Alexander K. Talarides*
                                         ALEXANDER K. TALARIDES

                                         *Attorneys for Defendants*

- 8 -