JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
M. TODD SCOTT (SBN 226885)
tscott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105
Telephone:   (415) 773-5700
Facsimile:    (415) 773-5759

RICHARD E. GOTTLIEB (SBN 289370)
rgottlieb@glaserweil.com
EMIL PETROSSIAN (SBN 264222)
epetrossian@glaserweil.com
PETER M. BRANSTEN (SBN 113352)
pbransten@glaserweil.com
AYAD MATHEWS (SBN 339785)
amathews@glaserweil.com
GLASER WEIL FINK HOWARD
     JORDAN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| IN RE GREEN DOT CORPORATION SECURITIES LITIGATION | Case No. 2:19-cv-10701-FLA-E<br><br>CLASS ACTION<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO DEFER OR DENY DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: August 8, 2025<br>Time: 01:30 p.m.<br>Courtroom: 6B<br>Judge: Hon. Fernando L. Aenlle-Rocha |

Plaintiffs' Motion to Defer or Deny Summary Judgment Pursuant to Federal Rule of Civil Procedure Rule 56(d) should be denied for four independent reasons.[1]

### 1.  <u>**Plaintiffs Waived Rule 56(d) Relief By Responding to the PSJM.**</u>

As a threshold matter, Plaintiffs' Rule 56(d) Motion should be denied summarily because, "by filing a responsive brief to Defendants' motion for summary judgment, Plaintiff[s] waived [their] right to seek additional discovery" under Rule 56(d). *Dimas v. Pecos Indep. Sch. Dist. Bd. of Educ.*, 2022 WL 2135345, at \*12 (D.N.M. June 14, 2022). *See also Mkrtchyan v. Sacramento Cnty.*, 2023 WL 6961889, at \*3 (E.D. Cal. Oct. 20, 2023) (plaintiff's Rule 56(d) motion denied because it was filed "after he filed his opposition to defendants' pending motion for summary judgment"); *In re Cannady*, 2021 WL 3726200, at \*2, n.4 (D. Colo. Aug. 23, 2021) (Rule 56(d) relief "is waived where a party responds to a motion for summary judgment.").

Here, Plaintiffs filed their substantive opposition to the PSJM, *see* ECF No. 204, and then filed the Motion to defer or deny the PSJM under Rule 56(d), *see* ECF No. 209. But "[t]he protection afforded by Rule 56[d] is ***an alternative*** to a response in opposition to summary judgment under 56[c]," *Pasternak v. Lear Petroleum Expl., Inc.*, 790 F.2d 828, 833 (10th Cir. 1986) (emphasis added), and "when, as here, a party has responded to a summary judgment motion under Rule 56[(c)], that party waives any option it may have had to proceed under Rule 56[(d)]," *Villa v. Bd. of Cnty. Comm'rs of Cnty. of Arapahoe*, 931 F.2d 900, at \*4 (10th Cir. 1991). *See also Martin v. Rubalcava*, 2014 WL 794342, at \*5 (E.D. Cal. Feb. 27, 2014) (denying Rule 56(d) motion where plaintiff "already filed an opposition to defendant's

---

[1] Plaintiffs' Memorandum of Points and Authorities in Support of the Motion to Defer or Deny Defendants' Motion for Partial Summary Judgment Pursuant to Rule 56(d) is referred to the as the "Rule 56(d) Motion," the "Motion" or "Mot." *See* ECF No. 209-1. Defendants' Motion for Partial Summary Judgment is called the "PSJM." *See* ECF No. 180-1. Unless otherwise stated, all emphasis in quotations is added.

1

summary judgment motion").[2]

Put simply, "[b]ecause [Plaintiffs] filed a substantive response to [Defendants'] summary judgment motion," the Court need "not consider[] [their] Rule 56(d) argument," *In re Cannady*, 2021 WL 3726200, at *2, n.4, and should deny the Motion on that basis alone.

**2.    This Court Already Considered and Rejected the Same Rule 56(d) Arguments.**

In any event, this Court already considered and duly rejected Plaintiffs' arguments regarding the timing of the filing when ruling on Defendants' motion for leave to file their PSJM. At that time, Plaintiffs argued, among other things, that such a motion, if allowed, would be premature because "Plaintiffs do not yet have the discovery necessary to respond fairly and meaningfully to Defendants' motion for summary judgment." Pls.' Opp. to Defs.' Mot. to Leave File PSJM, ECF No. 162 ("Leave Opp."), at 12. Despite this, the Court granted the motion for leave. *See* ECF No. 171. Reciting the same Rule 56(d) and case law thereunder, Plaintiffs argued they were entitled to more discovery before the Court considers the PSJM. *Id.* at 13–15. As the Court has already ruled on these precise arguments, Plaintiffs' Rule 56(d) motion should be denied as an improper motion for reconsideration. *See Roy v. Cnty. of L.A.*, 2018 WL 3439168, at *4 (C.D. Cal. July 11, 2018) (citing, *inter alia, Clemons v. Mississippi*, 494 U.S. 738, 747 n.3 (1990)) ("[T]he Court need not explicitly discuss each and every argument in any order. The Court's refusal to discuss an argument constitutes an implicit rejection of [that] argument[].").

