ROBBINS GELLER RUDMAN
  & DOWD LLP
DEBRA J. WYMAN (190812)
JESSICA T. SHINNEFIELD (234432)
CHRISTOPHER R. KINNON (316850)
MATTHEW J. BALOTTA (310303)
JOHN M. KELLEY (339965)
RACHEL C. BRABY (356720)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com
jshinnefield@rgrdlaw.com
ckinnon@rgrdlaw.com
mbalotta@rgrdlaw.com
jkelley@rgrdlaw.com
rbraby@rgrdlaw.com

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GREEN DOT CORPORATION SECURITIES LITIGATION | ) ) ) ) | Case No. 2:19-cv-10701-FLA (Ex) <br><br> CLASS ACTION <br><br> PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DEFER OR DENY DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT <br><br> DATE:    August 8, 2025 <br> TIME:    1:30 p.m. <br> JUDGE:   Fernando L. Aenlle-Rocha |

4906-2124-3480.v1

# TABLE OF CONTENTS

**Page**

I.  Introduction ................................................................................................ 1

II.  Defendants Provide No Legitimate Basis for the Denial of Plaintiffs' Rule 56(d) Motion ...................................................................................... 2

    A.  Plaintiffs Did Not Waive Rule 56(d) Relief ........................................ 2

    B.  The Court Has Not Ruled on Plaintiffs' Rule 56(d) Motion ............... 4

    C.  Additional Evidence Is Essential to Opposing Summary Judgment ............................................................................................. 5

    D.  Plaintiffs Identify How the Specific Evidence Would Refute Defendants' PMSJ Arguments ............................................................ 9

III.  Conclusion ............................................................................................... 13

4906-2124-3480.v1

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Aparicio v. Comcast, Inc.*,
    2017 WL 7087498 (N.D. Cal. June 14, 2017) ..................................................... 10

*Aradon v. Snohomish Cnty.*,
    2021 WL 5630956 (W.D. Wash. Dec. 1, 2021) ..................................................... 2

*Ashton-Take Corp. v. Ross*,
    916 F.2d 516 (9th Cir. 1990) ............................................................................... 2

*Burlington N. Santa Fe R.R. Co. v.*
    *Assiniboine & Sioux Tribes of Fort Peck Rsrv.*,
    323 F.3d 767 (9th Cir. 2003) ..................................................................... 6, 8, 10

*Chernova v. Elec. Sys. Servs., Inc.*,
    247 F. Supp. 2d 720 (D. Md. 2003) ..................................................................... 3

*Demaree v. Wal-Mart Stores, Inc.*,
    2011 WL 13141726 (D. Ariz. June 1, 2011) ......................................................... 9

*Dyess v. Est. of Morton*,
    2021 WL 1561625 (N.D. Cal. Apr. 21, 2021) ....................................................... 2

*Edwards v. Ford Motor Co.*,
    2012 WL 8305593 (S.D. Cal. June 13, 2012) ..................................................... 11

*Emps. Teamsters Loc. Nos. 175 &*
    *505 Pension Tr. Fund v. Clorox Co.*,
    353 F.3d 1125 (9th Cir. 2004) ..................................................................... 9, 12

*Fecht v. Price Co.*,
    70 F.3d 1078 (9th Cir. 1995) ..................................................................... 6, 7

*Garcia v. J2 Glob., Inc.*,
    2021 WL 1558331 (C.D. Cal. Mar. 5, 2021) ..................................................... 6, 8

- ii -

4906-2124-3480.v1

**Page**

*Harbour Island Dev. Mgmt., LLC v.*
*4M Harbour Island Ltd.,*
2020 WL 4390370 (C.D. Cal. June 29, 2020)...............................................10, 12

*Keller v. Schering-Plough Corp.,*
2005 WL 8175137 (D.N.J. Apr. 22, 2005) .........................................................3

*Khoja v. Orexigen Therapeutics, Inc.,*
899 F.3d 988 (9th Cir. 2018)...............................................................6, 7, 11

*Lee v. City of L.A.,*
250 F.3d 668 (9th Cir. 2001)........................................................................6

*Margolis v. Ryan,*
140 F.3d 850 (9th Cir. 1998).......................................................................12

