ROBBINS GELLER RUDMAN
 & DOWD LLP
ELLEN GUSIKOFF STEWART (144892)
DEBRA J. WYMAN (190812)
JESSICA T. SHINNEFIELD (234432)
CHRISTOPHER R. KINNON (316850)
MATTHEW J. BALOTTA (310303)
JOHN M. KELLEY (339965)
RACHEL C. BRABY (356720)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com
debraw@rgrdlaw.com
jshinnefield@rgrdlaw.com
ckinnon@rgrdlaw.com
mbalotta@rgrdlaw.com
jkelley@rgrdlaw.com
rbraby@rgrdlaw.com

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GREEN DOT CORPORATION SECURITIES LITIGATION | Case No. 2:19-cv-10701-FLA (Ex) |
| | CLASS ACTION |
| | STIPULATION AND AGREEMENT OF SETTLEMENT |
| | DATE:    November 21, 2025 |
| | TIME:    1:30 p.m. |
| | JUDGE: Hon. Fernando L. Aenlle-Rocha |
| | COURTROOM:    6B |

4930-1967-6778.v2

This Stipulation and Agreement of Settlement dated October 17, 2025 ("Stipulation") is entered into between: (i) Court-appointed Lead Plaintiff New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund and Named Plaintiff Teamsters Local Union No. 727 Pension Fund (together, "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (ii) defendants Green Dot Corporation ("Green Dot"), Steven W. Streit ("Streit"), and Mark Shifke ("Shifke") (together, "Defendants" and, collectively with Plaintiffs, the "Parties"), and embodies the terms and conditions of the settlement of the claims asserted under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") in the above-captioned class action ("Action").[1]  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Plaintiffs' Claims (defined below) against Defendants.

WHEREAS:

A.    On December 18, 2019, a class action complaint, styled *Estaban Koffsmon v. Green Dot Corporation, et al.*, Case No. 2:19-cv-10701-DDP, was filed in the United States District Court for the Central District of California ("Court"), asserting violations of the federal securities laws against Green Dot and certain of its executives.  ECF 1.

B.    New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund moved for appointment as lead plaintiff on February 18, 2020. ECF 33.  Four competing motions for appointment were filed by putative class members.  ECF 19, 23, 26, 29.  By Order dated August 6, 2021, the Court appointed New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension

---

[1]    All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶1 below.

1    Fund as Lead Plaintiff and approved its selection of Robbins Geller Rudman & Dowd

2    LLP as Lead Counsel for the class.  ECF 64.

3        C.    On April 1, 2022, Plaintiffs filed the Amended Complaint for Violations

4    of the Federal Securities Laws ("Complaint") on behalf of all purchasers of Green Dot

5    common stock between May 9, 2018 and November 7, 2019, both dates inclusive

6    ("Class Period"), and who were damaged thereby.  ECF 83.  Plaintiffs asserted:

7    (i) claims under Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated

8    thereunder, against Green Dot, Streit, and Shifke; and (ii) claims under Section 20(a)

9    of the Exchange Act against Streit and Shifke.  Plaintiffs alleged that, during the Class

10    Period, Defendants made materially false and misleading statements and omissions

11    regarding the value of Green Dot's prepaid customers and business, the scope of the

12    decline in its prepaid business, and the effect of and reason for its shift to digital and

13    direct deposit accounts.  Plaintiffs further alleged that the price of Green Dot common

14    stock was artificially inflated as a result of Defendants' allegedly false and misleading

15    statements and material omissions, and declined when the truth was revealed.

16        D.    On June 21, 2022, Defendants moved to dismiss the Complaint.  ECF 86.

17    On August 19, 2022, Plaintiffs opposed Defendants' motion to dismiss.  ECF 90.  On

18    September 16, 2022, Defendants filed a reply in support of their motion to dismiss.

19    ECF 91.

20        E.    By Order dated March 29, 2024, the Court denied Defendants' motion to

21    dismiss the Complaint.  ECF 102.  Defendants answered the Complaint on May 13,

22    2024.  ECF 108.  The Parties then commenced discovery efforts and filed a Joint

23    Report Rule 26(f) Discovery Plan on July 8, 2024.  ECF 115.

24        F.    Pursuant to the case schedule set forth in the Order Modifying Briefing

25    Schedule on Plaintiffs' Motion for Class Certification (ECF 172), Plaintiffs filed their

26    Motion to Certify the Class on June 6, 2025.  ECF 174.  On July 3, 2025, Defendants

27    filed their Response and Statement of Non-Opposition to Plaintiffs' Motion to Certify

28    Class.  ECF 203.  On July 14, 2025, Plaintiffs filed their Reply in support of their

4930-1967-6778.v2

1  Motion to Certify the Class.  ECF 216.  The Court has not entered an order on
2  Plaintiffs' Motion to Certify the Class.

3      G.    On April 25, 2025, Defendants filed a Motion for Leave to File Motion
4  for Partial Summary Judgment.  ECF 153.  Plaintiffs opposed Defendants' Motion on
5  May 23, 2025 (ECF 162), and Defendants filed their Reply in support of their Motion
6  on June 2, 2025.  ECF 169.  The Court granted Defendants' Motion on June 9, 2025.
7  ECF 177.  On June 13, 2025, Defendants filed their Motion for Partial Summary
8  Judgment.  ECF 180.  Plaintiffs filed their Opposition to Defendants' Motion on July
9  3, 2025.  ECF 204.  Defendants' Reply in support of their Motion was filed on July
10 18, 2025.  ECF 217.  No order on Defendants' Motion for Partial Summary Judgment
11 has been issued by the Court.

12     H.    The Parties agreed to participate in a private mediation before Clay
13 Cogman, Esq., of Phillips ADR Enterprises.  On June 17, 2025, the Parties exchanged
14 detailed mediation statements and accompanying exhibits that were also submitted to
15 Mr. Cogman.  A mediation session with Mr. Cogman was held on June 24, 2025.  At
16 the mediation session, the Parties engaged in vigorous settlement negotiations but
17 ultimately were unable to reach an agreement to resolve this matter.  Since the
18 mediation session, Mr. Cogman has engaged in extensive follow-up negotiations with
19 the Parties.  On September 11, 2025, Mr. Cogman presented the Parties with a
20 mediator's proposal to resolve the Action for $40 million.  The Parties accepted the
21 mediator's proposal on September 18, 2025, and the Parties promptly informed the
22 Court of their agreement-in-principle to resolve all claims under Sections 10(b) and
23 20(a) of the Exchange Act, as alleged in the Complaint.  ECF 226.

24     I.    Based upon their investigation, prosecution, and mediation of the case,
25 Plaintiffs and their counsel have concluded that the terms and conditions of this
26 Stipulation are fair, reasonable, and adequate to Plaintiffs and the other members of
27 the Settlement Class, and in their best interests.  Based on oversight of the prosecution
28 of this matter and the advice of counsel, Plaintiffs have agreed to settle and release the

4930-1967-6778.v2

Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the financial benefit that Plaintiffs and the other members of the Settlement Class will receive from the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

J.    This Stipulation constitutes a compromise of all matters that are in dispute between the Parties.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.  Each of the Defendants denies that they have committed any act or omission giving rise to any liability under Sections 10(b) and 20(a) of the Exchange Act, including Rule 10b-(5) promulgated thereunder, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damages whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiffs of any infirmity in any of the claims asserted by them in the Action, or an admission or concession that any of Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e), that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

- 4 -

4930-1967-6778.v2

**DEFINITIONS**

1.    As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)    "Action" means the securities class action styled *In re Green Dot Corporation Securities Litigation*, Case No. 2:19-cv-10701-FLA (Ex) (C.D. Cal.).

(b)    "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c)    "Authorized Claimant" means a Settlement Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d)    "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(e)    "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 4 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(f)    "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(g)    "Claims Administrator" means the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(h)    "Class Period" means the period between May 9, 2018 and November 7, 2019, both dates inclusive.

(i)    "Complaint" means the Amended Complaint for Violations of the Federal Securities Laws dated April 1, 2022.

- 5 -

4930-1967-6778.v2

(j)     "Court" means the United States District Court for the Central District of California.

(k)     "Defendants" mean Green Dot Corporation, Steven W. Streit, and Mark Shifke.

(l)     "Defendants' Counsel" means Orrick, Herrington & Sutcliffe LLP and Glaser Weil Fink Howard Jordan & Shapiro LLP.

(m)     "Defendants' Releasees" means Defendants, Defendants' respective former, present or future parent companies, controlling shareholders, subsidiaries, divisions and affiliates and the respective present and former employees, members, managers, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors, accountants, auditors, and insurers and reinsurers of each of them; and the predecessors, successors, estates, Immediate Family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them.

(n)     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶32 of this Stipulation have been met and have occurred or have been waived.

(o)     "Escrow Account" means an interest bearing account established by the Escrow Agent.  The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Plaintiffs and the Settlement Class in accordance with the terms of this Stipulation and any order of the Court.

(p)     "Escrow Agent" means Robbins Geller Rudman & Dowd LLP or its successor(s).

(q)     "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or

- 6 -

order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs, or expenses; or (ii) the plan for allocating the Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(r)    "Green Dot" or the "Company" means Green Dot Corporation.

(s)    "Immediate Family" means, as defined in 17 C.F.R §229.404, Instructions 1(a)(iii) and 1(b)(ii), children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law, and any persons (other than a tenant or employee) sharing the household.

(t)    "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(u)    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP.

(v)    "Litigation Expenses" means the costs and expenses incurred in connection with commencing, prosecuting, and settling the claims asserted in the case (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for payment from the Settlement Fund.

(w)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses

- 7 -

1 | awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other
2 | costs or fees approved by the Court.

3 |      (x)    "Notice" means the Notice of (I) Pendency of Class Action and
4 | Proposed Class Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys'
5 | Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 2 to
6 | Exhibit A, which is to be posted on the Settlement Website and mailed and/or emailed
7 | to Settlement Class Members upon request.

8 |      (y)    "Notice and Administration Costs" means the costs, fees, and
9 | expenses that are incurred by the Claims Administrator and/or Lead Counsel in
10 | connection with: (i) providing notices to the Settlement Class; and (ii) administering
11 | the Settlement, including, but not limited to, the Claims process, as well as the costs,
12 | fees, and expenses incurred in connection with the Escrow Account.

13 |      (z)    "Parties" means Defendants and Plaintiffs, on behalf of themselves
14 | and the Settlement Class.

15 |      (aa)    "Plaintiffs" means Lead Plaintiff New York Hotel Trades Council
16 | & Hotel Association of New York City, Inc. Pension Fund and Named Plaintiff
17 | Teamsters Local Union No. 727 Pension Fund.

18 |      (bb)    "Plaintiffs' Counsel" means Robbins Geller Rudman & Dowd LLP
19 | and Pitta LLP.

20 |      (cc)    "Plaintiffs' Releasees" means Plaintiffs, all other Settlement Class
21 | Members, and their respective current and former parents, affiliates, subsidiaries,
22 | officers, directors, agents, successors, predecessors, assigns, assignees, partnerships,
23 | partners, trustees, trusts, employees, Immediate Family members, insurers, reinsurers,
24 | and attorneys, in their capacities as such.

25 |      (dd)    "Plan of Allocation" means the proposed plan of allocation of the
26 | Net Settlement Fund set forth in the Notice.

27 |
28 |

- 8 -

4930-1967-6778.v2

(ee)    "Postcard Notice" means the postcard notice, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed and/or emailed to Settlement Class Members advising of the Settlement.

(ff)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(gg)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, as amended.

(hh)    "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(ii)    "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known and Unknown Claims, as defined below, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants. Released Defendants' Claims shall not include any claims relating to the enforcement of the Settlement.

(jj)    "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, including both known and Unknown Claims, as defined below, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Plaintiffs or any other member of the Settlement Class: (i) asserted in the Complaint; or (ii) could have asserted in any court or forum that arise out of or are based upon the same allegations,

- 9 -

4930-1967-6778.v2

1  transactions, facts, matters or occurrences, representations, or omissions set forth in

2  the Complaint and that relate to the purchase or other acquisition of Green Dot

3  common stock during the Class Period.  Released Plaintiffs' Claims shall not include:

4  (i) any claims relating to the enforcement of the Settlement; (ii) any derivative claims;

5  or (iii) any claims of any persons or entities who or which submit a request for

6  exclusion from the Settlement Class that is accepted by the Court.

7          (kk)   "Releasee(s)" means each and any of the Defendants' Releasees

8  and each and any of the Plaintiffs' Releasees.

9          (ll)   "Releases" means the releases set forth in ¶¶4-6 of this Stipulation.

10         (mm) "Settlement" means the settlement between Plaintiffs and

11  Defendants on the terms and conditions set forth in this Stipulation.

12         (nn)   "Settlement Amount" means $40,000,000.00 in cash.

13         (oo)   "Settlement Class" means all persons and entities who purchased

14  or otherwise acquired the common stock of Green Dot Corporation ("Green Dot" or

15  the "Company") during the period between May 9, 2018 and November 7, 2019, both

16  dates inclusive (the "Class Period"), and were damaged thereby.  Excluded from the

17  Settlement Class are Defendants, the officers and directors of Green Dot, members of

18  their immediate families and their legal representatives, heirs, agents, affiliates,

19  successors or assigns, Defendants' liability insurance carriers, and any affiliates or

20  subsidiaries thereof, and any entity in which Defendants or their immediate families

21  have or had a controlling interest.  Also excluded from the Settlement Class are any

22  persons and entities who or which submit a request for exclusion from the Settlement

23  Class that is accepted by the Court.

24         (pp)   "Settlement Class Member" means each person and entity who or

25  which is a member of the Settlement Class.

26         (qq)   "Settlement Fund" means the Settlement Amount plus any and all

27  interest earned thereon.

28

- 10 -

(rr)    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(ss)    "Settlement Website" means the website created for the Settlement on which the Notice and Claim Form, as well as other information related to the Action and the Settlement, will be posted.

(tt)    "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, advising of the Settlement, to be published as set forth in the Preliminary Approval Order.