**3.    The Additional Evidence Plaintiffs Seek is Not Essential to Oppose Summary Judgment.**

Even were the Court to consider Plaintiffs' Motion on the merits, the Court should deny the requested relief because Plaintiffs do not and cannot satisfy Rule

---

[2] Tellingly, the Motion cites evidence presented in Plaintiffs' opposition to the PSJM to argue that Plaintiffs lack sufficient evidence to oppose the PSJM. Mot. at 11–12.

2

56(d)'s required showing that the discovery sought is "essential to oppose summary judgment." *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). Based largely on Plaintiffs' admissions in response to Rule 36 requests, Defendants' PSJM asks the Court to do nothing more than review Plaintiffs' Amended Complaint's omission allegations against the admissions concerning Defendants' public disclosures and determine whether "Defendants did in fact make the very disclosures Plaintiffs claim were concealed." PSJM at 3.

As Plaintiffs concede, the PSJM "ask[s] the Court to find . . . that no triable issue of material fact exists ***as to what [Green Dot] disclosed***." Leave Opp. at 13 (emphasis added); *see also* Mot. at 1 ("Defendants move for summary judgment[] asserting . . . they adequately disclosed four categories of information that purportedly made their alleged misstatements not misleading."); ECF No. 204 at 4 (the question raised by the PSJM is whether the allegedly omitted "facts were adequately disclosed"). As the PSJM briefing demonstrates, the ***only*** evidence that bears on the question of "what Green Dot disclosed" are Defendants' public disclosures and Plaintiffs' Rule 36 admissions, which admit the existence of those disclosures. *See* PSJM at 17–18, *see also* Defs.' Reply in Support of PSJM, ECF No. 217, at 1–4.[3]

The Motion does not and cannot argue that any additional evidence bears or ***could*** bear on the question of whether a "triable issue of material fact exists ***as to what [Green Dot] disclosed***." Leave Opp. at 13 (emphasis added). For that reason alone, the Motion should be denied.

Instead, Plaintiffs falsely insist that the PSJM is actually "fact intensive," Mot. at 7-8, because, according to Plaintiffs, it asks the Court to determine whether "the

---

[3] As the PSJM explains, Defendants are asking the Court to perform the same analysis it routinely employs in a securities class action like this. *See, e.g., Garcia v. J2 Global, Inc. et al.*, 2021 WL 1558331, at *16–17 (C.D. Cal. Mar. 5, 2021) (Aenlle-Rocha, J.) (dismissing plaintiff's omissions allegations in light of judicially noticed SEC filings and finding that the facts were "not 'undisclosed'").

OPPOSITION TO PLAINTIFFS' MOTION TO DEFER OR DENY DEFENDANTS' PARTIAL MSJ

market was aware of the . . . information Defendants [disclosed]" and "understood [it] in the way Defendants claim it did," whether "Defendants' purported 'disclosures' actually disclosed what Defendants claim they did," whether "information in the market contradicted or mitigated this information," whether "Defendants' affirmatively false misstatements during the Class Period effectively counter-balanced their prior purported disclosures, . . . what was the total mix of information available to the market," and "what effect . . . the total mix of information ha[d] on the market." *Id.* at 8–10. But **none** of those issues are raised by the PSJM, and the Motion does not even attempt to explain how those issues are implicated by simply asking if a "triable issue of material fact exists as to what [Green Dot] disclosed." Leave Opp. at 13. [4]

Plaintiffs also falsely claim that "Defendants argue [in the PSJM] that their alleged misstatements could not have been important to investors," Mot. at 8, which, according to Plaintiffs, implicates issues of materiality that are "rarely resolved absent a trial," *id.* at 8–9. But Plaintiffs do not and cannot cite to any place in the PSJM that argues materiality or asserts that the alleged misstatements "could not have been important to investors," *id*. at 8, and as Plaintiffs' cited authority holds, where, as here, "the adequacy of the disclosure . . . is so obvious that reasonable minds [could] not differ," **allegations of falsity are "appropriately resolved as a matter of law**." *Fecht v. Price Co.*, 70 F.3d 1078, 1081 (9th Cir. 1995); *S.E.C. v. Todd*, 642 F.3d 1207, 1220 (9th Cir. 2011) (same).[5] Plaintiffs' false claim that the

---

[4] Plaintiffs falsely claim that the PSJM "asks this Court to decide . . . (i) what information the market knew; (ii) when the market knew this information; (iii) what the market thought of this information; (iv) that there was no other relevant information in the market mitigating or contradicting the information Defendants contend was known; and (v) as a result, the statements that Plaintiffs allege were false and misleading were in fact true." Mot. at 9–10. Again, the PSJM does not raise any of those issues.