*Martin v. Rubalcava,*
2014 WL 794342 (E.D. Cal. Feb. 27, 2014) .........................................................3

*McKissick v. Yuen,*
618 F.3d 1177 (10th Cir. 2010).....................................................................3

*Mkrtchyan v. Sacramento Cnty.,*
2023 WL 6961889 (E.D. Cal. Oct. 20, 2023) ............................................2, 12, 13

*Nieves-Romero v. United States,*
715 F.3d 375 (1st Cir. 2013) ........................................................................3

*Pasternak v. Lear Petroleum Expl., Inc.,*
790 F.2d 828 (10th Cir. 1986).......................................................................3

*Provenz v. Miller,*
102 F.3d 1478 (9th Cir. 1996).......................................................................7

*Roy v. Cnty. of L.A.,*
2018 WL 3439168 (C.D. Cal. July 11, 2018) ........................................................4

*S.E.C. v. Mozilo,*
2010 WL 3656068 (C.D. Cal. Sep. 16, 2010)........................................................7

- iii -

4906-2124-3480.v1

**Page**

*Savage v. Hadlock*,
  296 F.2d 417 (D.C. Cir. 1961) .................................................................. 4, 5

*Shapiro v. Matrixx Initiatives, Inc.*,
  2011 WL 13047298 (D. Ariz. Sep. 26, 2011) ........................................... 7

*Stevens v. Corelogic, Inc.*,
  899 F.3d 666 (9th Cir. 1998) ................................................................... 12

*United States v. Ped*,
  943 F.3d 427 (9th Cir. 2019) ..................................................................... 4

*United States v. Kirilyuk*,
  29 F.4th 1128 (9th Cir. 2022) .................................................................... 4

*United States v. Kitsap Physicians Serv.*,
  314 F.3d 995 (9th Cir. 2002) ..................................................................... 2

*United States v. Lummi Nation*,
  763 F.3d 1180 (9th Cir. 2014) ................................................................... 4

*United Steelworkers of Am. v. Ret. Income*
  *Plan For Hourly-Rated Emps. of ASARCO, Inc.*,
  512 F.3d 555 (9th Cir. 2008) ..................................................................... 4

*VetStem BioPharma, Inc. v. Cal.*
  *Stem Cell Treatment Ctr., Inc.*,
  2022 WL 1601387 (C.D. Cal. Mar. 17, 2022) ....................................... 11

*Villa v. Bd. of Cnty. Comm'rs of Cnty. of Arapahoe*,
  931 F.2d 900 (10th Cir. 1991) ................................................................... 3

**STATUTES, RULES, AND REGULATIONS**

Federal Rule of Evidence
  Rule 56(d) .......................................................................................*passim*

17 C.F.R.
  §240.10b-5 ............................................................................................. 10

- iv -

**Page**

**SECONDARY AUTHORITIES**

Michael C. Smith, O'Connor's Federal Rules Civil Trials (2025 ed.)
   §9 ...................................................................................................................... 3

- v -

## I.      Introduction

After missing two separate document discovery deadlines, and delaying their document production by more than six months, Defendants now attempt to further hamstring Plaintiffs by forcing them to oppose Defendants' Motion for Partial Summary Judgment (ECF 180-1) ("PMSJ") without the benefit of essential discovery.[1]  To prevent this manifest injustice, in addition to opposing Defendants' PMSJ, Plaintiffs simultaneously moved under Federal Rule of Evidence 56(d) ("Rule 56(d)") to defer or deny Defendants' PMSJ.  Rule 56(d) Motion at 2-5, 10-12.

In Defendants' Opposition to Plaintiffs' Rule 56(d) Motion (ECF 221) ("Rule 56(d) Opposition"), Defendants repeat their strained assertions that their PMSJ "does not turn on the 'truth' of the matter" and that the Court need not consider the evidence submitted by Plaintiffs showing that Defendants' so-called "disclosures" did not prevent investors from being misled by Defendants' affirmatively false misstatements during the Class Period.  Rule 56(d) Opposition at 5.  Incredibly, Defendants further contend that Plaintiffs have all discovery necessary to oppose their PMSJ, ignoring the fact that Defendants' document production remains incomplete, that they have not produced a final privilege log, that no depositions have been taken and that expert discovery has not yet begun.  Finally, in a desperate attempt to defeat Plaintiffs' Rule 56(d) Motion, Defendants ask the Court to rely on a 40-year-old Tenth Circuit opinion that contradicts Ninth Circuit law and is both legally incorrect and factually inapposite.  For these reasons, the Court should either deny Defendants' PMSJ, or grant Plaintiffs' Rule 56(d) Motion and defer consideration of the PMSJ until the close of fact and expert discovery.