(uu)    "Taxes" means: (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Plaintiffs' Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(vv)    "Unknown Claims" means any Released Plaintiffs' Claims which Plaintiffs or any other Settlement Class Member(s) do not know or suspect to exist in his, her, its, or their favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, it, or them, might have materially affected his, her, its, or their decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment, or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of

common law or foreign law, which is similar, comparable, or equivalent to California

Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and Defendants acknowledge, and each of the other Settlement Class

Members shall be deemed by operation of law to have acknowledged, that the

foregoing waiver was separately bargained for and a key element of the Settlement.

## CLASS CERTIFICATION

2.      Solely for purposes of the Settlement, Defendants stipulate and agree to:

(a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of

the Federal Rules of Civil Procedure on behalf of the Settlement Class;

(b) appointment of Plaintiffs as Class Representatives for the Settlement Class; and

(c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant

to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.      On or before October 17, 2025, Plaintiffs will move for preliminary

approval of the Settlement, certification of the Settlement Class for settlement

purposes, authorization to provide notice of the Settlement to the Settlement Class,

and the scheduling of a hearing to consider final approval of the Settlement, which

motion shall be unopposed by Defendants.  Concurrently with this motion, Plaintiffs

shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary

Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.      The obligations incurred pursuant to this Stipulation are in consideration

of: (a) the full and final disposition of the claims asserted in the Action as against

Defendants; and (b) the Releases provided for herein.

- 12 -

5.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims directly or indirectly against any of the Defendants' Releasees.  This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

6.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, and Defendants' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims directly or indirectly against any of the Plaintiffs' Releasees.  This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

7.      Notwithstanding ¶¶4-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or

- 13 -

1   effectuate the terms of this Stipulation or the Judgment, or the Alternate Judgment, if

2   applicable.

3                    **THE SETTLEMENT CONSIDERATION**

4        8.     In consideration of the settlement of the Released Plaintiffs' Claims

5   against Defendants and the other Defendants' Releasees, Defendants shall cause the

6   Settlement Amount to be paid into the Escrow Account by wire transfer(s) or check(s)

7   within twenty-one (21) calendar days after the later of: (i) entry of the Preliminary

8   Approval Order; or (ii) the provision to Defendants' Counsel of all information

9   necessary to effectuate a transfer of funds, including, but not limited to, complete

10  mailing instructions or wire instructions, payment address, the bank name and ABA

11  routing number, SWIFT code, account name and number, a signed W-9 for the current

12  fiscal year reflecting the taxpayer identification number for the Escrow Account and

13  the name and phone number of two contract persons for verification of payment

14  instructions and payment.  Other than the costs of providing notice under the Class

15  Action Fairness Act of 2005, 28 U.S.C. §1715(b) (*see* ¶21 below), Defendants shall

16  have no obligation to make any payment besides payment of the Settlement Amount

17  in connection with the Settlement.

18       9.     If the entire Settlement Amount is not timely deposited into the Escrow

19  Account, Lead Counsel may terminate the Settlement, but only if (a) Lead Counsel

20  has notified Defendants' Counsel in writing of Lead Counsel's intention to terminate

21  the Settlement; and (b) the entire Settlement Amount is not transferred to the Escrow

22  Account within three (3) business days after Lead Counsel has provided such written

23  notice.

24                     **USE OF SETTLEMENT FUND**

25       10.    The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice

26  and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any

27  attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the

28  Court, including awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4).  The balance

- 14 -

1    remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed

2    to Authorized Claimants as provided in ¶¶25-30 below.

3        11.    Except as provided herein or pursuant to orders of the Court, the Net

4    Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All

5    funds held by the Escrow Agent shall be deemed to be in the custody of the Court and

6    shall remain subject to the jurisdiction of the Court until such time as the funds shall

7    be distributed or returned pursuant to the terms of this Stipulation and/or further order

8    of the Court. At the written direction of Lead Counsel, the Escrow Agent shall invest

9    any funds in the Escrow Account exclusively in instruments or accounts backed by the

10    full faith and credit of the United States Government or fully insured by the United

11    States Government or an agency thereof, including a United States Treasury Fund or

12    bank account that is either: (a) fully insured by the Federal Deposit Insurance

13    Corporation ("FDIC"); or (b) secured by instruments backed by the full faith and

14    credit of the United States Government. The Escrow Agent shall reinvest the

15    proceeds of these instruments or accounts as they mature in similar instruments or

16    accounts at their then-current market rates.

17        12.    The Parties agree that the Settlement Fund is intended to be a Qualified

18    Settlement Fund within the meaning of Treasury Regulation §1.468B-1 and that Lead

19    Counsel, as administrator of the Settlement Fund within the meaning of Treasury

20    Regulation §1.468B-2(k)(3), shall be solely responsible for filing or causing to be

21    filed all informational and other tax returns as may be necessary or appropriate

22    (including, without limitation, the returns described in Treasury Regulation §1.468B-

23    2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing

24    payment to be made from the Settlement Fund of any Taxes owed with respect to the

25    Settlement Fund. Defendants' Releasees shall not have any liability or responsibility

26    for any such Taxes. Upon written request, Defendants will provide to Lead Counsel

27    the statement described in Treasury Regulation §1.468B-3(e). Lead Counsel, as

28    administrator of the Settlement Fund within the meaning of Treasury Regulation

- 15 -

§1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation §1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

13.    All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

14.    The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity (including Defendants' insurance carriers) who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including, without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

15.    Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Escrow Account, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable.  Notice and Administration Costs shall include, without limitation, the actual costs of printing and mailing the Postcard Notice, developing the Settlement Website and posting the Notice and Claim Form, publishing the Summary Notice, reimbursements to nominee owners for searching and

- 16 -

providing the names/addresses of prospective Settlement Class Members for noticing or forwarding the Postcard Notice directly to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

16.    Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid solely from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for payment of Litigation Expenses, which may include a request for reimbursement of Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid solely from (and out of) the Settlement Fund.  Lead Counsel's application for attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation.

17.    Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus any interest earned thereon, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Plaintiffs' Counsel shall make the appropriate refund or repayment in full no later than

- 17 -

thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Plaintiffs nor their counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses. Plaintiffs' Counsel's fee and expense application shall be treated by the Court separately from the fairness, reasonableness, and adequacy of this Stipulation and the associated Settlement.

18. Lead Counsel shall allocate the attorneys' fees between Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action. Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to any payment to Plaintiffs' Counsel from the Settlement Fund and/or the allocation of an award of attorneys' fees or Litigation Expenses between Plaintiffs' Counsel. The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account.

**NOTICE AND SETTLEMENT ADMINISTRATION**

19. As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including, but not limited to, the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. None of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Settlement Class Members, or

- 18 -

Plaintiffs' Counsel in connection with the foregoing. Defendants and Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

20.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail and/or email the Postcard Notice to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to post the Notice and Claim Form on the Settlement Website as well as cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within ten (10) calendar days after the Court's entry of the Preliminary Approval Order, Defendants shall make reasonable efforts to provide to the Claims Administrator in electronic format (such as Excel) (at no cost to the Settlement Fund, Plaintiffs, the Settlement Class, Plaintiffs' Counsel, or the Claims Administrator) list(s), consisting of names, addresses, and e-mail addresses (if available), of purchasers of record of Green Dot common stock during the Class Period.

21.    No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. §1715, *et seq.* ("CAFA"). Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA §1715(b).

22.    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all

4930-1967-6778.v2

1   Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice

2   attached hereto as Exhibit 2 to Exhibit A, or in such other plan of allocation as the

3   Court approves).

4       23.     The Plan of Allocation proposed in the Notice is not a necessary term of

5   the Settlement or of this Stipulation and it is not a condition of the Settlement or of

6   this Stipulation that any particular plan of allocation be approved by the Court.

7   Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this

8   Stipulation) based on this Court's or any appellate court's ruling with respect to the

9   Plan of Allocation or any other plan of allocation in this Action.  Any issues,

10  problems, objections, or appeals with respect to the plan of allocation will not affect

11  the validity or finality of the Settlement (or the Releases contained herein).  No

12  Defendant, nor any other Defendants' Releasees, shall have any involvement with or

13  liability, obligation, or responsibility whatsoever for the application of the Court-

14  approved plan of allocation.

15      24.     Any Settlement Class Member who does not submit a valid Claim will

16  not be entitled to receive any distribution from the Net Settlement Fund, but will

17  otherwise be bound by all of the terms of this Stipulation and the Settlement,

18  including the terms of the Judgment, or the Alternate Judgment, if applicable, to be

19  entered in the Action and the Releases provided for herein and therein, and will be

20  permanently barred and enjoined from bringing any action, claim, or other proceeding

21  of any kind against the Defendants' Releasees with respect to the Released Plaintiffs'

22  Claims in the event that the Effective Date occurs with respect to the Settlement.

23      25.     Lead Counsel shall be responsible for supervising the administration of

24  the Settlement and the disbursement of the Net Settlement Fund subject to Court

25  approval.  No Defendant, nor any other Defendants' Releasees, shall be permitted to

26  review, contest, or object to any Claim, or any decision of the Claims Administrator or

27  Lead Counsel with respect to accepting or rejecting any Claim for payment.  Lead

28  Counsel shall have the right, but not the obligation, to waive what it deems to be

- 20 -

formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

26.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 4 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in its discretion, may deem acceptable;

(b)     All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the notices.  Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, or the Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation)  to  accept  late-submitted  Claims  for  processing  by  the  Claims

- 21 -

Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any Settlement Class Member by reason of the exercise or non-exercise of such discretion;

(c)    Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)    Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)    If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a Claimant contests rejection of Claimant's Claim in compliance with this ¶26(e), and there is a dispute concerning a Claim which cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

27.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to

investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

28.   Following the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the claims sent in the initial distribution and who would receive a minimum of $10.00.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*.  Any *de minimis* balance that shall remain in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate shall be donated to an appropriate non-sectarian, non-profit charitable organization(s) serving the public interest selected by Lead Counsel.

29.   No person or entity shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any other agent designated by Plaintiffs' Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with this Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Plaintiffs and Defendants, and their respective counsel, and Plaintiffs' damages consultant and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any claim or

- 23 -

4930-1967-6778.v2

nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

30.    All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  All Settlement Class Members, other Claimants, and Parties to this Stipulation expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

31.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

32.    The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶3 above;

(b)    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶8 above;

(c)    Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(d)    Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

- 24 -

(e)     the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

33.     Upon the occurrence of all of the events referenced in ¶32 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

34.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

(b)     Plaintiffs and Defendants shall revert to their respective litigation positions in the Action immediately prior to their agreement-in-principle to resolve the claims asserted in the Action on September 18, 2025;

(c)     Neither Plaintiffs nor Defendants will use or rely on any statement, document, admission, or agreement concerning the Settlement and/or settlement discussions in the Action;

(d)     The terms and provisions of this Stipulation, with the exception of this ¶34 and ¶¶14-15, 17, 38, 56, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*; and

(e)     Within ten (10) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent,

4930-1967-6778.v2

the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶17 above), less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing shall be refunded by the Escrow Agent to each Person who paid into the Settlement Fund.  In the event that the funds received by Lead Counsel consistent with ¶17 above have not been refunded to the Settlement Fund within the ten (10) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶17 above.

35.    It is further stipulated and agreed that Defendants and Plaintiffs shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court, and the provisions of ¶34 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to a plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

4930-1967-6778.v2

36.    As detailed in ¶9, Plaintiffs shall also have the option to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶8 above, by providing written notice of the election to terminate to Defendants' Counsel.

37.    As set forth in a separate agreement ("Supplemental Agreement") executed between Plaintiffs and Defendants, by and through their counsel, Green Dot may terminate the Settlement and render it null and void in the event that the opt-out threshold defined in the Supplemental Agreement is exceeded and not cured in accordance with the terms of the Supplemental Agreement.  The Parties agree to maintain the confidentiality of the Supplemental Agreement, which is being executed concurrently herewith.  The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement), unless and until the Court requires the Parties to file the Supplemental Agreement or disclose its terms.  If submission of the Supplemental Agreement is ordered by the Court or is necessary to resolve a dispute between Plaintiffs and Defendants, the Parties will seek to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the opt-out threshold.

**NO ADMISSION OF WRONGDOING**

38.    Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Parties' mediation and subsequent Settlement, the communications and/or discussions leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this

Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity or infirmity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in the Complaint or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their

- 28 -

respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

### MISCELLANEOUS PROVISIONS

39.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

40.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims.  Plaintiffs and Defendants agree that each has complied fully with the strictures of Rule 11 of the Federal Rules of Civil Procedure, and the proposed Judgment will contain a statement to reflect this compliance.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Clay Cogman, Esq., and reflect that the Settlement was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

41.    Plaintiffs and Plaintiffs' Counsel and Defendants and Defendants' Counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

42.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Plaintiffs and Defendants (or their successors-in-interest).

- 29 -

4930-1967-6778.v2

43.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

44.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

45.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

46.     This Stipulation and its exhibits and the Supplemental Agreement described in ¶37 constitute the entire agreement among Plaintiffs and Defendants concerning the Settlement.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation or its exhibits other than those contained and memorialized in such documents.

47.     This Stipulation and the Supplemental Agreement may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

48.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

49.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate

- 30 -

4930-1967-6778.v2

the Settlement shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

50.    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement set forth in this Stipulation and matters related to the Settlement.  Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

51.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

52.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

53.    Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

54.    If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

4930-1967-6778.v2

| | |
|---|---|
| If to Plaintiffs or Plaintiffs' Counsel: | Robbins Geller Rudman & Dowd LLP<br>Attn:  Ellen Gusikoff Stewart<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone: (619) 231-1058<br>Email: elleng@rgrdlaw.com |
| If to Defendants or Defendants' Counsel: | Orrick, Herrington & Sutcliffe LLP<br>Attn:  M. Todd Scott<br>405 Howard Street<br>San Francisco, CA  94105<br>Telephone: (415) 773-5992<br>Email: tscott@orrick.com |

55.     Except as otherwise provided herein, each Party shall bear its own costs.

56.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

57.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

58.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

4930-1967-6778.v2

1    **IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to

2  be executed, by their duly authorized attorneys, on October 17, 2025.