[5] Plaintiffs' citation to *S.E.C. v. Phan*, 500 F.3d 895, 908 (9th Cir. 2007) is misguided, as that case discusses the standard for "[d]etermining materiality" in a completely inapposite context of an SEC enforcement action that "did not involve distribution of shares to the public market." *Id.*

4

PSJM implicates questions of loss causation, *see* Mot. at 8 n.4, and 9, is equally unsupported and unfounded, and should also be disregarded by the Court.

Here, because the discovery Plaintiffs seek relates to legal arguments that are not raised in or implicated by the PSJM, "the discovery Plaintiffs seek has no bearing on the legal issues which require summary judgment in favor of [Defendants]," *Demaree v. Wal-Mart Stores, Inc.*, 2011 WL 13141726, at *7 (D. Ariz. Jun. 1, 2011), and the Motion should alternatively be denied for this reason.

### 4. <u>Plaintiffs Fail to Identify How the Specific Evidence Would Refute the Fact of the Disclosures.</u>

Plaintiffs' Motion should likewise be denied because it does not state "what other specific evidence it hopes to discover and the relevance of that evidence to its claims." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (citation and internal quotes omitted). In fact, none of the identified discovery could even theoretically refute Rule 36 admissions or the fact of disclosures contained in other publicly-filed documents.

Rather than meet their Rule 36 admissions head on, Plaintiffs vaguely assert that various discovery they seek "relate[s] directly to the issues raised in Defendants' Motion," Mot. at 10, but "[a] request at that level of generality is insufficient for Rule 56(d) purposes." *Stevens*, 899 F.3d at 679 (rejecting assertion that "documents are likely to be directly relevant to each of the elements" of the claims as insufficient under Rule 56(d)). Plaintiffs also speculate that unspecified discovery from "Green Dot's biggest customer" and "Green Dot's primary communicators with the market" could somehow show that "Defendants did not adequately disclose the alleged concealed truth," Mot. at 10. But the PSJM does not turn on the "truth" of the matter—it asks only whether Defendants "in fact ma[d]e the very disclosures Plaintiffs claim were concealed," PSJM at 3. In any event, "for purposes of a Rule 56(d) request, the evidence sought must be more than 'the object of pure speculation,'" *Stevens*, 899 F.3d at 678 (citing *California v. Campbell*, 138 F.3d 772,

5

779–80 (9th Cir. 1998)), and Plaintiffs do not even attempt to identify at what evidence they could obtain from those sources to refute the admitted fact that Green Dot's public filings say what they say.

Plaintiffs further argue that "expert testimony is essential to opposing" the PSJM because it will "provide helpful analysis on materiality," "causation," the "total mix of information available to the market," and the "movements of Green Dot's stock price," Mot. at 12. But as noted above, none of those issues are implicated by a PSJM that merely asks the Court to confirm that four core omissions were actually disclosed, and Plaintiffs do not (and cannot) explain how they would be relevant to the adjudication of the relief requested. *See Mkrtchyan*, 2023 WL 6961889 at *3 (denying Rule 56(d) motion where the "declarations submitted by plaintiff's counsel [fail to] demonstrate[] how the now sought-after facts are essential to plaintiff in opposing defendants' motion for summary judgment").

In short, while Plaintiffs insist they "have every reason to believe that adequate discovery will further undermine Defendants' version of the facts," Mot. at 11, Plaintiffs' Rule 56(d) declaration does not "enumerate any 'specific facts' [Plaintiffs] hope[] to elicit from further discovery," *Stevens*, 899 F.3d at 679 (citing *Fam. Home*, 525 F.3d at 827), *or* "provide any basis or factual support for [their] assertions that further discovery would lead" to those facts, *Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998).

## **CONCLUSION**

For these reasons Plaintiffs' Rule 56(d) motion should be denied, and the PSJM decided on its merits.

OPPOSITION TO PLAINTIFFS' MOTION TO DEFER OR DENY DEFENDANTS' PARTIAL MSJ

Dated:  July 18, 2025

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
JAMES N. KRAMER
ALEXANDER K. TALARIDES
M. TODD SCOTT


 */s/ Alexander K. Talarides*
ALEXANDER K. TALARIDES
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: 415-773-5700
Facsimile: 415-773-5957

-       and       -

**GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP**
RICHARD E. GOTTLIEB
EMIL PETROSSIAN
PETER M. BRANSTEN
AYAD MATHEWS
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

*Attorneys for Defendants*

7

OPPOSITION TO PLAINTIFFS' MOTION TO DEFER OR DENY DEFENDANTS' PARTIAL MSJ

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief contains 2,050 words, which complies with the word limit of L.R. 11-6.1.


Dated:  July 18, 2025                          ORRICK, HERRINGTON & SUTCLIFFE LLP


                                    */s/ Alexander K. Talarides*
                                    ALEXANDER K. TALARIDES

                                    *Attorneys for Defendants*

OPPOSITION TO PLAINTIFFS' MOTION TO DEFER OR DENY DEFENDANTS' PARTIAL MSJ