---

[1]      All capitalized terms not otherwise defined herein have the same definition as in Plaintiffs' Motion to Defer or Deny Defendants' Motion for Partial Summary Judgment Pursuant to Federal Rule of Civil Procedure 56(d) (ECF 209-1) ("Rule 56(d) Motion").

- 1 -

**II.    Defendants Provide No Legitimate Basis for the Denial of Plaintiffs' Rule 56(d) Motion**

**A.    Plaintiffs Did Not Waive Rule 56(d) Relief**

Defendants argue that Plaintiffs waived their right to relief under Rule 56(d) by also filing a brief in opposition to Defendants' PMSJ. *See* Rule 56(d) Opposition at 1-2.  That is not the law in the Ninth Circuit.  *See Dyess v. Est. of Morton*, 2021 WL 1561625, at *1 (N.D. Cal. Apr. 21, 2021) (granting relief under Rule 56(d) where the plaintiff sought such relief in its opposition to the defendants' motion for summary judgment); *Mkrtchyan v. Sacramento Cnty.*, 2023 WL 6961889, at *3 (E.D. Cal. Oct. 20, 2023) (faulting the plaintiff for failing to seek Rule 56(d) relief when it opposed the defendants' motion for summary judgment).[2]  Indeed, rather than requiring that a party file a Rule 56(d) motion ***before*** opposing a motion for summary judgment, decisions within this Circuit "support the conclusion that a Rule 56(d) motion is 'timely' if brought before a hearing or ruling on a pending motion for summary judgment." *Aradon v. Snohomish Cnty.*, 2021 WL 5630956, at *2 (W.D. Wash. Dec. 1, 2021) (citing *Ashton-Take Corp. v. Ross*, 916 F.2d 516, 520 (9th Cir. 1990); *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 997 (9th Cir. 2002)).

Defendants' authority provides no basis to deny Plaintiffs' Rule 56(d) Motion. For example, in *Mkrtchyan*, the court did not deny the plaintiff's Rule 56(d) motion "because it was filed 'after he filed his opposition,'" as Defendants incorrectly represent.  Rule 56(d) Opposition at 1.  Rather, the plaintiff filed his Rule 56(d) motion "more than two weeks after he filed his opposition to . . . summary judgment and four days after defendants had filed their reply brief." *Mkrtchyan*, 2023 WL 6961889, at *3.  And the court even faulted the plaintiff for not doing what Plaintiffs did here, which was to move for Rule 56(d) relief "***when plaintiff's counsel filed [the] opposition*** to defendants' summary judgment motion." *Id.*  The only other Ninth

---

[2]    Unless otherwise indicated, citations are omitted and emphasis is added.

Circuit district court case Defendants cite on this issue is similarly inapposite. *See Martin v. Rubalcava*, 2014 WL 794342, at *5 (E.D. Cal. Feb. 27, 2014) ("Rule 56(d) request was filed after he filed his opposition, and after defendant had filed a reply brief").

Nor are Defendants' citations to stale, Tenth Circuit case law instructive here. Rule 56(d) Opposition at 1-2 (citing *Pasternak v. Lear Petroleum Expl., Inc.*, 790 F.2d 828, 833 (10th Cir. 1986); *Villa v. Bd. of Cnty. Comm'rs of Cnty. of Arapahoe*, 931 F.2d 900, at *4 (10th Cir. 1991)). Moreover, other out-of-circuit courts agree with the Ninth Circuit in rejecting Defendants' argument. *See Keller v. Schering-Plough Corp.*, 2005 WL 8175137, at *3 (D.N.J. Apr. 22, 2005) ("Ordinarily, Rule 56[(d)] applications are filed in connection with the non-moving party's opposition papers."); *Chernova v. Elec. Sys. Servs., Inc.*, 247 F. Supp. 2d 720, 722 n.1 (D. Md. 2003) (finding that "responding in substance" to a summary judgment motion "did not waive . . . objections to consideration of the summary judgment motion").