3                                          ROBBINS GELLER RUDMAN
                                             & DOWD LLP
4                                          ELLEN GUSIKOFF STEWART
5                                          DEBRA J. WYMAN
                                          JESSICA T. SHINNEFIELD
6                                          CHRISTOPHER R. KINNON
7                                          MATTHEW J. BALOTTA
                                          JOHN M. KELLEY
8                                          RACHEL C. BRABY
9
10                                         _____
11                                             CHRISTOPHER R. KINNON

12                                         655 West Broadway, Suite 1900
13                                         San Diego, CA  92101-8498
                                          Telephone:  619/231-1058
14                                         619/231-7423 (fax)

15                                         Lead Counsel for Plaintiffs

16
17                                         PITTA LLP
                                          VINCENT F. PITTA
18                                         120 Broadway, 28th Floor
                                          New York, NY  10271
19                                         Telephone: 212/652-3890
20                                         212/652-3891 (fax)

21                                         Additional Counsel for Plaintiffs

22                                         ORRICK, HERRINGTON &
                                             SUTCLIFFE LLP
23                                         JAMES N. KRAMER
                                          ALEXANDER K. TALARIDES
24                                         M. TODD SCOTT
25
26                                         _____
27                                             M. TODD SCOTT

28
                                          - 33 -

405 Howard Street
San Francisco, CA  94105
Telephone:  415/773-5700
619/773-5759 (fax)
jkramer@orrick.com
atalarides@orrick.com
tscott@orrick.com

ORRICK, HERRINGTON
  & SUTCLIFFE LLP
ADAM MILLER
SLOAN D. RENFRO
2100 Pennsylvania Avenue NW
Washington, D.C.  20037
Telephone:  202/339-8400
adam.miller@orrick.com
srenfrospencer@orrick.com

ORRICK, HERRINGTON
  & SUTCLIFFE LLP
WILLIAM J. FOLEY
51 W 52nd Street
New York, NY  10019
Telephone:  212/506-5000
wfoley@orrick.com

GLASER WEIL FINK HOWARD
  JORDAN & SHAPIRO LLP
RICHARD E. GOTTLIEB
EMIL PETROSSIAN
PETER M. BRANSTEN
AYAD MATHEWS
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA  90067
Telephone:  310/553-3000
310/556-2920 (fax)
rgottlieb@glaserweil.com
epetrossian@glaserweil.com
pbransten@glaserweil.com
amathews@glaserweil.com

Attorneys for Defendants

- 34 -

4930-1967-6778.v2

# EXHIBIT A

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART (144892)
DEBRA J. WYMAN (190812)
JESSICA T. SHINNEFIELD (234432)
CHRISTOPHER R. KINNON (316850)
MATTHEW J. BALOTTA (310303)
JOHN M. KELLEY (339965)
RACHEL C. BRABY (356720)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com
debraw@rgrdlaw.com
jshinnefield@rgrdlaw.com
ckinnon@rgrdlaw.com
mbalotta@rgrdlaw.com
jkelley@rgrdlaw.com
rbraby@rgrdlaw.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GREEN DOT CORPORATION SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) ) | Case No. 2:19-cv-10701-FLA (Ex)<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE<br><br>EXHIBIT A |

1    WHEREAS, the above-captioned securities class action is pending in this Court

2    ("Action");

3    WHEREAS, (a) Lead Plaintiff New York Hotel Trades Council & Hotel

4    Association of New York City, Inc. Pension Fund and Named Plaintiff Teamsters

5    Local Union No. 727 Pension Fund (together, "Plaintiffs"), on behalf of themselves

6    and the Settlement Class (as defined below); and (b) defendants Green Dot

7    Corporation ("Green Dot"), Steven W. Streit ("Streit"), and Mark Shifke ("Shifke")

8    (together, "Defendants") have determined to settle all claims asserted against

9    Defendants in the Action with prejudice on the terms and conditions set forth in the

10   Stipulation and Agreement of Settlement dated October 17, 2025 ("Stipulation"),

11   subject to the approval of this Court ("Settlement");

12   WHEREAS, Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the

13   Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement

14   in accordance with the Stipulation and directing notice of the Settlement to the

15   Settlement Class as more fully described herein;

16   WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for

17   preliminary approval of the Settlement and authorization to retain the Claims

18   Administrator (as defined below) to provide notice of the Settlement to the Settlement

19   Class, and the papers filed and arguments made in connection therewith; and (b) the

20   Stipulation and the exhibits attached thereto; and

21   WHEREAS, unless otherwise defined in this Order, capitalized terms herein

22   shall have the same meanings as they have in the Stipulation;

23   NOW THEREFORE, IT IS HEREBY ORDERED:

24   1.    **Proposed Class Certification for Settlement Purposes** – The Parties

25   have proposed certification of the following Settlement Class pursuant to Rules 23(a)

26   and 23(b)(3) of the Federal Rules of Civil Procedure and solely for purposes of

27   effectuating the proposed Settlement: all persons and entities who purchased or

28   otherwise acquired the common stock of Green Dot during the period between May 9,

- 1 -

2018 and November 7, 2019, both dates inclusive (the "Class Period"), and were damaged thereby. Excluded from the Settlement Class are Defendants, the officers and directors of Green Dot, members of their immediate families and their legal representatives, heirs, agents, affiliates, successors or assigns, Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof, and any entity in which Defendants or their immediate families have or had a controlling interest. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

2. **Class Findings** – The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement. Specifically, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to appoint Plaintiffs as Class Representatives for the Settlement Class and to appoint Lead Counsel Robbins Geller Rudman & Dowd LLP as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds,

- 2 -

pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.   **Settlement Hearing** – The Court will hold a hearing ("Settlement Hearing") on _____ __, **2026, at __:__ __.m.**, at the First Street U.S. Courthouse, 350 W. 1st Street, Courtroom 6B, 6th Floor, Los Angeles, California 90012, for the following purposes: (a) to determine whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Plaintiffs should be appointed as Class Representatives for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (b) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (c) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.   The Court may adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.  The Court may decide to hold the Settlement Hearing by telephone or video conference without further mailed notice to the Settlement Class.  If the Court orders that the Settlement Hearing be conducted telephonically or by video

- 3 -

conference, that decision will be posted on the website for the Settlement, www.GreenDotSecuritiesSettlement.com, as referenced in paragraph 7(c) of this Order. Any Settlement Class Member (or his, her, its, or their counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the Settlement Website for any change in date, time, or format of the hearing.

7. **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain Verita Global ("Claims Administrator") to supervise and administer the notice procedure in connection with the Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be provided as follows:

(a) Defendants shall make reasonable efforts to provide to the Claims Administrator in electronic format (such as Excel) (at no cost to the Settlement Fund, Plaintiffs, the Settlement Class, Plaintiffs' Counsel, or the Claims Administrator) list(s), consisting of names, addresses, and e-mail addresses (if available), of purchasers of record of Green Dot common stock during the Class Period, within ten (10) calendar days after the date of entry of this Order;

(b) not later than twenty (20) business days after the date of entry of this Order ("Notice Date"), the Claims Administrator shall cause the Postcard Notice, substantially in the form attached hereto as Exhibit 1, to be mailed by first-class mail and/or emailed to potential Settlement Class Members at the addresses set forth in the records provided by Defendants, or who otherwise may be identified through further reasonable effort, and shall cause a copy of the Notice and Claim Form, substantially in the forms attached hereto as Exhibits 2 and 4, respectively (together, the "Notice Packet"), to be mailed to the brokers and other nominees ("Nominees") contained in the Claims Administrator's broker database;

(c) contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and Claim Form to be posted on the Settlement Website, www.GreenDotSecuritiesSettlement.com, from which copies

- 4 -

of the Notice and Claim Form can be downloaded. In addition, the Claims Administrator will mail a copy of the Notice Packet to any person who makes such a request;

(d)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *The Wall Street Journal* and to be transmitted once over a national newswire service; and

(e)    not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing, posting, and publication.

8.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Postcard Notice, Notice, Summary Notice, and Claim Form, attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice and Notice Packet, the posting of the Notice and Claim Form on the Settlement Website, and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, as amended, and all other applicable law and rules. The date and time

- 5 -

of the Settlement Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before they are mailed and/or emailed, posted, and published, respectively.

9.    **Nominee Procedures** – Nominees who purchased or otherwise acquired Green Dot common stock during the Class Period for the benefit of another person or entity shall: (a) within ten (10) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within ten (10) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within ten (10) calendar days of receipt of the Postcard Notice, send a list of the names, mailing addresses, and e-mail addresses (if available), of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Postcard Notice to such beneficial owners.  Upon full compliance with this Order, such Nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Reasonable expenses shall not exceed $0.03 plus postage at the current pre-sort rate used by the Claims Administrator for each Postcard Notice actually mailed; $0.03 per Postcard Notice sent via email or link to the electronic Notice and Claim Form emailed; or $0.03 per name, address, and e-mail address (to the extent available) provided to the Claims Administrator, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

10.    **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. §1715, *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court.  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  No later than seven (7) calendar days before the

- 6 -

Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. §1715(b).

11.    **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than ninety (90) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

12.    Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by the Claims Administrator with supervision by Lead Counsel as necessary; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, its, or their current authority to act on behalf of the Settlement Class Member must be included in the Claim Form; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed.

13.    Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be

- 7 -

deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or the Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claims may be accepted for processing as set forth in paragraph 11 above.

14. **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, itself, or themselves from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to the Claims Administrator; and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Green Dot Corporation Securities Litigation*, Case No. 2:19-cv-10701-FLA (C.D. Cal.)"; (iii) state the number of shares of Green Dot common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on May 9, 2018 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court. Copies of all requests for

- 8 -

exclusion from the Settlement Class received by the Claims Administrator shall be provided to Lead Counsel and Defendants' Counsel on a rolling basis as received and no later than five (5) calendar days after the deadline for requesting exclusion.

15.    Any person or entity who or that timely and validly requests exclusion from the Settlement Class in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment from the Net Settlement Fund.

16.    Any Settlement Class Member who or that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or the Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

17.    **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who or that does not request exclusion from the Settlement Class may appear at the Settlement Hearing at his, her, its, or their own expense, individually or through counsel of his, her, its, or their own choice, by filing with the Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 18 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who or which does not enter an appearance will be represented by Lead Counsel.

- 9 -

18.     Any Settlement Class Member who or that does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, they, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Robbins Geller Rudman & Dowd LLP | Orrick, Herrington & Sutcliffe LLP |
| Attn: Ellen Gusikoff Stewart | Attn: M. Todd Scott |
| 655 West Broadway, Suite 1900 | 405 Howard Street |
| San Diego, CA  92101 | San Francisco, CA  94105 |

19.     All written objections and supporting papers must: (i) clearly identify the case name, case number, and the Settlement (*In re Green Dot Corporation Securities Litigation*, Case No. 2:19-cv-10701-FLA (C.D. Cal.)); (ii) identify the name, address, and telephone number of the person or entity objecting and must be signed by the objector, even if the objector is represented by counsel; (iii) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (iv) include documents sufficient to prove membership in the Settlement Class, including the number of shares of Green Dot common stock that the objecting Settlement Class Member

- 10 -

(A) owned as of the opening of trading on May 9, 2018 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale; and (v) identify all class action settlements to which the objector or his, her, its, or their counsel have previously objected. The objecting Settlement Class Member shall provide documentation establishing membership in the Settlement Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who intend to appear and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

20.    Any Settlement Class Member who or that does not make his, her, or its objection in the manner provided herein may be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

21.    **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs and all other members of the Settlement Class from prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

- 11 -

1      22.   **Notice and Administration Costs** – All reasonable costs incurred in

2  identifying Settlement Class Members and notifying them of the Settlement as well as

3  in administering the Settlement shall be paid as set forth in the Stipulation.

4      23.   **Settlement Fund** – All funds held by the Escrow Agent shall be deemed

5  and considered to be in *custodia legis* of the Court, and shall remain subject to the

6  jurisdiction of the Court, until such time as they shall be distributed pursuant to the

7  Stipulation and/or further order(s) of the Court.

8      24.   **Taxes** – Lead Counsel is authorized and directed to prepare any tax

9  returns and any other tax reporting form for or in respect to the Settlement Fund, to

10  pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund,

11  and to otherwise perform all obligations with respect to Taxes and any reporting or

12  filings in respect thereof without further order of the Court in a manner consistent with

13  the provisions of the Stipulation.

14      25.   **Termination of Settlement** – If the Settlement is terminated as provided

15  in the Stipulation, the Settlement is not approved, or the Effective Date of the

16  Settlement otherwise fails to occur, this Order shall be vacated, rendered null and

17  void, and be of no further force and effect, except as otherwise provided by the

18  Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the

19  other Settlement Class Members, and Defendants, and the Parties shall revert to their

20  respective litigation positions in the Action immediately prior to their agreement-in-

21  principle to resolve the claims asserted in the Action on September 18, 2025, as

22  provided in the Stipulation.

23      26.   **Use of this Order** – Neither this Order, the Stipulation (whether or not

24  consummated), including the exhibits thereto and the Plan of Allocation contained

25  therein (or any other plan of allocation that may be approved by the Court), the

26  Parties' mediation and subsequent Settlement, the communications and/or discussions

27  leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in

28  connection with the Stipulation, and/or approval of the Settlement (including any

- 12 -

1   arguments proffered in connection therewith): (a) shall be offered against any of the

2   Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of

3   any presumption, concession, or admission by any of the Defendants' Releasees with

4   respect to the truth of any fact alleged by Plaintiffs or the validity or infirmity of any

5   claim that was or could have been asserted or the deficiency of any defense that has

6   been or could have been asserted in this Action or in any other litigation, or of any

7   liability, negligence, fault, or other wrongdoing of any kind by any of the Defendants'

8   Releasees or in any way referred to for any other reason as against any of the

9   Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or

10  administrative action or proceeding, other than such proceedings as may be necessary

11  to effectuate the provisions of the Stipulation; (b) shall be offered against any of the

12  Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any

13  presumption, concession, or admission by any of the Plaintiffs' Releasees that any of

14  their claims are without merit, that any of the Defendants' Releasees had meritorious

15  defenses, or that damages recoverable under the Complaint would not have exceeded

16  the Settlement Amount or with respect to any liability, negligence, fault, or

17  wrongdoing of any kind, or in any way referred to for any other reason as against any

18  of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or

19  administrative action or proceeding, other than such proceedings as may be necessary

20  to effectuate the provisions of the Stipulation; or (c) shall be construed against any of

21  the Releasees as an admission, concession, or presumption that the consideration to be

22  given hereunder represents the amount which could be or would have been recovered

23  after trial; provided, however, that if the Stipulation is approved by the Court, the

24  Parties and the Releasees and their respective counsel may refer to it to effectuate the

25  protections from liability granted thereunder or otherwise to enforce the terms of the

26  Settlement.

27      27.   **Plan of Allocation and Fee and Expense Application** – Neither the

28  Defendants' Releasees nor Defendants' Counsel shall have any responsibility for the

- 13 -

Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment, or the Alternate Judgment, if applicable, and the Settlement of the Action.