Federal practice guides concur:

As a general rule, the motion for continuance and affidavit or declaration should be filed before the deadline to file the response to the motion for summary judgment, but in certain circumstances they may accompany the response, or at the latest be filed before the court rules on the motion for summary judgment.

Michael C. Smith, O'Connor's Federal Rules Civil Trials §9 (2025 ed.); *see also McKissick v. Yuen*, 618 F.3d 1177, 1190 (10th Cir. 2010) (emphasis omitted) (holding a party "must file a Rule 56[(d)]-compliant affidavit before, not after, the court's decision"); *Nieves-Romero v. United States*, 715 F.3d 375, 381 (1st Cir. 2013) (a party "must stake his claim to protection under Rule 56(d) at the time he responds to the summary judgment motion").

- 3 -

## B.      The Court Has Not Ruled on Plaintiffs' Rule 56(d) Motion

Defendants' contention that this Court already ruled upon Plaintiffs' Rule 56(d) arguments is incorrect, and is belied by the Court's Order Granting Defendants Leave to File a Motion for Partial Summary Judgment (ECF 177 at 2), Defendants' Rule 56(d) Opposition, and Ninth Circuit precedent.  Despite Defendants' assertion that "the Court has already ruled on these precise arguments" (Rule 56(d) Opposition at 2), the Court's Order Granting Leave contains no discussion of Plaintiffs' Rule 56(d) arguments, which were not yet before the Court.

In order to apply the law of the case doctrine in the Ninth Circuit, "'the issue in question must have been decided explicitly or by necessary implication in the previous disposition.'"  *United States v. Lummi Nation*, 763 F.3d 1180, 1185 (9th Cir. 2014) (emphasis omitted).  The Court's Order Granting Leave – which is silent with respect to Rule 56(d) and was issued June 9, 2025 – could not have explicitly decided Plaintiffs' Rule 56(d) Motion, which was not filed until July 3, 2025.  Rule 56(d) Opposition at 2.  Nor does the Court's granting leave to file the PMSJ constitute a denial of Plaintiffs' Rule 56(d) Motion by "necessary implication," as no relief under Rule 56(d) was sought in the briefing concerning Defendant's motion for leave, and the Court did not address Rule 56(d) in its order.  *United States v. Kirilyuk*, 29 F.4th 1128, 1134 (9th Cir. 2022) (quoting *United States v. Ped*, 943 F.3d 427, 434 (9th Cir. 2019) ("As we have repeatedly stated, '[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.'"); *see also United Steelworkers of Am. v. Ret. Income Plan For Hourly-Rated Emps. of ASARCO, Inc.*, 512 F.3d 555, 564 (9th Cir. 2008) (holding that the "'law of the case acts as a bar only when the issue in question was actually considered and decided by the first court'").[3]  Simply

---

[3]      Defendants' authority actually supports Plaintiffs' position.  For example, the Court in *Roy v. Cnty. of L.A.*, 2018 WL 3439168, at *4 (C.D. Cal. July 11, 2018) cites *Savage v. Hadlock*, 296 F.2d 417, 419 (D.C. Cir. 1961), which found that "the district

- 4 -

put, the Court's decision to grant Defendants' motion for leave does not warrant denial of Plaintiffs' Rule 56(d) Motion.

### C.   Additional Evidence Is Essential to Opposing Summary Judgment

Defendants assert that Plaintiffs require no additional evidence to oppose Defendants' PMSJ because they simply ask the Court to review the Complaint's allegations against "the admissions concerning Defendants' public disclosures and determine whether 'Defendants did in fact make the very disclosures Plaintiffs claim were concealed.'"  Rule 56(d) Opposition at 3 (quoting PMSJ at 3).  In reality, Defendants' PMSJ asks the Court to do far more – none of which is permitted under Ninth Circuit law.