28.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

29.    **Supporting Papers** – Lead Counsel shall file and serve its opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

IT IS SO ORDERED.

DATED: _____    _____
                          THE HONORABLE FERNANDO L. AENLLE-ROCHA
                          UNITED STATES DISTRICT JUDGE

- 14 -

# EXHIBIT A-1

EXHIBIT A-1

***THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.***
***Please visit www.GreenDotSecuritiesSettlement.com for more information.***

The parties in the action *In re Green Dot Corporation Securities Litigation*, No. 2:19-cv-10701-FLA (C.D. Cal.) ("Action") have reached a proposed settlement of claims pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Settlement") against Green Dot Corporation ("Green Dot"), Steven W. Streit and Mark Shifke (together, "Defendants"). Defendants deny any liability or wrongdoing. You received this Postcard Notice because you, or an investment account for which you serve as a custodian, may be a member of the **Settlement Class:** all persons and entities who purchased or otherwise acquired Green Dot common stock between May 9, 2018 and November 7, 2019, both dates inclusive, and who were damaged thereby (the "Settlement Class"). Please review the detailed Notice described below for additional information about the Settlement.

Pursuant to the Settlement, as reflected in the Stipulation and Agreement of Settlement, Defendants have agreed to cause to be paid **$40 million**. This amount, plus interest, after deduction of Court-awarded fees and expenses, administration costs, and taxes, will be allocated among members of the Settlement Class who submit valid Claims, in exchange for the Settlement and the release of all claims asserted in the Action and related claims. **For additional information and related settlement documents and procedures, please visit www.GreenDotSecuritiesSettlement.com.** If you are a member of the Settlement Class, your *pro rata* share of the Settlement proceeds will depend on the number of valid Claims submitted, and your holdings and transactions in Green Dot common stock. If all members of the Settlement Class elect to participate in the Settlement, the estimated average recovery will be approximately $1.21 per eligible share of Green Dot common stock, before deduction of Court-approved fees and expenses. Your share of the proceeds from the Settlement will be determined by the Plan of Allocation set forth in the Notice, or as ordered by the Court.

**To qualify for payment(s), you must submit a valid Claim Form.** The Claim Form can be found and submitted on the website, or you can request that one be mailed to you. **Claims must be postmarked (if mailed), or submitted online, by _____, 2026, to the Claims Administrator.** If you do not want to be legally bound by any releases, judgment, or orders in the Action, **you must exclude yourself** from the Settlement Class **by _____, 2026**. If you exclude yourself, you may be able to sue Defendants about the claims being resolved by the Settlement, but you cannot get money from the Settlement. If you want to object to any aspect of the Settlement, you must file and serve an objection **by _____, 2026**. The detailed Notice provides instructions on how to submit a Claim, exclude yourself, or object, and you must comply with all of the instructions in the Notice.

Plaintiffs and the Settlement Class are represented by Lead Counsel: Christopher R. Kinnon, Esq., Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.

The Court will hold a hearing on _____, 2026, at __:__ _.m., to consider, among other things, whether to approve the Settlement. In advance of the hearing, Lead Counsel will move for awards of attorneys' fees in an amount not to exceed 25% of the Settlement Fund and Litigation Expenses in an amount not to exceed $550,000 (equating to a cost of approximately $0.32 per eligible share of Green Dot common stock). You may attend the hearing and ask to be heard by the Court, but you do not have to. **For more information, contact the Claims Administrator at:** *Green Dot Securities Settlement*, c/o Verita Global, [to be inserted]**, toll-free at** [to be inserted]**, or by visiting the website for the Settlement, www.GreenDotSecuritiesSettlement.com.**

*COURT-ORDERED LEGAL NOTICE*

*In re Green Dot Corporation Securities Litigation*
No. 2:19-cv-10701-FLA (C.D. Cal.)

**Your legal rights may be affected by a securities class**

**action. You may be eligible for a cash payment from the Settlement. Please read this notice carefully.**
**For more information, please visit**
**www.GreenDotSecuritiesSettlement.co**m

# EXHIBIT A-2

1   ROBBINS GELLER RUDMAN
      & DOWD LLP
2   ELLEN GUSIKOFF STEWART (144892)
    DEBRA J. WYMAN (190812)
3   JESSICA T. SHINNEFIELD (234432)
    CHRISTOPHER R. KINNON (316850)
4   MATTHEW J. BALOTTA (310303)
    JOHN M. KELLEY (339965)
5   RACHEL C. BRABY (356720)
    655 West Broadway, Suite 1900
6   San Diego, CA  92101-8498
    Telephone:  619/231-1058
7   619/231-7423 (fax)
    elleng@rgrdlaw.com
8   debraw@rgrdlaw.com
    jshinnefield@rgrdlaw.com
9   ckinnon@rgrdlaw.com
    mbalotta@rgrdlaw.com
10  jkelley@rgrdlaw.com
    rbraby@rgrdlaw.com
11
    Lead Counsel for Plaintiffs
12

13                    UNITED STATES DISTRICT COURT

14                   CENTRAL DISTRICT OF CALIFORNIA

15
    In re GREEN DOT CORPORATION      )   Case No. 2:19-cv-10701-FLA (Ex)
16  SECURITIES LITIGATION            )
                                     )   CLASS ACTION
17                                   )
                                     )   NOTICE OF (I) PENDENCY OF
18                                   )   CLASS ACTION AND PROPOSED
                                     )   CLASS SETTLEMENT; (II)
19                                   )   SETTLEMENT HEARING; AND (III)
                                     )   MOTION FOR ATTORNEYS' FEES
20                                   )   AND LITIGATION EXPENSES
                                     )
21  _____ )   EXHIBIT A-2

22

23

24

25

26

27

28

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights will be affected by the above-captioned securities class action ("Action") if you purchased or otherwise acquired Green Dot Corporation ("Green Dot") common stock between May 9, 2018 and November 7, 2019, both dates inclusive ("Class Period"), and were damaged thereby ("Settlement Class").[1]

**NOTICE OF PROPOSED CLASS SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiff New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund and Named Plaintiff Teamsters Local Union No. 727 Pension Fund (together, "Plaintiffs"), on behalf of themselves and the Settlement Class, and defendants Green Dot, Steven W. Streit ("Streit"), and Mark Shifke ("Shifke") (together, "Defendants"), have reached a proposed settlement of the Action for $40,000,000.00 in cash ("Settlement"). The Settlement resolves Plaintiffs' claims that Defendants violated the federal securities laws by making materially false and misleading statements and omissions during the Class Period concerning the value of Green Dot's prepaid customers and business, the scope of the decline in its prepaid business, and the effect of and reason for its shift to digital and direct deposit accounts. The history of the Action and the claims being released by the Settlement are detailed in ¶¶6-15 and ¶¶28-30 herein.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

- **Statement of the Settlement Class's Recovery:** Subject to Court approval, Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a cash payment of $40,000,000.00 ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (defined below at ¶38) will be distributed to eligible Settlement Class Members in accordance with a plan of allocation approved by the Court. The plan of allocation being proposed by Plaintiffs ("Plan of Allocation") is attached hereto as Appendix A.

- **Estimate of Average Amount of Recovery Per Share:** Based on Plaintiffs' damages consultant's estimate of the number of shares of Green Dot common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate do so, the estimated average recovery (*before* deduction of any Court-approved attorneys' fees and expenses, taxes, and administration costs) will be approximately $1.21 per eligible share of Green Dot common stock. **Settlement Class Members should note, however, that the foregoing is only an estimate.** Some Settlement Class Members may recover more or less than this amount depending on: (i) when and the price at which they purchased/acquired their shares of Green Dot common stock; (ii) whether they

---

[1]    All capitalized terms not defined in this Notice have the meanings provided in the Stipulation and Agreement of Settlement, filed with the Court on October 17, 2025 ("Stipulation"). The Stipulation can be viewed at www.GreenDotSecuritiesSettlement.com.

- 1 -

sold their shares of Green Dot common stock; (iii) the total number and value of valid Claims submitted; (iv) the amount of Notice and Administration Costs; and (v) the amount of attorneys' fees and Litigation Expenses awarded by the Court.

- **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share of Green Dot common stock that would be recoverable if Plaintiffs prevailed in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by the Settlement Class as a result of Defendants' conduct.

- **Attorneys' Fees and Expenses Sought:** Court-appointed Lead Counsel, Robbins Geller Rudman & Dowd LLP, has prosecuted this Action on a wholly contingent basis and has not received any attorneys' fees (or payment of expenses) for its representation of the Settlement Class. For its efforts, Lead Counsel, on behalf of Plaintiffs' Counsel who litigated the claims, will apply to the Court for attorneys' fees in an amount not to exceed 25% of the Settlement Fund. Lead Counsel will also apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $550,000, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class in accordance with 15 U.S.C. §78u-4(a)(4). If the Court approves the maximum amount of the foregoing fees and expenses, the estimated average cost will be $0.32 per eligible share of Green Dot common stock. **Please note that this amount is only an estimate**.

- **Identification of Attorneys' Representatives:** Plaintiffs and the Settlement Class are represented by Christopher R. Kinnon, Esq. of Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com. Further information regarding the Action, the Settlement, and this Notice also may be obtained by contacting the Claims Administrator toll-free at [to be inserted]; or by visiting the website for the Settlement, www.GreenDotSecuritiesSettlement.com.

- **Reasons for the Settlement:** For Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit for the Settlement Class without the risk, delays, and costs inherent in further litigation. Moreover, the cash benefit provided under the Settlement must be considered against the risk that a smaller recovery – or indeed no recovery at all – might be achieved after further litigation, including discovery, class certification, summary judgment, trial, and

appeals. For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED). OR ONLINE. NO LATER THAN _____, 2026** | This is the only way to be eligible to receive a payment from the Settlement. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2026** | Get no payment from the Settlement. This is the *only* option that may allow you to ever bring or be part of any *other* lawsuit against Defendants or the other Defendants' Releasees about the claims being released by the Settlement. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2026** | Write to the Court about why you do not like the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's request for attorneys' fees and Litigation Expenses. This will not exclude you from the Settlement Class. |
| **GO TO A HEARING ON _____. 2026. AT ___: ___.M.** | Ask to speak in Court at the Settlement Hearing, at the discretion of the Court, about the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's request for attorneys' fees and Litigation Expenses. |
| **DO NOTHING** | Get no payment from the Settlement. You will, however, remain a member of the Settlement Class, which means that you give up any right you may have to sue about the claims that are being resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options – and the deadlines to exercise them – are further explained in this Notice. <u>Please Note</u>: The date and time of the Settlement Hearing – currently scheduled for _____, 2026, at ___:___.m. – is subject to change without further written notice to the Settlement Class. It is also within the Court's discretion to hold the hearing by video or telephonic conference. If you plan to attend the hearing, you should check the website, www.GreenDotSecuritiesSettlement.com, the Court's PACER site (*see* ¶65 below), or with Lead Counsel to confirm no change to the date and/or time of the hearing has been made.**

- 3 -

| WHAT THIS NOTICE CONTAINS | |
|---|---|

| | |
|---|---|
| What Is The Purpose Of This Notice? | Page __ |
| What Is This Case About? | Page __ |
| Why Is This Case A Class Action? | Page __ |
| Why Is There A Settlement? | Page __ |
| What Might Happen If There Were No Settlement? | Page __ |
| How Do I Know If I Am Affected By The Settlement? | |
|    Who Is Included In The Settlement Class? | Page __ |
| How Are Settlement Class Members Affected By The Action | |
|    And The Settlement? | Page __ |
| How Do I Participate In The Settlement?  What Do I Need To Do? | Page __ |
| How Much Will My Payment Be? | Page __ |
| What Payment Are The Attorneys For The Settlement Class Seeking? | |
|    How Will The Lawyers Be Paid? | Page __ |
| What If I Do Not Want To Be A Member Of The Settlement Class? | |
|    How Do I Exclude Myself? | Page __ |
| When And Where Will The Court Decide Whether To Approve | |
|    The Settlement? Do I Have To Come To The Hearing? | |
|    May I Speak At The Hearing If I Don't Like The Settlement? | Page __ |
| What If I Do Nothing? | Page __ |
| What If I Bought Green Dot Common Stock On Someone | |
|    Else's Behalf? | Page __ |
| Can I See The Court File? Who Should I Contact If I Have | |
|    Questions? | Page __ |
| Proposed Plan Of Allocation Of The Net Settlement Fund | |
| | Appendix A |

| WHAT IS THE PURPOSE OF THIS NOTICE? | |
|---|---|

1. The Court has directed the issuance of this Notice to inform potential Settlement Class Members about the Action and the proposed Settlement and their options in connection therewith before the Court rules on the Settlement. Additionally, Settlement Class Members have the right to understand how this class action lawsuit may generally affect their legal rights.

2. This Notice explains the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available under the Settlement, who is eligible for the benefits, and how to get them.

4921-8743-8442.v2

Exhibit A-2
Page 59

3.     The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator will make payments to eligible Settlement Class Members pursuant to the Settlement after any objections and appeals are resolved.

## WHAT IS THIS CASE ABOUT?

4.     Green Dot is a financial technology and bank holding company that offers debit, checking, credit, prepaid, and employer payroll cards, in addition to money processing services, tax refunds, cash deposits, and disbursements.

5.     In this Action, Plaintiffs alleged that Defendants violated the federal securities laws by making materially false and misleading statements and omissions to investors during the Class Period (*i.e.*, the period between May 9, 2018 and November 7, 2019, both dates inclusive) regarding the value of Green Dot's prepaid customers and business, the scope of the decline in its prepaid business, and the effect of and reason for its shift to digital and direct deposit accounts.  Plaintiffs further alleged that the price of Green Dot common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements and material omissions, and declined when the truth was revealed.  Defendants deny all of the allegations of wrongdoing asserted in the Action and deny any liability whatsoever to any member of the Settlement Class.