*First*, Plaintiffs have never "admitted" in their responses to Defendants' improper Requests for Admission or otherwise, that the statements upon which Defendants rely in their PMSJ were "disclosures," much less *adequate* disclosures that prevented Defendants' affirmative misstatements during the Class Period from misleading investors. *See* ECF 204 (Plaintiffs' opposition to PMSJ ("PMSJ Opp.")) at 21-22.  To the contrary, Plaintiffs staunchly dispute the relevance and adequacy of Defendants' purported "disclosures," many of which pre-date the Class Period and are contradicted by both Defendants' Class Period misstatements and Green Dot's internal documents. *Id.* at 15-20, 22.

*Second*, in opposing Plaintiffs' Rule 56(d) Motion, Defendants claim that their PMSJ merely seeks a finding from the Court regarding "'what [Green Dot] disclosed.'"  Rule 56(d) Opposition at 3.  But such a finding by the Court – that

court's ruling in favor of the plaintiff constituted an 'implicit rejection' of the defendant's argument" because the "defendant *actually raised the argument* before the court and '[t]he issue was clearly presented and *all the relevant papers were before the court*.'"  *Id.*  That is not the case here.

4906-2124-3480.v1

Defendants said certain words on particular dates[4] – absent further factual analysis, would provide no basis to summarily dismiss *any* of Plaintiffs' claims or allegations. That is why, in reality, what Defendants' PMSJ actually seeks is "an order that: (i) there is no genuine issue of material fact that the four categories of disclosures identified below were made, *and (ii) as a result, there was no securities fraud with respect to those alleged statements or omissions*." PMSJ at 3.[5]

In opposing Plaintiffs' Rule 56(d) Motion, Defendants blatantly ignore the latter portion of the relief they expressly sought in their PMSJ. The reason is obvious: determining whether Defendants' purported disclosures result in "no securities fraud with respect to [their] alleged misstatements and omissions" (PMSJ at 3) requires the Court to engage in precisely the types of factual analysis relating to falsity, materiality, and causation that the Ninth Circuit has expressly reserved for the jury and deemed inappropriate for resolution on a motion for summary judgment, particularly, where, as here, discovery is far from complete. *Fecht v. Price Co.*, 70 F.3d 1078, 1081 (9th Cir. 1995) (holding that "whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact" and not by the trial court "'as a matter of law'"); *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 773-74 (9th Cir. 2003) (holding that "'continuance of a motion for summary judgment for purposes of discovery should be granted as a matter of course'" if the

---

[4]    The Court should not take judicial notice of the statements Defendants self-servingly characterize as "disclosures" because, as this Court has previously recognized, "courts may take judicial notice of 'undisputed matters of public record,' but generally may not take judicial notice of 'disputed facts stated in public records.'" *Garcia v. J2 Glob., Inc.*, 2021 WL 1558331, at *7 (C.D. Cal. Mar. 5, 2021) (emphasis omitted) (quoting *Lee v. City of L.A.*, 250 F.3d 668, 690 (9th Cir. 2001)); *see also* ECF 208 at 1. Indeed, as here, "[i]f the content of the document is subject to varying interpretations, then there is no fact 'not subject to reasonable dispute,' and the fact does not qualify for judicial notice." *Garcia*, 2021 WL 1558331, at *7 (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1000 (9th Cir. 2018)).

[5]    Thus, this is Defendants' only permitted motion for summary judgment as to those statements. ECF 177 at 2.

- 6 -

4906-2124-3480.v1

""""non-moving party has not had the opportunity to discovery information that is essential to its opposition"""").

More specifically, to determine that "there was no securities fraud" due to certain of Defendants' purported disclosures, the Court would need to improperly resolve a host of hotly disputed factual issues in Defendants' favor, including: (i) what the market and investors understood Defendants' purported "disclosures" to mean at the time Defendants made the statements; and (ii) whether, given those prior, non-specific and non-revelatory disclosures, the market and investors could not have been misled by the specific, affirmative misstatements Defendants made during the Class Period about Green Dot's prepaid card growth and the value of the Company's new digital products. *Provenz v. Miller*, 102 F.3d 1478, 1493 (9th Cir. 1996).