6.     This Action was commenced on December 18, 2019, with the filing of a class action complaint, styled *Estaban Koffsmon v. Green Dot Corporation, et al.*, Case No. 2:19-cv-10701-DDP.  By Order dated August 6, 2021, the Court appointed New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund as Lead Plaintiff and approved its selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel for the class.

- 5 -

7.     On April 1, 2022, Lead Plaintiff New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund and Named Plaintiff Teamsters Local Union No. 727 Pension Fund filed the Amended Complaint for Violations of the Federal Securities Laws ("Complaint").  The Complaint asserted claims under Sections 10(b) and 20(a) of the Exchange Act, and SEC Rule 10b-5 promulgated thereunder, against Defendants.

8.     On June 21, 2022, Defendants moved to dismiss the Complaint.  On August 19, 2022, Plaintiffs opposed Defendants' motion to dismiss.  On September 16, 2022, Defendants filed a reply in support of their motion to dismiss.

9.     By Order dated March 29, 2024, the Court denied Defendants' motion to dismiss the Complaint.  Defendants answered the Complaint on May 13, 2024.  The Parties then commenced discovery efforts and filed a Joint Report Rule 26(f) Discovery Plan on July 8, 2024.

10.     Pursuant to the case schedule set forth in the Order Modifying Briefing Schedule on Plaintiffs' Motion for Class Certification, Plaintiffs filed their Motion to Certify the Class on June 6, 2025.  On July 3, 2025, Defendants filed their Response and Statement of Non-Opposition to Plaintiffs' Motion to Certify Class.  On July 14, 2025, Plaintiffs filed their Reply in support of their Motion to Certify the Class.  The Court has not yet entered an order on Plaintiffs' Motion to Certify the Class.

11.     On April 25, 2025, Defendants filed a Motion for Leave to File Motion for Partial Summary Judgment.  Plaintiffs opposed Defendants' Motion on May 23, 2025, and Defendants filed their Reply in support of their Motion on June 2, 2025.  The Court granted Defendants' Motion on June 9, 2025.  On June 13, 2025, Defendants filed their Motion for Partial Summary Judgment.  Plaintiffs filed their Opposition to Defendants' Motion on July 3, 2025.  Defendants' Reply in support of their Motion was filed on July 18, 2025.  No order on Defendants' Motion for Partial Summary Judgment has been issued by the Court.

- 6 -

12.     The Parties agreed to participate in a private mediation before experienced mediator Clay Cogman, Esq., of Phillips ADR Enterprises.  On June 17, 2025, the Parties exchanged detailed mediation statements and accompanying exhibits that were also submitted to Mr. Cogman.  A mediation session with Mr. Cogman was held on June 24, 2025.  At the mediation session, the Parties engaged in vigorous settlement negotiations but ultimately were unable to reach an agreement to resolve this matter.  Following the mediation session, Mr. Cogman engaged in extensive follow-up negotiations with the Parties.  As a result of these efforts, the Parties agreed to resolve the claims asserted in the Complaint for $40 million.

13.     On September 18, 2025, the Parties informed the Court of their agreement-in-principle to resolve all claims alleged in the Complaint.

14.     After additional negotiations regarding the specific terms of their agreement, the Parties entered into the Stipulation on October 17, 2025.  The Stipulation, which sets forth the terms and conditions of the Settlement, can be viewed at www.GreenDotSecuritiesSettlement.com.

15.     On _____, 2025, the Court preliminarily approved the Settlement, authorized notice of the Settlement to be provided to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

## WHY IS THIS CASE A CLASS ACTION?

16.     In a class action, one or more persons or entities (in this case, Plaintiffs) sue on behalf of persons and entities that have similar claims.  Together, these persons and entities are a "class," and each is a "class member."  Bringing a case, such as this one, as a class action allows the adjudication of many individuals' similar claims that might be too small to bring economically as separate actions.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt out," from the class.

- 7 -

1

## WHY IS THERE A SETTLEMENT?

2
3
4
5
6

17.     Plaintiffs and Lead Counsel believe that Plaintiffs' claims against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue Plaintiffs' claims, including complex merits and expert discovery, summary judgment, and trial, as well as the challenges Plaintiffs would face in establishing liability and the Settlement Class's damages.

7
8
9
10
11
12
13

18.     In light of the risks of continued litigation, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class.  Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, as compared to the risk that the claims asserted in the Complaint would produce a smaller recovery, or no recovery, after continued and costly litigation, possibly years in the future.

14
15
16
17
18
19

19.     Defendants have denied and continue to deny each and all of the claims asserted against them in the Complaint, and deny that the Settlement Class was harmed or suffered any damages as a result of the conduct alleged.  Defendants have agreed to the Settlement solely to eliminate the burden, expense, uncertainty, and risk of continued litigation.  Accordingly, the Settlement may not be construed as, and is not, an admission of any wrongdoing by Defendants.

20

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

21
22
23
24
25
26

20.     If there were no Settlement and Plaintiffs failed to establish their claims against Defendants, neither Plaintiffs nor the other Settlement Class Members would recover anything.  Also, if Defendants were successful in proving any of their defenses at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the Settlement Amount, or nothing at all.

27
28

4921-8743-8442.v2

| | |
|---|---|
| 1 | **HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?** |
| 2 | **WHO IS INCLUDED IN THE SETTLEMENT CLASS?** |

21.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> **All persons and entities who purchased or otherwise acquired the common stock of Green Dot Corporation ("Green Dot" or the "Company") during the period between May 9, 2018 and November 7, 2019, both dates inclusive (the "Class Period"), and were damaged thereby.**

Excluded from the Settlement Class are Defendants, the officers and directors of Green Dot, members of their immediate families and their legal representatives, heirs, agents, affiliates, successors or assigns, Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof, and any entity in which Defendants or their immediate families have or had a controlling interest.  Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page [__] below.

22.    **RECEIPT OF THIS NOTICE OR THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO A PAYMENT FROM THE SETTLEMENT.**

23.    If you are a Settlement Class Member and wish to be eligible to receive a payment from the Settlement, you must submit a Claim Form and the required supporting documentation set forth in the Claim Form postmarked (if mailed), or online at www.GreenDotSecuritiesSettlement.com, no later than _____ __, 2026.

| | |
|---|---|
| **HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED** | |
| **BY THE ACTION AND THE SETTLEMENT?** | |

24.    As a Settlement Class Member, you are represented by Plaintiffs and Lead Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.

4921-8743-8442.v2

25.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section below entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?"

26.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses, you may present your objections by following the instructions in the section below entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?"

27.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court in the Action.  If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶28 below) against Defendants and the other Defendants' Releasees (as defined in ¶29 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims directly or indirectly against any of the Defendants' Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

28.    "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, including both known and Unknown Claims, as defined below, whether arising under federal, state, local, common, statutory, administrative

- 10 -

or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Plaintiffs or any other member of the Settlement Class: (i) asserted in the Complaint; or (ii) could have asserted in any court or forum that arise out of or are based upon the same allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the Complaint and that relate to the purchase or other acquisition of Green Dot common stock during the Class Period. Released Plaintiffs' Claims shall not include: (i) any claims relating to the enforcement of the Settlement; (ii) any derivative claims; or (iii) any claims of any persons or entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

29.   "Defendants' Releasees" means Defendants, Defendants' respective former, present or future parent companies, controlling shareholders, subsidiaries, divisions and affiliates and the respective present and former employees, members, managers, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors, accountants, auditors, and insurers and reinsurers of each of them; and the predecessors, successors, estates, Immediate Family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them.

30.   "Unknown Claims" means any Released Plaintiffs' Claims which Plaintiffs or any other Settlement Class Member(s) do not know or suspect to exist in his, her, its, or their favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, it, or them might have materially affected his, her, its, or their decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be

- 11 -

deemed to have waived, and by operation of the Judgment, or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

31.    Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

32.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶33 below) against Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶34 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims directly or indirectly against any of the Plaintiffs' Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

33.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known and Unknown Claims, as defined above, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or

- 12 -

1  unliquidated, whether matured or unmatured, that arise out of or relate in any way to

2  the institution, prosecution, or settlement of the claims against Defendants. Released

3  Defendants' Claims shall not include any claims relating to the enforcement of the

4  Settlement.

5      34.    "Plaintiffs' Releasees" means Plaintiffs, all other Settlement Class

6  Members, and their respective current and former parents, affiliates, subsidiaries,

7  officers, directors, agents, successors, predecessors, assigns, assignees, partnerships,

8  partners, trustees, trusts, employees, Immediate Family members, insurers, reinsurers,

9  and attorneys, in their capacities as such.

10 | 11
**HOW DO I PARTICIPATE IN THE SETTLEMENT?
WHAT DO I NEED TO DO?**

12     35.    To be eligible for a payment from the Settlement, you must be a member

13 of the Settlement Class and you must timely complete and return a Claim Form with

14 adequate supporting documentation *postmarked (if mailed), or submitted online at*

15 *www.GreenDotSecuritiesSettlement.com, no later than _____, 2026*. You can

16 obtain    a    copy    of    the    Claim    Form    on    the    website,

17 www.GreenDotSecuritiesSettlement.com, or you may request that a Claim Form be

18 mailed to you by calling the Claims Administrator toll-free at [to be inserted], or by

19 emailing the Claims Administrator at info@GreenDotSecuritiesSettlement.com.

20 Please retain all records of your ownership of and transactions in Green Dot common

21 stock, as they may be needed to document your Claim. The Parties and Claims

22 Administrator do not have information about your transactions in Green Dot common

23 stock.

24     36.    If you request exclusion from the Settlement Class or do not submit a

25 timely and valid Claim, you will not be eligible to share in the Net Settlement Fund.

26

27

28

- 13 -

1

## HOW MUCH WILL MY PAYMENT BE?

2

37.    At this time, it is not possible to make any determination as to how much

3

any individual Settlement Class Member may receive from the Settlement.

4

38.    Pursuant to the Settlement, Defendants shall pay or cause to be paid a

5

total of $40,000,000 in cash.  The Settlement Amount will be deposited into an escrow

6

account.  The Settlement Amount plus any interest earned thereon is referred to as the

7

"Settlement Fund."  If the Settlement is approved by the Court and the Effective Date

8

occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (i) any Taxes; (ii)

9

any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the

10

Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees

11

approved by the Court) will be distributed to Settlement Class Members who submit

12

valid Claim Forms, in accordance with the proposed Plan of Allocation or such other

13

plan of allocation as the Court may approve.

14

39.    Approval of the Settlement is independent from approval of a plan of

15

allocation.  Any determination with respect to the Plan of Allocation set forth in

16

Appendix A, or another plan of allocation, will not affect the Settlement, if approved.

17

40.    Once the Court's order or judgment approving the Settlement becomes

18

Final and the Effective Date has occurred, no Defendant, Defendants' Releasee, or

19

any other person or entity (including Defendants' insurance carriers) who or which

20

paid any portion of the Settlement Amount on Defendants' behalf are entitled to get

21

back any portion of the Settlement Fund.  Defendants shall not have any liability,

22

obligation, or responsibility for the administration of the Settlement, the disbursement

23

of the Net Settlement Fund, or the Plan of Allocation.

24

41.    Unless the Court otherwise orders, any Settlement Class Member who

25

fails to submit a Claim postmarked or received on or before _____, 2026 shall

26

be fully and forever barred from receiving payments pursuant to the Settlement but

27

will in all other respects remain a Settlement Class Member and be subject to the

28

- 14 -

1    provisions of the Stipulation, including the terms of any Judgment entered and the

2    Releases given.

3        42.    Participants in and beneficiaries of any employee retirement and/or

4    benefit plan ("Employee Plan") should NOT include any information relating to

5    shares of Green Dot common stock purchased/acquired through an Employee Plan in

6    any Claim Form they submit in this Action. They should include ONLY those shares

7    of Green Dot common stock purchased/acquired during the Class Period outside of an

8    Employee Plan. Claims based on any Employee Plan(s)' purchases/acquisitions of

9    eligible Green Dot common stock during the Class Period may be made by the

10   Employee Plan(s)' trustees. To the extent any of the Defendants or any of the other

11   persons or entities excluded from the Settlement Class are participants in an Employee

12   Plan(s), such persons or entities shall not receive, either directly or indirectly, any

13   portion of the recovery that may be obtained from the Settlement by such Employee

14   Plan(s).

15       43.    The Court has reserved jurisdiction to allow, disallow, or adjust on

16   equitable grounds the Claim of any Settlement Class Member.

17       44.    Each Claimant shall be deemed to have submitted to the jurisdiction of

18   the Court with respect to his, her, its, or their Claim.

19       45.    Only Settlement Class Members, *i.e.*, persons and entities who purchased

20   or otherwise acquired Green Dot common stock during the Class Period and were

21   damaged as a result of such purchases or acquisitions, will be eligible to share in the

22   distribution of the Net Settlement Fund. Persons and entities that are excluded from

23   the Settlement Class by definition or that exclude themselves from the Settlement

24   Class pursuant to request will not be eligible to receive a distribution from the Net

25   Settlement Fund and should not submit Claims.

26       **46.    Appendix A to this Notice sets forth the Plan of Allocation for**

27   **allocating the Net Settlement Fund among Authorized Claimants, as proposed by**

28   **Plaintiffs and Lead Counsel. At the Settlement Hearing, Lead Counsel will**

- 15 -

request the Court approve the Plan of Allocation.  The Court may modify the
Plan of Allocation, or approve a different plan of allocation, without further
notice to the Settlement Class.

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?**

47.    Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Settlement Class, nor has Lead Counsel been paid for its litigation costs and expenses.  Before final approval of the Settlement, Lead Counsel will apply, on behalf of Plaintiffs' Counsel who litigated the Claims, to the Court for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund.  At the same time, Lead Counsel also intends to apply for payment of Litigation Expenses in an amount not to exceed $550,000, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class in accordance with 15 U.S.C. §78u-4(a)(4).