In short, as Defendants acknowledge (Rule 56(d) Opposition at 3), to prevail on their PMSJ, they bear the heavy burden of proving that "'the adequacy of the[ir] disclosure[s] . . . [wa]s so obvious that reasonable minds could not differ.'" *Khoja*, 899 F.3d at 1014. Defendants have failed to do so. PMSJ Opp. at 11-20. Moreover, the resolution of these factual questions cannot be determined, as a matter of law, at summary judgment. *See, e.g.*, *Fecht*, 70 F.3d at 1081 ("[W]hether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact."); *S.E.C. v. Mozilo*, 2010 WL 3656068, at *9, *19 (C.D. Cal. Sep. 16, 2010) (denying summary judgment on grounds that incomplete disclosures made on various earnings calls and in SEC filings did not negate defendants' misleading statements); *Shapiro v. Matrixx Initiatives, Inc.*, 2011 WL 13047298, at *5 (D. Ariz. Sep. 26, 2011) (finding that "past disclosures do not excuse subsequent misleading statements and omissions"). In accordance with Ninth Circuit law, the Court should decline to do so.

***Third***, Defendants contend that Plaintiffs failed to show that "the discovery sought is 'essential to oppose summary judgment.'" Rule 56(d) Opposition at 2-3. Not so. As Plaintiffs describe in their Rule 56(d) Motion and the accompanying Declaration of Christopher Kinnon (ECF 209-2 ("Kinnon Declaration")), due to no

- 7 -

delay on Plaintiffs' part: (i) numerous document requests remain outstanding that relate directly to the issues raised in Defendants' PMSJ (Kinnon Decl., ¶25); (ii) Plaintiffs have yet to receive document productions from various third parties, including Walmart (Green Dot's largest customer during the Class Period), which bear on Defendants' PMSJ (*id.*, ¶26); (iii) Plaintiffs have not had the opportunity to depose the Defendants and other witnesses whose testimony is relevant to opposing the PMSJ; and (iv) Plaintiffs have not obtained expert testimony necessary to oppose the PMSJ. All of this evidence is essential to opposing Defendants' PMSJ. So too are many of the more than 85,000 documents that Defendants have produced since July 3, 2025 – the date Plaintiffs' opposition to the PMSJ was due – likely essential to opposing the PMSJ.

Because Plaintiffs have not had adequate opportunity to obtain and review discovery essential to opposing Defendants' PMSJ, Plaintiffs' Rule 56(d) Motion should be granted. *Burlington*, 323 F.3d at 773-74.

***Fourth***, the minimal case law Defendants cite is either completely inapposite or actually supports Plaintiffs' Rule 56(d) Motion. For example, in *Garcia*, defendants made several statements that were allegedly misleading because they concealed that certain business segments "'were not performing well'" or were "significantly underperforming." 2021 WL 1558331, at *15. Similar to Defendants' tact here, the defendants in *Garcia* pointed to various corporate disclosures for which they sought judicial notice to argue that investors "could not have been misled" by these misstatements. *Id.* The Court declined to find that defendants' misstatements about the company's underperformance were "not misleading as a matter of law, as this raises questions of fact." *Id.* Defendants presumably cited *Garcia* because, with respect to other alleged misstatements about the company's good will, the court granted defendants' motion to dismiss. But it did so because, unlike here, the plaintiffs did not dispute the adequacy of the defendants' disclosures concerning goodwill. *Id.* at *16-*17.

- 8 -

Nor does *Demaree v. Wal-Mart Stores, Inc.*, 2011 WL 13141726, at *7 (D. Ariz. June 1, 2011) strengthen Defendants' position.  This strikingly inapposite case involved a lawsuit against Wal-Mart relating to its processing of photos of underage children.  There, the Court denied the plaintiffs' Rule 56(d) motion because it was supported by a declaration containing merely "vague allegations that more discovery [wa]s needed" and sought discovery that had "no bearing on the legal issues which require summary judgment."  *Id.*  That is not the case here, where Plaintiffs' Rule 56(d) Motion is supported by a detailed declaration that identifies with specificity the types of discovery that are still needed and the reasons therefore.  *See* Kinnon Decl., ¶¶24-30.

### D.    Plaintiffs Identify How the Specific Evidence Would Refute Defendants' PMSJ Arguments

Relying on inapposite authority, Defendants argue that Plaintiffs "vaguely assert that various discovery" is relevant to issues raised in Defendants' PMSJ, ignoring and selectively quoting Plaintiffs' Rule 56(d) Motion, and the Kinnon Declaration.  Rule 56(d) Opposition at 5.  Their half-hearted arguments are meritless and should be rejected.