48.    Lead Counsel's motion for attorneys' fees and Litigation Expenses will be filed by _____, 2026.  A copy of Lead Counsel's motion for attorneys' fees and Litigation Expenses will be available for review on the website, www.GreenDotSecuritiesSettlement.com, once it is filed.  The Court will determine the amount of any award of attorneys' fees or Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  *Settlement Class Members are not personally liable for any such fees or expenses.*

**WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?**

49.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails a letter requesting exclusion addressed to: *Green Dot Securities Settlement*, c/o Verita Global, [to be inserted].  The request for exclusion must be

- 16 -

*received* **no later than _____, 2026**.  You will not be able to exclude yourself from the Settlement Class after that date.  Each letter requesting exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Green Dot Corporation Securities Litigation*, Case No. 2:19-cv-10701-FLA (C.D. Cal.)"; (iii) state the number of shares of Green Dot common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on May 9, 2018 and (B) purchased/acquired and/or sold during the Class Period (*i.e.*, between May 9, 2018 and November 7, 2019, inclusive), as well as the dates, number of shares, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.

50.     A letter requesting exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

51.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.  Excluding yourself from the Settlement Class is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other Defendants' Releasees concerning the Released Plaintiffs' Claims.  Please note, however, if you decide to exclude yourself from the Settlement Class, Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

52.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment from the Net Settlement Fund.

- 17 -

53.    Green Dot has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by the Parties.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

54.    Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the hearing.

55.    **Please Note**: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class.  In addition, the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by video or telephone, without further written notice to the Settlement Class.  **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by telephone or video, it is important that you monitor the Court's docket and the website, www.GreenDotSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing.  Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the website www.GreenDotSecuritiesSettlement.com.   If the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to www.GreenDotSecuritiesSettlement.com.**

56.    The Settlement Hearing will be held on _____, **2026, at __:__ _.m.,** before the Honorable Fernando L. Aenlle-Rocha, United States District Court Judge for the Central District of California, either in person at the First Street U.S. Courthouse, 350 W. 1st Street, Los Angeles, California 90012, in Courtroom 6B, 6th Floor, or by telephone or videoconference (at the discretion of the Court). The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's request for attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

57.    Any Settlement Class Member may object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Court at the address set forth below, as well as serve copies on Lead Counsel and Defendants' Counsel at the addresses set forth below **on or before _____, 2026**.

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| United States District Court Central District of California First Street U.S. Courthouse, 350 W. 1st Street, Los Angeles, CA 90012 | Robbins Geller Rudman & Dowd LLP Attn: Ellen Gusikoff Stewart 655 West Broadway, Suite 1900 San Diego, CA 92101 | Orrick, Herrington & Sutcliffe LLP Attn: M. Todd Scott 405 Howard Street San Francisco, CA 94105 |

58.    Any objection, filings, and other submissions by the objecting Settlement Class Member must: (i) clearly identify the case name, case number, and the Settlement (*In re Green Dot Corporation Securities Litigation*, Case No. 2:19-cv-10701-FLA (C.D. Cal.)); (ii) identify the name, address, and telephone number of the person or entity objecting and must be signed by the objector, even if the objector is represented by counsel; (iii) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class

- 19 -

Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (iv) include documents sufficient to prove membership in the Settlement Class, including the number of shares of Green Dot common stock that the objecting Settlement Class Member (A) owned as of the opening of trading on May 9, 2018 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale; and (v) identify all class action settlements to which the objector or his, her, its, or their counsel have previously objected. The objecting Settlement Class Member shall provide documentation establishing membership in the Settlement Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

59.    **You may not object to the Settlement, Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a Settlement Class Member.**

60.    If you wish to appear and speak about your objection at the Settlement Hearing, you must state that you intend to appear at the hearing in your objection or send a letter stating that you intend to appear at the Settlement Hearing in *In re Green Dot Corporation Securities Litigation*, Case No. 2:19-cv-10701-FLA (C.D. Cal.) to the Court at the address set forth in ¶57 above so that it is ***received* on or before _____, 2026**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

61.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have**

- 20 -

waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

| WHAT IF I DO NOTHING? |
|---|

62.    If you do nothing, all of your Released Plaintiffs' Claims (*see* ¶28 above) against Defendants and the other Defendants' Releasees will be released, and you will not receive any payment from the Settlement because it is necessary that you submit a Claim in order to be eligible to share in the Settlement proceeds.

| WHAT IF I BOUGHT GREEN DOT COMMON STOCK ON SOMEONE ELSE'S BEHALF? |
|---|

63.    If you purchased or otherwise acquired shares of Green Dot common stock between May 9, 2018 through November 7, 2019, inclusive, for the beneficial interest of persons or entities other than yourself, you must either (i) within ten (10) calendar days of receipt of notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within ten (10) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (ii) within ten (10) calendar days of receipt of notice, provide a list of the names, mailing addresses, and e-mail addresses, if available, of all such beneficial owners to notifications@veritaglobal.com. If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice by mail or email to the beneficial owners you have identified on your list.  Upon full compliance with this Order, such Nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Reasonable expenses shall not exceed $0.03 plus postage at the current pre-sort rate

- 21 -

used by the Claims Administrator for each Postcard Notice actually mailed; $0.03 per Postcard Notice sent via email or link to the electronic Notice and Claim Form emailed; or $0.03 per name, address, and e-mail address (to the extent available) provided to the Claims Administrator, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

64.    Copies of the Notice and the Claim Form may be obtained from the website for the Settlement, www.GreenDotSecuritiesSettlement.com, by calling the Claims Administrator toll-free at [to be inserted], or by emailing the Claims Administrator at info@GreenDotSecuritiesSettlement.com.

## CAN I SEE THE COURT FILE?  WHO SHOULD I CONTACT IF I HAVE QUESTIONS?

65.    This Notice summarizes the proposed Settlement.  For the full terms and conditions of the Settlement, please review the Stipulation at www.GreenDotSecuritiesSettlement.com.  More detailed information about the matters involved in this Action can be obtained by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cacd.uscourts.gov, or by visiting, during regular office hours, the Office of the Clerk, United States District Court for the Central District of California, First Street U.S. Courthouse, 350 W. 1st Street, Los Angeles, California 90012. Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted at www.GreenDotSecuritiesSettlement.com.

66.    All inquiries concerning this Notice and the Claim Form should be directed to:

*Green Dot Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 5100
Larkspur, CA  94977-5100
info@GreenDotSecuritiesSettlement.com

- 22 -

and/or

Robbins Geller Rudman & Dowd LLP
Christopher R. Kinnon, Esq.
655 West Broadway, Suite 1900
San Diego, CA 92101
1-800-449-4900
settlementinfo@rgrdlaw.com

67.  **PLEASE DO NOT CALL OR WRITE THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THE SETTLEMENT, THIS NOTICE OR THE CLAIMS PROCESS.**

DATED: _____                    BY ORDER OF THE COURT
United States District Court
Central District of California

- 23 -

## APPENDIX A

### PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

1.     As discussed above, the Settlement Amount of $40 million together with any interest earned thereon is the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Costs, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund."  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants, *i.e.*, Settlement Class Members who timely submit valid Claim Forms that are accepted for payment by the Court, in accordance with a plan of allocation to be adopted by the Court. Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will nonetheless be bound by the Settlement.

2.     The Plan of Allocation (the "Plan") set forth herein is the plan that is being proposed to the Court for approval by Plaintiffs.  The Court may approve the Plan with or without modification, or approve another plan of allocation, without further notice to the Settlement Class.  Any orders regarding a modification to the Plan will be posted to www.GreenDotSecuritiesSettlement.com.

3.     The Plan is not a formal damages analysis.  The objective of the Plan is to equitably distribute the Net Settlement Fund among Settlement Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Action.  The calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members may have been able to recover after a trial.  Nor are the calculations pursuant to the Plan intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

4.     In this case, Plaintiffs allege that Defendants made materially false and misleading statements and omissions during the Class Period, which had the effect of artificially inflating the trading price of Green Dot common stock.  Plaintiffs allege that corrective information was released to the market, resulting in potentially recoverable damages on February 21, 2019, May 9, 2019, August 8, 2019, and November 8, 2019 ("Corrective Disclosure").  The Plan is intended to compensate investors who purchased or otherwise acquired Green Dot common stock during the

- 24 -

Class Period, held through the issuance of at least one Corrective Disclosure, and have a "Recognized Loss Amount" as described below.[2]

5.    The Plan was developed in consultation with Plaintiffs' damages consultant.  In developing the Plan, Plaintiffs' damages consultant calculated the estimated amount of artificial inflation in the price of Green Dot common stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions the Court previously found to be actionable.  In calculating the estimated impact allegedly caused by those materially false and misleading statements and omissions, Plaintiffs' damages consultant considered the price changes in Green Dot common stock in reaction to the public disclosures that allegedly corrected the alleged materially false and misleading statements and omissions, adjusting the Green Dot common stock price change for factors that were attributable to market or industry forces.

6.    Based on the formulas stated below, a Recognized Loss Amount will be calculated for each purchase or acquisition of Green Dot common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.  An Authorized Claimant's "Recognized Claim" under the Plan will be the sum of their Recognized Loss Amounts.[3]

7.    For each share of Green Dot common stock purchased or otherwise acquired from May 9, 2018 through November 7, 2019, inclusive, and:

(a)    sold prior to February 21, 2019, the Recognized Loss Amount will be $0.00;

---

[2] Any transactions in Green Dot common stock executed outside regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next trading session.

[3] "In any private action arising under this [Securities Exchange Act of 1934] in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with §28(D)(e)(1) of the Securities Exchange Act of 1934, Recognized Loss Amounts for Green Dot common stock are reduced to an appropriate extent by taking into account the closing price of Green Dot common stock during the 90-day look-back period. The mean (average) closing price for Green Dot common stock during this 90-day look-back period was $25.58 per share as shown in Table 2.

- 25 -

(b)     sold from February 21, 2019 through November 7, 2019, inclusive, the Recognized Loss Amount will be ***the lesser of***: (i) the decline in inflation during the holding period (as presented in Table 1 below), and (ii) the purchase price minus the sale price;

(c)     sold from November 8, 2019 through and including the close of trading on February 5, 2020, the Recognized Loss Amount will be ***the least of***: (i) the decline in inflation during the holding period (as presented in Table 1 below), (ii) the purchase price minus the sale price, and (iii) the purchase price minus the average closing price between November 8, 2019 and the date of sale as stated in Table 2 below;

(d)     held as of the close of trading on February 5, 2020, the Recognized Loss Amount will be ***the lesser of***: (i) the decline in inflation during the holding period (as presented in Table 1 below), and (ii) the purchase price minus $25.58, the average closing price for Green Dot common stock between November 8, 2019 and February 5, 2020 (the last entry in Table 2 below).

## **ADDITIONAL PROVISIONS**

8.     For Settlement Class Members who held Green Dot common stock at the beginning of the Class Period or made multiple purchases, acquisitions, or sales of Green Dot common stock during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, acquisitions, and sales for purposes of calculating a claim.  Under the FIFO method, sales of Green Dot common stock during the Class Period will be matched, in chronological order, first against Green Dot common stock held at the beginning of the Class Period.  The remaining sales of Green Dot common stock during the Class Period will then be matched, in chronological order, against Green Dot common stock purchased or acquired during the Class Period.

9.     For the purposes of calculations under this Plan, "purchase price" means the actual price paid, excluding any fees, commissions, and taxes, and "sale price" means the actual amount received, not deducting any fees, commissions, and taxes.

10.     A purchase, acquisition, or sale of Green Dot common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Green Dot common stock shall not be deemed a purchase, acquisition, or sale of the security for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of the security unless (i) the donor or decedent purchased or otherwise acquired such Green Dot common stock during the Class Period; (ii) no

- 26 -

Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to that security; and (iii) it is specifically so provided in the instrument of gift or assignment.

11.    The Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero.  The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.  In the event that a Claimant has an opening short position in Green Dot common stock at the start of the Class Period, the earliest Class Period purchases or acquisitions shall be matched against such an opening short position in accordance with the FIFO matching described above, and any portion of such purchases or acquisitions that cover such short sales will not be entitled to recovery.  In the event that a Claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

12.    Green Dot common stock is the only security eligible for recovery under the Plan.  Option contracts to purchase or sell Green Dot common stock are not securities eligible to participate in the Settlement.  With respect to Green Dot shares purchased or sold through the exercise of an option, the purchase/sale date of such share is the exercise date of the option and the purchase/sale price is the exercise price of the option.

13.    A Settlement Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Settlement Class Member had a net overall loss, after all profits from transactions in Green Dot common stock described above during the Class Period are subtracted from all losses.  However, the proceeds from sales of Green Dot common stock that have been matched against Green Dot stock held at the beginning of the Class Period will not be used in the calculation of such net loss.  If a Claimant had a market gain with respect to his, her, or its overall transactions in Green Dot common stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the claimant will in any event be bound by the Settlement.  If a Claimant suffered an overall market loss with respect to their overall transactions in Green Dot common stock during the Class Period but that market loss was less than the Claimant's total Recognized Claim calculated above, then the Claimant's Recognized Claim will be limited to the amount of the actual market loss.  For purposes of determining whether a Claimant had a market gain, or suffered a market loss, with respect to a Claimant's overall transactions of Green Dot common stock during the Class Period, the Claims Administrator will determine the difference

- 27 -

between the Claimant's (i) Total Purchase Amount[4] and (ii) the sum of the Total Sales Proceeds[5] and Total Holding Value.[6]

14.    The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis, based on the relative size of their Recognized Claim.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.  Distributions will be rounded to the nearest penny ($0.01).

15.    If an Authorized Claimant's Distribution Amount calculates to be less than $10.00, no distribution will be made to that Authorized Claimant.  Those funds will be included in the distribution to Authorized Claimants whose Distribution Amount is $10.00 or more.

16.    Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved.  If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Settlement Class Members.  Thereafter, any balance that still remains in

---

[4] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for Green Dot common stock purchased or otherwise acquired during the Class Period.

[5] The Claims Administrator will match any sales of Green Dot common stock from the start of the Class Period through and including the close of trading on November 7, 2019 first against the Claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of Green Dot common stock sold from the start of the Class Period through and including the close of trading on November 7, 2019 will be the "Total Sales Proceeds."