"To prevail under [Rule 56(d)], parties opposing a motion for summary judgment must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought exists.'"  *Emps. Teamsters Loc. Nos. 175 & 505 Pension Tr. Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004).  Plaintiffs have not only detailed the specific outstanding discovery that is necessary to respond to Defendants' PMSJ fully, but they have also explained why and how that discovery is relevant to the issues raised in the PMSJ, and their basis for believing such evidence exists.  *See* §II.C., *supra*.[6]

---

[6]    Defendants make no argument that Plaintiffs' Rule 56(d) Motion is untimely.

- 9 -

4906-2124-3480.v1

For example, Plaintiffs identify ten different requests for production of documents relating to Green Dot's disclosure of information to the market that Defendants have not yet completed production of documents concerning. Kinnon Decl., ¶25. Plaintiffs explain that these documents relate to Green Dot's communications and statements to investors and other market participants, its policies concerning disclosures to the market, and the movement of Green Dot's stock price in response to disclosures made to the market, bearing directly on issues raised by Defendants' PMSJ. *Id.*; Rule 56(d) Motion at 10-11. Indeed, the Ninth Circuit has held that denying a Rule 56(d) motion "'is especially inappropriate where . . . the material sought is also the subject of outstanding discovery requests.'" *Burlington*, 323 F.3d at 775.

Plaintiffs also describe how deposition testimony from Defendants and Green Dot witnesses will elucidate what disclosures were made to the market, when those disclosures were made, and why certain contrary information – which Plaintiffs allege Defendants' possessed and was "necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading" – was not disclosed. 17 C.F.R. §240.10b-5. This testimony is also directly relevant to Defendants' PMSJ. Kinnon Decl., ¶¶22, 29.[7] Courts have also granted Rule 56(d) motions where, like here, depositions of key witnesses had not yet been taken. *See Aparicio v. Comcast, Inc.*, 2017 WL 7087498, at *4 (N.D. Cal. June 14, 2017); *Harbour Island Dev. Mgmt., LLC v. 4M Harbour Island Ltd.*, 2020 WL 4390370, at *2 (C.D. Cal. June 29, 2020).

Additionally, Plaintiffs have described how and why expert witness evidence is necessary to respond to Defendants' PMSJ. Rule 56(d) Motion at 8-10; Kinnon Decl., ¶30. Despite Defendants repeatedly claiming that their PMSJ "merely" asks if certain

---

[7] For example, the Individual Defendants may concede under oath (and penalty of perjury) that they never disclosed the declining growth in prepaid cards or the negative product mix trend.

disclosures were made (Rule 56(d) Opposition at 6), it in fact seeks an order determining that "there was no securities fraud with respect to those alleged statements or omissions." PMSJ at 3. To prevail on their actual request, Defendants need to prove that "'the adequacy of the[ir] disclosure[s] . . . [was] so obvious that reasonable minds could not differ.'" *Khoja*, 899 F.3d at 1014. Such a determination requires resolving factual issues such as falsity, materiality, and causation, which are more appropriately resolved at trial and rely on expert witness evidence concerning, among other things: (1) whether the market knew of the information Defendants claim was disclosed; (2) when the market knew this information; (3) what the market understood about this information; (4) whether there was other information in the market that mitigated or contradicted Defendants' claimed disclosures; and (5) what impact the total available information had on the market. *See* §II.C., *supra*. Expert discovery has not yet taken place and is scheduled to occur after the close of fact discovery on October 31, 2025. ECF 195 at 4. Rule 56(d) motions are also granted when relevant expert discovery has not yet occurred, particularly in cases where expert-intensive factual issues are raised by the summary judgment motion.

For instance, in *VetStem BioPharma, Inc. v. Cal. Stem Cell Treatment Ctr., Inc.*, 2022 WL 1601387 (C.D. Cal. Mar. 17, 2022), the defendant filed a Rule 56(d) motion in a patent infringement case where, like here, the summary judgment motion was brought before fact and expert discovery were complete but that nonetheless raised complicated issues "'[d]etermining whether or not patent infringement exists.'" *Id.* at *5. Recognizing that "patent cases almost always rely on expert opinions to demonstrate infringement or non-infringement," and that the discovery deadlines had not passed, the defendant's Rule 56(d) motion was granted. *Id.*; *see also Edwards v. Ford Motor Co.*, 2012 WL 8305593, at *2 (S.D. Cal. June 13, 2012) (granting Rule 56(d) motion and declining "to rule on such a dispositive motion when Plaintiff has not even had the opportunity to conduct merits expert discovery").