[6] The Claims Administrator will ascribe a holding value equal to $24.54 for each Green Dot share purchased or acquired during the Class Period and still held as of the close of trading on November 7, 2019.  A claimant's total holding values for Green Dot common stock acquired during the Class Period that were still held as of the close of trading on November 7, 2019 shall be the Claimant's "Total Holding Value."

- 28 -

the Net Settlement Fund shall be donated to non-sectarian, not-for-profit 501(c)(3) organization(s), to be recommended by Lead Counsel.

17.    Payment pursuant to the Plan set forth above shall be conclusive against all Claimants.  No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages consultant, the Defendants, Defendants' Counsel, any of the other Plaintiffs' Releasees or Defendants' Releasees, the Claims Administrator or other agent designated by Lead Counsel based on distributions made substantially in accordance with: the Stipulation and the Settlement contained therein, the Plan, or further orders of the Court.  Plaintiffs, Defendants, their respective counsel, and all other Releasees shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of taxes; or any losses incurred in connection therewith.

## TABLE 1

**Decline in Inflation Per Share by Date of Purchase and Date of Sale**

| Purchase Date | Sale Date | | | | |
|---|---|---|---|---|---|
| | 5/9/2018 - 2/20/2019 | 2/21/2019 - 5/8/2019 | 5/9/2019 - 8/7/2019 | 8/8/2019 - 11/7/2019 | Sold on or Retained Beyond 11/8/2019 |
| 5/9/2018 - 2/20/2019 | $0.00 | $7.04 | $23.47 | $44.15 | $49.67 |
| 2/21/2019 - 5/8/2019 | | $0.00 | $16.43 | $37.11 | $42.63 |
| 5/9/2019 - 8/7/2019 | | | $0.00 | $20.68 | $26.20 |
| 8/8/2019 - 11/7/2019 | | | | $0.00 | $5.52 |
| Purchased on or Beyond 11/8/2019 | | | | | $0.00 |

- 29 -

**TABLE 2**

**Green Dot Common Stock Closing Prices and Average Closing Prices**

| Date | Closing Price | Average Closing Price Between November 8, 2019 and Date Shown | Date | Closing Price | Average Closing Price Between November 8, 2019 and Date Shown |
|---|---|---|---|---|---|
| 11/8/2019 | $24.54 | $24.54 | 12/23/2019 | $22.97 | $24.70 |
| 11/11/2019 | $24.88 | $24.71 | 12/24/2019 | $22.77 | $24.64 |
| 11/12/2019 | $25.94 | $25.12 | 12/26/2019 | $23.19 | $24.60 |
| 11/13/2019 | $25.38 | $25.18 | 12/27/2019 | $23.23 | $24.56 |
| 11/14/2019 | $25.53 | $25.25 | 12/30/2019 | $22.76 | $24.51 |
| 11/15/2019 | $25.34 | $25.27 | 12/31/2019 | $23.30 | $24.47 |
| 11/18/2019 | $24.60 | $25.17 | 1/2/2020 | $23.35 | $24.44 |
| 11/19/2019 | $24.70 | $25.11 | 1/3/2020 | $22.98 | $24.40 |
| 11/20/2019 | $24.19 | $25.01 | 1/6/2020 | $23.32 | $24.38 |
| 11/21/2019 | $23.98 | $24.91 | 1/7/2020 | $23.41 | $24.35 |
| 11/22/2019 | $24.05 | $24.83 | 1/8/2020 | $23.80 | $24.34 |
| 11/25/2019 | $23.85 | $24.75 | 1/9/2020 | $24.09 | $24.33 |
| 11/26/2019 | $23.66 | $24.66 | 1/10/2020 | $24.00 | $24.32 |
| 11/27/2019 | $24.02 | $24.62 | 1/13/2020 | $24.39 | $24.33 |
| 11/29/2019 | $23.76 | $24.56 | 1/14/2020 | $25.00 | $24.34 |
| 12/2/2019 | $23.35 | $24.49 | 1/15/2020 | $25.37 | $24.36 |
| 12/3/2019 | $23.87 | $24.45 | 1/16/2020 | $25.91 | $24.40 |
| 12/4/2019 | $24.63 | $24.46 | 1/17/2020 | $26.40 | $24.44 |
| 12/5/2019 | $24.68 | $24.47 | 1/21/2020 | $26.60 | $24.48 |
| 12/6/2019 | $25.00 | $24.50 | 1/22/2020 | $28.10 | $24.55 |
| 12/9/2019 | $25.14 | $24.53 | 1/23/2020 | $29.00 | $24.64 |
| 12/10/2019 | $24.86 | $24.54 | 1/24/2020 | $29.00 | $24.73 |
| 12/11/2019 | $25.16 | $24.57 | 1/27/2020 | $29.28 | $24.81 |
| 12/12/2019 | $26.21 | $24.64 | 1/28/2020 | $29.84 | $24.90 |
| 12/13/2019 | $26.28 | $24.70 | 1/29/2020 | $29.56 | $24.99 |
| 12/16/2019 | $26.47 | $24.77 | 1/30/2020 | $29.82 | $25.08 |
| 12/17/2019 | $26.39 | $24.83 | 1/31/2020 | $30.08 | $25.16 |
| 12/18/2019 | $25.86 | $24.87 | 2/3/2020 | $31.82 | $25.28 |
| 12/19/2019 | $23.18 | $24.81 | 2/4/2020 | $34.23 | $25.43 |
| 12/20/2019 | $23.30 | $24.76 | 2/5/2020 | $34.21 | $25.58 |

- 30 -

# EXHIBIT A-3

1    ROBBINS GELLER RUDMAN
       & DOWD LLP
2    ELLEN GUSIKOFF STEWART (144892)
     DEBRA J. WYMAN (190812)
3    JESSICA T. SHINNEFIELD (234432)
     CHRISTOPHER R. KINNON (316850)
4    MATTHEW J. BALOTTA (310303)
     JOHN M. KELLEY (339965)
5    RACHEL C. BRABY (356720)
     655 West Broadway, Suite 1900
6    San Diego, CA  92101-8498
     Telephone:  619/231-1058
7    619/231-7423 (fax)
     elleng@rgrdlaw.com
8    debraw@rgrdlaw.com
     jshinnefield@rgrdlaw.com
9    ckinnon@rgrdlaw.com
     mbalotta@rgrdlaw.com
10   jkelley@rgrdlaw.com
     rbraby@rgrdlaw.com
11
     Lead Counsel for Plaintiffs
12

13              UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15
     In re GREEN DOT CORPORATION      )   Case No. 2:19-cv-10701-FLA (Ex)
16   SECURITIES LITIGATION            )
                                      )   CLASS ACTION
17                                    )
                                      )   SUMMARY NOTICE OF
18                                    )   (I) PENDENCY OF CLASS ACTION
                                      )   AND PROPOSED SETTLEMENT;
19                                    )   (II) SETTLEMENT HEARING; AND
                                      )   (III) MOTION FOR ATTORNEYS'
20                                    )   FEES AND LITIGATION EXPENSES
                                      )
21   _____)   EXHIBIT A-3

22

23

24

25

26

27

28

**TO:** **All persons and entities who purchased or otherwise acquired Green Dot Corporation common stock between May 9, 2018 and November 7, 2019, both dates inclusive, and who were damaged thereby (the "Settlement Class")**

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A PENDING CLASS ACTION LAWSUIT.**

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Central District of California that the above-captioned action ("Action") has been provisionally certified as a class action for the purposes of settlement, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the Stipulation and Agreement of Settlement dated October 17, 2025 ("Stipulation") and the detailed notice for the Settlement ("Notice"). The Stipulation and the Notice can be viewed on the website www.GreenDotSecuritiesSettlement.com.

**YOU ARE ALSO NOTIFIED** that the parties to the Action have reached a proposed settlement ("Settlement") in the amount of $40 million in cash. If approved, the Settlement will resolve all claims in the Action.

A hearing will be held in the Action on _____, 2026, at __:__ _.m., for the Settlement before the Honorable Fernando L. Aenlle-Rocha, United States District Court Judge for the Central District of California, either in person at the First Street U.S. Courthouse, 350 W. 1st Street, Los Angeles, California 90012, in Courtroom 6B, 6th Floor, or by telephone or videoconference (in the discretion of the Court), to determine whether: (i) for purposes of settlement, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiff New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund and Named Plaintiff Teamsters Local Union No. 727 Pension Fund (together, "Plaintiffs") and Lead Counsel Robbins Geller Rudman & Dowd LLP should be appointed as class representatives and class counsel, respectively, for the Settlement Class; (ii) the Settlement should be approved as fair, reasonable, and adequate; (iii) the Action

- 1 -

should be dismissed with prejudice against Defendants, and the releases specified and described in the Stipulation (and in the Notice described below) should be entered; (iv) the proposed Plan of Allocation for the net proceeds of the Settlement should be approved as fair and reasonable; and (v) counsel's application for awards of attorneys' fees and expenses and compensatory awards to Plaintiffs, should be approved. Any updates regarding the hearing, including any changes to the dates or times of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the website for the Settlement, www.GreenDotSecuritiesSettlement.com.

*If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the settlement proceeds*.  This notice provides only a summary of the information contained in the detailed Notice for the Settlement.  You may obtain copies of the Notice, along with the Claim Form, on the website for the Settlement, www.GreenDotSecuritiesSettlement.com.  You may also obtain copies of the detailed Notice and Claim Form by contacting the Claims Administrator at *Green Dot Securities Settlement*, c/o Verita Global, [to be inserted].

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form **postmarked (if mailed), or online** at **www.GreenDotSecuritiesSettlement.com**, **no later than _____, 2026**, in accordance with the instructions set forth in the Claim Form.  If you submit a Claim Form, your eligibility to receive a payment will be assessed in connection with the Settlement.  If you are a member of the Settlement Class and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any releases, judgments, or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is **received no later than _____, 2026**, in accordance with the instructions set forth in the

- 2 -

detailed Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any releases, judgment, or orders entered by the Court in the Action, and you will not be eligible to share in the net proceeds of the Settlement.  Excluding yourself is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation (as contained in the Notice), and/or counsel's motion for attorneys' fees and expenses, must be filed with the Court and delivered to the respective counsel at the addresses and in the forms specified in the detailed Notice such that they are ***received no later than _____, 2026***, in accordance with the instructions set forth in the detailed Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**  All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to the counsel set forth below or the Claims Administrator.

Requests for the detailed Notice and Claim Form should be made to the Claims Administrator:

*Green Dot Securities Settlement*

c/o Verita Global

[to be inserted]

info@GreenDotSecuritiesSettlement.com

[phone number to be inserted]

- 3 -

1        Inquiries, other than requests for the detailed Notice and Claim Form, may be

2   made to counsel as follows:

3                 Christopher R. Kinnon, Esq.
            Robbins Geller Rudman & Dowd LLP

4            655 West Broadway, Suite 1900
               San Diego, CA 92101

5               1-800-449-4900
           settlementinfo@rgrdlaw.com

6

7   DATED: _____     BY ORDER OF THE COURT
                                   UNITED STATES DISTRICT COURT

8                                CENTRAL DISTRICT OF CALIFORNIA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

# EXHIBIT A-4

1  ROBBINS GELLER RUDMAN
    & DOWD LLP
2  ELLEN GUSIKOFF STEWART (144892)
   DEBRA J. WYMAN (190812)
3  JESSICA T. SHINNEFIELD (234432)
   CHRISTOPHER R. KINNON (316850)
4  MATTHEW J. BALOTTA (310303)
   JOHN M. KELLEY (339965)
5  RACHEL C. BRABY (356720)
   655 West Broadway, Suite 1900
6  San Diego, CA 92101-8498
   Telephone: 619/231-1058
7  619/231-7423 (fax)
   elleng@rgrdlaw.com
8  debraw@rgrdlaw.com
   jshinnefield@rgrdlaw.com
9  ckinnon@rgrdlaw.com
   mbalotta@rgrdlaw.com
10 jkelley@rgrdlaw.com
   rbraby@rgrdlaw.com
11
   Lead Counsel for Plaintiffs
12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15
   In re GREEN DOT CORPORATION      )  Case No. 2:19-cv-10701-FLA (Ex)
16 SECURITIES LITIGATION            )
                                    )  CLASS ACTION
17                                  )
                                    )  PROOF OF CLAIM AND RELEASE
18                                  )
                                    )  EXHIBIT A-4
19 _____)

20

21

22

23

24

25

26

27

28

# PROOF OF CLAIM AND RELEASE FORM

In order to be potentially eligible to receive a share of the net settlement proceeds in connection with the proposed settlement ("Settlement") reached in the class action lawsuit *In re Green Dot Corporation Securities Litigation*, No. 2:19-cv-10701-FLA (C.D. Cal.) ("Action"), you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, or submit it online via the website, www.GreenDotSecuritiesSettlement.com, **postmarked (or received) no later than _____, 2026**.

Failure to submit your Claim Form by the date above will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above, or online at www.GreenDotSecuritiesSettlement.com.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – GENERAL INSTRUCTIONS** | — |
| **PART II – CLAIMANT INFORMATION** | — |
| **PART III – SCHEDULE OF TRANSACTIONS IN GREEN DOT COMMON STOCK** | — |
| **PART VI - RELEASE OF CLAIMS AND SIGNATURE** | — |

# PART I – GENERAL INSTRUCTIONS

It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"), including the proposed plan of allocation set forth therein. The Notice is available for review and download on the website www.GreenDotSecuritiesSettlement.com. The Notice describes the proposed Settlement, how members of the Settlement Class are affected by the Settlement, and the manner in which the net settlement proceeds for the Settlement will be distributed if the Settlement and proposed plan of allocation receive final court approval. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

1.      This Claim Form is directed to the following class:

All persons and entities who purchased or otherwise acquired Green Dot Corporation common stock between May 9, 2018 and November 7, 2019, both dates inclusive, and who were damaged thereby (the "Settlement Class").

Certain persons and entities are excluded from the Settlement Class by definition as forth in ¶21 of the Notice.