- 11 -

4906-2124-3480.v1

Finally, claiming that Plaintiffs offer nothing but """pure speculation,""" Defendants contend that Plaintiffs fail to provide any basis that the information refuting Defendants' PMSJ exists. Rule 56(d) Opposition at 5-6. They are again incorrect. As Plaintiffs explain, document discovery to date has already revealed evidence refuting Defendants' PMSJ arguments, even showing Defendants consciously concealing the prepaid card declines their PMSJ contends was disclosed. Rule 56(d) Motion at 11 (citing PMSJ Opp., §IV.A; ECF 205; ECF 206). Plaintiffs also describe, based upon document discovery to date, what testimony is expected to be available from Defendants and Green Dot witnesses on issues implicated by Defendants' PMSJ. Rule 56(d) Motion at 11-12; Kinnon Decl., ¶29. This showing satisfies Plaintiffs' burden to provide "'some basis'" for their belief that the information refuting Defendants' PMSJ exists. *Clorox*, 353 F.3d at 1129; *Harbour Island*, 2020 WL 4390370, at *2.

None of the cases Defendants cite aid their arguments. In *Stevens v. Corelogic, Inc.*, 899 F.3d 666 (9th Cir. 1998), the plaintiff brought its Rule 56(d) motion ***after the close of discovery*** and before the district court resolved pending discovery motions. *Id.* at 672, 676-77. The district court implicitly denied the Rule 56(d) motion by granting summary judgment. *Id.* at 677. On appeal, that implicit denial was affirmed because, unlike here, the plaintiff failed to articulate how the sought-after discovery was relevant to the dispositive issue raised in the defendant's summary judgment motion. *Id.* Likewise, the plaintiff's Rule 56(d) motion was denied in *Margolis v. Ryan*, 140 F.3d 850 (9th Cir. 1998), because the plaintiff did not "provide any basis or factual support for his assertions that further discovery would lead to the facts and testimony he described in his affidavit." *Id.* at 854. Plaintiffs here, however, have specifically described the relevance of the discovery necessary to respond to Defendants' PMSJ. Lastly, in *Mkrtchyan*, the motion for summary judgment was also brought ***after*** the close of discovery. 2023 WL 6961889, at *2. And unlike Plaintiffs here, the plaintiff failed to explain how the additional discovery was essential to

- 12 -

4906-2124-3480.v1

opposing the defendant's summary judgment motion, or how it would create a genuine dispute of material fact. *Id.* at *3.

## III.   Conclusion

Defendants' arguments based on cherry-picked quotations from Plaintiffs' Rule 56(d) Motion and supporting materials are completely without merit, and provide no basis to deny Plaintiffs' Rule 56(d) Motion.  Because Plaintiffs have satisfied the requirements for obtaining relief under Rule 56(d), their motion should be granted.

DATED:  July 25, 2025                             Respectfully submitted,

ROBBING GELLER RUDMAN
  & DOWD LLP
DEBRA J. WYMAN
JESSICA T. SHINNEFIELD
CHRISTOPHER R. KINNON
MATTHEW J. BALOTTA
JOHN M. KELLEY
RACHEL C. BRABY


                                      s/ Jessica T. Shinnefield
                              JESSICA T. SHINNEFIELD

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

PITTA LLP
VINCENT F. PITTA
120 Broadway, 28th Floor
New York, NY  10271
Telephone: 212/652-3890
212/652-3891 (fax)

Additional Counsel for Plaintiffs

- 13 -

4906-2124-3480.v1

**LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for plaintiffs New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund and Teamsters Local Union No. 727 Pension Fund, certifies that this brief contains 4,053 words, which complies with the word limit of L.R. 11-6.1.

DATED: July 25, 2025

s/ Jessica T. Shinnefield
JESSICA T. SHINNEFIELD

- 14 -

4906-2124-3480.v1