- 1 -

2.    By submitting this Claim Form, you are making a request to share in the proceeds of the Settlement described in the Notice.  IF YOU ARE <u>NOT</u> A MEMBER OF THE SETTLEMENT CLASS, OR IF YOU SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM AS **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.**  THUS, IF YOU EXCLUDED YOURSELF FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.    **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the net settlement proceeds will be governed by the proposed Plan** of **Allocation for the Settlement as set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.    Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Green Dot common stock. On this schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Green Dot common stock, whether such transactions/holdings resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your Claim.**

5.    Only Green Dot common stock purchased or otherwise acquired between May 9, 2018 and November 7, 2019, inclusive, is potentially eligible under the Settlement.  However, with respect to the plan of allocation for the Settlement, pursuant to the "90-Day Look-Back Period" (described in the Notice), your sales of Green Dot common stock during the period from November 8, 2019, through and including the close of trading on February 5, 2020, will be used for purposes of calculating loss amounts for the Settlement.  Therefore, in order for the Claims Administrator to be able to balance your Claim, the requested purchase information during the 90-Day Look-Back Period must also be provided.  **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your Claim.**

6.    You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Green Dot common stock set forth in the Schedule of Transactions in Part III of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your

- 2 -

investments in the eligible securities. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

7.    All joint beneficial owners each must sign this Claim Form, and their names must appear as "Claimants" in Part II of this Claim Form. The complete name(s) of the beneficial owner(s) must be entered. If you purchased or otherwise acquired Green Dot common stock during the relevant time periods and/or held the securities in your name, you are the beneficial owner as well as the record owner. If you purchased, otherwise acquired, or held Green Dot common stock during the relevant time periods and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

8.    **One Claim should be submitted for each separate legal entity**. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions/holdings of just one of the joint owners, and an individual should not combine his or her IRA transactions/holdings with transactions/holdings made/held solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions/holdings made/held by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions/holdings made/held in all accounts on one Claim Form).

9.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)    expressly state the capacity in which they are acting;

(b)    identify the name, account number, last four digits of the Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of the eligible securities (or other person or entity on whose behalf they are acting with respect to); and

(c)    Furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and

- 3 -

sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the proposed Plan of Allocation set forth in the Notice (or such other plan of allocation as the Court may approve) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

11.    **PLEASE NOTE**: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the net settlement proceeds. Specifically, payment amounts will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim (calculated pursuant to the Plan of Allocation) divided by the total Recognized Claims of all Authorized Claimants (calculated pursuant to the Plan of Allocation), multiplied by the total amount in the Net Settlement Fund.  If the prorated payment amount to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

12.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or copies of the Notice, you may contact the Claims Administrator, *Green Dot Securities Settlement*, c/o Verita Global, [to be inserted], or by email at info@GreenDotSecuritiesSettlement.com, or by toll-free phone at [to be inserted], or you can visit the website maintained by the Claims Administrator, www.GreenDotSecuritiesSettlement.com, where copies of the Claim Form and Notice are available for downloading.

13.    NOTICE REGARDING INSTITUTIONAL FILERS:  Certain filers submitting claims on behalf of other beneficial owners ("Representative Filers") with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. (This is different than the online claim portal on the website for the Settlement.)  All such Representative Filers MUST also submit a manually signed paper Claim Form, whether or not they also submit electronic copies.  Claims should be combined on a legal entity basis, where applicable.  Sub-accounts should be rolled up into a parent account if the sub-accounts contain the same tax identification number.  To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the Claims Administrator's website at www.GreenDotSecuritiesSettlement.com  or  you  may  email  the  Claims Administrator's electronic filing department at edata@veritaglobal.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  Only one Claim should be submitted for each separate legal entity (*see* ¶8 above) and the ***complete*** name of the beneficial owner(s) of the securities must be

- 4 -

entered where called for (*see* ¶8 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at edata@veritaglobal.com to inquire about your file and confirm it was received.**

14.    NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their Claims online using the electronic version of the Claim Form hosted at www.GreenDotSecuritiesSettlement.com.  If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing.  You will receive an automated e-mail confirming receipt once your Claim Form has been submitted.  If you are unsure if you should submit your Claim as a Representative Filer, please contact the Claims Administrator.  If you are not a Representative Filer, but your Claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

## PART II – CLAIMANT INFORMATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name          Beneficial Owner's Last Name

Co-Beneficial Owner's First Name       Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                                State    Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                    Telephone Number (work)

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number (where securities were traded)[1]

Claimant Account Type (check appropriate box)
☐    Individual (includes joint owner accounts)

---

[1]    If the account number is unknown, you may leave blank. If filing for more than one account for the same legal entity you may write "multiple." Please *see* ¶8 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

- 6 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

☐    Pension Plan
☐    Trust
☐    Corporation
☐    Estate
☐    IRA/401K
☐    Other _____ (please specify)

- 7 -

## PART III – SCHEDULE OF TRANSACTIONS IN GREEN DOT CORPORATION COMMON STOCK

Complete this Part III if and only if you purchased or otherwise acquired Green Dot common stock between May 9, 2018 and November 7, 2019, both dates inclusive. Please be sure to include proper documentation with your Claim Form as described in detail in Part I – General Instructions, ¶6, above.

| **1. HOLDINGS AS OF MAY 9, 2018** – State the total number of shares of Green Dot common stock held as of the opening of trading on May 9, 2018. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Holding Position Enclosed ○ |
| --- | --- |

**2. PURCHASES/ACQUISITIONS BETWEEN MAY 9, 2018 AND NOVEMBER 7, 2019, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of Green Dot common stock from after the opening of trading on May 9, 2018 through and including the close of trading on November 7, 2019. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding fees, taxes, and commissions) | Confirm Proof of Purchases/ Acquisitions Enclosed |
| --- | --- | --- | --- | --- |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

**3. PURCHASES/ACQUISITIONS BETWEEN NOVEMBER 8, 2019 AND FEBRUARY 5, 2020, INCLUSIVE** – State the total number of shares of Green Dot common stock purchased/ acquired (including free receipts) from after the opening of trading on November 8, 2019, through and including the close of trading on February 5, 2020. (Must be documented.) If none, write "zero" or "0."[2]

---

[2]    **Please note**: Information requested with respect to your purchases/acquisitions of Green Dot common stock from after the opening of trading on November 8, 2019 through and including the close of trading on February 5, 2020 is needed in order to perform the necessary calculations for your Claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used for purposes of calculating losses for the Settlement.

- 8 -

| 4. SALES BETWEEN MAY 9, 2018 AND FEBRUARY 5, 2020, INCLUSIVE – Separately list each and every sale/disposition (including free deliveries) of Green Dot common stock from after the opening of trading on May 9, 2018, through and including the close of trading on February 5, 2020. (Must be documented.) | | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding fees, taxes, and commissions) | Confirm Proof of Sales Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| 5. HOLDINGS AS OF FEBRUARY 5, 2020 – State the total number of shares of Green Dot common stock held as of the close of trading on February 5, 2020. (Must be documented.) If none, write "zero" or "0." _____ | | | | Confirm Proof of Holding Position Enclosed ○ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX**

☐

- 9 -

## **PART IV - RELEASE OF CLAIMS AND SIGNATURE**

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms more fully set forth in the Stipulation and Agreement of Settlement dated October 17, 2025, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims directly or indirectly against any of the Defendants' Releasees (to the extent I have not validly excluded myself from the Settlement Class).

## **CERTIFICATION**

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) agree(s) to the releases above and certifies (certify) as follows:

1. that I (we) have read and understand the contents of the Notice, the Stipulation, and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2. that the Claimant(s) is a (are) member(s) of the Settlement Class, as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3. that the Claimant(s) has (have) **not** submitted a request for exclusion from the Settlement Class;

4. that I (we) own(ed) the Green Dot common stock identified in the Claim Form and have not assigned the claim against Defendants or any of the other released parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5. that the Claimant(s) has (have) not submitted any other Claim covering the same purchases/acquisitions/holdings of Green Dot common stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

6. that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') Claim and for purposes of enforcing the releases set forth herein;

7. that I (we) agree to furnish such additional information with respect to this Claim as counsel, the Claims Administrator, or the Court may require;

- 10 -

8.    that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim and waives any right of appeal or review with respect to such determination;

9.    that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment that may be entered in the Action; and

10.    that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/they is (are) subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it/they is (are) no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that he/she/it/they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the Claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of claimant                                                                          Date

_____
Print claimant name here

_____
Signature of joint claimant, if any                                                        Date

_____
Print joint claimant name here

***If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

- 11 -

1

2

_____

Signature of person signing on behalf of claimant                                    Date

3

_____

4

Print name of person signing on behalf of claimant here

_____

5

**Capacity of person signing on behalf of claimant, if other than an**

6

**individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – *see* ¶9 on page ___ of this Claim Form.)**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 12 -

## **<u>REMINDER CHECKLIST</u>**

1. Sign the above releases and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and any supporting documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail within 60 days.  Your Claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at** [to be inserted]**.**

6. If your address changes in the future, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your Claim, please contact the Claims Administrator at the address below, by email at info@GreenDotSecuritiesSettlement.com, or by toll-free phone at [to be inserted] or you may visit www.GreenDotSecuritiesSettlement.com.  DO NOT call the Court, Defendants, or Defendants' Counsel with questions regarding your Claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, OR SUBMITTED ONLINE VIA THE WEBSITE WWW.GREENDOTSECURITIESSETTLEMENT.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN** _____**, 2026.**  IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*Green Dot Securities Settlement*
c/o Verita Global
\_[to be inserted]

  If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2026, is indicated on the envelope and it is mailed First Class and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

  You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

- 13 -

# EXHIBIT B

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART (144892)
DEBRA J. WYMAN (190812)
JESSICA T. SHINNEFIELD (234432)
CHRISTOPHER R. KINNON (316850)
MATTHEW J. BALOTTA (310303)
JOHN M. KELLEY (339965)
RACHEL C. BRABY (356720)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com
debraw@rgrdlaw.com
jshinnefield@rgrdlaw.com
ckinnon@rgrdlaw.com
mbalotta@rgrdlaw.com
jkelley@rgrdlaw.com
rbraby@rgrdlaw.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GREEN DOT CORPORATION SECURITIES LITIGATION | Case No. 2:19-cv-10701-FLA (Ex) |
| | CLASS ACTION |
| | [PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT |
| | EXHIBIT B |

WHEREAS, the above-captioned securities class action is pending in this Court ("Action");

WHEREAS, (a) Lead Plaintiff New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund and Named Plaintiff Teamsters Local Union No. 727 Pension Fund (together, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below); and (b) Green Dot Corporation ("Green Dot"), Steven W. Streit, and Mark Shifke (together, "Defendants") have entered into the Stipulation and Agreement of Settlement dated October 17, 2025 ("Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court ("Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated _____, 2025 ("Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it (i) would likely be able to certify the Settlement Class for purposes of the Settlement and (ii) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____, 2026 ("Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should

- 1 -

1  therefore be approved; and (b) whether a judgment should be entered dismissing the

2  Action with prejudice as against the Defendants; and

3  WHEREAS, the Court having reviewed and considered the Stipulation, all

4  papers filed and proceedings held herein in connection with the Settlement, and the

5  record in the Action, and good cause appearing therefor;

6  NOW THEREFORE, IT IS HEREBY ORDERED:

7  1.  **Jurisdiction** – The Court has jurisdiction over the subject matter of the

8  Action, and all matters relating to the Settlement, as well as personal jurisdiction over

9  all of the Parties and each of the Settlement Class Members.

10  2.  **Incorporation of Settlement Documents** – This Judgment incorporates

11  and makes a part hereof: (a) the Stipulation filed with the Court on October 17, 2025;

12  and (b) the Postcard Notice, Notice, and Summary Notice, all of which were filed with

13  the Court on October 17, 2025.

14  3.  **Class Certification for Settlement Purposes** – The Court hereby

15  certifies for the purposes of the Settlement only, the Action as a class action pursuant

16  to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the

17  Settlement Class consisting of all persons and entities who purchased or otherwise

18  acquired the common stock of Green Dot during the period between May 9, 2018 and

19  November 7, 2019, both dates inclusive, and were damaged thereby.  Excluded from

20  the Settlement Class are Defendants, the officers and directors of Green Dot, members

21  of their immediate families and their legal representatives, heirs, agents, affiliates,

22  successors or assigns, Defendants' liability insurance carriers, and any affiliates or

23  subsidiaries thereof, and any entity in which Defendants or their immediate families

24  have or had a controlling interest.  [Also excluded from the Settlement Class are any

25  persons and entities listed on Exhibit 1 hereto who or which submitted a request for

26  exclusion from the Settlement Class that was accepted by the Court.]

27  4.  **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules

28  of Civil Procedure, and for the purposes of the Settlement only, the Court hereby

- 2 -

appoints Plaintiffs as Class Representatives for the Settlement Class and appoints Lead Counsel Robbins Geller Rudman & Dowd LLP as Class Counsel for the Settlement Class. Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement, and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – The Court finds that the dissemination of the Postcard Notice and Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, as amended, and all other applicable law and rules. No Settlement Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all Settlement Class Members are bound by this Judgment, [except those persons and entities listed on Exhibit 1 to this Judgment].

6.    **CAFA Notice -** The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. §1715, to the extent applicable to the Action, have been satisfied.

7.    [**Objections** - The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and each is hereby overruled.]

8.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class. Specifically, the Court finds that (a) Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Settlement Class, and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

9.    The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice as to all Defendants. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

- 4 -

10. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

11. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 18 below, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims directly or indirectly against any of the Defendants' Releasees. [This release shall not apply to any person or entity on Exhibit 1 hereto.]

(b) Without further action by anyone, and subject to paragraph 18 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished,

- 5 -

waived, and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. [This release shall not apply to any person or entity on Exhibit 1 hereto.]

12. Notwithstanding paragraphs 11 (a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14. **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Parties' mediation and subsequent Settlement, the communications and/or discussions leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity or infirmity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary

- 6 -

to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

15.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; and (e) the Settlement Class Members for all matters relating to the Action.

16.    Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for attorneys' fees and Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

- 7 -

17. **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective litigation positions in the Action immediately prior to their agreement-in-principle to resolve the claims asserted in the Action on September 18, 2025, as provided in the Stipulation.

19. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED: _____    _____
THE HONORABLE FERNANDO L. AENLLE-ROCHA
UNITED STATES DISTRICT JUDGE

- 8 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**